**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-[＿＿] ( )<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) WAIVE
REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL
EQUITY HOLDERS AND (II) REDACT CERTAIN
PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL
CREDITORS AND (B) GRANTING OTHER RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**," and, together with the Interim Order, the "**Orders**") granting the relief described below. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

1.  By this Motion, pursuant to sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Interim Order and the Final Order: (a) authorizing the Debtors to (i) waive the requirement to file a list of equity security holders (the "**LMC Equity List**") for Lordstown Motors Corp., ("**LMC**") and modify equity holder notice requirements to LMC's equity security holders (the "**LMC Equity Holders**") and (ii) redact certain personal identification information for individual creditors; and (b) granting related relief.

2.  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

3.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.  The predicates for the relief requested by this Motion are sections 105(a), 107(c), 342(a), and 521 of title 11 of the Bankruptcy Code, Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1007-2 and 2002-1(f)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

2

5.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

6.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

7.      The Company develops, manufactures and sells electric vehicles ("**EVs**") primarily to commercial fleet customers. It is one of the only original equipment manufacturers ("**OEM**s") in North America focused solely on light-duty electric vehicles for commercial fleet customers. The Company's flagship vehicle is the "Endurance," a full-size, all-electric pickup truck. As of the Petition Date, with the Company still in its nascent stages, only approximately 65 Endurances have been manufactured, with a limited number of Endurances still in production.

8.      On November 7, 2019, the Company purchased General Motors' 6.2 million square foot automobile manufacturing facility (the "**Plant**") in Lordstown, Ohio. Manufacturing operations at the Plant had ceased prior to the purchase. The Company's business and vision for the Plant reinvigorated local industry. On October 23, 2020, the Debtor entity now known as Lordstown EV Corporation ("**LEVC**," and then known as Lordstown Motors Corp.) completed a

merger with a subsidiary ("**MergerSub**") of DiamondPeak Holdings Corp. ("**DiamondPeak**"),[3] pursuant to which MergerSub merged with and into LEVC, with LEVC surviving the merger as a wholly-owned subsidiary of DiamondPeak. DiamondPeak is now known as Lordstown Motors Corp. ("**LMC**"), a Debtor in these Chapter 11 Cases.[4]

9. In September 2021, the Company began a partnership with an affiliate of Hon Hai Precision Industry Co., Ltd., also known as Foxconn ("**Foxconn**"), the world's largest electronics manufacturer. The purpose of the Foxconn partnership was to allow the Company to shift its business strategy from a vertically integrated OEM to a less capital-intensive model, focused on developing, engineering, testing, and industrializing EVs. Since the inception of the partnership, however, Foxconn has repeatedly refused to honor its contractual promises to the Debtors. Foxconn has misled the Debtors about Foxconn's ability or willingness to proceed with joint product development plans and repudiated its promise to invest additional equity capital in the business. Most recently, Foxconn has refused to complete its second purchase of common stock in accordance with the terms of the investment agreement between the Company and Foxconn. Foxconn's actions have damaged the Company's business relationships, employee morale and relations, and the Company's future prospects, stripping it of its ability to continue as a going concern absent a strategic chapter 11 transaction.

10. The Debtors have filed these Chapter 11 Cases for the purpose of maximizing value for the benefit of their stakeholders given the ongoing, repeated breaches of contract and commitments by Foxconn. Among other things, as part of these Chapter 11 Cases, the Debtors

---

[3] DiamondPeak Holdings Co., now known as Lordstown Motors Corp., incorporated in Delaware on November 13, 2018 as a blank check company for the purpose of effecting a business combination.

[4] Lordstown EV Sales LLC was formed to sell vehicles directly to customers and is a subsidiary of LEVC, which is in turn a subsidiary of LMC.

intend to pursue claims against Foxconn, commence a sales process for their assets, reduce their expenses, centralize and rapidly resolve claims, and, ultimately, distribute maximum value to creditors and—if sufficient—equity security holders under a chapter 11 plan.

