## N THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING, BUT NOT DIRECTING, THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING OTHER RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**," and, together with the Interim Order, the "**Orders**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, state as follows:

## RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105, 363, 507, 541, 1107, 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Interim Order

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

and the Final Order (a) authorizing, but not directing, the Debtors to pay certain taxes, fees, and other charges assessed, accrued, or incurred prepetition or that will become payable after the Petition Date (as defined below) subsequently determined upon audit, or otherwise, to be owed, and any associated fees owed to third party administrators in connection therewith, as further described below, collectively, the "**Taxes and Fees**")[3] to various federal, state, county and city taxing, licensing, and other authorities (the "**Authorities**"), (b) to continue collecting, incurring, and paying Taxes and Fees in the ordinary course of business, and (c) granting related relief. The Debtors request the authority to pay amounts due under the Taxes and Fees not to exceed approximately $75,000 of which approximately $27,500 will become due and payable during the Interim Period.[4]

2.    The charts below summarize the Prepetition Taxes and Fees the Debtors seek authority to pay in the ordinary course of their business pursuant to this Motion:

| Taxes and Fees | | |
|---|---|---|
| **Category** | **Estimated Interim Amount** | **Estimated Final Amount (Inclusive of Interim)** |
| Sales and Use Taxes | $10,000 | $20,000 |
| Property Taxes | $10,000 | $20,000 |
| Franchise Taxes | $0 | $20,000 |
| Reporting and Regulatory Fees | $7,500 | $15,000 |
| **TOTALS** | **$27,500** | **$75,000** |

---

[3]    The Taxes & Fees that are the subject of this Motion exclude taxes relating to employee payroll, as to which the Debtors have sought relief in their contemporaneously filed *Motion For Entry Of Interim And Final Orders (A) Authorizing, But Not Directing, The Debtors To (I) Pay Prepetition Wages And Compensation; (II) Continue Certain Employee Benefits And Incentive Programs; (III) Continue Certain Health And Insurance Benefits; and (B) Granting Other Related Relief.*

[4]    The period between the date this Motion was filed and the Final Hearing is referred to herein as the "**Interim Period**."  The Debtors estimate that the Interim Period will last thirty (30) days where such an estimate is required for the purposes of the relief requested herein.

3.      The Debtors seek authority pursuant to this Motion to make payments for Taxes and Fees that were assessed, accrued, or incurred prepetition but remain unpaid, underpaid, or will become payable postpetition, as well as Taxes and Fees incurred in the ordinary course of business postpetition.  Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds available under applicable law.

4.      The Debtors also request that the Orders (a) authorize and direct all applicable banks and other financial institutions (collectively, the "**Banks**"), when requested by the Debtors, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Taxes and Fees, whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments and that any such Bank shall not have any liability to any party for relying on such direction by the Debtors; (b) authorize the Banks to rely on any directions and representations of the Debtors as to which Payments are subject to this Motion, *provided* that any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtors; (c) authorize, but not direct, the Debtors to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may be inadvertently dishonored or rejected; and (d) authorize, but not direct, the Debtors to continue in their ordinary course to make Payments on account of the Taxes and Fees.

5.      The Debtors further request that the Court grant the Debtors the authority, in the exercise of their discretion and without further notice or order of the Court, to settle and pay less than the asserted prepetition claims of an Authority by agreement with such Authority.

3

6.      In addition, the Debtors request that the Court schedule a final hearing (the "**Final**

**Hearing**")[5] to consider the relief requested herein on a final basis and entry of the Final Order.

7.      For the reasons set forth herein, the Debtors submit that the relief requested is in

the best interest of the Debtors, their estates, creditors, and other parties in interest.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

8.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.).  This

is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined

below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

9.      The predicates for the relief requested by this Motion are sections 105(a), 363(b),

507(a), 541, 1107(a) and 1108 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

10.     Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final

judgment or order with respect to this Motion if it is determined that this Court lacks Article III

jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

**I.      Overview**

11.     On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this

Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11**

**Cases**").  The Debtors have filed a separate procedural motion requesting that the Chapter 11

Cases be jointly administered.  The Debtors continue to operate their businesses and manage

---

[5]      Such period between the date this Motion was filed and the Final Hearing shall be the "**Interim Period**."

