## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) APPROVING THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (B) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, AND (D) GRANTING OTHER RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**," or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**," and, together with the Interim Order, the "**Orders**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, state as follows:

---

[1]	The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]	Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

1.      By this Motion, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Interim Order and the Final Order (a) approving the Debtors' proposed form of adequate assurance of payment to Utility Providers (as defined below), (b) establishing procedures for resolving any requests for additional assurance by Utility Providers, (c) prohibiting Utility Providers from altering, refusing, or discontinuing utility services, and (d) granting other related relief.

2.      In addition, the Debtors request that the Court schedule a final hearing (the "**Final Hearing**")[3] to consider the relief requested herein on a final basis and entry of the Final Order.

3.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      The predicates for the relief requested by this Motion are sections 105(a) and 366 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6.      Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final

---

[3]      The period between the date this Motion was filed and the Final Hearing is referred to herein as the "**Interim Period**."  The Debtors estimate that the Interim Period will last thirty (30) days where such an estimate is required for the purposes of the relief requested herein.

judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### A.    Overview

7.    On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

8.    The Company develops, manufactures and sells electric vehicles ("**EVs**") primarily to commercial fleet customers.  It is one of the only original equipment manufacturers ("**OEMs**") in North America focused solely on light-duty electric vehicles for commercial fleet customers. The Company's flagship vehicle is the "Endurance," a full-size, all-electric pickup truck.  As of the Petition Date, with the Company still in its nascent stages, only approximately 65 Endurances have been manufactured, with a limited number of Endurances still in production.

9.    On November 7, 2019, the Company purchased General Motors' 6.2 million square foot automobile manufacturing facility (the "**Plant**") in Lordstown, Ohio.  Manufacturing operations at the Plant had ceased prior to the purchase.  The Company's business and vision for the Plant reinvigorated local industry.  On October 23, 2020, the Debtor entity now known as Lordstown EV Corporation ("**LEVC**," and then known as Lordstown Motors Corp.) completed a

merger with a subsidiary ("**MergerSub**") of DiamondPeak Holdings Corp. ("**DiamondPeak**"),[4] pursuant to which MergerSub merged with and into LEVC, with LEVC surviving the merger as a wholly-owned subsidiary of DiamondPeak.  DiamondPeak is now known as Lordstown Motors Corp. ("**LMC**"), a Debtor in these Chapter 11 Cases.[5]

10.     In September 2021, the Company began a partnership with an affiliate of Hon Hai Precision Industry Co., Ltd., also known as Foxconn ("**Foxconn**"), the world's largest electronics manufacturer.  The purpose of the Foxconn partnership was to allow the Company to shift its business strategy from a vertically integrated OEM to a less capital-intensive model, focused on developing, engineering, testing, and industrializing EVs.  Since the inception of the partnership, however, Foxconn has repeatedly refused to honor its contractual promises to the Debtors. Foxconn has misled the Debtors about Foxconn's ability or willingness to proceed with joint product development plans and repudiated its promise to invest additional equity capital in the business.  Most recently, Foxconn has refused to complete its second purchase of common stock in accordance with the terms of the investment agreement between the Company and Foxconn. Foxconn's actions have damaged the Company's business relationships, employee morale and relations, and the Company's future prospects, stripping it of its ability to continue as a going concern absent a strategic chapter 11 transaction.

11.     The Debtors have filed these Chapter 11 Cases for the purpose of maximizing value for the benefit of their stakeholders given the ongoing, repeated breaches of contract and commitments by Foxconn.  Among other things, as part of these Chapter 11 Cases, the Debtors

---

[4]     DiamondPeak Holdings Co., now known as Lordstown Motors Corp., incorporated in Delaware on November 13, 2018 as a blank check company for the purpose of effecting a business combination.

[5]     Lordstown EV Sales LLC was formed to sell vehicles directly to customers and is a subsidiary of LEVC, which is in turn a subsidiary of LMC.

intend to pursue claims against Foxconn, commence a sales process for their assets, reduce their expenses, centralize and rapidly resolve claims, and, ultimately, distribute maximum value to creditors and—if sufficient—equity security holders under a chapter 11 plan.

