## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| Debtors. | (Joint Administration Requested) |

### DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS AND (B) GRANTING OTHER RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**," and, together with the Interim Order, the "**Orders**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, state as follows:

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a), 362(a)(3) and 541 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Interim Order establishing notification and hearing procedures that must be satisfied before certain transfers of equity securities in the Debtors or of any beneficial interests therein, including Options (as defined below) to acquire such equity securities (the "**Transfers**"), are deemed effective.  The procedures are designed to protect and preserve the potential value of the Debtors' U.S. federal and state tax attributes, including but not limited to, net operating losses and net-operating-loss carryforwards ("**NOLs**" and, collectively with capital losses, unrealized built-in losses, tax and business credits, and certain other tax attributes, the "**Tax Attributes**").

2.      If no such restrictions are imposed by this Court, the Debtors' ability to use, or realize the value of, their Tax Attributes could be impaired or even eliminated.  This could lead to significant negative consequences for the Debtors, their estates, creditors, stakeholders, and other parties in interest.

3.      In addition, the Debtors request that the Court schedule a final hearing (the "**Final Hearing**") to consider the relief requested herein on a final basis and entry of the Final Order.

4.      For the reasons set forth herein, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

5.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested by this Motion are sections 105(a), 362(a)(3) and 541 of the Bankruptcy Code and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

7.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### I.      Overview

8.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors have filed a separate procedural motion requesting that the Chapter 11 Cases be jointly administered. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

9.      The Company develops, manufactures and sells electric vehicles ("**EVs**") primarily to commercial fleet customers. It is one of the only original equipment manufacturers ("**OEMs**") in North America focused solely on light-duty electric vehicles for commercial fleet customers. The Company's flagship vehicle is the "Endurance," a full-size, all-electric pickup truck. As of the Petition Date, with the Company still in its nascent stages, only approximately 65 Endurances have been manufactured, with a limited number of Endurances still in production.

10.     On November 7, 2019, the Company purchased General Motors' 6.2 million square foot automobile manufacturing facility (the "**Plant**") in Lordstown, Ohio. Manufacturing operations at the Plant had ceased prior to the purchase. The Company's business and vision for the Plant reinvigorated local industry. On October 23, 2020, the Debtor entity now known as Lordstown EV Corporation ("**LEVC**," and then known as Lordstown Motors Corp.) completed a merger with a subsidiary ("**MergerSub**") of DiamondPeak Holdings Corp. ("DiamondPeak"),[3] pursuant to which MergerSub merged with and into LEVC, with LEVC surviving the merger as a wholly-owned subsidiary of DiamondPeak. DiamondPeak is now known as Lordstown Motors Corp ("**LMC**"), a Debtor in these Chapter 11 Cases.[4]

11.     In September 2021, the Company began a partnership with an affiliate of Hon Hai Precision Industry Co., Ltd., also known as Foxconn ("**Foxconn**"), the world's largest electronics manufacturer. The purpose of the Foxconn partnership was to allow the Company to shift its business strategy from a vertically integrated OEM to a less capital-intensive model, focused on developing, engineering, testing, and industrializing EVs. Since the inception of the partnership, however, Foxconn has repeatedly refused to honor its contractual promises to the Debtors. Foxconn has misled the Debtors about Foxconn's ability or willingness to proceed with joint product development plans and repudiated its promise to invest additional equity capital in the business. Most recently, Foxconn has refused to complete its second purchase of common stock in accordance with the terms of the investment agreement between the Company and Foxconn. Foxconn's actions have damaged the Company's business relationships, employee morale and

---

[3]     DiamondPeak Holdings Co., now known as Lordstown Motors Corp., incorporated in Delaware on November 13, 2018 as a blank check company for the purpose of effecting a business combination.

[4]     Lordstown EV Sales LLC was formed to sell vehicles directly to customers and is a subsidiary of LEVC, which is in turn a subsidiary of LMC.

relations, and the Company's future prospects, stripping it of its ability to continue as a going concern absent a strategic chapter 11 transaction.

12.     The Debtors have filed these Chapter 11 Cases for the purpose of maximizing value for the benefit of their stakeholders given the ongoing, repeated breaches of contract and commitments by Foxconn.  Among other things, as part of these Chapter 11 Cases, the Debtors intend to pursue claims against Foxconn, commence a sales process for their assets, reduce their expenses, centralize and  rapidly resolve claims, and, ultimately, distribute maximum value to creditors and—if sufficient—equity security holders under a chapter 11 plan.

13.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

## II.      The Debtors' Tax Attributes

14.     The Debtors have generated, and may currently be generating, U.S. federal and state NOLs and certain other Tax Attributes.  Generally, a company generates NOLs if its operating expenses exceed the revenues it has earned during a single tax year.  In addition, business interest expense in excess of certain thresholds is disallowed as a deduction but may generally be carried forward and deducted in future tax years (subject to certain conditions).  *See* IRC § 163(j).  Finally, the Debtors' Tax Attributes include "net unrealized built-in loss," which includes, among other things, certain potential tax losses resulting from the disposition of assets. Such losses, if triggered, could potentially be used to offset other income incurred by the Debtors thereby reducing the Debtors' future tax liabilities, if any.

