## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | Joint Administration Pending |
| | **Related Docket No. 5** |

### LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER CONFIRMING, RESTATING, AND ENFORCING THE AUTOMATIC STAY [ECF 5]

Karma Automotive LLC, a California limited liability company ("Karma"), by and through its undersigned counsel, submits this limited objection ("Objection") to Debtor's Motion For Order Confirming, Restating, and Enforcing the Automatic Stay [ECF 5] ("Automatic Stay Motion").  In support of its Objection, Karma respectfully states as follows:

### INTRODUCTION

1.       Despite being omitted from the Debtor's List of 30 Largest Creditors [ECF 1], Karma is the largest creditor of Debtor's estate by virtue of its damages claim in excess of **$900 Million** asserted in now-stayed litigation against Debtor in the United States District Court for the Central District of California ("District Court"), Case No. 20-cv-02104 ("District Court Case"). More specifically, Karma seeks damages (plus fees, costs, and punitive damages) and injunctive relief against Debtor and certain individual defendants based on claims including willful and malicious misappropriation of Karma's trade secrets (including the source code for Karma's electric vehicle "infotainment system"), violation of the computer fraud and abuse act, and breach of contract.  Debtor is now using its bankruptcy to stay the entirety of the District Court Case –

---

[1]       The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

including against third party defendants – in furtherance of its attempts to sell Karma's misappropriated trade secrets prior to resolution of Karma's well-documented claims.

## BACKGROUND

2.      As of 2019, Debtor had yet to finalize a working vehicle for sale to the public, was under increasing scrutiny for its failure to do so, and became subject to an investigation by the Securities and Exchange Commission for misrepresentations about alleged "pre-orders" for its products.[2]

3.      Faced with pressure from investors, regulatory authorities, and the general public about its significant development and production delays – including with respect to its "infotainment system" - Debtor decided to take a shortcut and steal Karma's trade secrets.  By doing so, Debtor hoped to avoid—in the words of its own executives—hundreds of millions of dollars in costs, and months if not years of development time.  Discovery obtained by Karma in the District Court Case demonstrates that Debtor stole, among other things, Karma's source code and subsequently incorporated it into Debtor's infotainment system source code for the Endurance electric pickup truck, which Debtor began to sell in the fourth quarter of 2022.  Debtor also stole, *inter alia*, hundreds of highly confidential technical system requirement documents that they copied word-for-word and later passed off to third parties as their own.

4.      After nearly three years of contentious litigation, discovery involving millions of documents, more than 50 depositions, and dozens of pretrial motions, the District Court had set a multi-week jury trial to commence in April of this year.  Due to health issues with one of the Debtor's expert witnesses, the trial was reset to commence on September 5, 2023.

---

[2]   Debtor is now subject to an SEC investigation and a litany of securities class actions and stockholder derivative lawsuits.  *See* Debtor's First Day Declaration [ECF 15, ¶¶ 54-57].

5.      On June 27, 2023, Debtor filed the attached Suggestion of Bankruptcy and Notice of Automatic Stay ("Suggestion of Bankruptcy") in the District Court Litigation.  *See* **Exhibit A**. In it, the Debtor asserts that the automatic stay also applies to the third party, nondebtor, individual defendants in the District Court Action.  Specifically, Debtor's Suggestion of Bankruptcy states:

> The Debtors have an obligation to indemnify and defend its current and former directors and officers, including some or all of the individually named defendants in this action, (together the "Indemnified Defendants"), in any action or proceeding arising from their position with [Debtor].  Accordingly, any action against the Indemnified Defendants constitutes an "act to obtain" property of the Debtors' estates, including proceeds of the Debtors' shared liability insurance coverage, and is subject to the Automatic Stay.  *See A.H. Robins,* 788 F.2d at 1001-02….

6.      Based in part on the Debtor's representations that the automatic stay applies to third party nondebtors, the District Court convened a telephonic status hearing on June 27, 2023 and orally stayed the entirety of the District Court against all defendants – including nondebtor defendants.

7.      Through the filing of the Automatic Stay Motion, Debtor now seeks entry of a vague comfort order regarding the terms and scope of the automatic stay.

## ARGUMENT

8.      Debtor purports to rely on *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001-02, (4th Cir. 1986) in support of its position that the automatic stay protects nondebtors based on the possibility that such nondebtors may possess indemnification claims against the Debtor or that the Debtor may possess relevant liability insurance.  However, this Court has already rejected this position in *JNA-1 Corp. v. Uni-Marts, LLC (In re Uni-Marts, LLC)*, 404 B.R. 767 (Bankr. D.Del. 2009) (J. Walrath) in holding:

> In general, only the debtor is afforded the protections of the automatic stay under section 362 of the Bankruptcy Code; conversely, third-parties do not receive the protection of the automatic stay. *Ochs v. Lipson (In re First Cent. Fin. Corp.)*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999).  "As a consequence, it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be

invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the debtor." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509-10 (3d Cir.1997) (citations and quotations omitted).

Nevertheless, courts may extend the automatic stay to non-debtor third-parties if "unusual circumstances" are present. *Id*. at 510.  The Court of Appeals for the Fourth Circuit, in the seminal case on the issue, explained:

> [t]his "unusual situation," it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.

*A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986).

*Uni-Marts*, 404 B.R. at 780.

As such, the Court concluded the burden was on the debtor and the nondebtor defendant to seek affirmative relief from the Bankruptcy Court extending the automatic stay and justify the "unusual circumstances" with respect to same.

9.     Here, Debtor undoubtedly intends to use the Automatic Stay Motion to obtain an order which Debtor can use to create further confusion regarding the scope of the automatic stay to further hinder and delay Karma and other creditors from pursuing pending claims against nondebtors.

*[This portion of page intentionally left blank.]*

**WHEREFORE**, Karma respectfully requests that the Court require the Debtor to amend the proposed order for the Automatic Stay Motion to affirmatively state that the automatic stay does not apply to third party nondebtors and to require the Debtor amend the Suggestion of Bankruptcy to correct its prior misrepresentations regarding the scope of the automatic stay.

Dated:  June 28, 2023
Wilmington, Delaware

Respectfully submitted,

/s/ *William E. Chipman, Jr.*

**CHIPMAN BROWN CICERO & COLE, LLP**
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
        olivere@chipmanbrown.com

**SEYFARTH SHAW LLP**
Michael D. Wexler
James B. Sowka (admitted *pro hac vice*)
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Email: mwexler@seyfarth.com
        jsowka@seyfarth.com

Jesse M. Coleman (admitted *pro hac vice*)
700 Milam Street, Suite 1400
Houston, TX 77002-2797
Telephone: (713) 225-2300
Email: jcoleman@seyfarth.com