# **EXHIBIT A**

THOMAS R. LUCCHESI (*admitted pro hac vice*)
tlucchesi@bakerlaw.com
TERRY M. BRENNAN (*admitted pro hac vice*)
tbrennan@bakerlaw.com
ANTHONY B. PONIKVAR (*admitted pro hac vice*)
aponikvar@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower, 127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740

RYAN D. FISCHBACH (SBN 204406)
rfischbach@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:  (310) 820-8800
Facsimile:  (310) 820-8859

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMA AUTOMOTIVE LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LORDSTOWN MOTORS CORP., an Ohio corporation; STEVE BURNS, an individual, JOHN LEFLEUR, an individual, DARREN POST, an individual, RICH SCHMIDT, an individual, ROGER J. DURRE, an individual, HONG XIN HUAN (A.K.A. "GEORGE" HUAN), an individual, BEI QIN, an individual, STEPHEN PUNAK, an individual, CHRISTOPHER KIM, an individual, DAN ZHIHONG HUANG, an individual, PUNAK ENGINEERING, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 8:20-cv-02104-JVS-DFM<br><br>**DEFENDANT LORDSTOWN MOTORS CORP.'S SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**<br><br>Complaint Filed: October 30, 2020<br><br>Trial Date: September 5, 2023 |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 26, 2023 (the "Petition Date"), Defendant Lordstown Motors Corp. and certain of its affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which chapter 11 cases are being jointly administered under case number 23-10831 (the "Chapter 11 Cases"). A true and correct copy of the Notice of Bankruptcy Case Filing is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy Code, the commencement of the chapter 11 cases operates as a stay (the "Automatic Stay") applicable to all of the Debtors of, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). As such, prosecution of any and all claims asserted against LMC in the above-captioned action, including all pre-petition discovery, is subject to the Automatic Stay.

PLEASE TAKE FURTHER NOTICE that the Automatic Stay also protects property of the Debtors' estates, as defined by section 541(a) of the Bankruptcy Code, by prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* § 362(a)(3); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986) ("Subsection (a)(3) directs stays of any action, whether against the debtor or third-parties, to obtain possession or to exercise control over property of the debtor." (emphasis in original)). The Debtors have an obligation to indemnify and defend its current and former directors and officers, including some or all of the

individually named defendants in this action, (together, the "Indemnified Defendants"), in any action or proceeding arising from their positions with LMC. Accordingly, any action against the Indemnified Defendants constitutes an "act to obtain" property of the Debtors' estates, including proceeds of the Debtors' shared liability insurance coverage, and is subject to the Automatic Stay. *See A.H. Robins*, 788 F.2d at 1001–02 ("[A]ctions 'related to' the bankruptcy proceedings against the insurer or against officers or employees of the debtor who may be entitled to indemnification . . . or who qualify as additional insureds under the policy are to be stayed under section 362(a)(3).").

PLEASE TAKE FURTHER NOTICE that actions taken in violation of the Automatic Stay are void and may subject the person or entity taking such action to the imposition of sanctions by the Bankruptcy Court.

If you have any questions regarding this notice, please contact the undersigned.

Dated:   June 26, 2023           Respectfully Submitted,

**BAKER & HOSTETLER LLP**

By:   */s/ Scott C. Holbrook*
        Scott C. Holbrook *(Pro Hac Vice)*

*Attorneys for Defendants*
LORDSTOWN MOTORS CORP., *et al.*