**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 4** |

**ORDER APPOINTING KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS
AND NOTICING AGENT EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Section 156(c) Application**")[2] of the Debtors for entry of an order (this "**Order**") appointing Kurtzman Carson Consultants LLC ("**KCC**") as claims and noticing agent in the Debtors' Chapter 11 Cases (the "**Claims and Noticing Agent**") effective as of the Petition Date, to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases, and (c) provide such other administrative services as required by the Debtors that would fall within the purview of services to be provided by the Clerk's office, as more fully set forth in the Section 156(c) Application, and the Court having found that it has jurisdiction to consider the Section 156(c) Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Section 156(c) Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Section 156(c) Application.

RLF1 29227246v.1

pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Section 156(c) Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Section 156(c) Application (the "**Hearing**"); and upon consideration of the Gershbein Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Section 156(c) Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Section 156(c) Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Section 156(c) Application is GRANTED as set forth herein.

2. Notwithstanding the terms of the Services Agreement attached to the Section 156(c) Application, the Section 156(c) Application is granted solely as set forth in this Order.

3. The Debtors are authorized to retain KCC as the Claims and Noticing Agent in these Chapter 11 Cases, effective as of the Petition Date, under the terms of the Services Agreement, and KCC is authorized to perform the Claims and Noticing Services and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and perform all related tasks as set forth in the Section 156(c) Application.

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases, and is authorized to maintain the official Claims Register for the Debtors, to provide public access to every proof of

claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon request of the Clerk.

5. KCC is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. KCC is authorized to take such other actions as required to comply with all duties set forth in the Section 156(c) Application and this Order.

7. KCC shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

8. Without further order of this Court, the Debtors are authorized to compensate KCC in accordance with the terms and conditions of the Services Agreement, as may be modified by mutual agreement between the Debtors and KCC, upon receipt of reasonably detailed monthly invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. KCC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any statutory committee monitoring the expenses of the Debtors, and any party in interest that specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices, *provided* that parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, KCC's fees and expenses incurred in connection with the Claims and Noticing Services shall be an administrative expense of the Debtors' chapter 11 estates.

12. KCC may first apply its retainer to all prepetition invoices and, thereafter, have the retainer replenished to the original retainer amount and, thereafter, to hold the retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

13. The Debtors are authorized to indemnify the Indemnified Parties (as defined in the Services Agreement) under the terms of the Services Agreement, subject to the following modifications.

   (a) The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the Claims and Noticing Services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

   (b) Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified; and

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Indemnified Parties believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including without limitation the

advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

14. In the event the Indemnified Parties are unable to provide the Claims and Noticing Services, the Indemnified Parties shall immediately notify the Clerk and Debtors' counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtors' counsel.

15. The Debtors may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by the Indemnified Parties but are not specifically authorized by this Order.

16. KCC shall not cease providing claims processing services during these Chapter 11 Cases for any reason, including nonpayment, without an order of the Court authorizing KCC to do so.

17. Notice of the Section 156(c) Application shall be deemed good and sufficient notice of such application.

18. In the event of any inconsistency between the Services Agreement, the Section 156(c) Application, and this Order, this Order shall govern.

19. The Debtors are authorized and empowered to execute and deliver any such documents and to take and perform all actions necessary to implement and effectuate relief granted in this Order.

20. The requirements set forth in Local Rule 9013-1(b) are satisfied.

21. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

22. The Debtors are authorized to enforce the terms of this Order.

23. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: June 28th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

6

RLF1 29227246v.1