IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 13 |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) MAINTAIN THEIR EXISTING WARRANTY PROGRAMS AND (II) HONOR CERTAIN CUSTOMER OBLIGATIONS AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 363, 1107, and 1108 of the Bankruptcy Code, and Rules 6003 and 6004 of the Bankruptcy Rules, (a) authorizing, but not directing, the Debtors to maintain their existing Warranty Programs and honor certain customer obligations, and (b) granting other related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Effective as of the Petition Date, the Debtors are authorized, but not directed, to honor Customer Obligations, including (a) to maintain and administer their Warranty Programs and to continue to honor obligations under the Warranty Programs, regardless of when accrued, and continue the Warranty Programs in the ordinary course of business; and (b) honor any undisputed prepetition obligations to refund the Deposits, in their discretion, and in the ordinary course of business, not to exceed $165,000, without further application to the Court.

3. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4. All applicable banks and financial institutions (collectively, the "**Banks**") and third-party intermediaries ("**Intermediaries**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Payment of the Customer Obligations, whether such Payments were submitted before, on, or after

the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments.

5. Each of the Banks and Intermediaries are authorized to rely on any directions and representations of the Debtors as to which Payments should be honored and paid in respect of the Customer Obligations pursuant to the Motion and this Order, and any such Bank and Intermediary shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order.

6. The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including authorized to work with third-party intermediaries to fund transfers, which may have been inadvertently dishonored or rejected.

7. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any of the Warranty Programs.

8. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting

3

third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Customer Obligations pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Customer Obligations allegedly due or owing to any customer, and all of the Debtors' rights with respect thereto are hereby reserved.

9. The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

11. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

12. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

13. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

14. The deadline by which objections to entry of a final order on the Motion must be filed is **July 20, 2023 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"). The Final Hearing, if required, will be held on July 27, 2023 at 9:30 a.m. (Eastern Time).

Dated: June 28th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

AMERICAS 102609309  
RLF1 29227528v.1