# EXHIBIT B

**Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 9** |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS, (B) CONFIRMING ADMINISTRATIVE EXPENSE PRIORITY STATUS FOR OUTSTANDING PREPETITION PURCHASE ORDERS, AND (C) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 363(b), and 503 of the Bankruptcy Code, and Rules 6003 and 6004 of the Bankruptcy Rules, (a) authorizing, but not directing, the Debtors to pay the prepetition Critical Vendor Claims in the ordinary course, (b) confirming the administrative expense priority status for Outstanding Orders, as more fully set forth in the Motion, and (c) granting other related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 503(b)(9) of the Bankruptcy Code, in their sole discretion and in the ordinary course of business, to pay the Critical Vendor Claims in full; *provided* that the Debtors are authorized, but not directed, to pay only amounts due and payable as of the Petition Date and amounts that are or become due and payable between the Petition Date and the date that a final order on the Motion is entered, in an amount not to exceed $1,372,000, unless otherwise ordered by this Court; *provided, further*, that the Debtors are authorized, but not directed, to require as a condition to payment hereunder, that such Critical Vendors (i) agree to maintain or reinstate Customary Trade Terms or such other terms satisfactory to the Debtors' in their business judgment or (ii) execute a Trade Agreement substantially in the form attached to the Motion as **Exhibit C**.

3. If any party accepts payment pursuant to this Order and thereafter does not continue to provide goods or services on Customary Trade Terms (regardless of whether a Trade Agreement

has been executed), then: (a) such payment may be deemed to be an improper postpetition transfer on account of a prepetition claim, and therefore, immediately recoverable by the Debtors in cash upon written request; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and any such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4. The undisputed obligations of the Debtors arising under the Outstanding Orders shall be afforded administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

5. The Debtors are authorized, but not directed, in their sole discretion, pursuant to section 363(c)(1) of the Bankruptcy Code, to pay in the ordinary course of their businesses all undisputed obligations arising from the postpetition delivery or shipment of goods or provision of services under the Outstanding Orders consistent with their customary past practice.

6. Nothing in the Motion or this Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

7. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. All applicable banks and financial institutions (collectively, the "**Banks**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Payment of the Critical Vendor Claims and the Outstanding Orders, whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments.

9. Each of the Banks is authorized to rely on any directions and representations of the Debtors as to which Payments should be honored and paid in respect of the Critical Vendor Claims and the Outstanding Orders pursuant to the Motion and this Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order.

10. The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

11. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing

herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order, (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Critical Vendor Claims or Outstanding Orders pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Critical Vendor Claims or Outstanding Orders allegedly due or owing to any Trade Creditor, and all of the Debtors' rights with respect thereto are hereby reserved.

12. The requirements set forth in Local Rule 9013-1(b) are satisfied.

13. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

14. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

17. The deadline by which objections to entry of a final order on the Motion must be filed is **July 20, 2023 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**"). The Final Hearing, if required, will be held on July 27, 2023 at 9:30 a.m. (Eastern Time)

Dated: June 28th, 2023　　　　　　　　　　　　MARY F. WALRATH
Wilmington, Delaware　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

5