IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 6** |

**INTERIM ORDER (A) AUTHORIZING, BUT NOT DIRECTING,
THE DEBTORS TO (I) PAY PREPETITION WAGES AND COMPENSATION;
(II) CONTINUE CERTAIN EMPLOYEE BENEFITS AND INCENTIVE PROGRAMS;
(III) CONTINUE CERTAIN HEALTH AND INSURANCE BENEFITS;
AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 363, 507(a), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors, in their sole discretion, to (i) pending entry of a Final Order, pay and/or otherwise honor, as applicable, Prepetition Employee Obligations, and (ii) pursuant to the Final Order, continue to honor and pay all other Prepetition Employee Obligations in the ordinary course of business during the Chapter 11 Cases, as more fully set forth in the Motion; and (b) granting other related relief, and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay and/or honor, in their sole discretion, the Prepetition Employee Obligations, including, but not limited to, potential future severance obligations, in an aggregate amount of no more than approximately $1.6 million (the "**Interim Amount**"); *provided, however*, that, during the Interim Period, no current or former Employee may receive payment on account of the Prepetition Employee Obligations of amounts in excess of the limits provided for by sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code pursuant to this Order, *except that* the Debtors are authorized, but not directed, during the Interim Period to honor all PTO obligations in the ordinary course of the Debtors' business *other than* termination or other cash pay for Paid Leave without regard to the Priority Cap.

| Prepetition Employee Obligations | |
|---|---|
| Category | Interim Order Amounts |
| **Compensation, Payroll, and Payroll Processing** | |
| Wages (net of withholding) | $600,000 |
| Severance | $141,500 |
| Payroll Services | $20,400 |
| Withholding Obligations | $84,000 |
| Payroll Taxes | $54,000 |
| **Employee Benefits & Incentive Programs** | |
| 401(k) Plan Match | $78,000 |
| 401(k) Plan Safe Harbor Payment | $120,000 |
| 401(k) Plan Administrative Fees | $6,000 |
| Reimbursable Expenses | $30,000 |
| Relocation Expenses | $30,000 |
| Paid Leave | $0 |
| **Health and Insurance Benefits** | |
| Health Benefits | $360,000 |
| Insurance Benefits | $36,000 |
| Other Health Benefits Programs | $33,000 |
| **TOTALS** | **$1,592,900** |

3. The Debtors are authorized, but not directed, in their sole discretion, to maintain, honor, and administer the Employee Benefits and Incentive Programs, Health and Insurance Benefits, and the Other Health Benefits Programs in the ordinary course of business and to pay any and all amounts due thereunder in the ordinary course of business without regard to the date that any such rights, benefits or obligations accrued (subject to the limitations set forth in ¶ 2 hereof); *provided*, *however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Prepetition Employee Obligation (including, policies, plans, programs, practices, and procedures) under section 365(a) of the Bankruptcy Code.

3

4. Nothing in this Order shall be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code. No payment to any Employee may be made pursuant to this Order to the extent that such payment is a transfer in derogation of section 503(c) of the Bankruptcy Code. For the avoidance of doubt, this Order does not implicitly or explicitly approve any bonus plan, incentive plan, or other plan to the extent subject to section 503(c) of the Bankruptcy Code.

5. The Debtors are authorized, but not directed, to pay all Withholding Obligations and unremitted Payroll Taxes as and when such obligations are due, in their sole discretion. The Debtors may remit any and all amounts withheld from Employees, including Social Security, FICA, federal and state income taxes, garnishments, health care payments, other insurance premiums, retirement fund withholding, and other types of withholding, whether these amounts relate to the period prior to the date of the Debtors' Chapter 11 Cases or subsequent thereto.

6. The Debtors are authorized, but not directed, in their sole discretion, to pay postpetition Board Fees in the ordinary course of business in accordance with prepetition practice.

7. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

8. All applicable banks and financial institutions (collectively, the "**Banks**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Prepetition Employee Obligations, whether such Payments were submitted before, on, or after the Petition Date, *provided* that

sufficient funds are on deposit in the applicable accounts to cover such Payments. Each of the Banks is authorized to rely on any directions and representations of the Debtors as to which Payments should be honored and paid in respect of the Prepetition Employee Obligations pursuant to the Motion and this Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Order. The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

9. Subject to section 503(c) of the Bankruptcy Code, the Debtors are otherwise authorized to manage their workforce and Employee compensation in the ordinary course of business, in the exercise of their business judgment, and in compliance with all non-bankruptcy laws applicable to their Employee relationships in each applicable jurisdiction.

10. Nothing in this Order shall authorize the Debtors to pay any Prepetition Employee Obligation to any insider, as such term is defined in 11 U.S.C. § 101(31), in excess of the Priority Cap.

11. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and

nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Prepetition Employee Obligations pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Prepetition Employee Obligations allegedly due or owing to any Employees, and all of the Debtors' rights with respect thereto are hereby reserved.

12. The requirements set forth in Local Rule 9013-1(b) are satisfied.

13. The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that relief is necessary to avoid immediate and irreparable harm.

14. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

17. The deadline by which objections to entry of a final order on the Motion must be filed is July 20, 2023 at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**"). The Final Hearing, if required, will be held on July 27, 2023 at 9:30 a.m. (Eastern Time).

Dated: June 29th, 2023  
Wilmington, Delaware

**MARY F. WALRATH**  
**UNITED STATES BANKRUPTCY JUDGE**

AMERICAS 124131055  
RLF1 29227414v.1