# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 5 |

### ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (I) CONFIRM, RESTATE, AND ENFORCE THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, AND (II) USE THE FORM AND MANNER OF NOTICE, AND (B) GRANTING OTHER RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code, (A) authorizing, but not directing, the debtors to (i) confirming, restating, and enforcing the worldwide automatic stay, anti-discrimination provisions, and ipso facto protections of the Bankruptcy Code, and (ii) using the form and manner of notice, and (c) granting related relief, and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and all foreign and domestic governmental units (and all those acting on their behalf) of:

   (a) the commencement or continuation (including the issuance or employment of process) of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or to recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;

   (b) the enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of the Debtors' Chapter 11 Cases;

   (c) any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of the estates;

   (d) any act to create, perfect, or enforce any lien against the property of the estates;

   (e) any act to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

  (f) the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

  (g) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the Court may determine.

3. This Order shall not affect the substantive rights of any party. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

4. Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, notwithstanding a provision in an executory contract or unexpired lease or any applicable law, any executory contracts or unexpired leases to which the Debtors are party or signatory may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of these Chapter 11 Cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of any or all of the Debtors or (b) commencement of these Chapter 11 Cases.

5. Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to any such grant against, the Debtors solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, are insolvent during the pendency of these Chapter 11 Cases, or have not paid a debt that is dischargeable in these Chapter 11 Cases.

6. This Court retains the jurisdiction to take appropriate remedial action against any persons that violate the relief granted herein outside of the United States, including, but not limited

to, (i) holding such persons in contempt, (ii) enjoining any such persons from further violations of the automatic stay, and/or (iii) issuing any appropriate sanctions that may be enforced against such persons' assets that are located in the United States or subject to the jurisdiction of the courts of the United States.

7. The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested or otherwise affected parties wherever located.

8. The Debtors are authorized, but not directed, to cause the Notice to be translated into as many languages as many be deemed necessary and to distribute such notice as the Debtors deem appropriate.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Order is declarative and is intended to be coterminous with sections 362, 365, 525, 541, 1107, and 1108 of the Bankruptcy Code. Nothing in this Order shall abridge, enlarge, or otherwise affect (a) the rights of any party or the availability of any of the exceptions contained in the Bankruptcy Code (including without limitation sections 362(b) and 365(e)(1)) or (b) the right of any party-in-interest to seek relief from the worldwide automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

11. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any

security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

12. For the avoidance of doubt, the automatic stay set forth in section 362 of the Bankruptcy Code only applies to a Debtor or to property of a Debtor.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June 29th, 2023
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE