## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |
| Lordstown Motors Corp., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ATRI AMIN and BENJAMIN HEBERT, on behalf of themselves and similarly situated stockholders of Lordstown Motors Corp. (f/k/a DiamondPeak Holdings Corp.),<br><br>Defendants. | Adv. Pro. No. 23-_____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Lordstown Motors Corp. ("**LMC**" or "**Company**") and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession and plaintiffs in the above-captioned adversary proceeding (collectively, the "**Debtors**"), allege for their Complaint, upon knowledge of their own acts and upon information and belief as to other matters, as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

## NATURE OF THE ACTION

2.     This is an adversary proceeding brought under Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**") to extend the automatic stay under Bankruptcy Code section 362 to civil claims against the Debtors' current and former directors in a consolidated putative stockholders class action brought by the Defendants in the Delaware Court of Chancery, styled *In re Lordstown Motors Corp. Stockholders Litig.*, C.A. No. 2021-1066-LWW (Del. Ch. Dec. 8, 2021) (the "**Delaware Class Action**").

3.     The Delaware Class Action is one of five consolidated federal and state-court proceedings (the "**Actions**"), identified in **Exhibit A**, against the Debtors and 20 of their current and former directors and officers (the "**D&O Defendants**"), identified in **Exhibit B**.  The Actions arise from, among other things, alleged misrepresentations made by the Debtors and the D&O Defendants concerning customer pre-orders and the related production timeline for LMC's flagship electric vehicle, the Endurance.

4.     The Debtors seek an injunction to extend the automatic stay to the Delaware Class Action, which asserts claims against a subset of the D&O Defendants, specifically, the five directors and officers that served on the board of the Debtors' predecessor entity, which was then known as DiamondPeak Holding Corp.  (the "**Delaware D&O Defendants**"),[2] based on the same general theories of wrongdoing and liability as the other Actions—many of which are subject to the automatic stay and/ or are currently stayed pursuant to the Private Securities Litigation Reform

---

[2]     The five D&O Defendants named in the Delaware Class Action are former DiamondPeak directors: David Hamamoto, Mark Walsh, Andrew Richardson, Steven Hash and Judith Hannaway.  Of these five D&O Defendants, David Hamamoto is currently an LMC board member. Mr. Hamamoto is also a named defendant in each of the Actions.

Act by stipulation of the parties. 15 U.S.C.S. § 78u-4(b)(3)(B). Because the Debtors share an identity of interest with the D&O Defendants, including the Delaware D&O Defendants, a uniform stay of all Actions is necessary to avoid irreparable harm to the Debtors' restructuring efforts that would occur should litigation be allowed to continue.

5. Absent a stay, the Debtors' restructuring efforts will be hindered by their necessary involvement in the Delaware Class Action, the threat of collateral estoppel or evidentiary prejudice, and the depletion of estate assets. The Debtors would be required to participate in discovery, devote time preparing for and participating in depositions, and help analyze and develop the Delaware D&O Defendants' legal defenses to protect the Debtors' interests. The Chancery Court has already compelled LMC to participate directly in discovery, and the Debtors anticipate the action will require their involvement throughout the course of litigation and trial. In addition to draining the Debtors' estate assets and resources, this work would distract the Debtors' executive team during this critical time in the bankruptcy process.

6. Moreover, if the Delaware Class Action is not stayed as against the Delaware D&O Defendants, the Debtors risk significant prejudice arising from contractual indemnification provisions in favor of all D&O Defendants. Additionally, because the claims against the D&O Defendants in the Putative Class Actions (as defined below) and the Derivative Actions (as defined below), the Debtors risk potential collateral estoppel and evidentiary prejudice based on any factual or legal finding in the Delaware Class Action. Avoiding such harms will also compel the Debtors' direct and substantial involvement in the litigation, which would drain their resources, prejudice their other stakeholders, and divert time and attention from maximizing value for the benefit of all stakeholders though implementing a strategic chapter 11 transaction.

7.  The Defendants will not be materially prejudiced by staying the Delaware Class Action. The Defendants face no imminent risk of harm or loss that would arise from the Delaware Class Action being stayed against the Delaware D&O Defendants.

