**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: July 27, 2023 at 9:30 a.m. (ET)<br>Objection Deadline: July 20, 2023 at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS ATTORNEYS TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

The debtors and debtors in possession (collectively, the "**Debtors**" or "**Company**") in the above-captioned cases hereby file this application (the "**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain White & Case LLP ("**White & Case**" or the "**Firm**") effective as of the Petition Date[2] as the Debtors' attorneys. In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of David M. Turetsky in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Attorneys to the Debtors Effective as of the Petition Date* (the "**Turetsky Declaration**"), attached hereto as **Exhibit B**, and the *Declaration of Melissa A. Leonard in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Attorneys to the Debtors Effective as of the Petition Date* (the "**Leonard Declaration**"), attached

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration (defined below).

hereto as **Exhibit C**. In further support of the Application, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1.      By this Application, the Debtors seek to employ and retain White & Case effective as of the Petition Date (defined below), as the Debtors' bankruptcy counsel. Accordingly, the Debtors seek entry of the Order pursuant to sections 327(a), 329, and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the employment and retention of White & Case as the Debtors' bankruptcy counsel to perform the legal services that will be necessary during the Chapter 11 Cases, as more fully described herein, and in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and White & Case dated April 26, 2023 (the "**Engagement Agreement**"), a copy of which is attached as **Schedule 1** to the Turetsky Declaration and incorporated herein by reference.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Application are sections 327(a), 329, and 1107 of the Bankruptcy Code, and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of the

2

AMERICAS 123697433 v15
RLF1 29265761v.1

United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Cases and First Day Motions* (the "**First Day Declaration**") [Docket No. 15].

## BASIS FOR RELIEF

7. The Debtors seek to retain White & Case because of the Firm's knowledge of, and experience with, (a) the Debtors and their businesses, and (b) the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtors believe that White & Case has assembled a highly qualified team of professionals and paraprofessionals

3

to provide services to the Debtors during these Chapter 11 Cases. The Debtors further believe that White & Case has the knowledge and experience necessary to deal effectively with the issues that will arise in these Chapter 11 Cases.

8. In preparing to represent the Debtors in connection with the Chapter 11 Cases, White & Case has acquired in-depth knowledge of the Debtors' operations and capital structure and gained additional insight into the current condition of the Debtors' businesses. In addition, during the course of its representation of the Debtors, White & Case has acquired extensive knowledge with respect to the Debtors' claims against (and disputes with) Foxconn, additional matters relating to the Debtors' operations, and additional issues which may arise in connection with the Debtors' efforts to market and sell their assets or which may otherwise arise during the Chapter 11 Cases. The Debtors believe that White & Case is both well-qualified and uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

9. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore should be granted.

## SERVICES TO BE PROVIDED

10. The services to be performed by White & Case are appropriate and necessary to enable the Debtors to execute their duties as debtors in possession and to prosecute these Chapter 11 Cases. Subject to further order of the Court, the Debtors request the employment and retention of White & Case to render various legal services including those set forth in the Engagement Agreement and, among others, the following:

(a) Advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

AMERICAS 123697433 v15
RLF1 29265761v.1

(b) Advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal requirements of operating in chapter 11;

(c) Advising the Debtors in connection with corporate transactions and corporate governance, asset sales, negotiations, and other agreements with creditors, equity holders, prospective acquirers and investors, reviewing and preparing of documents and agreements, and such other actions;

(d) Advising the Debtors in connection with any disputes or litigation that may arise in connection with the Chapter 11 Cases, including with respect to the automatic stay, claims matters, the pursuit of claims by the Debtors against third parties, including Foxconn, and otherwise;

(e) Reviewing and preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates, and appearing in court, and taking other actions with respect to the foregoing;

(f) Attending meetings and negotiating with representatives of creditors, equity holders, and other parties in interest;

(g) Advising the Debtors with legal issues related to the Debtors financial circumstances, including with respect to restructuring, financing, corporate, tax, litigation, mergers and acquisition, and employment issues, in each case as may be necessary or appropriate;

(h) Performing all other ancillary necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including assisting the Debtors in: (i) analyzing the legal aspects of the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors (if any); and (iii) advising the Debtors on corporate and litigation matters;

(i) Taking all necessary legal actions to protect and preserve the Debtors' estates as the Debtors request, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates; and

(j) Taking any necessary action on behalf of the Debtors as the Debtors request to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto.

11. It is necessary and essential for the Debtors to employ attorneys to render the foregoing professional services and any other legal services that the Debtors may require during the Chapter 11 Cases. White & Case has indicated its desire and willingness to act on behalf of, and render such services to, the Debtors subject to the Court's entry of an order approving the

5

Firm's retention.

12. The Debtors have informed White & Case, and White & Case understands, that the Debtors are planning on filing retention applications for other professionals in these Chapter 11 Cases. In particular, the Debtors have informed White & Case that the Debtors have filed, or expect to file shortly, applications to employ: (i) Richards, Layton & Finger, P.A, as co-counsel; (ii) Silverman Consulting, Inc., as restructuring advisor; (iii) Jefferies LLC, as investment banker; and (iv) Kurtzman Carson Consultants LLC as claims and noticing agent and administrative advisor. The Debtors may also file applications to employ additional professionals. The Debtors have advised that they anticipate that the coordination of efforts by and among the Debtors' attorneys and other professionals will substantially contribute to the efficient and effective administration of these Chapter 11 Cases.

## **WHITE & CASE'S DISINTERESTEDNESS**

13. To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the accompanying Turetsky Declaration, White & Case has no connection with any of the Debtors, their affiliates, their creditors, or any other party-in-interest, or their respective attorneys and accountants, the U.S. Trustee for the District of Delaware or any person employed in the office of the same, or any judge in the Bankruptcy Court or District Court for the District of Delaware or any person employed in the offices of the same.

