## EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF WHITE & CASE LLP AS ATTORNEYS**
**TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to sections 327(a), 329, and 1107 of the Bankruptcy Code, authorizing the employment and retention of White & Case LLP ("**White & Case**") effective as of the Petition Date as the Debtors bankruptcy counsel; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference,* dated February 29, 2012 (Sleet, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Turetsky

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Declaration and the Leonard Declaration, and the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that White & Case is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, that White & Case's employment is necessary and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.  Any objections or reservations of rights filed in respect of the Application are overruled, with prejudice.

2.      The Debtors are authorized, pursuant to sections 327(a), 329, and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain White & Case as bankruptcy counsel, effective as of the Petition Date, in accordance with the Application, the Engagement Agreement, the Turetsky Declaration, and this Order, to perform the services described therein.

3.      In connection with the Chapter 11 Cases, White & Case shall be compensated for professional services rendered, and reimbursed for expenses incurred, in accordance with Bankruptcy Code sections 330 and 331, with the applicable provisions of the Bankruptcy Rules and the Local Rules, any other applicable procedures and orders of this Court, and the Engagement Agreement.

4.      White & Case is authorized, but not directed, to hold the remaining Retainer and to

AMERICAS 123697433 v15
RLF1 29265761v.1

apply the Retainer against any amounts approved by the Court in connection with White & Case's fees, expenses, charges, and disbursements during the Chapter 11 Cases.  In the event that the remaining Retainer exceeds the unpaid portion of White & Case's approved and unpaid postpetition fees, expenses, charges, and disbursements at the conclusion of the Chapter 11 Cases, White & Case shall remit such excess to the Debtors, except as may otherwise be agreed by White & Case and the Debtors.

5.      Notwithstanding any stay that might be imposed by Rule 6004(h) of the Bankruptcy Rules, the Order shall be effective and enforceable immediately upon entry hereof.

6.      The Debtors and White & Case are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

AMERICAS 123697433 v15
RLF1 29265761v.1