IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date:  July 27, 2023 at 9:30 a.m.**<br>**Objection Deadline:  July 20, 2023 at 4:00 p.m.** |

### DEBTORS' APPLICATION TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (each a "**Debtor**" and, collectively, the "**Debtors**" or the "**Company**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this application (the "**Application**") with the United States Bankruptcy Court for the District of Delaware (this "**Court**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to retain and employ Richards, Layton & Finger, P.A. ("**RL&F**") as their co-counsel in the Chapter 11 Cases effective as of the Petition Date (as defined below).  In support of this Application, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      By this Application, pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

(the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request entry of the Proposed Order, authorizing the retention and employment of RL&F as counsel for the Debtors effective as of the Petition Date (as defined below). In support of this Application, the Debtors submit the declaration of Kevin Gross, Of Counsel of RL&F, attached hereto as **Exhibit B** (the "**Gross Declaration**"), and the declaration of Melissa A. Leonard, the Executive Vice President, General Counsel & Secretary of the Debtors, which is attached hereto as **Exhibit C** (the "**Leonard Declaration**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment with respect to this Application if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

3. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of

2

Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

4. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15].

## SCOPE OF SERVICES

5. The Debtors require RL&F to render a variety of legal services during the pendency of the Chapter 11 Cases and to assist the Debtors in addressing the myriad of issues that may arise. Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render the following professional services, including but not limited to:

   a) advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

   b) coordinating and collaborating with the Debtors' proposed lead bankruptcy counsel, White & Case LLP ("**W&C**") in connection with the preparation and filing of petitions, motions, applications, orders, reports, and papers necessary or desirable to commence and prosecute the Chapter 11 Cases;

   c) coordinating with the U.S. Trustee, and the Court, to the extent necessary, for the purpose of facilitating the orderly administration and prosecution of the Chapter 11 Cases;

   d) assisting the Debtors' proposed lead bankruptcy counsel, W&C, to the extent requested by such counsel, in light of RL&F's knowledge of the Local Rules, the U.S. Trustee's guidelines, and practice, with the preparation, on behalf of the Debtors, of all motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates;

   e) attending any and all hearings held before the Court, or any other court in connection with, or arising out of, the Chapter 11 Cases;

   f) to the extent requested by the Debtors' or their proposed lead bankruptcy counsel, W&C, performing all other necessary or desirable legal services in connection with the restructuring process and the Chapter 11 Cases; and

3

g) performing all other necessary and desirable legal services in connection with the Chapter 11 Cases.

6. In addition to those services set forth in paragraphs 5(a) through 5(g) above, RL&F may perform all other services assigned to it by the Debtors. To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## BASIS FOR RELIEF

7. Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

8. The Debtors believe that RL&F is well qualified to represent it in the Chapter 11 Cases. The Debtors have selected RL&F as its co-counsel because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before the Court, its proximity to the Court and its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

9. To that end, RL&F has stated its desire and willingness to act in the Chapter 11 Cases and to render the necessary professional services as counsel to the Debtors.

10. In addition to this Application, the Debtors have filed, or intend to file, applications to retain professionals including, but not limited to: (i) White & Case LLP, as co-counsel to the

Debtors; (ii) Jefferies LLC as investment banker to the Debtors; (iii) Silverman Consulting as financial advisor to the Debtors; and (iv) Kurtzman Carson Consultants LLC as administrative advisor to the Debtors.  The Debtors may also file applications to employ additional professionals.  The Debtors understand the division of responsibilities between these professionals and intend to monitor carefully these and any other professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of efforts.  The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

**A.     Professional Fees**

11.     The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.  Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth below and in the Gross Declaration.  The Debtors submit that these rates are reasonable.

12.     RL&F's current hourly rates for matters related to the Chapter 11 Cases are expected to be within the following ranges:

| Position | Range of Current Hourly Rates |
|---|---|
| Directors | $750 - $1,325 an hour |
| Counsel | $795 - $875 an hour |
| Associates | $495 - $775 an hour |
| Paraprofessionals | $375 an hour |

5

13. The principal professionals and paraprofessionals designated to represent the Debtors in the Chapter 11 Cases and their current standard hourly rates are as follows:

| | | |
|---|---|---|
| a) | Kevin Gross | $1,325 per hour |
| b) | Daniel J. DeFranceschi | $1,300 per hour |
| c) | Robert J. Stearn, Jr. | $1,300 per hour |
| d) | Paul N. Heath | $1,150 per hour |
| e) | Amanda R. Steele | $995 per hour |
| f) | Jason M. Madron | $875 per hour |
| g) | Cory D. Kandestin | $875 per hour |
| h) | David T. Queroli | $750 per hour |
| i) | James F. McCauley | $595 per hour |
| j) | Barbara J. Witters | $375 per hour |

14. The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

15. Other than the periodic adjustments described above, RL&F's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the Chapter 11 Cases, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of the Chapter 11 Cases. Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time

charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

16.     Prior to the Petition Date, the Debtors made a retainer payment in the amount of $205,214.00 (the "**Retainer**").  The Retainer was utilized as a retainer to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of the Chapter 11 Cases.  As set forth in **Exhibit 4** to the Gross Declaration, RL&F drew down the entirety of the Retainer in order to cover unpaid fees and expenses actually incurred and anticipated to be incurred through the Petition Date.  At the time of filing the Chapter 11 Cases, the Retainer had a zero balance.  RL&F has since completed a final accounting of all amounts actually incurred as fees and expenses prior to the Petition Date relating to the Chapter 11 Cases.  RL&F has determined that $81,493.00 was not actually incurred as fees and expenses prior to the Petition Date and has credited such amount back to the Retainer.  The Debtors propose that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout the pendency of the Chapter 11 Cases until RL&F's fees and expenses are awarded by final order and payable to RL&F.  Given the extensive nature of the services that RL&F will provide to the Debtors, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the reorganization of the Debtors.

17.     Other than as set forth in the Gross Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in the Chapter 11 Cases.  RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation

received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B.     Expenses**

18.     The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, long-distance telephone charges, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and certain other overtime.  RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules, *provided, however*, that RL&F has agreed to not charge the Debtors the cost of any in-house printing, long distance telephone, facsimile, or computerized research charges.  The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the client incurring them instead of increasing hourly rates and spreading these expenses among all clients.

## RL&F'S DISINTERESTEDNESS

19.     To the best of the Debtors' knowledge and except as is disclosed in the Gross Declaration:  (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) neither RL&F nor any attorney (including any director, counsel, or associate) of RL&F currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the Gross Declaration.

**BANKRUPTCY RULE 5002**

20. As set forth in the Gross Declaration, no attorney employed by RL&F, including any director, counsel, or associate of RL&F, has a connection with any United States Bankruptcy Judge or the U.S. Trustee that would render RL&F's retention in the Chapter 11 Cases improper under Bankruptcy Rule 5002.

**NOTICE**

21. Notice of this Application shall be provided on the date hereof to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Hon Hai Precision Industry Co., Ltd. ("**Foxconn**"); (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**NO PRIOR REQUEST**

22. No prior request for the relief sought in this Application has been made to this or any other court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Application, enter the Proposed Order, and grant such other and further relief as is just and proper.

Dated: July 6, 2023
      Lordstown, Ohio

                                          */s/ Melissa A. Leonard*
                                          Melissa A. Leonard
                                          Executive Vice President,
                                          General Counsel & Secretary
                                          Lordstown Motors Corp., *et al*.