**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 27, 2023 at 9:30 a.m. (ET)**<br>**Objection Deadline: July 20, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN SILVERMAN**
**CONSULTING AS RESTRUCTURING ADVISOR**
**EFFECTIVE AS OF THE PETITION DATE**

The debtors and debtors in possession (collectively, the "**Debtors**," or the "**Company**")

in the above-captioned cases ("**Chapter 11 Cases**") hereby file this application (the

"**Application**") for entry of an order substantially in the form attached hereto as **Exhibit A**

(the "**Order**"), authorizing the Debtors to employ and retain Silverman Consulting, Inc.

("**Silverman**") as restructuring advisor effective as of the Petition Date.  In support of this

Application, the Debtors rely upon and incorporate by reference the *Declaration of*

*Constadinos D. Tsitsis in Support of the Debtors' Application for Entry of an Order*

*Authorizing the Employment and Retention of Silverman Consulting as Restructuring Advisor*

*to the Debtors Effective as of the Petition Date* (the "**Tsitsis Declaration**")[2] attached hereto as

**Exhibit B**.  In further support of the Application, the Debtors respectfully state as follows:

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Tsitsis Declaration or, if not therein, in the First Day Declaration (as defined below).

**RELIEF REQUESTED**

1.     By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of the Order authorizing the Debtors to employ and retain Silverman Consulting ("**Silverman**") as their restructuring advisors, effective as of the Petition Date (defined below), on the terms set forth in the engagement letter between the Debtors and Silverman dated as of May 23, 2023 (such agreement, together with all amendments, modifications, renewals thereof, and all documents ancillary thereto or otherwise entered into in connection therewith, the "**Engagement Letter**"), a copy of which is attached as **Exhibit 1** to the Order and incorporated herein by reference, including approving the terms of Silverman's employment, including the proposed compensation arrangement (the "**Fee and Expense Structure**") set forth in the Engagement Letter.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

2.     This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.     The predicates for the relief requested by this Application are sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

6.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the *"**First Day Declaration**"*) [Docket No. 15].

## SILVERMAN'S QUALIFICATIONS

7.      In consideration of the size and complexity of their business, as well as the exigencies of the circumstances, the Debtors have determined that the services of experienced restructuring advisors will substantially enhance their attempts to successfully restructure and maximize the value of their estates.  If the Court approves the relief requested herein, Silverman will be retained to provide the Debtors with designated professionals (the "**Silverman**

**Professionals**") to do so.  The Silverman Professionals are well qualified to act on the Debtors'

behalf given their extensive knowledge and expertise with respect to chapter 11 cases.

8.      Silverman is a Chicago-based, nationally-recognized consulting firm that

specializes in corporate restructurings, operational improvements, litigation analytics, and

bankruptcy case management services.  Silverman has extensive experience working with and for

distressed companies in and out of chapter 11 and throughout the United States.  Silverman's

professionals have advised debtors, creditors, and equity constituents in numerous bankruptcy

cases, which advisory services have included financial analysis and budgeting, forecasting, cash

management, operational assessments and improvements, and the provision of interim

management. Silverman has advised companies with revenue ranging from $2 million to over $1.5

billion in a broad range of industries.  Silverman is dedicated to providing focused senior-level

attention at every aspect of these Chapter 11 Cases, combined with high quality advice and top-

tier execution, to help its clients maximize value and/or achieve other specified objectives.

9.      Specifically, Silverman has extensive experience in providing restructuring

services in and out of chapter 11 proceedings and has an excellent reputation for the services it has

rendered on behalf of debtors and creditors throughout the United States.  Among many other

examples, Silverman has provided restructuring and turnaround advisory services to clients such

as: *California-Nevada Methodist Homes*, Case No. 21-40363 (Bankr. N.D. Cal. 2021), *Education

Futures Group, LLC*, Case No. 21-11326 (Bankr. D. Del. 2021), *Spineguard, Inc.*, Case No. 20-

10332 (Bankr. D. Del. 2020), *Bartlett Management Services, Inc.*, Case No. 17-71890 (Bankr.

C.D. Ill. 2017), *Quadrant 4 Systems Corporation*, Case No. 17-19689 (Bankr. N.D. Ill. 2017),

*Country Stone Holdings, et al*, Case No. 14-81860 (Bankr. C.D. Ill. 2014), *LDR Industries*, Case

No. 14-32138 (Bankr. N.D. Ill. 2014).

**SERVICES TO BE PROVIDED**

10.     Subject to approval by the Court, the Debtors propose to retain Silverman to perform services in connection with Silverman's engagement on the terms and conditions set forth in the Engagement Letter except as otherwise explicitly set forth herein or in any order granting this Application.

