## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re:  Docket No. [●]** |

ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
SILVERMAN CONSULTING AS RESTRUCTURING ADVISOR
EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain Silverman Consulting ("**Silverman**") as their restructuring advisors, effective as of the Petition Date, on the terms set forth in the engagement letter between the Debtors and Silverman dated as of May 23, 2023  (such agreement, together with all amendments, modifications, renewals thereof, and all documents ancillary thereto or otherwise entered into in connection therewith, the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit 1,** including approving the terms of Silverman's employment, including the proposed compensation arrangement (the "**Fee and Expense Structure**") set forth in the Engagement Letter; and the Court having found that it has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Sleet, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the Tsitsis Declaration; and upon the record herein; and after due deliberation thereon; and the Court having found and determined that Silverman is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Application are overruled, with prejudice.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, the Debtors are authorized to employ and retain Silverman as their restructuring advisors, effective as of the Petition Date, on the terms set forth in the Engagement Letter, including the Fee and Expense Structure set forth therein (as modified by this Order), and to pay fees and reimburse expenses to Silverman on the terms set forth in the Engagement Letter (as modified by this Order).

3.     Silverman shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court.  Subject to the foregoing, the Debtors are authorized to pay Silverman's fees and to reimburse Silverman for its actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Engagement Letter (as modified by this Order), including the reasonable costs of Silverman's outside legal counsel (without the need for such legal counsel to be retained as a professional in these Chapter 11 Cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code).  In the event that Silverman seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Silverman's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.     To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

5.     During these Chapter 11 Cases, any limitation of liability by Silverman under the terms of the Engagement Letter shall have no force or effect other than as set forth in this Order.

6.     Notwithstanding anything to the contrary in the Application, any of its attachments or the Engagement Letter, Silverman shall not seek reimbursement of any fees incurred defending any of Silverman's fee applications in these Chapter 11 Cases.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and, to the extent applicable, the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors and Silverman are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

12. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

# **EXHIBIT 1**

**Engagement Letter**



May 23, 2023

Mr. Adam Kroll
CFO
Lordstown EV Corporation
27000 Hills Tech Ct.
Farmington Hills, MI  48331

Dear Adam:

Thank you for taking the time to speak with me over the last week and for considering our firm to assist you in managing the situation at Lordstown EV Corporation and its affiliates (collectively "Lordstown" or the "Company"). It is always helpful to have a direct and open conversation so we can immediately focus on those items that will provide you with the most value. As I mentioned to you, it is our style to work hand-in-hand with you to understand the facts, and support you in any way necessary for a successful outcome. In our firm's 45-year history, we have worked with numerous clients in industries and situations just like yours. Based on our discussions, we would propose an engagement to support you and your team as described below.

**<u>Financial and Operational Support</u>**

We understand that Lordstown is in the midst of a dispute with Foxconn and that the Company may seek to negotiate a settlement with Foxconn, be compelled or otherwise determine to file a potential chapter 11 bankruptcy case, and/or may pursue other alternatives, and that the Company's ultimate strategy remains undecided.  With that in mind, however, we would be able to support you and your team and the other professionals you have retained in the following ways, to the extent requested by the Company, but are flexible to adjust the list as needs arise.

- *Foxconn Negotiations:*  Provide financial advice and assistance to the Company in connection with the Company's negotiations with Foxconn;
- *Contract Research:*  Recognizing that part of this process is to understand the full range of potential liabilities, we will assist you and your team in understanding and determining any liabilities associated with existing/active contracts to ensure they are properly stated in any potential bankruptcy filing and forms but also in terms of analyzing outcomes for various classes of creditors.  In addition, this information will help in developing any cash flow forecast;



- *Critical Vendors:*  We will assist you in creating a list of critical vendors for first day motions and provide the proper analysis and support for the motion.  This will obviously require us to work with your purchasing people to better understand who qualifies and why.  In addition, we can also work with your team to establish a list of back-up vendors in the event we are not able to utilize any of the critical vendors; and
- *General Support:*  With the fluidity of the current situation, we will support you on a project by project basis as you see fit. We would discuss the scope of additional work, specific deliverables and time frames to ensure you achieve the goals you outline.

