**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 27, 2023 at 9:30 a.m. (ET)**<br>**Objection Deadline: July 20, 2023 at 4:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

The debtors and debtors in possession (collectively, the "**Debtors**" or "**Company**") in the above-captioned cases (the "**Chapter 11 Cases**") hereby file this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), approving the Debtors' employment and retention of Kurtzman Carson Consultants LLC ("**KCC**") as administrative advisor (the "**Administrative Advisor**") in the Debtors' Chapter 11 Cases, effective as of the Petition Date pursuant to the terms of the services agreement, attached hereto as **Exhibit B** and incorporated herein by reference (the "**Services Agreement**"), by and between the Debtors and KCC. In support of this Application, the Debtors submit the declaration of Evan Gershbein, attached hereto as **Exhibit C** (the "**Gershbein Declaration**") and incorporated herein by reference. In further support of this Application, the Debtors, by and through their undersigned counsel, state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**RELIEF REQUESTED**

1. By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request entry of the Order authorizing the Debtors to employ and retain KCC as Administrative Advisor in the Chapter 11 Cases effective as of the Petition Date.

2. This Application supplements the Debtors' application, pursuant to 28 U.S.C. § 156(c) (the "**Section 156(c) Application**") to appoint KCC as claims and noticing agent in the Chapter 11 Cases, which was approved by this Court on June 28, 2023. [Docket No. 54]. This Application seeks approval for KCC to perform duties outside the scope of services covered by the Section 156(c) Application.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

3. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Application are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

6. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in these Chapter 11 Cases.

7. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15].

## KCC'S RETENTION AS ADMINISTRATIVE ADVISOR

8. The Debtors propose to engage KCC to act as their Administrative Advisor. The terms of retention and employment of KCC are set forth in the Services Agreement. Pursuant to this Application, the Debtors seek to retain KCC to provide, among other things, the following bankruptcy administrative services (collectively, the "**Administrative Services**"), if and to the extent requested by the Debtors:

   (a) Assist with the preparation of the Debtors' schedules of assets and liabilities, and statements of financial affairs and gather data in conjunction therewith;

   (b) Assist with, among other things, solicitation, balloting and tabulation of votes, and preparation of any related reports, as required in support of confirmation of any chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

    (c)    Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results for any chapter 11 plan;

    (d)    Provide a confidential data room, if requested;

    (e)    Manage and coordinate any distributions pursuant to any chapter 11 plan; and

    (f)    Provide such other processing, solicitation, balloting, and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "**Clerk**").

9. The Debtors chose KCC to perform the Administrative Services because of KCC's experience, reputation, familiarity with these Chapter 11 Cases, and the competitiveness of its fees. The Debtors submit that using KCC to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of these Chapter 11 Cases. Further, retaining KCC to perform the Administrative Services has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' restructuring efforts. Accordingly, the Debtors believe that KCC is qualified to provide the Administrative Services and that KCC's retention in such capacity is in the best interests of the Debtors' estates and creditors.

## KCC'S QUALIFICATIONS

10. KCC is a leading chapter 11 administrator and comprises industry professionals with significant experience in the administrative aspects of large, complex chapter 11 cases. KCC's professionals have experience providing administrative services in numerous matters of comparable size and complexity in this District and in other districts nationwide. KCC's cases in this District include: *In re PGX Holdings, Inc., et al.*, Case No. 23-10718 (CTG) (Bankr. D. Del. Jun. 6, 2023); *In re Plastiq Inc., et al.*, Case No. 23-10671 (BLS) (Bankr. D. Del. May 25, 2023); *In re Christmas Tree Shops, LLC, et al.*, Case No. 23-10576 (TMH) (Bankr. D. Del. May 9, 2023); *In re Standayne LLC, et al.,* Case No. 23-10207 (JTD) (Bankr. D. Del. Feb. 22, 2023); *In re*

