IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 6, 75** |

**CERTIFICATION OF COUNSEL REGARDING AMENDED INTERIM
ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO
(I) PAY PREPETITION WAGES AND COMPENSATION; (II) CONTINUE
CERTAIN EMPLOYEE BENEFITS AND INCENTIVE PROGRAMS;
(III) CONTINUE CERTAIN HEALTH AND INSURANCE BENEFITS;
AND (B) GRANTING OTHER RELATED RELIEF**

The undersigned hereby certifies as follows:

1.  On June 27, 2023, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing, But Not Directing, the Debtors to (I) Pay Prepetition Wages and Compensation; (II) Continue Certain Employee Benefits and Incentive Programs; (III) Continue Certain Health and Insurance Benefits; and (B) Granting Other Related Relief* [Docket No. 6] (the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2.  On June 29, 2023, the Court entered the *Interim Order (A) Authorizing, But Not Directing, the Debtors to (I) Pay Prepetition Wages and Compensation; (II) Continue Certain Employee Benefits and Incentive Programs; (III) Continue Certain Health and Insurance Benefits;*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

*and (B) Granting Other Related Relief* [Docket No. 75] (the "**Interim Order**"). The Interim Order authorized the Debtors to pay up to $1,592,900 in Prepetition Employee Obligations and to honor paid time off obligations without regard to the limits provided by section 507(a)(4) and 507(a)(5) of the Bankruptcy Code, other than termination or other cash pay for Paid Leave. Interim Order, at ¶ 2.

3. Applicable law requires the Debtors to pay employees for accrued but unused paid time off upon termination. The Debtors have become aware that they may terminate certain employees (or others may voluntarily end their employment) during the Interim Period. As a result, the Debtors are required by applicable state law to make payments in cash to such employees on account of accrued but unused paid leave.

4. Accordingly, the Debtors have amended the Interim Order (the "**Amended Interim Order**") to: (i) authorize the Debtors to make cash payments on account of paid leave obligations upon involuntary or voluntary termination to the extent required by applicable state law, and (ii) increase the amount of Prepetition Employee Obligations the Debtors are authorized to pay during the Interim Period to account for such payments. A copy of the Amended Interim Order is attached hereto as **Exhibit 1**. For the convenience of the Court and all parties in interest, a redline comparison of the Amended Interim Order marked against the Interim Order is attached hereto as **Exhibit 2**.

5. The Amended Interim Order has been circulated to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and the U.S. Trustee has indicated it does not object to the entry of the Amended Interim Order.[3]

---

[3] On July 11, 2023, the U.S. Trustee appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "**Committee**"). *See* Docket No. 99. To the best of the Debtors' knowledge, information, and belief,

WHEREFORE, the Debtors respectfully request that the Amended Interim Order, substantially in the form attached hereto as **Exhibit 1**, be entered at the earliest convenience of the Court.

Dated: June 12, 2023

Respectfully submitted,

/s/ James F. McCauley

**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
James F. McCauley (No. 6991)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
mccauley@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He ((admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

---

as of the filing of this certification of counsel, the Committee has not retained counsel to represent it in these Chapter 11 Cases. Accordingly, the Debtors were unable to circulate the Amended Interim Order to counsel to the Committee prior to filing.