IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date:  July 27, 2023 at 9:30 a.m.<br>Objection Deadline:  July 20, 2023 at 4:00 p.m. |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (A) EXTENDING TIME TO FILE (I) SCHEDULES OF
ASSETS AND LIABILITIES, (II) SCHEDULES OF CURRENT
INCOME AND EXPENDITURES, (III) SCHEDULES
OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (IV) STATEMENTS OF FINANCIAL AFFAIRS
AND (B) GRANTING OTHER RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**" or "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below.  In further support of the Motion, the Debtors, by and through their undersigned counsel, state as follows:

**RELIEF REQUESTED**

1.　　By this Motion, the Debtors seek entry of the Order: (a)  extending the time to file their (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory contracts and unexpired leases, and (iv) statements of financial affairs

---

[1]　The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29296561v.1

(collectively, the "**Schedules and Statements**") to August 1, 2023, which is an additional 7 days to the extension provided by rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for a total of 35 days from the Petition Date (as defined below), and in each case without prejudice to the Debtors' ability to request additional time as necessary; and (b) granting related relief.

2.  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest.

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

3.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.  The predicates for the relief requested by this Motion are sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1007, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1001-1(c), 1007-1, and 1007-2.

5.  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### BACKGROUND

6.  On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only

pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of the unsecured creditors (the "**Committee**") for these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

7.  Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the *"***First Day Declaration***"*).

## BASIS FOR RELIEF

8.  Ordinarily, the Debtors are required to file their Schedules and Statements within fourteen (14) days of the Petition Date. *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c). Local Rule 1007-1(b) extends this deadline to 28 days after the Petition Date if a debtor's bankruptcy petition is accompanied by a list of all of the creditors and their addresses in accordance with Local Rule 1007-2, and if the total number of creditors in the debtors' jointly administered cases exceeds 200. Del. Bankr. L.R. 1007-1(b). The Court may further extend the filing deadlines for the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c); Fed. R. Bankr. P. 9006(b)(1); Del. Bankr. L.R. 1007-1(b).

9.  Given the foregoing, and because the Debtors' total number of creditors exceeds 200, the Debtors' current deadline to file the Schedules and Statements is July 25, 2023. Good and sufficient cause, however, exists to extend this deadline. To prepare the Schedules and

Statements, the Debtors must compile information from books, records, and documents relating to the claims of thousands of creditors, as well as each Debtors' assets and contracts. Although the Debtors have started the process, collecting the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors at a time when the Debtors are also focused on a sale process and stabilizing their business while transitioning into chapter 11.

10. The Debtors anticipate that they will require 7 days to complete the Schedules and Statements in addition to the 28 days provided under Local Rule 1007-1(b).[2] The Debtors therefore request that the Court establish August 1, 2023 (*i.e.*, 35 days after the Petition Date), as the date on or before which the Debtors must file their Schedules and Statements, without prejudice to the Debtors' ability to request additional time as necessary. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements within the additional time requested. Moreover, no party in interest will be prejudiced by the extension requested herein because the Debtors have financial and operational incentives to progress these Chapter 11 Cases as expeditiously as possible. To the contrary, the extension will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of the Chapter 11 Cases.

## NOTICE

11. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue

---

[2] Here, the Debtors have satisfied the requirements of Local Rule 1007-1(b).

Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided

## NO PRIOR REQUEST

12. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

[*Remainder of page intentionally left blank.*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

Dated: July 13, 2023

Respectfully submitted,

      */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*