**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:  July 27, 2023 at 9:30 a.m.**<br>**Objection Deadline:  July 20, 2023 at 4:00 p.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (B) GRANTING OTHER RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**," or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below.  In support of the Motion, the Debtors respectfully state as follows:

**RELIEF REQUESTED**

1.      By this Motion, pursuant to sections 105, 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors seek entry of the Order (a) authorizing, but not directing, the Debtors to retain and compensate the Ordinary Course Professionals (as defined below), effective as of the Petition Date (as defined below), pursuant to the proposed procedures

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

set forth in the proposed Order (the "**OCP Procedures**"),[2] without the need for filing formal retention or fee applications for each professional; and (b) granting related relief.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Motion are sections 105, 327, 328, and 330 of the Bankruptcy Code, rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

**A.      Overview**

5.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[2]      As further described below, the Debtors also seek to reserve the right to retain additional Ordinary Course Professionals from time to time during these Chapter 11 Cases, as the need arises, by filing a list or lists of such additional professionals and complying with the notice requirements set forth in the OCP Procedures.

2

Bankruptcy Code.  On July 11, 2023, the Office of the United States Trustee for the District of

Delaware (the "**U.S. Trustee**") appointed the official committee of the unsecured creditors (the

"**Committee**") for these Chapter 11 Cases.  No trustee or examiner has been appointed in these

Chapter 11 Cases.

6.      Additional factual background and information regarding the Debtors, including

their business operations, their corporate and capital structure, their restructuring activities, and

the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the

*Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions*

[D.I. 15] (the *"***First Day Declaration**").

### THE DEBTORS' ORDINARY COURSE PROFESSIONALS

7.      In the ordinary course of their businesses, the Debtors rely upon the professional

services of certain professionals, which may include attorneys, accountants, or other professional

persons (collectively, the "**Ordinary Course Professionals**").  Annexed as **Exhibit 1** to the Order

is a non-exclusive list of the Ordinary Course Professionals as of the date of the filing of this

Motion.  The Ordinary Course Professionals listed on **Exhibit 1** were retained prior to the Petition

Date and have performed services for the Debtors prepetition or have historically performed

services for the Debtors. The Debtors may also seek to employ additional Ordinary Course

Professionals as necessary in the course of these Chapter 11 Cases.

8.      The Debtors anticipate that they will continue to need such services following the

Petition Date as they continue to operate the Debtors' businesses as debtors in possession.  The

services provided by the Ordinary Course Professionals are not specific to the prosecution of the

Chapter 11 Cases, but are, instead, necessary to the day-to-day operation of the Debtors' businesses

RLF1 29296560v.1

or to otherwise provide professional services that do not pertain to the administration of these Chapter 11 Cases.

9.       As such, the Debtors seek entry of the Order authorizing the retention of the Ordinary Course Professionals without the need for filing formal retention applications for each professional pursuant to section 327 of the Bankruptcy Code, pursuant to the procedures set forth in the Order.

10.       Further, the Debtors request that they be permitted to pay each Ordinary Course Professional (without formal application to the Court by such professional) the fees and disbursements incurred by each Ordinary Course Professional, upon the submission to and approval by the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred, pursuant to the procedures set forth in the Order.  Among other points, the proposed OCP Procedures in the Order provide that during these Chapter 11 Cases, the fees of each Ordinary Course Professional set forth on **Exhibit 1** attached to the Order, excluding costs and reimbursable expenses, may not exceed the respective cap per month on average over a rolling three-month period (the "**OCP Cap**").

11.       If the compensation paid to the Ordinary Course Professionals exceeds the OCP Cap with respect to the respective Ordinary Course Professional, then the payments for such excess amounts shall be subject to (i) agreement by the OCP Notice Parties (as defined below) evidenced by filing of notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee.

RLF1 29296560v.1

12.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals hold an interest materially adverse to the Debtors, their creditors, or other parties in interest that would preclude such Ordinary Course Professionals from continuing to represent the Debtors.

13.     In addition, the Debtors propose that each Ordinary Course Professional be required to file (or the Debtors will file on their behalf) a declaration, substantially in the form attached to the Order as **Exhibit 2** (an "**OCP Declaration**"), in conformity with Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 prior to the receipt of any compensation.  The Debtors propose that all OCP Declarations be served by the Debtors upon: (i) the Committee and counsel, when appointed; and (ii) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin Hackman) (collectively, the "**OCP Notice Parties**").  The Debtors request that such parties be given fourteen (14) days from service of an OCP Declaration to object to the retention of such Ordinary Course Professional (the "**Objection Deadline**").  If any such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing or such other date otherwise agreeable to the Debtors, the Ordinary Course Professional, and objecting party and that the Court is available.  If no objection is submitted on or before the Objection Deadline, or if any objection submitted is timely resolved as set forth above, the Debtors request that, without further order from the Court, the retention, and compensation of the Ordinary Course Professionals be deemed approved.

