# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered) |

### ORDER (A) AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (B) GRANTING OTHER RELATED RELIEF

Upon the motion, dated July 13, 2023 (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, (a) authorizing, but not directing, the Debtors to retain and pay certain professionals (collectively, the "**Ordinary Course Professionals**") in the ordinary course of business on a postpetition basis and (b) granting other related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

held, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest; and after due deliberation thereon; and this Court having determined that there is sufficient cause appearing for the relief granted in this Order,

   **IT IS HEREBY ORDERED THAT:**

1.   The Motion is GRANTED as set forth herein.

2.   The Debtors are authorized, but not directed, to retain, compensate, and reimburse the Ordinary Course Professionals listed on the initial list attached hereto as **Exhibit 1** (the "**OCP List**"), which may be supplemented from time to time, in accordance with the following procedures (the "**OCP Procedures**"):

  a.  Within thirty (30) calendar days of the later of (i) the entry of an order granting this Motion and (ii) the date on which the Ordinary Course Professional commences postpetition services, each Ordinary Course Professional will provide to the Debtors and their counsel a declaration (each, an "**OCP Declaration**"), substantially in the form attached to the Order as **Exhibit 2**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be retained.

  b.  Upon receipt of an OCP Declaration, the Debtors will file the same with the Court and serve a copy on (i) counsel to the Creditors' Committee and any other statutory committee appointed in the Chapter 11 Cases, and (ii) the Office of the United States Trustee for the District of Delaware, 844 North King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin Hackman) (collectively, the "**OCP Notice Parties**"). If an Ordinary Course Professional fails to timely provide an OCP Declaration to the Debtors, the Ordinary Course Professional will automatically be deemed to be stricken from the OCP List or OCP List Supplement on which they were listed.

  c.  If the Debtors seek to retain an additional Ordinary Course Professional not already listed on the OCP List, the Debtors will file with the Court a

<ol type="a" start="3">
<li></li>
</ol>

    supplement to the OCP List (the "**OCP List Supplement**"), providing the name, address, and type of service of the additional Ordinary Course Professional. Within thirty (30) calendar days of the later of (i) the filing of the OCP List Supplement and (ii) the date on which the additional Ordinary Course Professional commences services, the additional Ordinary Course Professional will provide to the Debtors and their counsel an OCP Declaration, substantially in the form attached to the Order as **Exhibit 2**, certifying, among other things, that the additional Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be retained.

d.     The OCP Notice Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtors' counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "**Objection Deadline**").

e.     If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved twenty-one (21) days after the Objection Deadline, the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

f.     If no objection is filed before the Objection Deadline, or if any objection submitted is timely withdrawn or resolved, the Debtors will be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, effective as of the latest of (i) the Petition Date, (ii) if applicable, the date of the filing of the OCP List Supplement, or (iii) the date of engagement.

g.     No Ordinary Course Professional may be paid any amount for post-petition fees or expenses until such Ordinary Course Professional has been retained in accordance with the OCP Procedures.

h.     Subject to the Debtors' retaining an Ordinary Course Professional in accordance with the OCP Procedures, the Debtors may pay such Ordinary Course Professional 100% of the post-petition fees and expenses incurred (collectively, "**Compensation**") upon submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the Debtors may not pay Compensation to an Ordinary Course Professional in any amount in excess of the respective cap for such Ordinary Course Professional (as set forth under **Exhibit 1** attached to this Order) per month on average over a rolling three-month period (the "**OCP Cap**").

3

      i.      The OCP Caps for any or all Ordinary Course Professionals may be increased, prospectively or retroactively, by mutual agreement of the Debtors and the OCP Notice Parties; *provided*, *however*, that the Debtors shall file a notice of increased OCP Cap(s) (a "**Cap Increase Notice**") and the increased OCP Cap(s) will be deemed approved upon the filing of such Cap Increase Notice without further action by the Court.

      j.      To the extent an Ordinary Course Professional incurs Compensation in an amount that exceeds the respective OCP Cap (the full amount being the "**Excess Compensation**"), (i) the Debtors may pay such Excess Compensation upon agreement by the OCP Notice Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, the Ordinary Course Professional may file a fee application (a "**Fee Application**") in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330*, and any other procedures and orders of the Court in these Chapter 11 Cases. Each Fee Application shall be served upon the OCP Notice Parties. The OCP Notice Parties shall then have twenty-one (21) days to object to the Fee Application. If no objection is timely filed, the fees and expenses requested in the Fee Application shall be deemed approved without further order of the Court, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses.

      k.      At three (3) month intervals (each, a "**Quarter**") during the pendency of the Chapter 11 Cases, the Debtors shall file with the Court and serve on the OCP Notice Parties, no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the reported Quarter broken down by month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the reported Quarter. The first report which will be due, will be for the period of Petition Date to September 30, 2023, and will be due no later than thirty (30) days following the quarter end, or October 30, 2023.

