IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date:  July 27, 2023 at 9:30 a.m.**<br>**Objection Deadline:  July 20, 2023 at 4:00 p.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS**

　　　　　The debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") pursuant to sections 105 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") establishing procedures for interim compensation and reimbursement of expenses for chapter 11 professionals and committee members, and respectfully represent as follows:

---

[1] 　The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**BACKGROUND**

**I.     General Background**

1.     On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

2.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**First Day Declaration**").

**II.    Background Facts Specific to the Motion**

3.     On July 6, 2023, to assist them in connection with the Chapter 11 Cases, the Debtors have filed applications to retain (i) White & Case LLP ("**White & Case**") as bankruptcy counsel; (ii) Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel; (iii) Jefferies LLC ("**Jeffries**") as investment banker; (iv) Silverman Consulting ("**Silverman**") as restructuring

advisor; and (v) Kurtzman Carson Consultants LLC ("**KCC**") as administrative advisor.[2] *See* D.I. 87-91. The Debtors may file additional applications in the future to retain other professionals pursuant to section 327(a) or (e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1. Moreover, the Committee will seek to retain counsel and other professionals to represent and advise the Committee (such counsel or other professionals of the Committee, together with White & Case, RL&F, Jeffries, Silverman, KCC, and any other professional retained in these Chapter 11 Cases pursuant to section 327(a) or (e) of the Bankruptcy Code, the "**Professionals**," or each, a "**Professional**").

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

4. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested by this Motion are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## RELIEF REQUESTED

7. By this Motion, the Debtors seek entry of the Order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, establishing

---

[2] On June 28, 2023, the Court entered an order [D.I. 54] appointing KCC as claims and noticing agent pursuant to section 156(c) of the Bankruptcy Code.

3

an orderly, regular process for allowance and payment of compensation and reimbursement of expenses for Professionals whose services are authorized by this Court and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, thereby enabling the Court and all parties in interest to monitor fees incurred more effectively and on a current basis. In addition, the Debtors seek entry of an order establishing a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee.

8. <u>Proposed Monthly Compensation Procedures</u>. Specifically, the Debtors request that the Professionals be permitted to be compensated for services rendered and reimbursed for expenses incurred pursuant to monthly interim applications in accordance with the following procedures (the "**Compensation Procedures**"):

(a) **<u>Monthly Fee Applications.</u>** No earlier than the 20th day of each calendar month, each Professional seeking interim compensation may file an application (a "**Monthly Fee Application**") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month and serve a copy of such Monthly Fee Application on the following parties in accordance with the Local Rules (collectively, the "**Notice Parties**"):

  i. the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll);

  ii. proposed counsel to the Debtors:

   a. Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801 (Attn: Daniel J. DeFranceschi, Esq.), and

   b. White & Case LLP, 1221 Avenue of the Americas New York, NY 10020 (Attn: David M. Turetsky, Esq.) and 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Fan B. He, Esq.);

      iii.    the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq.); and

      iv.    counsel to the Committee appointed in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

(b)    Each Professional may file its first Monthly Fee Application on or after August 20, 2023, which shall cover the period from the Petition Date through and including July 31, 2023.

(c)    All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

(d)    Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the twentieth (20th) day after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon expiration of the Objection Deadline, the Professional may file a certificate of no objection consistent with Local Rule 9013-1(j) with the Court after which the Debtors are authorized to pay each Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of:

      i.    80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**"); and

      ii.    80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (e) below.

(e)    If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection with the Court on or before the Objection Deadline and serve its objection on the affected Professional and each of the Notice Parties. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either:

      i.    file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "**Incremental Amount**"); or

      ii.    forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

(f)    **Interim Fee Applications.** Beginning with the period ending September 30, 2023, at three-month intervals or at such other time convenient to the Court, each

5

      of the Professionals shall file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "**Interim Fee Period**").

(g)     The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.

(h)     Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. E.g., each Professional shall file its first Interim Fee Application on or before November 14, 2023, which Interim Fee Application will cover the period from the Petition Date through and including September 30, 2023.

(i)     The Debtors shall request a hearing on pending Interim Fee Applications every three months or at such other intervals as the Court deems appropriate.

(j)     If an Interim Fee Application is allowed by order of the Court, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

(k)     **General Provisions.** The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(l)     Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

(m)     Professionals shall file final applications for compensation and reimbursement (collectively, the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

(n) Only the Notice Parties are required to be served with the Monthly Fee Applications and Interim Fee Applications.[3]

(o) The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

(p) All time periods referenced in these Compensation Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

9. Committee Member Expenses: The Debtors propose that the members of the Committee be permitted to seek and receive reimbursement of reasonable and documented out-of-pocket expenses actually incurred in connection with Committee membership (excluding Committee member counsel). Each Committee member may submit statements of expenses and supporting vouchers and receipts to Committee counsel who will collect the same and based thereon submit a comprehensive request for reimbursement to the Debtors in accordance with the procedures for Professionals.

**BASIS FOR RELIEF**

10. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

---

[3] If any other party requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

11 U.S.C. § 331. Absent an order of this Court, section 331 of the Bankruptcy Code allows Professionals rendering services in these Chapter 11 Cases to receive payment of fees and expenses only three times per year.

11. Congress' intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 4142 (1978).

12. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As demonstrated below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have approved

interim compensation procedures to avoid having the Professionals fund the debtor's reorganization proceedings.  *See id*. at 897.

13.     The Compensation Procedures proposed herein will enable the Debtors to monitor closely the costs of administration, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, these procedures will also allow the Court and the key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

## NOTICE

14.     Notice of this Motion shall be provided on the date hereof to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

15.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 13, 2023<br><br>Respectfully submitted,<br><br>    */s/ Jason M. Madron*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br><br>Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com | **WHITE & CASE LLP**<br><br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Proposed Co-Counsel to Debtors and Debtors in Possession* |