# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order re Motions *in Limine*

Plaintiff Karma Automotive LLC ("Karma") and Defendant Lordstown Motors Corp., *et al.* (collectively "Lordstown") move the Court for relief by way of Motions *in Limine*. The Court now enters its rulings.

I.      Karma's Motions *in Limine*.

   A.   Motion *in Limine* No. 1: "Unique" Qualifier.

Karma seeks an order to bar Lordstown from using the term "unique" when inquiring about Karma products or elements in the context of this trade secret case. (Docket No. 309.) For example:

> "So aside from the information that Karma obtains through its infotainment system does Karma's infotainment system have any other unique features?" (See Elley Dep. (9/1/22) at 223:16-19, relevant portions attached as Exhibit 1) (emphasis added)

(Motion, p. 5; pagination per docket.) Lordstown has filed an opposition (Docket No. 372), and Karma has replied (Docket No. 399).

The essence of Karma's argument is that the term "unique" does not appear in the language of the California Uniform Trade Secret Act ("CUTSA") or the parallel federal statute, the Defense Trade Secret Act ("DTSA"), and uniqueness is not a requirement for a trade secret. (Motion, pp. 5-6.) Karma posits that use of the term would lead to jury confusion. (Fed. R. Evid. 403.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

Lordstown agrees that uniqueness *per se* is not a trade secret requirement, but marshals cases which note that uniqueness can be part of the analysis, including whether the trade secret is generally known. (Opposition, pp. 2-4; pagination per docket.) Lordstown also points out that Karma's experts and officers have used the term in describing Karma's products. (Id., p. 3.)

Any confusion about the role of uniqueness in the trade secret analysis can be cured through final jury instructions.[1]

The Motion is denied.

B. Motion *in Limine* No. 2: Consequences of Adverse Verdict.

Karma seeks an order to exclude any testimony or evidence that a verdict against Lordstown would have adverse consequences for the company and its position in the market and the individual defendants. (Docket No. 311.) Lordstown has filed an opposition (Docket No. 373), and Karma has replied (Docket No. 400).

Such evidence is not relevant, and clearly more prejudicial and than probative. Figueroa-Tores v. Toledo-Davila, 232 F.3d 270, 276 (1st Cir. 2000); Fed. R. Evid. 403.

Lordstown focuses on the fact that Karma requests punitive damages. (Opposition, p. 2.) First, the Court intends to bifurcate punitive damages. The first phase would include all substantive claims and punitive liability.[2] Second, the Court agrees that such evidence might be relevant in a separate punitive damages phase where the financial condition of the defendants will be relevant to assessing punishment. If the trial reaches a second phase, the Court will revisit with the parties just what type of evidence would be relevant.

---

[1] Given the pivotal role of the trade secret concept in this case, the Court is considering including a definition of trade secret in its initial jury instructions. An instruction at the outset would nip in the bud any confusion. (See Reply, p. 3.) The parties are directed to jointly submit their proposed instruction or instructions not later than January 6, 2023.

[2] To the extent that Karma seeks punitive damages under California law, bifurcation is mandatory. Cal. Civ. Code § 3295.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

The Motion is granted in part and reserved in part.

C. <u>Motion *in Limine* No. 3: Karma's Parent Corporations.</u>

Karma seeks an order to exclude any testimony or evidence concerning Karma's parent, Wanxiang USA, and it ultimate parent Wanxiang Group Corporation, a Chinese corporation based in China. (Docket No. 309-5.) Lordstown has filed an opposition (Docket No. 392, and Karma has replied (Docket No. 398-1).

There is no secret that at present there are substantial tensions between the United States and China. This is so with regard to national security as well as the causes of the Codiv-19 pandemic. Lordstown indicates that it "will not unnecessarily mention Wanxiang Group's nationality, much less in an inflammatory manner." (Opposition, p. 2.)

There are really two issues here: the corporate interactions between Karma and its parent corporations and the identity of those corporations. The first topic is relevant on a number of different levels, including funding, direction of Karma's activities, and profitability. Such evidence is admissible without any obvious danger for prejudice. Indeed, the substantive analysis would be the same whether the corporations were in China or Kalamazoo.

With regard to the second issue, the Court sees no need to refer to the citizenship of either parent. Lordstown agrees. (Opposition, pp. 2-3.) In any event, the jury is likely to infer from their names that they are Chinese or affiliated with Chinese companies. Express references to China carry a potential for prejudice, and the Court sees not offsetting probative value.

Lordstown shall not refer to the location or citizenship of either parent. All other relief is denied.

D. <u>Motion *in Limine* No. 4: Bankruptcy and Downsizing.</u>

Karma seeks an order to exclude any testimony or evidence that Karma has considered filing for bankruptcy and mischaracterization of Karma's workforce reductions. (Docket No. 309-6.) Lordstown has filed an opposition (Docket No. 393),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

and Karma has replied (Docket No. 398-2).

The Court finds that evidence of bankruptcy consideration both speculative and remote to the basic trade secret issues. Whether employees were concerned about the company's financial stability in light of bankruptcy rumors says nothing about whether there was a scheme to steal Karma's trade secrets. In its reply, Karma marshals a number of authorities for the proposition that bankruptcy was not relevant to the performance of the party or its employees. (Reply, pp. 4-5.) The Court finds these case convincing. This is particularly so where no bankruptcy filing was ever made. There is prejudice with not offsetting probative value. (Fed. R. Evid. 403.)

With regard to Karma's financial condition generally and its downsizing efforts, these topics shed light on issues other than liability itself, including damages, whether the new-business rule applies, and Karma's general ability to perform.

The Motion is granted in part.

E. <u>Motion *in Limine* No. 5: Witness Exclusion.</u>

Karma seeks an order to exclude certain witnesses for failure to make proper and timely disclosures. (Docket No. 376.) Lordstown has filed an opposition (Docket No. 376), and Karma has replied (Docket No. 403).

A. <u>Legal Standards.</u>

The Federal Rules require witness disclosure as part of each party's initial disclosures:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

(Fed. R. Civ. P. 26(a)(1)(A)(i).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-2104 JVS (DFMx)                              Date   December 12, 2022

Title   Karma Automotive LLC v. Lordstown Motors Corp. et al.

Failure to disclose carries consequences. Rule 37(c)(1) of the Federal Rules of Civil Procedure establishes a self-executing sanction for failing to make required disclosures: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Yetti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001). The Rule also provides for alternate sanctions:

> In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(Fed. R. Civ. P. 37(c)(1).)

  B.  Discussion.

Karma contends that Lordstown failed to make timely disclosure of certain witnesses, and disclosed them for the first time on its trial witness list:

- Adam Kroll, Chief Financial Officer of Lordstown

- Michael Porter, VP of Finance and Controller of Lordstown

- John Cazort, real estate agent for Lordstown; and

- Kevin Pavlov, Evan Bontrager, and Weian Huang, all current or former Karma employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

None were disclosed in any initial or supplemental disclosures.

Initially, Lordstown invokes the commentary to Rule 37 which notes that a failure to disclose a person "known to all parties" does not warrant exclusion. (Fed. R. Civ. P. 37(c), 1993 Advisory Note.)

Lordstown contends that each non-disclosure is substantially justified or harmless.

*Kroll.* He served as Lordstown's chief financing officer, clearly a position of high visibility.

*Port.* He was the corporate controller. Again, he was in a position of high visibility.

*Pavlov.* As CEO for most the relevant period, he was clearly known to Karma. He was listed in Karma's disclosures. (Opposition, Ex. D, p. 9.)

*Cavort.* He is identified in both the original and amended complaints and in at least one interrogatory response. This is a sufficient disclosure.

*Bontrager.* Again, he was disclosed in Karma's disclosures. (Id.)

*Huang.* Huang provided a declaration as part of Lordstown's opposition to Karma's motion for a preliminary injunction. (Docket No. 137-18.) Ironically, he is listed in Karma's initial disclosure. (Opposition, Ex. D.)

In its reply, Karma acknowledges that Karma itself disclosed four of the six witnesses. (Reply, p. 3.) The fact that Karma will not be calling them does not blunt the force of its own disclosures.

In short, none of these witnesses were hiding in the woods for the duration of pretrial preparation. The Court finds that the failure to make formal Rule 26 disclosures for these witnesses is harmless.

Nevertheless, the Court orders Lordstown to file a one-page summary of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-2104 JVS (DFMx)                           Date   December 12, 2022

Title     Karma Automotive LLC v. Lordstown Motors Corp. et al.

testimony for both Port and Kroll within 25 days. The Court will revisit this portion of the motion at that time.

Separately, Karma seeks to exclude evidence concerning the technology in its Endurance pickup truck. (Motion, pp. 6-7.) Lordstown notes that it represented to the Magistrates that there were no final technology documents to produce because the Endurance is still in development. (Opposition, p. 4.) The fact that technoloy may be developing in "real time" is beside the point in terms of fair discovery on the issues for trial. Lordstown states that it has "no intention of supplementing its document productions in this case or of offering any new documents at trial." (Opposition, p. 5.) The Court will hold Lordstown to the representation. At some point, the discovery record must be closed. Moreover, a litigant should be barred not only from hiding the ball but also creating after the fact new balls. Such a rule is hardly arbitrary. This ruling extends to both documents and witnesses.

This portion of the Motion is granted to the extent indicated.

II.    Lordstown's Motions *in Limine.*

A.    Motion *in Limine* No. 1: Confidential Markings.

Lordstown seeks an order to exclude documents which bear confidential markings such as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to the protective order in this case (see Docket No. 31). (Docket No 325.) Karma has filed an opposition (Docket No. 357), and Lordstown has replied (Docket No. 414).

Lordstown contends that such markings are prejudicial in that they provide a substantive comment about the content of a document. The Court agrees. In a trade secret case, where one of the elements is maintaining the secrecy, or confidentiality, of information, the jury might infer that the Court has found such documents meet the requirement based on Court-approved markings. The proponent of a trade secret carries the burden to show that secrecy was observed without any assistance from markings pursuant to the protective order.

Markings pursuant to the protective order are both irrelevant and potentially confusing. (Fed. R. Evid 402, 403.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-2104 JVS (DFMx)                            Date   December 12, 2022

Title   Karma Automotive LLC v. Lordstown Motors Corp. et al.

     Karma claims that redaction would be too burdensome, and could be cured with an instruction. Given the pervasiveness with which the parties self-determined confidential status and so marked documents, an instruction is unlikely to be effective. The Court highly doubts that Karma will use all of the 1,296 documents which it has identified in its exhibit list, and the same is true of the 467 documents which Lordstown has identified. (Docket No. 369, Exs. A, B.) Thus, the burden is largely of the parties' own making and can be reduced by the parties when they choose what specific documents to actually use at trial.

     Separately, the Court will take steps to preserve the confidentiality of such documents, including withholding such documents from public inspection unless the parties are consulted.

     Of course, if an original was marked by a party as confidential or similarly during the regular course of business, this ruling would not affect those markings.

     The Motion is granted.

     B.   Motion *in Limine* No. 2: Spoliation Issues.

     Lordstown seeks to exclude evidence that the Court imposed monetary sanctions on Darren Post and Lordstown itself in connection Karma's spoliation motions (Docket No. 189 ["February Order"). (Docket No. 326.) Karma has filed an opposition (Docket No. 356-1), and Lordstown has replied (Docket No. 415).

     The Court sees two issues here: the actual conduct of Post and Lordstown and the Court's rulings and the imposition of sanctions

     Even where conduct falls short of spoliation, and all its specific requirements, an opposing party is entitled for a variety of reason to introduce evidence of how a party handled potential evidence. Manufacturing Automation and Software Systems, Inc. v. Hughes, 2019 WL 266970 at * 6 (C.D. Cal. Jan 15, 2019); Nuvasive, Inc. v. Madsen Medical, Inc., 2016 WL 305096 at * 5 (S.D. Cal. Jan. 26, 2016.) There was unquestionably document destruction here. Such evidence may, for example, go to the issue of whether various defendants here violated their fiduciary duties. It may also go to their veracity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-2104 JVS (DFMx) | Date | December 12, 2022 |
| Title | Karma Automotive LLC v. Lordstown Motors Corp. et al. | | |

      The Court's actual rulings, including the imposition of monetary sanctions, are irrelevant, and in any event are more prejudicial that probative. (Fed. R. Evid. 403.) There shall be no reference to sanctions or the findings in the Court's February Order.

      As noted in its February Order, the Court has reserved the question of what sanctions if any should be awarded on the basis of defendants' conduct (February Order, p. 10.) The Court will revisit the issue in settling the instructions after all the evidence is in.

      C. <u>Motion *in Limine* No. 3: Other Investigations.</u>

      Lordstown seeks to exclude evidence of other investigations and procedings involving Lordstown, including SEC and Department of Justice investigations. (Docket No. 327.) Karma has filed an opposition (Docket No. 356-3), and Lordstown has replied (Docket No. 416).

      The Court grants the Motion.

      Litigation and investigations regarding pre-order misrepresentations have no bearing on this trade secret dispute. (Fed. R. Evid. 402.) The Court rejects the notion that such litigation shows Lordstown's motive for engaging in theft of trade secrets. Of course, such misrepresentations made to Karma during the course of the parties' dealings would be relevant and permissible. Such evidence is otherwise more prejudicial than probative, and is likely consume an undue amount of time, litigating multiple cases within cases. (Fed. R. Evid. 403.)

      * * * * * * * * * * * * *

      **Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-2104 JVS (DFMx)                               Date   December 12, 2022

Title   Karma Automotive LLC v. Lordstown Motors Corp. et al.

                                                                             :        0

                                                    Initials of Preparer   lmb