**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>**Re: D.I. 82, 122**<br><br>**Objection Deadline:**<br>July 20, 2023 at 4:00 p.m. (ET) (Extended upon agreement for the Committee) |

**THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS' OBJECTION TO KARMA
AUTOMOTIVE LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to *Karma Automotive LLC's Motion for Relief from the Automatic Stay* (D.I. 82) (the "Motion"):[2]

**PRELIMINARY STATEMENT**

1. The Debtors' objection (D.I. 122) thoroughly lays out the factual and legal bases for denial of the Motion filed by Karma Automotive LLC ("Karma"), and the Committee will not waste the Court's time or the estates' resources by reiterating them here.[3] However, the Committee believes it is important to emphasize that granting a motion for stay relief at this point—when the case has been pending for less than a month and the newly-appointed Committee

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not defined herein are ascribed the definitions provided to them in the Motion.

[3] The Committee adopts and incorporates by reference the arguments made by the Debtors in their objection.

160129701v6

has had counsel for just seventy-two hours—would be extraordinarily premature and prejudicial to the Committee's constituents as well as the rest of the Debtors' constituencies.

2. Given the size of Karma's claim, their resolution could mean the difference between unsecured creditors getting paid in full with interest, or recovering, at best, mere pennies on the dollar. The lawsuit pending in the district court in California is nothing short of "bet the farm" litigation for these Debtors. The Committee must be afforded a free and full opportunity to get its arms around the complex factual and legal issues in the litigation, understand each side's position, and explore the possibility of a more economical resolution (or, alternatively, whether to intervene as of right in the District Court Case).[4] It will be unable to do so if the Court lifts the automatic stay now.

3. The automatic stay provides critical breathing room not just to the Debtors, but for Committee and the unsecured creditors whose interests it represents. The Court should not strip creditors of the protections of the automatic stay at this early juncture.

## BACKGROUND

4. On June 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

5. On July 5, 2023, Karma filed the Motion with an objection deadline of July 19, 2023 and a hearing date of July 27, 2023, which objection deadline was extended by Karma for the Committee until July 20, 2023.

---

[4] The Committee understands that as a result of the protective order entered in the District Court Case, numerous key documents are under seal, including statements of fact, declarations, motions and briefs. This makes it virtually impossible for the Committee and others to quickly analyze the merits of the litigation and to prudently formulate a recommendation regarding how to properly and economically move forward at this very early stage of the bankruptcy case.

-2-

6. On July 11, 2023, the Office of the United States Trustee for the District of Delaware appointed the Committee. *See* D.I. 99.

7. On July 17, 2023, the Committee selected Troutman Pepper Hamilton Sanders LLP as its counsel.

## **OBJECTION**

8. The purpose of the automatic stay is not merely to provide debtors with "a breathing spell from creditors," but to protect creditors from the harm caused by the unilateral actions of individual creditors. *In re Zinchiak*, 406 F.3d 214, 219 n.2 (3d Cir. 2005) (quoting *McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509 (3d Cir.1997)); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 117 (Bankr. D. Del. 2001) (noting that "there is no question that the automatic stay is designed to protect debtors and creditors alike") (citation omitted). The stay's purpose of protecting creditors is clearly implicated by Karma's Motion. As the Debtors persuasively argue, the expense of defending the District Court Case through trial and appeals could threaten the Debtors' restructuring. *See* D.I. 122 ¶ 40. It would certainly put creditor recoveries at risk, including those of Karma itself.

9. Furthermore, if the Motion is granted, not only would the Debtors, their management and professionals be dragged into the vortex of costly and protracted litigation and appeals, the Committee and its professionals would have little choice but to follow. The Committee has an unconditional right under Rule 24 of the Federal Rules of Civil Procedure and § 1109(b) of the Bankruptcy Code to intervene in the District Court Case. *See Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 12401 (3d Cir. 1994). Given the size of Karma's claim and its potential impact on creditor recoveries, the Committee's fiduciary duties would almost certainly mandate that it intervene in the case and seek a continuance of the trial while it gets fully up to speed,

reviews millions of pages of documents and deposition transcripts, considers retaining its own experts, and files its own briefs.

10. Not only would this further drain the estates' resources, but it would pull the Committee away from its core duties in these cases. The Committee, while working tirelessly since its appointment and retention of counsel, has just begun the critical work of evaluating and participating in the Debtors' proposed sale process, delving into the Debtors' financials, assets and liabilities, and investigating the facts and circumstances that led to the Debtors' bankruptcy filing. As of the filing of this Objection, the Committee has not had sufficient time to finish interviewing and retaining a financial advisor to assist in analyzing not only the Karma litigation but also the myriad of other complex case specific issues that exist. At this early stage in these bankruptcy cases, the main focus for both the Debtors and the Committee must be the creation and maximization of value for the estates and all creditors. Matters related to claim disputes and allowance must take a backseat to that goal.

11. Even if the Court were to conclude that the issues raised by Karma in the District Court Case must be resolved in order for the Debtors' sale process to move forward (and to be clear, the Committee does not yet have the facts it needs to evaluate whether that may be the case), that conclusion does not lead inexorably to the lifting of the automatic stay, the re-commencement of years of litigation and appeals, and the dissipation of the Debtors' remaining cash. Delaying the Debtors' proposed sale process for the years that it will take to get the "final, non-appealable judgment" that Karma seeks (Motion ¶ 31) runs counter to the "prompt and effectual administration" of the estates. *Katchen v. Landy*, 382 U.S. 323, 328–29 (1966). As a practical matter, it would also foreclose any possibility of a going concern sale and thus materially reduce the potential realizable value of the Debtors' assets.

12. There are many alternative dispute resolution vehicles that are likely to be more efficient, effective and economical than the path Karma proposes. For example, the Debtors have proposed an estimation proceeding. *See* D.I. 108. While the Committee has not yet formed a view on whether estimation is the right way to go,[5] the Committee believes it is certainly worth exploring. Court-ordered mediation or case evaluation are also options that can be considered. Defaulting to a full-blown litigation and appeals process should be the last resort, not the first choice.

## CONCLUSION

For the reasons set forth above, the Committee respectfully requests that this Court enter an order denying the relief requested in the Motion, and granting such other relief as this Court deems just, equitable and appropriate.

*[Signature page follows]*

---

[5] The Debtors have extended the Committee's time to respond to the estimation motion until July 24, 2023.

160129701v6

Dated: July 20, 2023  
Wilmington, Delaware

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

*/s/ Marcy J. McLaughlin Smith*
David M. Fournier (DE No. 2812)  
Marcy J. McLaughlin Smith (DE No. 6184)  
Tori L. Remington (DE No. 6901)  
Hercules Plaza, Suite 5100  
1313 N. Market Street  
Wilmington, DE 19801  
Telephone: (302) 777-6500  
Fax: (302) 421-8390  
E-mail: david.fournier@troutman.com  
        marcy.smith@troutman.com  
        tori.remington@troutman.com

Francis J. Lawall (admitted *pro hac vice*)  
3000 Two Logan Square  
18th & Arch Streets  
Philadelphia, PA 19103-2799  
Telephone: (215) 981-4451  
Fax: (215) 981-4750  
Email: francis.lawall@troutman.com

-and-

Deborah Kovsky-Apap (admitted *pro hac vice*)  
875 Third Avenue  
New York, NY 10022  
Telephone: (212) 808-2726  
Fax: (212) 704-6288  
Email: deborah.kovsky@troutman.com

- and -

Sean P. McNally (admitted *pro hac vice*)  
Troutman Pepper Hamilton Sanders LLP  
4000 Town Center, Suite 1800  
Southfield, MI 48075  
Telephone: (248) 359-7317  
Fax: (248) 359-7700  
Email: sean.mcnally@troutman.com

*Proposed Counsel to the*  
*Official Committee of Unsecured Creditors*

160129701v6