IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>**Re: D.I. 108**<br><br>**Objection Deadline:**<br>July 24, 2023 at 11:00 a.m. (ET) (Extended for the Committee by agreement) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING DEBTORS' MOTION UNDER 11 U.S.C. §§ 502(c) AND 105(a) FOR ENTRY OF ORDERS (I) ESTABLISHING PROCEDURES AND SCHEDULE FOR ESTIMATION PROCEEDINGS AND (II) ESTIMATION OF THE AMOUNT OF THE CLAIM HELD BY KARMA AUTOMOTIVE LLC**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, files this statement regarding the *Debtors' Motion under 11 U.S.C. §§ 502(c) and 105(a) for Entry of Orders (I) Establishing Procedures and Schedule for Estimation Proceedings and (II) Estimation of the Amount of the Claim Held By Karma Automotive LLC* [D.I. 108] (the "Motion")[2] and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  These chapter 11 cases present a unique opportunity: the Debtors filed for bankruptcy with approximately $136 million of cash on hand and have no meaningful secured debt. Thus, there is every reason to believe that general unsecured creditors should receive a full

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

160350673v1

recovery—*if* the estates are administered wisely. To that end, the Committee is intent on ensuring that operating expenses, litigation costs and restructuring fees are carefully budgeted and monitored.

2. As discussed at length in the Committee's *Objection to Karma Automotive LLC's Motion for Relief from the Automatic Stay* [D.I. 128], the re-commencement of years of litigation and appeals with Karma would result in massive costs, delay and harm to the estates and their creditors. The major stakeholders in these cases are represented by highly experienced, competent and creative professionals. It is incumbent upon all of them to find a way to reach a good-faith solution that preserves and maximizes creditor recoveries without dissipating the estates' resources in litigation. If such a solution cannot be achieved in the near term, then the Debtors should escrow $20-30 million of cash to ensure that those funds remain available to pay substantially all undisputed general unsecured claims.

## BACKGROUND

3. On June 27, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

4. On July 11, 2023, the Office of the United States Trustee for the District of Delaware appointed the Committee. *See* D.I. 99.

5. On July 13, 2023, the Debtors filed the Motion. *See* D.I. 108.

6. On July 17, 2023, the Committee selected Troutman Pepper Hamilton Sanders LLP as its counsel.

## STATEMENT

7. Karma has asserted claims for damages against the Debtors totaling nearly $1 billion. It is beyond cavil that both the substantive resolution of those claims and the manner in which they are resolved could mean the difference between unsecured creditors getting paid in full

with interest, or recovering, at best, mere pennies on the dollar. The Committee believes that the Debtors' proposal for estimation procedures under § 502(c) of the Bankruptcy Code is worth serious consideration by this Court.

8. Karma argues that its claims cannot be estimated by the Court, because any estimation necessarily must determine whether intellectual property that the Debtors seek to sell is property of the estate, something that Karma asserts requires an adversary proceeding. *See* D.I. 126 ¶¶ 32-33. It is not clear to the Committee that this is the case; while the Committee's investigation has just begun, and the Committee does not yet have the facts needed to perform a full analysis, it certainly seems possible that the dollar amount of Karma's claim could be fixed without a determination that any of the assets that the Debtors currently hold belong to Karma.

9. Nor is the Committee persuaded that the Debtors' ownership of disputed assets (as distinct from its damages claim) necessarily must be determined—by adversary proceeding or otherwise[3]—prior to a sale. Even if the Court were to find that the Debtors cannot sell the contested property free and clear of interests pursuant to § 363(f)(4)'s "bona fide dispute" provision, it could certainly authorize the sale subject to the dispute. That is precisely what this Court did in the *AFA Investment* case. In that case, a landlord asserted ownership over valuable fixtures, equipment and assets located at the leased property. The Court entered a sale order finding that "[t]he Seller is the sole and lawful owner of the Purchased Assets, *provided that* certain of the Purchased Assets are subject to ownership disputes with the Landlord . . . . The Ownership Disputes have been fully disclosed to the Buyer, and the Buyer is purchasing the Purchased Assets subject to, and is

---

[3] The Committee takes no position as to whether an adversary proceeding is required under the circumstances presented here.

assuming all risk with respect to the outcome, if any, of these Ownership Disputes." *In re AFA Investment Inc.*, Case No. 12-11127-MFW (Bankr. D. Del. June 26, 2012) [D.I. 393, ¶ X].

10. However, one thing is clear to the Committee: whether it is an estimation proceeding, court-ordered mediation, conciliation, neutral evaluation or another vehicle, some form of alternative dispute resolution is absolutely necessary here. The prompt and efficient liquidation of Karma's damages claim is critical to the estates' ability to determine the unsecured claims pool, negotiate a plan, and make distributions to unsecured creditors. While the Committee has yet to see a cash flow forecast from the Debtors, it understands that the cash is flowing in just one direction—out. The longer the delay in liquidating Karma's claim, and the greater the expense incurred in doing so, the less likely it is that general unsecured creditors will be paid in full.

## **CONCLUSION**

For the foregoing reasons, the Committee respectfully requests that this Court consider the full range of alternative dispute resolution mechanisms at its disposal, including but not limited to the estimation procedures proposed by the Debtors, and grant such relief as the Court deems just, equitable and appropriate.

*[signature page follows]*

Dated: July 24, 2023　　　　　　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

| | |
|---|---|
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Francis J. Lawall (admitted *pro hac vice*)<br>3000 Two Logan Square<br>18th & Arch Streets |
| */s/ Tori L. Remington*<br>David M. Fournier (DE No. 2812)<br>Marcy J. McLaughlin Smith (DE No. 6184)<br>Tori L. Remington (DE No. 6901)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Telephone: (302) 777-6500<br>Fax: (302) 421-8390<br>E-mail: david.fournier@troutman.com<br>　　　　marcy.smith@troutman.com<br>　　　　tori.remington@troutman.com | Philadelphia, PA 19103-2799<br>Telephone: (215) 981-4451<br>Fax: (215) 981-4750<br>Email: francis.lawall@troutman.com<br><br>-and-<br><br>Deborah Kovsky-Apap (admitted *pro hac vice*)<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 808-2726<br>Fax: (212) 704-6288<br>Email: deborah.kovsky@troutman.com<br><br>- and -<br><br>Sean P. McNally (admitted *pro hac vice*)<br>Troutman Pepper Hamilton Sanders LLP<br>4000 Town Center, Suite 1800<br>Southfield, MI 48075<br>Telephone: (248) 359-7317<br>Fax: (248) 359-7700<br>Email: sean.mcnally@troutman.com<br><br>*Proposed Counsel to the*<br>*Official Committee of Unsecured Creditors* |