IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 91** |

**CERTIFICATION OF NO OBJECTION REGARDING "DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS
ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE" [D.I. 91]**

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection, or any other responsive pleading to the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date* [D.I. 91] (the "**Application**") filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") on July 6, 2023.

The undersigned further certifies that he has reviewed the Court's docket in these cases and no answer, objection, or other responsive pleading to the Application appears thereon. Pursuant to the *Notice of Application and Hearing* filed contemporaneously with the Application, responses to the Application were to be filed no later than 4:00 p.m. (Eastern

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29315162v.1

Daylight Time) on July 20, 2023 (the "**Objection Deadline**"[2]).  The Debtors therefore respectfully request that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Application, be entered at the earliest convenience of the Court.

[*Remainder of page intentionally left blank.*]

---

[2] The Debtors agreed to extend the Objection Deadline for the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") only until 11:00 a.m. (Eastern Daylight Time) on July 24, 2023. The Creditors' Committee did not file an objection to the Application by the Objection Deadline, as extended for it.

| | |
|---|---|
| Dated: July 24, 2023<br><br>Respectfully submitted,<br><br>    */s/ Jason M. Madron*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>James F. McCauley (No. 6991)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com<br>mccauley@rlf.com | **WHITE & CASE LLP**<br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Proposed Co-Counsel to Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re: D.I. 91** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application, dated July 6, 2023 [D.I. 91] (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**"), pursuant to section 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, authorizing the employment and retention of Kurtzman Carson Consultants LLC ("**KCC**") as their administrative advisor in the Chapter 11 Cases (the "**Administrative Advisor**") effective as of the Petition Date, as more fully set forth in the Application; and the Court having found that is has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Application.

provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"), if necessary; and upon consideration of the Gershbein Declaration, the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized to employ and retain KCC as their Administrative Advisor effective as of the Petition Date under the terms of the Application and the Services Agreement.

3. KCC is authorized to perform the Administrative Services described in the Application and set forth in the Services Agreement, and to take such other actions as required or necessary to comply with all duties set forth in the Application, the Services Agreement, and this Order.

4. KCC is further authorized to provide other bankruptcy administrative services as the Debtors and the Clerk of the Court may request from time to time.

5. KCC shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

6. KCC may first apply its retainer to all prepetition invoices and, thereafter, have the retainer replenished to the original retainer amount and, thereafter, to hold the retainer under the Services Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Services Agreement.

7. The Debtors shall indemnify the Indemnified Parties (as defined in the Services Agreement) under the terms of the Services Agreement, as modified pursuant to this Order.

8. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

9. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to Indemnified Parties, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not

3

receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

10. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment requested therein. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution or reimbursement.

11. The limitation of liability provision contained in the Services Agreement shall have no force and effect during the pendency of these Chapter 11 Cases.

12. The Debtors and KCC are authorized and empowered to execute and deliver any such documents and to take and perform all actions necessary to implement and effectuate relief granted in this Order.

13. In the event of any inconsistency between the Services Agreement, the Application, and the Order, the Order shall govern.

14. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. Notwithstanding any term in the Services Agreement to the contrary, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.