IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 14, 63, 72** |

**SUPPLEMENTAL DECLARATION OF ADAM KROLL IN SUPPORT OF
DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
(A) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR
TRADING IN EQUITY SECURITIES IN THE DEBTORS, AND
(B) GRANTING OTHER RELATED RELIEF**

I, Adam Kroll, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am Executive Vice President and Chief Financial Officer of Lordstown Motors Corp. ("**LMC**," and, together with the above-captioned debtors and debtors in possession, the "**Debtors**" or the "**Company**"). I have served as the Chief Financial Officer since October 25, 2021. I submit this supplemental declaration (the "**Supplemental Declaration**") in support of the *Debtors' Motion for Entry of Interim and Final Orders (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors, and (b) Granting Other Related Relief* [D.I. 14] (the "**Motion**"),[2] filed on June 27, 2023 (the "**Petition Date**").

2.      Unless otherwise stated herein, all facts in this Supplemental Declaration are

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The address of the Debtors' corporate headquarters is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion or the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**Kroll Declaration**"), as applicable.

based upon (a) my personal knowledge; (b) my discussions with members of the Company's management team and outside advisors to the Company; (c) my review of documents and information concerning the Company's operations, financial affairs, and restructuring efforts; and/or (d) my personal opinion based upon my experience and general knowledge about the Company. I am over the age of 18 and authorized to submit this Supplemental Declaration on behalf of the Debtors. If called to testify, I would testify to the facts set forth in this Supplemental Declaration.

3. LMC is a public company that has issued Class A common stock ("**Common Stock**") and Series A convertible preferred stock ("**Preferred Stock**"). As of the Petition Date, there were approximately 16 million outstanding shares of Common Stock and 300,000 outstanding shares of Preferred Stock. On June 28, 2023, LMC received notice that the Common Stock would be delisted from Nasdaq and suspended on July 7, 2023. LMC's Common Stock is currently trading on the OTC Markets under the ticker symbol, RIDEQ. As of the Petition Date, Foxconn holds approximately 8.4% of the Common Stock and 100% of the Preferred Stock. There are no other parties that hold 5% or more of Common Stock.

4. The Debtors have valuable net operating loss carryforwards ("**NOLs**," and, collectively with capital losses, unrealized built-in losses, tax and business credits, and certain other tax attributes, the "**Tax Attributes**"). Although their analysis is ongoing, the Debtors estimate that, as of December 31, 2022, they had (a) approximately $629.6 million of federal NOLs, which generated a deferred tax asset of approximately $132 million, (b) approximately $372 million of local NOLs, which generated a deferred tax asset of $3.7 million, and (c) an indeterminate amount of net unrealized built-in loss.

5. The Tax Attributes may be valuable assets to the Debtors' estates because they

can be carried forward to reduce or eliminate the Debtors' future income tax liability under certain circumstances and subject to limitations (as discussed in the Motion). Among other things, preserving NOLs could allow the Debtors to enter into one or more transactions, which would allow the Debtors to monetize their Tax Attributes.

6. As an initial matter, the Debtors' sale process is in its early stages. It is simply unclear at this point whether the sales process will result in a transaction structured to preserve NOLs. Granting the Motion will help keep this option viable. Further, the Debtors may pursue a plan of reorganization that could allow them to preserve and monetize their Tax Attributes post-confirmation. Among other things, the plan would allow for the Debtors to acquire a new business post-confirmation in a manner that would allow them to contribute their Tax Attributes as consideration. While no transaction is imminent, this could enhance recoveries for all stakeholders after the Debtors' have emerged from the Chapter 11 Cases.

7. I understand that under sections 382 and 383 of the Internal Revenue Code, an "ownership change" could impair a corporation's ability to use its Tax Attributes to offset future taxable income. Therefore, absent the relief requested in the Motion, unrestricted trading of LMC's Common Stock during the pendency of the Chapter 11 Cases jeopardizes the Tax Attributes and could severely impair the Debtors' ability to utilize the value of their Tax Attributes, which could impair one of the Debtors' substantial assets.

8. The relief sought by the Motion will help the Debtors monitor certain transfers with respect to LMC's stock that could trigger an "ownership change." The Debtors could then act expeditiously to bring such transfers to the Court's attention, if necessary, to preserve the value of certain Tax Attributes. This requested relief would preserve optionality for the Debtors and allow this Court to review potentially problematic transactions. This, in turn, best allows the

Debtors to maximize the use and value of their Tax Attributes and otherwise preserve the status quo for the benefit of their estates and their stakeholders.

9. In addition, I understand that, as of the date hereof, Foxconn is likely the only Substantial Shareholder and likely will be the only party affected by the procedures set forth in the Motion. Foxconn is a sophisticated party and will not be burdened by the requested procedures. Further, the Debtors have sued Foxconn for breaching various agreements, and the procedures will prevent retaliatory behavior in the event that Foxconn seeks to engage in retaliatory behavior or behavior that diminishes the Debtors' tax assets. In any event, Foxconn has not objected to the procedures in question and indeed filed a *Notice of Status as Substantial Shareholder* [D.I. 121] on July 18, 2023. On the other hand, failing to grant the Motion would jeopardize a substantial Debtor asset. In short, I believe that the benefits to the Debtors and their estates of the requested relief outweighs any burden placed on one party based on a small universe of potential transfers.

10. For the foregoing reasons, I believe that relief requested in the Motion, on a final basis, is in the best interests of the Debtors' estates, their creditors, and all other parties in interests, and constitutes a critical element of achieving a value-maximizing transaction in the Debtors' Chapter 11 Cases.

[*Remainder of page left intentionally blank.*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed:    July 24, 2023
             Farmington Hills, Michigan

                                                    /s/ Adam Kroll
                                                    Adam Kroll

RLF1 29338649v.1