IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 16 & 127 |

**DECLARATION OF ADAM KROLL IN SUPPORT OF THE DEBTORS'
(I) REPLY IN SUPPORT OF THE BIDDING PROCEDURES MOTION AND
(II) REPLY IN SUPPORT OF THE ESTIMATION MOTION**

I, ADAM KROLL, declare:

1. I am Executive Vice President and Chief Financial Officer of Lordstown Motors Corp. ("**LMC**" or the "**Company**") and have served in this capacity since October 25, 2021. I submit this declaration in support of the (i) *Debtors' Motion for Entry of an Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Related Relief; and (II) (A) Authorizing the Debtors to Enter Into a Definitive Purchase Agreement and (B) Granting Other Related Relief* [Docket No. 16] (the "**Bidding Procedures Motion**") seeking approval of the proposed bidding procedures contemplated by the Bidding Procedures Motion (the "**Bidding Procedures**") and (ii) *Debtors' Motion Under 11 U.S.C. §§ 502(c) and 105(a) For Entry of Orders (i) Establishing Procedures and Schedule For Estimation Proceedings and (ii) Estimation of the Amount of the Claim Held By Karma Automotive LLC* (the "**Estimation**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**Motion**").[2]

2. As part of my responsibilities as Executive Vice President and Chief Financial Officer, I am familiar with the Debtors' day-to-day operations, books and records, and business and financial affairs, including pending litigations against the Company and applicable indemnification and insurance policies. Unless indicated otherwise, the facts set forth herein are based upon my personal knowledge, my review of relevant documents, my discussions with other members of senior management, information provided to me by employees working under my supervision, or my familiarity with the Company's operations. If requested, I am able to testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

3. In Karma Automotive LLC's ("**Karma**") objection to the Bidding Procedures Motion [Docket No. 127] (the "**Objection**"), Karma alleges that there is no urgency in approving Bidding Procedures and commencing the sale process because "the Debtors have essentially ceased operations" and "let go the majority of its employees." Objection ¶ 34. I disagree and believe there is urgency for the Debtors to commence and ultimately complete the sale process in accordance with approved Bidding Procedures. The reasonable Bidding Procedures the Debtors propose will allow them to conduct a comprehensive, value maximizing sale process while preserving the estates' resources. The Debtors simply cannot afford to wait for the resolution of litigation with Karma to commence the sales process.

4. Although the Debtors began these Chapter 11 Cases with approximately $137 million in cash on hand, they are operating at reduced capacity and have no meaningful source of revenue at this time. The Debtors' projected operating expenses are approximately

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion or the Estimation Motion, as applicable.

$4.0 million a month.  In addition, the Debtors are incurring significant monthly administrative expenses in these Chapter 11 Cases.  Including the operating expenses, the Debtors are projected to spend approximately $6.2 million per month in these Chapter 11 Cases (excluding fees associated with the members of other stakeholder groups, such as the official committee of unsecured creditors and their respective advisors) with no meaningful source of revenue.  I believe that any delay in approving the Bidding Procedures and commencing a sale process with respect to the Debtors' assets will increase the Debtors' overall cash spend and diminish recoveries for creditors and, if sufficient, other stakeholders.

5. The Debtors currently employ approximately 145 employees.  This is down from approximately 245 employees as of the Petition Date.  During the first month of these Chapter 11 Cases, the Debtors have already experienced further attrition of valuable employees.  As a result, the Debtors' operations have already been affected.  Further, the risk of attrition will only increase if the Debtors cannot speedily implement their sales process and, instead, are placed in to a state of limbo.

6. In addition, the Debtors' current workforce includes personnel and employees who have specialized skills or are otherwise critical to the Debtors' remaining business or going-concern value, including, without limitation, employees with technical engineering expertise and knowledge of the Endurance and its components.  Among other things, the Debtors' employees will be critical to supporting a potential buyers' diligence and future operations, especially buyers seeking to continue production of the Endurance.  The Debtors' employees, once lost, cannot be easily replaced. Delay in approval of the Bidding Procedures risks further attrition of such employees, whether as a result of voluntary departures or the Debtors need to reduce expenses.  The loss of such valuable human capital and institutional knowledge would

discourage potential bidders from paying a fair market price for the Debtors as a going concern and decrease the value of the Debtors.  If the Debtors cannot maintain their employee base, the Debtors will lose their ability to sell their assets as a going concern.

7. The prompt approval of the Bidding Procedures and pursuit of the Debtors' proposed sale process under the timeline proposed in the Bidding Procedures Motion is critical to preserving the estate's resources, maximize the value of the Debtors and prevent further deterioration of the Debtors.  Thus, I believe that there is urgency in obtaining approval of the Bidding Procedures, pursuing the sale process, and finding a potential buyer for the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed:   July 24, 2023
            Farmington Hills, Michigan

                              /s/  Adam Kroll
                                  Adam Kroll