IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 16, 108, 126, 127, 154 & 155** |

**DEBTORS' MOTION FOR LEAVE TO FILE DEBTORS' (A) BIDDING
PROCEDURES MOTION REPLY AND (B) ESTIMATION MOTION REPLY**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this motion (the "**Motion for Leave**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below. In support of the Motion for Leave, the Debtors respectfully state as follows:

**RELIEF REQUESTED**

1. By this Motion for Leave, pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of the Order (i) authorizing the Debtors to file their (a) reply [D.I. 154] (the "**Bidding Procedures Motion Reply**"), filed contemporaneously herewith (1) in support of the *Debtors' Motion For Entry of An Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29329491v.4

*Procedures, and (E) Granting Other Related Relief; and (II) (A) Authorizing the Debtors to Enter Into a Definitive Purchase Agreement and (B) Granting Other Related Relief* [D.I. 16] (the "**Bidding Procedures Motion**"), and (2) in response to the objection filed to the Bidding Procedures Motion filed by Karma Automotive LLC ("**Karma**") [D.I. 127] (the "**Bidding Procedures Objection**); and (b) reply [D.I. 155] (the "**Estimation Motion Reply**," and together with the Bidding Procedures Motion Reply, the "**Replies**") filed contemporaneously herewith (1) in support of the *Debtors' Motion Under 11 U.S.C. §§ 502(c) and 105(a) For Entry of Order (I) Establishing Procedures and Schedule for Estimation Proceedings and (II) Estimation of the Amount of the Claim Held by Karma Automotive LLC* [D.I. 108] (the "**Estimation Motion**," and together with the Bidding Procedures Motion, the "**Motions**"); and (2) in response to the preliminary objection to the Estimation Motion [D.I. 126] filed by Karma (the "**Preliminary Estimation Motion Objection**," and together with the Bidding Procedures Objection, the "**Karma Objections**"), and (ii) granting related relief.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. This Court has jurisdiction to consider this Motion for Leave under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion for Leave is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested by this Motion for Leave is Local Rule 9006-1(d).

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion for Leave if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") for these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**First Day Declaration**").

7. The Debtors filed the Bidding Procedures Motion on the Petition Date. Pursuant to the *Notice of "Debtors' Motion For Entry of An Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and*

*(E) Granting Other Related Relief; and (II) (A) Authorizing the Debtors to Enter Into a Definitive Purchase Agreement and (B) Granting Other Related Relief"* [D.I. 16] *and Hearing Thereon* [D.I.. 73], the deadline to file objections to the relief requested in the Bidding Procedures Motion was July 20, 2023 at 4:00 p.m. (Eastern Daylight Time) (the "**Objection Deadline**").

8. On July 13, 2023, the Debtors filed the Estimation Motion. Pursuant to the *Notice of Motion and Hearing* filed with the Estimation Motion, the deadline to file objections to the relief requested in the Estimation Motion was also established as the Objection Deadline. The Objection Deadline was extended to July 24, 2023 for the Committee with respect to both Motions.

9. Prior to the Objection Deadline (as extended for the Committee), (i) the Debtors received informal comments to the Bidding Procedures Motion (collectively, the "**Comments**") from (a) the U.S. Trustee, (b) the Committee,[2] and (c) Cigna Health and Life Insurance Company ("**Cigna**"), and (ii) Karma filed the Karma Objections. The Debtors have resolved the Comments by, among other things, making certain revisions to the proposed form of order submitted with the Bidding Procedures Motion. Accordingly, the only pending objections or responses to the Motions are the Karma Objections.

**BASIS FOR RELIEF**

10. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The agenda for the July 27, 2023 hearing at which the Motions are to be heard (the "**Hearing**") is due by 12:00 p.m. (prevailing Eastern Time) on July 25, 2023. Accordingly,

---

[2] In addition to providing comments to the Bidding Procedures Motion, the Committee filed a statement regarding the Motions [D.I. 143] (the "**Committee Statement**"). The Debtors do not believe the Committee Statement was intended to be an objection to the Motions and believe they have resolved the Committee's comments to the Bidding Procedures Motion by making certain revisions to the proposed form of order submitted with the Bidding Procedures Motion.

4

pursuant to Local Rule 9006-1(d), the deadline to file the Replies was 4:00 p.m. (prevailing Eastern Time) on July 24, 2020 (the "**Reply Deadline**"). As a result, absent leave of the Court, the Debtors would be unable to file the Replies and the Court would be denied the opportunity to review the Debtors' responses to the Karma Objections in advance of the Hearing.

11. The Debtors submit that cause exists to grant the relief requested by this Motion for Leave and approve a modest extension of the time by which to file the Replies under Local Rule 9006-1(d). As described above, the Debtors extended the Objection Deadline to the Committee for all motions and applications scheduled for the Hearing until July 24, 2023, only a few hours prior to the Reply Deadline. Despite this extension of the Objection Deadline, the Debtors filed the Replies just hours after the Reply Deadline. In order to achieve this, the Debtors have spent considerable time since the Committee was appointed and retained counsel to respond to diligence requests and discuss the relief requested in an effort to reach consensual resolutions with the Committee with respect to the matters scheduled for the Hearing. As a result of these efforts, the Debtors were able to consensually resolve all of the comments provided by the Committee, as well as comments from the U.S. Trustee and Cigna, with respect to the matters scheduled for the Hearing.

12. In addition, the Debtors conferred with Karma in an attempt to resolve and narrow the issues raised in the Karma Objections but were unable to resolve the Karma Objections at this time. In light of the extensions of the Objection Deadline and the Debtors' focus on consensually resolving as many of the comments and objections as possible prior to the Hearing, the Debtors were unable to finalize and file the Replies until shortly after the Reply Deadline.

13. The Debtors' opportunity to file the Replies should not be foreclosed as a result of the Debtors' willingness to provide the Committee with additional time to file objections and

otherwise narrow the scope of contested issues before the Court. In addition, the Motions and the Karma Objections raise complex legal and factual issues, and the Replies will provide the Court with critical information and arguments relevant to its ruling on the relief requested by the Motions. The Court's consideration of the Replies will help streamline argument at the Hearing and otherwise assist the Court in deciding the merits of the Karma Objections.

14. Further, permitting the Debtors to file their Replies after the Reply Deadline will not prejudice the parties, as parties in interest will have sufficient time to review the Replies in advance of the Hearing. Indeed, the Debtors have filed the Replies within hours of the Reply Deadline in order to maximize the time parties in interest have to review the Replies.

## **NOTICE**

15. Notice of this Motion for Leave has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) Karma, (ix) Cigna and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **NO PRIOR REQUEST**

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**CONCLUSION**

17.  WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion for Leave, the Order, and such other and further relief as is just and proper.

Dated: July 24, 2023

Respectfully submitted,

     /s/ Amanda R. Steele
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*