IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 122**<br><br>**Hearing Date: July 27, 2023 at 9:30 a.m. (ET)**<br>**Objection Deadline: At the hearing** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL EXHIBIT B TO THE DEBTORS' OBJECTION TO KARMA AUTOMOTIVE LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached as **Exhibit A** (the "**Proposed Order**") granting the relief requested below. In support of this Motion, the Debtors respectfully represent as follows:

**REQUESTED RELIEF**

1. By this Motion, the Debtors request, pursuant to sections 105 and 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the **"Local Rules"**), entry of the Proposed Order authorizing the Debtors to: (i) file under seal the June 27 Hearing Transcript (as defined below) intended to be attached as

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

124177437
RLF1 29338784v.1

**Exhibit B**[2] to the *Debtors' Objection to Karma Automotive, LLC's Motion for Relief from the Automatic Stay* [D.I. 122] (the "**Objection**"), (ii) provide an unredacted version of the June 27 Hearing Transcript to the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and any other parties in interest as the Court may order.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

**A**     **General Background**

5. On June 27, 2023, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

---

[2] For the reasons set forth below, on July 19, 2023, the Debtors filed the *Notice of Filing of Exhibit B to the Debtors' Objection to Karma Automotive, LLC's Motion for Relief from the Automatic Stay* [D.I. 124] (the "**Exhibit B Notice**") under seal. Attached thereto was the sealed version of the June 27 Hearing Transcript.

Bankruptcy Code.  On July 11, 2023, the U.S. Trustee appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**First Day Declaration**").

**B.     Background Specific to this Motion**

7. On October 30, 2020, Karma Automotive LLC ("**Karma**") commenced a civil action in the United States District Court for the Central District of California (the "**District Court**") styled *Karma Automotive LLC v. Lordstown Motors Corp., et al.*, No. 20-cv-02104-DFM (the "**Karma Action**").

8. On June 27, 2023, the District Court held a hearing in the Karma Action to address, among other things, the impact of the automatic stay on the proceedings (the "**June 27 Hearing**").  Pursuant to a docket entry in the Karma Action dated June 30, 2023, the deadline to file notices of intent to redact the transcript of the June 27, 2023 Hearing (the "**June 27 Hearing Transcript**") are due by no later than July 31, 2023.  [District Court Dkt. No. 544]

9. Prior to filing their Objection, the Debtors requested that Karma's counsel notify the Debtors if they had any objection to the Debtors filing the June 27 Hearing Transcript on the public docket.  Minutes before the deadline for the Debtors to file the Objection, Karma advised the Debtors that it did not consent to the Debtors filing the June 27 Hearing Transcript on the public docket.   Due to Karma's position, the Debtors filed the Objection without attaching the

June 27 Hearing Transcript. Thereafter, the Debtors filed the Exhibit B Notice under seal, attaching the June 27 Hearing Transcript.

10. The Debtors do not believe the June 27 Hearing Transcript contains information that is confidential or that constitutes trade secrets, or confidential research, development, or commercial information that is entitled to protection under section 107(b) of the Bankruptcy Code or otherwise. But because Karma's deadline to request redaction of the June 27 Hearing Transcript has not yet passed, and because Karma refused to consent to the Debtors filing it on the public docket, the Debtors request that the transcript not be disclosed publicly and that the Debtors be required to provide unredacted versions of the June 27 Hearing Transcript to the Court, the U.S. Trustee, the Committee, and any other parties in interest as the Court may order.

## BASIS FOR RELIEF

11. Sections 105(a) and 107 of the Bankruptcy Code allow the Court to authorize the parties to file the June 27 Hearing Transcript under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d). Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

14. Accordingly, the Debtors respectfully request that the Court authorize the Debtors to file the June 27 Hearing Transcript under seal as described herein and to provide unredacted copies to the Court, the U.S. Trustee, the Committee, and any other parties in interest as the Court may order.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)**

15. Prior to the filing of this Motion, the Debtors requested that Karma consent to the Debtors' filing of the June 27 Hearing Transcript on the public docket and Karma refused to consent to that request.

5

16.  To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the June 27 Hearing Transcript does not contain information subject to confidentiality rights of another holder of confidentiality rights other than Karma, as contemplated by Local Rule 9018-1(d)(iv).

## NOTICE

17.  Notice of this Motion shall be provided on the date hereof to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the Committee; (iii) Karma; and (iv) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

18.  No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

124177437
RLF1 29338784v.1

| | |
|---|---|
| Dated: July 24, 2023<br><br>Respectfully submitted,<br><br>    /s/ Amanda R. Steele<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com | **WHITE & CASE LLP**<br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Proposed Co-Counsel to Debtors and Debtors in Possession* |

124177437<br>RLF1 29338784v.1