# Exhibit B

**Redline of Revised Order Compared Against Original Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> Lordstown Motors Corp., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-10831 (MFW) <br><br> (Jointly Administered) <br><br> Re: Docket No. ___ |

**ORDER (A) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT
BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A), EFFECTIVE AS OF THE
PETITION DATE AND (B) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2(h), (a) authorizing the Debtors to retain and employ Jefferies LLC ("**Jefferies**") as their investment banker effective as of the Petition Date, pursuant to the terms and subject to the conditions of the Engagement Letter and (b) waiving and modifying certain of the time-keeping requirements of Bankruptcy Rule 2016(a), the Trustee Guidelines, and any other guidelines regarding submission and approval of fee applications, all as more fully set forth in the Application; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet,

---

[1] The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), along with the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Application.

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"), if necessary; and upon consideration of the Finger Declaration, the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to retain and employ Jefferies as their investment banker in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached hereto as **Exhibit 1**, effective as of the Petition Date, as modified by this Order.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including without limitation the Fee and Expense Structure, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and

at the times specified, in the Engagement Letter. Subject to Paragraph 4 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4. Notwithstanding anything to the contrary in the Application or Engagement Letter, 100% of all Monthly Fees actually paid to and retained by Jefferies shall be credited once, without duplication, against any transaction fee that becomes payable to Jefferies pursuant to Sections 4(b) or 4(c) of the Engagement Letter. Additionally, for the avoidance of doubt, no Restructuring Fee shall be payable on account of any dismissal of these Chapter 11 Cases or any conversion of these cases to cases under chapter 7 of the Bankruptcy Code.

5. ~~4.~~ Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that Jefferies shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Jefferies' fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to Jefferies' request(s) for fees and reimbursement of expenses, including but not limited to those set forth in interim and final fee applications, under the standards provided in sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S.

Trustee, on appeal or otherwise, with respect to the reasonableness of Jefferies' fees and reimbursement requests.

6. ~~5.~~ Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, including all information and time keeping requirements of subsection (d) of Local Rule 2016-2, except that Jefferies and its professionals shall be permitted to maintain time records of services rendered for the Debtors in half-hour increments.

7. ~~6.~~ Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Jefferies absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals (the "**Compensation Order**"), except that the Debtors are authorized to pay the Monthly Fee to Jefferies each month when required under the Engagement Letter without a prior fee application, *provided*, *however* that Jefferies shall file monthly fee statements with time entries and requests for reimbursement that comply with Rule 2016-2 of the Local Bankruptcy Rules, except as otherwise expressly set forth in this Order, pursuant to the deadlines and other procedures specified for monthly fee applications set forth in the Compensation Order.

8. ~~7.~~ In the event that, during the pendency of these Chapter 11 Cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Jefferies' fee applications, and such invoices and time records shall be in compliance with Local Rule 2016-2(f) and the U.S. Trustee Guidelines and subject to approval of the Court under the standards of section 330 and 331 of the

4

Bankruptcy Code, without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Jefferies shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law ~~and the decisions of this Court~~.

9. ~~8.~~ The indemnification, contribution, and reimbursement provisions included in **Schedule A** to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

   a. Indemnified Persons (as that term is defined in Schedule A to the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for claims arising from services other than the services provided under the Engagement Letter, unless such services are approved by this Court;

   b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or entity or provide contribution or reimbursement to any person or entity for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from that person's or entity's gross negligence, willful misconduct, or bad faith, or (ii) for a contractual dispute in which the Debtors allege breach of the obligations of Jefferies or another Indemnified Person under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

   c. ~~If, during the pendency of these Chapter 11 Cases, the indemnification provided in **Schedule A** to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above, and Jefferies or another Indemnified Person makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Jefferies' contribution obligations set forth in the second and third sentences of the fifth paragraph of **Schedule**~~

5

~~A shall not apply;³~~<u>Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter, or any ancillary documents thereto shall not apply as to any losses, claims, damages, or liabilities for which the Indemnified Persons would not be entitled to indemnification under the provisions of this Order.;</u> and

    d.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Jefferies or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Jefferies must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies or any other Indemnified Person. <u>All parties-in-interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement pursuant to the applicable standards set forth herein.</u>

    <u>e.</u>    <u>Notwithstanding anything to the contrary herein, nothing in this Order shall approve the second sentence of Section 6 of the Engagement Letter.</u>

<u>10.</u>    <u>Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Finger Declaration, during these Chapter 11 Cases, that portion of Section 9(b)(i) of the Engagement Letter concerning fiduciary duties shall have no force or effect.</u>

<u>11.</u>    ~~9.~~ To the extent that there may be any inconsistency between the terms of the Application, the Finger Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

---

³ ~~For the avoidance of doubt, the fifth paragraph of Schedule A to the Engagement Letter is the paragraph that begins, "If, for any reason…."~~

6

12. ~~10.~~ The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

13. ~~11.~~ Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. ~~12.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. ~~13.~~ The Debtors and Jefferies are authorized and empowered to take executed and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order in accordance with the Application.

16. ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.