## Exhibit B

## Redline of Revised Order Compared Against Original Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. [●]111** |

ORDER ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR CHAPTER 11 PROFESSIONALS AND COMMITTEE MEMBERS

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, for establishment of procedures for interim compensation and reimbursement of expenses for chapter 11 professionals and committee members, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may be otherwise provided in separate orders authorizing the retention of specific professionals, all Professionals shall seek compensation and reimbursement in accordance with the following procedures (the "**Compensation Procedures**"):

    (a) **Monthly Fee Applications.** No earlier than the 20th day of each calendar month, each Professional seeking interim compensation may file an application (a "**Monthly Fee Application**") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month and serve a copy of such Monthly Fee Application on the following parties in accordance with the Local Rules (collectively, the "**Notice Parties**"):
    
    i. the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll);
    ii. proposed counsel to the Debtors:
        a. Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801 (Attn: Daniel J. DeFranceschi, Esq.), and
        b. White & Case LLP, 1221 Avenue of the Americas New York, NY 10020 (Attn: David M. Turetsky, Esq.) and 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Fan B. He, Esq.);
    iii. the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin Hackman, Esq.); and
    iv. counsel to the Committee appointed in these Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

(b) Each Professional may file its first Monthly Fee Application on or after August 20, 2023, which shall cover the period from the Petition Date through and including July 31, 2023.

(c) All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

(d) Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the twentieth (20th) day after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon expiration of the Objection Deadline, the Professional may file a certificate of no objection consistent with Local Rule 9013-1(j) with the Court after which the Debtors are authorized to pay each Professional an amount (the "**Actual Monthly Payment**") equal to the lesser of:

   i. 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**"); and

   ii. 80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (e) below.

(e) If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection with the Court on or before the Objection Deadline and serve its objection on the affected Professional and each of the Notice Parties. Thereafter, the objecting party and the affected Professional may attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, the affected Professional may either:

   i. file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to the affected Professional (the "**Incremental Amount**"); or

   ii. forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

(f) **Interim Fee Applications.** Beginning with the period ending September 30, 2023, at three-month intervals or at such other time convenient to the Court, each of the Professionals shall file with the Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "**Interim Fee Period**"). In each Interim Fee Application and final fee application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.*

(g) The Interim Fee Application must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.

(h) Each Professional must file its Interim Fee Application within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. E.g., each Professional shall file its first Interim Fee Application on or before November 14, 2023, which Interim Fee Application will cover the period from the Petition Date through and including September 30, 2023.

(i) The Debtors shall request a hearing on pending Interim Fee Applications every three months or at such other intervals as the Court deems appropriate.

(j) If an Interim Fee Application is allowed by order of the Court, a Professional shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

(k) **General Provisions.** The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(l) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection, will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

(m) Professionals shall file final applications for compensation and reimbursement (collectively, the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

(n) Only the Notice Parties are required to be served with the Monthly Fee Applications and Interim Fee Applications.[3]

(o) The Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports, identifying the amount paid to each of the Professionals.

(a) All time periods referenced in these Compensation Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

3. Each member of the Committee is permitted to seek and receive reimbursement of reasonable and documented out-of-pocket expenses actually incurred in connection with

---

[3] If any other party requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

5

Committee membership (excluding Committee member counsel).  Each Committee member may submit statements of expenses and supporting vouchers and receipts to Committee counsel, who shall collect the same and based thereon submit a comprehensive request for reimbursement to the Debtors in accordance with the above procedures as if such Committee members were professionals.

4. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.