**Exhibit A**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
|  | Case No. 23-10831 (MFW) |
| Lordstown Motors Corp., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Re:  Docket No. 14** |

**FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING
PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS
AND (B) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 362(a) and 541 of the Bankruptcy Code establishing notification and hearing procedures that must be satisfied before certain transfers of equity securities in the Debtors or of any beneficial interests therein, including Options to acquire such equity securities, are deemed effective and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration and the *Supplemental Declaration of Adam Kroll* in support of the Motion; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.  Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2.      Any postpetition purchase, sale, or other transfer of equity interests in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

3.      The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4.      The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. **("Lordstown Preferred Stock**"):

   a) Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

2

b)   Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

c)   At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of equity securities;

d)   At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in a decrease in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e)   The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f)   For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[3] or at least 4.50% of all

---

[3]       Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

3

issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[4] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.　　The following procedures shall apply to claims for tax purposes that shares of

Lordstown Common Stock or Lordstown Preferred Stock are worthless:

a)　Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)　Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)　At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of

---

[4]　　Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

the intended claim of worthlessness;

d) The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court.  If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

e) For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

6.    The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Order.

7.    The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as **Exhibit B-6** ("**Notice of Order**") on the following parties: (i) the U.S. Trustee; (ii) Foxconn; (iii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the

Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (ix) all registered and record holders of Lordstown Common Stock and Lordstown Preferred Stock (with instructions for any banks, brokers or other agents to forward the materials to the beneficial holders of Lordstown Common Stock and Lordstown Preferred Stock); and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  In addition, the Debtors shall, within four (4) business days of entry of this Order, file a form 8-K with the Securities and Exchange Commission attaching the Notice of Order as an exhibit.  Moreover, the Debtors shall cause the Procedures to be posted on the website established by Kurtzman Carson Consultants LLC, as claims and noticing agent for these chapter 11 cases (which website address shall be identified in the Notice of Order).

8.     The Notice of Order is deemed adequate and sufficient to alert all known shareholders of the Procedures.

9.     All registered holders of Lordstown Common Stock and Lordstown Preferred Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered holder holds such Lordstown Common Stock or Lordstown Preferred Stock down the chain of ownership for all such holders of Lordstown Common Stock or Lordstown Preferred Stock.

10.     Any person or entity or broker or agent acting on such person or entity's behalf who sells at least 4.50% of all issued and outstanding units of Lordstown Common Stock or at least 4.50% of all issued and outstanding units of Lordstown Preferred Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such

purchaser of such Lordstown Common Stock or Lordstown Preferred Stock or to any broker or agent acting on such purchaser's behalf, to the extent reasonably feasible.

11.     The requirements set forth in this Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

12.     Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

13.     The requirements set forth in Local Rule 9013-1(b) are satisfied.

14.     The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

15.     This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

## **EXHIBIT B-1**

**Notice of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re:  Docket No. 14** |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a Substantial Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] For purposes of these procedures, (A) a **Substantial Shareholder** is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by  the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

2

heath@rlf.com
steele@rlf.com
madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____

Telephone: _____
Facsimile: _____
Date:      _____

3

## **EXHIBIT B-2**

**Notice of Intent to Acquire Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 14** |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")), or an Option with respect thereto (as defined herein and in the Final Order) (the "**Proposed Transfer**"). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**"),

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock . If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

RLF1 29230174v.1

the best of its knowledge and belief, this Notice and any attachments which purport to be part of

this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being

(a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt

of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection,

such Proposed Transfer will not be effective unless approved by a final and nonappealable order

3

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____

Telephone:  _____
Facsimile:  _____
Date:       _____

4

## **EXHIBIT B-3**

### **Notice of Intent to Transfer Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | |
| | (Jointly Administered) |
| Debtors. | |
| | **Re:  Docket No. 14** |

### NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Lordstown Preferred Stock  or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the Court and served copies thereof on Debtors' counsel.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise transfer [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] of Lordstown Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock  or Lordstown Preferred Stock) shall be determined by   the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of

this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being

(a) filed with the Court and (b) served upon counsel to the Debtors, at:

| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
|---|---|
| Kevin Gross (No. 209) | Thomas E Lauria |
| Daniel J. DeFranceschi (No. 2732) | Matthew C. Brown |
| Paul N. Heath (No. 3704) | Fan B. He |
| Amanda R. Steele (No. 5530) | 200 South Biscayne Boulevard, Suite 4900 |
| Jason M. Madron (No. 4431) | Miami, FL 33131 |
| One Rodney Square | Telephone: (305) 371-2700 |
| 920 N. King Street | tlauria@whitecase.com |
| Wilmington, DE 19801 | mbrown@whitecase.com |
| Telephone: (302) 651-7700 | fhe@whitecase.com |
| Facsimile: (302) 651-7701 | |
| gross@rlf.com | David M. Turetsky |
| defranceschi@rlf.com | 1221 Avenue of the Americas |
| heath@rlf.com | New York, NY 10020 |
| steele@rlf.com | Telephone: (212) 819-8200 |
| madron@rlf.com | david.turetsky@whitecase.com |
| | |
| | Jason N. Zakia |
| | 111 South Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | |
| | Roberto Kampfner |
| | Doah Kim |
| | RJ Szuba |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 620-7700 |
| | rkampfner@whitecase.com |
| | doah.kim@whitecase.com |
| | rj.szuba@whitecase.com |

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt

of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection,

such Proposed Transfer will not be effective unless approved by a final and nonappealable order

3

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____

Telephone:  _____
Facsimile:  _____
Date:       _____

4

## **EXHIBIT B-4**

**Notice of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 14** |

<u>**NOTICE OF STATUS AS A 50% SHAREHOLDER**[2]</u>

PLEASE TAKE NOTICE that the undersigned party is/has become a 50% Shareholder

with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in

the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities*

*in the Debtors, and (b) Granting Other Related Relief* (the "**Final Order**")).  Lordstown Motors

Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States

Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock. The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**WHITE & CASE LLP**

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

2

defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____

(Name of Shareholder)

By: _____

Name: _____

Title: _____

Address: _____

Telephone: _____

Facsimile: _____

Date: _____

3

**EXHIBIT B-5**

**Notice of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | |
| Debtors. | (Jointly Administered) |
| | |
| | **Re: Docket No. 14** |

### NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Worthlessness Claim**"). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or has had Beneficial Ownership of 50% or more of Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock became worthless during the tax year ending [●].

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

---

indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then

3

after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned claiming a worthless stock deduction with respect to its shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____

Telephone:  _____
Facsimile:  _____
Date:       _____

4

**EXHIBIT B-6**

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 14** |

**NOTICE OF FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING**
**PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS**
**AND (B) GRANTING OTHER RELATED RELIEF**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:

PLEASE TAKE NOTICE that on [●], 2023 (the "**Petition Date**"), the above-captioned

debtors and debtors-in-possession (the "**Debtors**"), commenced a case under chapter 11 of title 11

of the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy Code**"). Subject

to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain

possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise

control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtors filed a motion

seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for

trading in equity securities in the Debtors (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on [●], 2023, the United States Bankruptcy

Court for the District of Delaware (the "**Court**") entered a *Final Order (a) Establishing Notice*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other*

*Related Relief* (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the following procedures shall apply to holding and trading in equity securities in the Debtors:

1.      Any postpetition purchase, sale, or other transfer of equity interest in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void ab initio as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

2.      The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"):

      a)    Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

      b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

      c)    At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock  beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of equity securities;

      d)    At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result

2

in a decrease in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

e)   The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

f)   For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[2] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[3] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock

---

[2]        Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[3]        Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

3

including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.      The following procedures shall apply to claims for tax purposes that shares of

Lordstown Common Stock or Lordstown Preferred Stock are worthless:

a)   Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

b)   Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

c)   At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

d)   The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

e)   For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial

4

Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock  and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that forms of each of the required notices described above and copies of the Procedures are available at the following website maintained by Kurtzman Carson Consultants LLC: kccllc.net/lordstown.  Upon the request of any person, counsel to the Debtors, Andrea Kropp, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, andrea.kropp@whitecase.com, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that a copy of the Interim Order may be obtained via PACER on the Court's website at https://www.pacer.gov/login.html for a fee, or free of charge by accessing the Debtors' restructuring website at kccllc.net/lordstown.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY POSTPETITION PURCHASE, SALE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS OR OF ANY BENEFICIAL INTERESTS THEREIN, INCLUDING OPTIONS TO ACQUIRE SUCH EQUITY SECURITIES, IN VIOLATION**

OF THE PROCEDURES SET FORTH HEREIN (INCLUDING THE NOTICE REQUIREMENTS) SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 362 AND 105(A) OF THE BANKRUPTCY CODE, SUBJECT TO FURTHER ORDER OF THE BANKRUPTCY COURT, AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

6

Dated: [●], 2023

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and*
*Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (*pro hac vice* application pending)
Matthew C. Brown (*pro hac vice* application pending)
Fan B. He (*pro hac vice* application pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (*pro hac vice* application pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* application pending)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (*pro hac vice* application pending)
Doah Kim (*pro hac vice* application pending)
RJ Szuba (*pro hac vice* application pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Proposed Co-Counsel to Debtors and*
*Debtors-in-Possession*

7