**Exhibit A**

**Revised Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 11** |

**FINAL ORDER (A) APPROVING THE DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (B) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, (C) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, AND (D) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004, (a) approving the Debtors' proposed form of adequate assurance of payment to Utility Providers, (b) establishing procedures for resolving requests for additional assurance, (c) prohibiting Utility Providers from altering, refusing, or discontinuing utility services, (d) granting other related relief, and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. The Debtors are authorized, but not directed, to pay on a timely basis in accordance with their prepetition practice all undisputed invoices for postpetition utility services provided by the Utility Providers to the Debtors.

3. The Proposed Adequate Assurance is approved and constitutes sufficient adequate assurance of payment for purposes of section 366 of the Bankruptcy Code.

4. Within ten (10) days after the entry of this Order, the Debtors will establish an interest-bearing, segregated Adequate Assurance Account with a bank that is a party to a UDA with the U.S. Trustee, and place $32,500 (the "**Adequate Assurance Deposit**") in the Adequate Assurance Account, which equals approximately one (1) month of Utility Services in respect of all the Provider Accounts set forth on the Utility Service List attached hereto as Schedule 1.

5. The Adequate Assurance Deposit in the amount of approximately $32,500 deposited in the Adequate Assurance Account shall be held for the purpose of providing adequate assurance of payment to each Utility Provider for its postpetition Utility Services to the Debtors.

6. The Debtors are authorized, in their sole discretion, to amend the Utility Service List, attached hereto as **Schedule 1,** to add or remove any Utility Provider and/or Provider Account. Upon such amendment, this Order shall apply to any Subsequently Identified Utility Provider that is added to such Utility Service List, and any Subsequently Identified Utility Provider shall be permitted to make a Request for additional assurance according to the Adequate Assurance Procedures set forth in the Order in respect of its newly-added Provider Account(s). If the Debtors add any Utility Provider or Provider Account to the Utility Service List, the Debtors shall increase the amount of the Adequate Assurance Deposit by depositing into the Adequate Assurance Account an amount the Debtors estimate in good faith to equal approximately one (1) month of Utility Services based on recent six-month average for such new Provider Account(s). If the Debtors remove any Utility Provider or Provider Account from the Utility Service List, the Debtors may reduce the amount of the Adequate Assurance Deposit to the extent that it includes an amount for such removed Utility Provider or Provider Account; *provided*, *that* the Debtors shall have provided such Utility Provider with fourteen (14) days' notice of such reduction and did not receive a response thereto by such deadline.

7. The following Adequate Assurance Procedures are approved on a final basis:

i. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors and seeks additional or different adequate assurance of future payment, the Utility Provider must serve a written request (the "**Request**") upon the Notice Parties (defined below) stating: (i) the location(s) for which Utility Services are provided; (ii) the account number(s) for such location(s); (iii) the outstanding balance for each account; (iv) a summary of

the Debtors' payment history on each account; and (v) an explanation of why its Adequate Assurance Deposit is inadequate assurance of payment;

ii. the Request must be delivered to: (i) the Debtors, c/o Lordstown Motors Corporation, 27000 Hills Tech Ct., Farmington Hills, MI 48331 (Attn: Adam Kroll (adam.kroll@lordstownmotors.com)); (ii) proposed counsel to the Debtors, White & Case LLP, 200 South Biscayne Blvd, Suite 4900, Miami, FL 33131 (Attn: Fan He, Esq. (fhe@whitecase.com)); and (iii) any counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**");

iii. without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider that serves a Request, if the Debtors, in their discretion, determine that such Request (including any agreed modification thereto) is reasonable;

iv. if the Debtors do not agree with the Request and cannot agree with the Utility Provider on other terms, within thirty (30) days after receipt of such Request, or such additional time as to which the Debtors and the Utility Provider may agree, the Debtors shall file a motion pursuant to section 366(c)(3) of the Bankruptcy Code (a "**Determination Motion**"), seeking a determination from the Court that the Proposed Adequate Assurance, including the Adequate Assurance Deposit, plus additional consideration offered by the Debtors (if any) constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors;

v. if an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties. The Debtors shall honor such request within seven (7) business days after the date of receipt without further order of the Court, subject to the ability of the Debtors and the requesting Utility Provider to resolve any dispute. To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed;

vi. the portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amounts deposited) shall be made available for the benefit of the Debtors, no later than seven (7) business days following the earlier of: (i) payment by the Debtors of the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of such Utility Provider's services; (ii) the effective date of any plan confirmed in the Chapter 11 Cases only if there are no outstanding disputes related to postpetition payments; and (iii) as provided in any further order of the Court; and

vii. any Utility Provider that fails to comply with the Adequate Assurance Procedures shall be deemed to have received Adequate Assurance and shall be bound by any order entered by this Court granting the Motion.

8. Any Utility Provider that fails to submit a Request for additional assurance as set forth in the Adequate Assurance Procedures shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code and shall be forbidden from altering, refusing, or discontinuing service to the Debtors for lack of adequate assurance or on account of any prepetition charges, or the Debtors' bankruptcy filings, subject to the Utility Provider's right to seek a modification of adequate assurance under section 366(c)(3) of the Bankruptcy Code.

9. This Order shall be binding on all Utility Providers and served with the Motion, and the Debtors shall serve this Order within three (3) days of entry by the Court.

10. Absent any further order of this Court, the Utility Providers are prohibited from (i) discriminating against the Debtors, (ii) discontinuing, altering, or refusing service, or (iii) requiring payment of an additional deposit or receipt of other security (other than in accordance with Adequate Assurance Procedures) on account of the Debtors' bankruptcy filings, any unpaid prepetition charges, or on account of any perceived inadequacy of the Proposed Adequate Assurance.

11. Any landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a non-residential real property lease must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services; *provided*, *that* a landlord may cease payments on account of Utility Services following the effective date of the rejection of the applicable agreement pursuant to section 365 of the Bankruptcy Code, if any. The Debtors shall serve a copy of this

Order on all landlords that pay directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease.

12. Notwithstanding anything to the contrary in any other order of this Court, no creditor or party other than the Debtors and applicable Utility Providers shall have any interest in or lien on the Adequate Assurance Deposit.

13. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Without limiting the generality of the foregoing, nothing in the Motion or this Order shall constitute a finding that any entity is or is not a Utility Provider hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Services List.

14. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when

presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

16. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

17. The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

18. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Schedule 1**

**Utility Service List**

| Name of Utility Provider | Account No. | Utility Type | Address | State | Zip | Adequate Assurance Deposit |
|---|---|---|---|---|---|---|
| Southern California Edison | 700474852026 | Electricity | PO Box 600, Rosemead | CA | 91771 | $6,030 |
| Comcast Holdings Corporation, dba Comcast Cable Communication Management LLC | 932763729 | Cable/Internet | PO Box 70284, Philadelphia | PA | 19176 | $2,950 |
| Southern California Gas Company dba The Gas Company; So Cal Gas | 059 292 9019 4 | Gas | PO Box C, Monterey Park | CA | 91756 | $3,390 |
| ATT Business Direct, AT&T Business Services | 831-001-0625 808 | Telephone | PO Box 5019, Carol Stream | IL | 60197 | $2,050 |
| Sonitrol Orange County, LLC | 3LOR0001 | Electronic Security | 23 Mauchly, #100, Irvine | CA | 92618 | $380 |
| CR&R Environmental Services | 72-0024690 1 | Recycling | 11292 Western Ave, Stanton | CA | 90680 | $350 |
| Detroit Disposal & Recycling | 275400 | Sanitation | 1475 E Milwaukee St, Detroit | MI | 48211 | $550 |
| Cox Communications California LLC, dba Cox Business | 0017601036205304 | Telephone | 6205-B Peachtree Dunwoody Rd, Atlanta | GA | 30328 | $3,070 |
| Irvine Ranch Water District | 2445969389 | Water | 15600 Sand Canyon Avenue, Irvine | CA | 92618 | $630 |
| AT&T Mobility-CC | eMSA Uaiii | Cellular | PO Box 5085, Carol Stream | IL | 60197 | $12,600 |
| ElectroCycle, Inc. | N/A | Sanitation | 23953 Research Dr., Farmington Hills | MI | 48335 | $500 |