**Exhibit B**

**Redline of Revised Proposed Final Order**

*[Different first page setting changed from off in original to on in modified.].*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket ~~No~~Nos. 8 and 57** |

**FINAL ORDER (a) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (i) CONTINUE USE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (ii) PAY RELATED PREPETITION OBLIGATIONS, AND (iii) CONTINUE INTERCOMPANY TRANSACTIONS; (b) WAIVING THE SECTION 345(B) DEPOSIT AND INVESTMENT REQUIREMENTS; AND (c) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[~~1~~2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 363, and 503 of the Bankruptcy Code, (i) authorizing, but not directing, (a) the Debtors to maintain their existing cash management system, bank accounts, and business forms, (b) the Debtors' payment of related prepetition obligations, and (c) the continuation of Intercompany Transactions and granting administrative-expense priority status to postpetition claims against the Debtors by other Debtors arising from Intercompany Transactions and (ii) waiving the deposit and investment requirements of section 354(b) of the Bankruptcy Code and certain requirements set forth in the U.S. Trustee Guidelines, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).

[~~1~~2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*[Different first page setting changed from off in original to on in modified.].*

AMERICAS 124148236

*[Different first page setting changed from off in original to on in modified.].*

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. The Debtors are authorized, but not directed, to continue to use their existing Cash Management System. The Bank Accounts are deemed debtor-in-possession accounts. The Debtors, in their discretion, are authorized, but not directed, to designate, maintain, and continue to use any and all of their Bank Accounts in existence as of the Petition Date, with the same account numbers, including the accounts identified in **Exhibit C** annexed to the Motion, to, without limitation: (a) to deposit funds in, and withdraw funds from, the Bank Accounts by all means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (b) pay any prepetition

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

or postpetition Cash Management Obligations; (c) perform their obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition cash management agreements or treasury services agreements; and (d) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors in possession.

3. The Debtors are not ~~requirement~~required to (a) close existing bank accounts and open new debtor-in-possession accounts or (b) establish specific bank accounts for tax payments. The Debtors may transfer funds into, out of, and through the Cash Management System using ordinary transfer methods in accordance with the Debtors' prepetition practice, including transfers to other Debtors. The Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions, including prepetition, post-petition, and intercompany transactions, may be readily ascertained, traced, and recorded properly. The Debtors and all applicable banks and financial institutions (collectively, the "**Banks**") may agree, without further order of this Court, to implement any changes to the Cash Management System and procedures in the ordinary course of business that they deem appropriate in their sole discretion.

4. The Debtors are authorized to maintain and continue to use in the ordinary course the Purchasing Card Program ~~and~~provided to Lordstown EV Corporation by JPMorgan Chase Bank, N.A. and its affiliates (collectively, "**JPM**") pursuant to the Commercial Card Application & Agreement, dated on or about January 21, 2022, by and between Lordstown EV Corporation and JPM, and to fund the Purchasing Cards in accordance with prepetition practices, and the Debtors' employees are authorized to continue making purchases with the Purchasing Cards in the ordinary course of business. The Debtors are authorized to honor all past and future obligations arising under the Purchasing Card Program (the "**Purchasing Card Obligations**") and to make timely payments to JPM in respect of the Purchasing Card Obligations, including

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

making payments on account of charges that were made under the Purchasing Card Program prior to the Petition Date. The Debtors are further authorized to continue to maintain account ending in x7736 (the "**Purchasing Card Account**") at JPM for purposes of cash collateralizing the Purchasing Card Obligations, and all cash from time to time on deposit in the P-Card Account shall remain subject to an exclusive first-priority lien in favor of JPM as security for the Purchasing Card Obligations. In the event the Debtors fail to make any timely payment to JPM in respect of the Purchasing Card Obligations, JPM is authorized, in its discretion, to terminate the Purchasing Card Program and/or to debit the Purchasing Card Account for the amount of any undisputed unpaid Purchasing Card Obligations without further order of the Court; *provided, however*, that (a) any such termination or debit must be consistent with the terms and provisions of the agreement between the Debtors and JPM governing the Purchasing Card Program, and (b) any such termination must not be effectuated on less than ten (10) days advanced written notice to the Debtors, who may contest such termination or debit on any grounds *provided, that*, the Debtors are entitled to file a motion following the receipt of such termination notice, requesting the Court hold a hearing on an expedited emergency basis, *provided, that*, such expedited hearing shall not be requested on less than three (3) business days' notice and JPM shall not object to relief sought by the Debtors seeking an expedited hearing; *provided however*, JPM may object to any other relief sought by the Debtors on any grounds. Subject to the requirements of this paragraph 4, to the extent necessary, JPM is hereby granted relief from the stay imposed under section 362 of the Bankruptcy Code for purposes of this paragraph 4.

       5.       To the extent the Debtors are not in compliance with section 345(b) of the Bankruptcy Code, the Debtors shall comply with the requirements of section 345(b) of the

*[Different first page setting changed from off in original to on in modified.].*

Bankruptcy Code ~~are hereby waived on a final basis~~ within fifteen (15) days from the entry of this Order.

6.      For any banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors are authorized, but not directed, to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; however, the Debtors must give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided, further*, that the Debtors shall open any such new Bank Account(s) at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

7.      For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall immediately (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession.

8.      The Debtors are authorized, but not directed, to pay and/or reimburse their Banks and service providers in the ordinary course of business for any prepetition and postpetition Cash Management Fees. Postpetition Cash Management Fees shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code.

9.      The Banks are authorized without the need for further order of this Court to in the ordinary course of business: (a) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (b) receive, process, honor, and pay any and all checks,

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; and (c) debit the Bank Accounts for (i) all undisputed prepetition and postpetition Cash Management ~~Obligations~~Fees, if any, owed to the Banks for the maintenance of the Cash Management System, (ii) all checks drawn on the Bank Accounts that were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, and (iii) all checks or other items deposited in one of the Debtors' Bank Accounts with such Bank prior to the Petition Date that have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the applicable Debtor was responsible for such items prior to the Petition Date; provided, however, that no Payments (excluding any electronic fund transfers that the Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored, unless (a) expressly authorized by this Court and the Debtors, (b) not otherwise prohibited by a "stop payment" request timely received by the Debtors' Banks from the Debtors, and (c) supported by sufficient funds in the Bank Account in question.

10. Subject to the provisions of this Order, the Banks are authorized to and shall rely on the representations of the Debtors as to which Payments are authorized to be honored or dishonored, whether or not such Payments are dated, drawn, or issued prior to, on, or subsequent to the Petition Date. The Banks shall not be deemed in violation of this Order and shall have no liability for relying on such representations by the Debtors or honoring any Payment that is subject to this Order either (a) at the direction of the Debtors to honor such ~~prepetition~~ Payment, (b) in the good faith belief that this Court has authorized such ~~prepetition~~ Payment to be honored,

*[Different first page setting changed from off in original to on in modified.].*

AMERICAS 124148236                                                         6
~~RLF1 29230413v.1~~

*[Different first page setting changed from off in original to on in modified.].*

or (c) as a result of an innocent mistake. To the extent that the Debtors direct that any Payment be dishonored or the Banks inadvertently dishonor any Payments, the Debtors may issue replacement Payments consistent with the orders of this Court.

11. The Banks are further authorized and directed to (a) honor the Debtors' directions with respect to the opening or closing of any Bank Account and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, and the Banks shall have no liability to any party for relying on such representations or instructions.

12. The relief granted in this Order extends to any new bank account opened by the Debtors, in accordance with the provisions of this Order, after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened.

13. The Debtors shall serve a copy of this Order on the Banks within five business days of the entry of this Order, and upon any bank at which the Debtors open a new bank account, immediately upon the opening of such new account.

14. The Debtors are authorized, but not directed, to continue to use their existing Business Forms and checks without alteration or change and without the designation "Debtor-in-Possession" imprinted upon them, *provided* that once the Debtors' existing Business Forms and checks have been used, the Debtors shall, when reordering Business Forms and checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all Business Forms and checks; *provided* further that, with respect to Business Forms and checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order.

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

15. The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions with other Debtors in the ordinary course of business. The Debtors shall continue to maintain records related to the Intercompany Transactions, so that transactions can be ascertained, traced, and accounted for on applicable intercompany accounts. The Intercompany Claims arising postpetition shall have administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code. The Debtors shall not make any intercompany loans to non-debtor entities absent further order of the Court.

16. Except with respect to the Intercompany Transactions, nothing herein nor any actions taken hereunder shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

17. The Debtors are authorized and empowered to execute and deliver any such documents and to take and perform all actions necessary to implement and effectuate relief granted in this Order.

18. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order;

*[Different first page setting changed from off in original to on in modified.].*

*[Different first page setting changed from off in original to on in modified.].*

(f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Cash Management Obligations pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Cash Management Obligations allegedly due or owing to any Bank, and all of the Debtors' rights with respect thereto are hereby reserved.

19. For the avoidance of doubt, the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfer and transactions are adequately and promptly documented in and readily ascertainable from the Debtors' books and records to the same extent maintained by the Debtors prior to the Petition Date.

20. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor to the extent required by such statute.

21. The requirements set forth in Local Rule 9013-1(b) are satisfied.

22. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

23. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

24. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

*[Different first page setting changed from off in original to on in modified.].*