# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re: D.I. 90** |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN SILVERMAN CONSULTING AS RESTRUCTURING ADVISOR EFFECTIVE AS OF THE PETITION DATE

Upon the application, dated July 6, 2023 [D.I. 90] (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain Silverman Consulting ("**Silverman**") as their restructuring advisors, effective as of the Petition Date, on the terms set forth in the engagement letter between the Debtors and Silverman dated as of May 23, 2023 (such agreement, together with all amendments, modifications, renewals thereof, and all documents ancillary thereto or otherwise entered into in connection therewith, the "**Engagement Letter**"), a copy of which is attached hereto as **Exhibit 1,** including approving the terms of Silverman's employment, including the proposed compensation arrangement (the "**Fee and Expense Structure**") set forth in the Engagement Letter; and the Court having found that it has jurisdiction to consider the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Application.

RLF1 29318036v.1

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the Tsitsis Declaration; and upon the record herein; and after due deliberation thereon; and the Court having found and determined that Silverman is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, that the relief sought in the Application is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1.  The Application is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Application are overruled, with prejudice.

   2.  Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, the Debtors are authorized to employ and retain Silverman as their restructuring advisors, effective as of the Petition Date, on the terms set forth in the Engagement Letter, including the Fee and Expense Structure set forth therein (as modified

by this Order), and to pay fees and reimburse expenses to Silverman on the terms set forth in the Engagement Letter (as modified by this Order).

3. Silverman shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of the Court. Subject to the foregoing, the Debtors are authorized to pay Silverman's fees and to reimburse Silverman for its actual, reasonable, and documented out-of-pocket costs and expenses as provided in the Engagement Letter (as modified by this Order), including the reasonable costs of Silverman's outside legal counsel (without the need for such legal counsel to be retained as a professional in these Chapter 11 Cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that Silverman seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Silverman's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

5. During these Chapter 11 Cases, any limitation of liability by Silverman under the terms of the Engagement Letter shall have no force or effect other than as set forth in this Order.

6. Notwithstanding anything to the contrary in the Application, any of its attachments or the Engagement Letter, Silverman shall not seek reimbursement of any fees incurred defending any of Silverman's fee applications in these Chapter 11 Cases.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and, to the extent applicable, the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors and Silverman are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

12. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: July 25th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

4

RLF1 29318036V.1