# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re: D.I. 12, 61, 70** |

**FINAL ORDER (A) AUTHORIZING, BUT NOT DIRECTING THE DEBTORS TO (I) MAINTAIN EXISTING INSURANCE POLICIES AND PAY ALL INSURANCE OBLIGATIONS ARISING THEREUNDER AND (II) RENEW, REVISE, EXTEND, SUPPLEMENT, CHANGE OR ENTER INTO NEW INSURANCE POLICIES, (B) MODIFYING THE AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION PROGRAMS, AND (C) GRANTING OTHER RELATED RELIEF**

Upon the motion, dated June 27, 2023 [D.I. 12] (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a), 363, 364, 1107(a), and 1108 of the Bankruptcy Code, and Bankruptcy Rule 6004, (a) authorizing, but not directing, the Debtors to (i) continue and maintain existing insurance policies and pay on an uninterrupted basis, whether arising prepetition or postpetition, all insurance or other obligations arising thereunder or in connection therewith, including, but not limited to, premiums, deductibles, and administration costs, and (ii) renew, revise, extend, supplement, change or enter into new insurance coverage as needed in their business judgment without further order of this Court; (b) modifying the automatic stay with respect to workers' compensation programs; and (c) granting other related relief, and the Court having found that it has jurisdiction to consider the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. The Debtors are authorized, but not directed, to maintain the Insurance Policies and to pay all Insurance Obligations arising under or in connection with the Insurance Policies as such Insurance Obligations become due, whether prepetition or postpetition, including obligations related to any renewal or extension under the Insurance Policies.

3. The Debtors are authorized, but not directed, to continue using the Brokers as their insurance brokers and to pay any related fees that may come due in the ordinary course during the Chapter 11 Cases.

4. Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, or change any of the Insurance Policies, or enter into new insurance coverage as needed in their reasonable business judgment.

5. The Debtors are authorized and empowered to execute and deliver any such documents and to take and perform all actions necessary to implement and effectuate relief granted in this Order.

6. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is hereby modified to the extent any of the Debtors' employees hold claims under or in connection with the WC Policies, in the Debtors' sole discretion, solely to the extent necessary to permit such employees to proceed with their WC Claims through and including the collection or payment of any judgment or claim in the appropriate judicial or administrative forum under the WC Policies; provided that the prosecution of such claims is in accordance with the WC Policies and the recoveries are limited to the proceeds available under the WC Policies.

7. All applicable banks and financial institutions (collectively, the "**Banks**") are authorized and directed, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers (collectively, the "**Payments**"), on account of the Insurance Obligations, whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments.

8. Each of the Banks is authorized to rely on any directions and representations of the Debtors as to which Payments should be honored and paid in respect of the Insurance Obligations pursuant to the Motion and this Order, and any such Bank shall not have any liability

to any party for relying on such directions or representations by the Debtors as provided in this Order.

9. The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

10. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party. Without limiting the generality of the foregoing, nothing in the Motion or this Order nor any payment of any Insurance Obligations pursuant to this Order shall be construed as impairing the Debtors' right to contest the validity, priority, or amount of any Insurance Obligations allegedly due or owing to any Insurance Carriers or Brokers, and all of the Debtors' rights with respect thereto are hereby reserved.

11. To the extent that an Insurance Policy is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, payment pursuant to this Order shall not be deemed to constitute postpetition assumption or adoption of the policy or agreement as an executory contract pursuant to section 365 of the Bankruptcy Code.

12. The requirements set forth in Local Rule 9013-1(b) are satisfied.

13. The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

14. This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

15. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: July 25th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

RLF1 29337214V.1