**EXHIBIT B-6**

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 14** |

**NOTICE OF FINAL ORDER (A) ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES IN THE DEBTORS AND (B) GRANTING OTHER RELATED RELIEF**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:

PLEASE TAKE NOTICE that on [●], 2023 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**"), commenced a case under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 *et seq.*, as amended (the "**Bankruptcy Code**"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order establishing notice and hearing procedures for trading in equity securities in the Debtors (the "**Motion**").

PLEASE TAKE FURTHER NOTICE that on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered a *Final Order (a) Establishing Notice*

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29230174v.1

*and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the following procedures shall apply to holding and trading in equity securities in the Debtors:

1. Any postpetition purchase, sale, or other transfer of equity interest in the Debtors in violation of the procedures set forth herein (including the notice requirements) shall be null and void ab initio as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court.

2. The following procedures shall apply to trading in issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") and Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"):

    a) Any postpetition purchase, sale, or other transfer of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

    b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-1** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a Substantial Shareholder;

    c) At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-2** attached hereto, of the intended transfer of equity securities;

    d) At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result

2

    in a decrease in the amount of Lordstown Common Stock (as defined below) or Lordstown Preferred Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-3** attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "**Notice of Proposed Transfer**");

  e)  The Debtors shall have 20 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 20-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

  f)  For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Lordstown Common Stock (equal to, as of the Petition Date, approximately 717,502 shares)[2] or at least 4.50% of all issued and outstanding Lordstown Preferred Stock (equal to, as of the Petition Date, approximately 13,500 shares)[3] and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock

---

[2]    Based on, as of the Petition Date, approximately 15,952,991 shares of Lordstown Common Stock issued and either outstanding or in the process of being settled for equity awards that vested prior to the Petition Date, which reflects the Reverse Stock Split implemented on May 23, 2023.

[3]    Based on approximately 300,000 shares of Lordstown Preferred Stock issued and outstanding as of the Petition Date.

3

including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3. The following procedures shall apply to claims for tax purposes that shares of Lordstown Common Stock or Lordstown Preferred Stock are worthless:

   a) Any postpetition worthless stock deduction claim of Lordstown Common Stock or Lordstown Preferred Stock in violation of the procedures set forth herein (including notice requirements) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code, subject to further order of the Court;

   b) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a 50% Shareholder (as defined below) shall file with this Court, and serve on counsel to the Debtors a notice of such status, in the form of **Exhibit B-4** attached hereto, on or before the later of (i) 20 calendar days after the date of the Notice of Order (as defined below) and (ii) 10 calendar days after becoming a 50% Shareholder;

   c) At least 30 days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for the worthlessness of Lordstown Common Stock or Lordstown Preferred Stock (including Options to acquire such securities, as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with this Court, and serve on counsel to the Debtors advance written notice, in the form of **Exhibit B-5** attached hereto (a "**Notice of Intent to Claim a Worthless Stock Deduction**"), of the intended claim of worthlessness;

   d) The Debtors will have 20 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with this Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such claim will not be permitted unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 20-day period, such claim may be permitted solely as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns and amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 20-day waiting period; and

   e) For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Lordstown Common Stock or has had Beneficial

Ownership of 50% or more of Lordstown Preferred Stock, and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that forms of each of the required notices described above and copies of the Procedures are available at the following website maintained by Kurtzman Carson Consultants LLC: kccllc.net/lordstown. Upon the request of any person, counsel to the Debtors, Andrea Kropp, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, andrea.kropp@whitecase.com, will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE that a copy of the Interim Order may be obtained via PACER on the Court's website at https://www.pacer.gov/login.html for a fee, or free of charge by accessing the Debtors' restructuring website at kccllc.net/lordstown.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY POSTPETITION PURCHASE, SALE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS OR OF ANY BENEFICIAL INTERESTS THEREIN, INCLUDING OPTIONS TO ACQUIRE SUCH EQUITY SECURITIES, IN VIOLATION**

**OF THE PROCEDURES SET FORTH HEREIN (INCLUDING THE NOTICE REQUIREMENTS) SHALL BE NULL AND VOID *AB INITIO* AS AN ACT IN VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 362 AND 105(A) OF THE BANKRUPTCY CODE, SUBJECT TO FURTHER ORDER OF THE BANKRUPTCY COURT, AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE that the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: [●], 2023

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
| Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com<br><br>*Proposed Co-Counsel to Debtors and Debtors-in-Possession* | Thomas E Lauria (*pro hac vice* application pending)<br>Matthew C. Brown (*pro hac vice* application pending)<br>Fan B. He (*pro hac vice* application pending)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (*pro hac vice* application pending)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (*pro hac vice* application pending)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (*pro hac vice* application pending)<br>Doah Kim (*pro hac vice* application pending)<br>RJ Szuba (*pro hac vice* application pending)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Proposed Co-Counsel to Debtors and Debtors-in-Possession* |