## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-10831 (MWF) |
| Lordstown Motors Corp., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Re: Docket No. 110** |

### ORDER (A) AUTHORIZING THE RETENTION AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (B) GRANTING OTHER RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105, 327, 328 and 330 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, (a) authorizing, but not directing, the Debtors to retain and pay certain professionals (collectively, the "**Ordinary Course Professionals**") in the ordinary course of business on a postpetition basis and (b) granting other related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

held, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and upon the

record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having

found and determined that the relief sought in the Motion is in the best interest of the Debtors,

their estates, their creditors, their stakeholders, and all other parties-in-interest; and after due

deliberation thereon; and this Court having determined that there is sufficient cause appearing for

the relief granted in this Order,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized, but not directed, to retain, compensate, and reimburse

the Ordinary Course Professionals listed on the initial list attached hereto as **Exhibit 1** (the "**OCP

List**"), which may be supplemented from time to time, in accordance with the following

procedures (the "**OCP Procedures**"):

> a.      Within thirty (30) calendar days of the later of (i) the entry of an order
> granting this Motion and (ii) the date on which the Ordinary Course
> Professional commences postpetition services, each Ordinary Course
> Professional will provide to the Debtors and their counsel a declaration
> (each, an "**OCP Declaration**"), substantially in the form attached to the
> Order as Exhibit 2, certifying, among other things, that the Ordinary Course
> Professional does not represent or hold any interest adverse to the Debtors
> or their estates with respect to the matter(s) on which such professional is
> to be retained.

> b.      Upon receipt of an OCP Declaration, the Debtors will file the same with the
> Court and serve a copy on (i) counsel to the Committee and any other
> statutory committee appointed in the Chapter 11 Cases, and (ii) the Office
> of the United States Trustee for the District of Delaware, 844 North King
> Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin
> Hackman) (collectively, the "**OCP Notice Parties**").  If an Ordinary Course
> Professional fails to timely provide an OCP Declaration to the Debtors, the
> Ordinary Course Professional will automatically be deemed to be stricken
> from the OCP List or OCP List Supplement on which they were listed.

c.     If the Debtors seek to retain an additional Ordinary Course Professional not already listed on the OCP List, the Debtors will file with the Court a supplement to the OCP List (the "**OCP List Supplement**"), providing the name, address, and type of service of the additional Ordinary Course Professional. Within thirty (30) calendar days of the later of (i) the filing of the OCP List Supplement and (ii) the date on which the additional Ordinary Course Professional commences services, the additional Ordinary Course Professional will provide to the Debtors and their counsel an OCP Declaration, substantially in the form attached to the Order as <u>Exhibit 2</u>, certifying, among other things, that the additional Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be retained.

d.     The OCP Notice Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtors' counsel, in writing, of any objection to the retention of an Ordinary Course Professional (the "**Objection Deadline**").

e.     If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved twenty-one (21) days after the Objection Deadline, the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.

f.     If no objection is filed before the Objection Deadline, or if any objection submitted is timely withdrawn or resolved, the Debtors will be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, effective as of the latest of (i) the Petition Date, (ii) if applicable, the date of the filing of the OCP List Supplement, or (iii) the date of engagement.

g.     No Ordinary Course Professional may be paid any amount for post-petition fees or expenses until such Ordinary Course Professional has been retained in accordance with the OCP Procedures.

h.     Subject to the Debtors' retaining an Ordinary Course Professional in accordance with the OCP Procedures, the Debtors may pay such Ordinary Course Professional 100% of the post-petition fees and expenses incurred (collectively, "**Compensation**") upon submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided*, *however*, that the Debtors may not pay Compensation to an Ordinary Course

3

Professional in any amount in excess of the respective cap for such Ordinary Course Professional (as set forth under <u>Exhibit 1</u> attached to this Order) per month on average over a rolling three-month period (the "**OCP Cap**").

i.      The OCP Caps for any or all Ordinary Course Professionals may be increased, prospectively or retroactively, by mutual agreement of the Debtors and the OCP Notice Parties; *provided*, *however*, that the Debtors shall file a notice of increased OCP Cap(s) (a "**Cap Increase Notice**") and the increased OCP Cap(s) will be deemed approved upon the filing of such Cap Increase Notice without further action by the Court.

j.      To the extent an Ordinary Course Professional incurs Compensation in an amount that exceeds the respective OCP Cap (the full amount being the "**Excess Compensation**"), (i) the Debtors may pay such Excess Compensation upon agreement by the OCP Notice Parties, such agreement to be evidenced by the filing of a notice of increased cap amount, which will be deemed approved upon the filing of such notice, without further action by the Court, or (ii) absent such agreement, the Ordinary Course Professional may file a fee application (a "**Fee Application**") in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation filed under 11 U.S.C. § 330*, and any other procedures and orders of the Court in these Chapter 11 Cases. Each Fee Application shall be served upon the OCP Notice Parties. The OCP Notice Parties shall then have twenty-one (21) days to object to the Fee Application. If no objection is timely filed, the fees and expenses requested in the Fee Application shall be deemed approved without further order of the Court, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and one-hundred percent (100%) of its expenses.

k.      On or before the 14th day of each month during the pendency of the Chapter 11 Cases, the Debtors shall serve upon counsel to the Committee a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the prior calendar month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the prior calendar month. The first statement should be served on or before August 14, 2023 and cover the period from the Petition Date through July 31, 2023.

l.      At three (3) month intervals (each, a "**Quarter**") during the pendency of the Chapter 11 Cases, the Debtors shall file with the Court and serve on the

4

OCP Notice Parties, no later than thirty (30) days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional during the reported Quarter broken down by month; and (iii) the cumulative amounts paid as compensation for services rendered and reimbursement of expenses incurred by the Ordinary Course Professional from the Petition Date through the end of the reported Quarter.  The first report which will be due, will be for the period of Petition Date to September 30, 2023, and will be due no later than thirty (30) days following the quarter end, or October 30, 2023.

3.    The Debtors are authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4.    The Debtors are authorized, but not directed, to request the Ordinary Course Professionals to apply any unpaid retainer as of the Petition Date to the postpetition services provided by such Ordinary Course Professionals.

5.    Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a promise to pay any claim, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order, (f) granting

5

third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.

6.      The notice requirement set forth in Bankruptcy Rule 6004(a) is satisfied.

7.      This Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

6

**Dated: July 25th, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**