## **EXHIBIT B-1**

## **Notice of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 14, 180** |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

PLEASE TAKE NOTICE that the undersigned party is/has become a Substantial Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")). Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     For purposes of these procedures, (A) a **Substantial Shareholder** is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

2

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____

(Name of Shareholder)

By:            _____

Name:          _____

Title:         _____

Address:       _____

Telephone:     _____

Facsimile:     _____

Date:          _____

3

## **EXHIBIT B-2**

**Notice of Intent to Acquire Equity Interest**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re:  Docket Nos. 14, 180** |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate one or more shares of Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")), or an Option with respect thereto (as defined herein and in the Final Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**"),

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]      For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock  or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock . If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).   An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

| **RICHARDS, LAYTON & FINGER, P.A.** | **WHITE & CASE LLP** |
|---|---|
| Kevin Gross (No. 209) | Thomas E Lauria |
| Daniel J. DeFranceschi (No. 2732) | Matthew C. Brown |
| Paul N. Heath (No. 3704) | Fan B. He |
| Amanda R. Steele (No. 5530) | 200 South Biscayne Boulevard, Suite 4900 |
| Jason M. Madron (No. 4431) | Miami, FL 33131 |
| One Rodney Square | Telephone: (305) 371-2700 |
| 920 N. King Street | tlauria@whitecase.com |
| Wilmington, DE 19801 | mbrown@whitecase.com |
| Telephone: (302) 651-7700 | fhe@whitecase.com |
| Facsimile: (302) 651-7701 | |
| gross@rlf.com | David M. Turetsky |
| defranceschi@rlf.com | 1221 Avenue of the Americas |
| heath@rlf.com | New York, NY 10020 |
| steele@rlf.com | Telephone: (212) 819-8200 |
| madron@rlf.com | david.turetsky@whitecase.com |
| | |
| | Jason N. Zakia |
| | 111 South Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | |
| | Roberto Kampfner |
| | Doah Kim |
| | RJ Szuba |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 620-7700 |
| | rkampfner@whitecase.com |
| | doah.kim@whitecase.com |
| | rj.szuba@whitecase.com |

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:           _____
Name:      _____
Title:        _____
Address:   _____

Telephone:  _____
Facsimile:    _____
Date:          _____

4

**<u>EXHIBIT B-3</u>**

**Notice of Intent to Transfer Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 14, 180** |

## NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Lordstown Preferred Stock  or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Transfer**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the Court and served copies thereof on Debtors' counsel.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.50% of all issued and outstanding Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") (equal to, as of the Petition Date, approximately 717,502 shares) or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares) and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise transfer [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] of Lordstown Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock (including any Options with respect to any Lordstown Common Stock or Lordstown Preferred Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to

---

or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock  or Lordstown Preferred Stock) shall be determined by   the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all units owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation Section 1.382-4(d).  An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and nonappealable order

3

of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring additional shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____

Telephone: _____
Facsimile: _____
Date:      _____

4

## **EXHIBIT B-4**

**Notice of Status as 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
|  | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 14, 180** |

## <u>NOTICE OF STATUS AS A 50% SHAREHOLDER[2]</u>

PLEASE TAKE NOTICE that the undersigned party is/has become a 50% Shareholder with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors, and (b) Granting Other Related Relief* (the "**Final Order**")).  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or at least 4.50% of all issued and outstanding Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**") (equal to, as of the Petition Date, approximately 13,500 shares), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

PLEASE TAKE FURTHER NOTICE that, as of [●], the undersigned party beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Lordstown Common Stock or Lordstown Preferred Stock:

| Number of Shares | Stock Class | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020

2

madron@rlf.com

Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____

Name:       _____

Title:      _____

Address:    _____

Telephone:  _____

Facsimile:  _____

Date:       _____

3

## **EXHIBIT B-5**

**Notice of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re:  Docket No. 14, 180** |

<u>**NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**</u>

PLEASE TAKE NOTICE that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to Lordstown Preferred Stock or Lordstown Common Stock (as defined herein and in the *Final Order (a) Establishing Notice and Hearing Procedures for Trading in Equity Securities in the Debtors and (b) Granting Other Related Relief* (the "**Final Order**")) or an Option with respect thereto (as defined herein and in the Interim Order) (the "**Proposed Worthlessness Claim**").  Lordstown Motors Corp. is a debtor and debtor-in-possession in the above captioned case pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the United States

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    For purposes of these procedures, (A) a "**50% Shareholder**" is any person or entity that at any time during the 3-year period ending on the last day of the taxable year with respect to which the worthless stock deduction is claimed, has had Beneficial Ownership of 50% or more of Class A common stock issued by Lordstown Motors Corp. ("**Lordstown Common Stock**") or has had Beneficial Ownership of 50% or more of Series A convertible preferred stock issued by Lordstown Motors Corp. ("**Lordstown Preferred Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Lordstown Common Stock or Lordstown Preferred Stock and Options to acquire Lordstown Common Stock or Lordstown Preferred Stock) shall be determined by the Debtors, in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and

Bankruptcy Court for the District of Delaware (the "**Court**") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently beneficially owns [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that [●] shares of Lordstown Common Stock and [●] shares of Lordstown Preferred Stock or an Option with respect to [●] shares of Lordstown Common Stock or [●] shares of Lordstown Preferred Stock became worthless during the tax year ending [●].

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification or social security number of the undersigned party are [●].

PLEASE TAKE FURTHER NOTICE that, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors, at:

---

indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Lordstown Common Stock or Lordstown Preferred Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "**Option**" is any option or right to acquire stock including, without limitation, any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

**WHITE & CASE LLP**

Thomas E Lauria
Matthew C. Brown
Fan B. He
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner
Doah Kim
RJ Szuba
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

PLEASE TAKE FURTHER NOTICE that the Debtors have 20 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in the Notice.

3

RLF1 29351501v.1

PLEASE TAKE FURTHER NOTICE that any further transactions contemplated by the undersigned party that may result in the undersigned claiming a worthless stock deduction with respect to its shares of Lordstown Common Stock or Lordstown Preferred Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____

Name:      _____

Title:     _____

Address:   _____

Telephone: _____

Facsimile: _____

Date:      _____

4