IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: TBD<br>Objection Deadline: August 10, 2023, at 4:00 p.m. (ET) |

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP AS SPECIAL LITIGATION AND CORPORATE COUNSEL FOR THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby submit this application (the "**Application**") for entry of an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the employment and retention of the law firm of Baker & Hostetler LLP ("**Baker**") as special litigation and corporate counsel to the Debtors, effective *nunc pro tunc* to the Petition Date (defined below), substantially in the form attached hereto as **Exhibit D**. In support of this Application, the Debtors submit the (i) *Declaration of Michael A. VanNiel in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Baker & Hostetler LLP as Special Litigation and Corporate Counsel*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*for the Debtors Effective Nunc Pro Tunc to the Petition Date* (the "**VanNiel Declaration**") attached hereto as **Exhibit A**; and (ii) *Declaration of Melissa A. Leonard in Support of the Debtors' Application for an Order Authorizing the Retention and Employment of Baker & Hostetler LLP as Special Litigation and Corporate Counsel for the Debtors Effective Nunc Pro Tunc to the Petition Date*, attached hereto as **Exhibit C**. In further support of the Application, the Debtors respectfully state as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order or judgment by the Court in connection with this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327(e) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

**A.  The Bankruptcy Cases**

4. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of the unsecured creditors (the "**Committee**"). No trustee or examiner has been appointed in these Chapter 11 Cases.

5. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Cases and First Day Motions* (the "**First Day Declaration**") [Docket No. 15]. The First Day Declaration is incorporated herein by reference.

**B.    Prepetition Representation of Lordstown**

6. Prior to the Petition Date, the Debtors retained Baker to represent them in connection with various corporate, labor, and environmental matters (collectively, the "**Corporate Matters**" and together with the Litigation Matters, the "**Litigation & Corporate Matters**"). Such Corporate Matters include, without limitation, the following: (a) addressing regulatory disclosures mandated by the Securities & Exchange Commission such as 10-Ks, 10-Qs, 8-Ks, and related securities law compliance advice; (b) attending, as necessary, board meetings and preparing minutes related thereto, and related corporate law and fiduciary duty advice; (c) providing legal advice concerning labor, immigration and other employment matters; and (d) providing legal advice concerning compliance with environmental laws, rules and regulations.

7. In addition, the Debtors retained Baker to provide legal advice and to represent the Debtors in extensive litigation, corporate and securities matters. A summary description of those matters is as follows (collectively, the "**Litigation Matters**"):

|   | **Litigation Case Caption & Jurisdiction** | **Summary Description** |
|---|---|---|
| a. | *Karma Automotive LLC v. Lordstown Motors Corp., et al.* (C.D. Cal., Case No. 8:20-cv-02104-JVS-DFM) (the "**Karma Matter**")[2] | On October 30, 2020, Debtor Lordstown Motor Corp. ("**Lordstown**") and the Additional Karma Defendants were named as defendants in a lawsuit by Karma Automotive LLC ("**Karma**"). The defendants filed a motion for summary judgment, which was granted in part on November 18, 2022, leaving the following claims: (i) alleged violations under federal law of the Computer Fraud and Abuse Act and the Defend Trade Secrets Act; (ii) alleged violations of California law for misappropriation of trade secrets, unfair competition, and unauthorized computer access; (iii) common law claims for breach of contract, including confidentiality agreements and a non-disclosure agreement, and tortious interference with contract; and (iv) common law conspiracy and RICO conspiracy. Karma is seeking permanent injunctive relief and monetary damages.<br><br>The Karma Matter is ongoing. |
| b. | *Rico v. Lordstown Motors Corp., et al.* (N.D. Ohio, Case No. 21-cv-616) (the "**Rico Matter**")[3] | Matters (b) through (g) relate to six putative securities class action lawsuits that were filed against Lordstown and the Additional Rico Defendants. These matters have been consolidated. On September 10, 2021, the lead plaintiff and several additional named plaintiffs filed their consolidated amended complaint, asserting violations of federal securities laws under Section 10(b), Section 14(a), Section 20(a), and Section 20A of the Exchange Act and Rule 10b-5 thereunder against the defendants. The complaint generally alleges that the defendants made materially false and misleading statements relating to vehicle pre-orders and production timeline. The defendants filed a motion to dismiss, which was fully briefed as of March 3, 2022.<br><br>A hearing on the motion to dismiss has not been scheduled and a decision has not yet been rendered. These matters are ongoing. |
| c. | *Palumbo v. Lordstown Motors Corp., et al.* (N.D. Ohio, Case No. 21-cv-633) | |
| d. | *Zuod v. Lordstown Motors Corp., et al.* (N.D. Ohio, Case No. 21-cv-720) | |
| e. | *Brury, et al. v. Lordstown Motors Corp., et al.* (N.D. Ohio, Case No. 21-cv-760) | |

---

[2] Baker also represents the following individual and corporate defendants in the Karma Matter (collectively, the "**Additional Karma Defendants**"): Stephen S. Burns, John LaFleur, Darren Post, Rich Schmidt, Roger J. Durre, Hong Xin Huan (a/k/a George Huan), Bei Qin, Stephen Punak, Christopher Kim, Dan Zhihong Huang, and Punak Engineering, Inc. Baker does not and will not represent any of the Additional Karma Defendants in connection with whatever claims or interests they may have or may assert in the Chapter 11 Cases.

[3] Baker also represents the following individual and corporate defendants in the Rico Matter (collectively, the "**Additional Rico Defendants**"): Debtor Lordstown EV Corporation, Stephen S. Burns, Rich Schmidt, Julio Rodriguez, Michael Fabian, Andrew C. Richardson, David T. Hamamoto, Judith A. Hannaway, Steven R. Hash, Shane Brown, Darren Post, and Caimin Flannery. Baker does not and will not represent any of the Additional Rico Defendants in connection with whatever claims or interests they may have or may assert in the Chapter 11 Cases.

|   | **Litigation Case Caption & Jurisdiction** | **Summary Description** |
|---|---|---|
| f. | *Romano et al. v. Lordstown Motors Corp., et al.* (N.D. Ohio, Case No. 21-cv-994) | |
| g. | *FNY Managed Accounts LLC, et al. v. Lordstown Motors Corp. et al.*, (N.D. Ohio, Case No. 21-cv-1021) | |
| h. | *Cohen, et al. v. Burns, et al.*, (D. Del., Case No. 21-cv-604) (the "**Cohen Matter**")[4] | Matters (h) through (k) concern four related stockholder derivative lawsuits that were filed against the Additional Cohen Defendants and against Lordstown as a defendant. These actions were consolidated. On August 27, 2021, the plaintiffs filed a consolidated amended complaint, asserting violations of Section 10(b), Section 14(a), Section 20(a) and Section 21D of the Exchange Act and Rule 10b-5 thereunder, breach of fiduciary duties, insider selling, and unjust enrichment, all relating to vehicle pre-orders, production timeline, and certain Lordstown matters.

These matters are ongoing. |
| i. | *Kelley, et al. v. Burns, et al.*, (D. Del, Case No. 21-cv-724) | |
| j. | *Patterson, et al. v. Burns, et al.*, (D. Del., Case No. 21-cv-910) | |
| k. | *Sarabia v. Burns, et al.* (D. Del., Case No. 21-cv-1010); | |
| l. | *Thai et al. v. Burns, et al.* (N.D. Ohio, Case No. 21-cv-1267) (the "**Thai Matter**")[5] | This matter concerns a stockholder derivative lawsuit brought against Lordstown and the Additional Thai Defendants. The plaintiffs assert violations of Section 10(b), Section 14(a), Section 20(a) and Section 21D of the Exchange Act and Rule 10b-5 thereunder, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste, based on generally similar facts as those alleged in the consolidated derivative action in the District Court of Delaware described above. On October 21, 2021, the court entered a stipulated stay of the action and scheduling order relating to the defendants' anticipated motion to dismiss and/or subsequent motion to stay that is similarly conditioned on the resolution of the motion to dismiss in the consolidated securities class action.

This matter is ongoing. |

---

[4] Baker also represents the following individual defendants in the Cohen Matter (collectively, the "**Additional Cohen Defendants**"): Stephen S. Burns, Phil Richard Schmidt, Julio Rodriguez, Michael Fabian, David T. Hamamoto, Keith Feldman, Jane Reiss, Dale Spencer, Michael Gates, Mickey Kowitz, Angela Strand Boydston, Martin Rucidlo, and Darren Post. Baker does not and will not represent any of the Additional Cohen Defendants in connection with whatever claims or interests they may have or may assert in the Chapter 11 Cases.

[5] Baker also represents the following individual defendants in the Thai Matter (collectively, the "**Additional Thai Defendants**"): Stephen S. Burns, Phil Richard Schmidt, Julio Rodriguez, Angela Strand Boydston, Shane Brown, Michael Fabian, Keith Feldman, Michael Gates, David T. Hamamoto, Judith A. Hannaway, Steven Hash, Mickey Kowitz, Darren Post, Jane Reiss, Andrew C. Richardson, Martin Rucidlo, Dale Spencer, Chuan D. "John" Vo,

|     | Litigation Case Caption & Jurisdiction | Summary Description |
| --- | --- | --- |
| m.  | *Cormier v. Burns, et al.* (Del. Ch., C.A. No. 2021-1049) (the "**Cormier Matter**")[6] | Matters (m) and (n) concern a stockholder derivative lawsuit against Lordstown and the Additional Cormier Defendants. The plaintiffs allege breach of fiduciary duties, insider selling, and unjust enrichment, based on similar facts as the federal derivative actions described above. These matters have been consolidated and are ongoing. |
| n.  | *Jackson v. Burns, et al.* (Del. Ch., C.A. No. 2022-0164) | |
| o.  | *Hebert v. Hamamoto, et al.*, (Del. Ch., C.A. No. 2021-1066) | Matters (o) and (p) concern two putative class action lawsuits against former DiamondPeak directors and DiamondPeak Sponsor LLC. The plaintiffs purport to represent a class of investors in DiamondPeak and assert breach of fiduciary duty claims based on allegations that the defendants made or failed to prevent alleged misrepresentations regarding vehicle pre-orders and production timeline, and that but for those allegedly false and misleading disclosures, the plaintiffs would have exercised a right to redeem their shares prior to the de-SPAC transaction.<br><br>These matters are ongoing. |
| p.  | *Amin v Hamamoto, et al.* (Del. Ch., C.A. No. 2021-1085) | |

8. As described in detail above, Baker simultaneously represents various other individuals and other parties as defendants in many of the Litigation Matters, including, without limitation, various current and former members of the Debtors' executive management team and other employees. Baker has not and will not advise any of those individuals or other parties regarding any matter adverse to the Debtors for which Baker is retained by the Debtors, or regarding any matter relating to the Debtors' bankruptcy case, or any claims or interests any of those individuals may have (if any) against the bankruptcy estate. In addition, Baker believes that the parties' interests represented by Baker are aligned in the Litigation& Corporate Matters, and

---

and Mark Walsh. Baker does not and will not represent any of the Additional Thai Defendants in connection with whatever claims or interests they may have or may assert in the Chapter 11 Cases.

[6] Baker also represents the following individual defendants in the Cormier Matter (collectively, the "**Additional Cormier Defendants**"): Stephen S. Burns, Shane Brown, Keith A. Feldman, Caimin Flannery, Michael D. Gates, David T. Hamamoto, Mickey W. Kowitz, Darren Post, Jane Reiss, Julio C. Rodriguez, Martin J. Rucidlo, Phil Richard Schmidt, Dale G. Spencer, Angela Strand, and Chuan D. "John" Vo. Baker does not and will not represent any of the Additional Cormier Defendants in connection with whatever claims or interests they may have or may assert in the Chapter 11 Cases.

that to the extent the interests of the parties cease to be aligned, Baker will not represent the other parties (including, but not limited to, the Additional Cormier Defendants, the Additional Thai Defendants, the Additional Karma Defendants, the Additional Rio Defendants, the Additional Cohen Defendants, and other defendants in the DiamondPeak related litigations) in those Litigation & Corporate Matters. Accordingly, the Debtors do not believe that Baker's simultaneous representation of those third parties precludes the Debtors' retention of Baker as a limited purpose special counsel under Section 327(e).

## RELIEF REQUESTED

9.  By this Application, the Debtors seek to employ and retain Baker as special litigation and corporate counsel in connection with the Litigation & Corporate Matters, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors further request that the Court approve the retention of Baker as its special litigation and corporate counsel in accordance with Baker's hourly rates in effect at the time services are rendered and normal reimbursement policies.

## BAKER'S QUALIFICATIONS

10. Baker is a nationally recognized law firm of approximately 1,000 lawyers with recognized expertise and extensive experience in providing business advisory services and in commercial litigation.

11. As a result of its prepetition work for the Debtors, and role as Lordstown's long-time outside counsel, Baker has extensive institutional knowledge concerning the Debtors and the Litigation & Corporate Matters. The Debtors believe that Baker is both well qualified and uniquely able to represent them as special counsel with respect to the Litigation & Corporate Matters in an

efficient and timely manner, and that Baker's retention as special litigation and corporate counsel is in the best interest of the Debtors' estates. In the absence of Baker's retention, the Debtors would be forced to educate new counsel with respect to the Litigation & Corporate Matters. The Debtors believe that effort would be prohibitively expensive and would not be in the best interests of their estates.

## SERVICES TO BE PROVIDED

12. The Debtors desire to retain Baker as special litigation and corporate counsel in these Chapter 11 Cases to provide such legal services as are necessary and requested by the Debtors including, without limitation, continuing Baker's representation of the Debtors in the Litigation & Corporate Matters. The Debtors believe that the services to be provided by Baker will not be duplicative of the services provided by White & Case or Richards, Layton & Finger and that the professionals will work to ensure that there will be no duplication of services.

13. The terms of Baker's retention are set forth in engagement letters by and between Lordstown, Baker and others, copies of which are attached hereto as **Exhibit B**.

## PROFESSIONAL COMPENSATION

14. Subject to the Court's approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and other procedures that may be fixed by the Court, the Debtors request that Baker be compensated on an hourly basis as set forth in the VanNiel Declaration and that Baker receive reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors in connection with the Litigation & Corporate Matters. Further, Baker intends to apply for allowance of compensation for professional services and reimbursement of expenses incurred in connection with such representation, subject to the Court's approval and in compliance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

15. As set forth above, prior to the Petition Date, the Debtors retained and employed Baker to advise and represent the Debtors with respect to the Litigation & Corporate Matters. During the ninety days prior to the Petition Date, Baker received payments for its services from one or more of the Debtors' insurance carriers totaling $245,423.89 and from the Debtors totaling $2,200,903.26. Of the amount received from the Debtors, $267,950.57 were either draws from retainers Baker received prior to the ninety days leading up to the Petition Date or retainers. As of the Petition Date, Baker is owed $260,981.07 for professional services performed for the Debtors relating to the Litigation & Corporate Matters. Baker is currently holding $180,894.86 of retainer funds on hand.

16. At present, Baker's ranges for standard hourly rates charged are as follows: $555 – $1,345 for partners; $605 – $865 for counsel; $400 – $970 for associates; and $250 – $360 for paraprofessionals. The names, positions, and current hourly rates of the Baker lawyers currently expected to spend significant time on the Litigation & Corporate Matters are included in the VanNiel Declaration. Baker is currently providing to the Debtors for all work performed an overarching 10% courtesy discount to Baker's standard hourly rates. In addition, Baker has agreed to a special rate of $1,345/hour for partner Douglas Greene. The discounted rates and other arrangements described above will continue to apply for all work performed on Litigation & Corporate Matters during the course of the Debtors' bankruptcy cases.

17. The Debtors believe these rates are consistent with market rates for comparable services, and have been informed that Baker sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic

and other conditions. Baker has agreed that it will provide at least ten (10) business days' prior notice of any rates increases to the Debtors, the official committee of unsecured creditors and the U.S. Trustee.

18. Baker will maintain detailed, contemporaneous records of time and of any actual and necessary expenses incurred in connection with Baker's performance of the legal services described above.

19. It is anticipated that proactive coordination among the Debtors' attorneys and other professionals will add to the progress and efficient administration of these Chapter 11 Cases. The Debtors intend to carefully monitor and coordinate the efforts of all professionals retained by the Debtors, including any special counsel, and will delineate their respective duties to prevent the duplication of services whenever possible. Baker has committed to complementing the services to be rendered by the Debtors' other professionals to avoid duplication of effort and to minimize the expenses of administering these cases.

## **DISINTERESTEDNESS**

20. The Litigation & Corporate Matters are the only matters for which the Debtors seek to retain and employ Baker. Except as otherwise described herein, and to the best of the Debtors' knowledge, and based upon the VanNiel Declaration, Baker does not represent or hold any interest adverse to the Debtors or their respective estates with respect to such matter. Melissa Leonard, the Executive Vice President, General Counsel & Secretary to the Debtors was previously a partner and practice team leader in the mergers and acquisitions group at Baker.

21. As more particularly described above, Baker simultaneously represents various other individuals and other parties as defendants in many of the Litigation Matters, including, without limitation, various current and former members of the Debtors' executive management

team and other employees. Baker has not and will advise any of those individuals or other parties regarding any matter adverse to the Debtors for which Baker is retained by the Debtors, or any matter relating to the Debtors' bankruptcy case, or any claims or interests any of those individuals may have (if any) against the bankruptcy estate. In addition, Baker believes that the parties' interests represented by Baker are aligned in the Litigation & Corporate Matters, and that to the extent the interests of the parties cease to be aligned, Baker will not represent the other parties (including, but not limited to, the Additional Cormier Defendants, the Additional Thai Defendants, the Additional Karma Defendants, the Additional Rio Defendants, the Additional Cohen Defendants, and other defendants in the DiamondPeak related litigations). Accordingly, the Debtors do not believe that Baker's simultaneous representation of those third parties precludes the Debtors' retention of Baker as limited purpose special counsel under Section 327(e).

22. Baker will review its files periodically throughout these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Baker will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration disclosing such relevant information.

## **BASIS FOR RELIEF**

23. Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specific matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed. *See* 11 U.S.C. § 327(e). Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section

11

327…solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

24. Further, courts have recognized that having claims against an estate for unpaid prepetition professional fees does not amount to an "interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed" for purposes of section 327(e) of the Bankruptcy Code. *City of Rockford v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, No. 21-268-LPS, 2022 WL 906462, at *6 (D. Del. March 28, 2022).

25. In addition, the receipt of prepetition payments does not preclude a law firm from being employed as special counsel under section 327(e) of the Bankruptcy Code so long as the receipt of such payment does not cause it to "hold any interest adverse to the debtor or to the estate with respect to the matter on which [it] is to be employed." 11 U.S.C. § 327(e). *See also In re Mortgages Ltd.*, No. 08-07465 (RJH), 2008 WL 5024925, at *2 (Bankr. D. Ariz. Aug. 14, 2008) ("[T]he potential receipt of a preference does not disqualify a firm from employment as a special counsel when the debtor's and the firm's interests are parallel with respect to the matters for which the firm is to be employed."). As the District Court explained in *Mallinckrodt*, "[s]uch claims or payments are relevant to whether general counsel has an interest adverse 'to the estate' for § 327(a) purposes but, without more, are not relevant to whether special counsel has a qualifying adverse interest 'with respect to the matter on which such attorney is to be employed' for § 327(e) purposes." 2022 WL 906462, at *6.

26. Here, section 327(e) supports the Debtors' proposed retention and employment of Baker as special litigation and corporate counsel in connection with the Litigation & Corporate Matters. Such retention and employment are specific to issues and litigation related to the Litigation & Corporate Matters. Given Baker's prepetition representation of the Debtors in

connection with such matters, Baker is especially well-acquainted with the Debtors' businesses, relevant litigation considerations, and is well-equipped to continue its representation of the Debtors post-petition in a cost-effective, efficient, and timely manner. The Debtors would have to expend significant time and resources if required to search for and retain new litigation and corporate counsel to represent the Debtors in connection with the Litigation & Corporate Matters. A time-consuming, expensive search for new litigation and corporate counsel and an associated cost to get new counsel up to speed would be wasteful and counterproductive. Finally, to the best of the Debtors' knowledge and based upon the VanNiel Declaration, Baker does not represent or hold any interest adverse to the Debtors or their estates with respect to the Litigation & Corporate Matters.

27. Moreover, as set forth above, Baker's receipt of prepetition payments from the Debtors and its status as one of the Debtors' prepetition creditors does not disqualify Baker from being retained pursuant to section 327(e) of the Bankruptcy Code. *See Mallinckrodt*, 2022 WL 906462, at *6; *Mortgages Ltd.*, 2008 WL 5024925, at *2.

28. The Debtors believe that the employment of Baker, effective *nunc pro tunc* to the Petition Date, is warranted under the circumstances of these Chapter 11 Cases so that Baker may be compensated for its services prior to the entry of an order approving Baker's retention. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive employment because Baker has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period.

## NOTICE

29. Notice of the Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the unsecured creditors' committee; (iii) the Internal

Revenue Service; (iv) the Securities and Exchange Commission; (v) the United States Attorney for the District of Delaware; (vi) the state attorneys general for all states in which the Debtors conduct business; (vii) any parties who have asserted liens against the Debtors' assets; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

30. WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit D**, granting the relief requested in the Application and granting the Debtors such other and further relief as may be just and proper.

Dated: July 27, 2023

**LORDSTOWN MOTORS CORP.**
**(**for itself and on behalf of its affiliated debtors and debtors in possession)

By: */s/Melissa A. Leonard*
Name: Melissa A. Leonard
Title: Executive Vice President, General Counsel & Secretary