# EXHIBIT C

**Leonard Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*, | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MELISSA A. LEONARD IN SUPPORT
OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP
AS SPECIAL LITIGATION AND CORPORATE COUNSEL FOR THE DEBTORS,
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

I, Melissa A. Leonard, hereby declare, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct, to the best of my knowledge and belief, after due inquiry described herein.

1. I am an Executive Vice President, General Counsel, and Secretary of Lordstown Motors Corp., a debtor in these Chapter 11 Cases. I submit this declaration (the "**Declaration**") in support of the Application (the "**Application**")[1] of Lordstown Motors Corp. and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for authority to retain and employ Baker & Hostetler LLP ("**Baker**" or the "**Firm**"), as special litigation and corporate counsel for the Debtors, effective as of the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

2. Baker is proposed to serve as special litigation and corporate counsel to the Debtors. In selecting Baker to represent the Debtors as special litigation and corporate counsel, the Debtors considered Baker's expertise in the relevant legal issues related to the Litigation and Corporate Matters, including Baker's representation in such matters.

3. The Debtors retained Baker because of its extensive experience in the Litigation and Corporate Matters and its acquired familiarity with the Debtors. In its prepetition representation of the Debtors, Baker has acquired in-depth knowledge of the Debtors' businesses. In addition, Baker has specifically acquired extensive knowledge with respect to the background and issues related to the Litigation and Corporate Matters. The Debtors believe that Baker is both well-qualified and uniquely able to represent the Debtors in the Chapter 11 Cases as special litigation and corporate counsel in an efficient and timely manner.

4. The Debtors desire to employ Baker because of the extensive legal services that will be required in connection with the Litigation and Corporate Matters and Baker's familiarity with the business of the Debtors.

5. I was previously a partner and practice team leader in the mergers and acquisitions group at Baker.

6. In my capacity as Executive Vice President, General Counsel, and Secretary, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business, and I participate in monitoring and controlling costs of the business, including legal costs. Baker has provided and will be providing professional services to the Debtors under its standard rate structure. Baker is also providing the Debtors with certain additional discounts of its standard rates, as described in more detail in the Application. Baker has informed the Debtors that its rates under its standard rate structure are consistent among litigation and corporate representations

undertaken under the standard rate structure. Baker has further informed the Debtors that its rates and terms under its standard rate structure for non-bankruptcy engagements are the same as the rates and the terms for the Debtors' engagement of Baker. I am also responsible for reviewing the invoices regularly submitted by Baker, and can confirm that the rates that Baker charged the Debtors in the prepetition period, as discounted, are the same as the rates that Baker will charge the Debtors in the post-petition period, based on the terms of the Engagement Letters, subject to periodic rate increases, as described in the Application. Baker has informed the Debtors that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

7. Baker has developed and shared with the Debtors a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of the Court, recognizing that in the course of the Litigation and Corporate Matters, there may be unforeseeable events that will need to be addressed by the Debtors and Baker. The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases. The Debtors will continue to review the invoices that Baker regularly submits, and, together with Baker, periodically refine and amend the budget and staffing plan as the case develops.

8. The budget prepared to address the U.S. Trustee's fee guidelines will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals that will work on various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 27, 2023  
      Lordstown, Ohio

*/s/ Melissa A. Leonard*  
Name: Melissa A. Leonard  
Title: Executive Vice President, General Counsel, and Secretary of Lordstown Motors Corp.