**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br>Objection Deadline: August 10, 2023, at 4:00 p.m. (ET) |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP TO PROVIDE AUDIT SERVICES TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE AND (B) GRANTING OTHER RELATED RELIEF**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this application (the "**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and retain KPMG LLP ("**KPMG**") to provide audit services, effective as of the Petition Date (defined below).[2] In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of Scott Stelk in Support of the Debtors' Application for Entry of an Order (A) Authorizing the Retention and Employment of KPMG LLP to Provide Audit Services to the Debtors Effective as of the Petition Date and (B) Granting Other Related Relief* (the "**Stelk Declaration**"), attached hereto as **Exhibit B**. In further support of the Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration (defined below).

**RELIEF REQUESTED**

1. By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of the Order (a) authorizing the employment and retention of KPMG effective as of the Petition Date to provide audit services to the Debtors that will be necessary during the Chapter 11 Cases, as more fully described herein, and in accordance with the terms and conditions set forth in that certain Engagement Letter entered between the Debtors and KPMG dated May 3, 2023, and the related amendment (the "**Amendment**") dated July 17, 2023 (collectively, the "**Agreements**"), a copy of which is attached herein as **Exhibit C** and incorporated herein by reference and (b) granting other related relief.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

2. The Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Application are sections 327(a) 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1.

4. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court lacks

2

Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of the unsecured creditors (the "**Committee**"). No trustee or examiner been appointed in these Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Cases and First Day Motions* (the "**First Day Declaration**") [Docket No. 15].

## KPMG'S QUALIFICATIONS

7. As detailed in the Stelk Declaration, KPMG is a professional firm providing audit, tax and advisory services. The Debtors have selected KPMG to provide audit services because of the firm's diverse experience and extensive knowledge in the fields of accounting, taxation, and operational controls for large, sophisticated companies both in chapter 11 as well as outside of chapter 11. The Debtors have employed KPMG since 2020. KPMG is qualified to continue to provide such services to the Debtors. As such, retaining KPMG is an efficient and cost-effective manner in which the Debtors may obtain the requisite services.

8. As an exercise of their business judgement, the Debtors have concluded that

3

KPMG's requested fees are at a reasonable level of compensation. The compensation arrangements provided for in the Agreements are consistent with, and typical of, arrangements entered into by KPMG and other audit services firms in connection with rendering similar services to clients such as the Debtors. The Debtors believe that KPMG is well qualified and able to represent its interests in a cost-effective, efficient, and timely manner, and KPMG has indicated a willingness to act on behalf of the Debtors and to subject itself to the jurisdiction and supervision of this Court.

### SERVICES TO BE PROVIDED

9. Subject to approval of the Application and pursuant to the Agreements, KPMG will continue to provide audit services as KPMG and the Debtors shall deem appropriate and feasible during the course of the Chapter 11 Cases, including, but not limited to, the following (collectively, the "**Services**"):[3]

**Audit Services**[4]

(a) Audit of consolidated balance sheets of Lordstown Motors Corp. as of December 31, 2023 and 2022, the related consolidated statements of operations, stockholders' equity and cash flows for each of the years in the three-year period ended December 31, 2023 and the related notes to the financial statements and quarterly reviews for the quarters ended June 30, and September 30, 2023.[5]

10. In addition to the foregoing, KPMG will provide such other consulting, advice, research, planning, and analysis regarding audit services as may be necessary, desirable or requested from time to time by the Debtors. Should KPMG and the Debtors enter into any

---

[3] If there is any inconsistency between the description of the services in the applicable Agreements and in this Declaration, the description in the applicable Agreement shall control.

[4] As more fully detailed in the Engagement Letter, KPMG will also provide additional non-audit services at no charge to the Debtors.

[5] As more fully detailed in the Amendment, KPMG completed procedures and billed the fees related to quarterly review for the quarter ended March 31, 2023 prior to the date of the Amendment.

4

additional engagement letters and/or statement(s) of work regarding additional services to be provided to the Debtors during these Chapter 11 Cases, KPMG and the Debtors will follow the procedure for authorization to provide such additional services as set forth in the Court's order approving the Application.

11. The Debtors respectfully request that KPMG's retention be made effective as of the Petition Date so that KPMG may be compensated for the professional services it has provided before the Application is heard by the Court. KPMG has provided services to the Debtors in advance of approval of the Application in anticipation that its retention would be approved effective as of the Petition Date. The Debtors submit that these circumstances are of a nature warranting retroactive approval.

## PROFESSIONAL COMPENSATION

12. Subject to Court approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members, dated* July 25, 2023 [Docket No. 181] ("**Interim Compensation Order**"), and such other procedures as may be fixed by order of the Court, the Debtors will compensate KPMG in accordance with the terms and conditions of the Agreements, which, in relevant part, provide for the following compensation structure.

13. Pursuant to the terms of the Agreements, KPMG agreed to charge the Debtors at the following hourly rates, as set forth in the table below:

| Level of Audit Professional | Rate | Level of Specialist | Rate |
|---|---|---|---|
| Partner | $ 500 | National Office | $ 765 |
| Managing Director | $ 450 | Accounting Advisory Partner/Managing Director | $ 500 |
| Director/Senior Manager | $ 400 | Accounting Advisory Director | $ 470 |
| Manager | $ 350 | Tax Partner/Managing Director | $ 600 |

5

| Senior Associate | $ 300 | Valuation Partner/Managing Director | $ 650 |
| Associate | $ 250 | Valuation Director/Senior Manager | $ 500 |

14. In the normal course of KPMG's business, its hourly rates are subject to periodic increase. Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide 10 business days' notice to the Debtors and the United States Trustee.

15. In addition to the fees set forth above, the Debtors shall reimburse KPMG for reasonable and necessary costs and expenses incurred, including but not limited to meals, lodging, travel, photocopying, delivery service, postage, vendor charges, value added tax, reasonable and documented outside counsel legal fees and expenses, and other out-of-pocket costs and expenses incurred in providing professional services.

16. According to KPMG's books and records and as set forth in detail in the Stelk Declaration, during the 90-day period prior to the Petition Date, KPMG received $232,500 from the Debtors for professional services performed and expenses incurred. On the Petition Date, the Debtors did not owe KPMG any unpaid fees or expenses. In connection with this Application, if it is determined that the Debtors did owe KPMG any unpaid fees or expenses for prepetition professional services, KPMG waives any amounts owed for such services rendered prior to the Petition Date.

17. Except as set forth in the Stelk Declaration, (a) no commitments have been made or received by KPMG with respect to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or understanding between KPMG and any other entity, other than a member, partner or regular associate of KPMG, for the sharing of compensation received or to be received for services

rendered in connection with these proceedings.

18.     KPMG shall apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court.  Such applications will include time records setting forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors.  For all services rendered on an hourly basis, KPMG will maintain detailed records in one-tenth hour increments.

19.     KPMG's applications for compensation and expenses will be paid by the Debtors pursuant to the terms of the Agreements, in accordance with Bankruptcy Local Rule 2016-1 and any procedures established by the Court.  KPMG has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

20.     Accordingly, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order, the Debtors propose to compensate KPMG for services rendered and to reimburse KPMG according to its customary reimbursement policies.  The Debtors respectfully submit that KPMG's rates and policies, as set forth in the Stelk Declaration, are reasonable.

**KPMG'S DISINTERESTEDNESS**

21.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Stelk Declaration attached hereto, KPMG does not hold or represent an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that KPMG:

(a) is not a creditor, an equity security holder, or an insider of the Debtors;

(b) is not and was not, within two years before the date of filing of the Chapter 11 Cases, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

22. In view of the above, the Debtors believe that KPMG is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates.

23. KPMG will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances arise or any new or additional connections to parties in interest arise. If any new relevant facts or relationships are discovered or arise, KPMG will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, to the extent required by Bankruptcy Rule 2014 and Local Rule 2014-1.

24. In addition, from time to time, KPMG may use independent contractors, such as software providers. However, KPMG will not profit from the use of such persons. Notwithstanding any use of any Other KPMG Entities or independent contractors, KPMG shall remain fully and solely responsible for any liabilities and obligations in respect of its engagement and services to the Debtors in these Chapter 11 Cases.

25. Only KPMG is being retained in these matters. KPMG cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG's engagement by the Debtors. However, to the extent KPMG becomes aware of such engagement and believes such engagement may bear upon KPMG's engagement by the Debtors, KPMG will file a supplemental declaration with the Court.

AMERICAS 124357008 v6

## NO DUPLICATION OF SERVICES

26. The Debtors and KPMG intend that all of the services that KPMG will provide to the Debtors will be appropriately directed by the Debtors so as to avoid duplication of efforts by and among the other professionals retained in these Chapter 11 Cases and performed in accordance with applicable standards of the profession. KPMG will work collaboratively with the Debtors' senior management team, board of directors, and other professionals, to avoid duplication of services among professionals. The Debtors believe that the services to be provided by KPMG will complement and will not be duplicative of any services of the Debtors' other professionals.

27. The Debtors have sought retention of Deloitte & Touche LLP ("**Deloitte**") and Ernst & Young ("**E&Y**") as ordinary course professionals pursuant to *Order (A) Authorizing the Retention and Payment of Professionals Utilized in the Ordinary Course of Business and (B) Granting Other Related Relief* [Docket No. 182]. Specifically, Deloitte will provide loan staffing services and E&Y will provide tax support to the Debtors, including matters relating to VAT claims, certain foreign tax issues and other tax analysis. The Debtors believe that KPMG's audit services will not be duplicative of Deloitte's loan staffing services or E&Y's tax support. The Debtors will work with White & Case and other professionals to ensure that the services provided by KPMG will not be duplicative to the services provided by Deloitte or E&Y.

## BASIS FOR RELIEF

28. The Debtors seek to retain KPMG as their audit services provider under section 327 of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

9

29. Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

30. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

31. The Debtors seek approval of the fee and expense structure and the Agreements pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals, including audit services providers, on flexible terms that reflect the nature of their services and market conditions. Thus, section 328 is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be

> subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

1233d 861, 862 (5th Cir. 1997) (internal citations omitted).

32. The Debtors believe that the fee and expense structure in the Agreements sets forth reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The fee and expense structure adequately reflects: (i) the nature of the services to be provided by KPMG; and (ii) fee and expense structures typically utilized by KPMG and other leading audit services providers.

33. The Debtors believe that the employment of KPMG effective as of the Petition Date is warranted under the circumstances of these Chapter 11 Cases so that KPMG may be compensated for its services prior to entry of an order approving KPMG's retention. KPMG has provided services to the Debtors in advance of approval of this Application in anticipation that its retention would be approved as of the Petition Date. The Debtors submit that these circumstances warrant retroactive approval. Further, the Debtors believe that no party in interest will be prejudiced by the granting of the employment as of the Petition Date because KPMG has provided, and will continue to provide, valuable services to the Debtors' estates in the covered period.

34. Additionally, Local Rule 2014-1 requires an entity seeking approval of employment under section 327(a) of the Bankruptcy Code to file a motion, supporting affidavit, and proposed order, all of which have been satisfied by this Application, the Stelk Declaration, and the Order. In accordance with Local Rule 2014-1, KPMG acknowledges its continuing duty to supplement the Stelk Declaration with additional material information relating to the employment of KPMG, if necessary.

35. Further, KPMG is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Stelk Declaration.

36. The Debtors submit that for all the reasons stated above and in the Stelk Declaration, the employment and retention of KPMG as audit service provider to the Debtors is in the best interests of their estates, creditors, and all parties-in-interest to these Chapter 11 Cases and the Court should approve the retention and employment of KPMG pursuant to the terms set forth in the Agreements.

## NOTICE

37. Notice of this Application shall be provided on the date hereof to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

38. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Application, the proposed Order, and such other and further relief as is just and proper.

Dated: July 27, 2023                    Respectfully submitted,

                                        LORDSTOWN MOTORS CORP.
                                        (for itself and on behalf of its affiliated
                                        debtors and debtors in possession)


                                        By: */s/ Melissa A. Leonard*
                                        Name: Melissa A. Leonard
                                        Title: Executive Vice President, General
                                        Counsel & Secretary