## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES, STATEMENTS OF LIMITATIONS, AND METHODOLOGY, DISCLAIMERS, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation ("**LEVC**"), and Lordstown EV Sales LLC ("**LEVS**"), as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**," and collectively, the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), under section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

These *Global Notes, Statements of Limitations, and Methodology, Disclaimers, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Debtors' Schedules and Statements. These Global Notes are in addition to any specific notes contained in each Debtors' Schedules and Statements. The fact that the Debtors prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' remaining Schedules and Statements, as appropriate. The Global Notes (and any applicable specific notes) should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited and subject to potential adjustment. The Schedules and Statements do not purport to represent financial

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), and they are not intended to be fully reconciled with the financial statements of each Debtor, whether publicly filed or otherwise.  In preparing the Schedules and Statements, the Debtors relied on unaudited financial data and information derived from their books and records that was available and accessible at the time of preparation, that are subject to further review and adjustment, and are subject to the limitations of that data and information (in addition to any other limitations and whether or not stated herein).  Without limiting the generality of the foregoing, the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than by legal entity and the Debtors have not historically accounted for assets and liabilities on an entity-by-entity or a Debtor-by-Debtor basis.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and adjustment.  The Debtors' management team and advisors have made commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis and to ensure that the Schedules as Statements are as accurate as possible under the circumstances.  However, subsequent information or discovery, new information, including those related to a change in accounting policy or practices, may result in material changes to the Schedules and Statements and errors or omissions may exist.

Based on certain limitations, including those described herein, the Debtors cannot confirm that the information provided is complete and accurate, although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of such information in the Schedules and Statements.  Subsequent information or discovery may result in material changes in financial and other data contained in the Schedules and Statements, and thus, the Schedules and Statements may be subject to potential adjustment, revisions, and/or amendments. Additionally, the Debtors have experienced significant reductions in their workforce, which have placed certain constraints and burdens on the Debtors.  Inadvertent or unintentional errors, omissions, or inaccuracies may exist.  For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to revise, amend, and/or supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein and in the Schedules and Statements.  For the avoidance of doubt, the Debtors and their management, agents, attorneys, and financial advisors hereby reserve their rights to revise, amend, and/or supplement the Schedules and Statements as may be necessary or appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements, or to notify or not notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  Without limiting the generality of anything contained herein, the Debtors reserve all rights to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, or identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Further, nothing contained in the Schedules, Statements, or these Global Notes

shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization, or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers. In no event shall the Debtors or their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives are advised of the possibility of such damages.

Adam Kroll, the Debtors' Executive Vice President & Chief Financial Officer has signed each of the Schedules and Statements on behalf of the Debtors. Mr. Kroll is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Kroll necessarily has relied upon the efforts, statements, and representations of the Debtors, various personnel employed by the Debtors and the Debtors' advisors. Mr. Kroll has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, for example, statements and representations concerning amounts owed to creditors and classification of such amounts.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

1.   **Description of Cases.** On June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 28, 2023, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases [Docket No. 53]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. On July 11, 2023, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 99].

2.   **"As Of" Information Date**. To the best of the Debtors' knowledge, and except with respect to certain financial information or estimates that are updated less frequently than at each month's end, or as otherwise noted, the information provided in the Schedules and Statements, represents the asset and liability data of the Debtors as of June 27, 2023. With respect to certain items on the Schedules and Statements, information may not have been available as of June 27, 2023. For such items, a prior date may have been used, as identified herein.

AMERICAS 124390627

3.      **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions, as well as discovery of conflicting, revised or subsequent information that may cause a material change to the Schedules and Statements, may exist.  The Debtors reserve all rights to: (i) revise, amend, and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("**Claim**")[2] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors do not undertake any responsibility to, and shall not be required to, update the Schedules and Statements.

4.      **Basis of Presentation**. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  Prior to the Petition Date, the Debtors' book and records, accounting systems, policies, and procedures were developed and maintained for reporting on a consolidated basis rather than reporting by legal entity.  As a result, the Debtors have not historically accounted for their assets and liabilities on a Debtor-by-Debtor basis and the Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, as necessary, to reflect the Debtors' ongoing reconciliation efforts and their commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis given the circumstances.  Moreover, the Schedules and Statements do not reflect some or all of the adjustments the Debtors' management would or will make as part of their preparation of quarterly or annual financial statements.

---

[2]    For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

AMERICAS 124390627

5.    **Consolidated Enterprise**.    The Debtors utilize a central and consolidated cash management system (the "**Cash Management System**"), which consists of multiple bank accounts held by Debtors LEVC and LEVS.  As described in further detail in the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing, But Not Directing, the Debtors to (i) Continue Use of Existing Cash Management System, Bank Accounts, and Business Forms, (ii) Pay Related Prepetition Obligations, and (iii) Continue Intercompany Transactions; Waiving the Section 345(b) Deposit and Investment Requirements; and (c) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"), the Cash Management System allows the Debtors to efficiently, collect, disburse, transfer, and manage the Debtors' funds and as such, certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the Cash Management System.  The Court granted the Cash Management Motion, on a final basis, authorizing, among other things, the Debtors' continued use of their Cash Management System [Docket No. 187].  The Debtors' accounting department regularly reconciles the Debtors' books and records, on a consolidated basis, to ensure that all transfers are accounted for properly.  Although diligent and commercially reasonable efforts have been made to set forth the amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors' reserve the right to modify or amend the Schedules and Statements to update payable amounts or attribute amounts and Claims to a different legal entity, if necessary or appropriate.

6.    <u>**No Admission**</u>. Nothing contained in the Schedules, the Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any Claim against the Debtors or any assertion made, or a waiver of the Debtors' rights to dispute any such Claim or assert any cause of action or defense against any party.

7.    <u>**Net Book Value of Assets and Liabilities.**</u> It would be prohibitively expensive and unduly burdensome for the Debtors to obtain current market valuations for their assets.  Unless otherwise indicated, the asset information provided in the Schedules and Statements, except as may be otherwise noted, reflects net book values, as estimated by the Debtors, as of the Petition Date, and the liability information provided in the Schedules and Statements, except as may be otherwise noted, reflects net book values, as estimated by the Debtors, as of the Petition Date, adjusted for authorized payments made under certain orders entered by the Court.  Because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the economic value or ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

Net book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.  Moreover, the Schedules and Statements do not reflect some or all of the adjustments the Debtors' management would or will make as part of their preparation of quarterly or annual financial

AMERICAS 124390627

statements that are likely to result in additional charges, impairments, reserves or write-offs that reduce the values of the assets in the Statements and Schedules.

8.     **Confidential or Sensitive Information.**  In line with the relief granted in the *Final Order (A) Authorizing, But Not Directing, the Debtors to (I) Waive Requirements to File a List of, and Provide Notice to All Equity Holders, (II) Redact Certain Personal Identification Information for Individual Creditors, and (B) Granting Other Related Relief* [Docket No. 184] (the "**Creditor Matrix Order**") and to protect the privacy of certain parties, including, among others, the Debtors' employees, certain identifying information, such as mailing addresses of individuals, was excluded from the Schedules and Statements.

9.     **Accuracy.** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws, from GAAP or for any evaluations of the Debtors based on this financial information or any other information.

10.   **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses and because the Debtors have not historically tracked assets and liabilities on an entity-by-entity or a Debtor-by-Debtor basis.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

11.   **Allocation of Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods and among Debtors based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods or among Debtors may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

12.   **Accounts Payable and Disbursement System**.   The Debtors maintain a Cash Management System to collect and disburse funds in the ordinary course of business.  A more complete description of the Debtors' Cash Management System is set forth in the Cash Management Motion.

13.     **Excluded Assets and Liabilities.** The Debtors have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

The Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis.  As discussed below, prepetition liabilities that the Debtors have paid postpetition, or those which the Debtors plan to pay, in accordance this authorization may not be listed in the Schedules and Statements.

14.     **Insiders.** In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe would be included in the definition of "insider" pursuant to section 101(31) of the Bankruptcy Code.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense (including an admission about whether or not such person is an "insider" pursuant to section 101(31) of the Bankruptcy Code) and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as "insiders" in the Schedules and Statements have been included for informational purposes only, and such information may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual exercised management responsibilities or functions; (iii) corporate decision making authority over the Debtors; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) for any other purpose.

15.     **Personally Identifiable Information.** The Debtors collect a limited amount of information about customers via their website, portals, and over the telephone or in person. The Debtors may also collect personally identifiable information from third parties, obtaining express customer permission as required. Examples of the types of information collected by the Debtors include name, mailing address, telephone number, email address, personal identification numbers, among others. The Debtors retain such information only for the Debtors to comply with business, tax, and legal requirements, subject to applicable retention and deletion laws.  Pursuant to the Creditor Matrix Order, the Debtors have redacted such personally identifiable information in the Schedules and Statements to protect the privacy of certain parties, including, among others, the Debtors' employees and certain identifying information, such as mailing addresses of individuals.

16.     **Intellectual Property Rights.** The exclusion of certain intellectual property shall not be construed as an admission that such intellectual property or intellectual property rights are not owned by the Debtors, have been abandoned, terminated, assigned, expired by their terms, assigned, or otherwise transferred pursuant to a sale, acquisition, other transaction, or have immaterial value.  Although the Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, in certain instances, intellectual property

AMERICAS 124390627

owned by one Debtor may, in fact, be owned by another Debtor or may have been inadvertently omitted.  Accordingly, the Debtors reserve all their rights with respect to the legal status of any and all such intellectual property rights.  Furthermore, the Debtors' intellectual property has not been recorded on the Statements in accordance with GAAP and therefore are not ascribed any value in the Schedules.

17.    **Zero Dollar Amounts**.  Amounts listed may also have unliquidated or undetermined components.

18.    **Executory Contracts and Unexpired Leases**.  Although the Debtors have made reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Due to the voluminous nature of each of the Debtors' executory contracts, the Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G for any Debtor. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Moreover, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

20.    **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, financings, and other such agreements.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements or may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

21.    **Claims Designations.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to any Claim reflected on their respective Schedules and Statements on any grounds, including liability, priority, and classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

22. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make certain reasonable estimates and assumptions that affect the reported amounts and accruals of assets and liabilities and of contingent assets and contingent liabilities on the date of the Schedules and Statements, among other reported amounts. Although such amounts and accruals are based on current known information, these amounts and accruals do not reflect the full range of possible outcomes and actual results may differ materially from such estimates and may be adjusted in the future based on new developments. The Debtors reserve all rights to amend the Schedules and Statements to reflect changes in those estimates and assumptions.

23. **Claims and Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have identified and/or listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including causes of action that are required to be kept confidential and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

24. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are amounts presently unknown or of undetermined value, the actual total may be different than the total listed in the Schedules and Statements.

- Paid Claims. Pursuant to various orders entered by the Court in these chapter 11 cases (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims, including certain prepetition claims of employees, certain vendors, and taxing authorities in their discretion on a postpetition basis. Accordingly, these liabilities may have been or may be satisfied in accordance with the First Day Orders and therefore, generally are not listed in the Schedules and Statements.

AMERICAS 124390627

Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to any order of the Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary or appropriate. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court (including the First Day Orders), the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Other Paid Claims</u>. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Court approval.

- <u>Unknown Debtors</u>. In certain instances, certain contracts or other relevant documents may not specify a particular Debtor or Debtors or may include the incorrect legal entity as the contractual counterparty. Furthermore, a particular Debtor may have historically made payments on behalf of another Debtor, for which such repayment obligation is not reflected in whole or part on the Statements or Schedules of the correct contractual counterparty.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

25. **<u>Currency</u>.** Unless otherwise indicated, all amounts are reflected in U.S. Dollars. Any currency conversions are as of June 27, 2023.

26. **<u>Intercompany Payables and Receivables</u>.**

As described more fully in the Cash Management Motion, the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the final order granting the relief requested in the Cash Management Motion [Docket No. 187], the Court has granted the Debtors authority to continue such intercompany transactions in the ordinary court of business.

Prior to the Petition Date, the Debtors did not track intercompany transactions and related payables and receivables. Any listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors' management established certain intercompany accounts as of the Petition Date, that do not reflect the full amount of intercompany transactions were they to have been consistently prepared historically and/or in accordance with GAAP. The Debtors take no position in these Schedules and Statements as to whether such amounts would be allowed as a Claim,

10

an Interest, or not allowed at all.  The Debtors reserve all rights with respect to such accounts.

27.    **Setoffs.** The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Such setoffs and similar rights may occur due to a variety of transactions and disputes, including, without limitation to, intercompany transactions, pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes disputes between the Debtors and their vendors or customers.  These normal setoffs are consistent with the ordinary course of business of the Debtors' industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

28.    **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including, but not limited to, the right to modify the Schedules and Statements, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided herein represents the Debtors' assets and liabilities as of the Petition Date.

All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, to the extent that such value is reflected in the Debtors' books and records and unless otherwise noted elsewhere.  For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Certain write-downs, impairments, reserves, charges and other accounting adjustments may not be reflected in the Schedules or are incomplete or preliminary.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

AMERICAS 124390627

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

Schedules A/B

Part 1:

- Details with respect to the Debtors' cash management system are provided in the Cash Management Motion. The balances of the financial accounts listed on Schedule A/B, Part 1 are reflected on the Debtors' bank statements as of the Petition Date.

Part 2:

- The Debtors have numerous forms of deposits including utility, security, and insurance deposits. The Court entered a final order [Docket No. 183], which authorized the Debtors to provide adequate assurance of payment for future utility services. Such deposit is not listed on Schedule A/B, which is presented as of the Petition Date.

- The Debtors have numerous prepaid expenses including those made to vendors in advance of such vendor delivering goods or services, among others.

Part 4:

- Ownership interests in affiliates have been listed in Schedule A/B, Part 4 as undetermined. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Parts 5, 7, 8 and 9:

- An external or professional valuation of the Debtors' inventory has not been undertaken. Dollar amounts are presented net of accumulated depreciation, reserves and other adjustments as of the Petition Date, and prior to completion of standard quarterly review procedures that will result in additional charges and adjustments. The Debtors' office and other property leases are set forth in Schedule G.

Part 10:

- The Debtors have various intangibles and intellectual property, which are listed as an undetermined amount or at their net book value. The fair market value of such assets is dependent on numerous variables and factors and may differ significantly from their net book value. Furthermore, the Debtors' intellectual property has not been recorded on the

Statements in accordance with GAAP and therefore are not ascribed any value in the Schedules.

Part 11:

- Schedule A/B for Debtor LMC lists certain federal and local net operating losses ("**NOLs**") related to certain tax attributes as of December 31, 2022.  Federal and local tax laws impose certain restrictions on the utilization of NOLs.  Accordingly, the realizable value associated with these tax attributes are unknown and undetermined.

- The Debtors maintain a variety of insurance policies including general liability, commercial property, property liability, workers' compensation, directors & officers' liability.  A list of the Debtors' insurance policies and related information is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing, But Not Directing the Debtors to (i) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder and (ii) Renew, Revise, Extend, Supplement, Change or Enter Into New Insurance Policies, (b) Modifying Automatic Stay With Respect to Workers' Compensation Programs, and (c) Granting Related Relief* [Docket No. 12].  The Debtors believe that there is no cash value to such insurance policies.  The insurance policies are listed in the respective policyholder entity level; however, these policies may cover other Debtor entities.

- The Debtors reserve all their rights with respect to any claims, causes of action, or avoidance actions they may have. The Schedules shall not be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

Schedule D

- Except as otherwise stated in an order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of certain entities as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such claim.

- The Debtors have not included parties that may believe their Claims are secured through setoff rights, inchoate statutory lien rights, or other lien rights created by the laws of the various jurisdictions in which the Debtors operate.

Schedule E/F

- The Debtors have received relief under various Court orders, including the First Day Orders. The amounts accrued and payable on account of such Claims covered by the First Day Orders are not reflected on Schedule E/F.  Additionally, Schedule E/F does not include

AMERICAS 124390627

potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

- The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all their rights regarding such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

- Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts have only partially been updated for the period ended June 30, 2023 are, however, only partially reflected on the Debtors' books and records as required in accordance with GAAP and remain subject to completion of quarterly accounting procedures, including review by the Debtors' auditor. Such accruals are general and/or preliminary estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made commercially reasonable efforts to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced. Further, in addition to the items listed in Schedule E/F, certain of the Debtors, from time to time, provide performance guarantees of obligations of certain other Debtors or Debtor affiliates in connection with various contractual obligations, which may not be listed in the Schedules. Where applicable, the amounts listed in Schedule F consider credits and overpayments owed to the Debtors.

- Claimants are identified on the Schedules as they exist on the Debtors' books and records. Accordingly, there may be duplication of individual claimants on the Schedules. In aggregate, claim amounts reflect the Debtors' books and records.

- Claims listed in Schedule E/F arose or were incurred on various dates. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F. Where available, specific dates are listed.

- Schedule E/F contains information regarding potential and/or pending litigation involving the Debtors. All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the pending and/or potential lawsuits and proceedings included therein.

- Claim amounts listed on the Schedule E/F may differ from the amounts reflected on the *List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* filed as part of the Debtors' petitions due to subsequently identified information, updates on the Debtors' books and records, or subsequent payables made pursuant to any Court orders.

14

Schedule G

- Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including, but not limited to their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. In addition, agreements and underlying documentation related to the Debtors' prepetition debt is not included in Schedule G. The Debtors reserve all their rights with respect to such agreements.

- Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, rights of first refusal, among other rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

- Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. The Debtors reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Further, unless otherwise specified on Schedule G, the Debtors have made reasonable efforts to ensure that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

- In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory

15

contracts, are not listed on Schedule G due to confidentiality clauses. The Debtors reserve all of their rights with respect to such agreements.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired leases. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

### Specific Disclosures with Respect to the Debtors' Statements

Statements, Part 1, Question 1:

- Gross Revenue reflects activity by Debtor in 2021, 2022 and year to date through the Petition Date.

- Revenue may vary from the Debtors' consolidated financial statements as negative balances were excluded from Other Revenue.

Statements, Part 2, Question 3:

- Amounts listed in Part 2, Question 3 include any disbursement(s) or other transfer(s) made by the Debtors within the 90 days prior to the Petition Date, excluding any such disbursement(s) or transfer(s) made to (a) "insiders" (which appear in Statements, Question 4) or (b) bankruptcy professionals (which appear in Statements, Question 11). All transfers disclosed in Part 2, Question 3 are listed in alphabetical order by payee name.

- The Debtor entities utilize Paylocity Corporation ("**Paylocity**") to process employee payroll taxes related to compensation payouts. The Debtors make batch payments to Paylocity on behalf of all employees. Therefore, amounts listed herein represent each separate batch payment that is made.

Statements, Part 2, Question 4:

- Individuals listed as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

- The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are net amounts that include reductions for amounts including employee tax and benefit withholdings.

AMERICAS 124390627

- Intercompany transactions reflect only those transfers that include cash settlement between the Debtor and another Debtor. Intercompany transaction dates are as of the posted date or fiscal date but may not reflect the actual dates of the underlying activity. The Debtors undertook their commercially reasonable best efforts to identify all intercompany transactions resulting in cash settlement but make no representations that there are not inadvertent exclusions of payments.

Statements, Part 2, Question 5:

- Other than ordinary course items, the Debtors are not aware of any property that has been returned to seller(s).

Statements, Part 3, Question 7:

- The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible. While the Debtors believe they were diligent in their efforts, certain data fields were not completed due to the associated burden to the Debtors. Should any parties in interest request additional information, the Debtors will work with such parties and supplement Statements, Question 7 as commercially reasonable or otherwise directed by the Court.

- The Debtors reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors or affiliate of the Debtors (if any). The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Tax assessments are not included in Statements, Question 7.

Statements, Part 5, Question 10:

- Losses listed may exclude those incurred in the ordinary course of business which do not exceed the deductible cap on the applicable Debtor's respective policies.

Statements, Part 6, Question 11:

- Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) restructuring negotiations, (ii) relief under the Bankruptcy Code, and/or (iii) preparation of a bankruptcy petition.

- Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

Statements, Part 6, Question 13:

17

- The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed.

Statements, Part 7, Question 14:

- The Debtors have included a listing of all previous owned or leased addresses.

Statements, Part 9, Question 16:

- The Debtors collect and retain a variety of personally identifiable information. All policies are governed by privacy policies renewed annually.

Statements, Part 13, Question 26(a):

- The Debtors have listed those individuals that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records. The Debtors' financial statements are also included in their periodic securities filings with the SEC and available to the public.

Statements, Part 13, Questions 26(c) and 26(d):

- Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Debtors have filed with the U.S. Securities and Exchange Commission (the "**SEC**") reports on Form 8-K, Form 10-Q, and Form 10-K. These SEC filings contain consolidated financial information relating to the Debtors.

- Additionally, consolidated financial information for the Debtors is posted on the Debtors' website at https://investor.lordstownmotors.com/. Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.

- The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with financial statements. The Debtors have used reasonable efforts to identify and list all these parties, but there could be omissions.

Statements, Part 13, Question 28:

- Contained herein are officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtors as of the Petition Date. This includes shareholders known by the Debtors to hold greater than five percent of each Debtor's voting or equity securities (consistent with reporting requirements under Schedule 13D or 13G). Commercially reasonable efforts have been made to provide accurate and complete information regarding the former officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtors within one year

18

before the Petition Date, but who no longer hold these positions.  While this information was based on a review of the best historical information available, inadvertent errors or omissions may exist.

<u>Statements, Part 13, Question 30</u>:

- All known disbursements to "insiders" of the Debtors have been listed in the response to Statements, Question 4.  Certain of the Debtors' executive officers received distributions net of tax withholdings of the year preceding the Petition Date.  The amounts listed under Statements, Question 4 reflect the gross amounts paid, rather than the net amounts after deducting for tax withholdings.

*[Remainder of page intentionally left blank.]*

AMERICAS 124390627

**Fill in this information to identify the case:**

Debtor name  Lordstown Motors Corp.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known):  23-10831

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

### Part 1:   Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*..................................................................  $ _____ 0

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................  $ Undetermined

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................  $ Undetermined

---

### Part 2:   Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............................  $ _____ 0

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................  $ _____ 0

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......................  + $ 318,456

4. **Total liabilities**..................................................................................................................  $ 318,456
    Lines 2 + 3a + 3b

---

**Fill in this information to identify the case:**

Debtor name __Lordstown Motors Corp._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): __23-10831_____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property
**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number
   3.1. _____    _____    ___ ___ ___ ___    $_____
   3.2. _____    _____    ___ ___ ___ ___    $_____

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____
   4.2. _____    $_____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____

## Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit
   7.1. _____    $_____
   7.2. _____    $_____

| Debtor | Lordstown Motors Corp. | Case number *(if known)* | 23-10831 |
|---|---|---|---|
| | Name | | |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1._____     $_____

8.2._____     $_____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.     $_____

---

**Part 3:    Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

Current value of debtor's interest

**11. Accounts receivable**

11a. 90 days old or less:    _____  –  _____  = ........➔    $_____
                            face amount            doubtful or uncollectible accounts

11b. Over 90 days old:    _____  –  _____  = ........➔    $_____
                          face amount            doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $_____

---

**Part 4:    Investments**

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☒ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. Not applicable    _____    $_____

14.2. _____    _____    $_____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                % of ownership:

15.1. Lordstown EV Corporation    100 %    _____    $  Undetermined

15.2. _____    _____%    _____    $_____

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1. Not applicable    _____    $_____

16.2. _____    _____    $_____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.     $  Undetermined

---

Debtor    **Lordstown Motors Corp.**
_____
Name

Case number *(if known)*    23-10831
_____

---

## Part 5:    Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____ Valuation method_____ Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | $_____ | | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $_____ | | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $_____ | | $_____ |

---

Debtor    Lordstown Motors Corp.
_____
Name

Case number *(if known)* 23-10831
_____

**33. Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 7:** | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | $_____ | _____ | $_____ |
| **40. Office fixtures** | $_____ | _____ | $_____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

**43. Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Type text he

Debtor    Lordstown Motors Corp.

Name

Case number (if known)    23-10831

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Schedule A/B: Assets — Real and Personal Property**

Debtor  Lordstown Motors Corp.
        Name

Case number *(if known)* 23-10831

---

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1_____ | _____ | $_____ | _____ | $_____ |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

---

Official Form 206A/B        **Schedule A/B: Assets — Real and Personal Property**        page 6

Debtor  Lordstown Motors Corp.
Name

Case number (if known)  23-10831

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)

Not applicable

_____ – _____ = ➜   $ _____
Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

Federal NOLs of approximately $629,600,000

Local NOLs of approximately $372,200,000

Tax year  Various     $ Undetermined
Tax year  Various     $ Undetermined
Tax year  _____   $ _____

73. **Interests in insurance policies or annuities**

Not applicable

$ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

Lordstown Motors Corp. et al v. Hon Hai Precision Industry Co. Ltd. et al Case No. 23-50414

Nature of claim     Fraud, breach of contract

Amount requested     $ Undetermined

$ Undetermined

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

Not applicable

Nature of claim     _____

Amount requested     $ _____

$ _____

76. **Trusts, equitable or future interests in property**

Not applicable

$ _____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

Not applicable

$ _____

$ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$ Undetermined

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

Type text here

Debtor  Lordstown Motors Corp.
         Name

Case number *(if known)*  23-10831

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0 | |
| 88. **Real property.** *Copy line 56, Part 9.* ......................................➔ | | $ 0 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................. 91a. | $ Undetermined | + 91b. $ 0 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................................. $ Undetermined

---

**Fill in this information to identify the case:**

Debtor name __Lordstown Motors Corp.__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): __23-10831__

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

## Part 1:    List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1** **Creditor's name**
Proper Tooling, LLC

**Describe debtor's property that is subject to a lien**
Tooling                                                     $          0      $_____

**Creditor's mailing address**
13870 E. Eleven Mile Road
Warren, MI 48089

**Describe the lien**      UCC-1

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Creditor's email address, if known**
_____

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Date debt was incurred**      2021

**Last 4 digits of account number**      ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☒ Disputed

**2.2** **Creditor's name**
_____

**Describe debtor's property that is subject to a lien**
_____      $_____      $_____

**Creditor's mailing address**
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Creditor's email address, if known**
_____

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Date debt was incurred**      _____

**Last 4 digits of account number**      ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**      $_____

**Fill in this information to identify the case:**

Debtor _____Lordstown Motors Corp._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number __23-10831_____
(If known)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B*)* and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** Priority creditor's name and mailing address

_____
_____
_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
☐ No
☐ Yes

| Debtor | Lordstown Motors Corp. | | |
|---|---|---|---|
| | Name | Case number *(if known)* | 22-10831 |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | | **Amount of claim** |
|---|---|---|---|

**3.1** | **Nonpriority creditor's name and mailing address**

SEE APPENDIX A

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____ 318,456

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.2** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.3** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.4** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.5** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.6** | **Nonpriority creditor's name and mailing address**

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

$_____

**Date or dates debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

---

Debtor  Lordstown Motors Corp. _____    Case number *(if known)* _23-10831_____
        Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ _____ 0 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ _____ 318,456 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ _____ 318,456 |

**Fill in this information to identify the case:**

Debtor name  Lordstown Motors Corp.

United States Bankruptcy Court for the: _____    District of  Delaware
                                                                          (State)
Case number (If known):  23-10831                          Chapter  11

☐ Check if this is an
   amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☒ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | SEE APPENDIX B |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name __Lordstown Motors Corp.__

United States Bankruptcy Court for the:_____ District of __Delaware__
(State)

Case number (If known): __23-10831_____

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 _____ | Street _____<br>_____<br>City      State      ZIP Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

APPENDIX A

**Debtor:** <u>Lordstown Motors Corp.</u>                                                                                                     Case #: <u>23-10831</u>

**Schedule E/F: Creditors Who Have Unsecured Claims**
**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

| Name | Mailing address | | | | | Date Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Total Claim |
|------|-----------------|---|---|---|---|---------------|-----------------|:----------:|:------------:|:--------:|------------|
| Alicia Kelley | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| An Thai | The Brown Law Firm, P.C. | 767 3rd Avenue | Suite 2501 | New York | NY | 10017 | | Litigation | X | X | X | Unknown |
| Andrew Richardson | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Angela Strand | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Atri Amin | Pomerantz LLP | 600 3rd Avenue | | New York | NY | 10016 | | Litigation | X | X | X | Unknown |
| Bejamin Hebert | Labaton Sucharow LLP | 140 Broadway | | New York | NY | 10005 | | Litigation | X | X | X | Unknown |
| Caimin Flannery | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Chris Kerzich | Address on file | | | | | | Severance | | | | $36,851.94 |
| Chuan Vo | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Claude Patterson | Andrews & Springer LLC | 4001 Kennett Pike | #250 | Wilmington | DE | 19807 | | Litigation | X | X | X | Unknown |
| Dale Spencer | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Daniel Cohen | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Darren Post | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| David Corimer | Labaton Sucharow LLP | 140 Broadway | | New York | NY | 10005 | | Litigation | X | X | X | Unknown |
| David T. Hamamoto | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Edward T. Hightower | Address on file | | | | | | Employment Agreement | | | | $426.92 |
| Evaristo Sarabia | Bielli & Klauder | 1204 N. King Street | | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| FNY Managed Accounts LLC | Entwistle & Cappucci LLP | 230 Park Avenue | 3rd Floor | New York | NY | 10169 | | Litigation | X | X | X | Unknown |
| Herbert Stotler | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Jackson | Schubert Jonckheer & Kolbe | 2001 Union Street | Suite 200 | San Francisco | CA | 94123 | | Litigation | X | X | X | Unknown |
| Jane Reiss | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Jesse Brury | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Jesse Brury | Pomerantz LLP | 600 3rd Avenue | | New York | NY | 10016 | | Litigation | X | X | X | Unknown |
| John LaFleur | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Joseph Anderson, Jr. | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Judith A. Hannaway | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Julio Rodrigez | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Karma Automotive LLC | Seyfarth Shaw LLP | 233 South Wacker Drive | Suite 8000 | Chicago | IL | 60606 | | Litigation | X | X | X | Unknown |
| Keith A. Feldman | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Laura Soave | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Mark A. Walsh | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Martin Rucidlo | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Matthew Rico | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Michael Gates | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Mick Kowitz | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Raymond Romano | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Raymond Romano | Saxena White P.A. | 7777 Glades Road | Suite 300 | Boca Raton | FL | 33434 | | Litigation | X | X | X | Unknown |
| Rich Schmidt | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Roberto Palumbo | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Roberto Palumbo | Saxena White P.A. | 7777 Glades Road | Suite 300 | Boca Raton | FL | 33434 | | Litigation | X | X | X | Unknown |
| Stephen S. Burns | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Steve Hash | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Steve Slawson | Address on file | | | | | | Severance | | | | $124,177.00 |

APPENDIX A

**Debtor:**   <u>Lordstown Motors Corp.</u>                                                                                                      **Case #:**   <u>23-10831</u>

**Schedule E/F: Creditors Who Have Unsecured Claims**
**Part 2:      List All Creditors with NONPRIORITY Unsecured Claims**

| Name | Mailing address | | | | | Date Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Total Claim |
|------|------|------|------|------|------|------|------|------|------|------|------|
| Sulayman Zuod | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Sulayman Zuod | Murray Murphy Moul & Basil | 1114 Dublin Road | | Columbus | OH | 43215 | | Litigation | X | X | X | Unknown |
| Sullivan & Cromwell LLP | | 125 Broad Street | New York | New York | NY | 10004 | | Services provided | | | | $157,000.00 |
| Thomas Canepa | Address on file | | | | | | | Indemnification Agreement | X | X | | Unknown |
| | | | | | | | | | | | | $318,455.86 |

APPENDIX A

Debtor: **Lordstown Motors Corp.**

Case #: **23-10831**

**Schedule E/F: Creditors Who Have Unsecured Claims**
**Part 2:     List All Creditors with NONPRIORITY Unsecured Claims**

| Name | Mailing address | | | | | Date Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alicia Kelley | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| An Thai | The Brown Law Firm, P.C. | 767 3rd Avenue | Suite 2501 | New York | NY | 10017 | | Litigation | X | X | X | Unknown |
| Andrew Richardson | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Angela Strand | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Atri Amin | Pomerantz LLP | 600 3rd Avenue | | New York | NY | 10016 | | Litigation | X | X | X | Unknown |
| Bejamin Hebert | Labaton Sucharow LLP | 140 Broadway | | New York | NY | 10005 | | Litigation | X | X | X | Unknown |
| Caimin Flannery | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Chris Kerzich | Address on file | | | | | | Severance | | | | $36,851.94 |
| Chuan Vo | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Claude Patterson | Andrews & Springer LLC | 4001 Kennett Pike | #250 | Wilmington | DE | 19807 | | Litigation | X | X | X | Unknown |
| Dale Spencer | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Daniel Cohen | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Darren Post | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| David Corimer | Labaton Sucharow LLP | 140 Broadway | | New York | NY | 10005 | | Litigation | X | X | X | Unknown |
| David T. Hamamoto | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Edward T. Hightower | Address on file | | | | | | Employment Agreement | | | | $426.92 |
| Evaristo Sarabia | Bielli & Klauder | 1204 N. King Street | | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| FNY Managed Accounts LLC | Entwistle & Cappucci LLP | 230 Park Avenue | 3rd Floor | New York | NY | 10169 | | Litigation | X | X | X | Unknown |
| Herbert Stotler | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Jackson | Schubert Jonckheer & Kolbe | 2001 Union Street | Suite 200 | San Francisco | CA | 94123 | | Litigation | X | X | X | Unknown |
| Jane Reiss | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Jesse Brury | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Jesse Brury | Pomerantz LLP | 600 3rd Avenue | | New York | NY | 10016 | | Litigation | X | X | X | Unknown |
| John LaFleur | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Joseph Anderson, Jr. | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Judith A. Hannaway | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Julio Rodrigez | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Karma Automotive LLC | Seyfarth Shaw LLP | 233 South Wacker Drive | Suite 8000 | Chicago | IL | 60606 | | Litigation | X | X | X | Unknown |
| Keith A. Feldman | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Laura Soave | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Mark A. Walsh | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Martin Rucidlo | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Matthew Rico | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Michael Gates | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Mick Kowitz | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Raymond Romano | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Raymond Romano | Saxena White P.A. | 7777 Glades Road | Suite 300 | Boca Raton | FL | 33434 | | Litigation | X | X | X | Unknown |
| Rich Schmidt | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Roberto Palumbo | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Roberto Palumbo | Saxena White P.A. | 7777 Glades Road | Suite 300 | Boca Raton | FL | 33434 | | Litigation | X | X | X | Unknown |
| Stephen S. Burns | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Steve Hash | Address on file | | | | | | Indemnification Agreement | X | X | | Unknown |
| Steve Slawson | Address on file | | | | | | Severance | | | | $124,177.00 |

APPENDIX A

**Debtor:**    Lordstown Motors Corp.                                                                      **Case #:**    23-10831

**Schedule E/F: Creditors Who Have Unsecured Claims**
**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

| Name | Mailing address | | | | | Date Incurred | Basis for Claim | Contingent | Unliquidated | Disputed | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Sulayman Zuod | Cooch and Taylor | 1000 N. West Street | Suite 1500 | Wilmington | DE | 19801 | | Litigation | X | X | X | Unknown |
| Sulayman Zuod | Murray Murphy Moul & Basil | 1114 Dublin Road | | Columbus | OH | 43215 | | Litigation | X | X | X | Unknown |
| Sullivan & Cromwell LLP | | 125 Broad Street | New York | New York | NY | 10004 | | Services provided | | | | $157,000.00 |
| Thomas Canepa | Address on file | | | | | | | Indemnification Agreement | X | X | | Unknown |
| | | | | | | | | | | | | $318,455.86 |

In re: Lordstown Motors Corp.
Case No. 23-10831

Appendix B

Schedule G
Executory Contracts and Unexpired Leases

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Address 1 | Address 2 | City | State | Zip | Country | State what the contract or lease is for and the nature of the debtor's interest | State the term remaining | List the contract number of any government contract |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Adam Kroll | Address On File | | | | | | Employment Agreement | | |
| 2.2 | Alliance Advisors, LLC | 200 Broadacres Drive, 3rd Floor | | Bloomfield | NJ | 07003 | | Master Services Agreement | 3/15/2024 | |
| 2.3 | Andrew Richardson | Address On File | | | | | | Indemnity Agreement | | |
| 2.4 | Andrew W. Reyntjes | Address On File | | | | | | Employment Agreement | | |
| 2.5 | Angela Strand | Address On File | | | | | | Indemnification Agreement | | |
| 2.6 | Ankura Consulting, LLC | 425 California Street, Suite 2600 | | San Francisco | CA | 94104 | | Engagement Letter | | |
| 2.7 | AP Expert Group | 228 Park Ave S Suite 88617 | | New York | NY | 88617 | | Expert Services Agreement | | |
| 2.8 | Applied Medical Resources Corporation | 22872 Avenida Empresa | | Rancho Santa Margarita | CA | 92688 | | First Amendment to Lease | | |
| 2.9 | Applied Medical Resources Corporation | 22872 Avenida Empresa | | Rancho Santa Margarita | CA | 92688 | | Standard Industrial/Commercial Single-Tenant Lease - NET | 11/30/2025 | |
| 2.10 | Arthur J. Gallagher Risk Management Services, Inc. | 2200 Woodcrest Pl. | Ste. 250 | Birmingham | AL | 35209-1324 | | Client Services Agreement | 11/10/2022 | |
| 2.11 | AT&T | 1025 Lenox Park Boulevard | | Atlanta | GA | 30319 | | AT&T Internet of Things Wireless Service Pricing Schedule | | |
| 2.12 | AT&T Mobility LLC | 208 S. Akard St. | | Dallas | TX | 75202 | | Amendment No. 1 to AT&T Internet of Things Wireless Service Pricing Schedule | | |
| 2.13 | AuditBoard, Inc. | 12900 Park Plaza Dr., Suite 200 | | Cerritos | CA | 90703 | | Order From | 11/9/2023 | |
| 2.14 | Baker & Hostetler LLP | Key Tower | 127 Public Square, Suite 2000 | Cleveland | OH | 44114-1214 | | Letter re: Confirmation of Engagement as Counsel | | |
| 2.15 | Bodman PLC | 6th Floor at Ford Field | 1901 St. Antoine Street | Detroit | MI | 48226 | | Letter re: Engagement of Bodman PLC | | |
| 2.16 | Caimin Flannery | Address On File | | | | | | Indemnification Agreement | | |
| 2.17 | Comcast Business | 1701 John F Kennedy Blvd | | Philadelphia | PA | 19103-2838 | | Comcast Enterprise Services Sales Order Form | | |
| 2.18 | Comcast Cable Communications Management, LLC | 1701 John F Kennedy Blvd | | Philadelphia | PA | 19103-2838 | | Comcast Business Service Order | | |
| 2.19 | Comcast Cable Communications Management, LLC | 1701 John F Kennedy Blvd | | Philadelphia | PA | 19103-2838 | | Comcast Enterprise Services Master Services Agreement | | |
| 2.20 | Cox Communications California, LLC., Cox California Telcom, LLC | 27121 Towne Centre Dr | | Foothill Ranch | CA | 92610 | | Commercial Services Agreement | | |
| 2.21 | Dale Spencer | Address On File | | | | | | Indemnification Agreement | | |
| 2.22 | Daniel Ninivaggi | Address On File | | | | | | Amended and Restated Employment Agreement | | |
| 2.23 | Darren Post | Address On File | | | | | | Indemnification Agreement | | |
| 2.24 | David T. Hamamoto | Address On File | | | | | | Indemnification Agreement dated October 23, 2020 | | |
| 2.25 | David T. Hamamoto | Address On File | | | | | | Indemnity Agreement dated February 27, 2019 | | |
| 2.26 | Donna L. Bell | Address On File | | | | | | Employment Agreement | | |
| 2.27 | E*TRADE Financial Corporate Services, Inc. | 3 Edison Drive | | Alpharetta | GA | 30005 | | Amendment #3 to Equity Edge Online and Employee Stock Plan Services Agreement | | |
| 2.28 | E*TRADE Financial Corporate Services, Inc. | 3 Edison Drive | | Alpharetta | GA | 30005 | | Statement of Work for Stock Split Support Services | | |
| 2.29 | Edward T. Hightower | Address On File | | | | | | Amended and Restated Employment Agreement | | |
| 2.30 | Equiniti Trust Company, LLC | 6201 15th Avenue | | Brooklyn | NY | 11219 | | Transfer Agency and Registrar Services Agreement | 2/26/2022 | |
| 2.31 | Foley & Lardner LLP | 90 Park Ave | | New York | NY | 10016-1314 | | Engagement Letter Agreement | | |
| 2.32 | Foxconn Ventures Pte. Ltd. | Attention: Jerry Hsiao | No. 66, Zhongshan Road | New Taipei City | | 23680 | Taiwan | Investment Agreement | | |
| 2.33 | FTI Consulting Technology LLC | Three Times Square | | New York | NY | 100036 | | Engagement Letter Agreement and Data Protection Addendum | | |
| 2.34 | GAC R&D Center Detroit, LLC | 38555 Hills Tech Dr. | | Farmington Hills | MI | 48331 | | GAC/LMC Lease Agreement modification addendum | | |
| 2.35 | GAC R&D Center Detroit, LLC | 38555 Hills Tech Drive | | Farmington Hills | MI | 48331 | | Lease | | |
| 2.36 | GitLab Inc. | 268 Bush Street #350 | | San Francisco | CA | 94104 | | Professional Services Agreement | | |
| 2.37 | GitLab Inc. | 268 Bush Street #350 | | San Francisco | CA | 94104 | | Renewal Order Form | 3/3/2023 | |
| 2.38 | GitLab Inc. | 268 Bush Street #350 | | San Francisco | CA | 94104 | | Subscription Agreement | | |
| 2.39 | Haynes and Boone, LLP | 6000 Headquarters Drive, Suite 200 | | Plano | TX | 75024 | | Engagement Letter re: Legal Representation | | |
| 2.40 | iLoka, Inc. dba NewCloud Networks | 160 Inverness Drive West, Suite 100 | | Englewood | CO | 80112 | | Master Agreement | | |
| 2.41 | Infosys Limited | 2400 N Glenville Dr, C150 | | Richardson | TX | 75082 | | Letter of Engagement | | |
| 2.42 | Intrado Digital Media, LLC | 11808 Miracle Hills Drive | | Omaha | NE | 68154 | | Master Agreement | | |
| 2.43 | Intrado Digital Media, LLC | 11808 Miracle Hills Drive | | Omaha | NE | 68154 | | Order Form | 10/17/2024 | |
| 2.44 | Intralinks, Inc. | 622 3rd Avenue 10th Floor | | New York | NY | 10017 | | Work Order | | |
| 2.45 | Jane Reiss | Address On File | | | | | | Indemnification Agreement | | |
| 2.46 | Jefferies LLC | 520 Madison Ave. | | New York | NY | 10022 | | Engagement Letter re: Transactions | | |
| 2.47 | Jill Coniglio-Kirk | Address On File | | | | | | Employment Agreement | | |
| 2.48 | John LaFleur | Address On File | | | | | | Indemnification Agreement | | |
| 2.49 | Joseph Anderson | Address On File | | | | | | Indemnification Agreement | | |

In re: Lordstown Motors Corp.
Case No. 23-10831

Appendix B

Schedule G
Executory Contracts and Unexpired Leases

| Line | Name of other parties with whom the debtor has an executory contract or unexpired lease | Address 1 | Address 2 | City | State | Zip | Country | State what the contract or lease is for and the nature of the debtor's interest | State the term remaining | List the contract number of any government contract |
|---|---|---|---|---|---|---|---|---|---|---|
| 2.50 | Joseph Kallabat & Associate, P.C. | 7031 Orchard Lake Road Suite 302 | | West Bloomfield | MI | 48322 | | Letter re: Confirmation of Representation | | |
| 2.51 | Judith A. Hannaway | Address On File | | | | | | Indemnity Agreement | | |
| 2.52 | Julio Rodriguez | Address On File | | | | | | Indemnification Agreement | | |
| 2.53 | Keith A. Feldman | Address On File | | | | | | Indemnification Agreement | | |
| 2.54 | Kekst and Company, Incorporated | 437 Madison Avenue, 37th Floor | | New York | NY | 10022 | | Engagement Letter re: Retained for Corporate Communications Counsel | | |
| 2.55 | Kurtzman Carson Consultants LLC | 222 N. Pacific Coast Highway, 3rd Floor | | El Segundo | CA | 90245 | | Agreement for Services | | |
| 2.56 | Laura Soave | Address On File | | | | | | Indemnification Agreement | | |
| 2.57 | Liberty Mutual Insurance | 175 Berkeley Street | | Boston | MA | 02116 | | Liberty Mutual Insurance Endorsement #14 | | |
| 2.58 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | APs and ClearPass License Quotation # 2022-146389v3 | | |
| 2.59 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | Aruba Access Point Installation Services Quotation | | |
| 2.60 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | Aruba WLAN Proposal Quotation | | |
| 2.61 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | Network Deployment - Core and Access Layer Quotation | | |
| 2.62 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | Palo Alto Deployment Quotation | | |
| 2.63 | Logicalis, Inc. | 2600 S Telegraph Road, Suite 200 | | Bloomfield Hills | MI | 48302 | | Purchase Order | | |
| 2.64 | Logicalis, Inc. | 2600 S Telegraph Road | Suite 200 | Bloomfield Hills | MI | 48302 | | Select Areas 802.11 Site Survey Quotation | | |
| 2.65 | Mark A. Walsh | Address On File | | | | | | Indemnity Agreement | | |
| 2.66 | Martin Rucidlo | Address On File | | | | | | Indemnification Agreement | | |
| 2.67 | Melissa Leonard | Address On File | | | | | | Employment Agreement | | |
| 2.68 | Michael Gates | Address On File | | | | | | Indemnification Agreement | | |
| 2.69 | Michael Port | Address On File | | | | | | Employment Agreement | | |
| 2.70 | Michael Port | Address On File | | | | | | Amendment to Employment Agreement | | |
| 2.71 | Michigan Strategic Fund | 300 North Washington Square | | Lansing | MI | 48913 | | Michigan Business Development Program Grant Agreement | | |
| 2.72 | Mick Kowitz | Address On File | | | | | | Indemnification Agreement | | |
| 2.73 | Nelson Mullins Riley & Scarborough LLP | 101 Constitution Ave, Sutie 900 | | Washington | DC | 20001 | | Letter re: Terms of Engagement | | |
| 2.74 | Open Text Inc. | 2950 S Delaware Street, Bay Meadows Station 3 Building | & 4th Floors | San Mateo | CA | 94403 | | Amendment to the Services Agreement dated as of June 22, 2021 | | |
| 2.75 | Open Text Inc. | 9711 Washingtonian Blvd., Suite 700 | | Gaithersburg | MD | 20878 | | Services Agreement | 7/1/2026 | |
| 2.76 | Oracle America, Inc. | 500 Oracle Parkway | | Redwood Shores | CA | 94065 | | Oracle Ordering Document | | |
| 2.77 | Potter Anderson & Corroon LLP | 1313 North Market Street | P.O. Box 951 | Wilmington | DE | 19899-0951 | | Engagement Letter Agreement | | |
| 2.78 | Prospect Law LLP | 120 N LaSalle St Suite 200 | | Chicago | IL | 60602 | | Letter re: Confirmation of Representation | | |
| 2.79 | Rich Schmidt | Address On File | | | | | | Indemnification Agreement | | |
| 2.80 | Richards Layton & Finger | 920 N King Street | | Wilmington | DE | 19801 | | Letter re: Engagement of Richards, Layton & Finger, P.A. | | |
| 2.81 | Robar PR | 1600 E. Grand Blvd., #300 | | Detroit | MI | 48211 | | Public Relations Services Agreement | 2/2/2024 | |
| 2.82 | RSM US LLP | 30 South Wacker Drive Suite 3000 | | Chicago | IL | 60606 | | Statement of Work Record-Report and Procedure-To-Pay Transformation | | |
| 2.83 | Service Express, LLC | 3854 Broadmoor Ave SE | | Grand Rapids | MI | 49512 | | Service Express Service Agreement 43076 | 10/15/2025 | |
| 2.84 | Shopify Inc. | 151 O'Connor Street, Ground Floor Ottawa | | ON | | K2P 2L8 | Canada | Terms of Service and Receipts | | |
| 2.85 | Siemens Industry Software Inc. | 5755 New King Drive | | Troy | MI | 48098 | | Quotation re: Licensed Software Designation Agreement | | |
| 2.86 | Simpson Thacher & Bartlett LLP | 425 Lexington Avenue | | New York | NY | 10017-3954 | | Engagement Letter re: Securities & Exchange Commission | | |
| 2.87 | Skynet Innovations | 350 E Main Street | Suie 200 | Batavia | OH | 45103 | | Enterprise Managed Services Contract | | |
| 2.88 | Stephen S. Burns | Address On File | | | | | | Indemnification Agreement | | |
| 2.89 | Steve Hash | Address On File | | | | | | Indemnity Agreement | | |
| 2.90 | Sullivan & Cromwell LLP | 125 Broad Street | | New York | NY | 10004-2498 | | Engagement Letter re: Terms of Engagement | | |
| 2.91 | TERIS-Phoenix, LLC | 11333 N. Scottsdale Road Suite 294 | | Scottsdale | AZ | 85254 | | Statement of Work | | |
| 2.92 | Thomas V. Canepa | Address On File | | | | | | Indemnification Agreement | | |
| 2.93 | Toppan Merrill LLC | 1501 Energy Park Dr | | St Paul | MN | 55108 | | Proposal re: SEC Connect | | |
| 2.94 | Vestige Digital Investigations | 23 Public Square, Suite 250 | | Medina | OH | 44256 | | Engagement Letter | | |
| 2.95 | White & Case LLP | Southeast Financial Center | 200 South Biscayne Boulevard, Suite 4900 | Miami | FL | 33131-2352 | | Engagement Letter re: Restructuring of the Company | | |
| 2.96 | Winston & Strawn LLP | 35 W. Wacker Dr | | Chicago | IL | 60601 | | Engagement Letter | | |
| 2.97 | WIT Legal, LLC | 1370 Broadway 15th Floor | | New York | NY | 10018 | | Expert Services Agreement | | |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Lordstown Motors Corp.___

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                        (State)

Case number (*If known*): ___23-10831___

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___08/01/2023___          ✖ */s/ Adam Kroll*
             MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                        __Adam Kroll__
                                        Printed name

                                        __Executive Vice President and Chief Financial Officer of Lordstown Motors Corp.__
                                        Position or relationship to debtor