**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, STATEMENTS OF LIMITATIONS, AND METHODOLOGY, DISCLAIMERS, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation ("**LEVC**"), and Lordstown EV Sales LLC ("**LEVS**"), as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**," and collectively, the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), under section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

These *Global Notes, Statements of Limitations, and Methodology, Disclaimers, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all the Debtors' Schedules and Statements. These Global Notes are in addition to any specific notes contained in each Debtors' Schedules and Statements. The fact that the Debtors prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' remaining Schedules and Statements, as appropriate. The Global Notes (and any applicable specific notes) should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited and subject to potential adjustment. The Schedules and Statements do not purport to represent financial

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), and they are not intended to be fully reconciled with the financial statements of each Debtor, whether publicly filed or otherwise.  In preparing the Schedules and Statements, the Debtors relied on unaudited financial data and information derived from their books and records that was available and accessible at the time of preparation, that are subject to further review and adjustment, and are subject to the limitations of that data and information (in addition to any other limitations and whether or not stated herein).  Without limiting the generality of the foregoing, the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than by legal entity and the Debtors have not historically accounted for assets and liabilities on an entity-by-entity or a Debtor-by-Debtor basis.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and adjustment.  The Debtors' management team and advisors have made commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis and to ensure that the Schedules as Statements are as accurate as possible under the circumstances.  However, subsequent information or discovery, new information, including those related to a change in accounting policy or practices, may result in material changes to the Schedules and Statements and errors or omissions may exist.

Based on certain limitations, including those described herein, the Debtors cannot confirm that the information provided is complete and accurate, although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of such information in the Schedules and Statements.  Subsequent information or discovery may result in material changes in financial and other data contained in the Schedules and Statements, and thus, the Schedules and Statements may be subject to potential adjustment, revisions, and/or amendments.  Additionally, the Debtors have experienced significant reductions in their workforce, which have placed certain constraints and burdens on the Debtors.  Inadvertent or unintentional errors, omissions, or inaccuracies may exist.  For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to revise, amend, and/or supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein and in the Schedules and Statements.  For the avoidance of doubt, the Debtors and their management, agents, attorneys, and financial advisors hereby reserve their rights to revise, amend, and/or supplement the Schedules and Statements as may be necessary or appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements, or to notify or not notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  Without limiting the generality of anything contained herein, the Debtors reserve all rights to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, or identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Further, nothing contained in the Schedules, Statements, or these Global Notes

AMERICAS 124390627

shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization, or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.  In no event shall the Debtors or their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their management, agents, attorneys, financial advisors, investment bankers, professionals, and other representatives are advised of the possibility of such damages.

Adam Kroll, the Debtors' Executive Vice President & Chief Financial Officer has signed each of the Schedules and Statements on behalf of the Debtors.  Mr. Kroll is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Kroll necessarily has relied upon the efforts, statements, and representations of the Debtors, various personnel employed by the Debtors and the Debtors' advisors.  Mr. Kroll has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, for example, statements and representations concerning amounts owed to creditors and classification of such amounts.

## <u>Global Notes and Overview of Methodology</u>

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to the current or future financial conditions, events, or performance of any of the Debtors.**

1.  **<u>Description of Cases.</u>** On June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 28, 2023, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases [Docket No. 53].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  On July 11, 2023, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 99].

2.  **<u>"As Of" Information Date</u>**.  To the best of the Debtors' knowledge, and except with respect to certain financial information or estimates that are updated less frequently than at each month's end, or as otherwise noted, the information provided in the Schedules and Statements, represents the asset and liability data of the Debtors as of June 27, 2023.  With respect to certain items on the Schedules and Statements, information may not have been available as of June 27, 2023.  For such items, a prior date may have been used, as identified herein.

AMERICAS 124390627

3.     **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions, as well as discovery of conflicting, revised or subsequent information that may cause a material change to the Schedules and Statements, may exist.  The Debtors reserve all rights to: (i) revise, amend, and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("**Claim**")[2] is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors do not undertake any responsibility to, and shall not be required to, update the Schedules and Statements.

4.     **Basis of Presentation**. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  Prior to the Petition Date, the Debtors' book and records, accounting systems, policies, and procedures were developed and maintained for reporting on a consolidated basis rather than reporting by legal entity.  As a result, the Debtors have not historically accounted for their assets and liabilities on a Debtor-by-Debtor basis and the Schedules and Statements are not intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, as necessary, to reflect the Debtors' ongoing reconciliation efforts and their commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis given the circumstances.  Moreover, the Schedules and Statements do not reflect some or all of the adjustments the Debtors' management would or will make as part of their preparation of quarterly or annual financial statements.

---

[2]   For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

AMERICAS 124390627

5.     **Consolidated Enterprise**.   The Debtors utilize a central and consolidated cash management system (the "**Cash Management System**"), which consists of multiple bank accounts held by Debtors LEVC and LEVS.  As described in further detail in the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing, But Not Directing, the Debtors to (i) Continue Use of Existing Cash Management System, Bank Accounts, and Business Forms, (ii) Pay Related Prepetition Obligations, and (iii) Continue Intercompany Transactions; Waiving the Section 345(b) Deposit and Investment Requirements; and (c) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"), the Cash Management System allows the Debtors to efficiently, collect, disburse, transfer, and manage the Debtors' funds and as such, certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the Cash Management System.  The Court granted the Cash Management Motion, on a final basis, authorizing, among other things, the Debtors' continued use of their Cash Management System [Docket No. 187].  The Debtors' accounting department regularly reconciles the Debtors' books and records, on a consolidated basis, to ensure that all transfers are accounted for properly.  Although diligent and commercially reasonable efforts have been made to set forth the amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors' reserve the right to modify or amend the Schedules and Statements to update payable amounts or attribute amounts and Claims to a different legal entity, if necessary or appropriate.

6.     **No Admission.** Nothing contained in the Schedules, the Statements or the Global Notes is intended to be or should be construed as an admission or stipulation of the validity of any Claim against the Debtors or any assertion made, or a waiver of the Debtors' rights to dispute any such Claim or assert any cause of action or defense against any party.

7.     **Net Book Value of Assets and Liabilities.** It would be prohibitively expensive and unduly burdensome for the Debtors to obtain current market valuations for their assets.  Unless otherwise indicated, the asset information provided in the Schedules and Statements, except as may be otherwise noted, reflects net book values, as estimated by the Debtors, as of the Petition Date, and the liability information provided in the Schedules and Statements, except as may be otherwise noted, reflects net book values, as estimated by the Debtors, as of the Petition Date, adjusted for authorized payments made under certain orders entered by the Court.  Because the net book values of certain assets may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the economic value or ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

Net book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.  Moreover, the Schedules and Statements do not reflect some or all of the adjustments the Debtors' management would or will make as part of their preparation of quarterly or annual financial

AMERICAS 124390627

statements that are likely to result in additional charges, impairments, reserves or write-offs that reduce the values of the assets in the Statements and Schedules.

8.  **Confidential or Sensitive Information.**  In line with the relief granted in the *Final Order (A) Authorizing, But Not Directing, the Debtors to (I) Waive Requirements to File a List of, and Provide Notice to All Equity Holders, (II) Redact Certain Personal Identification Information for Individual Creditors, and (B) Granting Other Related Relief* [Docket No. 184] (the "**Creditor Matrix Order**") and to protect the privacy of certain parties, including, among others, the Debtors' employees, certain identifying information, such as mailing addresses of individuals, was excluded from the Schedules and Statements.

9.  **Accuracy.** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable nonbankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws, from GAAP or for any evaluations of the Debtors based on this financial information or any other information.

10. **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses and because the Debtors have not historically tracked assets and liabilities on an entity-by-entity or a Debtor-by-Debtor basis.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

11. **Allocation of Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods and among Debtors based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods or among Debtors may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

    The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.

12. **Accounts Payable and Disbursement System**.  The Debtors maintain a Cash Management System to collect and disburse funds in the ordinary course of business.  A more complete description of the Debtors' Cash Management System is set forth in the Cash Management Motion.

AMERICAS 124390627

13. **Excluded Assets and Liabilities.** The Debtors have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. As discussed below, prepetition liabilities that the Debtors have paid postpetition, or those which the Debtors plan to pay, in accordance this authorization may not be listed in the Schedules and Statements.

14. **Insiders.** In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe would be included in the definition of "insider" pursuant to section 101(31) of the Bankruptcy Code.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense (including an admission about whether or not such person is an "insider" pursuant to section 101(31) of the Bankruptcy Code) and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as "insiders" in the Schedules and Statements have been included for informational purposes only, and such information may not be used for: (a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual exercised management responsibilities or functions; (iii) corporate decision making authority over the Debtors; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (b) for any other purpose.

15. **Personally Identifiable Information.** The Debtors collect a limited amount of information about customers via their website, portals, and over the telephone or in person. The Debtors may also collect personally identifiable information from third parties, obtaining express customer permission as required. Examples of the types of information collected by the Debtors include name, mailing address, telephone number, email address, personal identification numbers, among others. The Debtors retain such information only for the Debtors to comply with business, tax, and legal requirements, subject to applicable retention and deletion laws. Pursuant to the Creditor Matrix Order, the Debtors have redacted such personally identifiable information in the Schedules and Statements to protect the privacy of certain parties, including, among others, the Debtors' employees and certain identifying information, such as mailing addresses of individuals.

16. **Intellectual Property Rights.** The exclusion of certain intellectual property shall not be construed as an admission that such intellectual property or intellectual property rights are not owned by the Debtors, have been abandoned, terminated, assigned, expired by their terms, assigned, or otherwise transferred pursuant to a sale, acquisition, other transaction, or have immaterial value. Although the Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, in certain instances, intellectual property

7

owned by one Debtor may, in fact, be owned by another Debtor or may have been inadvertently omitted.  Accordingly, the Debtors reserve all their rights with respect to the legal status of any and all such intellectual property rights.  Furthermore, the Debtors' intellectual property has not been recorded on the Statements in accordance with GAAP and therefore are not ascribed any value in the Schedules.

17. **Zero Dollar Amounts**.  Amounts listed may also have unliquidated or undetermined components.

18. **Executory Contracts and Unexpired Leases**.  Although the Debtors have made reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Due to the voluminous nature of each of the Debtors' executory contracts, the Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth in Schedule G. Accordingly, the Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G for any Debtor. The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Moreover, the inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

20. **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, financings, and other such agreements.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements or identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

21. **Claims Designations.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to any Claim reflected on their respective Schedules and Statements on any grounds, including liability, priority, and classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

AMERICAS 124390627

22. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make certain reasonable estimates and assumptions that affect the reported amounts and accruals of assets and liabilities and of contingent assets and contingent liabilities on the date of the Schedules and Statements, among other reported amounts. Although such amounts and accruals are based on current known information, these amounts and accruals do not reflect the full range of possible outcomes and actual results may differ materially from such estimates and may be adjusted in the future based on new developments. The Debtors reserve all rights to amend the Schedules and Statements to reflect changes in those estimates and assumptions.

23. **Claims and Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have identified and/or listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including causes of action that are required to be kept confidential and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

24. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are amounts presently unknown or of undetermined value, the actual total may be different than the total listed in the Schedules and Statements.

- Paid Claims. Pursuant to various orders entered by the Court in these chapter 11 cases (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims, including certain prepetition claims of employees, certain vendors, and taxing authorities in their discretion on a postpetition basis. Accordingly, these liabilities may have been or may be satisfied in accordance with the First Day Orders and therefore, generally are not listed in the Schedules and Statements.

AMERICAS 124390627

Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to any order of the Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary or appropriate. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court (including the First Day Orders), the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Other Paid Claims</u>. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Court approval.

- <u>Unknown Debtors</u>. In certain instances, certain contracts or other relevant documents may not specify a particular Debtor or Debtors or may include the incorrect legal entity as the contractual counterparty. Furthermore, a particular Debtor may have historically made payments on behalf of another Debtor, for which such repayment obligation is not reflected in whole or part on the Statements or Schedules of the correct contractual counterparty.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

25. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. Dollars. Any currency conversions are as of June 27, 2023.

26. **Intercompany Payables and Receivables.**

As described more fully in the Cash Management Motion, the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the final order granting the relief requested in the Cash Management Motion [Docket No. 187], the Court has granted the Debtors authority to continue such intercompany transactions in the ordinary court of business.

Prior to the Petition Date, the Debtors did not track intercompany transactions and related payables and receivables. Any listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors' management established certain intercompany accounts as of the Petition Date, that do not reflect the full amount of intercompany transactions were they to have been consistently prepared historically and/or in accordance with GAAP. The Debtors take no position in these Schedules and Statements as to whether such amounts would be allowed as a Claim,

an Interest, or not allowed at all.  The Debtors reserve all rights with respect to such accounts.

27.   **Setoffs.** The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Such setoffs and similar rights may occur due to a variety of transactions and disputes, including, without limitation to, intercompany transactions, pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes disputes between the Debtors and their vendors or customers.  These normal setoffs are consistent with the ordinary course of business of the Debtors' industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

28.   **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including, but not limited to, the right to modify the Schedules and Statements, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided herein represents the Debtors' assets and liabilities as of the Petition Date.

All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, to the extent that such value is reflected in the Debtors' books and records and unless otherwise noted elsewhere.  For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules neither purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Certain write-downs, impairments, reserves, charges and other accounting adjustments may not be reflected in the Schedules or are incomplete or preliminary.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

AMERICAS 124390627

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

Schedules A/B

Part 1:

- Details with respect to the Debtors' cash management system are provided in the Cash Management Motion. The balances of the financial accounts listed on Schedule A/B, Part 1 are reflected on the Debtors' bank statements as of the Petition Date.

Part 2:

- The Debtors have numerous forms of deposits including utility, security, and insurance deposits. The Court entered a final order [Docket No. 183], which authorized the Debtors to provide adequate assurance of payment for future utility services. Such deposit is not listed on Schedule A/B, which is presented as of the Petition Date.

- The Debtors have numerous prepaid expenses including those made to vendors in advance of such vendor delivering goods or services, among others.

Part 4:

- Ownership interests in affiliates have been listed in Schedule A/B, Part 4 as undetermined. The Debtors make no representation as to the value of their ownership of each subsidiary as the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

Parts 5, 7, 8 and 9:

- An external or professional valuation of the Debtors' inventory has not been undertaken. Dollar amounts are presented net of accumulated depreciation, reserves and other adjustments as of the Petition Date, and prior to completion of standard quarterly review procedures that will result in additional charges and adjustments. The Debtors' office and other property leases are set forth in Schedule G.

Part 10:

- The Debtors have various intangibles and intellectual property, which are listed as an undetermined amount or at their net book value. The fair market value of such assets is dependent on numerous variables and factors and may differ significantly from their net book value. Furthermore, the Debtors' intellectual property has not been recorded on the

12

Statements in accordance with GAAP and therefore are not ascribed any value in the Schedules.

Part 11:

- Schedule A/B for Debtor LMC lists certain federal and local net operating losses ("**NOLs**") related to certain tax attributes as of December 31, 2022. Federal and local tax laws impose certain restrictions on the utilization of NOLs. Accordingly, the realizable value associated with these tax attributes are unknown and undetermined.

- The Debtors maintain a variety of insurance policies including general liability, commercial property, property liability, workers' compensation, directors & officers' liability. A list of the Debtors' insurance policies and related information is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (a) Authorizing, But Not Directing the Debtors to (i) Maintain Existing Insurance Policies and Pay All Insurance Obligations Arising Thereunder and (ii) Renew, Revise, Extend, Supplement, Change or Enter Into New Insurance Policies, (b) Modifying Automatic Stay With Respect to Workers' Compensation Programs, and (c) Granting Related Relief* [Docket No. 12]. The Debtors believe that there is no cash value to such insurance policies. The insurance policies are listed in the respective policyholder entity level; however, these policies may cover other Debtor entities.

- The Debtors reserve all their rights with respect to any claims, causes of action, or avoidance actions they may have. The Schedules shall not be deemed a waiver of any such claims, causes of action, or avoidance actions or in any way prejudice or impair the assertion of such claims.

Schedule D

- Except as otherwise stated in an order entered by the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of certain entities as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such claim.

- The Debtors have not included parties that may believe their Claims are secured through setoff rights, inchoate statutory lien rights, or other lien rights created by the laws of the various jurisdictions in which the Debtors operate.

Schedule E/F

- The Debtors have received relief under various Court orders, including the First Day Orders. The amounts accrued and payable on account of such Claims covered by the First Day Orders are not reflected on Schedule E/F. Additionally, Schedule E/F does not include

AMERICAS 124390627

potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

- The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all their rights regarding such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

- Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts have only partially been updated for the period ended June 30, 2023 are, however, only partially reflected on the Debtors' books and records as required in accordance with GAAP and remain subject to completion of quarterly accounting procedures, including review by the Debtors' auditor. Such accruals are general and/or preliminary estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made commercially reasonable efforts to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced. Further, in addition to the items listed in Schedule E/F, certain of the Debtors, from time to time, provide performance guarantees of obligations of certain other Debtors or Debtor affiliates in connection with various contractual obligations, which may not be listed in the Schedules. Where applicable, the amounts listed in Schedule F consider credits and overpayments owed to the Debtors.

- Claimants are identified on the Schedules as they exist on the Debtors' books and records. Accordingly, there may be duplication of individual claimants on the Schedules. In aggregate, claim amounts reflect the Debtors' books and records.

- Claims listed in Schedule E/F arose or were incurred on various dates. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F. Where available, specific dates are listed.

- Schedule E/F contains information regarding potential and/or pending litigation involving the Debtors. All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the pending and/or potential lawsuits and proceedings included therein.

- Claim amounts listed on the Schedule E/F may differ from the amounts reflected on the *List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* filed as part of the Debtors' petitions due to subsequently identified information, updates on the Debtors' books and records, or subsequent payables made pursuant to any Court orders.

14

Schedule G

- Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. Such rights, powers, duties, and obligations are not separately set forth on Schedule G. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is or is not an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including, but not limited to their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. In addition, agreements and underlying documentation related to the Debtors' prepetition debt is not included in Schedule G. The Debtors reserve all their rights with respect to such agreements.

- Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, rights of first refusal, among other rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

- Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. The Debtors reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Further, unless otherwise specified on Schedule G, the Debtors have made reasonable efforts to ensure that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

- In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory

AMERICAS 124390627

contracts, are not listed on Schedule G due to confidentiality clauses.  The Debtors reserve all of their rights with respect to such agreements.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired leases. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

### **Specific Disclosures with Respect to the Debtors' Statements**

Statements, Part 1, Question 1:

- Gross Revenue reflects activity by Debtor in 2021, 2022 and year to date through the Petition Date.

- Revenue may vary from the Debtors' consolidated financial statements as negative balances were excluded from Other Revenue.

Statements, Part 2, Question 3:

- Amounts listed in Part 2, Question 3 include any disbursement(s) or other transfer(s) made by the Debtors within the 90 days prior to the Petition Date, excluding any such disbursement(s) or transfer(s) made to (a) "insiders" (which appear in Statements, Question 4) or (b) bankruptcy professionals (which appear in Statements, Question 11).  All transfers disclosed in Part 2, Question 3 are listed in alphabetical order by payee name.

- The Debtor entities utilize Paylocity Corporation ("**Paylocity**") to process employee payroll taxes related to compensation payouts. The Debtors make batch payments to Paylocity on behalf of all employees. Therefore, amounts listed herein represent each separate batch payment that is made.

Statements, Part 2, Question 4:

- Individuals listed as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

- The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are net amounts that include reductions for amounts including employee tax and benefit withholdings.

AMERICAS 124390627

- Intercompany transactions reflect only those transfers that include cash settlement between the Debtor and another Debtor. Intercompany transaction dates are as of the posted date or fiscal date but may not reflect the actual dates of the underlying activity. The Debtors undertook their commercially reasonable best efforts to identify all intercompany transactions resulting in cash settlement but make no representations that there are not inadvertent exclusions of payments.

Statements, Part 2, Question 5:

- Other than ordinary course items, the Debtors are not aware of any property that has been returned to seller(s).

Statements, Part 3, Question 7:

- The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible. While the Debtors believe they were diligent in their efforts, certain data fields were not completed due to the associated burden to the Debtors. Should any parties in interest request additional information, the Debtors will work with such parties and supplement Statements, Question 7 as commercially reasonable or otherwise directed by the Court.

- The Debtors reserve all rights, claims, and defenses with respect to all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings). The listing of any such lawsuits and proceedings shall not constitute an admission by the Debtors and their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors or affiliate of the Debtors (if any). The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Tax assessments are not included in Statements, Question 7.

Statements, Part 5, Question 10:

- Losses listed may exclude those incurred in the ordinary course of business which do not exceed the deductible cap on the applicable Debtor's respective policies.

Statements, Part 6, Question 11:

- Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date. The services rendered pertain to (i) restructuring negotiations, (ii) relief under the Bankruptcy Code, and/or (iii) preparation of a bankruptcy petition.

- Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

Statements, Part 6, Question 13:

AMERICAS 124390627

- The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed.

Statements, Part 7, Question 14:

- The Debtors have included a listing of all previous owned or leased addresses.

Statements, Part 9, Question 16:

- The Debtors collect and retain a variety of personally identifiable information.  All policies are governed by privacy policies renewed annually.

Statements, Part 13, Question 26(a):

- The Debtors have listed those individuals that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records. Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records.  The Debtors' financial statements are also included in their periodic securities filings with the SEC and available to the public.

Statements, Part 13, Questions 26(c) and 26(d):

- Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Debtors have filed with the U.S. Securities and Exchange Commission (the "**SEC**") reports on Form 8-K, Form 10-Q, and Form 10-K.  These SEC filings contain consolidated financial information relating to the Debtors.

- Additionally, consolidated financial information for the Debtors is posted on the Debtors' website at https://investor.lordstownmotors.com/.  Because the SEC filings and the website are of public record, the Debtors do not maintain records of the parties that requested or obtained copies of any of the SEC filings from the SEC or the Debtors.

- The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors with financial statements.  The Debtors have used reasonable efforts to identify and list all these parties, but there could be omissions.

Statements, Part 13, Question 28:

- Contained herein are officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtors as of the Petition Date.  This includes shareholders known by the Debtors to hold greater than five percent of each Debtor's voting or equity securities (consistent with reporting requirements under Schedule 13D or 13G).  Commercially reasonable efforts have been made to provide accurate and complete information regarding the former officers, directors, managing members, general partners, members in control, controlling shareholders, or other individuals or entities in control of the Debtors within one year

18

before the Petition Date, but who no longer hold these positions.  While this information was based on a review of the best historical information available, inadvertent errors or omissions may exist.

Statements, Part 13, Question 30:

- All known disbursements to "insiders" of the Debtors have been listed in the response to Statements, Question 4.  Certain of the Debtors' executive officers received distributions net of tax withholdings of the year preceding the Petition Date.  The amounts listed under Statements, Question 4 reflect the gross amounts paid, rather than the net amounts after deducting for tax withholdings.

*[Remainder of page intentionally left blank.]*

**Fill in this information to identify the case:**

Debtor name    Lordstown EV Corporation

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                      (State)

Case number (If known):    23-10832

☐ Check if this is an
amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 01/01/2023<br>MM / DD / YYYY | to Filing date | ☒ Operating a business<br>☐ Other _____ | $2,339,874 |
| **For prior year:** | From 01/01/2022<br>MM / DD / YYYY | to 12/31/2022<br>MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $194,446 |
| **For the year before that:** | From 01/01/2021<br>MM / DD / YYYY | to 12/31/2021<br>MM / DD / YYYY | ☒ Operating a business<br>☐ Other _____ | $0 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 01/01/2023<br>MM / DD / YYYY | to Filing date | SEE APPENDIX A | $1,584,606 |
| **For prior year:** | From 01/01/2022<br>MM / DD / YYYY | to 12/31/2022<br>MM / DD / YYYY | SEE APPENDIX A | $123,718,672 |
| **For the year before that:** | From 01/01/2021<br>MM / DD / YYYY | to 12/31/2021<br>MM / DD / YYYY | SEE APPENDIX A | $(9,654,946) |

| Debtor | Lordstown EV Corporation | Case number *(if known)* | 23-10832 |
|---|---|---|---|
| | Name | | |

---

## Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | SEE APPENDIX B <br> Creditor's name <br><br> Street <br><br> City          State    ZIP Code | SEE APPENDIX B | $ 32,474,516 | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other SEE APPENDIX B |
| 3.2. | Creditor's name <br><br> Street <br><br> City          State    ZIP Code | | $ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | SEE APPENDIX C <br> Insider's name <br><br> Street <br><br> City          State    ZIP Code <br><br> **Relationship to debtor** <br> SEE APPENDIX C | SEE APPENDIX C | $ 90,874 | SEE APPENDIX C |
| 4.2. | Insider's name <br><br> Street <br><br> City          State    ZIP Code <br><br> **Relationship to debtor** | | $ | |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

Debtor    Lordstown EV Corporation
          _____
          Name

Case number (*if known*) 23-10832
                         _____

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | |
| | Creditor's name | | _____ | $_____ |
| | Street | | | |
| | City          State     ZIP Code | | | |
| 5.2. | | | | |
| | Creditor's name | | _____ | $_____ |
| | Street | | | |
| | City          State     ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State     ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | SEE APPENDIX D | SEE APPENDIX D | SEE APPENDIX D | ☐ Pending |
| | | | Name | ☐ On appeal |
| | **Case number** | | Street | ☐ Concluded |
| | SEE APPENDIX D | | City          State     ZIP Code | |
| 7.2. | **Case title** | | **Court or agency's name and address** | ☐ Pending |
| | | | Name | ☐ On appeal |
| | **Case number** | | Street | ☐ Concluded |
| | | | City          State     ZIP Code | |

Debtor   Lordstown EV Corporation
         _____     Case number (if known) 23-10832
         Name

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | |
| | | Name |
| _____ | **Case number** | Street |
| City          State     ZIP Code | _____ | |
| | | City        State      ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

## Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ <br> Recipient's name <br><br> Street <br><br> _____ <br> City          State     ZIP Code <br><br> **Recipient's relationship to debtor** <br> _____ | _____ <br><br> _____ | _____ | $_____ |
| 9.2. _____ <br> Recipient's name <br><br> Street <br><br> _____ <br> City          State     ZIP Code <br><br> **Recipient's relationship to debtor** <br> _____ | _____ <br><br> _____ | | $_____ |

---

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss <br><br> If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. <br> List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ <br><br> _____ | _____ | _____ | $_____ |

---

Debtor    Lordstown EV Corporation
_____
          Name

Case number (*if known*) 23-10832

---

**Part 6:**    **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1. SEE APPENDIX E | SEE APPENDIX E | SEE APPENDIX E | $ 5,168,550 |
| **Address** | | | |
| SEE APPENDIX E | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| **Email or website address** | | | |
| SEE APPENDIX E | | | |
| **Who made the payment, if not debtor?** | | | |
| N/A | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2. | | | $_____ |
| **Address** | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $_____ |
| **Trustee** | | | |
| | | | |

Debtor    Lordstown EV Corporation
Name

Case number *(if known)* 23-10832

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | Foxconn EV Technology, Inc. | Lordstown EV Corporation's manufacturing facility in Lordstown Ohio. | 05/11/2022 | $ SEE APPENDIX F |

**Address**
4568 Mayfield Road
Street
Suite 204

Cleveland          OH          44121
City          State          ZIP Code

**Relationship to debtor**
Formerly part of a joint venture agreement between
Foxconn EV Technology, Inc. and Lordstown EV Corporation

| | Who received transfer? | | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2. | | | | $_____ |

**Address**

Street

City          State          ZIP Code

**Relationship to debtor**

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | 15041 South Commerce Drive<br>Street<br>Suite 401<br><br>Dearborn          MI          48120<br>City          State          ZIP Code | From 10/01/2019    To 04/30/2021 |
| 14.2. | <br>Street<br><br><br>City          State          ZIP Code | From _____    To _____ |

Debtor    Lordstown EV Corporation
_____
Name

Case number *(if known)*    23-10832

---

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City    State    ZIP Code | _____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____<br>Facility name<br><br>_____<br>Street<br><br>_____<br>City    State    ZIP Code | _____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br><br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☒ Yes. State the nature of the information collected and retained.  HR, Marketing, and Telematics

Does the debtor have a privacy policy about that information?

☐ No

☒ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☒ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Lordstown EV Corporation 401K | EIN: 8 3 – 4 6 1 2 2 5 0 |

Has the plan been terminated?

☒ No

☐ Yes

---

Debtor    Lordstown EV Corporation
          _____
          Name

Case number (if known) 23-10832
                       _____

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | The Huntington National Bank<br>Name<br>PO Box 1558 EA1W37<br>Street<br><br>Columbus     OH     43216<br>City     State     ZIP Code | XXXX–3 6 1 9 | ☒ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 10/21/2022 | $ 47,609 |
| 18.2. | The Huntington National Bank<br>Name<br>PO Box 1558 EA1W37<br>Street<br><br>Columbus     OH     43216<br>City     State     ZIP Code | XXXX–3 6 7 7 | ☒ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | 10/21/2022 | $ 0 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br><br>Street<br><br>City     State     ZIP Code | <br><br><br>Address | | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| SEE APPENDIX G<br>Name<br><br>Street<br><br>City     State     ZIP Code | SEE APPENDIX G<br><br><br>Address<br>SEE APPENDIX G | SEE APPENDIX G | ☐ No<br>☒ Yes |

Debtor    Lordstown EV Corporation
          _____        Case number *(if known)* 23-10832
          Name

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

---

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No
☒ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| SEE APPENDIX H | SEE APPENDIX H | SEE APPENDIX H | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | Street | | ☒ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

Debtor  Lordstown EV Corporation
       Name

Case number (if known) 23-10832

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State    ZIP Code | City          State    ZIP Code | | |

---

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | MIH EV Design LLC<br>Name<br>4568 Mayfield Road<br>Street<br>Suite 204<br>Cleveland      OH      44121<br>City          State    ZIP Code | Foxconn joint venture to design, develop, test and industrialize EC Vehicles. | EIN: 8 8 – 2 2 8 7 1 4 0<br>**Dates business existed**<br>From 05/11/2022 To 04/21/2023 |
| 25.2. | Lordstown EV Sales LLC<br>Name<br>27000 Hills Tech Court<br>Street<br><br>Farmington Hills   MI   48331<br>City          State    ZIP Code | Wholly-owned subsidiary of Lordstown EV Corporation formed for planned purposes of sales and marketing. | EIN: 8 5 – 3 6 9 9 1 0 1<br>**Dates business existed**<br>From 2020 To Present |
| 25.3. | Name<br>Street<br>City          State    ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br>**Dates business existed**<br>From _____ To _____ |

---

Debtor    Lordstown EV Corporation
Name
Case number *(if known)* 23-10832

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Adam Kroll, Chief Financial Officer<br>Name<br>27000 Hills Tech Court<br>Street<br><br>Farmington Hills   MI   48331<br>City   State   ZIP Code | From 10/25/2021 To Present |
| 26a.2. Rebecca Roof, Interim Chief Financial Officer<br>Name<br>27000 Hills Tech Court<br>Street<br><br>Farmington Hills   MI   48331<br>City   State   ZIP Code | From 06/13/2021 To 12/31/2021 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. KPMG LLP<br>Name<br>345 Park Avenue<br>Street<br><br>New York   NY   10154<br>City   State   ZIP Code | From 2020 To Present |
| 26b.2. <br>Name<br><br>Street<br><br>City   State   ZIP Code | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. Adam Kroll, Chief Financial Officer<br>Name<br>27000 Hills Tech Court<br>Street<br><br>Farmington Hills   MI   48331<br>City   State   ZIP Code | N/A |

Debtor    Lordstown EV Corporation
_____
Name

Case number (if known) 23-10832
_____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code | _____<br>_____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

| Name and address |
|---|
| 26d.1. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code |

| Name and address |
|---|
| 26d.2. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No

☒ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Michael Port, VP Finance & Controller | Jun.'23 | $ 2,358,359 (other basis) |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. Adam Kroll, Chief Financial Officer<br>Name<br>27000 Hills Tech Court<br>Street<br><br>Farmington Hills          MI          48331<br>City          State          ZIP Code |

Debtor    Lordstown EV Corporation
          _____
          Name

Case number (*if known*) 23-10832

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Michael Port, VP Finance & Controller | Dec.'22 | $ 13,671,782 (other basis) |

**27.2.**

Name and address of the person who has possession of inventory records

Adam Kroll, Chief Financial Officer
_____
Name

27000 Hills Tech Court
_____
Street

| Farmington Hills | MI | 48331 |
|---|---|---|
| City | State | ZIP Code |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| SEE APPENDIX I | SEE APPENDIX I | SEE APPENDIX I | SEE APPENDIX I |
| | | | |
| | | | |
| | | | |
| | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No

☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| **30.1.** SEE APPENDIX J | $5,289,957 | SEE APPENDIX J | SEE APPENDIX J |
| Name | | | |
| | | | |
| Street | | _____ | |
| | | | |
| | | _____ | |
| City              State        ZIP Code | | | |
| Relationship to debtor | | _____ | |
| SEE APPENDIX J | | | |

Debtor  Lordstown EV Corporation
        Name

Case number (if known) 23-10832

---

| 30.2 | **Name and address of recipient** | | | | |
| | Name | | | | |
| | Street | | | | |
| | City | State | ZIP Code | | |
| | **Relationship to debtor** | | | | |

---

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☐ No
☒ Yes. Identify below.

| **Name of the parent corporation** | **Employer Identification number of the parent corporation** |
| --- | --- |
| Lordstown Motors Corp. | EIN: 8 3 – 2 5 3 3 2 3 9 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☒ No
☐ Yes. Identify below.

| **Name of the pension fund** | **Employer Identification number of the pension fund** |
| --- | --- |
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

---

| **Part 14:** | **Signature and Declaration** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08 / 01 / 2023
             MM / DD / YYYY

✖ /s/Adam Kroll                              Printed name  Adam Kroll
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☒ Yes

---

Appendix A, page 1 of 1
Part 1, question no. 2

Debtor: Lordstown EV Corporation
Case no.: 23-10832

| Currency: USD (actual $) | 1/1/2023 to 6/26/2023 | | 1/1/2022 to 12/31/2022 | 1/1/2021 to 12/31/2021 |
|---|---|---|---|---|
| MIH EV Management Fee | $ | - | $ 580,441 | |
| Gain\(Loss) on Foxconn Transaction | | (2,608,672) | 119,142,655 | - |
| Other Income\(Expense) | | - | (21,592) | 1,632,612 |
| Realized FX Gains\(Losses) | | (205,306) | 364,315 | 101,870 |
| Unrealized FX Gains\(Losses) | | (61,187) | 61,187 | 60,779 |
| Interest and Investment Income | | 4,035,771 | 3,208,318 | 422,986 |
| Gain\(Loss) on Fair Value of Warrants | $ | 424,000 | $ 383,348 | $ (11,873,193) |
| **Final Amount to Include in #2** | | **1,584,606** | **123,718,672** | **(9,654,946)** |

| Payee Name | Street Name (and Unit/Floor if applicable) | City, State, Zip (and Country if non-US) | Reason | Date | Total |
|---|---|---|---|---|---|
| 275 Hills Tech Ventures, LLC | PO Box 668 | Troy, MI, 48099 | Trade Vendor | various | 121,459 |
| A Say Inc dba Say Communications LLC | 245 8th Avenue #1040 | New York, NY, 10011 | Trade Vendor | 6/23/2023 | 56,459 |
| ABSOLUTE ELECTRONICS INC | N85W13730 Leon Rd | Menomonee Falls, WI, 53051 | Trade Vendor | various | 10,586 |
| Active Aero Group, Inc dba Ascent On-Demand dba Active PTM | 2068 E Street | Belleville, MI, 48111 | Trade Vendor | various | 44,980 |
| Advanced Prototype Molding, Inc. | 1520 N Old Rand Rd | Wauconda, IL, 60084 | Trade Vendor | 3/30/2023 | 27,670 |
| Advanced Test Equipment Corporation dba Advanced Test Equipment Rentals | 10401 Roselle Street | San Diego, CA, 92121 | Trade Vendor | various | 7,968 |
| Akebono Brake Company | 34385 W. Twelve Mile Rd | Farmington Hill, MI, 48331 | Trade Vendor | 4/13/2023 | 9,230 |
| Alliance Advisors, LLC | 200 Broadacres Drive, 3rd Floor | Bloomfield, NJ, 7003 | Trade Vendor | various | 27,618 |
| Allied Inc | 240 Metty Suite D | Ann Arbor, MI, 48103 | Trade Vendor | 5/18/2023 | 14,097 |
| Altron Automation Group, Inc | 3523 Highland Dr | Hudsonville, MI, 49426 | Trade Vendor | 6/1/2023 | 21,200 |
| Amazon Web Services, Inc. | PO BOX 81207 | SEATTLE, WA, 98108 | Trade Vendor | various | 58,135 |
| Amphenol Adronics Inc | 608 E 13th Street | Hays, KS, 67601 | Trade Vendor | various | 221,850 |
| Amphenol Interconnect Products Corporation | 20 Valley Street | Endicott, NY, 13760 | Trade Vendor | various | 64,442 |
| Ankura Intermediate Holdings, LP  DBA Ankura Consulting Group  LLC | 485 Lexington Ave, 10th Floor | New York, NY, 10017 | Trade Vendor | various | 329,298 |
| Aon Risk Services Central, Inc dba Aon Risk Services Northeast, Inc. | PO Box 95516 | St. Louis, MO, 63195 | Trade Vendor | 6/23/2023 | 4,518,816 |
| AP Expert Group LLC | 228 Park Ave S., Suite #88617 | New York, NY, 10003 | Trade Vendor | various | 26,325 |
| Applied Medical Resources Corporation | 22872 Avenida Empresa | Rancho Santa Margarita, CA, 92688 | Trade Vendor | various | 146,772 |
| Argent International, Inc | 41016 Concept Dr | Plymouth, MI, 48170 | Trade Vendor | various | 21,538 |
| Arthur J. Gallagher Risk Management Services, Inc. | 2850 Golf Road | Rolling Meadows, IL, 60008 | Trade Vendor | 3/27/2023 | 527,269 |
| Artiflex Manufacturing LLC | 731 Broadway Avenue NW | Grand Rapids, MI, 49504 | Trade Vendor | 3/30/2023 | 128,001 |
| AT&T MOBILITY-CC | PO BOX 5085 | CAROL STREAM, IL, 60197 | Utility Vendor | various | 62,372 |
| ATCO Industries, Inc. | 7200 15 Mile Road | Sterling Heights, MI, 48312 | Trade Vendor | various | 15,997 |
| Atlas Copco Tools and Assembly Systems LLC | 3301 Cross Creek Parkway | Auburn Hills, MI, 48326 | Trade Vendor | various | 7,950 |
| Auto Motive Power Inc | 11643 Telegraph Rd | Santa Fe Spring, CA, 90670 | Trade Vendor | various | 47,616 |
| Baker Hostetler | Key Tower, 127 Public Square, Suite 2000 | Cleveland, OH, 44114 | Services | various | 2,219,598 |
| Barry L. Leonard and Company Inc. dba Trans Machine Technologies | 920 Brenner Street | Winston-Salem, NC, 27101 | Trade Vendor | various | 56,645 |
| Bee Lighting Ltd | Merse Road, North Moons Moat | Redditch, Worcestershire B98 9PL, United Kingdom | Trade Vendor | various | 62,788 |
| Bell, Donna | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 9,432 |
| Bennie W Fowler, LLC | 625 Dream Island Road | Longboat Key, FL, 34228 | Trade Vendor | various | 166,036 |
| Bertouille, Edward | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 14,261 |
| BFG Manufacturing Services, Inc. | 701 Martha Street, P.O. Box 1065 | Punxsutawney, PA, 15767 | Trade Vendor | various | 22,470 |
| Black Diamond Network, LLC | 23 Main Street | Andover, MA, 1810 | Trade Vendor | various | 10,212 |
| BLOOMBERG, INC dba BGOV, LLC | 1101 K ST NW #500 | Washington, DC, 20005 | Trade Vendor | 5/18/2023 | 13,784 |
| Broadrige Investor Communication Solutions  Inc | PO Box417106 | Boston, MA, 2241 | Trade Vendor | various | 187,046 |
| BTI Measurement & Testing, LLC | 7035 Jomar Drive | Whitemore Lake, MI, 48189 | Trade Vendor | various | 10,343 |
| Burke E. Porter Machinery Co. | 730 Plymouth Ave NE | Grand Rapids, MI, 49505 | Trade Vendor | various | 84,416 |
| C&R Racing Inc. | 6950 Guion Road | Indianapolis, IN, 46032 | Trade Vendor | various | 116,611 |
| Caresoft Global Inc. | 7025 Veterans Boulevard, Suite A | Burr Ridge, IL, 60527 | Trade Vendor | 6/1/2023 | 157,500 |
| Carl Zeiss, Inc. dba Carl Zeiss Industrial Metrology, LLC | 6250 Sycamore Lane | Maple Grove, MN, 55369 | Trade Vendor | 6/1/2023 | 195,350 |
| CDH Detroit, Inc | 7 West Square Lake Road | Bloomfield Hills, MI, 48302 | Trade Vendor | 5/18/2023 | 16,050 |
| Cedillo, Daniel | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 7,646 |
| Central Corporation | 551 Gongdan-RO, Seongsan-Gu | Gyeongsangnam-Do 51557, South Korea | Trade Vendor | 4/6/2023 | 33,250 |
| CEVA Contract Logistics US Inc | 15350 Vickery Dr | Houston, TX, 77032 | Trade Vendor | various | 387,403 |
| CEVA International, Inc | 15350 Vickery Dr | Houston, TX, 77032 | Trade Vendor | various | 501,684 |
| Chroma Systems Solutions, Inc. | 19772 Pauling | Foothill Ranch, CA, 92610 | Trade Vendor | various | 63,210 |
| Cigna Health and Life Insurance Company | 900 Cottage Grove Rd | Bloomfield, CT, 6002 | Trade Vendor | various | 906,730 |

| Payee Name | Street Name (and Unit/Floor if applicable) | City, State, Zip (and Country if non-US) | Reason | Date | Total |
|---|---|---|---|---|---|
| Cigna-68470 | 900 Cottage Frove Rd | Bloomfield, CT, 6002 | Trade Vendor | various | 36,879 |
| Cintas Corporation No.2 - Payer#18650915 | P.O BOX 630910 | CINCINNATI, OH, 45262 | Trade Vendor | various | 7,621 |
| Cognizant Mobility, Inc | 1391 Wheaton Suite 700 | Troy, MI, 48083 | Trade Vendor | various | 701,758 |
| Cognizant Worldwide Limited | 1 Kingdom Street, Paddington Central | London W2 68D, United Kingdom | Trade Vendor | 6/7/2023 | 29,520 |
| Comcast Holdings Corporation dba Comcast Cable Communication Management LLC | PO Box 70284 | Philadelphia, PA, 19176 | Utility Vendor | 6/7/2023 | 16,563 |
| Complete Discovery Source, Inc (CDS) | 250 Park Avenue, Suite 18 | New York, NY, 10177 | Trade Vendor | various | 79,417 |
| Contour Hardening Inc. | 8401 Northwest Blvd. | Indianapolis, IN, 46278 | Trade Vendor | 6/23/2023 | 8,039 |
| Cox Automotive, Inc - Manheim | P. O. BOX 105156 | Atlanta, GA, 30348 | Trade Vendor | various | 27,867 |
| Cox Communications California LLC dba Cox Business | 6205-B Peachtree Dunwoody Road | Atlanta, GA, 30328 | Trade Vendor | various | 9,172 |
| Custodial Building Services, Inc | 30200 Telegraph #158 | Bingham Farms, MI, 48025 | Trade Vendor | various | 35,061 |
| Daimay North America Automotive Inc | 24400 Plymouth Road | Redford, MI, 48239 | Trade Vendor | various | 10,756 |
| Dakkota Integrated Systems, LLC | 123 Brighton Lake Road, Suite 202 | Brighton, MI, 48116 | Trade Vendor | various | 7,912 |
| Dechert LLP | 2929 Arch Street, Cira Centre | Philadelphia, PA, 19104 | Trade Vendor | various | 60,559 |
| Deloitte & Touche LLP | 4022 Sells Drive | Hermitage, TN, 37076 | Trade Vendor | various | 82,302 |
| Detroit Engineered Products dba DEP | 850 East Long Lake Dr | Troy, MI, 48085 | Trade Vendor | various | 61,174 |
| DHL | 16416 Northchase Dr | Houston, TX, 77060 | Trade Vendor | various | 17,646 |
| Duggan Manufacturing LLC | 50150 Ryan Rd | Shelby Twp, MI, 48317 | Trade Vendor | various | 34,549 |
| Elaphe Propulsion Technologies LTD | Teslova ulica 30 1000 | Ljubljana , Slovenia | Trade Vendor | various | 1,885,431 |
| ELKEM SILICONES USA CORP | TWO TOWER CENTER BLVD, SUITE 1802 | EAST BRUNSWICK, NJ, 8816 | Trade Vendor | 4/26/2023 | 17,712 |
| Equilibrium Solutions Pvt Ltd dba ESPL | 3rd Floor, Gopal House Building, Karve Rd, Karishma ( | Pune 4411038, India | Trade Vendor | various | 10,960 |
| Ernst & Young | 200 Plaza Drive | Secaucus, NJ, 7094 | Services | various | 43,678 |
| ETRADE Financial Corporate Services, Inc. | C/O Corp. Tax Dept., 671 N. Glebe Road | Arlington, VA, 22203 | Trade Vendor | various | 10,150 |
| eXcellence in IS Solutions, Inc dba X-ISS | 9800 Northwest Fwy, #205 | Houston, TX, 77092 | Trade Vendor | 4/6/2023 | 12,314 |
| F&K Delvotec Inc | 27182 Burbank | Foothill Ranch, CA, 92610 | Trade Vendor | various | 18,576 |
| Fastforming.com LLC | 300 Morning Star Dr | Rittman, OH, 44270 | Trade Vendor | 6/1/2023 | 11,264 |
| Federal Express Corporation | PO Box 371741 | Pittsburgh, PA, 15250 | Trade Vendor | various | 26,472 |
| Fedex Freight | PO Box 371741 | Pittsburg, PA, 15250 | Trade Vendor | various | 8,752 |
| Filec Production SAS - Amphenol | Rue De Disse | AirVault 79600, France | Trade Vendor | various | 98,236 |
| FOLEY & LARDNER LLP | 777 E. Wisconsin Ave | Milwaukee, WI, 53202 | Services | 6/23/2023 | 53,647 |
| Foxconn EV Property Development LLC | 2300 Hallock Young Rd | Warren, OH, 44481 | Trade Vendor | various | 16,000 |
| Foxconn EV System LLC | 2300 Hallock Young Rd | Warren, OH, 44481 | Trade Vendor | various | 318,955 |
| FTI Consulting, Inc. | 16701 Melford Blvd., Suite 200 | Bowie, MD, 20715 | Services | various | 108,801 |
| GAC R&D Center Silicon Valley, Inc | 639 N Pastoria Ave | Sunnyvale, CA, 94085 | Trade Vendor | various | 206,045 |
| Gamma Technologies LLC | 601 Oakmont Lane, Suite 220 | Westmont, IL, 60559 | Trade Vendor | 4/20/2023 | 67,246 |
| Greatech Intergration (M) SDN.BHD. | Plot 287, Lengkok Kampung Jawa 1, Bayan Lepas Free | 11900 Bayan Lepas, Pulau Pinang, Malaysia | Trade Vendor | various | 336,849 |
| GreenSpot, Inc dba Push22 | 30300 Telegraph Rd, Suite 410 | Bingham Farms, MI, 48025 | Trade Vendor | various | 156,900 |
| Harco Manufacturing Group, LLC | 3535 Kettering Blvd. | Moraine, OH, 45439 | Trade Vendor | various | 74,837 |
| Hargrove LLC | 1 Hargrove Drive | Lanham, MD, 20706 | Trade Vendor | various | 92,736 |
| Haynes and Boone, LLP | 2323 Victory Ave, Suite 700 | Dallas, TX, 75219 | Services | various | 24,506 |
| Hewlett Packard Financial Services Company | 200 Connell Dr, Suite 5000 | Berkley Heights, NJ, 7922 | Trade Vendor | various | 16,463 |
| Hightower, Edward | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,461 |
| HRB Industries Corp | 3485 Swenson Ave | Saint Charles, IL, 60174 | Trade Vendor | various | 18,137 |
| HubSpot Inc | PO Box 419842 | Boston, MA, 2241 | Trade Vendor | 4/20/2023 | 7,806 |
| Hydra | 20 Leonado | Rancho Santa Margarita, CA, 92688 | Trade Vendor | 5/10/2023 | 74,000 |
| IHS Global Inc | 15 Inverness Way East | Englewood, CO, 80112 | Trade Vendor | 4/13/2023 | 9,186 |
| Infosys Limited | 2400 N. GLENVILLE DRIVE, SUITE C150 | Richardson, TX, 75082 | Trade Vendor | various | 192,204 |

| Payee Name | Street Name (and Unit/Floor if applicable) | City, State, Zip (and Country if non-US) | Reason | Date | Total |
|---|---|---|---|---|---|
| Innovision Automation Ltd | 1414 Park Avenue East | Mansfield, OH, 44905 | Trade Vendor | various | 14,467 |
| InterRegs Ltd | 21-23 East Street | Fareham PO16 0BZ, United Kingdom | Trade Vendor | 4/26/2023 | 9,130 |
| Intrado Digital Media LLC | 11808 Miracle Hills Dr | Omaha, NE, 68154 | Trade Vendor | 5/25/2023 | 11,999 |
| ISimTec LLC | 50399 Alden Dr | Macomb, MI, 48044 | Trade Vendor | 5/10/2023 | 25,968 |
| J.D. POWER | 30870 Russell Ranch Rd, Suite 300 | Westlake Village, CA, 91362 | Trade Vendor | various | 82,500 |
| Jain, Yuvraj | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 7,689 |
| Jayakumar, Yakesh Kumar | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 9,362 |
| Jennison Corporation | 54 Arch Street Ext | Carnegie, PA, 15106 | Trade Vendor | 5/18/2023 | 7,671 |
| Jiangyin Haida Rubber and Plastic Co., Ltd. dba Haida | No.585 Yungu Road, Zhouzhuang Town | Jiangyin City 214424, China | Trade Vendor | various | 14,738 |
| JLC Industries, Inc dba Metro Bolt & Fastener Corporation | 19339 Glenmore | Redford, MI, 48240 | Trade Vendor | various | 45,880 |
| Jones, Mike | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 10,381 |
| Joseph L Burrow dba JoeyB QB LLC | 7961 Gloyd Dr | The Plains, OH, 45780 | Trade Vendor | 4/26/2023 | 375,000 |
| JVIS USA LLC | PO Box 530 | Mt Clemens, MI, 48046 | Trade Vendor | various | 541,896 |
| K2TR Family holdings 1, Corp dba Flex-n-gate forming tech llc | 1306 E. University Avenue | Urbana, IL, 61822 | Trade Vendor | various | 109,938 |
| Kamara, Alex | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 7,689 |
| KB Components Canada, Inc | 3786 North Talbot | Windsor NOR 1L0, Canada | Trade Vendor | 4/6/2023 | 9,479 |
| Kekst and Company, Incorporated | 437 Madison Avenue, 37th Floor | New York, NY, 10022 | Services | 6/26/2023 | 30,000 |
| Kevin J. Soltis dba Quality Sorting Service, LLC. | 6440 Tara Dr. | Youngstown, OH, 44514 | Trade Vendor | various | 64,506 |
| KPMG LLP | 3 Chestnut Ridge Road | Montvale, NJ, 7645 | Services | various | 232,500 |
| Kroll, Adam | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 13,297 |
| KSS Acquisition Company dba Joyson Safety Systems Acquisition LLC | 2500 Innovation Drive | Auburn Hills, MI, 48326 | Trade Vendor | 3/30/2023 | 59,089 |
| Kurtzman Carson Consultants, LLC | 222 N. Pacific Coast Highway, Suite 300 | El Segundo, CA, 90245 | Services | various | 55,000 |
| LaFontaine Global, LLC | 12450 Universal Dr | Taylor, MI, 48180 | Trade Vendor | 6/1/2023 | 56,328 |
| Lasky, LLC | 351 W Hubbard St, Ste 610 | Chicago, IL, 60654 | Trade Vendor | various | 107,856 |
| Laval Tool & Mould LTD. | 4965 8th Concession Road | Maidstone N0R 1K0, Canada | Trade Vendor | various | 112,283 |
| LER TechForce, LLC | 1888 Poshard Drive | Columbus, IN, 47203 | Trade Vendor | various | 15,024 |
| Linear Mold & Engineering, LLC | 12163 Globe Street | Livonia, MI, 48167 | Trade Vendor | 5/18/2023 | 20,900 |
| Linkedin Corporation | 1000 West Maude Ave | Sunnyvale, CA, 94085 | Trade Vendor | 5/4/2023 | 56,300 |
| Logicalis, Inc. | 2600 S Telegraph Road, Suite 200 | Bloomfield Hills, MI, 48302 | Trade Vendor | 3/30/2023 | 12,687 |
| Lord Corporation | 111 Lord Drive | Cary, NC, 27511 | Trade Vendor | 4/13/2023 | 22,051 |
| Luis Mayen dba Guarantee Details Cleaning dba G.D.C. | 714 S. Halladay Street | Santa Ana, CA, 92701 | Trade Vendor | various | 9,570 |
| Lumma Clean LLC | 48572 Carnegie Way | Macomb, MI, 48042 | Trade Vendor | 6/23/2023 | 11,375 |
| Mahle Behr USA Inc | 23030 Mahle Dr | Farmington Hills, MI, 48335 | Trade Vendor | 5/18/2023 | 15,348 |
| Mainfreight, Inc - Canada | 230 Export Blvd | Mississauga L7S1Y9, Canada | Trade Vendor | various | 13,100 |
| Mainfreight, Inc. | 1400 Glenn Curtiss St | Carson, CA, 90746 | Trade Vendor | various | 553,031 |
| Mara McElroy | 22212 Newbridge Drive | Lake Forest, CA, 92630 | Trade Vendor | various | 21,353 |
| Marelli North America Inc dba CalsonicKansel North America Inc | 1 Calsonic Way | Shelbyville, TN, 37160 | Trade Vendor | various | 135,750 |
| Marks Reliable Towing LLC dba MRT | PO Box 7122 | Sterling Heights, MI, 48311 | Trade Vendor | various | 47,306 |
| Maves, Cynthia | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | 5/26/2023 | 9,195 |
| Meta Systems SpA | VIA GALIMBERTI 5 | Reggio Emilia 42124, Italy | Trade Vendor | 5/10/2023 | 107,324 |
| Meteor Sealing Systems, LLC | 400 S. Tuscarawas Ave. | Dover, OH, 44622 | Trade Vendor | various | 746,572 |
| MGA Research Corporation | 12790 Main Road | Akron, NY, 14001 | Trade Vendor | various | 51,035 |
| Mida Wet, Inc | 6101 Obispo Avenue | Long Beach, CA, 90805 | Trade Vendor | various | 18,787 |
| Nelson Mullins Riley & Scarborough LLP | 1320 Main St 17th FL | Columbia, SC, 29201 | Trade Vendor | various | 46,491 |
| Ninivaggi, Daniel | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | 5/12/2023 | 201 |
| Ohio Bureau of Workers Compensation | PO Box 89492 | Cleveland, OH, 44101 | Trade Vendor | 6/1/2023 | 25,927 |

| Payee Name | Street Name (and Unit/Floor if applicable) | City, State, Zip (and Country if non-US) | Reason | Date | Total |
|---|---|---|---|---|---|
| OpenText Inc. | 2950 S Delaware Street, Bay Meadows Station 3 Building | San Mateo, CA, 94403 | Trade Vendor | various | 54,186 |
| Oracle America, Inc. | 500 Oracle Parkway | Redwood Shores, CA, 94065 | Trade Vendor | 4/13/2023 | 16,653 |
| Pektron EV Limited | Alfreton Road | Derby DE21 4AP, United Kingdom | Trade Vendor | 5/18/2023 | 18,250 |
| PHA America Inc. dba PyeongHwa Automotive USA LLC | 765 Standard Parkway | Auburn Hills, MI, 48326 | Trade Vendor | various | 33,428 |
| Phillips ADR Enterprises PC | 2101 East Coast Highway, Suite 250 | Corona Del Mar, CA, 92625 | Trade Vendor | various | 55,063 |
| Pierburg GmbH | Alfred Pierburg Str. 1 | Neuss 41460, Germany | Trade Vendor | various | 15,146 |
| Potter Anderson & Corron LLP | 1313 North Market Street, P.O. Box 951 | Wilmington, DE, 19899 | Trade Vendor | 6/23/2023 | 39,664 |
| Price, Jeffery | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,369 |
| Principal Life Insurance Company | PO Box 77202 | Minneapolis, MN, 55480 | Trade Vendor | various | 55,167 |
| Quality MetalCraft Inc. | 28101 Schoolcraft Road | Livonia, MI, 48150 | Trade Vendor | various | 229,778 |
| Racar Engineering, LLC | 555 Metro PL N Ste #500 | Dublin, OH, 43017 | Trade Vendor | various | 72,500 |
| Red Dawn Intermediate I, Inc  DBA Service Express, LLC | 3854 Broadmoor Ave SE | Grand Rapids, MI, 49512 | Trade Vendor | 4/20/2023 | 11,904 |
| Reliable Carriers, Inc. | 41555 Koppernick Rd | Canton, MI, 48187 | Trade Vendor | various | 113,715 |
| Reyntjes, Andrew | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 9,041 |
| Richards, Layton & Finger P.A. | 920 N King Street | Wilmington, DE, 19801 | Services | various | 252,640 |
| Rios Luevano, Jose | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,055 |
| Robar Public Relations | 1600 E. Grand Blvd., Unit #300 | Detroit, MI, 48211 | Trade Vendor | various | 20,986 |
| ROBERT BOSCH, LLC | 38000 Hills Tech Dr | Farmington Hills, MI, 48331 | Trade Vendor | various | 13,370 |
| Robert Half International Inc | 2613 Camino Road | Sam Ramon, CA, 94583 | Trade Vendor | various | 14,033 |
| Rodricks, Milton | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,436 |
| Roush Industries, Inc. | 34300 West Nine Mile Road | Farmington, MI, 48335 | Trade Vendor | various | 258,901 |
| RPM Powder Coating LLC | 4704 Trabue Road | Columbus, OH, 43228 | Trade Vendor | various | 41,400 |
| RSM US LLP | 331 West 3rd Street, Suite 200 | Davenport, IA, 52801 | Services | various | 67,146 |
| RTL Systems, LLC | 30 N Gould St., STE R | Sheridan, WY, 82801 | Trade Vendor | various | 80,158 |
| Rusnak, Mark | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,241 |
| SA Automotive LTD | 1307 Highview Dr | Webberville, MI, 48892 | Trade Vendor | various | 88,642 |
| SAE International | 400 Commonwealth Dr | Warrendale, PA, 15096 | Trade Vendor | 5/10/2023 | 28,392 |
| Schwab Industries, Inc. | 50850 Rizzo Drive | Shelby Township, MI, 48315 | Trade Vendor | various | 52,083 |
| Sharp Dimension Inc | 4240 Business Center Dr | Fremont, CA, 94538 | Trade Vendor | various | 315,275 |
| Sherpa Commercial Vehicles, LLC | 5544 W 2400 S, Suite 200 | West Valley City, UT, 84120 | Trade Vendor | various | 15,668 |
| Shetty, Akshatha | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 8,975 |
| Siemens Industry Software Inc | 5800 Granite Parkway, #600 | Plano, TX, 75024 | Trade Vendor | various | 23,160 |
| Signsource, Inc. | 204 W. Carleton Ave., Unit A | Orange, CA, 92867 | Trade Vendor | various | 13,251 |
| Silverman Consulting, Inc | 1 N Wacker Drive, Suite 3925 | Chicago, IL, 60606 | Services | various | 274,204 |
| Simpson Thacher & Bartlett LLP | 425 Lexington Avenue | New York, NY, 10017 | Trade Vendor | 5/25/2023 | 44,593 |
| SKYNET INNOVATIONS | 350 E Main Street, Suie 200 | Batavia, OH, 45103 | Trade Vendor | various | 165,651 |
| Somit Solutions, Inc. | 41000 Woodward Ave, East Bldg - Suite 350 | Bloomfield Hills, MI, 48304 | Trade Vendor | 4/26/2023 | 10,800 |
| Southern California Edison | PO Box 600 | Rosemead, CA, 91771 | Trade Vendor | various | 19,635 |
| St. Clair Technologies Inc. | 827 Dufferin Ave | Wallaceburg N8A 2V5, Canada | Trade Vendor | various | 65,675 |
| Stamos, Euthie | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 14,289 |
| Sullivan & Cromwell LLP | 125 Broad Street | New York, NY, 10004 | Services | various | 564,976 |
| SUN STRONG PRECISION METAL INTERNATIONAL LTD | 8 Castle Peak Rord, Cheung Sha Wan, Kowloon, Hong | Shenzhen 518114, China | Trade Vendor | various | 30,241 |
| Superior Cam Inc | 31240 Stephenson Hwy | Madison Heights, MI, 48071 | Trade Vendor | various | 257,596 |
| Suprajit Brownsville, LLC | 1931 Anei Circle, Suite A | Brownsville, TX, 78521 | Trade Vendor | various | 7,920 |
| Sybridge Technologies Canada, Inc | 5000 Regal Drive | Oldcastle NOR 1L0, Canada | Trade Vendor | various | 63,026 |
| Syngin Technology, LLC - Wallenius Wilhelmsen | 100 South Ashley Dr, Suite 600 | Tampa, FL, 33602 | Trade Vendor | various | 46,145 |

| Payee Name | Street Name (and Unit/Floor if applicable) | City, State, Zip (and Country if non-US) | Reason | Date | Total |
|---|---|---|---|---|---|
| Tata Consulting Services Limited | Nirmal Building, 9th Floor | Nariman Point 400021, India | Trade Vendor | various | 302,720 |
| Technology Solutions Anywhere LLC dba Readysoft | 5966 Lovewood Ct | Canton, MI, 48187 | Trade Vendor | various | 146,925 |
| Technosports Inc | 34075 Autry Street | Livonia, MI, 48150 | Trade Vendor | various | 16,002 |
| Teijin Automotive Technologies, Inc | 255 Rex Blvd | Auburn Hills, MI, 48326 | Trade Vendor | various | 795,286 |
| Teoresi, Inc. | 3001 West Big Beaver Road, Suite 306 | Troy, MI, 48984 | Trade Vendor | various | 205,750 |
| Teraflex, Inc. | 5680 W Dannon Way | West Jordan, UT, 84081 | Trade Vendor | various | 69,600 |
| Tesca USA | 2638 Bond Street | Rochester Hills, MI, 48309 | Trade Vendor | various | 514,619 |
| Therm-O-Disc, Inc | 1320 South Main Street | Mansfield, OH, 44907 | Trade Vendor | 4/13/2023 | 27,092 |
| Three-Dimensional Services dba 3 Dimensional Services Group | 2547 Product Dr | Rochester Hills, MI, 48309 | Trade Vendor | various | 421,435 |
| Toppan Merrill USA Inc dba Toppan Merrill LLC | 1501 Energy Park Dr | St Paul, MN, 55108 | Trade Vendor | various | 69,364 |
| Transportation Research Center, Inc. dba TRC, Inc. | 10820 State Route 347, P.O. Box B-67 | East Liberty, OH, 43319 | Trade Vendor | various | 31,187 |
| Triple Crown Consulting, LLC | 10814 Jollyville Road, Suite 100 | Austin, TX, 78759 | Trade Vendor | various | 59,392 |
| Vahratian, Adam | 27000 Hills Tech Court | Farmington Hills, MI, 48331 | Other | various | 20,516 |
| VIA Optronics LLC | 6220 Hazeltine National Dr., Suite 120 | Orlando, FL, 32822 | Trade Vendor | 4/26/2023 | 60,815 |
| Westlake Epoxy, Inc | 2801 Post Oak Blvd, Suite 600 | Houston, TX, 77056 | Trade Vendor | 4/26/2023 | 102,427 |
| White & Case, LLP | 1221 Avenue of the Americas | New York, NY, 10020 | Services | various | 4,274,237 |
| Yokohama Industries Americas, Inc | 105 Industry Drive | Versailles, KY, 40383 | Trade Vendor | 4/13/2023 | 138,430 |
| Zetwerk Manufacturing USA, Inc | 3707 E Southern Ave | Mesa, AZ, 85206 | Trade Vendor | 4/26/2023 | 24,056 |
| ZF PASSIVE SAFETY SYSTEMS US INC. | 4505 W. 26 Mile Rd | Washington, MI, 48094 | Trade Vendor | various | 711,034 |
| **Total** | | | | | **32,474,516** |

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

| Name, Address, and Relationship to Debtor | Reason for payment | Date | | Amount |
|---|---|---|---|---|
| **Dan Ninivaggi**<br>*Executive Chairman*<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Expense Reimbursements | Various | $ | 12,649 |
| **Edward T. Hightower**<br>*Chief Executive Officer, President & Director*<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Expense Reimbursements | Various | $ | 34,459 |
| **Adam Kroll**<br>*Executive Vice President, Chief Financial Officer & Treasurer*<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Expense Reimbursements | Various | $ | 22,401 |
| **Melissa Leonard**<br>*Executive Vice President, General Counsel & Secretary*<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Expense Reimbursements | Various | $ | 7,786 |
| **Donna Bell**<br>*Executive Vice President, Product Creation, Engineering, and Supply Chain*<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Expense Reimbursements | Various | $ | 13,579 |
| **Total** | | | | **90,874** |

**Debtor: Lordstown EV Corporation
Case no.: 23-10832**

| Case Title and Number | Nature of Case | Court or Agency's Name and Address | Status of Case |
|---|---|---|---|
| Rico v. Lordstown Motors Corp., et al. (21-cv-616) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |
| Palumbo v. Lordstown Motors Corp., et al. (21-cv-633) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |
| Zuod v. Lordstown Motors Corp., et al. (21-cv-720) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |
| Brury, et al. v. Lordstown Motors Corp., et al. (21-cv-760) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |
| Romano et al. v. Lordstown Motors Corp., et al. (21-cv-994) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |
| FNY Managed Accounts LLC, et al. v. Lordstown Motors Corp. et al. (21-cv-1021) | Punitive Class Action lawsuit filed against Lordstown and certain current and former officers and directors related to the Karma case. | U.S. District Court for the Northern District of Ohio 801 West Superior Ave. Cleveland, OH 44113 | Pending |

| Case Title and Number | Nature of Case | Court or Agency's Name and Address | Status of Case |
|---|---|---|---|
| SEC Matter | Lordstown received two subpoenas from the SEC for the production of documents and information | SEC<br>100 F Street, NE<br>Washington, DC 20549 | Pending |
| N/A | On March 24, 2022 and May 22, 2022, the Company received a letter addressed to its Board from the law firm of Purcell & Lefkowitz LLP on behalf of three purported stockholders. The stockholder letter alleged that we would be required by Rules 14a-4(a)(3) and (b)(1) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") to present two separate proposals at the annual meeting of stockholders to be held on May 19, 2022 relating to the proposed amendment of our Certificate of Incorporation (the "Charter") to increase the number of authorized shares, such that separate votes could be cast on a proposed increase in the number of shares of Class A common stock and a proposed increase in the number of shares of preferred stock. | SEC<br>100 F Street, NE<br>Washington, DC 20549 | Concluded |

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

| Name, Address and Website | Date | Amount |
|---|---|---|
| **White & Case, LLP**<br>111 South Wacker Drive Suite 5100<br>Chicago, IL 60606<br>www.whitecase.com | Various | $   4,274,237 |
| **Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL 60601<br>www.winston.com | Various | $     329,895 |
| **Silverman Consulting**<br>One North Wacker Drive Suite 3925<br>Chicago, IL 60606<br>www.silvermanconsulting.net | Various | $     274,204 |
| **Richards, Layton & Finger P.A.**<br>920 North King Street<br>Wilmington, DE 19801<br>www.rlf.com | 06/26/2023 | $     205,214 |
| **Kurtzman Carson Consultants LLC**<br>222 North Pacific Coast Highway Suite 300<br>El Segundo, CA 90245<br>www.kccllc.com | Various | $       55,000 |
| **Kekst and Company, Incorporated**<br>437 Madison Avenue 37th Floor<br>New York, NY 10022<br>www.kekstcnc.com | 06/26/2023 | $       30,000 |
| **Total** | | $   5,168,550 |

Note: The note below, *Sale of Lordstown Plant,* was disclosed in the most recent publicly available Form 10-K filing and is included in as an appendix for the purpose of answering part 6, question no. 13.

*Sale of Lordstown Plant*

On May 11, 2022, Lordstown EV Corporation, a Delaware corporation and wholly-owned subsidiary of theCompany ("Lordstown EV"), closed the transactions contemplated by the asset purchase agreement with Foxconn EV Technology, Inc., an Ohio corporation, and an affiliate of Hon Hai Technology Group ("HHTG"; either HTTG or applicable affiliates of HTTG are referred to herein as "Foxconn"), dated November 10, 2021(the "Asset Purchase Agreement" or "APA" and the closing of the transactions contemplated thereby, the "APA Closing").

Pursuant to the APA, Foxconn purchased Lordstown EV's manufacturing facility located in Lordstown, Ohio Lordstown EV continues to own our hub motor assembly line, as well as our battery module and pack line assets, certain tooling, intellectual property rights and other excluded assets, and it outsources all of the manufacturing of the Endurance to Foxconn under the Contract Manufacturing Agreement. Lordstown EV also entered into a lease pursuant to which Lordstown EV leases space located at the Lordstown, Ohio facility from Foxconn for its Ohio-based employees.

The $257 million in proceeds from the sale of the Lordstown facility consisted of the $230 million initial purchase price for the assets, plus $8.9 million for expansion investments and an $18.4 million reimbursement for certain operating expenses from September 1, 2021 through the APA Closing. In connection with the APA Closing, the Company issued warrants to Foxconn that are exercisable until the third anniversary of the APA Closing for 1.7 million shares of Class A common stock at an exercise price of $10.50 per share (the "Foxconn Warrants"). In October 2021, prior to entering into the APA, Foxconn purchased 7.2 million shares of the Company's Class A common stock for approximately $50.0 million

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

| Facility Name and Address | Name and Address of Personnel w/ Access | Description of the Contents | Does the Debtor Still Have it? |
|---|---|---|---|
| **Duggan Manufacturing, L.L.C.**<br>50150 Ryan Road<br>Shelby Township, MI 48317 | Jared Thompson<br>50150 Ryan Road<br>Shelby Township, MI 48317 | Tooling | Yes |
| **Technical Molding Management Systems, Inc.**<br>5380 Brendan Lane<br>Oldcastle, ON N0R 1L0, Canada | Keith Beneteau<br>5380 Brendan Lane<br>Oldcastle, ON N0R 1L0, Canada | Tooling | Yes |
| **Altron Automation Group, Inc.**<br>3523 Highland Drive<br>Hudsonville, MI 49426 | Ron McNees<br>3523 Highland Drive<br>Hudsonville, MI 49426 | Tooling | Yes |
| **Paragon Die & Engineering Company**<br>5225 33rd Street<br>Grand Rapids, MI 49512 | Gerard McNees<br>5225 33rd Street<br>Grand Rapids, MI 49512 | Tooling | Yes |
| **COX Auto Inc.**<br>4969 Muhlhauser Road<br>Hamilton, OH 45011 | Jesus Augusto<br>4969 Muhlhauser Road<br>Hamilton, OH 45011 | One Endurance vehicle | Yes |

**Regarding part 12, question no. 22 for Lordstown EV Corporation (23-10832):**

What Lordstown EV Corporation ("LEVC") did was submit permit applications.  LEVC did enter into an order to secure the liability protection from the State (see pages 2-9 of Appendix H). That is the only "formal" administrative process that LEVC engaged in, and it is styled as an "order/agreement." LEVC entered into this agreement to give it "comfort" that the Ohio EPA agreed with USEPA's finding that no further investigation/remediation work was required at the Lordstown site provided that LEVC complied with the terms of the Environmental Covenant.

*Note: On October 23, 2020, Lordstown Motors Corp. changed its name to Lordstown EV Corporation.*

**BEFORE THE**
**OHIO ENVIRONMENTAL PROTECTION AGENCY**

4/27/2020

ENTERED DIRECTOR'S JOURNAL

In the Matter of:

Lordstown Motors Corp. (LMC)          :
2300 Hallock-Young Road               :        **Director's Final**
Lordstown, Trumbull County, Ohio      :        **Findings, Orders, and Agreement**
44481                                 :
                                      :
                                      :

**PREAMBLE**

It is agreed by the parties hereto as follows:

**I.      JURISDICTION**

These Director's Final Findings, Orders, and Agreement (Orders) are issued to Lordstown Motor Corp. (LMC) pursuant to the authority vested in the Director of the Ohio Environmental Protection Agency (Ohio EPA) under Ohio Revised Code (ORC) Chapters 3734, 3745.01, and 6111.

**II.      PARTIES BOUND**

These Orders shall apply to and be binding upon Ohio EPA and LMC under Ohio law.  No change in ownership of LMC shall in any way alter LMC's obligations under these Orders except as expressly specified herein.

**III.      DEFINITIONS**

Unless otherwise stated, all terms used in these Orders shall have the same meaning as defined in ORC Chapter 3734. and the rules promulgated thereunder.  Whenever the terms listed below are used in these Orders, the following definitions shall apply:

a.      "Day" shall mean a calendar day unless expressly stated to be a business day.

b.      "Site" shall mean the property described in Annex 1 to the instrument recorded in the Trumbull County Recorder on December 5, 2019 as Instrument 201912050022764.

c.      "Ohio EPA" shall mean the Ohio Environmental Protection Agency and its designated representatives.

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 2 of 8

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

    d.      "Parties" shall mean LMC and Ohio EPA.

    e.      "Environmental Covenant" shall mean the Environmental Covenant attached hereto as Attachment A, and recorded in the office of the Trumbull County Recorder on October 17, 2018 as Instrument 201810170020456.

    f.      "Release" shall mean any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing of hazardous wastes or hazardous constituents into the environment.

    g.      "Restricted Area" shall mean the portion of the Site that is subject to activity and use limitations and access rights, as specifically identified in Exhibit A to Attachment A hereto.

    h.      "Work" shall mean any activities LMC is required to perform to comply with the requirements of these Orders and its Attachment(s) as described below, including any activities undertaken to implement or maintain the site remedy identified in the Environmental Covenant.

## IV.    FINDINGS

        All of the findings necessary for the issuance of these Orders pursuant to ORC §§ 3734.13 and 3745.01 have been made and are outlined below. Nothing in the findings shall be considered to be an admission by LMC of any matter of law or fact. The Director of Ohio EPA has determined the following findings:

1.      The Site is subject to the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6928(h).

2.      Prior to 2019, the Site was owned by General Motors, LLC, which operated a vehicle manufacturing plant on a portion of the Site.

3.      On November 7, 2019, General Motors, LLC conveyed its real property interest in the Site to LMC subject to the satisfaction of various pre-closing conditions.

4.      On February 15, 2020, these pre-closing conditions were satisfied and General Motors, LLC conveyed its real property interest and operational control over the Site to LMC.

5.      As part of the acquisition agreement between General Motors, LLC and LMC, LMC agreed to indemnify General Motors, LLC for all pre-closing environmental conditions at the Lordstown Complex. Because of this agreement, Ohio EPA considers General Motors, LLC to be LMC's predecessor for purposes of Section XIII Waiver of these Orders.

6.      LMC is a Delaware corporation. LMC received a certificate from the Ohio Secretary of State to do business in Ohio on June 12, 2019.

Director's Final Findings and Orders
Lordstown Motors Corp.                                     **Debtor: Lordstown EV Corporation**
Page 3 of 8                                                            **Case no.: 23-10832**

7.    LMC is a "person" as defined in ORC §§ 3734.01(G) and 6111.01(I), and Ohio
      Administrative Code (OAC) rule 3745-50-10(A).

8.    On June 26, 2000, General Motors Corporation entered into an Administrative Order on
      Consent (AOC) with the United States Environmental Protection Agency (U.S. EPA) to
      investigate and remediate sources of potential contamination located at the Site.

9.    Pursuant to the AOC, General Motors Corporation completed a Current Conditions Report
      (CCR) to describe historical and current site conditions; conducted a RCRA Facility
      Investigation (RFI) to characterize the nature, extent and migration rate of constituents of
      potential concern (COPCs), including metals and volatile organic compounds (VOCs)
      from areas of interest (AOIs) identified at the Site; prepared a Corrective Measures
      Proposal (CMP) to address COPCs as necessary to mitigate potential risks to human health
      and the environment; and agreed to implement the final corrective measures selected by
      U.S. EPA.

10.   As part of a § 363 sale under Chapter 11 of the United States bankruptcy code, a new
      company (General Motors Company) was formed by selling a substantial portion of
      General Motor Corporation's assets to General Motors Company (now changed in name
      to General Motors, LLC) on July 10, 2009. General Motors, LLC owned 743.8499 acres
      of the Site, and the old General Motors Corporation, re-named Motors Liquidation
      Company (MLC), continued to own 173.4 77 acres of adjoining property.

11.   Effective March 31, 2011, the Revitalizing Auto Communities Environmental Response
      Trust ("RACER Trust") received properties from MLC, including the 173.477-acre
      Lordstown parcel. General Motors LLC obtained a new EPA ID (OHR 00 157 156) for its
      743.8499- acre portion of the Site.

12.   Under the AOC, General Motors Corporation conducted a Human Health Risk Assessment
      (HHRA) and an Ecological Risk Assessment (ERA), as detailed in the Final RFI Report
      dated April 15, 2005, to evaluate the risks posed by COPCs detected in soil, overburden
      groundwater, bedrock groundwater, sediment and/or surface water at the Site. The HHRA
      and ERA were conducted based on assumptions that the future land use of the Restricted
      Area will be consistent with the present land use, *i.e.*, commercial and/or industrial
      activities. The HHRA examined the potential risks posed to facility workers, on and off-
      site excavation/construction workers, maintenance workers, trespassers, and off-site
      residents. The ERA examined the potential risks to on- and off-Site ecological receptors.

13.   The HHRA indicated that there was a potential for unacceptable risks to human receptors
      from the COPCs in the fill soils used throughout the Restricted Area, the soil located
      beneath the concrete pavement at the Hazardous Waste Drum Unload Area (AOI-13), and
      the potable groundwater in portions of the Restricted Area. Consequently, the Corrective
      Measures Proposal (CMP) dated November 18, 2005, proposed land use controls to restrict
      land use in the Restricted Area to commercial/industrial uses; to require dust control
      measures for the Restricted Area if future activities have the potential to generate
      particulate emissions; to implement a monitoring and maintenance program for the

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 4 of 8

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

concrete pavement in the Hazardous Waste Drum Unload Area, in order to prevent direct exposure to soil in that area while it continued in its present use, and a plan for future excavation in the area, if that use condition changed; and to impose potable groundwater use restrictions for the Restricted Area.

14. On May 3, 2007, after providing an opportunity for public comment, U.S. EPA issued the Final Decision and Response to Comments for selection of the Corrective Measures (Final Decision) at the Site. U.S. EPA's Final Decision, consistent with the CMP, ordered implementation of institutional controls in the form of a restrictive covenant to restrict use of the developed portion of the Site to commercial and industrial uses, to require dust control measures during certain construction activities in the Restricted Area, to limit exposures to contamination at AOI-13, and to prohibit potable use of groundwater in the Restricted Area as part of the selected Corrective Measures.

15. On August 15, 2007, General Motors Corporation submitted to U.S. EPA a Final Remedy Construction Completion Report (Completion Report), which included plans for implementing and monitoring the remedy.

16. U.S. EPA approved the Completion Report on March 13, 2008 and determined that corrective action at the Site is complete as long as enforceable mechanisms are in place to ensure that the controls identified in the Final Decision are maintained and remain in place and the plans for conducting and monitoring the corrective measures are implemented. These controls include implementing and maintaining institutional controls to restrict land use and groundwater potable use in the Restricted Area.

17. On August 31, 2017, General Motors, LLC submitted the Amendment to Final Remedy Construction Completion Report, Hazardous Waste Drum Unload Area (AOI-13), to U.S. EPA documenting the completion of corrective measures in that area.

18. U.S. EPA approved the AOI-13 Completion Report on September 20, 2017 and determined that corrective action at the Site is complete as long as enforceable mechanisms are in place to ensure that the controls identified in the Final Decision are maintained and remain in place.

19. To ensure that corrective action remains complete at the Site, General Motors, LLC entered into an environmental covenant (the "Environmental Covenant"), which was executed with the U.S. EPA on September 14, 2018, and the Ohio EPA on September 24, 2018. The Environmental Covenant is attached hereto as Attachment A, and covers only the Restricted Area.

20. General Motors LLC has successfully implemented the remaining corrective measures at the Site, including: establishing a Dust Control Plan for implementation in the Restricted Area, providing financial assurance, and recording and adhering to the Environmental Covenant.

Case 23-10831-MFW    Doc 215    Filed 08/01/23    Page 51 of 57
Appendix H, page 6 of 9
Part 12, question no. 22

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 5 of 8

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

## V.    ORDERS

LMC shall maintain compliance with Chapter 3734 of the ORC and the regulations promulgated thereunder by complying with the terms and conditions the Environmental Covenant, including but not limited to: limiting activities at the Site, filing of the required notices of conveyance, establishment of financial assurance and submittal of annual compliance reports.

## VI.    TERMINATION

LMC shall notify Ohio EPA within thirty (30) days after any conveyance of any interest of LMC in any portion of the Site. The notice shall include the name, address, and telephone number of the party to whom LMC's interest was transferred (the "Transferee"), a copy of the deed or other documentation evidencing the conveyance, a legal description of the property being transferred, a survey map of the property being transferred, the closing date of the transfer of ownership of the property, and a written and signed acknowledgement by the Transferee that it is bound by the Environmental Covenant.

Upon satisfaction of the terms of this section, LMC's obligations under these Orders with respect to the transferred portion of the Site shall be terminated. Notwithstanding any other provision herein, termination of any aspect of these Orders with respect to LMC shall not affect the terms and conditions of Section XIII, Waiver and Agreement, with respect to LMC.

## VII.    OTHER CLAIMS

Nothing in these Orders shall constitute or be construed as a release from any claim, cause of action or demand in law or equity against any person, firm, partnership or corporation, not a party to these Orders, for any liability arising from, or related to, the operation of LMC or of the Site, except as expressly set forth herein.

## VIII.    OTHER APPLICABLE LAWS

All actions required to be taken pursuant to these Orders shall be undertaken in accordance with the requirements of all applicable local, state and federal laws and regulations. These Orders do not waive or compromise the applicability and enforcement of any other statutes or regulations applicable to LMC except as expressly set forth herein.

## IX.    MODIFICATIONS

These Orders may be modified by mutual agreement of the Parties. Modifications shall be in writing and shall be effective on the date entered in the journal of the Director of Ohio EPA.

## X.    NOTICE

All documents required to be submitted by LMC to Ohio EPA pursuant to these Orders shall be addressed to:

For mailings, use the post office box number:

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 6 of 8

Laurie A. Stevenson, Director
Ohio Environmental Protection Agency
Lazarus Government Center
Division of Hazardous Waste Management
P.O. Box 1049
Columbus, Ohio 43216-1049
Attn: Manager, Compliance Assurance Section

For deliveries to the building:

Laurie A. Stevenson, Director
Ohio Environmental Protection Agency
Lazarus Government Center
Division of Hazardous Waste Management
50 West Town Street
Columbus, Ohio 43215
Attn: Manager, Compliance Assurance Section

or to such persons and addresses as may hereafter be otherwise specified in writing by Ohio EPA.

Any report or other document submitted by LMC pursuant to these Orders, which makes any representation concerning LMC's compliance or noncompliance with any requirement of these Orders, shall be signed and certified by a responsible official of LMC in accordance with OAC rule 3745-50-58(K). For purposes of these Orders, a responsible official is a corporate officer who is in charge of a principal business function of LMC, or a duly authorized representative.

## XI.    <u>RESERVATION OF RIGHTS</u>

Ohio EPA and LMC each reserve all rights, privileges and causes of action, except as specifically waived in these Orders.

## XII.    <u>EFFECTIVE DATE</u>

The effective date of these Orders shall be the date on which the Orders are signed by the Parties.

## XIII.    <u>WAIVER</u>

In order to resolve disputed claims, without admission of fact, violation or liability, and in lieu of further enforcement action by Ohio EPA for only the matters specifically referenced in these Orders, LMC consents to the issuance of these Orders and agrees to comply with these Orders. Compliance with these Orders shall be a full accord and satisfaction for LMC and LMC's predecessor's liability for all matters related to the site-wide RCRA Corrective Action referenced herein, including but not limited to compliance with the Environmental Covenant issued as the final remedy of the site-wide RCRA Corrective Action completed by LMC's predecessor under US EPA's oversight and authority.

Case 23-10831-MFW   Doc 215   Filed 08/01/23   Page 53 of 57
Appendix H, page 8 of 9
Part 12, question no. 22

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 7 of 8

**Debtor: Lordstown EV Corporation**
**Case no.: 23-10832**

LMC hereby waives the right to appeal the issuance, terms and conditions, and service of these Orders, and LMC hereby waives any and all rights LMC may have to seek administrative or judicial review of these Orders either in law or equity.

Notwithstanding the preceding, Ohio EPA and LMC agree that if these Orders are appealed by any other party to the Environmental Review Appeals Commission, or any court, LMC retains the right to intervene and participate in such appeal. In such an event, LMC shall continue to comply with these Orders notwithstanding such appeal and intervention unless these Orders are stayed, vacated or modified.

## XIV.   SIGNATORY AUTHORITY

Each undersigned representative of a party to these Orders certifies that he or she is fully authorized to enter into these Orders and to legally bind such party to these Orders.

**IT IS SO ORDERED AND AGREED:**

**Ohio Environmental Protection Agency**

_Laurie A. Stevenson_                                     4/27/2020

Laurie A. Stevenson                          Date
Director

Director's Final Findings and Orders
Lordstown Motors Corp.
Page 8 of 8

<strong>Debtor: Lordstown EV Corporation</strong><br><strong>Case no.: 23-10832</strong>

**IT IS SO AGREED:**

**Lordstown Motors Corp.**

_____     _____
Signature                                                       Date    4/21/20

Stephen S. Burns
_____
Printed or Typed Name

CEO
_____
Title

Appendix I, page 1 of 2
Part 13, question no. 28

Debtor: Lordstown EV Corporation
Case no.: 23-10832

| Name & Address | Position and Nature of any Interest | % of Interest, if any |
| --- | --- | --- |
| **Daniel Ninivaggi** 27000 Hills Tech Court Farmington Hills, MI 48331 | Executive Chairman | N/A |
| **Edward Hightower** 27000 Hills Tech Court Farmington Hills, MI 48331 | Chief Executive Officer, President & Director | N/A |
| **Adam Kroll** 27000 Hills Tech Court Farmington Hills, MI 48331 | Executive Vice President, Chief Financial Officer & Treasurer | N/A |
| **Melissa Leonard** 27000 Hills Tech Court Farmington Hills, MI 48331 | Executive Vice President, General Counsel & Secretary | N/A |
| **Donna Bell** 27000 Hills Tech Court Farmington Hills, MI 48331 | Executive Vice President, Product Creation, Engineering, and Supply Chain | N/A |
| **Angela Strand** 27000 Hills Tech Court Farmington Hills, MI 48331 | Non-Employee Director | N/A |
| **David T. Hamamoto** 27000 Hills Tech Court Farmington Hills, MI 48331 | Non-Employee Director | N/A |
| **Keith Feldman** 27000 Hills Tech Court Farmington Hills, MI 48331 | Non-Employee Director | N/A |
| **Jane Reiss** 27000 Hills Tech Court Farmington Hills, MI 48331 | Non-Employee Director | N/A |

| Name & Address | Position and Nature of any Interest | % of Interest, if any |
|---|---|---|
| **Dale Spencer**<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Non-Employee Director | N/A |
| **Joseph B. Anderson Jr.**<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Non-Employee Director | N/A |
| **Laura Soave**<br>27000 Hills Tech Court<br>Farmington Hills, MI 48331 | Non-Employee Director | N/A |

| Name, Address, and Relationship to Debtor | Reason for payment | Date | | Amount |
|---|---|---|---|---|
| **Dan A. Ninivaggi** | RSU Vesting | Various | $ | 480,666 |
| *Executive Chairman* | Salary | Various | $ | 477,692 |
| 27000 Hills Tech Court | Bonus | Various | $ | 474,304 |
| Farmington Hills, MI 48331 | 401(k) True-up | Various | $ | 21,608 |
| | ER 401(k) | Various | $ | 3,462 |
| | Phone | Various | $ | 550 |
| | | | | |
| **Edward T. Hightower** | Salary | Various | $ | 671,154 |
| *Chief Executive Officer, President & Director* | Bonus | Various | $ | 552,946 |
| 27000 Hills Tech Court | RSU Vesting | Various | $ | 271,666 |
| Farmington Hills, MI 48331 | Retro | Various | $ | 769 |
| | Phone | Various | $ | 550 |
| | | | | |
| **Adam B. Kroll** | Salary | Various | $ | 450,000 |
| *Executive Vice President, Chief Financial Officer & Treasurer* | Bonus | Various | $ | 293,400 |
| 27000 Hills Tech Court | RSU Vesting | Various | $ | 149,166 |
| Farmington Hills, MI 48331 | ER 401(k) | Various | $ | 13,621 |
| | 401(k) True-up | Various | $ | 7,613 |
| | Phone | Various | $ | 550 |
| | | | | |
| **Melissa A. Leonard** | Salary | Various | $ | 450,000 |
| *Executive Vice President, General Counsel & Secretary* | Bonus | Various | $ | 293,400 |
| 27000 Hills Tech Court | RSU Vesting | Various | $ | 95,000 |
| Farmington Hills, MI 48331 | 401(k) True-up | Various | $ | 12,200 |
| | ER 401(k) | Various | $ | 5,262 |
| | Phone | Various | $ | 480 |
| | | | | |
| **Donna L. Bell** | Salary | Various | $ | 424,038 |
| *Executive Vice President, Product Creation, Engineering, and Supply Chain* | Bonus | Various | $ | 129,773 |
| 27000 Hills Tech Court | Phone | Various | $ | 350 |
| Farmington Hills, MI 48331 | ER 401(k) | Various | $ | 9,738 |
| | | | | |
| **Total** | | | $ | **5,289,957** |