## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | |
| | (Jointly Administered) |
| Debtors. | |
| | **Objection Deadline: August 18, 2023 at 4:00 p.m. (prevailing Eastern time)** |
| | |
| | **Hearing Date: August 30, 2023 at 2:00 p.m. (prevailing Eastern time)** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM, MANNER, AND PROCEDURES OF NOTICE THEREOF, AND (C) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**" or "**Company**") in the

above-captioned cases hereby file this motion (the "**Motion**") for entry of an order, substantially

in the form attached hereto as **Exhibit A** (the "**Bar Date Order**"), granting the relief described

below.  In support of this Motion, the Debtors state as follows:

### RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a), 501, 502, and 1111(a) of title 11 of

the United States Code (the "**Bankruptcy Code**"), rules 2002 and 3003(c)(3) of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 1009-2, 2002-1(e), and

3003-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**"), (a) establishing deadlines by which a

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

creditor[2] must file a proof of claim ("**Proof of Claim**") in the Chapter 11 Cases (as defined below); (b) establishing related procedures for filing Proofs of Claim; (c) approving the form and manner of noticing such deadlines, including the form of notice of the Bar Dates (as defined below); (d) approving mailing procedures with respect thereto; and (e) granting related relief. The proposed Bar Dates (as defined below) are as follows:

| Bar Date | Proposed Deadline | Applicable Parties and Claims |
|---|---|---|
| **General Bar Date** | 5:00 p.m. (prevailing Eastern Time) on a date that is no less than **forty (40) days** after service of the Bar Date Notice and such specific date will be designated on the Bar Date Notice to be filed with the Court | All persons and entities holding a claim against any of the Debtors that arose prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code. |
| **Governmental Bar Date** | December 26, 2023 at 5:00 p.m. (prevailing Eastern Time) | Each governmental unit, holding a claim that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) against any of the Debtors. |
| **Rejection Damages Bar Date** | Except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the later of: (a) the General Bar Date and (b) **thirty (30) days** following service of any order authorizing rejection of an executory contract or unexpired lease | Holder of a claim that arises from the Debtors' rejection of an executory contract or unexpired lease, as set forth and authorized by an order of the Court. |
| **Amended Schedules Bar Date** | The later of: (a) the General Bar Date (if the amended schedules relate to a claim of a non-governmental unit) or the Governmental Bar Date (if the amended schedules relate to a claim of a governmental unit) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is **thirty (30) days** after service of notice on such affected claimant of an amendment to any of their Schedules. | Holder of a claim affected by an amendment to the Debtors' schedules that (a) reduces the undisputed, noncontingent, and liquidated amount of a claimant's claim or (b) changes the nature or characterization of a claimant's claim. |

---

[2]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim" has the meaning ascribed in section 101(5) of the Bankruptcy Code; (ii) the term "creditor" has the meaning ascribed in section 101(10) of the Bankruptcy Code; (iii) the term "entity" has the meaning ascribed in section 101(15) of the Bankruptcy Code; (iii) the term "equity security" has the meaning ascribed in section 101(16) of the Bankruptcy Code; (iv) the term "equity security holder" has the meaning ascribed in section 101(17) of the Bankruptcy Code; (v) the term "governmental unit" has the meaning ascribed in section 101(27) of the Bankruptcy Code; and (vi) the term "person" has the meaning ascribed in section 101(41) of the Bankruptcy Code.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Motion are sections 105(a), 501, 502 and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 2002-1(e) and 3003-1.

4.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is later determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

5.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") for these Chapter 11 Cases.  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      On August 1, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs Docket Nos. 210-217) (collectively, the "**Schedules**").

7.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**First Day Declaration**").

## ESTABLISHMENT OF THE BAR DATES

8.      Bankruptcy Rule 3003(c)(2) provides that any creditor or equity security holder who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against or interest in the Debtors that arose, or is deemed to have arisen, before the Petition Date and whose is either (i) not listed in the Debtors' Schedules or (ii) is listed on the Schedules as disputed, contingent, or unliquidated, must to file a proof of claim.  Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim of interest must be filed in a chapter 11 case.  Although Bankruptcy Rule 2002(a)(7) provides that all parties in interest must receive 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), none of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases.

9.      Here, the Debtors filed their Schedules on August 1, 2023, before service of the Bar Date Notice and propose to give all creditors at least forty (40) days' actual notice prior to the General Bar Date.  Therefore, all creditors will have adequate time to review the Schedules and their own records, and to file a Proof of Claim, if necessary, before the General Bar Date.

10.     **Bar Date Notice**.  The Debtors will serve, through their claims and noticing agent, Kurtzman Carson Consultants ("**KCC**") notice of the Bar Dates (as defined below) upon all known entities holding potential claims subject to the Bar Dates, substantially in the form

attached to the Bar Date Order as **Exhibit 1** (the "**Bar Date Notice**").  The Bar Date Notice will ensure that potential creditors receive at least 40 days' notice to submit Proofs of Claim in the Chapter 11 Cases.

11.    **General Bar Date**.  The Debtors request that the Court establish the General Bar Date as 5:00 p.m. (prevailing Eastern Time) on a date that is no less than forty (40) days after service of the Bar Date Notice as the deadline for all persons and entities (excluding governmental units as defined in section 101(27) of the Bankruptcy Code), holding a claim against any of the Debtors that arose prior to the Petition Date, to file a Proof of Claim in the Chapter 11 Cases (the "**General Bar Date**").  The General Bar Date will be stated on the Bar Date Notice, the Publication Notice, and will be the date by which all creditors holding prepetition claims must file Proofs of Claim unless they fall within one of the exceptions set forth in this Motion.  Subject to these exceptions, the General Bar Date would apply to all creditors holding claims against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, including, without limitation, secured claims, claims arising under section 503(b)(9) of the Bankruptcy Code, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), (5), and (8) of the Bankruptcy Code) and unsecured non-priority claims, and claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest (the holder of any of the aforementioned claims, the "**Claimant**").

12.    **Governmental Bar Date**.    The Debtors request that the Court establish **December 26, 2023 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for each governmental unit (as defined in section 101(27) of the Bankruptcy Code), holding a claim

against any of the Debtors that arose prior to the Petition Date, to file a Proof of Claim in these Chapter 11 Cases (the "**Governmental Bar Date**"), which is 180 days after the Petition Date. Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have 180 days after the petition date, or such later time as the Bankruptcy Rules may provide, to file proofs of claim or interest.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured claims, unsecured priority claims, or unsecured nonpriority claims) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax periods or prepetition transactions to which the Debtors were a party.

13.    **Rejection Damages Bar Date**.  The Debtors further propose that any person or entity that holds a claim in connection with the Debtors' rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code must file a Proof of Claim based on such rejection by the later of: (a) the General Bar Date or the Governmental Bar Date (if a governmental unit is the counterparty to the executory contract or unexpired lease) or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days following service of an order of the Court approving such rejection of the applicable executory contract or unexpired lease (the "**Rejection Damages Bar Date**").

14.    **Amended Schedules Bar Date**.  The Debtors further propose that, if the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim or change the nature or characterization of a claim, the deadline by which creditors holding claims affected by such amendment must file a Proof of Claim will be the later of: (i) the General Bar Date or the Governmental Bar Date (if the amendment relates to a claim of a governmental unit); and (ii) the date by that is thirty (30) days from the date that the Debtors

provide written notice to the affected creditor that the Schedules have been amended (the "**Amended Schedules Bar Date**," and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "**Bar Dates**").

15. Here, the Debtors propose to give all creditors at least 40 days' actual notice prior to the earliest of the potentially applicable Bar Dates. Therefore, all creditors will have adequate time to review the Schedules and their own records, and to file a Proof of Claim, if necessary, before the earliest of the Bar Dates. The Debtors submit that the notice provided by the Bar Dates is more than sufficient to comply with the Bankruptcy Rules in light of the proposed notice procedures outlined herein.

16. Notwithstanding the foregoing, nothing contained herein will preclude the Debtors from objecting to any claim on any grounds.

## PROCEDURES FOR FILING PROOFS OF CLAIM

17. Pursuant to the Bar Date Order, each Claimant must file with KCC, an original written proof of claim that substantially complies with Official Bankruptcy Form 10 or conforms to the Proof of Claim form attached to the Bar Date Order as **Exhibit 2** (the "**Proof of Claim Form**") either by (a) mailing the original Proof of Claim by United States mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; (b) delivering such original Proof of Claim by overnight mail, courier service, or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (c) submitting such Proof of Claim electronically through KCC's website at *https://www.kccllc.net/lordstown* under the link entitled "Submit Electronic Proof of Claim." All Proofs of Claim must be **actually received** by KCC no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date to be deemed timely filed.

## **PARTIES REQUIRED TO FILE PROOFS OF CLAIM**

18.     Except as otherwise set forth herein, the Debtors propose that the following persons and entities holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of Claim on or before the applicable Bar Date:

     a.  any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules, or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

     b.  any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

     c.  any person or entity who believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and who desires to have its claim allowed against a Debtor other than that identified in the Schedules;

     d.  any person or entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code; and

     e.  any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") (or any other person or entity) that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest.

For the avoidance of any doubt, any persons and entities (including any Interest Holder) listed above shall be required to file a Proof of Claim by the applicable Bar Date, whether or not such person or entity is or may be included in, or represented by a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively, "**Representative Actions**") and/or any Proof of Claim in respect of a Representative Action (a "**Representative Claim**").

## **PARTIES *NOT* REQUIRED TO FILE PROOFS OF CLAIM**

19.     The Debtors propose that holders of the following claims **not** be required to file a

Proof of Claim on or before the applicable Bar Date solely with respect to such claims:

a.   a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Court or KCC in a form substantially similar to Official Bankruptcy Form No. 410;

b.   a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

c.   an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

d.   an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.   a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.   a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.   any claim of a Debtor against another Debtor;

h.   a claim on account of indemnification, contribution, or reimbursement by an officer or director of the Debtors who held such position as of the Petition Date; *provided*, *however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the Bar Date or (ii) thirty (30) days following such resignation or termination of employment if such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

i.   any fees payable to the U.S. Trustee under 28 U.S.C. § 1930;

j.   a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

k.   a claim that is specifically exempted from filing a proof of claim pursuant to a separate order of the Court that is in full force and effect.

20.   In addition, the Debtors propose that any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") not be required to file a proof of interest on or before the Bar Date; *provided*, *however*, that an Interest Holder (or any other person or entity) that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date; *provided*, *further*, that an Interest Holder (or any other person or entity), whether or not such person or entity is or may be included in, or represented by (a) any Representative Actions and/or (b) any Representative Claim against the Debtors, must properly file timely an individual Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

## REQUIREMENTS FOR PREPARING AND FILING PROOFS OF CLAIM

21.   With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.   Each Proof of Claim must: (i) be written in English and legible; (ii) include a claim amount denominated in United States dollars; (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant or by an authorized agent or legal representative of the Claimant, whether such signature is an electronic signature or in ink.

b.   Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) provide the date of shipment of goods the Claimant contends the Debtors received in the twenty (20) days before the

Petition Date, including the method of delivery; (ii) set forth the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 23-10831 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Lordstown Motors Corp.

d.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

e.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available.  If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than ten (10) business days from the date of such request.

f.  Proofs of Claim sent by facsimile or electronic mail will not be accepted.

g.  Each Proof of Claim must be filed, including supporting documentation, so as to be **actually received** by KCC on or before the applicable Bar Date as follows: electronically through the claims portal at *https://www.kccllc.net/lordstown*, or if submitted by non-electronic means, by U.S. mail or other hand delivery system to, Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

h.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC and (ii) a self-addressed, stamped envelope to KCC.

**CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY BAR DATES**

22.    The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly on or before the applicable Bar Date shall, with respect to such claim, not be treated as a creditor of the Debtors and will not be permitted to vote upon, or receive distribution, any chapter 11 plan in the Chapter 11 Cases.

## PROCEDURES OF PROVIDING NOTICE OF BAR DATES

**I.    Service of the Bar Date Package**

23.    To provide adequate notice to creditors pursuant to Bankruptcy Rules 2002(a)(7) and (f)(3), the Debtors propose to serve the Bar Date Notice, together with a copy of the Proof of Claim Form (collectively, the "**Bar Date Package**") by first class United States mail, postage prepaid (or equivalent service), on the following parties:

a.   all known Claimants and their counsel (if known), including all employees, customers, and other persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

b.   all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) as of the date of the Bar Date Order;

c.   all parties that have filed Proofs of Claim in the Chapter 11 Cases as of the date of the Bar Date Order;

d.   all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

e.   all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date;

f.   all known parties to litigation with the Debtors, even if counterparty is not named, as of the date of the Bar Date Order;

g.  the District Director of the Internal Revenue Service for the District of Delaware;

h.  all other known taxing and regulatory authorities for the jurisdictions in which the Debtors maintain or conduct business;

i.  the Securities and Exchange Commission;

j.  all attorney generals for states in which the Debtors maintain or conduct business;

k.  all other entities listed on the Debtors' matrix of creditors;

l.  counsel to the Committee; and

m.  the United States Attorney General for the District of Delaware.

24.    The Debtors propose to serve the Bar Date Package within five (5) business days after the date of entry of the Bar Date Order.  The proposed Bar Date Notice provides creditors and parties in interest with the Bar Dates, sufficient and appropriate information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failing to timely file a Proof of Claim.  Accordingly, the Debtors request that the Court approve the form and scope of the proposed Bar Date Notice, attached to the Bar Date Order as <u>Exhibit 1</u>.

## II.    <u>Supplemental Mailings and Bar Dates</u>

25.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices or Bar Date Packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date Package mailing process.

26.    The Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in the situations described above and similar circumstances as

soon as reasonably practicable after entry of the Bar Date Order and at any time up to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.  To the extent that any notices are returned to "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

### III.   Publication Notice

27.     Potential claims against the Debtors may exist that the Debtors have not been able to identify on their Schedules.  Therefore, pursuant to Bankruptcy Rule 2002(1),[3] the Debtors request authority to publish notice of the Bar Dates, substantially in the form attached to the Bar Date Order as **Exhibit 3** (the "**Publication Notice**") once in (a) the *Wall Street Journal* or similar nationally circulated news publication, as soon as practicable after entry of the Bar Date Order, but no later than 21 days before the General Bar Date, and (b) such other local newspaper or publication, if any, as the Debtors deem appropriate in their discretion.  In the Debtors' judgment, such publication is likely to reach the widest possible audience of creditors who may not otherwise have and receive notice of the Chapter 11 Cases.

28.     Establishing the General Bar Date as 5:00 p.m. (prevailing Eastern Time) on a date that is no less than forty (40) days after service of the Bar Date Notice will ensure that creditors receive no less than 40 days' actual notice of the earliest of the Bar Dates, which notice exceeds the minimum 21-day notice period required under Bankruptcy Rule 2002(a)(7).

29.     The proposed Bar Date Notice provides creditors and parties in interest with the Bar Dates, sufficient and appropriate information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failing to timely file a Proof of

---

[3]     Bankruptcy Rule 2002(1) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. R. 2002(1).

Claim.  Accordingly, the Debtors request that the Court approve the form and scope of the proposed Bar Date Notice, attached to the Bar Date Order as <u>Exhibit 3</u>.

**BASIS FOR RELIEF REQUESTED**

I.    <u>Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in the Chapter 11 Cases</u>

30.    Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).  Section 105(a) of the Bankruptcy Code further provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

31.    The punctual resolution of prepetition claims is essential to the Debtors' successful chapter 11 efforts and to the efficient administration of their estates.  Establishing a prompt bar date will allow the Debtors to analyze the timely-filed Proofs of Claim and expeditiously and efficiently determine and evaluate the liabilities of their estates.  In contrast, the absence of such a bar date would prolong creditor uncertainty, increase the cost and expenses incurred by the Debtors in connection with the claim reconciliation process, and delay the claim process, thereby undercutting the prompt and effectual administration of the Debtors' estates.

15

32.     The Bar Dates and related procedures described in this Motion are designed to achieve administrative and judicial efficiency.  The procedures proposed herein provide creditors with ample opportunity and comprehensive notice to creditors, on the one hand, while allowing the Debtors' Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.  Moreover, the proposed procedures comply with the Bankruptcy Code and also provide clear instructions that will help avoid confusion and/or uncertainty among creditors that might lead them to file multiple Proofs of Claim or take other actions that would cause expense and delay in the claims process for all parties.

33.     For the reasons set forth above, the Bar Dates, the Bar Date Order, the Bar Date Notice, and the Publication Notice proposed by the Debtors are fair, reasonable, and adequate, as applicable.

## II.     **The Proposed Notice Procedures are Reasonable and Appropriate**

34.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

35.     In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors and to rely on publication to give notice to their unknown creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346

16

(3d Cir. 1995). To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown creditors, notification by publication will generally suffice." *Id.* (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Id.* (citing *Mullane*, 339 U.S. at 317). While the Debtors have and will continue to undertake reasonably diligent efforts to identify all creditors, it is possible that these efforts will not identify every creditor of the Debtors.

36.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing Proofs of Claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18. Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347.

37.     In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and

amount of such section 503(b)(9) claims, while affording parties asserting section 503(b)(9) claims appropriate and adequate notice. The Debtors submit that requiring parties to assert section 503(b)(9) claims by Proof of Claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.

38.     The Debtors submit that the relief requested herein provides for clear notice of the General Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, the Debtors intend to: (a) cause the Bar Date Notice to be mailed and (b) cause the Publication Notice to be published by a date that is at least twenty-one (21) days prior to the General Bar Date. Thus, by establishing the General Bar Date in accordance with the provisions hereof, all known claimants will have at least twenty-one (21) days' notice, and unknown or unreachable claimants will have at least twenty-one (21) days of constructive notice of the General Bar Date for filing Proofs of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally, because the Debtors filed their Schedules on August 1, 2023, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

39.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any such amendment or supplement and of the corresponding Amended Schedules Bar Date to the holders of affected claims, such that affected holders will have no less than twenty-one (21) days from the notice date to file Proofs of Claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on

account of such rejection by the later of: (a) the General Bar Date; (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following service of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any other such date that the Court may fix in the applicable order approving such rejection.

40.     The Debtors submit that they are providing sufficient time for all parties in interest, including any foreign creditors, to assert their claims.  Further, because the notice procedures described herein will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the Bar Dates and the form and manner of providing notice thereof are appropriate and reasonably calculated to provide notice to all parties that may wish to assert a claim in these Chapter 11 Cases.  The procedures proposed herein are appropriate and fair to all parties affected thereby in that they provide ample notice and give sufficient time to creditors within which to file any necessary Proofs of Claim.

## **RESERVATION OF RIGHTS**

41.     The Debtors reserve all rights.  Without limiting the generality of the foregoing, nothing contained herein is or should be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or

19

unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Nothing contained in the Bar Date Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

42.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; (viii) any parties who have asserted liens against the Debtors' assets; and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

43.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion and such other and further relief as is just and proper.

Dated: August 4, 2023

*/s/   James F. McCauley*
**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
James F. McCauley (No. 6991)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
mccauley@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*