IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>Hearing Date: August 30, 2023, at 2:00 p.m. (ET)<br>Objection Deadline: August 21, 2023 at 4:00 p.m. (ET) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF TROUTMAN PEPPER HAMILTON SANDERS LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 17, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), submits this application (the "Application") for entry of an order authorizing the employment and retention of Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper") as counsel to the Committee effective as of July 17, 2023. In support of this Application, the Committee relies on the Declaration of Deborah Kovsky-Apap in Support of the Application (the "Kovsky Declaration"), attached hereto as **Exhibit A,** and the Declaration of Kim Parsons as the designee of Committee member Barry L. Leonard & Co. Inc. in its capacity as Chair of the Committee (the "Parsons Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Committee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Committee confirms its consent pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

**BACKGROUND**

4. On June 27, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 11, 2023, the United States Trustee appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code. *See* D.I. 99. The Committee consists of three members: (i) Barry L. Leonard & Co. Inc.; (ii) SA Automotive Ltd. and (iii) Superior Cam Inc.

7. On July 17, 2023 (the "Retention Date"), the Committee selected Troutman Pepper to serve as its counsel pursuant to section 1103(a) of the Bankruptcy Code.

**RELIEF REQUESTED**

8.      By this Application, the Committee seeks the entry of an order authorizing the employment and retention of Troutman Pepper as counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of the Retention Date.

**RETENTION OF TROUTMAN PEPPER**

**Necessity for Employment**

9.      The Committee seeks to retain Troutman Pepper as its counsel because of Troutman Pepper's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, including its extensive experience representing committees appointed pursuant to section 1102(a) of the Bankruptcy Code, and because of its expertise, experience, and knowledge in practicing before this Court.  Through its involvement in this case, Troutman Pepper is also familiar with many of the potential legal issues that have arisen and may arise in these chapter 11 cases.  Accordingly, the Committee believes that Troutman Pepper is both well-qualified and uniquely able to represent it in these chapter 11 cases in an efficient and timely manner.

**BILLING AND STAFFING DISCLOSURES**

10.     The Committee has approved Troutman Pepper's proposed rates.  The Committee understands that Troutman Pepper's fees and expenses will be the sole responsibility of the Debtors' estate and that neither the Committee nor its members or designees shall have any obligation to pay Troutman Pepper's fees or expenses.  The Committee further understands that the proposed hourly rates are subject to periodic adjustments (typically on January 1 of each year) to reflect economic and other conditions.

**Professional Services to be Rendered by Troutman Pepper**

11.  Troutman Pepper has advised the Committee that its professionals have considerable experience in the bankruptcy and commercial law areas and are particularly well-qualified to represent the Committee in these proceedings. The professional services that Troutman Pepper will render to the Committee include, but shall not be limited to, the following:

a. advise the Committee with respect to its rights, duties and powers in these cases;

b. assist and advise the Committee in its consultations with the Debtors relating to the administration of these cases;

c. assist the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with the holders of claims and, if appropriate, equity interests;

d. assist the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and other parties involved with the Debtors, and the operation of the Debtors' businesses;

e. assist the Committee in its analysis of, and negotiations with the Debtors or any other third parties concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions and the terms of a plan of reorganization or liquidation for the Debtors;

f. assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

g. represent the Committee at all hearings and other proceedings;

    h. review, analyze, and advise the Committee with respect to applications, orders, statements of operations and schedules filed with the Court;

    i. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

    j. perform such other services as may be required and which are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

  12. In accordance with Section F of the U.S. Trustee Guidelines, Troutman Pepper is proposing to serve as counsel for the Committee.

  13. The Committee has requested that Troutman Pepper immediately commence work on these chapter 11 cases because of pending motions scheduled for hearings and other pending matters in which the Committee has an interest. Accordingly, the Committee seeks the Court's approval of its retention of Troutman Pepper effective as of the Retention Date, the first date on which Troutman Pepper performed services for the Committee.

## **DISINTERESTEDNESS OF TROUTMAN PEPPER**

  14. To the best of the Committee's knowledge, except as set forth in the Kovsky Declaration, Troutman Pepper, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not related to any judge of this Court, the United States Trustee or any employee of the United States Trustee in this District, except that (i) Edward C. Toole, Jr., an attorney at Troutman Pepper, is the husband of The Honorable Mary F. Walrath; Mr. Toole is not involved in this engagement; and (ii) United

States Trustee trial attorneys Linda Casey, Hannah McCollum and John H. Schanne, II were formerly associates at Pepper Hamilton LLP,[2] one of the predecessors of Troutman Pepper.

15. Accordingly, the Committee believes that Troutman Pepper, its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that Troutman Pepper's representation of the Committee is permissible under sections 328(a) and 1103(a) of the Bankruptcy Code.

16. Troutman Pepper will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Troutman Pepper will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

17. Troutman Pepper intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure that Troutman Pepper will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Troutman Pepper (before any discounts, as applicable), uses in other restructuring matters, as well as similar corporate and litigation matters, whether in court or otherwise. As a courtesy to the Committee, Troutman Pepper has agreed that Troutman Pepper shall be paid a blended rate of $750/hour for all timekeepers, *provided that* if the general unsecured creditors receive a recovery of at least 50% in these chapter 11 cases, Troutman Pepper may apply to recover the difference (if

---

[2] As of July 1, 2020, Troutman Sanders LLP and Pepper Hamilton LLP combined to become Troutman Pepper Hamilton Sanders LLP.

any) between its standard billed rates and the blended rate, subject to further Court approval. In addition, Deborah Kovsky-Apap (bankruptcy partner) and Sean McNally (litigation partner) have agreed to provide a courtesy discount of their standard hourly rates of approximately 25%.

18. Troutman Pepper intends to make a reasonable effort to comply with U.S. Trustee requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as November 1, 2013 (the "U.S. Trustee Guidelines"), both in connection with this Application and any monthly, interim and final fee applications to be filed by Troutman Pepper in these chapter 11 cases. To that end, the Kovsky Declaration includes information provided by Troutman Pepper pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

19. Troutman Pepper categorizes its billings by subject matter, in compliance with the U.S. Trustee Guidelines. Troutman Pepper's hourly rates, as of the Retention Date, which are adjusted from time to time, currently range from $740 to $1,680 for partners and counsel, $530 to $850 for associates, and $150 to $440 for paraprofessionals. Troutman Pepper is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, and transcript costs.

20. No arrangement is proposed between the Committee and Troutman Pepper for compensation to be paid in these chapter 11 cases other than as set forth above and in the Kovsky Declaration.

**BASIS FOR RELIEF**

21. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, subject to court approval:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

22. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

23. The terms of this engagement were negotiated by the Committee and Troutman Pepper at arm's-length and in good faith. The Committee and Troutman Pepper respectfully submit that the terms of Troutman Pepper's retention are customary and reasonable for counsel engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.

**CONSENT TO JURISDICTION**

24. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

25. Notice of this Application has been provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

26. No prior motion or application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee requests that an order, substantially in the form attached hereto as **Exhibit C**, be entered authorizing it to retain Troutman Pepper to represent it in these proceedings, effective as of the Retention Date, and providing the Committee such other and further relief as the Court may deem just and proper.

Dated: August ___, 2023

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LORDSTOWN MOTORS CORP., *ET AL.*

By: Barry L. Leonard & Co. Inc.

By: /s/ *[signature]*
Name: Kim Parsons
Title: Chair