**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>**Hearing Date: August 30, 2023, at 2:00 p.m. (ET)**<br>**Objection Deadline: August 21, 2023 at 4:00 p.m. (ET)** |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
HURON CONSULTING GROUP INC. AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF THE RETENTION DATE**

      The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), submits this application (the "Application") for entry of an order authorizing the employment and retention of Huron Consulting Group Inc. ("Huron") as financial advisor to the Committee effective as of July 20, 2023 (the "Retention Date") pursuant to the terms of the engagement letter (the "Engagement Letter"),[2] attached hereto as **Exhibit B** as modified by the terms of this Application. In support of this Application, the Committee relies on the Declaration of Laura Marcero in Support of the Application (the "Marcero Declaration"), attached hereto as **Exhibit C**. In further support of this Application, the Committee respectfully states as follows:

**JURISDICTION AND VENUE**

      1.     The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

160315368v5

Delaware (the "**Local Rules**"), the Committee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are Sections 327(a), 330, and 1107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtors continue to manage and operate their businesses as debtors in possession under Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

6. On July 11, 2023, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**"). *See* Docket Nos. 96 and 99. The Committee consists of three members: (i) Barry L. Leonard & Co. Inc.; (ii) SA Automotive Ltd.; and (iii) Superior Cam Inc.

7. On the Retention Date, the Committee selected Huron to provide financial advisory services to the Committee.

## RELIEF REQUESTED

8. By this Application, the Committee seeks the entry of an order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the employment and retention of Huron as financial advisor to the Committee in these Chapter 11 Cases, effective as of the Retention Date.

9. The Committee is familiar with the professional standing and reputation of Huron. The Committee understands and recognizes that Huron has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases throughout the United States. Accordingly, the Committee believes that Huron is both well qualified and uniquely able to represent it in these Chapter 11 Cases in an efficient and timely manner.

10. The services of Huron are deemed necessary to enable the Committee to perform its duties and exercise its powers as set forth in Bankruptcy Code section 1103, including assessing and monitoring the efforts of the Debtors and their professional advisors to maximize the value of their estates. Further, Huron is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

11. Employment of Huron is in the best interest of the creditors and the estate as it will assist the Committee in analyzing various assets of the estate, the potential for recovery of assets, and a basis to allow the Committee to participate meaningfully in the bankruptcy plan process. The Committee requests that the Court approve Huron's employment as of the Retention Date.

## SCOPE OF SERVICES

12. The Committee and Huron arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, Huron will provide such advisory services to the Committee and its legal advisors as Huron and the Committee deem appropriate and feasible over the course of these Chapter 11 Cases, including but not limited to the following:[3]

    a. Advise and assist the Committee in its analysis of any proposed debtor in possession financing or use of cash collateral;

    b. Advise and assist the Committee in the monitoring of the Debtors' short term cash flow, liquidity, and operating results;

---

[3] Any summary of or reference to the terms and conditions of the Engagement Letter provided in this Declaration is for the Court's convenience. To the extent that any such summary or reference conflicts with the actual terms and conditions of the Engagement Letter, as the same may be limited or modified herein or the proposed order as entered by the Court, the actual terms and conditions of the Engagement Letter shall control.

    c.    Advise and assist the Committee in its review of financial related disclosures of the Debtors, including Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports;

    d.    Advise and assist the Committee in its review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

    e.    Advise and assist the Committee in its review of any key employee retention and other employee benefit programs that may be proposed by the Debtors;

    f.    Advise and assist the Committee in its review of the Debtors' analysis with respect to the assumption or rejection of various executory contracts and leases;

    g.    Advise and assist the Committee in its review of the claims reconciliation and estimation process, including an entity and priority level assessment of claims;

    h.    Attend meetings and assist in discussions with the Debtors, the Committee, the U.S. Trustee, and any party in interest and their respective professionals, as requested by the Committee;

    i.    Advise and assist the Committee in the evaluation and analysis of potential avoidance actions, including fraudulent conveyances and preferential payments or transfers;

    j.    Advise and assist the Committee in its assessment of restructuring alternatives and estimated recoveries, including the review of any Plan of Reorganization and related Disclosure Statement, sale transactions or other restructuring transactions proposed by the Debtors; and

    k.    Provide advice with respect to any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

    l.    As requested, testify as either a "fact or percipient witness" or an "expert witness" in the Company's bankruptcy court proceedings based on Huron 's direct knowledge of the estate arising from or relating to the Services performed; and

    m.    Render such other general business consulting or other such assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor.

## **PROFESSIONAL COMPENSATION**

13.    As set forth in the Marcero Declaration, the Committee understands that Huron will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 181] (the "Interim Compensation Order"), and any applicable orders of the Court, both in connection with the application and the interim and final fee applications to be filed by Huron in these Chapter 11 cases, in accordance with the terms and conditions of the Engagement Letter.

14. Huron has agreed to provide services to the Committee as a financial advisor on an hourly fee basis. Huron understands that all of its fees and costs are subject to approval by the Court on notice to creditors with an opportunity for a hearing. No party has guaranteed the fees and costs that will be incurred by Huron.

15. The Committee requests that Huron be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Huron incurs in accordance with the ordinary and customary rates, which are in effect on the date the services are rendered.

16. Huron has agreed to charge the following hourly rates:

| Personnel | Hourly Billing Rate |
|---|---|
| Managing Director | $975 - $1,315 |
| Senior Director | $950 - $950 |
| Director | $700 - $800 |
| Manager | $600 - $600 |
| Associate | $500 - $500 |
| Analyst | $325 - $500 |

17. Huron reviews and revises its billing rates on January 1 of each year. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates become effective.

18. In addition, a technology and security fee for data protection, cybersecurity, hosting, telecommunications, and related support will be billed at 6% of the support fees and invoiced as a separate item on all invoices.

## **INDEMNIFICATION**

19. The Committee has agreed that neither Huron nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of Huron hereunder except for any such

160315368v4

liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of Huron .

      n.      To the fullest extent permitted under applicable law, the Company agrees to indemnify and hold Huron and its personnel, agents, and contractors harmless against all costs, fees, expenses, damages, and liabilities (including reasonable defense costs and legal fees), associated with any legal proceeding or other claim brought against us by a third party, including a subpoena or court order, arising from or relating to any Services that the Company uses or discloses, or this engagement generally. This indemnity shall not apply to the extent a claim arises out of Huron's gross negligence or willful misconduct, as finally adjudicated by a finder of fact.

      o.      Huron will not be liable for any special, consequential, incidental, indirect, or exemplary damages or loss (nor any lost profits, savings, or business opportunity). Further, Huron's liability relating to this engagement will in no event exceed an amount equal to the fees (excluding taxes and expenses) it receives from the Company for the portion of the Services giving rise to such liability.

      p.      Neither party will be liable to the other for any delays or failures in performance due to circumstances beyond its reasonable control.

## NO DUPLICATION OF SERVICES

20.      The Committee believes that the services provided by Huron will not duplicate the services that other professionals will be providing to the Committee in these Chapter 11 Cases. Specifically, Huron will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Troutman Pepper Hamilton Sanders LLP and the other professionals retained in these Chapter 11 Cases to avoid the unnecessary duplication of services.

## HURON 'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

21.      The Committee believes that Huron has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Marcero Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Marcero Declaration, Huron does not represent any other entity having an adverse interest in connection with the Chapter 11 Cases.

22.      Huron has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, Huron will supplement its disclosure to this Court.

6

160315368v4

23. Huron has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## BASIS FOR RELIEF

24. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code, subject to court approval:

[M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

25. Moreover, Bankruptcy Rule 2014 requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

26. The terms of this engagement were negotiated by the Committee and Huron at arm's-length and in good faith. The Committee and Huron respectfully submit that the terms of Huron 's retention are customary and reasonable for financial advisor engagements, both out-of-court and in comparable chapter 11 cases, and in the best interests of the Debtors' estates, creditors and all parties-in-interest.

## NOTICE

27. Notice of this Application has been provided to the following parties: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties requesting notices in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

28. No prior motion or application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Committee requests that an order, substantially in the form attached hereto as **Exhibit C**, be entered authorizing it to retain Huron to represent it as financial advisor in these proceedings, effective as of the Retention Date, and providing the Committee such other and further relief as the Court may deem just and proper.

Dated: August __, 2023

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LORDSTOWN MOTORS CORP., *ET AL.*

By: BARRY L. LEONARD & CO. INC., solely in its capacity as Chair of the Committee

By: /s/ *Kim Parsons*
Name: Kim Parsons
Title: Chief Financial Officer and Primary Representative of Chair