**EXHIBIT A**

**Proposed Order**

160315368v4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831-MFW |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. ___** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF HURON CONSULTING GROUP INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF THE RETENTION DATE**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Huron Consulting Group Inc. (together with its affiliates and their respective personnel, "Huron"), as financial advisor to the Committee, effective as of July 18, 2023 (the "Retention Date"); and upon the Marcero Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Huron does not represent any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

    1.    The Application is approved as set forth therein.

    2.    In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain Huron effective as of the Retention Date, as its financial advisor on the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

160315368v4

terms set forth in the Application, as modified by this Order, without the need for any further action on the part of Huron or the Committee to document such retention.

3. The indemnification provisions included in the Application are approved.

4. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of the Debtors' bankruptcy cases, Huron shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

5. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of the Debtors' bankruptcy cases, Huron shall have whatever fiduciary duty is imposed upon it by applicable law.

6. Huron shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order, including all information and time keeping requirements.

7. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

8. The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This court shall retain jurisdiction with respect to all matters arising or related to the implementation, interpretation and enforcement of this order or disputes regarding services provided by Huron to the Committee.