**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | |
| Debtors. | (Jointly Administered) |
| | |
| | **Re: Docket No. 16** |

**ORDER (A) ESTABLISHING BIDDING AND AUCTION PROCEDURES,
(B) SCHEDULING CERTAIN DATES WITH RESPECT
THERETO, (C) APPROVING THE FORM AND MANNER OF
NOTICE THEREOF, (D) APPROVING CONTRACT ASSUMPTION AND
ASSIGNMENT PROCEDURES, AND (E) GRANTING OTHER RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**"), (a)

approving the bidding procedures in connection with the sale or transactions involving all,

substantially all, or a portion of, the Debtors' assets (the "**Assets**") attached hereto as **Schedule 1**

(the "**Bidding Procedures**") free and clear of liens, claims, encumbrances, and other interests

(the "**Sale**"), (b) subject to final Court approval of the Stalking Horse Approval Order (as defined

below), authorizing, but not directing, the Debtors, in their discretion, to select one or more

Stalking Horse Bidder(s), (c) authorizing the Debtors to conduct an auction (the "**Auction**") and

a hearing (the "**Sale Hearing**") to approve the sale of Assets, if needed, (d) approving the form

and manner of notice of the Bidding Procedures, the Auction (if any), and Sale Hearing

substantially in the form attached hereto as **Schedule 2** (the "**Sale Notice**"), (e) approving

procedures for the assumption and assignment of executory contracts and unexpired leases

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Debtors' reply in support of the Motion, as applicable.

(collectively, the "**Contracts**") in connection with the Sale (the **Assumption and Assignment Procedures**"), and approving the form and manner of the notice thereof, substantially in the form attached hereto as **<u>Schedule 3</u>** (the "**Cure Notice**"), and (f) granting other related relief; and the Court having considered the Motion, and the arguments of counsel made, the First Day Declaration, the Kroll Declaration, the Finger Declaration, and the evidence adduced, at the hearing, if any, on the Motion; and due and sufficient notice of the Motion and this Order having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor:

### THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

A.      This Court has jurisdiction over this matter, over the property of the Debtors, and to consider the Motion under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The predicates for relief requested by the Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006(a), 9006, 9007, 9008, and 9014, and Local Bankruptcy Rules 3017-1, 6004-1, and 9006-1.

---

[3]  The findings, determinations, and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      The relief granted herein is in the best interests of the Debtors, their estates, and other parties in interest.

D.      The Debtors have articulated good and sufficient business reasons for the Court to grant the Motion to the extent provided in this Order, including: (a) approving the Bidding Procedures, attached hereto as **Schedule 1**, and form and manner of notice thereof substantially in the form of the Sale Notice, attached hereto as **Schedule 2**, (b) authorizing, but not directing, the Debtors, in consultation with the Consultation Parties, to designate one or more Stalking Horse Bidder(s) and approving procedures to seek approval of Bid Protections in accordance with the Bidding Procedures, (c) scheduling an Auction and a Sale Hearing in connection with the Sale, and (d) establishing certain assumption and assignment procedures and approving the manner of notice thereof substantially in the form of the Cure Notice, attached hereto as **Schedule 3**.

E.      The Debtors provided good, sufficient, and adequate notice of the Motion.  Such notice is reasonably calculated to provide all interested parties with timely and proper notice under the Bankruptcy Rules, and no other or further notice of, or hearing on, each is necessary or required. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion was afforded to all interested persons and entities.

F.      In accordance with Local Bankruptcy Rule 6004-1, the Debtors have provided sufficient and adequate notice of the Motion.  The issuance and immediate effectiveness of this Order as of the date hereof, including approval of the Bidding Procedures, is supported by evidence of compelling business justifications and other circumstances demonstrating that the relief granted by this Order is necessary to prevent immediate and irreparable harm to the Debtors and their estates.

AMERICAS 124371612

G.     The proposed Sale Notice and the Cure Notice are appropriate, sufficient, and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing, the Bidding Procedures, and the assumption and assignment of the Assumed Contracts, and no other or further notice shall be required for the Sale Hearing or the assumption and assignment of the Assumed Contracts.

H.     The process for filing the Stalking Horse Notice and the granting of any Bid Protections is appropriate and reasonably calculated to provide all interested parties with timely and proper notice.

I.     The Bidding Procedures, substantially in the form attached hereto, are fair, reasonable and appropriate, and are reasonably designed to maximize the value to be achieved for the Assets.

J.     The Assumption and Assignment Procedures provided for herein and the Cure Notice are reasonable and appropriate and consistent with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, and have been tailored to provide an adequate opportunity for all counterparties to assert any objections to the assumption and assignment of Assumed Contracts and related Cure Costs.

K.     Entry of this Order is in the best interests of the Debtors' estates, their creditors, their stakeholders, and all other interested parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Motion and the relief requested therein is GRANTED as set forth herein.

**Important Dates and Deadlines**

2.     The following dates and deadlines regarding the Sale are hereby established, subject to the Bidding Procedures and the rights of the Debtors to modify such dates:

4

| Event or Deadline | Date and Time[4] |
|---|---|
| Indication of Interest Deadline | July 31, 2023 at 5:00 p.m. (ET) |
| Deadline for Debtors to file the Cure Notice | As soon as reasonably practicable after Indication of Interest Deadline |
| Deadline to object to the Cure Notice | Fourteen (14) calendar days after service of the Cure Notice at 4:00 p.m. (ET) |
| Stalking Horse Notice Deadline | August 24, 2023 at 5:00 p.m. (ET) |
| Deadline to object to the Stalking Horse Notice | Five (5) business days after the service of the Stalking Horse Notice at 4:00 p.m. (ET) |
| Deadline to for Debtors to submit form of Sale Order and purchase agreement | August 24, 2023 (or if deadline to object to the Sale is extended, seven (7) days prior to the extended Sale objection deadline) |
| Bid Deadline | September 8, 2023 at 5:00 p.m. (ET) |
| Deadline for Debtors to notify all Qualified Bidders of the highest or otherwise best Qualified Bid | September 12, 2023 |
| Deadline to object to the Sale | September 14, 2023 at 4:00 p.m. (ET) |
| Auction (if required) | September 19, 2023 at 10:30 a.m. (ET) |
| Deadline for objection to Successful Bidder and adequate assurance of future performance | September 26, 2023 at 4:00 p.m. (ET) |
| Deadline to file replies in support of Sale | 4:00 p.m. (ET) on the date that is two (2) business days prior to the Sale Hearing |
| Sale Hearing | On or about October 5, 2023 at 10:30 a.m. (ET) |

**Successful Bidder**

3.    The Debtors shall present the results of the Auction (if any) or otherwise present the Successful Bidder (as defined in the Bidding Procedures) to the Court at the Sale Hearing.

---

[4]    All dates and deadlines are subject to Bankruptcy Rule 9006.

AMERICAS 124371612

**Bidding Procedures, Auction and Sale Hearing**

4.      The Bidding Procedures, as attached hereto as <u>**Schedule 1**</u>, are approved in their entirety, incorporated herein by reference as if fully set forth herein, and the Debtors are authorized to solicit Bids and conduct an Auction, if necessary, on the terms set forth in the Bidding Procedures.  The Bidding Procedures shall govern all Bids and Bid proceedings relating to the Assets. Without limiting the generality of the foregoing, the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids, and any party desiring to submit a Bid must do so strictly in accordance with the terms of the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5.      If no Qualified Bid other than any Stalking Horse Bid is submitted by the Bid Deadline, the Debtors may not hold an Auction and may request at the Sale Hearing that the Court approve the Stalking Horse APA.

6.      The Auction may be conducted via remote video or in-person, at the Debtors' election.  In the event the Debtors elect to conduct the Auction in-person, the Auction shall take place at the offices of White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020 or such other location as may be determined by the Debtors.  The Debtors are authorized, subject to the terms of this Order and the Bidding Procedures (including with respect to consultation with the Consultation Parties), to take actions necessary, in the reasonable discretion of the Debtors, to conduct and implement the Auction.

7.      Except as otherwise determined by the Debtors, only the following parties and their respective representatives and counsel shall be entitled to attend the Auction:  (i) the Debtors; (ii) the Consultation Parties; (iii) any Qualified Bidder; (iv) the U.S. Trustee; and (v)

AMERICAS 124371612

any other creditor of the Debtors that delivers to Debtors' counsel a written request to attend the Auction (by email to andrea.kropp@whitecase.com and doah.kim@whitecase.com) no later than 24 hours prior to the commencement of the Auction; *provided* that the Debtors reserve the right, subject to consultation with the Consultation Parties, to retract their permission at any point during the Auction if the creditor does not act in good faith and in an orderly fashion during the Auction; *provided further* that the Debtors may, in their sole discretion, subject to consultation with the Consultation Parties, establish a reasonable limit on the number of advisors that may appear on behalf of each party.  Only the Debtors and Qualified Bidders shall be permitted to participate in the Auction and only Qualified Bidders shall be entitled to make any Bids at the Auction.

8.      The Debtors and their professionals shall direct and preside over the Auction, and the Auction shall be transcribed and conducted openly.  Each Qualified Bidder participating in the Auction must confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the bidding, (ii) it has reviewed, understands, and accepts the Bidding Procedures, and (iii) its Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

9.      The Debtors are authorized, subject to consultation with the Consultation Parties as set forth in the Bidding Procedures and in a manner consistent with their fiduciary duties and applicable law: (i) determine whether a Bid is a Qualified Bid; (ii) determine which Bid at the Auction is the highest or otherwise best Bid; (iii) reject any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (iv) waive terms and conditions set forth herein with respect to all Bidders;

(v) impose additional terms and conditions at the Auction with respect to all Bidders; (vi) extend the key dates and deadlines set forth herein; (vii) continue or cancel the Auction by filing a notice or in open court without further notice; (viii) modify the Bidding Procedures, as required to maximize the value of the Debtors' Assets, including as a result of market conditions, *provided* that the Bid Protections shall not be modified absent further order of this Court; and (ix) implement additional procedural rules that the Debtors determine, in their business judgment, will better promote the goals of the bidding process and discharge their fiduciary duties and are not inconsistent with any Court order.  Without limiting the generality of the foregoing, the Debtors, in consultation with the Consultation Parties, may announce on the record at the Auction additional procedural rules.

10.    The failure to specifically include or reference any particular provision, section, or procedure of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision, section, or procedure, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

11.    As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file a notice setting forth the identity of the Successful Bidder and containing a copy and/or summarizing the terms of the successful proposal.

12.    The Court shall convene the Sale Hearing on **October 5, 2023 at 10:30 a.m. (prevailing Eastern Time)**, to consider approval of the Sale to the Successful Bidder(s) or Next-Highest Bidder(s) and the entry of the Sale Order.  At the Sale Hearing, the Debtors will seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s) or Next-Highest Bidder(s).  Subject to consultation with the Consultation Parties, the Debtors may adjourn the Sale Hearing from time to time without further notice to creditors or other parties in

8

interest other than by announcement of said adjournment at the Sale Hearing and/or in notice or agenda filed with the Court.

13.     Objections to approval of the Sale must be in writing, state the basis of such objection with specificity, and be filed with the Court and served on or before **September 14, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"), on (a) proposed counsel to the Debtors, (i) White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131, Attn: Thomas E Laura (tlauria@whitecase.com), Matthew C. Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com), White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: David M. Turetsky (david.turetsky@whitecase.com) and Adam Cieply (adam.cieply@whitecase.com), and (ii) Richards, Layton, & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn.: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi@rlf.com), Paul N. Heath (heath@rlf.com), Amanda R. Steele (steele@rlf.com), (b) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and (c) proposed counsel to the official committee of unsecured creditors that has been appointed in the Chapter 11 Cases (the "**Committee**"), (i) Troutman Pepper LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, DE 19801, Attn: David M. Fournier (david.fournier@troutman.com), Marcy McLaughlin Smith (marcy.smith@troutman.com) and Tori L. Remington (tori.remington@troutman.com), (ii) Troutman Pepper LLP, 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA 19103-2799, Attn: Francis J. Lawall (francis.lawall@troutman.com), and (iii) Troutman Pepper LLP, 875 Third Avenue, New York, NY 10022, Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); *provided*, that any objection to the Sale to the Successful Bidder and adequate assurance of future performance shall

be filed on or before **September 26, 2023 at 4:00 p.m. (prevailing Eastern Time)** and served on the same parties.

**Designation of Stalking Horse Bidder**

14.     The Debtors are authorized, but not directed, in the exercise of their reasonable business judgment, subject to consultation with the Consultation Parties, to (a) designate a Stalking Horse Bidder, (b) enter into the Stalking Horse APA, and (c) agree to (i) a break-up fee of up to an aggregate of three percent (3%) of the total cash consideration offered for any Stalking Horse Bid and (ii) reimburse or incur the obligation to reimburse reasonable expenses actually incurred by the Stalking Horse Bidder in connection with its bid, which shall not exceed the maximum amount set forth in the Stalking Horse Notice (defined below) (collectively the "**Bid Protections**"), *provided*, *however*, that no Bid Protections in any amount are being approved herein and any such approval shall be subject to further order of this Court as set forth herein.

15.     Notwithstanding anything in the Bid Procedures or this Order to the contrary, in the event that the Debtors designate one or more Stalking Horse Bidders, seek to enter into one or more Stalking Horse APAs, or determine to offer Bid Protections to any Stalking Horse Bidder(s), the Debtors shall disclose such information in a corresponding notice (the "**Stalking Horse Notice**"), to be filed pursuant to the Bid Procedures on or before **August 24, 2023, at 5:00 p.m. (prevailing Eastern Time)** (the "**Stalking Horse Notice Deadline**") and served by email, where available, or otherwise by first class mail, to: (a) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (b) the Consultation Parties; (c)(i) Foxconn; (ii) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iii) the Internal Revenue Service; (iv) the Securities and Exchange

AMERICAS 124371612

Commission; (v) the United States Attorney for the District of Delaware; (vi) the state attorneys general for all states in which the Debtors conduct business; and (vii) any parties who have asserted liens against the Debtors' assets; and (viii) any such other party entitled to receive notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (the "**Service Parties**"); (d) all Contract Counterparties (as defined below); and (e) any other parties as directed by the Court (collectively, the "**Stalking Horse Notice Parties**").  The Stalking Horse Bidder Notice, if filed, shall also include: (i) a copy of the Stalking Horse APAs; (ii) a declaration in support of the proposed Bid Protections (the "**Bid Protections Declaration**"); and (iii) a proposed form of order approving the designation of the Stalking Horse Bidder, the Stalking Horse APA, and any Bid Protections (the "**Stalking Horse Approval Order**").

16.     Any objections to the designation of one or more Stalking Horse Bidders or any of the terms of the Stalking Horse Bid, including the Bid Protections set forth in the Stalking Horse Notice (a "**Stalking Horse Objection**") shall: (a) be in writing; (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules; (c) state, with specificity, the legal and factual bases thereof; and (d) be filed with the Court and served on the Stalking Horse Notice Parties and the proposed Stalking Horse Bidder within five (5) business days after the service of the Stalking Horse Notice.

17.     The Stalking Horse Notice and Bid Protections Declaration shall set forth the reasons the Debtors believe the Bid Protections satisfy the requirements of section 503(b) of the Bankruptcy Code.  For the avoidance of doubt, nothing in this Order is shifting the Debtors' burden of proof that the Bid Protections are actually necessary to preserve the value of the Debtors' estates pursuant to section 503(b) of the Bankruptcy Code.

18.     If a timely Stalking Horse Objection is filed, the Debtors will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid on or before **September 8, 2023** (but in no event fewer than five (5) business days after the service of the Stalking Horse Notice).  Absent any timely Stalking Horse Objection, the Court may enter the Stalking Horse Approval Order without further hearing.

**Assumption and Assignment Procedures**

19.     As soon as reasonably practicable after the Indication of Interest Deadline, the Debtors shall file with the Court and serve via first class mail, electronic mail, or overnight delivery, the Cure Notice, substantially in the form attached as **Schedule 3** to this Order (the "**Cure Notice**") on non-Debtor Contract counterparties to Contracts that may be assumed (collectively, the "**Contract Counterparties**," and each, a "**Contract Counterparty**"), and post the Cure Notice to the case website (http://kccllc.net/lordstown).  The Cure Notice shall list the Contracts that the Debtors determine, in their business judgment, are likely to potentially be assumed in connection with a Sale and any such other Contracts as the Debtors may determine to include in their business judgment.  For the avoidance of any doubt, the Debtors shall not be required to file any Cure Notice to the extent that the Debtors have not received any Indication of Interest indicating an intention to assume any Contracts.  The Debtors may supplement the Cure Notice from time to time as necessary or desirable.

20.     The Cure Notice shall notify the applicable Contract Counterparties that the Contracts may subject to assumption and assignment in connection with the Sale, and contain the following information: (i) a list of the applicable Contracts that may be assumed and assigned in connection with the Sale (the "**Assumed Contracts**," each individually, an "**Assumed Contract**"); (ii) the applicable Contract Counterparties; (iii) the Debtors' good faith estimate of

AMERICAS 124371612

the proposed amount necessary, if any, to cure all monetary defaults, if any, under each Assumed Contract (the "**Cure Costs**"); and (iv) the deadline by which any Contract Counterparty to an Assumed Contract must file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto; *provided* that service of a Cure Notice does not constitute an admission that such Assumed Contract is an executory contract or unexpired lease or that such Assumed Contract will be assumed at any point by the Debtors or assumed and assigned pursuant to any Successful Bid.

21.    Objections, if any, to a Cure Notice (each, a "**Cure Objection**") must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, the Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court no later than 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) calendar days from date of the service of the Cure Notice, and be served on the Notice Parties.

22.    A properly filed Cure Objection will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment of the Assumed Contract at issue, and/or objection to the accompanying Cure Costs, as set forth in the Cure Objection, but will not constitute an objection to the remaining relief requested in the Motion.

23.    Any Cure Objection to the proposed assumption and assignment of an Assumed Contract or Cure Costs that remains unresolved after the Sale Hearing, shall be heard at such later date as may be agreed upon by the parties or fixed by the Court.  To the extent that any Cure Objection cannot be resolved by the parties, such Contract shall be assumed and assigned

only upon satisfactory resolution of the Cure Objection, to be determined in the reasonable discretion of the Debtors and the Successful Bidder.  To the extent a Cure Objection remains unresolved, the Contract may be conditionally assumed and assigned, subject to the consent of the Debtors and the Successful Bidder, pending a resolution of the Cure Objection after notice and a hearing.  If a Cure Objection is not satisfactorily resolved, the Successful Bidder may determine that such Contract should not be assigned, in which case the Successful Bidder will not be responsible for any Cure Costs in respect of such contract.

24.     If the Debtors discover Contracts inadvertently omitted from the Cure Notice or determine to supplement or modify an existing Cure Notice, or if the Successful Bidder identifies other Contracts that it desires to assume or assume and assign in connection with the Sale, the Debtors may, after consultation with the Successful Bidder (if any), at any time before the closing of the Sale supplement the Cure Notice with previously omitted Contracts or modifying a previously filed Cure Notice, including modifying the previously stated Cure Costs associated with any Contracts (the "**Supplemental Cure Notice**").

25.     Any Contract Counterparty listed on the Supplemental Cure Notice may file an objection (a "**Supplemental Cure Objection**") only if such objection is to the proposed assumption or assumption and assignment of the applicable Contracts or the proposed Cure Costs, if any.  All Supplemental Cure Objections must: (i) state, with specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any; (ii) include appropriate documentation in support thereof; and (iii) be filed no later than 4:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the date of service of such Supplemental Cure Notice, which date will be set forth in the Supplemental Cure Notice.

26.     If a Contract Counterparty files a Supplemental Cure Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors shall seek an expedited hearing before the Court to determine the Cure Costs, if any, and approve the assumption of the relevant Contracts.  If there is no such objection, then the Debtors shall obtain an order of this Court fixing the Cure Costs and approving the assumption of any Contract listed on a Supplemental Cure Notice.

27.     If there are no Cure Objections or Supplemental Cure Objections, or if a Contract Counterparty does not file a Cure Objection or a Supplemental Cure Notice in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court establishing an alternative Cure Cost, (i) the Cure Costs, if any, set forth in the Cure Notice (or Supplemental Cure Notice) shall be controlling, notwithstanding anything to the contrary in any Contract or any other document, and (ii) the Contract Counterparty will be deemed to have consented to the assumption or assumption and assignment of the Contract and the Cure Costs, if any, and will be forever barred from objecting to the assumption or assumption and assignment of such Contract and rights thereunder, including the Cure Costs, if any, and from asserting any other pre-closing claims related to such Contract against the Debtors or the Successful Bidder, or the property of any of them.

28.     Cigna Health and Life Insurance Company provides medical, dental, and pharmaceutical coverage for the Debtors' employee benefits plan under three separate insurance policies (collectively, the "**Cigna Policies**").  Notwithstanding anything in this Order to the contrary, unless Cigna and the Debtors agree otherwise, the Debtors shall provide to Cigna, through its counsel of record, with email, no later than three (3) business days prior to the Sale Hearing, written notice of Debtors' irrevocable (subject to closing of the proposed Sale and as

15

otherwise provided herein) decision as to whether or not the Debtors propose to assume and assign the Cigna Policies to the Stalking Horse Purchaser or the Successful Bidder, as applicable as part of the proposed Sale; provided that, the Debtors or the Stalking Horse Purchaser or the Successful Bidder, as applicable, may seek relief from the Court on an expedited basis regarding the reconsideration of any such decision prior to the closing of a Sale..

**Notice Procedures**

29.      The form of the Sale Notice and the Cure Notice annexed hereto are hereby approved, and are appropriate and sufficient for all purposes and no other or further notice shall be required.  No finding or ruling is made in this Order as to the merits of any motion for approval of the Sale.

30.      As soon as reasonably practicable upon entry of this Order, the Debtors will cause the Sale Notice, substantially in the form attached hereto as **Schedule 2**, to be served on (a) the Service Parties, and (b) any parties that have expressed written interest in pursuing a potential transaction in connection with the marketing process.

31.      As soon as practicable following the entry of this Order, the Debtors shall cause the Sale Notice to be published once in the national edition of *The Wall Street Journal* and the *Automotive News*.  The Debtors shall also post the Sale Notice on the Debtors' restructuring website, http://kccllc.net/lordstown.

32.      Failure to timely file an objection in accordance with this Order shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, or consummation of the Sale, and shall be deemed to constitute consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto including, without limitation, for purposes of section 363(f) of the Bankruptcy Code.

33.    All parties (whether or not Qualified Bidders) that participate in the bidding process shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Order (including any disputes relating to the bidding process, the Auction, and/or the Sale) to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, and (b) waived any right to jury trial in connection with any disputed relating to any of the foregoing matters.

34.    Notwithstanding anything to the contrary herein, nothing in this Order shall prevent the Committee from filing a motion to terminate the bidding process at any point if the Committee determines, in its judgment, that continuation of the bidding process would not benefit the estates and their creditors, and nothing herein shall prejudice the Debtors' rights in objecting (or otherwise with respect) to such motion or the relief sought therein.

35.    For the avoidance of any doubt, nothing in this Order shall constitute (a) approval of any Sale, (b) a finding that any property is or is not property of the Debtors' estates, (c) a finding regarding the rights or interests that any party may have with respect to property of the Debtors' estates or property that is in the possession, custody, or control of any Debtor, (d) a determination regarding whether a Sale of any property may occur absent an adversary proceeding pursuant to Bankruptcy Rule 7001, or (e) waiver of the rights of any party in interest to seek to modify, extend, or vacate the deadlines set forth herein.  The rights of the Debtors, the Committee, and all other parties in interest are fully reserved with respect to these issues.

36.    The Debtors are hereby authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established by this Order.

AMERICAS 124371612

37.     In the event there is any conflict between this Order and the Bidding Procedures, the terms and conditions of this Order shall govern and control in all respects.

38.     The requirements set forth in Local Rules 6004-1 and 9013-1 are hereby satisfied, modified, or waived.

39.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: August 8th, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

18