**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re:  Docket No. 182** |

**DECLARATION IN SUPPORT OF RETENTION OF HAYNES AND BOONE, LLP
AS PROFESSIONAL UTILIZED IN ORDINARY COURSE OF BUSINESS**

I, David P. Bender, Jr., pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief.

1. I am a partner of Haynes and Boone, LLP, located at 2323 Victory Avenue, Suite 700, Dallas, TX 75219 (the "**Firm**"), which has been retained by one or more of the debtors or debtors in possession (collectively, the "**Debtors**"), in the above captioned Chapter 11 Cases, in the ordinary course of the Debtors' businesses.  The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services.  This Declaration is submitted in compliance with the *Order (A) Authorizing Retention and Payment of Professionals Utilized in the Ordinary Course of Business and (B) Granting Other Related Relief* (the "**Ordinary Course Professionals Order**").  I have

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

reviewed the Ordinary Course Professionals Order, and I understand the limitations on compensation and reimbursement under such order.

2. On January 27, 2022, the Debtors retained the Firm to provide professional legal services (the "**Services**"). The Services include the following: consultation and advice concerning insurance coverage and insurance recovery strategy.

3. The Firm may have performed services in the past two (2) years, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases, including Arthur J. Gallagher Risk Management Services, Inc., AT&T Business Direct, AT&T MOBILITY-CC, AT&T MOBILITY-CC, Baker Hostetler, Blackrock, Blackrock Institutional Trust Company, N.A., CITIC Dicastal Co., Ltd., Comcast Holdings Corporation dba Comcast Cable Communication Management LLC, David T. Hamamoto, JP Morgan Asset Management, JP Morgan Chase Bank, N.A., JP Morgan Institutional Investments Global Liquidity, JP Morgan Prime, JP Morgan Securities, and thyssenkrupp Materials NA, Inc. dba Ken-Mac Metals or thyssenkrupp Steel Services. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 cases, or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

5.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

6.      The Firm intends to bill the Debtors for professional services rendered in connection with the Chapter 11 Cases, in accordance with the Ordinary Course Professionals Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtors and their current standard rates are:

| Timekeeper | Hourly Rate |
| --- | --- |
| • David Bender | $1,075 |
| • Benjamin Mesches | $1,150 |
| • Joseph Balice | $850 |
| • Caroline Ford | $775 |
| • Chance Fletcher | $630 |
| • Genevieve Hornak | $400 |

7.      The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature. The rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals/other professionals and to cover fixed and routine overhead expenses.

8.      It is the Firm's policy to charge its clients for all other expenses incurred in connection with a client's representation. The expenses charged to clients include, among other things, travel expenses and charges for items and services such as computerized legal research, long distance telephone, faxes, copying, document or image productions, specialized word processing services, secretaries' overtime work, and other non-overhead expenses. The Firm will

charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

9. No representations or promises have been received by the Firm, nor by any principal, partner, director, officer, or professional thereof, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

10. As of June 27, 2023 (the "**Petition Date**"), the Debtors owed the Firm $4,340.00 for fees and expenses incurred for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

11. As of the Petition Date, the Firm held a prepetition retainer of $0.

12. The Firm does keep time records in one-tenth of an hour increments in the ordinary course of business.

13. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

14. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its retention, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 9, 2023

                                                                  _/s/ David P. Bender, Jr._
David P. Bender, Jr.
Partner
Haynes and Boone, LLP
6000 Headquarters Dr., Suite 200
Plano, TX 75024
972.739.8785
david.bender@haynesboone.com