## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lordstown Motors Corp., *et al.*,[1] | ) | Case No. 23-10831 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### DEBTORS' MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR "DEBTORS' MOTION UNDER BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT BY AND AMONG THE DEBTORS AND KARMA AUTOMOTIVE LLC"

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this motion (this "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), scheduling a hearing and shortening the notice and objection periods for the *Debtors' Motion Under Bankruptcy Rule 9019 For Entry of An Order Approving the Settlement By and Among the Debtors and Karma Automotive LLC* (the "**Settlement Motion**").[2]  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Settlement Motion or the Settlement Agreement, as applicable.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for the relief requested by this Motion to Shorten are sections 102(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1.

3.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

4.     On June 27, 2023, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") for these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.     The factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions*

[D.I. 15].  Additional and relevant information and background with respect to the relief sought in this Motion to Shorten is set forth in the Settlement Motion.

6.      As this Court is aware, the Debtors' disputes with Karma are one of the largest issues looming over these cases.  Karma claims to both have an ownership interest in much of the Debtors' property and to be by far the largest creditor of these estates.  While the Debtors dispute both of these points, resolution of these disputes will require a time-consuming and expensive jury trial.  In order to avoid the need for this jury trial and to remove the substantial solvency risk to the estates posed by Karma's pending claims, the Debtors have reached an agreement to resolve all issues with Karma (the "**Settlement Agreement**").  Both parties agree that time is of the essence in connection with approval and implementation of the Settlement Agreement in light of the rapidly approaching trial date, the need for both sides to prepare for that trial and Karma's position that the current trial date remain in place until the Settlement Agreement is approved by this Court.  In addition, further urgency exists given the upcoming stalking horse and bid deadlines in the Bid and Auction Procedures Order.  Accordingly, the Settlement Agreement provides, among other things, that (a) the Debtors file the Settlement Motion no later than August 15, 2023 and (b) the parties obtain an order approving the Settlement Agreement no later than August 28, 2023.

## RELIEF REQUESTED

7.      The Debtors request under sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1, that the Court (i) schedule the Settlement Motion to be heard at its convenience on or before August 28, 2023 (the "**Hearing**"), (ii) shorten the period for notice of the hearing on the Settlement Motion with objections, if any,

to be filed no later than 4:00 p.m. (Eastern Daylight Time) two (2) business days prior to the Hearing (the "**Objection Deadline**").

## BASIS FOR RELIEF REQUESTED

8.    Under section 102(1) of the Bankruptcy Code, the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing that is appropriate under the circumstances.  11 U.S.C. § 102(1).

9.    Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

10.    Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Bankruptcy Rule 2002(a)(2) requires twenty-one (21) days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . ."  Fed. R. Bankr. P. 2002(a)(2).  Local Rule 9006-1(e) further provides in relevant part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the period reduced.").  Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date."  Del. Bank. L.R. 9006-1(c)(ii).

11.    Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P.

RLF1 29422429v.2
RLF1 29422429v.2

9006(c)(1).  In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Tex. Nat'l Bank (In re Hester),* 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

12.      Indeed, as stated in Bankruptcy Code § 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell* Int'l *Corp. v. Harnischfeger Indus., Inc. (In re* Harnischfeger *Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

13.      Good cause exists to expedite consideration of the Settlement Motion.  As the Court is aware, the Karma dispute has been the subject of extensive and hotly-contested litigation and is currently set for trial, starting on September 12, 2023.  If approved by this Court, the Settlement Motion will resolve all of these issues and obviate the need for the September 2023 trial before the California District Court.  The Debtors respectfully submit that having the Court consider approval of the Settlement Motion as soon as possible is necessary and appropriate for a number of reasons. **First**, prompt consideration of the Settlement Motion will avoid ongoing, time consuming, and estate resource depleting trial preparation.  If the Court grants the Settlement Motion, the Debtors can immediately cease incurring significant legal expenses in preparing to take the California District Court Action to trial, to the benefit of all stakeholders in these Chapter 11 Cases. Moreover, consideration and approval of the Settlement Motion will enable the Debtors'

management to focus on the Debtors' operations and moving these Chapter 11 Cases forward, rather than being distracted with trial preparation. ***Second***, resolution of the California District Court Action will materially benefit these Chapter 11 Cases by resolving open issues raised by Karma, and noted by this Court, with respect to the Debtors' ongoing sales process. Approval of the Settlement Motion will resolve any cloud of doubt regarding the Debtors' ability to sell assets that may or may not incorporate intellectual property that Karma has alleged was misappropriated insofar as Karma has agreed to provide the Debtors with a non-exclusive, transferable, royalty-free perpetual license to use any of Karma's technology, trade secrets, and related materials and property in Debtors' possession on the terms set forth in greater detail in the Settlement Motion. Without question, resolving the disputed issues of ownership of the Debtors' intellectual property in advance of the September 8, 2023 bid deadline will significantly advance these Chapter 11 Cases. ***Third***, the Debtors and Karma have agreed that time is of the essence in seeking approval and consummating of the settlement contemplated by the Settlement Motion. Prompt approval of the Settlement Motion at the Hearing is necessary and in the best interest of the Debtors, their estates, and all of the Debtors' stakeholders. The Debtors have proposed the Objection Deadline of two (2) business days prior to the Hearing. The proposed Objection Deadline will provide any parties-in-interest with a reasonable amount of time to file any written objections to the Settlement Motion, while also giving the Debtors and other constituencies a fair opportunity to analyze and consider any objections to the Settlement Motion in preparation for the Hearing. For the foregoing reasons, the Debtors respectfully submit that allowing the Settlement Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

RLF1 29422429v.2
RLF1 29422429v.2

## **COMPLIANCE WITH LOCAL RULE 9006-1(e)**

14.     Prior to filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee, counsel to Karma, and counsel to the Creditors' Committee of the relief requested in this Motion to Shorten.  As of the filing of this Motion to Shorten, each of the counsel to Karma and counsel to the Creditors' Committee has confirmed that it has no objection to the Court granting the relief requested in this Motion to Shorten.  The U.S. Trustee has not taken a position with regard to the relief requested in this Motion to Shorten.

## **NOTICE**

15.     Notice of this Motion to Shorten shall be provided on the date hereof to the following parties, or, in lieu thereof, their counsel:  (i) the U.S. Trustee; (ii) Karma; (iii) Foxconn; (iv) the Creditors' Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16.     No previous request for the relief sought herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten and such other and further relief as may be just and proper.

Dated: August 15, 2023

Respectfully submitted,

_____/s/ Jason M. Madron_____

**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
James F. McCauley (No. 6991)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
mccauley@rlf.com

*Proposed Co-Counsel to Debtors and*
*Debtors in Possession*

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors in Possession*