IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 200, 226** |

### CERTIFICATION OF NO OBJECTION REGARDING "DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP TO PROVIDE AUDIT SERVICES TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE AND (B) GRANTING OTHER RELATED RELIEF" [D.I. 200]

The undersigned hereby certifies that, as of the date hereof, he has received no answer, objection, or any other responsive pleading to the *Debtors' Application For Entry Of An Order (A) Authorizing the Retention and Employment of KPMG LLP to Provide Audit Services to the Debtors Effective As Of the Petition Date and (B) Granting Other Related Relief* [D.I. 200] (the "**Application**") filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**") on July 27, 2023.

The undersigned further certifies that he has reviewed the Court's docket in these cases and no answer, objection, or other responsive pleading to the Application appears thereon. Pursuant to the *Re-Notice of "Debtors' Application For Entry Of An Order (A) Authorizing the Retention and Employment of KPMG LLP to Provide Audit Services to the Debtors Effective As*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29475867v.1

*Of the Petition Date and (B) Granting Other Related Relief" and Hearing Thereon*, filed and served on August 3, 2023 [D.I. 226], responses to the Application were to be filed no later than 4:00 p.m. (Eastern Daylight Time) on August 10, 2023.  The Debtors therefore respectfully request that the proposed form of order attached hereto as **Exhibit A**, which is materially in the same form filed with the Application, be entered at the earliest convenience of the Court.

[*Remainder of page intentionally left blank.*]

RLF1 29475867v.1

Dated: August 15, 2023

Respectfully submitted,

    */s/ Jason M. Madron*
**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
James F. McCauley (No. 6991)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
mccauley@rlf.com

*Proposed Co-Counsel to Debtors and Debtors in Possession*

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MWF)<br><br>(Jointly Administered)<br><br>**Re: D.I. 200, 226** |

## ORDER AUTHORIZING THE DEBTORS AND DEBTORS-IN-POSSESSION TO RETAIN AND EMPLOY KPMG LLP TO PROVIDE AUDIT SERVICES EFFECTIVE AS OF THE PETITION DATE

Upon the application, dated July 27, 2023 [D.I. 200] (the "**Application**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 2014-1, 2016-1 and, and 2016-2(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing them to retain and employ KPMG LLP ("**KPMG**") to provide audit services to the Debtors in the above-captioned chapter 11 cases, (collectively, the "**Chapter 11 Cases**") effective as of the Petition Date,[2] on the terms set forth in the Agreements between the Debtors and KPMG, a copy of which is attached to the Application as **Exhibit C,** and upon the Declaration of Scott Stelk, a Certified Public Accountant and partner

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

RLF1 29475867v.1

at KPMG (the "**Stelk Declaration**") in support thereof; and the Court being satisfied based on the representations made in the Application and in the Declaration that KPMG represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Agreements are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as modified herein.

2. In accordance with sections 327(a) and 328(a) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1, 2016-1 and 2016(h), the Debtors are authorized to retain and employ KPMG to provide audit services to the Debtors, effective as of the Petition Date, on the terms set forth in the Application and the Agreements, as modified by this Order.

3. KPMG shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, the Interim Compensation Order and any other applicable orders of this Court.

4. The terms and conditions of the Agreements, as modified by this Order, are

approved.

5. KPMG will file monthly, interim, and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Agreements, as modified by this Order.

6. To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Court and serve such engagement letter(s) upon the United States Trustee, and counsel to the Official Committee of Unsecured Creditors. To the extent any of such parties object, within 14 days of such new engagement letter(s) being filed and served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

7. Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide 10 business days' notice to the Debtors and the United States Trustee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

8. Notwithstanding anything in the Application or the Agreements to the contrary, KPMG shall (i) to the extent that KPMG uses the services of independent contractors,

subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

9. Notwithstanding anything in the Application or the Agreements to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

10. During the pendency of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.