**Exhibit A**

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.*,<br><br>               Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 199** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BAKER & HOSTETLER LLP AS SPECIAL LITIGATION AND CORPORATE COUNSEL FOR THE DEBTORS EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for an order (this "**Order**"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Debtors to retain the firm of Baker & Hostetler LLP ("**Baker**") as special litigation and corporate counsel in these Chapter 11 Cases *nunc pro tunc* to the Petition Date; and upon the *Declaration of Michael A. VanNiel in Support of Debtors' Application for Order Authorizing the Retention and Employment of Baker & Hostetler LLP as Special Litigation and Corporate Counsel for the Debtors Effective Nunc Pro Tunc to the Petition Date*, attached to the Application as **Exhibit A**; and due and adequate notice of the Application having been given; and it appearing that no other or further notice need be provided; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that the relief requested by the Application is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** to the extent set forth herein and approved effective as of the Petition Date.

2. In accordance with section 327(e) of the Bankruptcy Code and, with respect to Baker's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtors are hereby authorized to employ and retain Baker as special litigation and corporate counsel in these Chapter 11 Cases for the Corporate Matters and the Karma Matter, in accordance with Baker's discounted hourly rates and disbursement policies as contemplated in the Application.

3. For the avoidance of any doubt, Baker shall not represent any party with respect to any issue or claim involving, related to, or on account of indemnification, contribution, or reimbursement among the Debtors' officers and directors and the Debtors.

4. Notwithstanding anything to the contrary in the Application, the Debtors' retention of Baker pursuant to this Order shall not include the matters set forth in paragraphs 7(b)-(p) of the Application, including the Cohen Matter, the Thai Matter, and the Cormier Matter. Any retention of Baker by the Debtors with respect to such matters shall be subject to further order of the Court.

5. Baker shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, an any other orders entered in these

Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

6. Prior to any increases in Baker's hourly rates to be charged in these Chapter 11 Cases, Baker shall file a supplemental declaration with the Court and provide 10 business days' notice to the Debtors, the U.S. Trustee, and the official committee of unsecured creditors. The Debtors, the U.S. Trustee, any official committee and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Baker will review its files periodically throughout these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Baker will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration disclosing such relevant information.

8. To the extent there are any inconsistencies between the Engagement Letters, the Application, and this Order, the terms of this Order shall govern.

9. Nothing herein shall prejudice the Debtors' rights to seek one or more further orders of the Court to retain Baker with respect to additional matters or the rights of any other parties in interest with respect to any such requests.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.