# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.,* | Case No. 22-10831 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 131, 259** |

**MOTION OF HON HAI PRECISION INDUSTRY CO., LTD. (A/K/A HON HAI TECHNOLOGY GROUP), FOXCONN EV TECHNOLOGY, INC., AND FOXCONN EV SYSTEM LLC TO APPROVE THE MANNER OF NOTICE OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONVERT THE BANKRUPTCY CASES**

Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, the "Movants" or "Foxconn")[2] by and through their undersigned counsel, hereby move (this "Motion") as follows:

### RELIEF REQUESTED

1. By this Motion, Foxconn moves for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of the Bankruptcy Code and Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the manner of notice of the *Motion of Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC to Dismiss, or, in the Alternative, Convert the Bankruptcy Cases* (D.I. 131) (the "Motion to Dismiss") provided to the Debtors' equity holders (the "Equity Holders").

---

[1] The debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101) (collectively, the "Debtors"). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] The Movants are limited to those entities named in the Debtors' Adversary Complaint (as defined in the Motion to Dismiss) that are subject to the jurisdiction of this Court. At the appropriate time and if necessary, Foxconn will seek relief for those entities that are without the Court's jurisdiction.

1

## JURISDICTION

2.	The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.	The Movants confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.	On July 20, 2023, Foxconn filed the Motion to Dismiss.

5.	As set forth in greater detail below, Bankruptcy Rules 2002(a)(4) and (d) require that notice of the hearing on the Motion to Dismiss be provided to all of the Debtors' creditors and the Equity Holders. Foxconn understands from the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), that the creditor matrix includes approximately 5,500 parties, and the Debtors have more than 100,000 Equity Holders. Of those Equity Holders, 23,000 require hard copy service. To complete hard copy service of a notice, KCC provides the notice to Broadridge Financial Services, Inc. ("Broadridge"), which then forwards the notice to (a) the Equity Holders directly or (b) the Equity Holders' respective nominees, who then forward the notice to the Equity Holders in the manner agreed between the nominees and Equity Holders. Foxconn understands that it typically takes a minimum of several weeks for Equity Holders to

receive notice through this process. Further, KCC informed Foxconn that the cost of serving a one-page, hard copy notice on the approximately 23,000 Equity Holders would cost approximately $75,000.

6.      The remaining Equity Holders have opted into receiving electronic service of notices from Broadridge and/or their nominees and therefore do not require hard copy service. KCC informed Foxconn that the cost of serving the same one-page notice electronically on the remaining Equity Holders is approximately $40,000. Accordingly, the total cost of serving all Equity Holders is approximately $115,000.

7.      Foxconn conferred with the Debtors with respect to the scheduling of the Motion to Dismiss, and the parties exchanged forms of proposed scheduling orders. The parties were unable to reach an agreement with respect to scheduling, however, as Foxconn believed the Motion to Dismiss should be scheduled for a hearing date in mid-September and the Debtors believed the Motion to Dismiss should go forward at the omnibus hearing scheduled for August 30, 2023.

8.      Because the Motion to Dismiss had not been scheduled for a hearing given the scheduling dispute, Foxconn did not file and serve a notice of hearing for the Motion to Dismiss.

9.      On August 14, 2023, the Debtors filed a Form 10-Q providing notice to the public, including the Equity Holders, of the pendency of the Motion to Dismiss. The Form 10-Q provides, in relevant part:

> On July 20, 2023, Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC filed a motion to dismiss the Chapter 11 Cases or to convert the cases under Chapter 7 of the Bankruptcy Code (the "Foxconn Motion to Dismiss"). The movants allege that the Debtors filed the Chapter 11 Cases in bad faith, that the Debtors do not have a reasonable likelihood of rehabilitation, and that dismissal or conversion would benefit the Debtors' creditors. The Debtors believe that there are strong defenses to the movants' assertions and intend to vigorously oppose the motion. However, no assurances can be given regarding the outcome of the motion.
>
> ***

> On July 20, 2023, certain Foxconn entities filed the Foxconn Motion to Dismiss. See Note 1 — Description Of Organization And Business Operations. The movants allege that the Debtors filed the Chapter 11 Cases in bad faith, that the Debtors do not have a reasonable likelihood of rehabilitation, and that dismissal or conversion would benefit the Debtors' creditors. The Debtors believe that there are strong defenses to the movants' assertions and intend to vigorously oppose the motion. However, no assurances can be given regarding the outcome of the motion. If confirmation by the Bankruptcy Court of a Plan does not occur, or if the Bankruptcy Court otherwise finds that it would be in the best interest of holders of claims and interests or upon the showing of cause, the Bankruptcy Court may convert the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code. In such event, a Chapter 7 trustee would be appointed or elected to liquidate the Company's assets for distribution in accordance with the priorities established by the Bankruptcy Code. The condensed consolidated financial statements do not include any adjustments relating to the recoverability and classification of recorded asset amounts or the amounts and classification of liabilities that might result from the outcome of this uncertainty. As a result of these and other circumstances, there is substantial doubt regarding our ability to continue as a going concern, The value available to our various stakeholders, including our creditors and stockholders, is highly uncertain. The trading prices for our securities may bear little or no relationship to the actual recovery, if any, by holders of our securities in the Chapter 11 Cases, if any.

Form 10-Q (Aug. 14, 2023), available at sec.gov/Archives/edgar/data/1759546/0001558370230 14898/ride-20230630x10q.htm. The Form 10-Q further provides that all documents filed with the Bankruptcy Court are available at KCC's website. *Id.*

10. On August 15, 2023, the Court held a scheduling conference regarding to the Motion to Dismiss. At the hearing, the Court ruled that the Motion to Dismiss will go forward on August 28, 2023, at 10:30 a.m. (ET), less than two weeks after the scheduling conference.

11. On August 16, 2023, Foxconn filed a notice of hearing (D.I. 259) (the "<u>Hearing Notice</u>") for the Motion to Dismiss.

12. Due to the hard copy service process for the Equity Holders, hard copy service of the Hearing Notice would not be effective as the Equity Holders would not receive the Hearing Notice until after the August 28 hearing date. Accordingly, in lieu of hard copy service, Foxconn

had the Hearing Notice (modified for publication and attached hereto as **Exhibit B**) published in the *New York Times* on August 21, 2023.

13. The Hearing Notice was otherwise served on (i) the creditor matrix and (ii) the Equity Holders that opted into electronic service.

## BASIS FOR RELIEF

14. Bankruptcy Rule 2002(a)(4) requires "the clerk, or some other person as the court may direct [to] give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the hearing on the dismissal of the case or conversion of the case to another chapter . . . ." Fed. R. Bankr. P. 2002(a)(4). Further, Bankruptcy Rule 2002(d) requires "the clerk, or some other person as the court may direct, shall in the manner and form directed by the court give notice to all equity security holders of . . . the hearing on the dismissal or conversion of a case to another chapter . . . ." Fed. R. Bankr. P. 2002(d).

15. Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed R. Bankr. P. 9007. Section 105(a) of the Bankruptcy Code further provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16. The Court should approve the manner of notice of the Motion to Dismiss provided to the Equity Holders as appropriate and adequate under Bankruptcy Rules 2002 and 9007. Due to the timing of the August 28 hearing and the service process attendant to hard copy service to Equity Holders through Broadridge and the Equity Holders' respective nominees, the approximately 23,000 Equity Holders almost certainly would not receive the Hearing Notice until after the hearing on the Motion to Dismiss, defeating the entire purpose of service of the Hearing Notice.

Accordingly, instead of incurring $75,000 in service-related expense to complete ineffective service of the Hearing Notice, Foxconn instead opted for a more practical, effective manner of service of the Hearing Notice on the Equity Holders. As described above, that manner of service was to publish the Hearing Notice in the *New York Times*, a nationally circulated and widely read publication. Such publication was the only practical and effective means of providing service of the Hearing Notice to the Equity Holders available.[3]

17.     Further, in addition to publication of the Hearing Notice in the *New York Times*, the Debtors' August 14, 2023 Form 10-Q provided notice to the public, including the Equity Holders, of the pendency of the Motion to Dismiss. The Form 10-Q further provided that all documents filed in these chapter 11 cases, which includes the Motion to Dismiss, are available on KCC's website. Therefore, by reviewing the Form 10-Q, the Equity Holders have sufficient information to find the Motion to Dismiss and the Hearing Notice.

18.     For the foregoing reasons, the manner of notice Foxconn provided to the Equity Holders is adequate and appropriate and should be approved.

---

[3] Indeed, the Delaware Bankruptcy Court regularly approves the publication of notices, including notices related to confirmation of chapter 11 plans and the establishment of bar dates, as appropriate and adequate notice.

## **CONCLUSION**

For the foregoing reasons, Foxconn respectfully requests this Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the manner of notice of the Motion to Dismiss on the equity holders.

| | |
|---|---|
| Dated: August 21, 2023<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Matthew O. Talmo*<br>Robert J. Dehney (No. 3578)<br>Matthew B. Harvey (No. 5186)<br>Matthew O. Talmo (No. 6333)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: rdehney@morrisnichols.com<br>       mharvey@morrisnichols.com<br>       mtalmo@morrisnichols.com<br><br>-and-<br><br>**PAUL HASTINGS LLP**<br>Matthew M. Murphy<br>Matthew Micheli<br>Michael C. Whalen<br>71 South Wacker Drive Suite 4500<br>Chicago, IL  60606<br>Telephone: (312) 499-6000<br>Facsimile: (312) 499-6100<br>Email: mattmurphy@paulhastings.com<br>       mattmicheli@paulhastings.com<br>       michaelcwhalen@paulhastings.com<br><br>-and-<br><br>Kevin P. Broughel<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (312) 319-4090<br>Email: kevinbroughel@paulhastings.com<br><br>*Counsel to Foxconn* |