# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 278** |

**MOTION OF HON HAI PRECISION INDUSTRY CO., LTD. (A/K/A HON HAI TECHNOLOGY GROUP), FOXCONN EV TECHNOLOGY, INC., AND FOXCONN EV SYSTEM LLC FOR ENTRY OF AN ORDER SHORTENING NOTICE OF MOTION TO APPROVE THE MANNER OF NOTICE OF ITS MOTION TO DISMISS, OR, IN THE ALTERNATIVE, CONVERT THE BANKRUPTCY CASES**

Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, the "Movants" or "Foxconn")[2] by and through their undersigned counsel, hereby move (this "Motion to Shorten") as follows:

## RELIEF REQUESTED

1. Foxconn seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening notice of the *Motion of Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC to Approve the Manner of Notice of its Motion to Dismiss, or, in the Alternative, Convert the Bankruptcy Cases* (the "Motion"),[3] requesting that the Motion be heard at the hearing

---

[1] The debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101) (collectively, the "Debtors"). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] The Movants are limited to those entities named in the Debtors' Adversary Complaint (as defined in the Motion to Dismiss) that are subject to the jurisdiction of this Court. At the appropriate time and if necessary, Foxconn will seek relief for those entities that are without the Court's jurisdiction.

[3] Capitalized terms used but not otherwise defined herein are defined in the Motion.

scheduled for August 28, 2023 at 10:30 a.m. (ET) (the "Hearing") with objections to the Motion, if any, required to be made at or before the Hearing, and granting such other relief as the Court deems just and proper.

## JURISDICTION

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Movants confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to Shorten to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), as supplemented by rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(e).

## BACKGROUND

5. On July 20, 2023, Foxconn filed the *Motion of Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System*

*LLC to Dismiss, or, in the Alternative, Convert the Bankruptcy Cases* (D.I. 131) (the "Motion to Dismiss").

6.  As set forth in greater detail in the Motion, Bankruptcy Rules 2002(a)(4) and (d) require that notice of the hearing on the Motion to Dismiss be provided to all of the Debtors' creditors and the Equity Holders. Foxconn understands from the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC ("KCC"), that the creditor matrix includes approximately 5,500 parties, and the Debtors have more than 100,000 Equity Holders. Of those Equity Holders, 23,000 require hard copy service. To complete hard copy service of a notice, KCC provides the notice to Broadridge Financial Services, Inc. ("Broadridge"), which then forwards the notice to (a) the Equity Holders directly or (b) the Equity Holders' respective nominees, who then forward the notice to the Equity Holders in the manner agreed between the nominees and Equity Holders. Foxconn understands that it typically takes a minimum of several weeks for Equity Holders to receive notice through this process. Further, KCC informed Foxconn that the cost of serving a one-page, hard copy notice on the approximately 23,000 Equity Holders would cost approximately $75,000.

7.  On August 15, 2023, the Court held a scheduling conference regarding to the Motion to Dismiss. At the hearing, the Court ruled that the Motion to Dismiss will go forward on August 28, 2023, at 10:30 a.m. (ET), less than two weeks after the scheduling conference.

8.  On August 16, 2023, Foxconn filed a notice of hearing (D.I. 259) (the "Hearing Notice") for the Motion to Dismiss.

9.  Due to the hard copy service process for the Equity Holders, hard copy service of the Hearing Notice would not be effective as the Equity Holders would not receive the Hearing

Notice until after the August 28 hearing date. Accordingly, in lieu of hard copy service, Foxconn had the Hearing Notice published in the New York Times on August 21, 2023.

10. The Hearing Notice was otherwise served on (i) the creditor matrix and (ii) the Equity Holders that opted into electronic service.

## BASIS FOR RELIEF

11. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

12. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

13. Cause exists to shorten notice of the Motion as requested herein. Pursuant to the Court's ruling at the August 15 scheduling conference, the Motion to Dismiss is scheduled for August 28, 2023, at 10:30 a.m. (ET). At that time, the Court will consider the merits of the Motion to Dismiss and the positions of parties in interest with respect to it, including any objections or statements of support. In considering the merits of the Motion to Dismiss, the Court should be satisfied that parties in interest, including the Equity Holders, received adequate notice. It would

neither be practical nor efficient for the Court to consider the Motion to Dismiss at the August 28 hearing, and then later consider the Motion. Therefore, in the interest of judicial economy, the Court should grant the relief requested herein and consider the Motion at the August 28 hearing.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

14. The Movants conferred with the Debtors, the U.S. Trustee and the Official Committee of Unsecured Creditors (the "Committee") regarding the relief requested in the Motion and the Motion to Shorten pursuant to Local Rule 9006-1(e). Neither the Debtors nor the Committee object to shortened notice, and the U.S. Trustee does not take a position.

### NOTICE

15. Notice of this Motion to Shorten will be provided to: (i) the Debtors; (ii) the U.S. Trustee; (iiii) the Committee; and (iv) any parties that have filed a notice of appearance in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

### CONCLUSION

For the foregoing reasons, Foxconn respectfully requests this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated: August 21, 2023
       Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
       mharvey@morrisnichols.com
       mtalmo@morrisnichols.com

-and-

**PAUL HASTINGS LLP**
Matthew M. Murphy
Matthew Micheli
Michael C. Whalen
71 South Wacker Drive Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: mattmurphy@paulhastings.com
       mattmicheli@paulhastings.com
       michaelcwhalen@paulhastings.com

-and-

Kevin P. Broughel
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (312) 319-4090
Email: kevinbroughel@paulhastings.com

*Counsel to Foxconn*