**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 131 & 281** |

**DECLARATION OF JEFFREY FINGER IN SUPPORT OF**
**DEBTORS' OBJECTION TO FOXCONN'S MOTION**

I, Jeffrey Finger, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I submit this declaration (this "**Declaration**") in support of the *Debtors' Objection to Foxconn's Motion to Dismiss, or in the Alternative, Convert the Bankruptcy Cases*.

2. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received from other members of the Debtors' management team, the Debtors' advisors, and discussions with certain other professionals at Jefferies LLC ("Jefferies"). If I were called to testify, I could and would testify competently to the facts set forth herein.

3. I am a Managing Director and Co-Head of US Debt Advisory & Restructuring at Jefferies, an investment banking, and financial advisory firm with principal offices located at 520 Madison Avenue, New York, New York 10022, as well as at other locations worldwide.

[1] The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), along with the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

4. Jefferies provides a broad range of corporate advisory services to its clients including, without limitation, services relating to the following: (a) financial advice; (b) mergers, acquisitions, and divestitures; (c) special committee assignments; (d) capital raising; and (e) corporate restructurings. Jefferies and its senior professionals have extensive experience in the reorganization and restructuring of distressed companies, both out of court and in chapter 11 proceedings. Jefferies has advised debtors, creditor, and equity constituencies, and purchasers in many reorganizations in the United States and worldwide. Since 2007, Jefferies has been involved in over 250 restructurings representing over $550 billion in restructured liabilities.

5. I have advised both companies and creditors in financial restructurings and distressed mergers and acquisitions, raised capital for troubled companies, and represented debtors and creditor constituencies in bankruptcy proceedings. Before joining Jefferies in 2016, I was a partner in the financial restructuring group of Centerview Partners LLC, which I joined in 2012. Before joining Centerview Partners LLC, I was a managing director at Miller Buckfire & Co., a boutique investment bank where I focused on financial restructuring from 2001 to 2011. I have an MBA from the University of Chicago Booth School of Business and a BA from the University of Michigan.

6. The Debtors sought the protections of the Bankruptcy Code under chapter 11 on June 27, 2023 (the "**Petition Date**").

7. In furtherance of their goal of maximizing value, the Debtors and their advisors developed bidding procedures for the marketing and sale of the Debtors' assets.

8. On the Petition Date, the Debtors filed a bidding procedures motion that would initiate a timely and efficient chapter 11 marketing and sale process to pursue and consummate a

value-maximizing sale of their assets to benefit all stakeholders.[2] Immediately thereafter, the Company and Jefferies embarked on the sales process to attract indications of interest, including for some or substantially all the Debtors' assets.

9. After initiating the sales process as part of the chapter 11 cases, the Debtors successfully attracted thirteen indications of interest from potential bidders ("**IOIs**"). Four of the IOIs are for the acquisition of all or substantially all the Debtors' assets. Four other IOIs are for a subset of the Debtors' assets. And five of the IOIs are from liquidators who would like to buy some or all the Debtors' assets either for an upfront cash fee or for a fee and a shared participation in the proceeds from their sale.

10. All potential bidders that have submitted an IOI appear to be proceeding forward with a potential sale process.

11. While it is impossible to know what the outcome of the sale process will be, it is ongoing and the Debtors have a chance to preserve the value of its business and capture that value for the benefit of stakeholders. The Debtors and Jefferies are working with the potential bidders to proceed with the sale process by the September 8 bid deadline reflected in the Bid Procedures Order.

12. Should the chapter 11 cases be dismissed, the Company would be unable to offer bidders a sale under section 363 of the bankruptcy code. In my experience advising both buyers and sellers of assets of companies in distress, potential buyers of distressed assets typically desire and often insist on a section 363 sale order in order to provide the certainty of a court order and also minimize the risk of subsequent challenges to the sale. In my experience, moreover, buyers of distressed assets will often provide greater consideration in a section 363 sale than an out-of-

[2] The Court entered an order approving the bidding procedures on August 8 [D.I. 237].

court transaction given the certainty and protections of a court order approving the sale. Additionally, I understand from Debtors' counsel that the consummation of at least certain of the IOI's received to date would require shareholder approval which would likely cause delay and also raise the execution risk of any such transaction, both to the detriment of the Debtors and their ability to maximize the value of their assets. Accordingly, given the foregoing, I believe that completing the current sale process in this bankruptcy case is superior to continuing the process out-of-court and trying to consummate any sales without a section 363 sale order.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 21, 2023

By: *\/s\/ Jeffrey Finger*
Jeffrey Finger
Co-Head of US and Managing Director and
Debt Advisory and Restructuring Group
Jefferies LLC