# Exhibit B

## (Blackline)

161810055v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>**Related Docket No. ——234** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**TROUTMAN PEPPER HAMILTON SANDERS LLP AS COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 17, 2023**

UPON CONSIDERATION of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an order, pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Committee to employ and retain the law firm of Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper") as its counsel effective as of July 17, 2023; and upon (a) the declaration of Deborah Kovsky-Apap, a partner of the firm of Troutman Pepper, in support of the Application (the "Kovsky Declaration"), and (b) the Declaration of Kim Parsons as the designee of Committee member Barry L. Leonard & Co. Inc., in its capacity as Chair of the Committee (the "Parsons Declaration"), in support of the Application; and the Court finding that (a) the Court has jurisdiction over the Application pursuant to §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and the Court being satisfied that Troutman Pepper and its

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Terms not defined herein shall have the meanings ascribed to them in the Application.

160109707v3161852679v1

professionals are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code; and Troutman Pepper's representation of the Committee being permissible under sections 328(a) and 1103(a) of the Bankruptcy Code; and it appearing that there is good and sufficient cause for the relief set forth herein; and it appearing that notice of the Application and opportunity for a hearing thereon was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED, as set forth herein.

2.      The Committee is hereby authorized to retain and employ the firm of Troutman Pepper as counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective as of July 17, 2023.

3.      Troutman Pepper shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

4.      Consistent with the Application, Troutman Pepper shall, on a monthly basis, charge the lesser of (a) the blended rate of $750/hour for all timekeepers or (b) its standard hourly billing rates for professional services rendered for such applicable month (subject to the discount of approximately 25% for certain timekeepers, as stated in the Application). If the general unsecured creditors receive a recovery of at least 50% in these chapter 11 cases,

160109707v3161852679v1

-4-

Troutman Pepper may apply to recover the difference (if any) between its standard billed rates and the blended rate, subject to further Court approval.

        45.     The Committee and Troutman Pepper are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

        56.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

        67.     Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

160109707v3161852679v1