# Exhibit B

**(Blackline)**

161810940v2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831-MFW |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. ~~___~~ 235** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF HURON CONSULTING GROUP INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF THE RETENTION DATE**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Huron Consulting Group Inc. (together with its affiliates and their respective personnel, "Huron"), as financial advisor to the Committee, effective as of July 18, 2023 (the "Retention Date"); and upon the Marcero Declaration; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Huron does not represent any adverse interest in connection with these Chapter 11 ~~c~~Cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby

ORDERED that:

1. The Application is approved as set forth therein.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

161790730v~~1~~2

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain Huron effective as of the Retention Date, as its financial advisor on the terms set forth in the Application, as modified by this Order, without the need for any further action on the part of Huron or the Committee to document such retention.

3. The indemnification provisions included in the Application are approved, subject to the following:

    a. Huron[3] shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services rendered during the Chapter 11 Cases, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b. The Debtors shall have no obligation to indemnify Huron, or provide contribution or reimbursement to Huron, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Huron's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors alleges the breach of Huron's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination of the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Huron must file an application therefore in this Court, and the Debtors may not pay any such amounts to Huron before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Huron. All parties in interest shall retain the right to

---

[3] For purposes of paragraph 3 only, the term "Huron" shall include all persons or entities entitled to indemnification under the Indemnification Provisions in the Engagement Letter.

161790730v2

      object to any demand by Huron for indemnification, contribution or reimbursement.

   4.  During the course of the Debtors' Chapter 11 Cases, the limitation of liability provisions in the Engagement Letter (including paragraph 9(b) of the General Business Terms) shall have no force or effect.

   5.  Huron shall not receive payment of attorney fees or expenses for defending its fee applications in these Chapter 11 Cases.

   ~~4~~6.  Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of the Debtors' ~~bankruptcy~~Chapter 11 ~~c~~Cases, Huron shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

   ~~5~~7.  Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of the Debtors' ~~bankruptcy~~Chapter 11 ~~c~~Cases, Huron shall have whatever fiduciary duty is imposed upon it by applicable law.

   ~~6~~8.  Huron shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order, including all information and time keeping requirements.

   ~~7~~9.  To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

   ~~8~~10.  The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

   ~~9~~11.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~10~~12.   This court shall retain jurisdiction with respect to all matters arising or related to the implementation, interpretation and enforcement of this order or disputes regarding services provided by Huron to the Committee.