**<u>Exhibit B</u>**

**Redline of Revised Order Compared Against Original Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | |
| | (Jointly Administered) |
| Debtors. | **Re: D.I. 228** |

### ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION ~~503(B)(9)~~503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM, MANNER, AND PROCEDURES OF NOTICE THEREOF, AND (C) GRANTING RELATED RELIEF

Upon the motion , dated August 4, 2013 [D.I. 228] (the "**Motion**")[2] of the Debtors for

entry of an order (this "**Order**") pursuant to sections 501, 502, and 1111(a) of the Bankruptcy

Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 1009-2, 2002-1(e), and 3003-1,

establishing Bar Dates and related procedures by which creditors[3] must file their Proofs of

Claim, and approving the form and manner of notice thereof, all as further described in the

Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein: (i) the term "claim has the meaning ascribed in section 101(5) of the Bankruptcy Code; (ii) the term "creditor" has the meaning ascribed in section 101(10) of the Bankruptcy Code; (iii) the term "entity" has the meaning ascribed in section 101(15) of the Bankruptcy Code; (iii) the term "equity security" has the meaning ascribed in section 101(16) of the Bankruptcy Code; (iv) the term "equity security holder" has the meaning ascribed in section 101(17) of the Bankruptcy Code; (v) the term "governmental unit" has the meaning ascribed in section 101(27) of the Bankruptcy Code; and (vi) the term "person" has the meaning ascribed in section 101(41) of the Bankruptcy Code.

*Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The Court hereby approves (i) the form of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 1**, **2**, and **3**, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3.       Pursuant to Bankruptcy Rule 3003(c)(2), any creditor or equity security holder who asserts a claim against the Debtors that arose, or is deemed to have arisen, prior to June 27, 2023 (the "**Petition Date**"), including claims arising under section 503(b)(9) of the Bankruptcy Code and whose claim is: (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**"); or (ii) is listed on the Schedules and (a) such claim is listed as

disputed, contingent or unliquidated, or with an amount listed as "unknown" or zero, (b) such creditor disagrees with the amount, nature and/or priority listed in the Schedules, or (c) if such creditor disagrees with the specific Debtor against which such claim is listed in the Schedules, must file a Proof of Claim on or prior to **5:00 p.m. (prevailing Eastern Time) on a date that shall be identified in the Bar Date Notice and the Publication Notice, which will be no less than forty (40) days after service of the Bar Date Notice** (the "**General Bar Date**").

4.  Notwithstanding paragraph 3 above, the deadline for governmental units to file a Proof of Claim against the Debtors is **December 26, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Governmental Bar Date**").

5.  In the event the Debtors reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, Proofs of Claim in connection with such claims arising from such rejection shall be filed on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if a governmental unit is the counterparty to the executory contract or unexpired lease); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease giving rise to the applicable rejection damages claim (the "**Rejection Damages Bar Date**").

6.  If the Debtors amend or supplement the Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of a claim; or (b) change the nature or characterization of a claim, then the affected Claimant shall file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if the amendment relates to a Claim of a Governmental Unit); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the

3

Claimant is served with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

7.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), whether or not such person or entity is or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively "**Representative Actions**"), that holds, or seeks to assert, a claim against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, claims arising under section 503(b)(9) of the Bankruptcy Code, unsecured priority claims, unsecured non-priority claims, and claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest (the holder of any such claim, the "**Claimant**"), must properly file a Proof of Claim on or before the applicable Bar Date. The Debtors, the Committee, and all other parties in interest reserve all rights with respect to any Representative Action, including without limitation with respect to: (a) whether any Proof of Claim filed in respect to a Representative Action (a "**Representative Claim**") has been properly and timely filed by the applicable Bar Date, (b) any objection or other right with respect to any Representative Action or Representative Claim, (c) the composition or membership of any class or group with respect to such Representative Action or Representative Claim, and (d) whether the proper and timely filing of a Representative Claim, if any, shall be deemed a proper and timely Proof of Claim made by each member of the related class or group of creditors.

8.     **All Proofs of Claim must be <u>actually received</u> by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC") by no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date, either by the Claimant: (i) filing such Proof of Claim electronically through KCC's website at https://www.kccllc.net/lordstown under the link entitled "Submit Electronic Proof of Claim"; (ii) mailing the original Proof of Claim by U.S. mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (iii) delivering such original Proof of Claim by overnight mail or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.**

9.     Proofs of Claim will be deemed timely filed only if they are **<u>actually received</u>** either electronically or physically by KCC on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date by one of the approved methods of delivery in paragraph 8 herein.

10.     KCC shall not accept Proofs of Claim by facsimile, telecopy, electronic mail, or other electronic submission, other than as specifically provided herein.

11.     The following requirements shall apply with respect to filing and preparing each Proof of Claim:

> (a)     Each Proof of Claim must: (i) be written in English and legible; (ii) include a claim amount denominated in United States dollars; (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant or by an authorized agent or legal representative of the Claimant, whether such signature is an electronic signature or in ink.

> (b)     Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) provide the date of shipment of goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of

delivery; (ii) set forth the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)   Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 23-10831 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Lordstown Motors Corp.

(d)   Unless otherwise ordered by the Court, each Proof of Claim must state a claim against <u>only one</u> Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

(e)   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available.  If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than ten (10) business days from the date of such request.

(f)   Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(g)   Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by KCC on or before the applicable Bar Date as follows: electronically through the claims portal at *https://www.kccllc.net/lordstown*, or if submitted by non-electronic means, by U.S. mail or other hand delivery system to, Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

(h)   Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC and (ii) a self-addressed, stamped envelope to KCC.

RLF1 29499728v.1<del>29499592v.1</del>

12.     Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(a)    a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or KCC in a form substantially similar to Official Bankruptcy Form No. 410;

(b)    a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

(d)    an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(e)    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(f)    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(g)    any claim of a Debtor against another Debtor;

(h)    any direct or indirect claim of a non-debtor subsidiary of a Debtor against a Debtor;

(i)    ~~a claim on account of indemnification, contribution or reimbursement by an officer or director of the Debtors who held such position as of the Petition Date; *provided, however*, that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the Bar Date or (ii) thirty (30) days following such resignation or termination of employment if such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;~~

(i)    any fees payable to the U.S. Trustee under 28 U.S.C. § 1930;

(j)    a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

(k)    a claim that is specifically exempted from filing a proof of claim pursuant to a separate order of the Court that is in full force and effect.

13.    Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 12 herein must still properly and timely file a Proof of Claim for any other claim that does not fall within such exemptions.

14.    For the avoidance of doubt, unless otherwise subject to one of the exceptions set forth above, each Claimant shall be required to file a Proof of Claim by the applicable Bar Date, even if such Claimant may be included in, or represented by, a Representative Claim filed against the Debtors with respect to such Claimant's claim.

15.    Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder (or any other person or entity) that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date; *provided*, *further* that an Interest Holder (or any other person or entity) that is included in, or represented by a Representative Action and/or a Representative Claim against the Debtors, must properly file timely an individual Proof of Claim on or before the applicable Bar Date.  The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

Case 23-10831-MFW    Doc 293-2    Filed 08/23/23    Page 10 of 29

16.     Within five (5) business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

(a)     all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

(b)     all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) as of the date of the Bar Date Order;

(c)     all parties that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

(d)     all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

(e)     all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date;

(f)     all known parties to litigation with the Debtors as of the date of the Bar Date Order;

(g)     the District Director of the Internal Revenue Service for the District of Delaware;

(h)     all other known taxing and regulatory authorities for the jurisdictions in which the Debtors maintains or conducts business;

(i)     the Securities and Exchange Commission;

(j)     all attorney generals for states in which the Debtors maintains or conducts business;

(k)     the Office of the United States Trustee for the District of Delaware;

(l)     all other entities listed on the Debtors' matrix of creditors;

(m)     counsel to the Committee; and

(n)     the United States Attorney General for the District of Delaware.

17.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to known Claimants.

18.     After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

19.     No later than 21 days prior to the General Bar Date, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 3**, once in (i) the *Wall Street Journal* or similar nationally circulated news publication and (ii) local newspaper, trade journal or similar publication, if any, as the Debtors deem appropriate in their discretion. The Publication Notice is hereby approved in all respects and shall be deemed good, adequate, and sufficient notice of the General Bar Date and the Governmental Bar Date by publication.

20.     Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to do so properly by the applicable Bar Date, shall, with respect to such claim, not be permitted to vote upon, or

receive distributions under, any chapter 11 plan in the Chapter 11 Cases, absent further of the Court.

21.     Nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without limitation, its rights to: (a) object to, dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.   In addition, nothing contained in this Order, the Publication Notice or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

22.     The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

23.     All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

24.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.     The Debtors and KCC are authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order.

26.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

RLF1 29499728v.1~~29499592v.1~~

**<u>EXHIBIT 1</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
|  | (Jointly Administered) |
| Debtors. |  |

**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM,**
**INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE**
**BANKRUPTCY CODE, AGAINST DEBTORS**

**(GENERAL BAR DATE IS [●], 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME))**

TO: ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS LISTED BELOW

| DEBTOR | CASE NO. |
|---|---|
| Lordstown Motors Corp. | 23-10831 (MFW) |
| Lordstown EV Corporation | 23-10832 (MFW) |
| Lordstown EV Sales LLC | 23-10833 (MFW) |

Please take notice that on June 27, 2023 (the "**Petition Date**"), Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales LLC, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") each commenced in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

**I.    DEADLINE FOR FILING CLAIMS AGAINST THE ABOVE-REFERENCED DEBTORS**

Please take further notice that on [●], 2023, the Court entered an order, Docket No. [●] (the "**Bar Date Order**")[2] establishing the following bar dates (collectively, the "**Bar Dates**") for

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

the filing of a proof of claim in the Chapter 11 Cases (the "**Proof of Claim**" or "**Proofs of Claim**," as applicable).

      **General Bar Date**.  Pursuant to the Bar Date Order, except as described below, the last date and time for all persons or entities (except governmental units) to file a Proof of Claim in the Chapter 11 Cases is **[●], 2023 at 5:00 p.m. (prevailing Eastern Time)**.

      **Governmental Bar Date**.  Pursuant to the Bar Date Order, the last date and time for all governmental units to file a Proof of Claim in the Chapter 11 Cases is **[●], 2023, at 5:00 p.m. (prevailing Eastern Time)**.

      **Rejection Bar Date**.  Pursuant to the Bar Date Order, all persons or entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code are required to file Proofs of Claim by the date that is **the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the executory contract or unexpired lease giving rise to the applicable rejection damages claim**.

      **Amended Schedule Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims affected by an amendment or supplement of the Debtors' Schedules must file Proofs of Claim **by the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of the notice of the applicable amendment or supplement to the Schedules**.

      For your convenience, enclosed with this Notice is a proof of claim form (the "**Proof of Claim Form**").  To the extent your claim is listed in the Debtors' schedules of assets and liabilities filed in these Chapter 11 Cases (collectively, the "**Schedules**"), such Proof of Claim Form identifies on its face the amount, nature and classification of your claim in the Schedules.

      Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all claims (the holder of any such claim, a "**Claimant**") against the Debtors that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including claims arising under section 503(b)(9) of the Bankruptcy Code,[3] no matter how remote or contingent.

      As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and

---

[2]    All capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to them in the Bar Date Order.  A copy of the Bar Date Order is available online free of charge at *https://www.kccllc.net/lordstown*.

[3]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of business.

the United States Trustee.  In addition, the terms "persons," "entities," and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.**

## II.    PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to be treated as a creditor for purposes of voting and distribution even if such person or entity is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM.  A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

### A.    Claims For Which No Proof of Claim is Required to Be Filed.

Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

1. a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Court or KCC in a form substantially similar to Official Bankruptcy Form No. 410;

2. a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such

3

claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

3. an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

4. an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

5. a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

6. a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

7. any claim of a Debtor against another Debtor;

8. a claim on account of indemnification, contribution, or reimbursement by an officer or director of the Debtors who held such position as of the Petition Date; *provided, however,* that any director, officer, or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employment of the Debtors following the Petition Date must file a proof of claim by the later of (i) the Bar Date or (ii) thirty (30) days following such resignation or termination of employment if such director, officer, or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or for reimbursement related to the foregoing;

8. 9. any fees payable to the U.S. Trustee under 28 U.S.C. § 1930;

9. 10. a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

10. 11. a claim that is specifically exempted from filing a proof of claim pursuant to a separate order of the Court that is in full force and effect.

4

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to paragraph A above must still properly and timely file a Proof of Claim by the applicable Bar Date for any other claim that does not fall within the exemptions provided by paragraph A above.** As set forth in paragraph A.5 above, creditors are not required to file a proof of claim with respect to any amounts paid by the Debtor. **Please take further notice that, unless otherwise exempted pursuant to paragraph A above, each Claimant must properly and timely file a Proof of Claim by the applicable Bar Date even if the Claimant is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors.**

Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date on account of such equity or ownership interest; *provided*, *however*, that an Interest Holder (or any other person or entity) that wishes to assert claims against the Debtors, including, but not limited to, claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date; *provided*, *further*, that an Interest Holder (or any other person or entity) that is included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (a "**Representative Action**"), and/or any Proof of Claim in respect of a Representative Action, must properly file timely an individual Proof of Claim on or before the applicable Bar Date. The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

## III.    WHEN AND WHERE TO FILE.

All Claimants must submit an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by KCC by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date by (i) filing such Proof of Claim electronically through KCC's website at *https://www.kccllc.net/lordstown* under the link entitled "Submit Electronic Proof of Claim"; (ii) mailing the original Proof of Claim by regular mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (iii) delivering such original Proof of Claim by overnight mail or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

Proofs of Claim will be deemed timely filed only if **actually received** by KCC on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted to KCC by overnight mail, courier service, hand delivery, regular mail, in person, or through KCC's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to KCC).

IV.    **CONTENTS OF A PROOF OF CLAIM.**

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another proof of claim form that substantially conforms to Official Bankruptcy Form No. 410.  The Proof of Claim Form is available free of charge on KCC's website, *https://www.kccllc.net/lordstown*.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

(a)    Each Proof of Claim **MUST**: (i) be written in English and legible; (ii) include a claim amount denominated in United States dollars; (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant or by an authorized agent or legal representative of the Claimant, whether such signature is an electronic signature or in ink.

(b)    Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) provide the date of shipment of goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of delivery; (ii) set forth the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)    Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 23-10831 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Lordstown Motors Corp.

(d)    Unless otherwise ordered by the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

(e)    Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available.  If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not

6

available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than ten (10) business days from the date of such request.

(f) Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(g) Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by KCC on or before the applicable Bar Date as follows: (1) electronically through the claims portal at *https://www.kccllc.net/lordstown*, or (2) if submitted by non-electronic means, by U.S. mail or other hand delivery system to, Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

(h) Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC and (ii) a self-addressed, stamped envelope to KCC.

To the extent your claim is on account of amounts that you paid to another party and for which you believe you are entitled to indemnification, reimbursement and/or contribution from the Debtors, you should, among other things, attach to your Proof of Claim the underlying agreements that provide for such right of indemnification, reimbursement and/or contribution and identify, with specificity, the amounts that you paid to such other party.

## V.    CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE APPLICABLE BAR DATE.

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but fails to do so properly by the applicable Bar Date, shall, with respect to such claim, not be treated as a creditor of the Debtors and will not be permitted to vote upon, or receive distributions under, any chapter 11 plan in the Chapter 11 Cases, absent further order of the Court.

## VI.    CONTINGENT CLAIMS.

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity or contribution agreement, guarantee, and/or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a claim or potential claim against the Debtor, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

## VII.    THE DEBTORS' SCHEDULES.

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on KCC's website at *https://www.kccllc.net/lordstown*. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (i) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (ii) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

## VIII.    RESERVATION OF RIGHTS.

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, its rights to: (a) object to, dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

## IX.    ADDITIONAL INFORMATION.

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on KCC's website at https://www.kccllc.net/lordstown. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent KCC, at (877) 709-4757 (toll-free in the U.S.) or (424) 236-7235 (for parties outside the U.S.), or email at www.kccllc.net/lordstown/inquiry. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses on the following page.

Dated: August ___, 2023

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

9

**EXHIBIT 2**

**Proof of Claim Form**

**<u>EXHIBIT 3</u>**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, AGAINST DEBTORS

## (GENERAL BAR DATE IS [●], 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME))

TO: ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS LISTED BELOW

| DEBTOR | CASE NO. |
|---|---|
| Lordstown Motors Corp. | 23-10831 (MFW) |
| Lordstown EV Corporation | 23-10832 (MFW) |
| Lordstown EV Sales LLC | 23-10833 (MFW) |

Please take notice that on June 27, 2023 (the "**Petition Date**"), Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales LLC, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**"), each commenced in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

On [●], 2023, the Court entered an order [Docket No. [●]] (the "**Bar Date Order**")[2] establishing certain deadlines for the filing of proofs of claim in the Chapter 11 Cases.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    All capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Bar Date Order.    A copy of the Bar Date Order is available online free of charge at *https://www.kccllc.net/lordstown*.

To the extent required by the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code), including claims arising under section 503(b)(9) of the Bankruptcy Code,[3] against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **5:00 p.m. (prevailing Eastern Time) on [●], 2023** (the "**General Bar Date**"), by sending an original proof of claim form to Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, by (i) filing such Proof of Claim electronically through KCC's website at *https://www.kccllc.net/lordstown* under the link entitled "Submit Electronic Proof of Claim"; (ii) mailing the original Proof of Claim by regular mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (iii) delivering such original Proof of Claim by overnight mail or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, so that it is **actually received** on or before 5:00 p.m. (prevailing Eastern Time) on the General Bar Date; provided that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline for such governmental units to file a Proof of Claim against the Debtors is **[●], 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Governmental Bar Date**"). All persons or entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code are required to file Proofs of Claim by the date that is **the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the executory contract or unexpired lease giving rise to the applicable rejection damages claim (the "Rejection Bar Date")**. All entities holding claims affected by an amendment or supplement of the Debtors' Schedules must file Proofs of Claim **by the later of (a) the General Bar Date or the Governmental Bar Date**, as applicable, and **(b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of the notice of the applicable amendment or supplement to the Schedules** (the "**Amended Schedule Bar Date**").

---

[3]  A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of goods received by the Debtors within twenty (20) days before the Petition Date, provided that the goods were sold to the Debtors in the ordinary course of business.

Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date on account of such equity or ownership interest; *provided*, *however*, that an Interest Holder (or any other person or entity) that wishes to assert claims against the Debtors, including, but not limited to, claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date; *provided*, *further*, that an Interest Holder (or any other person or entity) that is included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors, and/or any Proof of Claim in respect of a Representative Action, must properly file timely an individual Proof of Claim on or before the applicable Bar Date. The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

For the avoidance of any doubt, except to the extent otherwise set forth in the Bar Date Order, each person or entity that holds or seeks to assert a claim against any of the Debtors **must properly and timely file a Proof of Claim by the applicable Bar Date even if the Claimant is, or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors**.

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL, WITH RESPECT TO SUCH CLAIM, NOT BE TREATED AS A CREDITOR OF THE DEBTORS AND WILL NOT BE PERMITTED TO VOTE UPON, OR RECEIVE DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THE CHAPTER 11 CASES, ABSENT FURTHER ORDER OF THE COURT.

Proofs of Claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through KCC's website. Proofs of Claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these Chapter 11 Cases.

Proof of Claim Forms and a copy of the Bar Date Order may be obtained by visiting KCC's website at *https://www.kccllc.net/lordstown* or by contacting KCC through (i) regular mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (iii) delivering such original Proof of Claim by overnight mail or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245. KCC cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to KCC, at (877) 709-4757 (toll-free in the U.S.) or (424) 236-7235 (for parties outside the U.S.), or email at www.kccllc.net/lordstown/inquiry. Please note that neither KCC's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

RLF1 29499728v.129499592v.1