IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LORDSTOWN MOTORS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831-MFW<br><br>(Jointly Administered)<br><br>**Re: D.I. 248**<br><br><u>Hearing Date</u>: August 28, 2023, at 10:30 a.m.<br><u>Objection Deadline</u>: August 24, 2023 at 4:00 p.m. |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
STATEMENT IN SUPPORT OF THE DEBTORS' MOTION TO APPROVE
THE SETTLEMENT BETWEEN LORDSTOWN MOTORS CORPORATION
AND KARMA AUTOMOTIVE LLC**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through its undersigned counsel, hereby submits this statement in support (this "<u>Statement</u>") of the *Debtors' Motion Under Bankruptcy Rule 9019 For Entry of An Order Approving the Settlement Between Lordstown Motor Corporation and Karma Automotive LLC* [D.I. 248] (the "<u>Settlement Motion</u>")[2] and respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Motion.

161916888v3

**STATEMENT**

1.    At the risk of becoming repetitive, the Committee's singular goal in these cases is to ensure that its constituency is paid in full as quickly as possible. The Debtors' proposed Settlement Agreement, while far from perfect, removes a significant obstacle to achieving that goal.

2.    The Debtors' Settlement Motion highlights the risks and costs of continuing to litigate with Karma, notwithstanding the Debtors' position that Karma's claims are without merit. If a jury awarded Karma even ten percent of the nearly $1 billion in damages sought, that claim would swamp the unsecured creditor pool. Likewise, the expense of trial, post-trial motion practice and appeals would seriously erode the Debtors' finite cash while delaying distributions to creditors. And finally, this does not even take into account the continued uncertainty absent settlement that would exist regarding the status of intellectual property allegedly misappropriated by the Debtors, which would very likely foreclose the possibility of a whole-company, going-concern sale.

3.    The Committee understands and agrees that there are very good reasons for a consensual resolution of Karma's claims. Furthermore, the Committee's diligence—while constrained by the short time for review and the limited documents and information available to the Committee—indicates that $40 million, though high, is not excessive under the circumstances. Given the size of the claims asserted, the cost and uncertainty of litigation, and the potential delays caused by appeals, and in light of the documents and information reviewed by the Committee, the Committee believes that the amount of the settlement is "somewhere above the lowest point in the range of reasonableness." *In re Managed Storage*, 2020 WL 1532390, at *4 (Bankr. D. Del. Mar. 31, 2020) (citing *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014)). In addition,

the Committee recognizes that the transferable license granted by Karma under the Settlement Agreement may enhance the Debtors' prospects for a sale of substantially all of their assets.

4. Nonetheless, the Committee is concerned by the fact that under the Settlement Agreement, Karma will be paid the entire $40 million immediately, ahead of all other unsecured creditors, before the claims bar date and outside of a plan. Other general unsecured creditors will be forced to wait months or even longer to be paid, while the Debtors continue to incur a significant administrative cash burn that could potentially eat into unsecured creditors' recoveries. The best way to ameliorate the Committee's concerns is for the Debtors to negotiate in good faith with the Committee to formulate an acceptable plan that: (a) pays unsecured creditors in full and ensures their participation throughout the process; (b) will be filed and prosecuted promptly in order to reduce the administrative burn rate; and (c) gets distributions to creditors as quickly as possible. As the Committee has previously noted, the Debtors have assured the Committee that they intend to do so and the Committee intends to hold them to their word.

## **CONCLUSION**

WHEREFORE, based on the Debtors' commitment to work cooperatively with the Committee to negotiate and expeditiously pursue a chapter 11 plan acceptable to the Committee, the Committee asks the Court to approve the Debtors' Settlement Agreement with Karma.

*[Signature page follows]*

161916888v3

| | |
|---|---|
| Dated: August 24, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br><br>*/s/ Marcy J. McLaughlin Smith*<br>David M. Fournier (DE 2812)<br>Marcy J. McLaughlin Smith (DE No. 6184)<br>Tori L. Remington (DE No. 6901)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street, Suite 5100<br>Wilmington, DE 19801<br>Telephone: (302) 777-6500<br>Email:  david.fournier@troutman.com<br>         marcy.smith@troutman.com<br>         tori.remington@troutman.com<br><br>-and-<br><br>Francis J. Lawall (admitted *pro hac vice*)<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA 19103-2799<br>Telephone: (215) 981-4451<br>Fax: (215) 981-4750<br>Email:  francis.lawall@troutman.com<br><br>-and-<br><br>Deborah Kovsky-Apap (admitted *pro hac vice*)<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 808-2726<br>Fax: (212) 704-6288<br>Email: deborah.kovsky@troutman.com<br><br>-and-<br><br>Sean P. McNally (admitted *pro hac vice*)<br>4000 Town Center, Suite 1800<br>Southfield, MI 48075<br>Telephone: (248) 359-7317<br>Fax: (248) 359-7700<br>Email: sean.mcnally@troutman.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

161916888v3