**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 228** |

**ORDER (A) ESTABLISHING BAR DATES AND RELATED PROCEDURES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM, MANNER, AND PROCEDURES OF NOTICE THEREOF, AND (C) GRANTING RELATED RELIEF**

Upon the motion, dated August 4, 2013 [D.I. 228] (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 1009-2, 2002-1(e), and 3003-1, establishing Bar Dates and related procedures by which creditors[3] must file their Proofs of Claim, and approving the form and manner of notice thereof, all as further described in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (i) the term "claim has the meaning ascribed in section 101(5) of the Bankruptcy Code; (ii) the term "creditor" has the meaning ascribed in section 101(10) of the Bankruptcy Code; (iii) the term "entity" has the meaning ascribed in section 101(15) of the Bankruptcy Code; (iii) the term "equity security" has the meaning ascribed in section 101(16) of the Bankruptcy Code; (iv) the term "equity security holder" has the meaning ascribed in section 101(17) of the Bankruptcy Code; (v) the term "governmental unit" has the meaning ascribed in section 101(27) of the Bankruptcy Code; and (vi) the term "person" has the meaning ascribed in section 101(41) of the Bankruptcy Code.

*Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration; and the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Court hereby approves (i) the form of the Bar Date Notice, the Proof of Claim Form, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 1**, **2**, and **3**, respectively, and (ii) the manner of providing notice of the Bar Dates as described in the Motion.

3. Pursuant to Bankruptcy Rule 3003(c)(2), any creditor or equity security holder who asserts a claim against the Debtors that arose, or is deemed to have arisen, prior to June 27, 2023 (the "**Petition Date**"), including claims arising under section 503(b)(9) of the Bankruptcy Code and whose claim is: (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "**Schedules**"); or (ii) is listed on the Schedules and (a) such claim is listed as

disputed, contingent or unliquidated, or with an amount listed as "unknown" or zero, (b) such creditor disagrees with the amount, nature and/or priority listed in the Schedules, or (c) if such creditor disagrees with the specific Debtor against which such claim is listed in the Schedules, must file a Proof of Claim on or prior to **5:00 p.m. (prevailing Eastern Time) on a date that shall be identified in the Bar Date Notice and the Publication Notice, which will be no less than forty (40) days after service of the Bar Date Notice** (the "**General Bar Date**").

4. Notwithstanding paragraph 3 above, the deadline for governmental units to file a Proof of Claim against the Debtors is **December 26, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Governmental Bar Date**").

5. In the event the Debtors reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, Proofs of Claim in connection with such claims arising from such rejection shall be filed on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if a governmental unit is the counterparty to the executory contract or unexpired lease); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease giving rise to the applicable rejection damages claim (the "**Rejection Damages Bar Date**").

6. If the Debtors amend or supplement the Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of a claim; or (b) change the nature or characterization of a claim, then the affected Claimant shall file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date or the Governmental Bar Date (if the amendment relates to a Claim of a Governmental Unit); and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the

Claimant is served with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

7.  Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit), whether or not such person or entity is or may be included in, or represented by, a purported class action, class suit, or similar representative action filed, or that may be filed, against the Debtors (collectively "**Representative Actions**"), that holds, or seeks to assert, a claim against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or unliquidated, including, without limitation, secured claims, claims arising under section 503(b)(9) of the Bankruptcy Code, unsecured priority claims, unsecured non-priority claims, and claims that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest (the holder of any such claim, the "**Claimant**"), must properly file a Proof of Claim on or before the applicable Bar Date. The Debtors, the Committee, and all other parties in interest reserve all rights with respect to any Representative Action, including without limitation with respect to: (a) whether any Proof of Claim filed in respect to a Representative Action (a "**Representative Claim**") has been properly and timely filed by the applicable Bar Date, (b) any objection or other right with respect to any Representative Action or Representative Claim, (c) the composition or membership of any class or group with respect to such Representative Action or Representative Claim, and (d) whether the proper and timely filing of a Representative Claim, if any, shall be deemed a proper and timely Proof of Claim made by each member of the related class or group of creditors.

8. **All Proofs of Claim must be <u>actually received</u> by the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC ("KCC") by no later than 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date, either by the Claimant: (i) filing such Proof of Claim electronically through KCC's website at https://www.kccllc.net/lordstown under the link entitled "Submit Electronic Proof of Claim"; (ii) mailing the original Proof of Claim by U.S. mail to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (iii) delivering such original Proof of Claim by overnight mail or messenger to Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.**

9. Proofs of Claim will be deemed timely filed only if they are **<u>actually received</u>** either electronically or physically by KCC on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date by one of the approved methods of delivery in paragraph 8 herein.

10. KCC shall not accept Proofs of Claim by facsimile, telecopy, electronic mail, or other electronic submission, other than as specifically provided herein.

11. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

   (a) Each Proof of Claim must: (i) be written in English and legible; (ii) include a claim amount denominated in United States dollars; (iii) state the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant or by an authorized agent or legal representative of the Claimant, whether such signature is an electronic signature or in ink.

   (b) Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) provide the date of shipment of goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date, including the method of

5

delivery; (ii) set forth the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(c)  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (Case No. 23-10831 (MFW)) or otherwise without identifying a specific Debtor, will be deemed as filed only against Lordstown Motors Corp.

(d)  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against <u>only one</u> Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

(e)  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d) or an explanation as to why such documentation is not available. If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; provided that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to Debtors' counsel no later than ten (10) business days from the date of such request.

(f)  Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(g)  Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by KCC on or before the applicable Bar Date as follows: electronically through the claims portal at *https://www.kccllc.net/lordstown*, or if submitted by non-electronic means, by U.S. mail or other hand delivery system to, Lordstown Claims Processing Center, c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.

(h)  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to KCC and (ii) a self-addressed, stamped envelope to KCC.

12. Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

(a) a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or KCC in a form substantially similar to Official Bankruptcy Form No. 410;

(b) a claim that is listed on the Schedules if and only if: (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the holder of such claim does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than a claim arising under section 503(b)(9) of the Bankruptcy Code;

(d) an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

(e) a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

(f) a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(g) any claim of a Debtor against another Debtor;

(h) any direct or indirect claim of a non-debtor subsidiary of a Debtor against a Debtor;

(i) any fees payable to the U.S. Trustee under 28 U.S.C. § 1930;

(j) a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

(k) a claim that is specifically exempted from filing a proof of claim pursuant to a separate order of the Court that is in full force and effect.

13. Any Claimant exempted from filing a Proof of Claim pursuant to paragraph 12 herein must still properly and timely file a Proof of Claim for any other claim that does not fall within such exemptions.

14. For the avoidance of doubt, unless otherwise subject to one of the exceptions set forth above, each Claimant shall be required to file a Proof of Claim by the applicable Bar Date, even if such Claimant may be included in, or represented by, a Representative Claim filed against the Debtors with respect to such Claimant's claim.

15. Any person or entity holding an equity security or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, *however*, that an Interest Holder (or any other person or entity) that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date; *provided*, *further* that an Interest Holder (or any other person or entity) that is included in, or represented by a Representative Action and/or a Representative Claim against the Debtors, must properly file timely an individual Proof of Claim on or before the applicable Bar Date. The Debtors' rights are reserved to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

16. Within five (5) business days after entry of this Order, the Debtors shall serve the Bar Date Notice, together with a copy of the Proof of Claim Form, by first class United States mail, postage prepaid (or equivalent service), to the following parties:

 (a) all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Schedules at the addresses set forth therein as potentially holding claims;

 (b) all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) as of the date of the Bar Date Order;

 (c) all parties that have filed proofs of claim in the Chapter 11 Cases as of the date of the Bar Date Order;

 (d) all known holders of equity securities in the Debtors as of the date of the Bar Date Order;

 (e) all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date;

 (f) all known parties to litigation with the Debtors as of the date of the Bar Date Order;

 (g) the District Director of the Internal Revenue Service for the District of Delaware;

 (h) all other known taxing and regulatory authorities for the jurisdictions in which the Debtors maintains or conducts business;

 (i) the Securities and Exchange Commission;

 (j) all attorney generals for states in which the Debtors maintains or conducts business;

 (k) the Office of the United States Trustee for the District of Delaware;

 (l) all other entities listed on the Debtors' matrix of creditors;

 (m) counsel to the Committee; and

 (n) the United States Attorney General for the District of Delaware.

17. In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Bar Dates to known Claimants.

18. After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

19. No later than 21 days prior to the General Bar Date, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 3**, once in (i) the *Wall Street Journal* or similar nationally circulated news publication and (ii) local newspaper, trade journal or similar publication, if any, as the Debtors deem appropriate in their discretion. The Publication Notice is hereby approved in all respects and shall be deemed good, adequate, and sufficient notice of the General Bar Date and the Governmental Bar Date by publication.

20. Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant that is required to file a Proof of Claim in the Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to do so properly by the applicable Bar Date, shall, with respect to such claim, not be permitted to vote upon, or receive distributions under, any chapter 11 plan in the Chapter 11 Cases, absent further of the Court.

21. Nothing contained in this Order, the Publication Notice, or the Bar Date Notice is intended or shall be construed as a waiver of any of the Debtors' rights, including, without

limitation, its rights to: (a) object to, dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing contained in this Order, the Publication Notice or the Bar Date Notice is intended or shall be construed as an admission of the validity of any claim against the Debtors or an approval, assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

22. The provisions of this Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

23. All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these Chapter 11 Cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. The Debtors and KCC are authorized to take all steps necessary or appropriate to effectuate the relief granted pursuant to this Order.

26. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 24th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

RLF1 29499584v.1