**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 283**<br><br>Hearing Date: August 30, 2023 at 2:00 p.m. (EDT)<br>Objection Deadline: At the hearing |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN CONNECTION WITH THE DECLARATION OF DANIEL NINIVAGGI IN SUPPORT OF DEBTORS' OBJECTION TO FOXCONN'S MOTION TO DISMISS**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") granting the relief requested below. In support of this Motion, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

1. By this Motion, the Debtors request, pursuant to sections 105 and 107 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), entry of the Proposed Order authorizing the Debtors to: (i) file under seal the Confidential

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

RLF1 29515314v.3

Information (as defined below) contained in a letter (the "**Prepetition Proposal Letter**") attached as **Exhibit B** to the *Declaration of Daniel Ninivaggi in Support of Debtors' Objection to Foxconn's Motion* [D.I. 283] (the "**Ninivaggi Declaration**"), (ii) file a redacted version of the Ninivaggi Declaration on the Court's docket in these Chapter 11 Cases (excluding Exhibit B), and (iii) provide unredacted versions of the Ninivaggi Declaration to the Court, the Defendants, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), the Committee (as defined below), Foxconn (as defined below) and any other parties in interest as the Court may order.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### A.    General Background

5.     On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11**

Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the U.S. Trustee appointed the official committee of unsecured creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15].

7. On August 8, 2023, the Court entered the *Order (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief* [D.I. 237], which, among other things, approved the bidding procedures in connection with the sale or transactions involving all, substantially all, or a portion of the Debtors' assets (the "**Bidding Procedures**"). Pursuant to the Bidding Procedures, the deadline for parties to submit an offer for a potential transaction is September 8, 2023 at 5:00 p.m. (prevailing Eastern Time) (the "**Bid Deadline**").

B. **Foxconn's Motion to Dismiss**

8. On July 20, 2023, Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, "**Foxconn**"), filed the *Motion of Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group),*

3

*Foxconn EV Technology, Inc., and Foxconn EV System LLC to Dismiss, or, in the Alternative, Convert the Bankruptcy Cases* [D.I. 131].

9. On August 21, 2023, the Debtors filed the *Debtors' Objection to Foxconn's Motion to Dismiss, or in the Alternative, Convert the Bankruptcy Cases* [D.I. 281] and, among other declarations in support thereof, the Ninivaggi Declaration.

10. The Prepetition Proposal Letter attached as **Exhibit B** to the Ninivaggi Declaration includes certain confidential and commercially sensitive information (the "**Confidential Information**") that, absent the relief requested herein, the Debtors would be required to make publicly available. Specifically, the Prepetition Proposal Letter was sent from Foxconn to the Debtors prior to the Petition Date to propose a transaction in which Foxconn would acquire "all or substantially all the assets" of the Debtors and includes the proposed terms of such transaction.

11. By this Motion, the Debtors request that the Confidential Information not be disclosed publicly, but instead, that the Debtors only be required to provide unredacted versions of the Ninivaggi Declaration to the Court, Foxconn, the Committee, the U.S. Trustee, and any other parties in interest as the Court may order.

## BASIS FOR RELIEF

12. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Parties to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

>   (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14. Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d). Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

15. Sufficient cause exists here for the court to grant the relief requested herein. The Confidential Information includes confidential commercial information such as a proposed sale price and other proposed economic terms of a potential sale transaction involving Foxconn. The Debtors believe that publicly revealing the Confidential Information would be commercially harmful to the Debtors' sale process (the "**Sale Process**"), which may materially reduce value for the estates. Given that the sale process is on-going, public disclosure of the Confidential Information could influence the bidding and auction process and could jeopardize the Debtors'

ability to obtain the highest possible sale price because potential buyers could try to manipulate the sale process by taking advantage of the Confidential Information.

16.     In similar situations, courts in this district have found that confidential information that could have a material effect on a potential sale constituted "confidential commercial information" that was subject to protection under section 107(b) of the Bankruptcy Code. *See In re Mervyn's Holdings, LLC*, Case No. 08-11586 (KG), Jan. 21, 2009 Hr'g Tr. 5:10-6:22 (D.I. 2665) (Bankr. D. Del. Jan. 21, 2009) ([COUNSEL]: "[I]f we disclose [the estimated value of certain assets subject to a prospective sale process], that could obviously have a material effect on the bidding procedures and the sale. THE COURT: "That's right. . . . I certainly understand the Debtors' concern and I share that concern."); *see also In re Cal Dive Int'l, Inc.*, Case No. 15-10458 (CSS) (Bankr. D. Del. Apr. 2, 2015) (D.I. 196) (order authorizing debtors to file under seal certain schedules to postpetition financing credit agreement containing timing and valuation information related to the debtors' plan to divest assets).

17.     As such, the Debtors respectfully request that the Court authorize the Debtors to redact the Confidential Information, file an unredacted version of the Ninivaggi Declaration under seal as described herein, and to provide unredacted copies to the Court, the U.S. Trustee, the Committee, Foxconn and any other parties in interest as the Court may order.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

18.     To the best of the knowledge, information, and belief of the undersigned counsel to the Debtors, the Ninivaggi Declaration contains information that is confidential, as contemplated by Local Rule 9018-1(d)(iii). Prior to the filing of this Motion, the Debtors and Foxconn conferred with respect to the Confidential Information contained in the Ninivaggi Declaration.  The Debtors

and Foxconn agreed on the proposed redacted form of the Ninivaggi Declaration, which excludes Exhibit B to the Ninivaggi Declaration.

19. The Debtors have filed a redacted version of the Ninivaggi Declaration consistent with Local Rule 9018-1(d)(ii).

## NOTICE

20. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Committee; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Attorney for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors conduct business; and (viii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

21. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

[*The remainder of this page intentionally left blank*]

| | |
|---|---|
| Dated: August 24, 2023<br><br>Respectfully submitted,<br><br>/s/  James F. McCauley<br><br>**RICHARDS, LAYTON & FINGER, P.A.**<br><br>Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>Cory D. Kandestin (No. 5025)<br>James F. McCauley (No. 6991)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com<br>kandestin@rlf.com<br>mccauley@rlf.com<br><br>*Proposed Co-Counsel to Debtors and Debtors in Possession* | **WHITE & CASE LLP**<br><br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Aaron Colodny (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>aaron.colodny@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Co-Counsel to Debtors and Debtors in Possession* |