11.  Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**BASIS FOR RELIEF**

I.  **Cause Exists to Waive the Requirement to File the LMC Equity List and Modify Notice Requirements to LMC Equity Holders.**

12.  Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including last known addresses of each holder. Fed. R. Bank. P. 1007(a)(3). Bankruptcy Rule 2002(d) further provides that, "unless otherwise ordered by the court," notice of the order for relief shall be given to all equity security holders. Fed. R. Bankr. P. 2002(d); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

13.  The Debtors submit that waiver of the requirement to file the LMC Equity List and provide notice of the order for relief or commencement of the Chapter 11 Cases to all of the LMC Equity Holders is appropriate. As an initial matter, LMC is a publicly held company with, as of the Petition Date, 15,952,991 shares of common stock either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date. Preparing a list of LMC's equity security holders with last known addresses and sending notices to all parties on such list would

5

require substantial costs and resources. Instead, the Debtors propose to provide notice by: (i) publishing the notice of commencement on the Debtors' case website located at http://kccllc.net/lordstown; (ii) filing a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) including the notice of commencement in their proposed noticing program. To the extent the LMC Equity Holders are entitled to vote on a chapter 11 plan, the Debtors will provide them notice of the bar date and the opportunity to assert their interests. The Debtors submit that these efforts provide adequate notice to the LMC Equity Holders.

**II.    Cause Exists to Redact Certain Personal Identification Information for Individual Creditors.**

14. Section 107(c) of the Bankruptcy Code provides that this Court:

> . . . for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create *undue risk of identity theft or other unlawful injury to the individual* or the individual's property:
>
> (A) *Any* means of identification (as defined in section 1028(d) of title 18) contained in a paper filed in a case under this title.
>
> (B) *Other information* contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A)-(B) (emphasis added).

15. Section 1028(d)(7)(A) of title 18 defines "means of identification" as: "*any* name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, *including* any (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number . . . ." 18 U.S.C. § 1028(d)(7)(A) (emphasis added).

16. The Debtors' personal mailing addresses of their individual creditors also fall within the protections afforded under section 1028(d)(7)(A). Although personal addresses are not enumerated in the "means of identification" definition, this list is, as noted in the statute, inclusive and non-exhaustive. Moreover, section 1028(d)(7)(A) provides as a "means of identification," "any name or number . . . used alone or in conjunction with any other information" to identify an individual. 18 U.S.C. § 1028(d)(7)(A). The combination of an individual's name and personal home address constitutes the type of "means of identification" contemplated under section 1028(d)(7)(A).

17. Cause exists here to authorize the Debtors to redact personal mailing addresses of individual creditors from any paper filed or to be filed with this Court in the Chapter 11 Cases, including the Creditor Matrix, certificates of service, and the Debtors' schedules of assets and liabilities and statement of financial affairs (collectively, the "**Schedules and Statements**"). The majority of the Debtors' creditors are the Debtors' current or former employees. Creditors may also include the Debtors' customers. The inclusion of such personally identifiable information of such individual creditors and interest holders may, among other things, (a) create an undue risk of identity theft contemplated by section 107(c), and (b) expose such individuals to other types of unlawful injury such as harassment or violence by abusive former partners or past perpetrators. Absent such relief, the Debtors would unnecessarily render individual employees, suppliers, customers, or other creditors more susceptible to identity theft, harassment, and phishing attempts, jeopardize their safety. Indeed, the risk of individuals is not merely speculative. In at least one chapter 11 case in this district, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the case to track the employee at

her new address that had not been publicly available until then, forcing the employee to change her address again for her safety.[5]

18.     Given the potentially thousands of individual creditors in these Chapter 11 Cases, including the Debtors' current and former employees and the Debtors' customers, the Debtors are unable to know with sufficient certainty whether disclosing such individual creditors' personally identifiable information could potentially jeopardize their safety or expose the Debtors to penalties. Accordingly, the Debtors believe it would be prudent to proactively exercise all measures to protect their employees, customers, or other individual creditors by redacting from public view, all personal home addresses.

19.     The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filings redacted pursuant to the Orders to (a) the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases, and (b) upon a request to the Debtors or to the Court that is reasonably related to these Chapter 11 Cases, any party in interest.  In addition, the Debtors will distribute to their current employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.  The Debtors respectfully submit that this tailored approach of maintaining public access to the Creditor Matrix, Schedules and Statements, and other applicable filings – without publishing sensitive personally identifiable information of individuals on the worldwide web – is warranted and reasonable given the circumstances.

20.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief

---

[5] This incident is further described in the creditor matrix motion filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul 11, 2019) [Docket No. 4].

requested in this Motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)). Notwithstanding the foregoing, if there are any such Confidentiality Rights, then undersigned counsel respectfully certifies that they are unable to confer with all Holders of such Confidentiality Rights and that attempting to confer with all known or potential Holders of Confidentiality Rights would be futile due to the significant number of such Holders with respect to this Motion.

## NOTICE

21.  Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

22.  No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Interim Order, the Final Order, and such other and further relief as is just and proper.

9

<div style="display: flex;">

<div>

Dated: June 27, 2023

Respectfully submitted,

/s/ *Amanda R. Steele*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

</div>

<div>

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

</div>

</div>

# EXHIBIT A

**Proposed Interim Order**

AMERICAS 122592777

RLF1 29221556v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-[____] ( )<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. [●]** |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) WAIVE REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (II) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (a) authorizing the Debtors to (i) waive the requirement to file the LMC Equity List and modify equity holder notice requirements for the LMC Equity Holders, (ii) redact certain personal identification information for individual creditors, and (b) granting related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED on an interim basis as set forth herein.

    2.    The requirement under Bankruptcy Rule 1007(a)(3) to file the LMC Equity List is waived.

    3.    The requirement under Bankruptcy Rule 2002(d) to provide notice of the orders for relief or commencement of the Chapter 11 Cases to all of the LMC Equity Holders is waived. The Debtors shall (i) publish the notice of commencement on the Debtors' case website located at http://kccllc.net/lordstown; (ii) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) include the notice of commencement in the debtors' proposed noticing program.

    4.    The Debtors are authorized to redact on the Creditor Matrix, Schedules and Statements, or other documents filed with this Court, the home addresses of all individual creditors; *provided, however*, that the Claims and Noticing Agent shall maintain the unredacted versions of such documents on a confidential basis and the Debtors or the Claims and Noticing

Agent shall submit an unredacted version of the Creditor Matrix, Schedules and Statements, or any other filings redacted pursuant to this Order to the Clerk's Office and, upon request, to the U.S. Trustee, this Court, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and any party in interest upon a request to the Debtors or the Court for information that is reasonably related to these Chapter 11 Cases.

5. When serving any notice in these Chapter 11 Cases on individual creditors, the Debtors' Claims and Noticing Agent shall use such individual creditor's home address.

6. To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information has been withheld or omitted pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

7. The Debtors are authorized to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective immediately upon entry.

9. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

10. The deadline by which objections to entry of the final order on the Motion must be filed is _____, 2023 at ___ _.m. (Eastern Time) (the "**Objection Deadline**"). The Final Hearing, if required, will be held on _____, 2023 at ___ _.m. (Eastern Time).

AMERICAS 122592777
RLF1 29221556v.1

# **EXHIBIT B**

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-[____] ( )<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. [●]** |

**FINAL ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) WAIVE REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (II) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR INDIVIDUAL CREDITORS, AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (a) authorizing the Debtors to (i) waive the requirement to file the LMC Equity List and modify equity holder notice requirements for the LMC Equity Holders, (ii) redact certain personal identification information for individual creditors, and (b) granting related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The requirement under Bankruptcy Rule 1007(a)(3) to file the LMC Equity List is waived.

3. The requirement under Bankruptcy Rule 2002(d) to provide notice of the orders for relief or commencement of the Chapter 11 Cases to all of the LMC Equity Holders is waived. The Debtors shall (i) publish the notice of commencement on the Debtors' case website located at http://kccllc.net/lordstown; (ii) file a Form 8-K with the SEC within four (4) business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) include the notice of commencement in the debtors' proposed noticing program.

4. The Debtors are authorized to redact on the Creditor Matrix, Schedules and Statements, or other documents filed with this Court, the home addresses of all individual creditors; *provided, however*, that the Claims and Noticing Agent shall maintain the unredacted versions of such documents on a confidential basis and the Debtors or the Claims and Noticing

Agent shall submit an unredacted version of the Creditor Matrix, Schedules and Statements, or any other filings redacted pursuant to this Order to the Clerk's Office and, upon request, to the U.S. Trustee, this Court, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and any party in interest upon a request to the Debtors or the Court for information that is reasonably related to these Chapter 11 Cases.

5. When serving any notice in these Chapter 11 Cases on individual creditors, the Debtors' Claims and Noticing Agent shall use such individual creditor's home address.

6. To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on creditors whose information has been withheld or omitted pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of their Claims and Noticing Agent, to effectuate the service on such party's behalf.

7. The Debtors are authorized to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be effective immediately upon entry.

9. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.