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

12.　　The Company develops, manufactures and sells electric vehicles ("**EVs**") primarily to commercial fleet customers. It is one of the only original equipment manufacturers ("**OEMs**") in North America focused solely on light-duty electric vehicles for commercial fleet customers. The Company's flagship vehicle is the "Endurance," a full-size, all-electric pickup truck. As of the Petition Date, with the Company still in its nascent stages, only approximately 65 Endurances have been manufactured, with a limited number of Endurances still in production.

13.　　On November 7, 2019, the Company purchased General Motors' 6.2 million square foot automobile manufacturing facility (the "**Plant**") in Lordstown, Ohio. Manufacturing operations at the Plant had ceased prior to the purchase. The Company's business and vision for the Plant reinvigorated local industry. On October 23, 2020, the Debtor entity now known as Lordstown EV Corporation ("**LEVC**," and then known as Lordstown Motors Corp.) completed a merger with a subsidiary ("**MergerSub**") of DiamondPeak Holdings Corp. ("**DiamondPeak**"),[6] pursuant to which MergerSub merged with and into LEVC, with LEVC surviving the merger as a wholly-owned subsidiary of DiamondPeak. DiamondPeak is now known as Lordstown Motors Corp. ("**LMC**"), a Debtor in these Chapter 11 Cases.[7]

14.　　In September 2021, the Company began a partnership with an affiliate of Hon Hai Precision Industry Co., Ltd., also known as Foxconn ("**Foxconn**"), the world's largest

---

[6]　　DiamondPeak Holdings Co., now known as Lordstown Motors Corp., incorporated in Delaware on November 13, 2018 as a blank check company for the purpose of effecting a business combination.

[7]　　Lordstown EV Sales LLC was formed to sell vehicles directly to customers and is a subsidiary of LEVC, which is in turn a subsidiary of LMC.

AMERICAS 122571288

electronics manufacturer.  The purpose of the Foxconn partnership was to allow the Company to shift its business strategy from a vertically integrated OEM to a less capital-intensive model, focused on developing, engineering, testing, and industrializing EVs.  Since the inception of the partnership, however, Foxconn has repeatedly refused to honor its contractual promises to the Debtors.  Foxconn has misled the Debtors about Foxconn's ability or willingness to proceed with joint product development plans and repudiated its promise to invest additional equity capital in the business.  Most recently, Foxconn has refused to complete its second purchase of common stock in accordance with the terms of the investment agreement between the Company and Foxconn.  Foxconn's actions have damaged the Company's business relationships, employee morale and relations, and the Company's future prospects, stripping it of its ability to continue as a going concern absent a strategic chapter 11 transaction.

15.     The Debtors have filed these Chapter 11 Cases for the purpose of maximizing value for the benefit of their stakeholders given the ongoing, repeated breaches of contract and commitments by Foxconn.  Among other things, as part of these Chapter 11 Cases, the Debtors intend to pursue claims against Foxconn, commence a sales process for their assets, reduce their expenses, centralize and rapidly resolve claims, and, ultimately, distribute maximum value to creditors and—if sufficient—equity security holders under a chapter 11 plan.

16.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

II.      **Debtors' Taxes and Fees**

17.      In the ordinary course of their business, the Debtors collect, withhold, and incur various Taxes and Fees, which they have generally paid directly to the Authorities as they became due.  The Debtors' Taxes and Fees are comprised of the following:

18.      <u>Sales and Use Taxes</u>.  The Debtors incur certain sales taxes (the "**Sales Taxes**") and use taxes (the "**Use Taxes**", together with the Sales Taxes, the "**Sales and Use Taxes**"). Specifically, the Debtors collect and remit Sales and Use Taxes to certain Authorities in connection with the sale of EVs.  The Sales Taxes are calculated on the basis of statutorily mandated percentages.  The Use Taxes arise from the Debtors' purchase of taxable fixed assets, supplies, or services where a sales tax is not paid.  Purchases without sales tax primarily occur when property or services are purchased from vendors that have no nexus to the resident state of the Debtors.  Such vendors are not obligated to charge or remit sales taxes for sales to parties outside the state of the vendor's operations.  Nevertheless, purchasers (such as the Debtors) are obligated to self-assess and pay Use Taxes, when applicable, to the states in which the purchasers operate.  Accrued Sales and Use Taxes become due at various times in the year, depending on the individual state requirements.  The Debtors generally remit Sales and Use Taxes as they arise in the ordinary course of business to the appropriate Authorities.  As of the Petition Date, the Debtors estimate that approximately $10,000 of Sales and Use Taxes are accrued and unpaid and additional accrued amounts will become due during the Interim Period. The Debtors therefore seek authorization to pay the Sales and Use Taxes as they become due during and after the Interim Period, in an amount not to exceed $20,000 in the ordinary course of business.

19.    <u>Property Taxes</u>. State and local laws in the jurisdictions in which the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' real and personal property (the "**Property Taxes**").  The frequency by which the Debtors pay Property Taxes varies by jurisdiction.  Accrued Property Taxes become due at various times in the year—annually, semiannually, or monthly—depending on the individual state requirements.  As of the Petition Date, the Debtors estimate that approximately $10,000 of Property Taxes have accrued and additional accrued amounts will become due during the Interim Period.  The Debtors therefore seek authorization to pay the Property Taxes as they become due during and after the Interim Period, in an amount no greater than $20,000 in the ordinary course of business.

20.    <u>Other Taxes and Fees</u>. The Debtors also pay other taxes, including income or corporate taxes, which the Debtors do not seek authority to pay pursuant to this Motion (though they reserve the right to request authority to pay such amounts at a later date).  The Debtors also pay $200,000 in annual franchise taxes to the State of Delaware (the "**Franchise Taxes**").  The Franchise Taxes are paid in installments on March 1st, June 1st, September 1st, and December 1st of each year.  The next installment due is a $20,000 installment on September 1, 2023.  Additionally, the Debtors pay regulatory, reporting and administrative fees, including to the U.S. Securities and Exchange Commission and Nasdaq, Inc. in the ordinary course of business (the "**Regulatory and Reporting Fees**" and together with the Franchise Taxes, the "**Other Taxes and Fees**").  As of the Petition Date, the Debtors believe that approximately $7,500 of Regulatory and Reporting Fees have accrued and are due and owing.  The Debtors therefore seek authority to pay the Other Taxes and Fees as they become due during and after the Interim Period, in an amount not to exceed $15,000 in the ordinary course of business.

AMERICAS 122571288

### III.    Necessity of Paying the Taxes and Fees

21.    The Debtors seek authorization to pay any accrued Taxes and Fees and amounts outstanding thereunder as of the Petition Date in an amount not to exceed $27,500 during the Interim Period, inclusive of Sales and Use Taxes, Property Taxes, and Other Taxes and Fees.

22.    The payment of the outstanding Taxes and Fees and the continued payment of the Taxes and Fees on their normal due dates will ultimately preserve the resources of the Debtors' estates, thereby promoting the Debtors' prospects for a successful restructuring.  If such obligations are not timely paid, the Debtors will be required to expend time and money to resolve a multitude of issues related to such obligations, each turning on the particular terms of each Authority's applicable laws, including (a) whether the obligations are priority, secured, or unsecured in nature, (b) whether they may be prorated or deemed fully prepetition or postpetition obligations, and (c) whether penalties, interest, and attorneys' fees and costs can continue to accrue on a postpetition basis, and if so, whether such penalties, interest, and attorneys' fees and costs are priority, secured, or unsecured in nature.

23.    The Debtors may suffer clear and irreparable harm if the prepetition Taxes and Fees are not paid when they become due and payable.  Additionally, the Authorities may cause the Debtors to be audited if Taxes and Fees are not paid immediately.  Such audits will unnecessarily divert the Debtors' attention away from their efforts to maximize value.  If the Debtors do not pay such amounts in a timely manner, the Authorities may attempt to revoke the Debtors' licenses, suspend the Debtors' operations, and pursue other remedies that will harm the estates.  In all cases, the Debtors' failure to pay Taxes and Fees could have a material adverse impact on their ability to operate in the ordinary course of business. Any disputes that could

AMERICAS 122571288

impact their ability to conduct business in a particular jurisdiction could have a wide-ranging and adverse effect on the Debtors' operations as a whole.

24.     Moreover, the federal government and many states in which the Debtors operate have laws providing that the Debtors' officers, directors, or other responsible employees could, under certain circumstances, be held personally liable for the payment of certain Taxes and Fees. To the extent any accrued Taxes and Fees of the Debtors were unpaid as of the Petition Date in these jurisdictions, the Debtors' officers and directors could be subject to lawsuits during the pendency of the Chapter 11 Cases.  If such an event were to occur, collection efforts by the Authorities would be extremely distracting for the Debtors and their directors and officers in their efforts to bring the Chapter 11 Cases to an expeditious conclusion.

25.     In sum, the Debtors respectfully request to continue to honor and pay all Taxes in an amount no greater than $75,000 and entry of an order authorizing the Debtors to continue to honor and pay all other Taxes and Fees in the ordinary course of business during the Chapter 11 Cases as such obligations become due and payable.  Further, the Debtors seek authorization to pay approximately $27,500 which will become due and payable during the Interim Period.

## BASIS FOR RELIEF

**I.     Payment of Certain Taxes and Fees Is Authorized by Section 541 the Bankruptcy Code**

26.     The Debtors believe that some of the Taxes and Fees (for example, the Sales and Use Taxes) constitute so-called "trust fund" obligations that are required to be collected from third parties and held in trust for payment to the Authorities.  *See, e.g.*, *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1051 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of debtor's estate); *Shank v. Wash. State*

10

*Dep't of Revenue (In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (same).  Consequently, the funds that would be used to pay the trust fund taxes are not property of the Debtors' estates within the meaning of section 541 of the Bankruptcy Code.  *See Begier v. IRS*, 496 U.S. 53, 55-67 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property of estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise and withholding taxes are not property of debtor's estate and, therefore, not available for distribution to creditors); *Shipley Co. v. Darr (In re Tap, Inc.)*, 52 B.R. 271, 278 (Bankr. D. Mass. 1985) (funds paid by employer to debtor for payment of employer's federal taxes were returnable to employer and not part of debtor's estate).

## II.    Payment of the Taxes and Fees Is Appropriate Under Section 507(a)(8) of the Bankruptcy Code

27.    Payment of the Taxes and Fees deemed priority claims under section 507(a)(8) of the Bankruptcy Code should be authorized on the basis that they are required to be paid in full in any event as a condition to satisfying the plan confirmation requirements contained in section 1129 of the Bankruptcy Code.  Thus, the Debtors' payment of such Taxes and Fees now will affect only the timing of the payments and not the amounts to be received by the Authorities.

28.    Moreover, if such Taxes and Fees qualify for priority under section 507(a)(8) of the Bankruptcy Code, the governmental units may attempt to assess interest and penalties on their tax claims from the time they are due until they are paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to a "penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  By paying the Taxes and Fees in the ordinary course of business, the Debtors will avoid the cost of paying interest and penalties to which the Authorities may be entitled.

AMERICAS 122571288

29.     Further, even if certain Taxes and Fees are not entitled to priority status under section 507(a)(8) of the Bankruptcy Code, the Debtors believe that such amounts should be paid as an appropriate use of estate property outside the ordinary course of business on the grounds that the payments are necessary to preserve the value of the Debtors' estates.

### III.    Payment of the Taxes Is Also Appropriate Under Sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code and the Doctrine of Necessity

30.     Section 363(c)(1) of the Bankruptcy Code expressly grants the Debtors the authority to "enter into transactions . . . in the ordinary course of business" and "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).  The Debtors respectfully submit that paying the Taxes and Fees is in the ordinary course of their business.  To the extent payment of the Taxes and Fees arguably involves the use of assets outside of the ordinary course of business, the Debtors submit that section 363(b)(1), operating in conjunction with section 105(a) of the Bankruptcy Code and the judicially created "necessity of payment doctrine," support the proposed payment of the Taxes and Fees. Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

31.     In addition, sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business.  11 U.S.C. §§ 1107(a), 1108.  Indeed, a debtor in possession operating a business under section 1108 of the Bankruptcy Code has a duty to protect and preserve the value of its business, and prepetition claims may be paid if necessary to perform the debtor's duty.  *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("There are occasions when this duty can only be fulfilled by the preplan satisfaction of a prepetition claim.").  The *CoServ* court specifically noted that the pre-plan satisfaction of

12

prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.*

32.     Failure to timely pay the Taxes and Fees may cause Authorities to take precipitous action, including a flurry of lien filings and a marked increase in audits (which would unnecessarily divert the Debtors' attention from the chapter 11 process to the detriment of all parties-in-interest).  Prompt and regular payment of the Taxes and Fees would avoid any such unnecessary governmental action.  Timely payment of such Taxes and Fees will also ensure that the Authorities will not be able to assess penalties and interest for late payment.  Moreover, it is in the best interests of the Debtors' estates and consistent with the policy of the Bankruptcy Code to eliminate the possibility that officers and directors will become subject to time consuming litigation pursuant to laws providing for personal liability in the event of nonpayment of the Taxes and Fees.

33.     Further, under the "necessity of payment doctrine" and section 105(a) of the Bankruptcy Code, courts have consistently permitted immediate payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  *See, e.g.*, *Miltenberger v. Logansport Ry. Co.*, 106 U.S. 286, 309 (1882). The modern application of the doctrine of necessity is largely unchanged from the Court's reasoning in *Miltenberger*.  *See In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy."); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize

13

payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

34.     Additionally, pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

35.     Here, there is a strong rationale for authorizing the Debtors to pay the Authorities for prepetition Taxes and Fees and continue paying the Authorities for Taxes and Fees that become due and owing postpetition.  Payment of the prepetition Taxes and Fees is an exercise of sound business judgment and is necessary to the success of these Chapter 11 Cases.  Failure to remit Taxes and Fees could cause significant disruptions to the Debtors' operations and threaten the Debtors' ability to maximize the value of the Debtors' estates for the benefit of their stakeholders.  Granting the relief requested herein would avoid these consequences and would allow the Debtors' business operations to continue without interruption during the Chapter 11 Cases.

## IV.     Cause Exists to Authorize the Debtors' Financial Institutions to Honor Electronic Fund Transfers

36.     The Debtors also request that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all Payments made by the Debtors related to Taxes and Fees, including prepetition Sales and Use Taxes and Property Taxes, so long as sufficient funds are available in the applicable accounts to make the Payments.

37.     The Debtors represent that they have sufficient availability of funds to pay the amounts described herein in the ordinary course of business by virtue of expected cash flows from ongoing business operations.  Also, under the Debtors' existing cash management system,

AMERICAS 122571288

the Debtors represent that wire and other electronic bank transfer requests can be readily identified as relating to an authorized payment made on account of prepetition Taxes and Fees. Accordingly, the Debtors believe that wire and electronic bank transfer requests, other than those relating to authorized payments, will not be honored inadvertently and that all applicable financial institutions should be authorized when requested by the Debtors, to receive, process, honor, and pay any and all fund transfer requests made by the Debtors related to prepetition Taxes and Fees so long as sufficient funds are available in the applicable accounts to make the payments. Any such financial institution may rely on the representations of the Debtors as to which wire or electronic bank transfers are made and authorized to be paid in accordance with this Motion without any duty of further inquiry and without liability for following the Debtors' instructions.

## **RESERVATION OF RIGHTS**

38. The Debtors reserve all rights. Without limiting the generality of the foregoing, nothing contained herein is or should be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any

executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Further, and without limiting the generality of the foregoing, (y) the Debtors expressly reserve all of their rights to contest any Taxes and Fees and claims related thereto, and (z) if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not and should not be construed as an admission as to the validity of any Taxes and Fees or claims related thereto or as a waiver of the Debtors' rights to dispute such Taxes and Fees or claims related thereto subsequently.

<u>**IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM**</u>

39.    For a debtor to obtain relief to make pre-plan payments within 21 days of the Petition Date, it must establish that such payments satisfy the requirements mandated by Bankruptcy Rule 6003—namely, that the relief requested is necessary to avoid "immediate and irreparable harm."  Immediate and irreparable harm exists when, absent the requested relief, a debtor's prospect of a successful case outcome is threatened or a swift diminution in the value of the debtor's estate is likely.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (finding that "immediate irreparable harm" exists where loss of the business threatens ability to reorganize).  The Third Circuit has interpreted the language "immediate irreparable injury" in the context of preliminary injunctions and has instructed that irreparable injury is a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 F. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  Furthermore, the harm must be shown to be actual and imminent, not

speculative or unsubstantiated. *See, e.g.*, *Acierno v. New Castle Cty.*, 40 F.3d 645, 653-55 (3d Cir. 1994).

40.     Here, immediate and irreparable harm would result without the relief requested herein.  To the extent that the Debtors owe any accrued but unpaid Taxes and Fees as of the Petition Date, failure to pay such prepetition Taxes and Fees in the ordinary course may cause the Authorities to assert tax liens over the Debtors' property or impose other penalties which would be detrimental to the value of the Debtors' estates.

41.     Moreover, payment of any prepetition Taxes and Fees is essential to ensure the continued operation of the Debtors' business.  Failure to do so during the first 21 days of these Chapter 11 Cases would result in needless disruption to the Debtors' business and may jeopardize the Company's operations at this critical time.  For these reasons, the Debtors submit that the relief requested in the Orders is essential to prevent immediate and irreparable harm to the Debtors' operations and preserve the ongoing value of the Debtors' business and thus stakeholder recoveries.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

42.     To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that (x) the notice requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy Rule 6004(h) is waived.  Such waiver is warranted here because immediate payment of any accrued and unpaid Taxes and Fees is essential to prevent potentially irreparable harm to the Debtors' business and value.

17

## NOTICE

43.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) the Authorities; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

44.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Interim Order, the Final Order, and such other and further relief as is just and proper.

18

Dated: June 27, 2023

Respectfully submitted,

/s/ *Amanda R. Steele*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and*
*Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and*
*Debtors-in-Possession*

AMERICAS 122571288

## EXHIBIT A

## Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING,
THE PAYMENT OF CERTAIN PREPETITION TAXES AND
FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 11 U.S.C. §§ 105(a), 363(b), 507(a), 541, 1107(a), and 1108  of the Bankruptcy Code (i) authorizing, but not directing, the Debtors to pay certain Taxes and Fees and (ii) granting related relief, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to collect, incur, and pay all Taxes and Fees in the ordinary course of their businesses, *provided*, *that* (i) the amount paid on account of prepetition Taxes and Fees shall not exceed $75,000 in the aggregate and (ii) no Prepetition Taxes and Fees are for past due amounts.

3.      The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4.      All applicable banks and financial institutions (collectively, the "**Banks**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Taxes and Fees, whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments.  Each of the Banks is authorized to rely on any directions and representations of the Debtors as to which Payments should be

2

honored and paid in respect of the Taxes and Fees pursuant to the Motion and this Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order. The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

5.        Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Taxes and Fees pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Taxes and Fees allegedly due or owing to any Authorities, and all of the Debtors' rights with respect thereto are hereby reserved.

6.        The requirements set forth in Local Rule 9013-1(b) are satisfied.

7.      The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

8.      The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

9.      This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

11.     Any objections to entry of a final order on the Motion must be filed by _____, 2023 at _____ __.m. (Eastern Time) (the "**Objection Deadline**").  The Final Hearing, if required, will be held on _____, 2023 at _____ __.m. (Eastern Time).

AMERICAS 122571288

# EXHIBIT B

## Proposed Final Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | |
| | (Joint Administration Requested) |
| Debtors. | |
| | **Re:  Docket No. [●]** |

## FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING OTHER RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 11 U.S.C. §§ 105(a), 363(b), 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay certain Taxes and Fees and (ii) granting related relief, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Debtors are authorized, but not directed, to collect, incur, and pay all Taxes and Fees in the ordinary course of their businesses, *provided*, *that* (i) the amount paid on account of prepetition Taxes and Fees shall not exceed $75,000 in the aggregate and (ii) no Prepetition Taxes and Fees are for past due amounts.

3.      The Debtors are authorized and empowered to execute and deliver any such documents and to take and perform all actions necessary to implement and effectuate relief granted in this Order.

4.      All applicable banks and financial institutions (collectively, the "**Banks**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Taxes and Fees, whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments.

5.      Each of the Banks is authorized to rely on any directions and representations of the Debtors as to which Payments should be honored and paid in respect of the Taxes and Fees

2

pursuant to the Motion and this Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order.

6.    The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

7.    Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Taxes and Fees pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Taxes and Fees allegedly due or owing to any Authorities, and all of the Debtors' rights with respect thereto are hereby reserved.

8.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

3

9.      The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

10.     This Order is immediately effective and enforceable notwithstanding the

provisions of Bankruptcy Rule 6004(h) or otherwise.

11.     This Court retains jurisdiction with respect to all matters arising from or related to

the enforcement of this Order.

4