12.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

> **B.     The Utility Services**

13.     In connection with the operation of their business, the Debtors obtain electricity, gas, water, sanitation, telephone, internet, cable, and other similar services (collectively, the "**Utility Services**") from numerous utility providers for the Company's corporate and operating locations in the United States (the "**Utility Providers**").  The Debtors' facilities and offices, typically have a utility account with the Utility Providers (the "**Provider Accounts**").  A list of the Utility Providers and corresponding Provider Accounts (the "**Utility Service List**") is attached hereto as **Schedule 1**, which is incorporated herein by reference.[6]

14.     Under certain of the Debtors' leases, certain Utility Services are billed directly to the Debtors' landlords and passed through to the Debtors as part of the Debtors' lease payments in accordance with the applicable lease agreements (such as the purchase of electricity).  The relief requested herein covers all Utility Providers supplying Utility Services to the Debtors, including

---

[6]     The inclusion of any entity on, or the omission of any entity from, the Utility Service List is not an admission by the Debtors that such entity is, or is not, a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect to any such determination.

those in which the landlord directly pays the Utility Provider and passes the cost to the Debtors under its respective lease.[7]

15.     The Debtors' estimated total monthly aggregate utility payment to the Utility Providers is approximately $32,500 (the "**Monthly Costs**"), calculated based on the Debtors' historical monthly average of utility expenses over the past six months.[8]  The Debtors believe that, as of the Petition Date, they do not have any prepetition deposits with any of the Utility Providers.[9] The Debtors further believe that there are no material defaults or arrearages with respect to undisputed invoices for Utility Services from the Utility Providers.

16.     Uninterrupted Utility Services are required for the Debtors' ongoing business operations.  The termination or interruption of the Utility Services, even for a brief period, could severely disrupt the Debtors' operations, and such disruption would jeopardize the Debtors' ability to manage their operations.  Accordingly, it is essential that the Utility Services continue without interruption during the Debtors' Chapter 11 Cases.

### C.     Proposed Adequate Assurance

17.     The Debtors intend to pay undisputed postpetition obligations owed to the Utility Providers in a timely manner.  The Debtors believe they will have sufficient liquidity to pay the Utility Providers in the ordinary course of business.

18.     To provide additional assurance of payment, the Debtors propose to deposit, for the benefit of the Utility Providers and within 20 days after entry of the Interim Order, approximately

---

[7]     The Debtors respectfully submit that all landlords be required to continue to pay for Utility Services in the ordinary course of business until the effective date of the rejection of the applicable lease agreement, if any, pursuant to section 365 of the Bankruptcy Code.

[8]     The Monthly Costs exclude Utility Services billed directly to the Debtors' landlords.

[9]     If a Utility Provider is holding a prepetition deposit, the Debtors will engage with such Utility Provider to ensure that the combination of the deposit and the Adequate Assurance Deposit is sufficient to satisfy the Debtors' obligations under section 366 of the Bankruptcy Code.

$32,500 (the "**Adequate Assurance Deposit**")[10] into an interest-bearing, segregated account (the

"**Adequate Assurance Account**") held by the Debtors with a bank that is a party to a UDA with

the U.S. Trustee.  The Adequate Assurance Deposit amount represents approximately the total

Monthly Costs of Utility Services, calculated based on the Debtors' average utility expenses during

the past six months, net of any prepetition deposits held by Utility Providers.  The Adequate

Assurance Deposit does not include Utility Services billed directly to the landlords and then passed

on to the Debtors under any applicable leases.  The Debtors also request authority to amend the

Adequate Assurance Deposit if the Debtors, among other things, (a) terminate any of the Utility

Services provided by a Utility Provider; (b) make other arrangements with certain Utility Providers

for adequate assurance of payment; or (c) supplement the Utility Service List to include additional

Utility Providers (as described below).

19.    The Debtors submit that the Adequate Assurance Deposit, together with the

Debtors' ability to pay for future utility services in the ordinary course of business (collectively,

the "**Proposed Adequate Assurance**"), constitute sufficient adequate assurance to the Utility

Providers in satisfaction of section 366 of the Bankruptcy Code.

### D.    Proposed Adequate Assurance Procedures

20.    Although the Debtors seek to protect their estates from adverse consequences that

would result from the interruption of any Utility Services, the Debtors recognize the Utility

Providers' right to evaluate the Proposed Adequate Assurance on a case-by-case basis.

Accordingly, the Debtors propose the following procedures should a Utility Provider believe that

---

[10]    For Utility Providers that have already been identified, the Debtors have included, to the best of their knowledge, every Provider Account for each Utility Provider.  Out of an abundance of caution, however, the Debtors are calculating the Adequate Assurance Deposit on a provider basis to account for each Utility Provider's entire pay history, even if a specific account is not listed on the Utility Service List.

it requires additional adequate assurance (the "**Adequate Assurance Procedures**") than the

Proposed Adequate Assurance:

i.    If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors and seeks additional adequate assurance of future payment, the Utility Provider must serve a written request (the "**Request**") upon the Notice Parties (defined below) stating: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) a summary of the Debtors' payment history on each account; and (v) an explanation of why its Adequate Assurance Deposit is inadequate assurance of payment;

ii.    the Request must be delivered to: (i) the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll (adam.kroll@lordstownmotors.com)); (ii) proposed counsel to the Debtors, White & Case LLP, 200 South Biscayne Blvd, Suite 4900, Miami, FL 33131 (Attn: Fan He, Esq. (fhe@whitecase.com)); and (iii) any counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**");

iii.    without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider that serves a Request, if the Debtors, in their discretion, determine that such Request (including any agreed modification thereto) is reasonable;

iv.    if the Debtors do not agree with the Request and cannot agree with the Utility Provider on other terms, within thirty (30) days after receipt of such Request, or such additional time as to which the Debtors and the Utility Provider may agree, the Debtors shall file a motion pursuant to section 366(c)(3) of the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the Proposed Adequate Assurance, including the Adequate Assurance Deposit, plus additional consideration offered by the Debtors (if any) constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors;

v.    if an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties. The Debtors shall honor such request within seven (7) business days after the date of receipt without further order of the Court, subject to the ability of the Debtors and the requesting Utility Provider to resolve any dispute. If a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed;

vi.  the portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amounts deposited) shall be made available for the benefit of the Debtors, no later than seven (7) business days following the earlier of: (i) payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of such Utility Provider's services; (ii) the effective date of any plan confirmed in the Chapter 11 Cases, only if there are no outstanding disputes related to postpetition payment; and (iii) as provided in any further order of the Court; and

vii.  any Utility Provider that fails to comply with the Adequate Assurance Procedures shall be deemed to have received Adequate Assurance and shall be bound by any order entered by this Court granting the Motion.

21.    The Adequate Assurance Procedures establish a streamlined process to enable Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while allowing the Debtors to continue their business operations without interruption.  In particular, the Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by filing and serving a Request upon the Notice Parties.  The Debtors may then resolve, in their discretion, any Request by mutual agreement with the Utility Provider and without further order by the Court.  If any dispute regarding a Request cannot be resolved, such dispute will be resolved by the Court.

**E.    Subsequent Modifications of Utility Services List and Procedures for Subsequently Identified Utility Providers**

22.    The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Service List.  However, it is possible that not all Utility Providers or Provider Accounts are on the Utility Service List.  To the extent the Debtors subsequently identify additional Utility Providers (each, a "**Subsequently Identified Utility Provider**"), or discontinue Utility Services from an existing Utility Provider, the Debtors seek authority, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider.

23.     In addition, the Debtors propose that any Subsequently Identified Utility Provider has the right to object to the inclusion of such Subsequently Identified Utility Provider on the Utility Service List, in each case, within fourteen (14) days after it receives notice of the Motion and Interim Order or Final Order, as applicable.  Any such objection must be actually received by the Notice Parties by the fourteen (14) day deadline.  If no objection is timely received, the Debtors propose that the provisions of the Interim Order or Final Order, whichever is in effect at the time, apply to the Subsequently Identified Utility Provider.  Should any objection properly be made, the Debtors request that such Subsequently Identified Utility Provider making such objection be prohibited from discontinuing, altering, or refusing service to the Debtors, including as a result of unpaid charges for prepetition services, pending resolution of such objection.

24.     The Debtors further request that any entered order relating to the Motion be binding on all Utility Providers, regardless of when any particular Utility Provider or Provider Account was added to the Utility Service List.  If the Debtors supplement the Utility Service List subsequent to the entry of an order granting this Motion, the Debtors will promptly augment the Adequate Assurance Deposit to an amount that the Debtors estimate in good faith equals approximately one (1) month of Utility Services based on recent six-month average for all Provider Accounts.  If the Debtors remove any Utility Provider or Provider Account from the Utility Services Lists, the Debtors will provide such Utility Provider with fourteen (14) days' notice of such removal and, absent a response thereto, reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider or Provider Account.

**F.      Prohibition on Altering, Refusing, or Discontinuing Service**

25.     The Debtors request that the Utility Providers, including any Subsequently Identified Utility Provider, be prohibited from altering, refusing, or discontinuing Utility Services, including as a result of unpaid charges for prepetition Utility Services, or requiring additional

assurance of payment (i) pending entry of the Interim Order, and (ii) thereafter, other than in compliance with the proposed Adequate Assurance Procedures.

**BASIS FOR RELIEF**

**I.    The Proposed Adequate Assurance Provides Utility Providers with Adequate Assurance of Payment**

26.    Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).  Section 366(b) of the Bankruptcy Code provides, however, that:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

11 U.S.C. § 366(b).

27.    Congress enacted section 366 of the Bankruptcy Code to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also In re Jones*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (citing *Begley v. Phila. Elec. Co.* (*In re Begley*), 760 F.2d 46, 49 (3d Cir. 1985)).  As set forth herein, the Proposed Adequate Assurance requested in this Motion is consistent with these policy goals.

28.    Under section 366(b) of the Bankruptcy Code, a debtor must furnish adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of

11

a deposit or other security for postpetition service.  Here, the Debtors propose to create a separate Adequate Assurance Account in which they will deposit an Adequate Assurance Deposit in an amount equal to the Monthly Costs of all Utility Services.  The Adequate Assurance Deposit, and the Debtors' ongoing ability to meet future obligations as they come due in the ordinary course collectively provide adequate assurance of the Debtors' payment of their future obligations to each Utility Provider.

29.    Based on the foregoing, the Debtors submit that granting the relief requested herein is both necessary and appropriate.  The Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment consistent with the requirements of section 366(b) of the Bankruptcy Code.

## II.    The Debtors' Proposed Adequate Assurance Procedures Properly Balance the Interests of the Utility Providers and Those of the Debtors and Their Estates

30.    The Court should approve the Debtors' Adequate Assurance Procedures because they provide Utility Providers with a fair and orderly process for seeking modification of the Proposed Adequate Assurance.  At the same time, the Adequate Assurance Procedures protect the Debtors from needing to respond to requests for additional or different adequate assurance in a disorganized manner and at a time when the Debtors' efforts could be more productively focused on the continuation of their operations in chapter 11.

31.    Here, notwithstanding the Debtors' belief that the Proposed Adequate Assurance is sufficient, any rights the Utility Providers claim to have under sections 366(b) and 366(c)(2) are preserved under the Adequate Assurance Procedures.  In accordance with the Adequate Assurance Procedures, the Utility Providers may still choose to request a modification of the Proposed Adequate Assurance.  In addition, the Adequate Assurance Procedures prevent last-minute

demands that would pressure the Debtors into making payments under the threat of losing critical Utility Services.

32.     The Adequate Assurance Procedures ensure that all parties act in good faith when exercising their rights under section 366 of the Bankruptcy Code.  In addition, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Proposed Adequate Assurance and the Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366.

33.     Finally, the proposed methods are not prejudicial to the Utility Providers and are in the best interests of the Debtors' estates.  Uninterrupted Utility Services are vital to the continued operation of the Debtors' business and, consequently, to the success of the Chapter 11 Cases.  Thus, the relief requested herein is necessary and in the best interests of the Debtors' estates and creditors.  Such relief ensures that the Debtors' business operations will not be disrupted and provides both Utility Providers and Debtors with an orderly, fair procedure for determining appropriate adequate assurance consistent with the requirements and goals of section 366 of the Bankruptcy Code.

34.     Accordingly, for all of the foregoing reasons, the Debtors submit that cause exists for granting the relief requested herein.

## RESERVATION OF RIGHTS

35.     The Debtors reserve all rights.  Without limiting the generality of the foregoing, nothing contained herein is or should be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other

limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Further, and without limiting the generality of the foregoing, the Debtors expressly reserve the right (y) to assert at any time that any entity listed on Utility Service List is not entitled to adequate assurance pursuant to section 366 of the Bankruptcy Code, and (z) to terminate the services of any Utility Provider at any time and to seek an immediate refund of any utility deposit without giving effect to any right of setoff or recoupment or claim asserted by a Utility Provider against the Debtors.

## **IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM**

36.     For a debtor to obtain relief to make pre-plan payments within 21 days of the Petition Date, it must establish that such payments satisfy the requirements mandated by Bankruptcy Rule 6003—namely, that the relief requested is necessary to avoid "immediate and irreparable harm."  Immediate and irreparable harm exists when, absent the requested relief, a debtor's prospect of a successful case outcome is threatened or a swift diminution in the value of the debtor's estate is likely.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (finding that "immediate irreparable harm" exists where loss of the business

threatens ability to reorganize).   The Third Circuit has interpreted the language "immediate irreparable injury" in the context of preliminary injunctions and has instructed that irreparable injury is a continuing harm that cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 F. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).   Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  *See, e.g.*, *Acierno v. New Castle Cty.*, 40 F.3d 645, 653-55 (3d Cir. 1994).

37.     Here, immediate and irreparable harm would result without the relief requested herein.  Failure to grant the requested relief during the first 21 days of the Chapter 11 Cases would leave the Debtors vulnerable to losing their Utility Services, which would result in needless disruption to the Debtors' business and may jeopardize the Company's operations at this critical time.  For these reasons, the Debtors submit that the relief requested in the Orders is essential to prevent immediate and irreparable harm to the Debtors' operations and preserve the ongoing value of the Debtors' business and thus stakeholder recoveries.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

38.     To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that (x) the notice requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy Rule 6004(h) is waived.  Such waiver is warranted here because the Debtors' continued Utility Services is essential to prevent potentially irreparable harm to the Debtors' business, and ability to maximize value for stakeholders.

**NOTICE**

39.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the Utility Providers; (iii) Foxconn; (iv) certain of the Debtors' landlords that directly pay for Utility Services; (v) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the state attorneys general for all states in which the Debtors conduct business; (x) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**NO PRIOR REQUEST**

40.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court grant the relief requested in this Motion, the Interim Order, the Final Order, and

such other and further relief as is just and proper.

Dated: June 27, 2023

Respectfully submitted,

/s/ *Jason M. Madron*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

## EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. [●]** |

**INTERIM ORDER (A) APPROVING THE DEBTORS' PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (B)
ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY
PROVIDERS, (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES, AND (D) GRANTING
<u>OTHER RELATED RELIEF</u>**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**")

pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004,

(a) approving the Debtors' proposed form of adequate assurance of payment to Utility Providers,

(b) establishing procedures for resolving requests for additional assurance, (c) prohibiting Utility

Providers from altering, refusing, or discontinuing utility services, and (d) granting other related

relief, and the Court having found that it has jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay on a timely basis in accordance with their prepetition practice all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtors.

3.      The Proposed Adequate Assurance is approved and constitutes sufficient adequate assurance of payment for purposes of section 366 of the Bankruptcy Code.

4.      Within twenty (20) days after the entry of this Order, the Debtors will establish an interest-bearing, segregated Adequate Assurance Account with a bank that is a party to a UDA with the U.S. Trustee, and place $32,500 (the "**Adequate Assurance Deposit**") in the Adequate Assurance Account, which equals approximately one (1) month of Utility Services in respect of all the Provider Accounts set forth on the Utility Service List attached hereto as **Schedule 1**.

5.      The following Adequate Assurance Procedures are approved on an interim basis:

i. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors and seeks additional or different adequate assurance of future payment, the Utility Provider must serve a written request (the "**Request**") upon the Notice Parties (defined below) stating: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) a summary of the Debtors' payment history on each account; and (v) an explanation of why its Adequate Assurance Deposit is inadequate assurance of payment;

ii. the Request must be delivered to: (i) the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll (adam.kroll@lordstownmotors.com)); (ii) proposed counsel to the Debtors, White & Case LLP, 200 South Biscayne Blvd, Suite 4900, Miami, FL 33131 (Attn: Fan He, Esq. (fhe@whitecase.com)); and (iii) any counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**");

iii. without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider that serves a Request, if the Debtors, in their discretion, determine that such Request (including any agreed modification thereto) is reasonable;

iv. if the Debtors do not agree with the Request and cannot agree with the Utility Provider on other terms, within thirty (30) days after receipt of such Request, or such additional time as to which the Debtors and the Utility Provider may agree, the Debtors shall file a motion pursuant to section 366(c)(3) of the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the Proposed Adequate Assurance, including the Adequate Assurance Deposit, plus additional consideration offered by the Debtors (if any) constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors;

v. if an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties. The Debtors shall honor such request within seven (7) business days after the date of receipt without further order of the Court, subject to the ability of the Debtors and the requesting Utility Provider to resolve any dispute. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed;

vi. the portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amounts deposited) shall be made available for the benefit of the Debtors, no later than seven (7) business days following the earlier of: (i) payment by the Debtors of the Utility Provider's final invoice

in accordance with applicable non-bankruptcy law following the Debtors' termination of such Utility Provider's services; (ii) the effective date of any plan confirmed in the Chapter 11 Cases only if there are no outstanding disputes related to postpetition payments; and (iii) as provided in any further order of the Court; and

vii.    any Utility Provider that fails to comply with the Adequate Assurance Procedures shall be deemed to have received Adequate Assurance and shall be bound by any order entered by this Court granting the Motion.

6.      Any Utility Provider that fails to submit a Request for additional assurance as set forth in the Adequate Assurance Procedures shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing service to the Debtors for lack of adequate assurance or on account of any prepetition charges, or the Debtors' bankruptcy filings, subject to the Utility Provider's right to seek a modification  of adequate assurance under section 366(c)(3) of the Bankruptcy Code.

7.      The Debtors are authorized, in their sole discretion, to amend the Utility Service List, attached hereto as **Schedule 1**, to add or remove any Utility Provider and/or Provider Account.  Upon such amendment, any Subsequently Identified Utility Provider that is added to Utility Services List shall be permitted to make a Request for additional assurance in accordance with the Adequate Assurance Procedures set forth herein in respect of its newly-added Provider Account(s).  If the Debtors add any Utility Provider or Provider Account to the Utility Service List, the Debtors shall increase the amount of the Adequate Assurance Deposit by depositing into the Adequate Assurance Account an amount the Debtors estimate in good faith to equal approximately one (1) month of Utility Services on recent six-month average for such new Provider Account(s).  If the Debtors remove any Utility Provider or Provider Account from the Utility Service List, the Debtors may reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider or Provider Account; *provided*,

*that* the Debtors shall have provided such Utility Provider with fourteen (14) days' notice of such reduction and did not receive a response thereto by such deadline.

8.     This Order shall be binding on all Utility Providers served with the Motion, and the Debtors shall serve this Order within three (3) days of entry by the Court.

9.     Absent any further order of this Court, the Utility Providers are prohibited from (i) discriminating against the Debtors, (ii) discontinuing, altering, or refusing service, or (iii) requiring payment of an additional deposit or receipt of other security (other than in accordance with Adequate Assurance Procedures) on account of the Debtors' bankruptcy filings, any unpaid prepetition charges, or on account of any perceived inadequacy of the Proposed Adequate Assurance.

10.    Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a non-residential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services; *provided*, *that* a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.  The Debtors shall serve a copy of this Order on all landlords that pay directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease.

11.    Notwithstanding anything to the contrary in any other order of this Court, no creditor or party other than the Debtors and applicable Utility Providers shall have any interest in or lien on the Adequate Assurance Deposit.

12.    Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as

to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Order shall constitute a finding that any entity is or is not a Utility Provider hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Services Lists.

13.     The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

14.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

15.     The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

16.     This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

17.     The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

19.     The deadline by which objections to entry of a final order on the Motion must be filed is _____, 2023 at _____ __.m. (Eastern Time) (the "**Objection Deadline**").  The Final Hearing, if required, will be held on _____, 2023 at _____ __.m. (Eastern Time).

## Schedule 1

## Utility Service List

| Name of Utility Provider | Account No. | Utility Type | Address | State | Zip | Adequate Assurance Deposit |
|---|---|---|---|---|---|---|
| Southern California Edison | 700474852026 | Electricity | PO Box 600, Rosemead | CA | 91771 | $6,030 |
| Comcast Holdings Corporation, dba Comcast Cable Communication Management LLC | 932763729 | Cable/Internet | PO Box 70284, Philadelphia | PA | 19176 | $2,950 |
| Southern California Gas Company dba The Gas Company; So Cal Gas | 059 292 9019 4 | Gas | PO Box C, Monterey Park | CA | 91756 | $3,390 |
| ATT Business Direct, AT&T Business Services | 831-001-0625 808 | Telephone | PO Box 5019, Carol Stream | IL | 60197 | $2,050 |
| Sonitrol Orange County, LLC | 3LOR0001 | Electronic Security | 23 Mauchly, #100, Irvine | CA | 92618 | $380 |
| CR&R Environmental Services | 72-0024690 1 | Recycling | 11292 Western Ave, Stanton | CA | 90680 | $350 |
| Detroit Disposal & Recycling | 275400 | Sanitation | 1475 E Milwaukee St, Detroit | MI | 48211 | $550 |
| Cox Communications California LLC, dba Cox Business | 0017601036205304 | Telephone | 6205-B Peachtree Dunwoody Rd, Atlanta | GA | 30328 | $3,070 |
| Irvine Ranch Water District | 2445969389 | Water | 15600 Sand Canyon Avenue, Irvine | CA | 92618 | $630 |
| AT&T Mobility-CC | eMSA Uaiii | Cellular | PO Box 5085, Carol Stream | IL | 60197 | $12,600 |
| ElectroCycle, Inc. | N/A | Sanitation | 23953 Research Dr., Farmington Hills | MI | 48335 | $500 |

## <u>EXHIBIT B</u>

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. [●]** |

**FINAL ORDER (A) APPROVING THE DEBTORS' PROPOSED FORM OF
ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (B)
ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY
PROVIDERS, (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING,
REFUSING, OR DISCONTINUING UTILITY SERVICES, AND (D) GRANTING
OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**")

pursuant sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004,

(a) approving the Debtors' proposed form of adequate assurance of payment to Utility Providers,

(b) establishing procedures for resolving requests for additional assurance, (c) prohibiting Utility

Providers from altering, refusing, or discontinuing utility services, (d) granting other related relief,

and the Court having found that it has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors
Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address
is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      The Debtors are authorized, but not directed, to pay on a timely basis in accordance with their prepetition practice all undisputed invoices for postpetition utility services provided by the Utility Providers to the Debtors.

3.      The Proposed Adequate Assurance is approved and constitutes sufficient adequate assurance of payment for purposes of section 366 of the Bankruptcy Code.

4.      The Adequate Assurance Deposit in the amount of approximately $32,500 deposited in the Adequate Assurance Account shall be held for the purpose of providing adequate assurance of payment to each Utility Provider for its postpetition Utility Services to the Debtors.

5.      The Debtors are authorized, in their sole discretion, to amend the Utility Service List, attached hereto as **Schedule 1,** to add or remove any Utility Provider and/or Provider Account.  Upon such amendment, this Order shall apply to any  Subsequently Identified Utility

Provider that is added to such Utility Service List, and any Subsequently Identified Utility Provider shall be permitted to make a Request for additional assurance according to the Adequate Assurance Procedures set forth in the Order in respect of its newly-added Provider Account(s). If the Debtors add any Utility Provider or Provider Account to the Utility Service List, the Debtors shall increase the amount of the Adequate Assurance Deposit by depositing into the Adequate Assurance Account an amount the Debtors estimate in good faith to equal approximately one (1) month of Utility Services based on recent six-month average for such new Provider Account(s). If the Debtors remove any Utility Provider or Provider Account from the Utility Service List, the Debtors may reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider or Provider Account; *provided*, *that* the Debtors shall have provided such Utility Provider with fourteen (14) days' notice of such reduction and did not receive a response thereto by such deadline.

6. The following Adequate Assurance Procedures are approved on a final basis:

i. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors and seeks additional or different adequate assurance of future payment, the Utility Provider must serve a written request (the "**Request**") upon the Notice Parties (defined below) stating: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) a summary of the Debtors' payment history on each account; and (v) an explanation of why its Adequate Assurance Deposit is inadequate assurance of payment;

ii. the Request must be delivered to: (i) the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll (adam.kroll@lordstownmotors.com)); (ii) proposed counsel to the Debtors, White & Case LLP, 200 South Biscayne Blvd, Suite 4900, Miami, FL 33131 (Attn: Fan He, Esq. (fhe@whitecase.com)); and (iii) any counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**");

iii. without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider that serves a Request, if the Debtors, in their discretion, determine that such Request (including any agreed modification thereto) is reasonable;

3

iv.   if the Debtors do not agree with the Request and cannot agree with the Utility Provider on other terms, within thirty (30) days after receipt of such Request, or such additional time as to which the Debtors and the Utility Provider may agree, the Debtors shall file a motion pursuant to section 366(c)(3) of the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the Proposed Adequate Assurance, including the Adequate Assurance Deposit, plus additional consideration offered by the Debtors (if any) constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors;

v.   if an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties.  The Debtors shall honor such request within seven (7) business days after the date of receipt without further order of the Court, subject to the ability of the Debtors and the requesting Utility Provider to resolve any dispute.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed;

vi.   the portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amounts deposited) shall be made available for the benefit of the Debtors, no later than seven (7) business days following the earlier of: (i) payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of such Utility Provider's services; (ii) the effective date of any plan confirmed in the Chapter 11 Cases only if there are no outstanding disputes related to postpetition payments; and (iii) as provided in any further order of the Court; and

vii.   any Utility Provider that fails to comply with the Adequate Assurance Procedures shall be deemed to have received Adequate Assurance and shall be bound by any order entered by this Court granting the Motion.

7.   Any Utility Provider that fails to submit a Request for additional assurance as set forth in the Adequate Assurance Procedures shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing service to the Debtors for lack of adequate assurance or on account of any prepetition charges, or the Debtors' bankruptcy filings, subject to the Utility

Provider's right to seek a modification of adequate assurance under section 366(c)(3) of the Bankruptcy Code.

8.      This Order shall be binding on all Utility Providers and served with the Motion, and the Debtors shall serve this Order within three (3) days of entry by the Court.

9.      Absent any further order of this Court, the Utility Providers are prohibited from (i) discriminating against the Debtors, (ii) discontinuing, altering, or refusing service, or (iii) requiring payment of an additional deposit or receipt of other security (other than in accordance with Adequate Assurance Procedures) on account of the Debtors' bankruptcy filings, any unpaid prepetition charges, or on account of any perceived inadequacy of the Proposed Adequate Assurance.

10.     Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a non-residential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services; *provided*, *that* a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable agreement pursuant to section 365 of the Bankruptcy Code, if any.  The Debtors shall serve a copy of this Order on all landlords that pay directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease.

11.     Notwithstanding anything to the contrary in any other order of this Court, no creditor or party other than the Debtors and applicable Utility Providers shall have any interest in or lien on the Adequate Assurance Deposit.

12.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as

to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Order shall constitute a finding that any entity is or is not a Utility Provider hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Services List.

13.     The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

14.     The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15.     This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16.    The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

17.    This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

# Schedule 1

## Utility Service List

| Name of Utility Provider | Account No. | Utility Type | Address | State | Zip | Adequate Assurance Deposit |
|---|---|---|---|---|---|---|
| Southern California Edison | 700474852026 | Electricity | PO Box 600, Rosemead | CA | 91771 | $6,030 |
| Comcast Holdings Corporation, dba Comcast Cable Communication Management LLC | 932763729 | Cable/Internet | PO Box 70284, Philadelphia | PA | 19176 | $2,950 |
| Southern California Gas Company dba The Gas Company; So Cal Gas | 059 292 9019 4 | Gas | PO Box C, Monterey Park | CA | 91756 | $3,390 |
| ATT Business Direct, AT&T Business Services | 831-001-0625 808 | Telephone | PO Box 5019, Carol Stream | IL | 60197 | $2,050 |
| Sonitrol Orange County, LLC | 3LOR0001 | Electronic Security | 23 Mauchly, #100, Irvine | CA | 92618 | $380 |
| CR&R Environmental Services | 72-0024690 1 | Recycling | 11292 Western Ave, Stanton | CA | 90680 | $350 |
| Detroit Disposal & Recycling | 275400 | Sanitation | 1475 E Milwaukee St, Detroit | MI | 48211 | $550 |
| Cox Communications California LLC, dba Cox Business | 0017601036205304 | Telephone | 6205-B Peachtree Dunwoody Rd, Atlanta | GA | 30328 | $3,070 |
| Irvine Ranch Water District | 2445969389 | Water | 15600 Sand Canyon Avenue, Irvine | CA | 92618 | $630 |
| AT&T Mobility-CC | eMSA Uaiii | Cellular | PO Box 5085, Carol Stream | IL | 60197 | $12,600 |
| ElectroCycle, Inc. | N/A | Sanitation | 23953 Research Dr., Farmington Hills | MI | 48335 | $500 |