15.     As of December 31, 2022, the Debtors estimated that the Company had valuable Tax Attributes including, without limitation, (i) federal NOLs of approximately $629.6 million,

which generated a deferred tax asset of approximately $132 million, (ii) local NOLs of approximately $372 million, which generated a deferred tax asset of $3.7 million, and (iii) an indeterminate amount of net unrealized built-in loss. Although the value of the Debtors' Tax Attributes is contingent on the amount of the Debtors' taxable income that may be offset by the Tax Attributes before their expiration and any existing limitations on their usage, the Debtors' NOLs and other Tax Attributes may translate into future tax savings for the Debtors that are valuable assets of the Debtors' estates.

16. The Debtors' Tax Attributes are a valuable asset because title 26 of the United States Code (the Internal Revenue Code of 1986, as amended, the "**IRC**") generally permits corporations to carry forward NOLs and tax credits to reduce future federal income tax liabilities, potentially making funds available to meet working capital requirements and service debt, if any. *See* 26 U.S.C. §§ 38, 39, 172, 904.[5] In particular, the Tax Attributes may be available to the Debtors to offset tax liability arising from ordinary course activity and other transactions contemplated during the course of the Chapter 11 Cases and thereafter. Accordingly, absent any intervening limitations, the Tax Attributes may be available to reduce the Debtors' U.S. federal or local income tax liability through the taxable year that includes the effective date of a chapter 11 plan and potentially thereafter, and could therefore lead to the recovery of cash for the benefit of their estates and all parties in interest.

## III.    Potential Limitations on the Use of the Debtors' Tax Attributes

17. As more fully described below, unrestricted trading in or other treatment of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock (as defined below) could impair the Debtors' ability to use the Tax Attributes.

---

[5]    Some states have similar rules that may allow the NOLs to reduce the Debtors' state income tax liability.

18.     As a general matter, if a corporation undergoes an "ownership change," section 382 of the IRC ("**Section 382**") could impair the corporation's ability to use its Tax Attributes to offset future taxable income.  *See* 26 U.S.C. § 382.[6]  Under Section 382, an ownership change occurs when the percentage, by value, of a company's equity held by one or more persons holding five percent or more of the stock (in certain cases, taking into account Options to acquire such stock) (the "**5% Shareholders**") has increased by more than 50 percentage points over the lowest percentage of equity owned by such shareholders at any time during the preceding three-year period or since the last ownership change, as applicable (the "**Testing Period**") *See id.* at § 382(g). If there has been a prior ownership change, the Testing Period for determining whether another ownership change has occurred begins on the first day following the date of the prior ownership change.  *See id.* at § 382(i). For example, an ownership change would occur in the following situation:

An individual ("A") owns 50.1% of the stock of corporation XYZ.  A sells her 50.1% interest to another individual ("B"), who owns 5% of XYZ's stock.  Under section 382, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5% to 55.1%) during the testing period.  The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a 5% shareholder and increases his ownership by more than 50 percentage points during the testing period.

---

[6]     Section 383 of the IRC imposes a similar limitation to certain tax credits of a corporation. For clarity, this discussion refers only to Section 382, but the rules, principles, and policies discussed therein are generally applicable to section 383's limit to a corporation's use of credits after an ownership change and are incorporated by reference into section 383 by the IRC and the Treasury Regulations promulgated thereunder. *See* 26 U.S.C. § 383(e); 26 C.F.R. § 1.383-1(g).

IV.    **Proposed Procedures for Trading in Equity Securities**

19.    By establishing procedures for continuously monitoring the trading of issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), the Debtors can preserve their ability to seek substantive relief at the appropriate time if necessary, particularly if it appears that additional trading may jeopardize the use of their Tax Attributes.  Accordingly, the Debtors request that this Court enter the Interim Order and Final Order establishing procedures for trading in Lordstown Common Stock and Lordstown Preferred Stock.  In general, the procedures require that Substantial Shareholders (as defined below) identify themselves to this Court and that certain trades in Lordstown Common Stock and Lordstown Preferred Stock must be approved by the Debtors.  The proposed procedures are as follows:[7]

a)    Any postpetition purchase, sale, or other transfer of equity securities in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

c)    At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in

---

[7]    With respect to the procedures set forth herein, the Debtors request that the Court permit the Debtors to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in the Motion or in any order entered with respect hereto should the Debtors conclude, in their sole discretion, that any such restriction, stay, or notification procedure is not necessary to protect their Tax Attributes.

the form of **Exhibit A-2** attached hereto, of the intended transfer of equity securities;

d) At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lordstown Common Stock or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**"); and

e) The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period.

20.    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[8] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[9]   and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by  the Debtors, in accordance with applicable rules under Section 382,

---

[8]     Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[9]     Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## V.    Proposed Procedures for Claiming a Worthless Stock Deduction

21.    The Debtors also request that the Court enter an order restricting the ability of shareholders that are, or were, 50% Shareholders (as defined below) to claim a deduction for the worthlessness of their Lordstown Common Stock or Lordstown Preferred Stock on their federal or state tax returns for any tax year ending before the Debtors' emergence from chapter 11 protection.  Under Section 382(g)(4)(D), any securities held by such a shareholder are treated as though they were transferred if such shareholder claims a worthless stock deduction with respect to such securities.  *See* 26 U.S.C. § 382(g)(4)(D).  It is therefore essential to the preservation of the Debtors' Tax Attributes that 50% Shareholders defer claiming such worthless stock deductions until after the Debtors have emerged from bankruptcy.

22.    By restricting 50% Shareholders from claiming a worthless stock deduction prior to the Debtors' emergence from chapter 11 protection, the Debtors can preserve their ability to seek substantive relief to use the Tax Attributes.  Accordingly, the Debtors request that this Court

enter the Interim Order and Final Order establishing procedures for claiming a worthless stock deduction in Lordstown Common Stock or Lordstown Preferred Stock.

23.    In general, the procedures require any 50% Shareholder to seek approval from the Debtors before claiming a worthless stock deduction with respect to its Lordstown Common Stock or Lordstown Preferred Stock on its federal income tax return.  The proposed procedures are as follow:[10]

a)  Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)  At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

d)  The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court.  If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice

---

[10]    With respect to the procedures set forth herein, the Debtors request that the Court permit the Debtors to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in the Motion or in any order entered with respect hereto should the Debtors conclude, in their sole discretion, that any such restriction, stay, or notification procedure is not necessary to protect their Tax Attributes.

of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

24.     For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**VI.    Notice of Procedures**

25.     To ensure parties in interest receive appropriate notice of the procedures for trading equity securities in the Debtors, the Debtors hereby request that this Court approve the following notice provisions for such procedures. Following entry of an Interim Order granting the Motion, the Debtors propose to send a notice in substantially the form attached hereto as **Exhibit A-6**

(the "**Notice of Order**") to the following parties: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) all registered and record holders of Lordstown Common Stock and Lordstown Preferred Stock (with instructions for any banks, brokers or other agents to forward the materials to the beneficial holders of Lordstown Common Stock and Lordstown Preferred Stock); and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

26.    All registered holders of Lordstown Common Stock and Lordstown Preferred Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered holder holds such Lordstown Common Stock or Lordstown Preferred Stock down the chain of ownership for all such holders of Lordstown Common Stock or Lordstown Preferred Stock. Additionally, any person or entity or broker or agent acting on their behalf who sells at least 4.50% of all issued and outstanding shares of Lordstown Common Stock or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of the Interim Order and Final Order or their contents to such purchaser or any broker or agent acting on their behalf of such Lordstown Common Stock or Lordstown Preferred Stock, to the extent reasonably feasible. The Notice of Order will provide information as to the procedures to be followed in trading the

Lordstown Common Stock and Lordstown Preferred Stock and include notice of a final hearing

and an opportunity to object before entry of a Final Order.

## **BASIS FOR RELIEF**

**I.     Establishing Equity Trading Procedures Is Authorized by the Bankruptcy Code**

27.     The Tax Attributes are property of the Debtors' estates.  Courts have uniformly

held that a debtor's NOLs constitute property of the estate under section 541 of the Bankruptcy

Code, which provides that the property of the estate comprises, among other things, "all legal or

equitable interest of the debtor in property as of the commencement of the case."  11 U.S.C. § 541;

*Official Comm. of Unsecured Creditors vs. PSS S.S. Co. (In re Prudential Lines, Inc.)*, 928 F.2d

565, 573 (2d Cir. 1991) (finding that a debtor's potential ability to utilize NOLs is property of the

estate); *Official Comm. of Unsecured Creditors for Forman Enters. v. Forman (In re Forman

Enters.)*, 273 B.R. 408, 415 (Bankr. W.D. Pa. 2002) (same); *Nisselson v. Drew Indus. (In re White

Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("it is beyond

peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation

that generated them").

28.     Because the Debtors' Tax Attributes, including the NOLs, are property of their

estates, this Court has the authority under section 362 of the Bankruptcy Code to enforce the

automatic stay by restricting the transfer of equity securities in the Debtors that could jeopardize

the existence or value of the Tax Attributes.  *See In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr.

N.D. Ohio 1993) (holding that section 362 prohibited the sale of stock in the debtors as an exercise

of control of the debtors' NOLs, which were property of the debtors' estates).  Section 362(a)(3)

stays "any act [of an entity] to obtain possession of property of the estate or property from the

estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).

29.     Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Debtors have a duty to take steps to preserve the value of the Tax Attributes for the estate.  Once a Tax Attribute is limited under Section 382, its use is limited forever.  The limited relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm which could be caused by unrestricted trading in equity securities in the Debtors and the Debtors' resulting inability to offset taxable income freely with the Tax Attributes.  The Court's enforcement of the automatic stay to prevent jeopardizing the value of the Tax Attributes is therefore necessary and appropriate.

30.     There is a strong rationale for authorizing the Debtors to establish notification and hearing procedures that must be satisfied with respect to certain transfers of equity securities in the Debtors.  As a result of past and current operations, the Debtors presently have significant Tax Attributes.  These Tax Attributes may increase as the Chapter 11 Cases proceed and could translate into significant potential future federal and state income tax savings for the Debtors.

31.     As discussed above, section 172(b) of the IRC permits corporations to carry forward Tax Attributes to offset future taxable income, thereby significantly improving such corporations' cash position in the future.  *See* 26 U.S.C. § 172(b).  Thus, the Debtors' Tax Attributes are a valuable asset of their estates whose availability could facilitate the Debtors' successful outcome in the Chapter 11 Cases and serve to improve creditor recoveries.  For example, the Company could utilize its NOLs to offset any gain that may be recognized in connection with a bankruptcy sale or to offset income earned or recognized during the course of the Chapter 11 Cases.  However, absent the relief requested herein, during the pendency of the Chapter 11 Cases, the trading and accumulation of Lordstown Common Stock and Lordstown

15

Preferred Stock, a 50% Shareholder's claim of a worthless stock deduction, or the trading of equity interest in the Debtors could severely limit the Debtors' ability to maximize the value of their Tax Attributes.

32.     The requested relief is narrowly tailored and does not bar all trading of equity securities in the Debtors.  At this early stage, the Debtors seek only to establish procedures enabling the Debtors to monitor trading in equity securities that may pose a risk under the Section 382 ownership change test so as to preserve the Debtors' ability to seek substantive relief if it appears that a proposed trade of equity securities in the Debtors will jeopardize the use of their Tax Attributes.  The procedures requested by the Debtors in the Motion would permit most trading to continue subject only to Bankruptcy Rules 3001(e) and 3002, and applicable securities, corporate, and other laws.  The restrictions on claiming deductions for worthless stock would apply only to 50% Shareholders, and even then would not prohibit such deductions entirely, but would merely require them to be postponed to taxable years ending after the Debtors' emergence from chapter 11 protection. Because of the substantial value of the Tax Attributes to the Debtors' estates, implementation of the requested relief outweighs any harm imposed by subjecting a limited number of potential transfers and/or worthless stock deductions to the procedures described herein and the exhibits hereto.  Moreover, the Debtors submit that the notice procedures proposed herein satisfy due process and Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and attend a hearing.  Furthermore, the proposed notice procedures protect the due process rights of the parties-in-interest.

## II.    The Provisions of Section 382

33.     The general purpose of Section 382 is to prevent a company with taxable income from reducing its tax obligations by acquiring control of another company with NOLs, net unrealized built-in losses ("**Built-in Losses**"), or certain other tax attributes.  To achieve this

16

objective, Section 382 limits the amount of taxable income that can be offset by a pre-change loss to the long-term tax-exempt bond rate (as published monthly by the U.S. Department of the Treasury) as of the ownership change date multiplied by the value of the equity of the loss corporation immediately before the ownership change (a "**Section 382 Limitation**").  Built-in Losses recognized during the five-year period after the ownership change may be subject to similar limitations.

34.    If an ownership change were to occur during the course of the Chapter 11 Cases, other than in accordance with a court-approved plan of reorganization, Section 382 would limit the amount of taxable income that the Debtors could offset by their pre-change losses in taxable years (or portions thereof) to an annual amount equal to the value of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate. *See* 26 U.S.C. § 382(b). Pre-change losses would include (a) NOLs and (b) Built-in Loss (as defined in Section 382(h)(3)). This formulaic limitation under Section 382 can severely restrict the ability to use pre-change losses because the value of the equity of a distressed company may be quite low.

35.    The limitations imposed by Section 382 in the context of a change in ownership through a confirmed chapter 11 plan, however, are significantly more relaxed than those applicable outside chapter 11.  Pursuant to Section 382(l)(5), a corporation that has not previously had an ownership change is not subject to the limitations imposed by Section 382 with respect to an ownership change resulting from consummation of a chapter 11 plan, provided that under the plan, the debtor's pre-change shareholders (*i.e.*, persons or entities who owned the debtor's stock immediately before the relevant ownership change) and/or Qualified Creditors emerge from the reorganization owning at least 50% of the total value and voting power of the debtor's stock immediately after the ownership change. IRC § 382(l)(5)(A).  Under section 382(l)(5)(E) of the

IRC and section 1.382-9 of the Treasury Regulations, a creditor whose claim is exchanged for stock under a chapter 11 plan is a "Qualified Creditor" for Section 382 purposes if such claim either (i) has been owned by such creditor for 18 or more months prior to the date of filing of the bankruptcy petition or (ii) arose in the ordinary course of the Debtors' business and was at all times beneficially owned by such creditor. Creditors may also be classified as "Qualified Creditors," despite not satisfying the continuous ownership requirements under either (i) or (ii) of the preceding sentence, if such creditors meet the criteria set forth in the de minimis rule described below.

36.     Under Section 1.382-9(d)(3) of the Treasury Regulations, commonly referred to as the "de minimis rule," the debtor may, for purposes of the L5 Exception, "treat indebtedness as always having been owned by the beneficial owner of the indebtedness immediately before the ownership change if the beneficial owner is not, immediately after the ownership change, either a 5 percent shareholder or an entity through which a 5 percent shareholder owns an indirect ownership interest" in the corporation. Such a claimholder will always be regarded as a Qualifying Creditor under the L5 Exception unless the particular claim(s) that it holds both (a) did not arise in the ordinary course of the Debtor's business and (b) were not outstanding for 18 months prior to the filing of the bankruptcy petition.

37.     Even if it is ultimately determined that the L5 Exception is unavailable to the Debtors, it is in the best interests of the Debtors and their estates to monitor and restrict equity trading which could result in an ownership change prior to consummation of a plan of reorganization for at least two reasons. First, an ownership change must occur pursuant to consummation of the plan for the Debtors to qualify for the Section 382 bankruptcy relief provision, the favorable valuation rule of Section 382(l)(6). Specifically, Section 382(l)(6)

provides that if a corporation undergoes an ownership change pursuant to a plan of reorganization in chapter 11 and Section 382(l)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then under Section 382(l)(6), the appropriate value of the Debtors for purposes of calculating the Section 382 limitation shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' claims in the transaction.   Assuming the value of the Debtors increases as a result of the reorganization, Section 382(l)(6) will provide for a higher annual limitation than would result under the general rules of Section 382 and preserve the Debtors' ability to use a greater portion of their Tax Attributes to offset any post-change income.   Second, preventing an ownership change prior to the effective date of a plan of reorganization will also benefit the estates by ensuring that the reorganized Debtors will have the full benefit of their Tax Attributes to offset any income arising on or prior to the effective date of the chapter 11 plan.   Thus, in all circumstances, it is in the best interests of the Debtors and their estates to grant the requested relief to prevent an ownership change prior to consummation of a plan of reorganization.

38.   In short, this Motion seeks to address the potential issue occurring if, prior to the Debtors' emergence from chapter 11, too many equity holders transfer their equity interests or claim worthless stock deductions, such dispositions or claims may, individually or in the aggregate, trigger an ownership change.   The risk of losing the ability to use even a portion of their Tax Attributes as a result of the ownership change means the Debtors need the ability to monitor, and possibly object to, changes in ownership of Lordstown Common Stock and Lordstown Preferred Stock.   The procedures will enable the Debtors to preserve flexibility in (a) operating their business during the pendency of these Chapter 11 Cases and (b) successfully prosecuting these Chapter 11 Cases.

## RESERVATION OF RIGHTS

39.     The Debtors reserve all rights.  Without limiting the generality of the foregoing, nothing contained herein is or should be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND IRREPARABLE HARM

40.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one days after filing the petition.  Fed. R. Bankr. P. 6003(b).  The Debtors respectfully submit that Bankruptcy Rule 6003 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates.  Notwithstanding the foregoing, even if the

Court were to find that Bankruptcy Rule 6003 applied to this Motion, the relief requested herein satisfies the "immediate and irreparable harm" standard.

41.     Here, immediate and irreparable harm would result without the relief requested herein.  As discussed herein, the Tax Attributes are valuable assets of the Debtors' estates. In addition, once a Tax Attribute is limited under Section 382 or Section 383 of the IRC, its use is limited forever.  The requested relief is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm which could be caused by unrestricted trading in equity securities in the Debtors and the Debtors' resulting inability to offset taxable income with the Tax Attributes.  Absent the requested relief, such trading could occur at any time. For these reasons, the Debtors submit that the relief requested in the Interim Order is essential to prevent immediate and irreparable harm to the Debtors' operations and preserve the ongoing value of the Debtors' business and thus stakeholder recoveries.  By this Motion, the Debtors seek to implement procedures that would protect against such irreparable harm.  Accordingly, to the extent that Bankruptcy Rule 6003 applies to the relief requested herein, it does not require the Court to wait twenty-one days before entering the Interim Order.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

42.     Bankruptcy Rule 6004(a) establishes notice requirements for a debtor's proposed use, sale, or lease of property other than cash collateral, and Bankruptcy Rule 5004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  The Debtors respectfully submit that Bankruptcy Rule 6004 does not apply to the relief requested herein because the Debtors are not, by this Motion, seeking to use, sell, or lease property of their estates.  Nevertheless, the Debtors respectfully request a finding that (x) the notice

requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy

Rule 6004(h) is waived. Such finding—to the extent such notice requirements and stay apply—is

warranted here because the protection of the Debtors' Tax Attributes is essential to prevent

potentially irreparable harm to the Debtors' business and ability to maximize value for

stakeholders.

## NOTICE

43.     Notice of this Motion has been provided to the following parties, or, in lieu thereof,

their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured

claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the

Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware;

(vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such

other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) current Substantial

Shareholders; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule

2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient

and no other or further notice need be provided.

## NO PRIOR REQUEST

44.     No previous request for the relief sought herein has been made by the Debtors to

this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court grant the relief requested in this Motion, the Interim Order, the Final Order, and such other

and further relief as is just and proper.

Dated: June 27, 2023

Respectfully submitted,

/s/ *Amanda R. Steele*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. [●]** |

**INTERIM ORDER (A) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR
TRADING IN EQUITY SECURITIES IN THE DEBTORS
AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 362(a) and 541 of the Bankruptcy Code, establishing notification and hearing procedures that must be satisfied before certain transfers of equity securities in the Debtors or of any beneficial interests therein, including Options to acquire such equity securities are deemed effective and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and the upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Any postpetition purchase, sale, or other transfer of equity interests in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

3.      The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4.      The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"):

    a)  Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

    b)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with

this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

c) At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-2** attached hereto, of the intended transfer of equity securities;

d) At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lordstown Common Stock or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e) The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f) For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[3] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[4] and (B) "**Beneficial Ownership**" (or any variation

---

[3]    Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[4]    Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.    The following procedures shall apply to claims for tax purposes that shares of Lordstown Common Stock or Lordstown Preferred Stock are worthless:

a)    Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)    At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of the equity (including Options to acquire such securities, as defined below) in Lordstown Common Stock or Lordstown Preferred Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

d)    The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If

the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court.  If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

e) For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6.    The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

7.    The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as **Exhibit A-6** ("**Notice of Order**") on the following parties:  (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) all registered and record holders of Lordstown Common Stock and Lordstown Preferred Stock (with instructions

for any banks, brokers or other agents to forward the materials to the beneficial holders of Lordstown Common Stock or Lordstown Preferred Stock); and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  In addition, the Debtors shall, within four (4) business days of entry of this Order, file a form 8-K with the Securities and Exchange Commission attaching the Notice of Order as an exhibit.  Moreover, the Debtors shall cause the Procedures to be posted on the website established by Kurtzman Carson Consultants LLC, as claims and noticing agent for these chapter 11 cases (which website address shall be identified in the Notice of Order).

8.     The Notice of Order is deemed adequate and sufficient to alert all known shareholders of the Procedures.

9.     All registered holders of Lordstown Common Stock and Lordstown Preferred Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered holder holds such Lordstown Common Stock or Lordstown Preferred Stock down the chain of ownership for all such holders of Lordstown Common Stock or Lordstown Preferred Stock.  Any person or entity or broker or agent acting on such person or entity's behalf who sells at least 4.50% of all issued and outstanding units of Lordstown Common Stock or at least 4.50% of all issued and outstanding units of Lordstown Preferred Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Lordstown Common Stock or Lordstown Preferred Stock or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.

10.     The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

11.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

12.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

13.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

14.     The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15.     This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

7

17.     The deadline by which objections to entry of a final order on the Motion must be filed is _____, 2023 at _____ __.m. (Eastern Time) (the "**Objection Deadline**").  The Final Hearing, if required, will be held on _____, 2023 at _____ __.m. (Eastern Time).

**<u>EXHIBIT A-1</u>**

**Notice of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a Substantial Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Interim Order**")).  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock (as defined herein and in the Interim Order).  The following

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding  Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606

Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By:            _____

Name:          _____

Title:         _____
Address:       _____

Telephone:     _____

Facsimile:     _____
Date:          _____

## **EXHIBIT A-2**

**Notice of Intent to Acquire Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

### NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Interim Order**")), or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the Court and served copies thereof on Debtors' counsel.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding  Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order

3

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By: _____
Name: _____
Title: _____
Address: _____

Telephone: _____
Facsimile: _____
Date: _____

4

**<u>EXHIBIT A-3</u>**

**Notice of Intent to Transfer Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

## NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Lordstown Preferred Stock  or Lordstown Common Stock (as defined herein and in the *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Interim Order**")), or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the Court and served copies thereof on Debtors' counsel.

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]       For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**")  (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding  Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise transfer [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

3

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By: _____

Name: _____

Title: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

## EXHIBIT A-4

**Notice of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | |
| | **Re:  Docket No. [●]** |

<u>**NOTICE OF STATUS AS A 50% SHAREHOLDER**</u>[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a 50% Shareholder

with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in

the *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities*

*in the Debtors and (b) Granting Other Related Relief* (the "**Interim Order**")).  Lordstown Motors

Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States

Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or has had Beneficial Ownership of 50% or more of Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

2

heath@rlf.com
steele@rlf.com
madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By: _____

Name: _____

Title: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

## **EXHIBIT A-5**

**Notice of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re: Docket No. [●]** |

### <u>NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to Lordstown Preferred Stock  or Lordstown Common Stock (as defined herein and in the *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Interim Order**")), or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Worthlessness Claim**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**"),

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or has had Beneficial Ownership of 50% or more of Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock  or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock became worthless during the tax year ending [●].

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

---

its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in the Notice.

3

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned claiming a worthless stock deduction with respect to its shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____

Name:        _____

Title:       _____

Address:     _____

Telephone:   _____

Facsimile:   _____

Date:        _____

4

## EXHIBIT A-6

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

**NOTICE OF INTERIM ORDER (A) ESTABLISHING
NOTICE AND HEARING PROCEDURES FOR TRADING EQUITY
SECURITIES IN THE DEBTORS AND (B) GRANTING OTHER RELATED RELIEF**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:

PLEASE TAKE NOTICE that on [●], 2023 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**"), commenced a case under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy Code**"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for trading in equity securities in the Debtors (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an *Interim Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other*

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*Related Relief* approving the procedures set forth below in order to preserve the Debtors' Tax

Attributes (as defined in the Motion) (the "**Interim Order**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, the following

procedures shall apply to holding and trading in equity securities in the Debtors:

1.     Any postpetition purchase, sale, or other transfer of equity interest in the Debtors

in violation of the procedures set forth herein (including the notice requirements) shall be null and

void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the

Bankruptcy Code, subject to further order of the Court.

2.     The following procedures shall apply to trading in issued and outstanding Class A

common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A

convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"):

    a)    Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

    b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

    c)    At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-2** attached hereto, of the intended transfer of equity securities;

    d)    At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lordstown Common Stock (as defined below) or

Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e) The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f) For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[2] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[3] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless

---

[2]    Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[3]    Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

of whether it is contingent or otherwise not currently exercisable.

3.    The following procedures shall apply to claims for tax purposes that shares of

Lordstown Common Stock or Lordstown Preferred Stock are worthless:

    a)  Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

    b)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit A-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

    c)  At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit A-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

    d)  The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

    e)  For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock  and Options to acquire Lordstown Common Stock or Lordstown

Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that forms of each of the required notices described above and copies of the Procedures are available at the following website maintained by Kurtzman Carson Consultants LLC: kccllc.net/lordstown.  Upon the request of any person, counsel to the Debtors, Andrea Kropp, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, andrea.kropp@whitecase.com, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that a copy of the Interim Order may be obtained via PACER on the Court's website at https://www.pacer.gov/login.html for a fee, or free of charge by accessing the Debtors' restructuring website at kccllc.net/lordstown.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY POSTPETITION PURCHASE, SALE, OR OTHER TRANSFER OF EQUITY SECURITIES IN THE DEBTORS OR OF ANY BENEFICIAL INTERESTS THEREIN, INCLUDING OPTIONS TO ACQUIRE SUCH EQUITY SECURITIES, IN VIOLATION OF THE PROCEDURES SET FORTH HEREIN (INCLUDING THE NOTICE REQUIREMENTS) SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN**

**VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 362 AND 105(A) OF THE BANKRUPTCY CODE, SUBJECT TO FURTHER ORDER OF THE BANKRUPTCY COURT, AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

PLEASE TAKE FURTHER NOTICE that any objections to the final relief requested in the Motion must be filed with the Court and served on counsel for the Debtors no later than [●], 2023 at 4:00 p.m. (prevailing Eastern Time).  The final hearing with respect to the Motion shall be held on [●], 2023 at [●].

Dated: [●], 2023

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application
pending)
Matthew C. Brown (*pro hac vice* application
pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application
pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application
pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. [●]** |

**FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING
PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS
AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 362(a) and 541 of the Bankruptcy Code establishing notification and hearing procedures that must be satisfied before certain transfers of equity securities in the Debtors or of any beneficial interests therein, including Options to acquire such equity securities, are deemed effective and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. Any postpetition purchase, sale, or other transfer of equity interests in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

3. The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4. The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock")** and Series A convertible preferred stock issued by Lordstown Motors Corp. **("Lordstown Preferred Stock**"):

   a) Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

   b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with

this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

c)   At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of equity securities;

d)   At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e)   The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f)   For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[3] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date,

---

[3]    Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

approximately 13,500 shares)[4] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock  and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The following procedures shall apply to claims for tax purposes that shares of

Lordstown Common Stock or Lordstown Preferred Stock are worthless:

a)   Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)   Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)   At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock  or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

---

[4]      Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

4

d) The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

e) For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6.      The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

7.      The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as **Exhibit B-6** ("**Notice of Order**") on the following parties: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware;

(vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) all registered and record holders of Lordstown Common Stock and Lordstown Preferred Stock (with instructions for any banks, brokers or other agents to forward the materials to the beneficial holders of Lordstown Common Stock and Lordstown Preferred Stock); and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  In addition, the Debtors shall, within four (4) business days of entry of this Order, file a form 8-K with the Securities and Exchange Commission attaching the Notice of Order as an exhibit.  Moreover, the Debtors shall cause the Procedures to be posted on the website established by Kurtzman Carson Consultants LLC, as claims and noticing agent for these chapter 11 cases (which website address shall be identified in the Notice of Order).

8.      The Notice of Order is deemed adequate and sufficient to alert all known shareholders of the Procedures.

9.      All registered holders of Lordstown Common Stock and Lordstown Preferred Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered holder holds such Lordstown Common Stock or Lordstown Preferred Stock down the chain of ownership for all such holders of Lordstown Common Stock or Lordstown Preferred Stock.

10.     Any person or entity or broker or agent acting on such person or entity's behalf who sells at least 4.50% of all issued and outstanding units of Lordstown Common Stock or at least 4.50% of all issued and outstanding units of Lordstown Preferred Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Lordstown Common Stock or Lordstown Preferred Stock or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.

6

11.     The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

12.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

13.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

14.     The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15.     This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**EXHIBIT B-1**

**Notice of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

### NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a Substantial Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

heath@rlf.com
steele@rlf.com
madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By:           _____
Name:         _____
Title:        _____
Address:      _____

Telephone:    _____
Facsimile:    _____
Date:         _____

**<u>EXHIBIT B-2</u>**

**Notice of Intent to Acquire Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")), or an Option with respect thereto (as defined herein and in the Final Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**"),

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein,

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock  or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock . If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

2

the best of its knowledge and belief, this Notice and any attachments which purport to be part of

this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being

(a) filed with the Court and (b) served upon counsel to the Debtors, at:

| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
|---|---|
| Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com | Thomas E Lauria<br>Matthew C. Brown<br>Fan B. He<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner<br>Doah Kim<br>RJ Szuba<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com |

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt

of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection,

such Proposed Transfer will not be effective unless approved by a final and nonappealable order

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____

Telephone: _____
Facsimile: _____
Date:      _____

4

## **EXHIBIT B-3**

**Notice of Intent to Transfer Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-[_____] ( ) |
| Lordstown Motors Corp., *et al.*,[1] | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

**NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN
EQUITY INTEREST**

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Lordstown Preferred Stock  or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the Court and served copies thereof on Debtors' counsel.

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock  or Lordstown Preferred Stock) shall

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise transfer [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] of Lordstown Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being

(a) filed with the Court and (b) served upon counsel to the Debtors, at:

| RICHARDS, LAYTON & FINGER, P.A. | WHITE & CASE LLP |
|---|---|
| Kevin Gross (No. 209) | Thomas E Lauria |
| Daniel J. DeFranceschi (No. 2732) | Matthew C. Brown |
| Paul N. Heath (No. 3704) | Fan B. He |
| Amanda R. Steele (No. 5530) | 200 South Biscayne Boulevard, Suite 4900 |
| Jason M. Madron (No. 4431) | Miami, FL 33131 |
| One Rodney Square | Telephone: (305) 371-2700 |
| 920 N. King Street | tlauria@whitecase.com |
| Wilmington, DE 19801 | mbrown@whitecase.com |
| Telephone: (302) 651-7700 | fhe@whitecase.com |
| Facsimile: (302) 651-7701 | David M. Turetsky |
| gross@rlf.com | 1221 Avenue of the Americas |
| defranceschi@rlf.com | New York, NY 10020 |
| heath@rlf.com | Telephone: (212) 819-8200 |
| steele@rlf.com | david.turetsky@whitecase.com |
| madron@rlf.com | Jason N. Zakia |
| | 111 South Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | Roberto Kampfner |
| | Doah Kim |
| | RJ Szuba |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 620-7700 |
| | rkampfner@whitecase.com |
| | doah.kim@whitecase.com |
| | rj.szuba@whitecase.com |

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt

of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection,

such Proposed Transfer will not be effective unless approved by a final and nonappealable order

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such

period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____

Name:        _____

Title:       _____

Address:     _____

Telephone:   _____

Facsimile:   _____

Date:        _____

# **EXHIBIT B-4**

**Notice of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | |
| | (Joint Administration Requested) |
| Debtors. | |
| | **Re: Docket No. [●]** |

<u>**NOTICE OF STATUS AS A 50% SHAREHOLDER**</u>[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a 50% Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors, and (b) Granting Other Related Relief* (the "**Final Order**")). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

2

heath@rlf.com
steele@rlf.com
madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By:             _____

Name:           _____

Title:          _____

Address:        _____

Telephone:      _____

Facsimile:      _____

Date:           _____

## **EXHIBIT B-5**

**Notice of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | (Joint Administration Requested) |
| Debtors. | **Re:  Docket No. [●]** |

<u>**NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**</u>

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Worthlessness Claim**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or has had Beneficial Ownership of 50% or more of Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock became worthless during the tax year ending [●].

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

---

its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in the Notice.

3

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned claiming a worthless stock deduction with respect to its shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:            _____

Name:          _____

Title:         _____

Address:       _____

Telephone:     _____

Facsimile:     _____

Date:          _____

4

**<u>EXHIBIT B-6</u>**

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-[_____] ( ) |
| | |
| Debtors. | (Joint Administration Requested) |
| | |
| | **Re:  Docket No. [●]** |

**NOTICE OF FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING**
**PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS**
**AND (B) GRANTING OTHER RELATED RELIEF**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:

PLEASE TAKE NOTICE that on [●], 2023 (the "**Petition Date**"), the above-captioned

debtors and debtors-in-possession (the "**Debtors**"), commenced a case under chapter 11 of title 11

of the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy Code**"). Subject

to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain

possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise

control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtors filed a motion

seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for

trading in equity securities in the Debtors (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on [●], 2023, the United States Bankruptcy

Court for the District of Delaware (the "**Court**") entered a *Final Order (a) Establishing Notice*

---

[1]        The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors
Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address
is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the following procedures shall apply to holding and trading in equity securities in the Debtors:

1.     Any postpetition purchase, sale, or other transfer of equity interest in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void ab initio as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

2.     The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"):

a)  Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)  Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

c)  At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock  beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of equity securities;

d)  At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result

in a decrease in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock  beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e)   The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court.  If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f)   For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[2] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock  (equal to, as of the Petition Date, approximately 13,500 shares)[3] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock  and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt,

---

[2]   Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[3]   Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.     The following procedures shall apply to claims for tax purposes that shares of Lordstown Common Stock or Lordstown Preferred Stock are worthless:

a)   Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)   Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)   At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock  or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

d)   The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court.  If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

e)   For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown

4

Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that forms of each of the required notices described above and copies of the Procedures are available at the following website maintained by Kurtzman Carson Consultants LLC: kccllc.net/lordstown.  Upon the request of any person, counsel to the Debtors, Andrea Kropp, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, andrea.kropp@whitecase.com, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that a copy of the Interim Order may be obtained via PACER on the Court's website at https://www.pacer.gov/login.html for a fee, or free of charge by accessing the Debtors' restructuring website at kccllc.net/lordstown.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY POSTPETITION PURCHASE, SALE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS OR OF ANY BENEFICIAL INTERESTS THEREIN, INCLUDING OPTIONS TO ACQUIRE SUCH EQUITY SECURITIES, IN VIOLATION OF THE PROCEDURES SET FORTH HEREIN (INCLUDING THE NOTICE REQUIREMENTS) SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN**

**VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 362 AND 105(A) OF THE BANKRUPTCY CODE, SUBJECT TO FURTHER ORDER OF THE BANKRUPTCY COURT, AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: [●], 2023

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*