8.  The equities and the interests of justice weigh in favor of staying the Actions, and this Court should grant the requested injunctive relief.

## JURISDICTION AND VENUE

9.  This adversary proceeding arises in and relates to the Debtors/Plaintiffs' cases pending before this Court under chapter 11 of the Bankruptcy Code.

10. The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This Court has subject matter jurisdiction over the claims against the Delaware D&O Defendants pursuant to 28 U.S.C. §§ 157 and 1334.

11. This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to Bankruptcy Rule 7008, the Debtors consent to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

12. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

AMERICAS 124152807
RLF1 29259815v.1

## THE PARTIES

13. As described in the *Declaration of Adam Kroll in Support of Debtors' Petitions and Requests for First Day Relief* [D.I. 15],[3] the Debtors (*i.e.*, the Plaintiffs in this adversary proceeding) develop, manufacture and sell electric vehicles primarily to commercial fleet customers.

14. The Defendants in this adversary proceeding are the plaintiffs in the Delaware Class Action.

15. Although not named parties in this adversary proceeding, the D&O Defendants are either current or former directors of the Debtors.

## FACTUAL BACKGROUND

### I. The Debtors' Bankruptcy Proceeding

16. On June 27, 2023 (the **"Petition Date"**), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the **"Chapter 11 Cases"**). These Chapter 11 Cases are being jointly administered. The Debtors continue to operate their businesses and manage their properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

17. As part of these Chapter 11 cases, the Debtors are conducting a sale process with respect to their assets (the "**Sale Process**"). To that end, on the Petition Date, the Debtors also filed a motion seeking approval of bidding procedures with respect to the Sale Process (the "**Bidding Procedures Motion**"). The Bidding Procedures Motion is scheduled to be heard on July 27, 2023.

---

[3] Docket numbers with a "D.I." reference refer to documents filed in the lead chapter 11 case, Case No. 23-10831 (MFW) (Bankr. D. Del.).

## II. The SPAC Merger

18. On November 13, 2018, DiamondPeak Holdings Corp. ("**DiamondPeak**") and DiamondPeak Sponsor LLC, a non-debtor entity ("**DiamondPeak Sponsor**"), were incorporated in Delaware as a special purpose acquisition company ("**SPAC**"). DiamondPeak completed its initial public offering in March 2019. On November 7, 2019, Lordstown EV Corporation, then known as Lordstown Motors Corp. ("**LMC**" and, prior to the SPAC Merger (defined below), "**Legacy Lordstown**") entered into an agreement with General Motors to purchase its automobile manufacturing plant located in Lordstown, Ohio. On October 23, 2020, DiamondPeak closed its SPAC merger (the "**SPAC Merger**") with Legacy Lordstown, and became LMC. On April 12, 2021, DiamondPeak Sponsor was dissolved and a certificate of cancellation was filed with the Delaware Secretary of State.

## III. The Actions

19. Prior to the Petition Date, certain of the Debtors and D&O Defendants were subject to five pending litigation proceedings, including two consolidated putative class actions (the "**Putative Class Actions**") and three shareholder derivative suits (the "**Derivative Actions**"), each alleging that the Debtors and/or the D&O Defendants made materially false and misleading statements relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance in connection with the SPAC Merger. In each of the Actions, the alleged injury derives from general harm to the Debtors and their shareholders, including the loss in value of LMC's stock.

### A. Putative Class Actions

20. The Debtors and D&O Defendants are subject to two consolidated putative class actions: (1) a consolidated securities fraud class action pending in the U.S. District Court for the

Northern District of Ohio (the "**Ohio Securities Class Action**") and (2) stockholders class action pending in the Delaware Court of Chancery (the "**Delaware Class Action**").

*1. Ohio Securities Class Action*

21.     In six consolidated putative securities fraud class action lawsuits pending in the U.S. District Court for the Northern District of Ohio, named plaintiffs[4] assert claims against LMC, Lordstown EV Corp., and seven of the D&O Defendants[5] for alleged violations of Section 10(b), Section 14(a), Section 20(a), and Section 20A of the Securities Exchange Act of 1934 ("**Exchange Act**") and SEC Rule 10b-5 promulgated thereunder.

22.     On September 10, 2021, after the court consolidated the underlying actions and appointed George Troicky as lead plaintiff, Mr. Troicky filed the operative consolidated amended class action complaint. *See* Consolidated Amended Complaint, *In re Lordstown Motors Corp. Sec. Litig.*, No. 4:21-cv-616-DAR (N.D. Ohio) [Docket No. 61] ("**Ohio Securities Compl.**") ¶¶ 1–9. That complaint alleges, among other things, that the Debtors and the named D&O Defendants made materially false and misleading statements relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance in order to raise funding and persuade DiamondPeak shareholders to approve the SPAC Merger. *Id*. According to the complaint, these alleged misstatements artificially inflated the Debtors' stock price, and the subsequent revelation of the truth caused the stock price to drop. *Id.* ¶¶ 432–37. The complaint primarily alleges that, had they known the truth, DiamondPeak shareholders would have exercised their redemption rights prior to the SPAC Merger. *Id.* ¶ 438.

---

[4]     The named plaintiffs in the Ohio Securities Class Action are: Jesse Brury, FNY Managed Accounts LLC, Robert Palumbo, Matthew Rico, Raymond Romano, George Troicky, and Sulayman Zuod. *See* Ex. A.
[5]     The D&O Defendants named in the Ohio Securities Class Action are: Stephen S. Burns, Shane Brown, Caimin Flannery, David T. Hamamoto, Julio Rodriguez, Phil Richard Schmidt, and Darren Post. *See* Ex. A.

23. On November 9, 2021, the Debtors and named D&O Defendants filed a motion to dismiss the Ohio Securities Class Action. The motion has been fully briefed since March 3, 2022 and is awaiting the court's scheduling of a hearing and ruling. Pursuant to the PSLRA, discovery is stayed pending resolution of the motion to dismiss. No deadline has been set for plaintiffs to seek class certification, and no trial date has been set.

2. *Delaware Class Action*

24. On December 8 and 13, 2021, plaintiffs Benjamin Hebert and Atri Amin filed separate stockholder class action lawsuits in the Delaware Court of Chancery, asserting claims against the Delaware D&O Defendants[6] for breach of fiduciary duty on behalf of a class of stockholders that is a subset of the class that the plaintiffs to the Ohio Securities Class Action purport to represent based on a subset of the same statements that are at issue in the Ohio Securities Class Action. The Herbert and Amin actions were consolidated on February 11, 2022. The Delaware D&O Defendants also moved to stay the Delaware Class Action, in favor of the Ohio Securities Litigation. The Delaware Chancery court denied the motion to stay on March 7, 2022.

25. On July 22, 2022, the plaintiffs filed their operative amended class action complaint, among other things, alleging that the Delaware D&O Defendants made or failed to prevent alleged misrepresentations relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance, thereby inducing shareholders to hold their DiamondPeak shares through the SPAC Merger. *See* Amended Class Action Complaint, *In re Lordstown Motors Corp. Stockholders Litig.*, C.A. No. 2021-1066-LWW (Del. Ch.) [Docket No. 101] ("**Del. Class Action Compl.**") ¶¶ 139–51. The complaint also alleges that the Delaware

---

[6] DiamondPeak Sponsor was also named as a defendant, but has since been dismissed. *See* Compl., Ex. A.

D&O Defendants breached their fiduciary duties by failing to ensure that the SPAC Merger was fair to existing shareholders, resulting in a decrease in the value of their stock. *Id.* ¶¶ 162–68, 125.

26. On October 14, 2022, the Delaware D&O Defendants filed a motion to dismiss the Delaware Class Action.[7] On January 5, 2023, the Delaware D&O Defendants withdrew their motion to dismiss in light of Vice Chancellor Will's subsequent opinion and order denying a similar motion to dismiss in an unrelated case, *Delman v. GigAcquisitions3, LLC*, 288 A.3d 692 (Del. Ch. 2023). Upon withdrawing their motion, the Delaware D&O Defendants reserved their rights in the event that opinion or the subject issues are later addressed by the Delaware Supreme Court. On February 10, 2023, the Delaware D&O Defendants filed an answer to the amended complaint.

27. Discovery and litigation are ongoing, with fact discovery scheduled to close on September 29, 2023. While the Debtors are not named defendants in the Delaware Class Action, the Chancery Court entered an order on June 9, 2023 compelling LMC to produce certain documents to the plaintiffs subject to a subpoena. The subpoena also seeks a deposition of LMC, though no date for that deposition has been set. The court noted that LMC and the plaintiffs would then negotiate criteria for LMC's continued direct involvement in discovery, including to address matters of scope and burden.[8]

28. The deadline to move for class certification is July 21, 2023. A trial date has been set for March 11, 2024.

---

[7] DiamondPeak Sponsor filed a separate motion to dismiss. Diamond Peak Sponsor was dismissed by stipulation and the order was entered on June 21, 2023.

[8] The Debtors anticipate that they will be primarily responsible for ESI and document production, extensive fact and expert discovery, including the potential that the plaintiffs make seek to depose a number of current and former officers and directors who are not named defendants, but to whom LMC may have additional advancement and indemnification obligations.

**B. The Derivative Actions**

29. Prior to the Petition Date, the Debtors and D&O Defendants were subject to the three shareholder derivative suits: (1) a derivative action pending in the U.S. District Court for the Northern District of Ohio (the "**Ohio Derivative Action**"), (2) consolidated actions pending in the U.S. District Court for the District of Delaware (the "**District of Delaware Derivative Action**"), and (3) consolidated actions pending in the Delaware Court of Chancery (the "**Delaware Chancery Derivative Action**").

*1. N.D. Ohio Derivative Action*

30. On June 30, 2021, plaintiff An Thai brought a shareholder derivative lawsuit on behalf of LMC, as nominal defendant, against nineteen D&O Defendants[9] in the U.S. District Court for the Northern District of Ohio, asserting violations of Sections 14(a), 10(b), and 20(a), and for contribution under Sections 10(b) and 21D, of the Exchange Act, as well as claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets.

31. In support of each cause of action, the complaint alleges that the named D&O Defendants made materially false and misleading statements relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance. *See* Shareholder Derivative Complaint, *Thai v. Burns et al.*, No. 4:21-cv-01267 [Docket No. 1] ("**Ohio Derivative Compl.**") ¶ 15. The complaint further alleges that the named D&O Defendants breached their fiduciary duties to LMC by making and/or failing to prevent the challenged statements, artificially inflating

---

[9] The D&O Defendants named in the Ohio Derivative Action are: (1) Stephen S. Burns, (2) Phil Richard Schmidt, (3) Julio Rodriguez, (4) Angela Strand Boydston, (5) Shane Brown, (6) Michael Fabian, (7) Keith A. Feldman, (8) Michael D. Gates, (9) David T. Hamamoto, (10) Judith A. Hannaway, (11) Steven R. Hash, (12) Mickey W. Kowitz, (13) Darren Post, (14) Jane Reiss, (15) Andrew C. Richardson, (16) Martin J. Rucidlo, (17) Dale G. Spencer, (18) Chuan D. "John" Vo, and (19) Mark A. Walsh. *See* Ex. A.

demand for the Endurance pre-orders, and engaging in insider sales for proceeds in excess of $28 million. *Id.* ¶¶ 15, 97. As a result, the complaint asserts LMC has expended or will expend "many millions of dollars" on account of (i) legal fees and costs associated with the Ohio Securities Class Action and related federal regulatory investigations; (ii) "handsome" compensation and benefits paid to the D&O Defendants who allegedly breached their fiduciary duties; and (iii) loss of reputation and goodwill that will continue to "plague the Company's stock" price. *Id.* ¶¶ 184, 194–95 (including a reported net loss of $101 million to LMC stock for Q4 2020).

32. On October 21, 2021, the court stayed the N.D. Ohio Derivative Action pending resolution of the motion to dismiss in the Ohio Securities Class Action. The action remains stayed. In the event the stay is terminated, defendants would have sixty (60) days to file a motion to stay and/or dismiss or otherwise respond to the operative complaint. Discovery has not commenced in the N.D. Ohio Derivative Action. No trial date has been set.

    2. *District of Delaware Derivative Action*

33. Between April 28, 2021 and July 9, 2021, several plaintiffs[10] filed four separate shareholder derivative lawsuits on behalf of LMC, as nominal defendant, against 17 of the D&O Defendants[11] in the U.S. District Court for the District of Delaware, asserting violations of Section 10(b), Section 14(a), Section 20(a), and contribution for violations of Sections 10(b) and 21D, of the Exchange Act, as well as breach of fiduciary duty, insider selling, and unjust enrichment derivatively for the benefit of LMC.

---

[10]     The named plaintiffs in the District of Delaware Derivative Action are: Daniel J. Cohen, David M. Cohen, Alicia Kelley, Claude L. Patterson, Evaristo Sarabia, and Herbert Stotler. *See* Ex. A.

[11]     The D&O Defendants named in the District of Delaware Derivative Action are: Stephen S. Burns, Phil Richard Schmidt, Julio Rodriguez, Michael Fabian, David T. Hamamoto, Mark A. Walsh, Andrew C. Richardson, Steven R. Hash, Judith A. Hannaway, Keith A. Feldman, Jane Reiss, Dale G. Spencer, Michael D. Gates, Mickey Kowitz, Angela Strand Boydston, and Martin J. Rucidlo. *See* Ex. A.

34. On August 16, 2021, the U.S. District Court for the District of Delaware consolidated the underlying actions and the Derivative Plaintiffs filed the operative amended complaint on August 27, 2021. *See* Consolidated Stockholder Derivative Complaint, *In re Lordstown Motors Corp. Shareholder Derivative Litigation*, No. 21-00604-SB [Docket No. 25] ("**D. Del. Derivative Compl.**"). In support of each claim, the consolidated complaint alleges that the D&O Defendants made materially false and misleading statements relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance in connection with the SPAC Merger. *Id.* ¶¶ 22–24. As a result, the complaint alleges that LMC (i) incurred significant costs and expenses in connection with the federal regulatory investigations, defending against the Ohio Securities Class Action, and compensation and benefits paid to the D&O Defendants, (ii) lost over $1 billion in market capitalization due to the loss in value of its stock, which will suffer from the "liar's discount" for "the foreseeable future," and (iii) has sustained irreparable damage to its corporate image and goodwill. *Id.* ¶¶ 149–150.

35. On March 7, 2022, the court stayed the District of Delaware Derivative Action pending resolution of the motion to dismiss in the Ohio Securities Class Action. Discovery has not yet commenced and no trial date has been set. The court has entered an order recognizing the automatic stay in these Chapter 11 Cases.

### 3. Delaware Chancery Derivative Action

36. On December 2, 2021 and February 18, 2022, Derivative Plaintiffs David M. Cormier[12] and Janelle Jackson filed separate actions in the Delaware Court of Chancery, asserting

---

[12] Lead plaintiff David M. Cormier has been replaced with lead plaintiff Ed Lomont in this action.

derivative claims for breach of fiduciary duty and unjust enrichment against all 20 D&O Defendants.[13]

37. On May 10, 2022, the court entered an order consolidating the underlying actions. The operative consolidated complaint alleges that the D&O Defendants made materially false and misleading statements relating to the production capabilities, timeline, and the extent of customer pre-orders for the Endurance to deceive the market and artificially inflate LMC's stock price. *See* Consolidated Shareholder Derivative Complaint, *In re Lordstown Motors Corp. Stockholder Derivative Litig.*, C.A. No. 2021-1049-LWW [Docket No. 33] ("**Del. Ch. Derivative Compl.**") ¶¶ 2–10. Additionally, that complaint alleges that the D&O Defendants allegedly engaged in unlawful insider trading and received insider trading proceeds. *Id.* ¶¶ 137-139. The alleged damages to LMC include (i) costs incurred defending against the Ohio Securities Class Action and any judgment against LMC, (ii) costs incurred regarding the investigations by the Securities and Exchange Commission and Department of Justice, (iii) any fines or other liability resulting from LMC's violations of federal and/or state law, (iv) substantial loss of shareholder value, (v) LMC's business, goodwill, and reputation, (vi) generous compensation and stock packages awarded to each of the defendants, and (vii) millions of dollars in unjust profits reaped by the defendants from sales of LMC stock while in possession of material adverse nonpublic information, in violation of their fiduciary duties. *Id.* ¶¶ 105–107.

38. The consolidated action is stayed pending resolution of the motion to dismiss in the Ohio Securities Class Action. Discovery has not yet commenced and no trial date has been set.

---

[13] The D&O Defendants named in the Delaware Chancery Derivative Action are: Keith A. Feldman, Michael D. Gates, David T. Hamamoto, Mickey Kowitz, Jane Reiss, Martin J. Rucidlo, Dale G. Spencer, Angela Strand, Shane Brown, Stephen S. Burns, Caimin Flannery, Darren Post, Julio Rodriguez, Phil Richard Schmidt, Chuan D. "John" Vo, Judith Hannaway, Steven R. Hash, Andrew C. Richardson, and Mark A. Walsh. *See* Ex. A.

**COUNT ONE**

**(Injunction Extending the Automatic Stay To D&O Defendants in Delaware Class Action Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code)**

39. The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

40. The Debtors seek an injunction to stay the Delaware Class Action against the Delaware D&O Defendants under Sections 105(a) and 362(a) of the Bankruptcy Code until the closing of the Chapter 11 Cases.

41. Bankruptcy Code § 362(a)(1) stays the commencement or continuation of any action or proceeding against a debtor. Although the stay applies to debtors, courts may extend the stay under Bankruptcy Code § 362 to non-debtors in order to uphold the integrity of the debtor's estate and provide the debtor with the full protections of the automatic stay. A bankruptcy court may extend the automatic stay to a non-debtor if the debtor and non-debtor share an identity of interest such that a suit against the non-debtor is essentially a suit against the debtor, or where the action against the non-debtor will have an adverse impact on the debtor's reorganization.

42. Under section 105(a), a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This Court may enjoin actions against third parties where necessary to preserve the Debtors' restructuring efforts, including by fully effectuating the protections of the automatic stay under section 362(a). Such relief is particularly appropriate in the Chapter 11 Cases, where it is necessary to protect the Debtors' ability to successfully navigate the Sale Process and their restructuring, including effectively marketing and selling their assets and negotiating and confirming a Chapter 11 plan. The Court may, therefore, issue an injunction under section 105(a) to stay the Delaware Class Action against non-debtors.

43. A stay extension is warranted under both of these standards, each of which independently justifies the relief requested herein. As discussed in more detail in the opening brief in support of the Debtors' motion for a preliminary injunction, absent an order enjoining the Delaware Class Action, the Debtors will suffer immediate and irreparable harm that will threaten the integrity of these bankruptcy proceedings. First, because all of the Actions involve substantially the same allegations and issues, any judicial determination against the Delaware D&O Defendants will raise significant collateral estoppel concerns and potential evidentiary prejudice to the Debtors should the Debtors fail to participate in the Delaware Class Action. Second, the Debtors and their estates have contractual advancement and indemnification obligations to the Delaware D&O Defendants requiring the Debtors to pay costs and expenses incurred in defense of the Delaware Class Action. If the action is allowed to proceed, any judgment against the Delaware D&O Defendants would effectively be a judgment against the Debtors, thus affecting the Debtors' estates and threatening the recoveries of creditors. Third, the threat that an adverse judgment will subsequently be used against the Debtors will compel the Debtors and their management to participate in the Delaware Class Action in order to protect the Debtors interests, including by the efforts necessary to prepare for and attend hearings, to assist in preparing pleadings and discovery responses, to spend time preparing for and participating in depositions, and to help analyze and develop legal defenses. Those efforts will distract the Debtors and key management personnel from the Sale Process and the restructuring process and require the Debtors to divert resources away from the effort to consummate a successful Chapter 11 plan.

44. The balance of the harms and the public interest weighs in favor of enjoining the Delaware Class Action. The Defendants in this adversary proceeding would not be harmed by the requested injunctive relief.

AMERICAS 124152807
RLF1 29259815v.1

45. An injunction staying the Delaware Class Action is therefore appropriate.

WHEREFORE, the Debtors pray the Court to enter an order extending the automatic stay to the D&O Defendants and enjoining continuation of the Delaware Class Action until the closing of the Debtors' Chapter 11 Cases.

Dated: July 5, 2023

Respectfully submitted,

/s/ *Cory D. Kandestin*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
kandestin@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*