14. As set forth in the Turetsky Declaration, White & Case in the past has represented, currently represents, and in the future likely will represent certain entities that are parties-in-interest in these Chapter 11 Cases in matters unrelated to the Debtors, the Debtors' Chapter 11 Cases, or such parties-in-interests' claims against or interests in the Debtors.

15. The Debtors understand that, except as otherwise set forth in the Turetsky

Declaration:

(a) Neither White & Case nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates;

(b) Neither White & Case nor any attorney at the Firm is or was a creditor, an equity security holder, or an insider of the Debtors, except that White & Case previously rendered legal services to the Debtors for which it was compensated as disclosed below;

(c) Neither White & Case nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

(d) Neither White & Case nor any attorney at the Firm has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

16. In view of the above, the Debtors believe that White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

17. White & Case will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances arise or any new or additional connections to parties in interest arise. If any new relevant facts or relationships are discovered or arise, White & Case will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, to the extent required by Bankruptcy Rule 2014(a) and Local Rule 2014-1(a).

## **PROFESSIONAL COMPENSATION**

18. White & Case has provided and will be providing professional services to the Debtors at the then-current standard rate charged by the Firm for such services. Currently, the hourly rates charged by White & Case range from $1,370 to $2,100 for partners, $1,310 for counsel, $740 to $1,270 for associates, and $215 to $640 for paraprofessionals. White & Case has

advised the Debtors that the hourly rates set forth above are subject to periodic increases in the normal course of the Firm's business, often due to the increased experience of a particular professional.

19. Consistent with the Firm's policy with respect to its other clients, White & Case will continue to charge the Debtors for reimbursement of costs, out of pocket and office expenses, and disbursements incurred in the rendition of services. These include but are not limited to: photocopying, local messenger and intercity delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), support staff overtime and word processing, consulting and expert costs, and other costs, expenses, and disbursements as set forth in the Engagement Agreement.

20. White & Case intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for fees and expenses charged. White & Case will seek compensation for the services of each professional and paraprofessional acting on behalf of the Debtors in these Chapter 11 Cases at the then-current rate charged for such services as described in the Turetsky Declaration. White & Case also intends to make a reasonable effort to comply with U.S. Trustee requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "**U.S. Trustee Guidelines**"), both in connection with this Application and any monthly, interim and final fee applications to be filed by White & Case in these Chapter 11 Cases. To that

end, the Turetsky Declaration includes information provided by White & Case pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

21. Prepetition, the Company retained White & Case and White & Case began providing legal services to the Company on or about April 5, 2023. In April 2023, the Company deposited with W&C an initial retainer of $1,000,000.00 (the "**Retainer**"). The Retainer was thereafter increased by $750,000 to $1,750,000 in June 2023. In connection with its retention, White & Case also provided the Debtors with a one-time credit for legal services of $500,000 (the "**Credit**"). From time to time, following its retention through to the Petition Date, White & Case would invoice the Debtors for professional fees and expenses. Either the Debtors would pay the invoices or White & Case would deduct the amounts of the invoices from the Credit or the Retainer for fees and expenses. White & Case continues to reconcile its prepetition fees and expenses. Based upon the prepetition fees and expenses that have been identified, accounted for, and applied against the Credit and Retainer prior to the Petition Date, the Credit has been fully utilized and the remaining amount of Retainer with White & Case was $200,000.00. Subject to this Court's approval, White & Case intends to charge for postpetition fees and expenses as they are incurred and approved by the Bankruptcy Court. White & Case further agrees to waive any further claim that the Firm may have against the Debtors for unpaid prepetition fees and expenses.

22. Within the one-year preceding the Petition Date, White & Case received total payments in the amount of $4,274,236.50 (inclusive of the Credit) for services performed and expenses incurred, and also to be performed and incurred (in the form of the Retainer, of which $200,000.00 remains), including in preparation for the commencement of the Chapter 11 Cases. The entirety of the fees and expenses were incurred in the ninety (90) days preceding the filing of these Chapter 11 Cases, as the Debtors and their affiliates enlisted White & Case's efforts,

including to prepare for these Chapter 11 Cases.

23. Other than as set forth above, in the Turetsky Declaration, and in the Engagement Agreement, no arrangement is proposed between the Debtors and White & Case for compensation to be paid in the Chapter 11 Cases.

24. Pursuant to Bankruptcy Rule 2016(b), White & Case has no agreement with any other entity to share any compensation received by White & Case, except as permitted under section 504(b)(1) of the Bankruptcy Code.

25. The Debtors respectfully submit that the retention of White & Case on the terms and conditions set forth herein, in the Turetsky Declaration, and in the Engagement Agreement is necessary and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest.

## SUPPORTING AUTHORITY

26. The Debtors seek to retain White & Case as their bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

27. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

28. The Debtors submit that for all the reasons stated above, in the Turetsky Declaration, and in the Leonard Declaration, the employment and retention of White & Case as counsel to the Debtors is warranted. Further, White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Turetsky Declaration.

## NOTICE

29. Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Hon Hai Precision Industry Co., Ltd. ("**Foxconn**"); (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

30. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Application, the proposed Order, and such other and further

11

relief as is just and proper.

Dated: July 6, 2023                                   Respectfully submitted,


                                                      LORDSTOWN MOTORS CORP.
                                                      (for itself and on behalf of its affiliated
                                                      debtors and debtors in possession)


                                                      By: */s/Melissa A. Leonard*
                                                      Name: Melissa A. Leonard
                                                      Title: Executive Vice President, General
                                                      Counsel & Secretary

12