11.     Silverman has provided and will continue to provide such consulting and advisory services as Silverman and the Debtors deem appropriate and feasible in order to advise the Debtors in the course of these Chapter 11 Cases, including but not limited to the following (any defined terms shall have the meaning ascribed to them in the Engagement Letter):[3]

- assist the Debtors in understanding and determining any liabilities associated with existing/active contracts to ensure they are properly stated in any potential bankruptcy filing and forms but also in terms of analyzing outcomes for various classes of creditors;

- assist the Debtors in creating a list of critical vendors for first day motions and provide the proper analysis and support for the motion;

- work with the Debtors to establish a list of back-up vendors in the event we are not able to utilize any of the critical vendors;

- advise and assist in evaluating the Company's current and future current liquidity position and expected future cash flows;

- advise and assist in developing and maintaining rolling 13 week cash flow model;

- advise and assist in developing the Company's strategy relating to, and negotiations with customers, vendors, creditors, and other constituents;

- advise and assist with the communications and negotiations, at the Debtors' request and under the Debtors' guidance, with creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest;

- advise and assist in the compilation and preparation of financial information, statements, schedules, monthly operating reports, and other reports and information

---

[3]    To the extent there is any inconsistency between this summary of the services set forth in the Engagement Letter and the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

necessary due to requirements of the Bankruptcy Court and/or Office of the U.S. Trustee, if necessary;

- advise and assist with the formulation of a chapter 11 plan and the preparation of the corresponding disclosure statement, if necessary;

- advise and assist in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes, if necessary;

- advise and assist in managing and executing the reconciliation process involving claims filed by all creditors, if necessary;

- provide testimony in the chapter 11 case as necessary or appropriate at the Company's request; and

- provide such other accounting, financial, or other services as may be requested by the Company.

12.    The Debtors respectfully request that Silverman's retention be made effective as of the Petition Date so that Silverman may be compensated for the services it has provided and will continue to provide during the course of the Chapter 11 Cases.  Silverman has provided services to the Debtors since the Petition Date and in advance of approval of this Application in anticipation that its retention would be approved effective as of the Petition Date.  The Debtors submit that these circumstances warrant retroactive approval.  Further, the Debtors believe that no party in interest will be prejudiced by the granting of the effectiveness of Silverman's employment as of the Petition Date because Silverman has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

## TERMS OF RETENTION

13.    Silverman's decision to accept this engagement to advise and assist the Debtors was conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment.  Additionally, Silverman's engagement is also conditioned on being compensated for its services, and being reimbursed for any reasonable out-of-pocket expenses it incurs in accordance with its customary billing practices.

14.     In accordance with the terms of the Engagement Letter, Silverman will be paid by the Debtors for the services of the Silverman Professionals at their customary hourly billing rates. The current hourly rates for the Silverman Professionals, subject to periodic adjustments, based on the position held by such the Silverman Professionals, are subject to the following range (all such proposed terms the "**Fee and Expense Structure**"):

| Professional | Hourly Billing Rate |
|---|---|
| Partners | $525 |
| Directors | $320 - $350 |
| Associates | $270 - $300 |

15.     In addition to compensation for professional services rendered by the Silverman Professionals, Silverman will seek reimbursement for reasonable out-of-pocket travel related expenses incurred in connection with these Chapter 11 Cases.

16.     Except for otherwise set forth herein, no other provision in the Engagement Letter governs the post-petition engagement of Silverman.  Prior to the Petition Date, the Debtors paid Silverman $155,026.35 for fees billed of $155,026.35.  As of the Petition Date, Silverman had a cash on account balance of $109,821.50 ("**Cash On Account**") that was paid by the Debtors prior to the bankruptcy filing.  All pre-petition fees and expenses owed to Silverman were paid in full prior to the Petition Date.

## APPLICATIONS FOR COMPENSATION AND EXPENSES

17.     If the Court approves the relief requested herein, Silverman will be retained to provide the Debtors with the Silverman Professionals.  The Debtors understand that Silverman intends to apply to the Court for allowances of compensation and reimbursement of expenses for restructuring advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

18.     Silverman's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Engagement Letter, in accordance with any procedures established by the Court; provided, that the Debtors propose that, in connection with Silverman's request for reimbursement for fees, disbursement, and other charges of its external legal counsel in respect of its retention and its fee applications, the invoices and supporting time records from such attorneys shall be included in Silverman's own interim and final applications, and they shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code.

19.     Given the numerous issues that the Silverman Professionals have already been required to address in the performance of their services, and will likely be required to address in the future, and given Silverman's commitment to the extensive and variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements in the Engagement Letter are reasonable.

## SILVERMAN'S DISINTERESTEDNESS

20.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Tsitsis Declaration annexed hereto, Silverman: (i) has no connection with the Debtors, their creditors, other parties in interest, or the U.S. Trustee or any person employed by U.S. Trustee; (ii) does not hold or represent any interest adverse to the Debtors' estates; and (iii) believes it is a "disinterested person" as defined within Section 101(14) of the Bankruptcy Code.

21.     Silverman will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Silverman will supplement its disclosure to the Court.

22.     When the Engagement Letter was executed, the Debtors provided a retainer of $50,000 with invoices to be paid weekly based on submitted invoices. In the ninety (90) days prior

to the Petition Date, the Debtors paid to Silverman $155,026.35 for fees billed of $155,026.35 (and

$9,356.39 in expenses) for prepetition services performed and to be performed (in the form of

Cash On Account), corresponding to fees and expenses under the Engagement Letter. Silverman's

current estimate is that it has received unapplied Cash On Account advance payments from the

Debtors in excess of prepetition billings in the amount of $109,821.50. Silverman shall apply any

remaining amounts of its prepetition Cash On Account balance as a credit toward postpetition fees

and expenses, after such postpetition fees and expenses are approved pursuant to an order of the

Court awarding fees and expenses to Silverman.

### NO DUPLICATION OF SERVICES

23.     The Debtors intend for Silverman's services to complement, and not duplicate, the

services to be rendered by any other professional retained in these cases. Silverman understands

that the Debtors have retained and may retain additional professionals during the term of the

engagement. Silverman has worked, and will continue to work, cooperatively as requested by the

Debtors with other professionals retained by the Debtors to integrate any respective work

conducted by the professionals on behalf of the Debtors.

### BASIS FOR RELIEF

24.     The Debtors seek authority to retain and employ Silverman as their restructuring

advisor and consultant under section 327 of the Bankruptcy Code, which provides that a debtor is

authorized to employ professional persons "that do not hold or represent an interest adverse to the

estate, and that are disinterested persons, to represent or assist the [Debtor] in carrying out the

[Debtor's] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code

elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of

the Bankruptcy Code and provides that "a person is not disqualified for employment under section

327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's

employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

26.    The Debtors seek approval of the Fee and Expense Structure and the Engagement Letter (including the Indemnification Provisions) pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals, including consultants, on flexible terms that reflect the nature of their services and market conditions. Thus, section 328 is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 3d 861, 862 (5th Cir. 1997) (internal citations omitted).

26.    The Debtors believe that the Fee and Expense Structure in the Engagement Letter sets forth reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The Fee and Expense Structure adequately reflects: (i) the nature of the services to be provided by Silverman; and (ii) fee and expense structures and indemnification

10

provisions typically utilized by Silverman and other leading restructuring advisory and consulting firms.  In addition, as noted above, Silverman is "disinterested" and all of its fees and expenses are subject to approval of the Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court.

27.     Accordingly, the Debtors submit that the relief requested in the Application is in the best interests of their estates, creditors, and all parties-in-interest to these Chapter 11 Cases and the Court should approve the retention and employment of Silverman pursuant to the terms set forth in the Engagement Letter.

28.     The Debtors believe that the employment of Silverman effective as of the Petition Date is warranted under the circumstances of these Chapter 11 Cases so that Silverman may be compensated for its services prior to entry of an order approving Silverman's retention.  Further, the Debtors believe that no party in interest will be prejudiced by the granting the employment as of the petition date because Silverman has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

29.     The Debtors submit that the retention of Silverman is in the best interests of all parties in interest in these Chapter 11 Cases.  Silverman is a preeminent restructuring advisory firm that is intimately familiar with the Debtors' businesses.  Based on services performed to date, Silverman has been integral to preparing the Debtors for these Chapter 11 Cases.  The failure to retain Silverman would provoke unnecessary delay and expense to the detriment of all parties in interest.  As such, the Debtors respectfully request that the Court authorize the retention and employment of Silverman as its restructuring advisor as set forth in this Application.

12

**NOTICE**

30.     Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Hon Hai Precision Industry Co., Ltd. ("**Foxconn**"); (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**NO PRIOR REQUEST**

31.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court grant the relief requested in this Application, enter the proposed Order, and grant

such other and further relief as is just and proper.

Dated: July 6, 2023                                    Respectfully submitted,
       Lordstown, Ohio
                                         Lordstown Motors Corp.
                                         (for itself and on behalf of its
                                         affiliated debtors and debtors in
                                         possession)

By: */s/ Melissa Leonard*
Name: Melissa Leonard
Title:   Executive Vice President,
          General Counsel & Secretary