**Bankruptcy Advisory**

We understand the Company has not made any determination to file, nor has the Company otherwise authorized the filing of any bankruptcy case and that the filing of any such case is uncertain at this time.  In the event that the Company engages in contingency planning for a chapter 11 or other bankruptcy case and requests our assistance with such planning or in connection with a bankruptcy case (should the Company file such a case), in addition to the services described above, we would be available to provide the following services to the extent requested by the Company:

- Advise and assist in evaluating the Company's current and future current liquidity position and expected future cash flows;
- Advise and assist in developing and maintaining rolling 13 week cash flow model;
- Advise and assist in developing the Company's strategy relating to, and negotiations with customers, vendors, creditors, and other constituents;
- Advise and assist in contingency planning including the evaluation, planning, conduct, and execution of a potential chapter 11 bankruptcy filing, including preparing information and exhibits for any necessary motions;
- Advise and assist with the communications and negotiations, at your request and under your guidance, with creditors, and other parties-in-interest including the preparation of financial information for distribution to such parties-in-interest;
- Advise and assist in the compilation and preparation of financial information, statements, schedules, monthly operating reports, and other reports and information necessary due to requirements of the Bankruptcy Court and/or Office of the U.S. Trustee, if necessary;



- Advise and assist with the formulation of a chapter 11 plan and the preparation of the corresponding disclosure statement, if necessary;

- Advise and assist in the preparation of a liquidation valuation for a reorganization plan and/or negotiation purposes, if necessary;

- Advise and assist in managing and executing the reconciliation process involving claims filed by all creditors, if necessary;

- Provide testimony in the chapter 11 case as necessary or appropriate at the Company's request; and

- Provide such other accounting, financial, or other services as may be requested by the Company.

**Staffing & Compensation**

Our engagement will be led by me and my partner, Scott Kohler, and we anticipate that our associate, Michael Mollerus, will be a primary resource for this engagement and that other members of the team may be added as needed and as approved by you. In terms of fees and expenses, we charge for our time on an hourly basis: $525 for a partner and $270 for Michael, plus any reasonable out-of-pocket expenses actually incurred by us on your behalf. As we discussed, Michael would be on site four days per week working up to 40 hours per week on this engagement and based on those hours we would be willing to cap his weekly rate at $10,000 plus any reasonable out-of-pocket expenses actually incurred on your behalf, which would effectively be travel related. Given the nature of the engagement, we would like a retainer of $50,000.00 ("Retainer") at the start of the engagement and to be paid weekly based on submitted invoices. We will submit weekly invoices with actual hours and expenses at the start of the following week so the engagement can be monitored closely and expenses minimized. In the event a bankruptcy *is not* filed, we can work down the retainer and move to weekly payments.

As we discussed, we will only add staff and resources upon your approval to ensure we minimize the cost of the engagement while still achieving all of the stated goals. For complete clarity, the table below outlines our hourly rates based on position and experience of our professional staff.

| Position | Hourly Rate |
| --- | --- |
| Partners | $525 |
| Directors | $320 - $350 |
| Associates | $270 - $300 |



Similar to what was described above, we would charge for our time on an hourly basis at the rates described in the table. In the event that the Company files a bankruptcy case, we understand that the Company's obligations with respect to our engagement herein would be subject to the approval of the bankruptcy court having jurisdiction over the Company's bankruptcy case (the "Bankruptcy Court") and would be substantially as provided in this agreement as may be modified by the retention order approved by the Bankruptcy Court. The Company agrees, at its expense, to file an application with the Bankruptcy Court to employ us *nunc pro tunc* to the filing date. In the event that the Company files a bankruptcy case, any unused portion, if any, of the Retainer could be applied to any unpaid pre-petition fees, charges and disbursements, subject to the prior approval of the Bankruptcy Court. We will then hold any portion of the Retainer not otherwise properly applied for the payment of any such unpaid pre-filing fees, charges and disbursements (whether or not billed) as on account cash to be applied to our final invoice in any bankruptcy case. Additionally, we understand and agree that in the event of a bankruptcy filing, fees and expenses incurred after the filing date may not be paid by the Company without the express prior approval of the Bankruptcy Court.

We are happy to provide references upon request, whom you can call in confidence.

This engagement is subject to our obligations under that certain Confidentiality Agreement ("NDA") dated April 13, 2022, by and between Lordstown Motors Corp. and us. Notwithstanding anything stated otherwise in the NDA, the NDA as applied to this engagement shall remain effective until the later of the termination of (a) this engagement under the terms hereof, or (b) the NDA under the terms thereof.

We have undertaken a limited review of our records to determine our professional relationships with the Company and certain other parties in interest. From the results of such review, we were not made aware of any conflicts of interest or additional relationships that we believe would preclude us from performing the services set forth herein.

We view our engagements as long-term relationships and truly want to provide what you need to maximize the ultimate outcome. With that in mind, we would be happy to discuss the scope of the engagement outlined above should you have any questions or concerns.



If you have any questions, please do not hesitate to contact me at (847) 910-0850.  We look forward to the opportunity to work with you and thank you again for your time.

| Warm regards, | Accepted by: |
|---|---|
| *[signature]* | *[signature]* |
| Constadinos D. Tsitsis | |
| Partner | Adam Kroll<br>Chief Financial Officer |
| Cc:  Scott Kohler<br>       Michael Mollerus | Date: 5/23/2023 |