4

*Tricida, Inc.,* Case No. 23-10024 (JTD) (Bankr. D. Del. Jan. 13, 2023); *In re Carestream Health, Inc., et al.,* Case No. 22-10778 (JKS) (Bankr. D. Del. Aug. 26, 2022); *In re First Guaranty Mortgage Corp., et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. Jul. 1, 2022); *In re Zosano Pharma Corp.,* Case No. 22-10506 (JKS) (Bankr. D. Del. Jun. 6, 2022); *In re Sequential Brands Group, Inc., et al.,* Case No. 21-11194 (JTD) (Bankr. D. Del. Sep. 1, 2021); *In re Alex and Ani, LLC, et al.,* Case No. 21-10746 (CTG) (Bankr. D. Del. Jun. 11, 2021); *In re TECT Aerospace Group Holdings, Inc., et al.*, Case No. 21-10670 (KBO) (Bankr. D. Del. Apr. 7, 2021); *In re JetFleet Holding Corp. (f/k/a AeroCentury Corp.),* Case No. 21-10637 (JTD) (Bankr. D. Del. Mar. 31, 2021); *In re Medley LLC,* Case No. 21-10525 (KBO) (Bankr. D. Del. Mar. 10, 2021); *In re Chaparral Energy, Inc.,* Case No. 20-11947 (MFW) (Bank. D. Del. Aug. 18, 2020); *In re HRI Holding Corp., et al.,* Case No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019).

**PROFESSIONAL COMPENSATION**

11.     The fees KCC will charge in connection with providing services to the Debtors are set forth in the Services Agreement. The Debtors respectfully submit that KCC's rates are competitive and comparable to the rates its competitors charge for similar services, and are reasonable given the quality of KCC's services and KCC's bankruptcy expertise. Additionally, KCC will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Services Agreement.

12.     KCC intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Services Agreement. KCC will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy

Rules, and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

13. Prior to the Petition Date, the Debtors provided KCC a retainer in the amount of $35,000. KCC seeks to first apply the retainer to all prepetition invoices and, thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

14. Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify, defend and hold harmless KCC and its affiliates, members, directors, officers, employees, consultants, subcontractors, representatives and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Services Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

## **KCC'S DISINTERESTEDNESS**

15. KCC has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information and belief, and except as disclosed in the Gershbein Declaration, KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

6

16.  KCC believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR RELIEF

**A.  Retention and Employment of KCC as Administrative Advisor Is Permitted Under Sections 327 and 328 of the Bankruptcy Code.**

17.  Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a). In addition, section 328(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

18.  Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

19.  Local Rule 2014-1 requires that a professional person whose employment is sought must file "a supporting affidavit or verified statement of the professional person and a proposed

7

order for approval" and must disclose "its employment, or intended employment, of another professional for whom reimbursement will be requested under Local Rule 2016-2(f) . . . ."

20. In light of the size of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing KCC pursuant to the terms of the Services Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Services Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these cases and have previously been approved by the Court in the Section 156(c) Application.

21. The Debtors also believe that the employment of KCC effective as of the Petition Date is warranted under the circumstances of these Chapter 11 Cases so that KCC may be compensated for its services prior to entry of an order approving KCC's retention. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the employment because KCC as of the Effective Date has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

22. Accordingly, to help manage administrative tasks with respect to the large number of creditors and other parties in interest that are expected to be involved in the Chapter 11 Cases, the Debtors respectfully request the Court enter an order appointing KCC as the Administrative Advisor in these Chapter 11 Cases as of the Petition Date.

## NOTICE

23. Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Hon Hai Precision Industry Co., Ltd. ("**Foxconn**"); (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the

United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Application and such other and further relief as is just and proper.

Dated: July 6, 2023
      Lordstown, Ohio

Respectfully submitted,

Lordstown Motors Corp.
(for itself and on behalf of its affiliated debtors and debtors in possession)

By: */s/ Melissa Leonard*
Name: Melissa Leonard
Title:   Executive Vice President,
        General Counsel & Secretary

AMERICAS 123609005