14.     The Debtors further propose that for each quarter end during which these Chapter 11 Cases are pending, the Debtors shall file with the Court, not later than thirty (30) days following

the quarter end, and serve on the OCP Notice Parties a statement that includes the following information: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the reported Quarter broken down by month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the reported Quarter. The first report which will be due, will be for the period of Petition Date to September 30, 2023, and will be due no later than thirty (30) days following the quarter end, or October 30, 2023.

15.     The Debtors also request that they be authorized and empowered to retain additional Ordinary Course Professionals needed by the Debtors in the ordinary course of their business ("**Additional Ordinary Course Professionals**") without the need to file individual retention applications for each.  Instead, the Debtors will file with the Court a notice supplementing the list of Ordinary Course Professionals (the "**OCP List Supplement**") and an OCP Declaration for such Additional Ordinary Course Professionals.  The OCP List Supplement will list the name, address, and type of service of such Additional Ordinary Course Professionals.  The Debtors will serve the OCP List Supplement and OCP Declaration upon the OCP Notice Parties, and request that such parties be given fourteen (14) days after such service of the OCP Declaration to object to such retention.

## **BASIS FOR RELIEF**

16.     The Debtors may retain the Ordinary Course Professionals under sections 105, 327, 328, and 330 of the Bankruptcy Code.  Because the Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases, the Debtors do not believe the Ordinary Course Professionals are "professionals" within the meaning of section 327 of the Bankruptcy

RLF1 29296560v.1

Code.  *See In re First Merchs Acceptance Corp.*, No. 97-1500-JJF, 1997 WL 873551, at *3 (Bankr. D. Del. Dec. 15, 1997).  The *First Merchants* criteria are consistent with those utilized by other courts when examining the types of duties to be undertaken by a "professional."  *See, e.g.*, *Elstead v. Nolden (In re That's Entm't Mktg. Grp.)*, 168 B.R. 226, 229-30 (N.D. Cal. 1994) (retaining professionals whose duties are central to administration of estate requires prior court approval under section 327); *In re Madison Mgmt. Group, Inc.*, 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (finding no need for section 327 approval of fees of management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (determining that section 327 approval not necessary for "one who provides services to the debtor that are necessary whether the petition was filed or not").  Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion.  The relief sought herein is routinely granted in large chapter 11 cases.

17.    Although certain of the Ordinary Course Professionals may hold prepetition claims against the Debtors, the Debtors do not foresee that such claims will hinder any of the Ordinary Course Professionals from rendering services during the pendency of these Chapter 11 Cases. Moreover, the Debtors are not requesting authority by this Motion to pay any amounts owing to the Ordinary Course Professionals on account of services rendered prior to the Petition Date. Further, the Debtors submit that the Ordinary Course Professionals need not, at this time, waive such prepetition claims in order to be continued to be retained and paid under the proposed Order.

18.    The Debtors submit that the retention of the Ordinary Course Professionals in accordance with the requests set forth in this Motion is in the best interests of the Debtors' estates.

While the Ordinary Course Professionals with whom the Debtors have previously dealt generally wish to provide services to the Debtors on an ongoing basis, some might be unwilling to do so if they are only able to be paid on a regular basis through the formal fee application process applicable to the Debtors' restructuring professionals.  Moreover, if the expertise and background knowledge of certain of these Ordinary Course Professionals with respect to the particular areas and matters for which they were responsible prior to the Petition date are lost, the estates undoubtedly will incur additional and unnecessary expenses.  The Debtors will be forced to retain other professionals without such background and expertise.  It is in the best interest of the Debtors' estates to avoid any disruption in the professional services required in the day-to-day operation of their businesses.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

19.    To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that (x) the notice requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy Rule 6004(h) is waived.  Such waiver is warranted here because the retention of Ordinary Course Professionals is essential to prevent potentially irreparable harm to the Debtors' business, value, and ability to reorganize.

## NOTICE

20.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule

RLF1 29296560v.1

2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances,

such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

21.     No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.


[*Remainder of page intentionally left blank.*]

RLF1 29296560v.1

## CONCLUSION

22.    WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

Dated: July 13, 2023

Respectfully submitted,

     */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*