3.      The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4. The Debtors are authorized, but not directed, to request the Ordinary Course Professionals to apply any unpaid retainer as of the Petition Date to the postpetition services provided by such Ordinary Course Professionals.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order, (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

6. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

7. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

8. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**EXHIBIT 1**

**Ordinary Course Professionals**

| Name | Description | OCP Cap |
|---|---|---|
| Ankura Intermediate Holdings, LP (DBA Ankura Consulting Group LLC) | Legal – Expert Witness | $90,000 |
| AP Expert Group LLC | Legal – Expert Witness | $25,000 |
| Bodman PLC | Legal | $5,000 |
| Brikho & Kallabat, P.C. (DBA Joseph Kallabat and Associates, PC) | Legal | $5,000 |
| Deloitte & Touche LLP | Internal auditor | $25,000 |
| Ernst & Young | Tax/NOL | $20,000 |
| Foley & Lardner LLP | Legal | $10,000 |
| FTI Consulting, Inc. | Legal – E-Discovery Services | $30,000 |
| Haynes and Boone, LLP | Legal | $30,000 |
| Kekst and Company, Incorporated | Communications | $70,000 |
| Lasky, LLC | Legal | $35,000 |
| Mercer Capital Management, Inc. | Accounting | $5,000 |
| Nelson Mullins Riley & Scarborough LLP | Legal | $10,000 |
| Potter Anderson & Corroon LLP | Legal | $10,000 |
| Prospect Law LLP | Legal | $5,000 |
| Robar Public Relations | Communications | $15,000 |
| RSM US LLP | Consulting | $10,000 |
| Socotec Advisory, LLC | Legal Consulting | $25,000 |
| Sullivan & Cromwell LLP | Legal | $200,000 |
| WIT Legal, LLC | Legal – Expert Witness | $10,000 |

# EXHIBIT 2

## OCP Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered) |

**DECLARATION IN SUPPORT OF RETENTION OF [FIRM]**
**AS PROFESSIONAL UTILIZED IN ORDINARY COURSE OF BUSINESS**

I, [name], pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief.

1. I am [a/an/the] [position] of [Firm], located at [address of Firm office] (the "**Firm**"), which has been retained by one or more of the debtors or debtors in possession (collectively, the "**Debtors**"), in the above captioned Chapter 11 Cases, in the ordinary course of the Debtors' businesses. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services. This Declaration is submitted in compliance with the *Order (A) Authorizing Retention and Payment of Professionals Utilized in the Ordinary Course of Business and (B) Granting Other Related Relief* (the "**Ordinary Course Professionals Order**"). I have reviewed the Ordinary Course Professionals Order, and I understand the limitations on compensation and reimbursement under such order.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29296560v.1

2.      On [●], the Debtors retained the Firm to provide [GENERAL CATEGORY OF SERVICES, E.G., "legal" or "accounting"] services (the "**Services**").  The Services include the following: [PLACEHOLDER FOR DESCRIPTION OF SERVICES].

3.      The Firm may have performed services in the past two (2) years, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases, including [PLACEHOLDER FOR LIST OF POTENTIALLY INTERESTED PARTIES TO WHICH THE FIRM HAS CONNECTIONS].  As part of its customary practice, the Firm is retained in [cases, proceedings, and transactions] involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.  The Firm does not perform services for any such person in connection with the Chapter 11 cases, or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

5.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

6.      [IF FIRM CHARGES BY MEANS OTHER THAN AN HOURLY RATE, REVISE THIS PARAGRAPH AND FOLLOWING PARAGRAPHS AS APPROPRIATE] The Firm intends to bill the Debtors for professional services rendered in connection with the Chapter 11 Cases, in accordance with the Ordinary Course Professionals Order, with such bill to include

compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm.  The principal [attorneys and paralegals/other professionals/employees] designated to represent the Debtors and their current standard rates are:

[PLACEHOLDER FOR LIST OF PROFESSIONALS AND HOURLY RATES CHARGED TO THE DEBTORS]

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Such rates are the Firm's standard rates for work of this nature.  The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals/other professionals] / [employees] and to cover fixed and routine overhead expenses.

8. It is the Firm's policy to charge its clients for all other expenses incurred in connection with a client's representation.  The expenses charged to clients include, among other things, [PLACEHOLDER FOR DESCRIPTION OF EXPENSES] [and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client].  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

9. No representations or promises have been received by the Firm, nor by any principal, partner, director, officer, or professional thereof, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

10. As of June 27, 2023 (the "**Petition Date**"), the Debtors owed the Firm $[●] for fees and expenses incurred for prepetition services.

11. As of the Petition Date, the Firm held a prepetition retainer of $[●].

12. The Firm [does / does not] keep time records in one-tenth of an hour increments in the ordinary course of business. [IF THE FIRM DOES NOT KEEP TIME IN ONE-TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT OR, ALTERNATIVELY, HOW THE AMOUNT OF THE BILL IS DETERMINED.]

13. As of the Petition Date, the Firm [was / was not] party to an agreement for indemnification with the Debtors. [A copy of that indemnification agreement is attached hereto.]

14. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Name:
Title:
Firm:
Address:
Telephone:
Email: