IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 248, 322** |

### ORDER APPROVING THE SETTLEMENT AGREEMENT BY AND AMONG THE DEBTORS AND KARMA AUTOMOTIVE LLC

Upon the motion, dated August 15, 2023 [D.I. 248] (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105(a) and 363 of the Bankruptcy Code and rules 6004 and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving the settlement agreement between Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**") and Karma Automotive LLC (collectively, "**Karma**," and, together with the Debtors, the "**Parties**"), attached hereto as **Exhibit 1**, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Settlement Agreement, as applicable.

RLF1 29527943v.2

1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Daniel Ninivaggi In Support of Debtors' Motion Under Bankruptcy Rule 9019 For Entry of An Order Approving the Settlement Agreement By and Among the Debtors and Karma Automotive LLC*, dated August 25, 2023 [D.I. 322], and the record of the Hearing (if one was held) and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

2. The Settlement Agreement, attached hereto as **Exhibit 1**, is APPROVED in its entirety.

3. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for approval of and entry into the Settlement Agreement (including the License Agreement). The Debtors' and Karma's entry into and performance under the Settlement Agreement and the consummation of the Settlement contemplated thereby constitutes reasonable business judgment and such acts are in the best interests of each Debtor, its estate, and all parties in interest. The Court finds that the Debtors have articulated good and sufficient reasons justifying the Settlement. Such reasons include, but are not limited to, that the performance under the

Settlement Agreement and the consummation of the Settlement contemplated will (a) bring to an expedited conclusion years of contentious litigation between the Debtors and Karma, resolve what the Debtors believe to be the largest asserted claims against them, and maximize the likelihood of full creditor recoveries and recoveries for stockholders in these Chapter 11 Cases; (b) remove a significant impediment to the Debtors' ongoing efforts to market and sell their assets; (c) resolve Karma's ongoing asserted interests in property that the Debtors contend are the Debtors' assets; and (d) remove the ongoing distraction, costs, and delay associated with the California District Court Action so that the Debtors, their management, and their professionals are able to devote greater attention to the successful resolution of the sale process and the Chapter 11 Cases.

4. The Debtors and Karma, and each of their respective officers, directors, employees, and agents, are authorized and empowered to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions necessary and appropriate to consummate, complete, execute, and implement the Settlement Agreement in accordance with the terms and conditions thereof. The Settlement Agreement and this Order constitute and evidence the valid and binding obligations of the Parties, which obligations shall be enforceable by each Party against each other Party in accordance with the terms of the Settlement Agreement and this Order.

5. The Settlement Agreement shall be binding upon the Parties from the date of its execution, but is expressly subject to and contingent upon entry of this Order by this Court (the "**Settlement Effective Date**").

6. Promptly following the Court's entry of this Order, the Debtors shall make a cash payment to Karma in the total amount of $40 million (the "**Settlement Payment**"), of which $5 million (the "**License Payment**" or "**Royalty**") shall be the one-time Royalty payment on account

3

of the License (as defined in the License Agreement).  The wire for the Settlement Payment shall be initiated the same business day as of the entry of this Order, unless entry of this Order occurs after 12:00 p.m. (noon) (Eastern Daylight Time) or occurs on a non-business day, in which case the wire payment shall be made on the next Business Day.  The Settlement Payment shall be made to Karma's counsel of record in the Chapter 11 Cases by wire transfer in accordance with the wire instructions set forth in Section 2.2(a) of the Settlement Agreement.  The Settlement Payment shall be in full satisfaction of the Debtors' obligations under the Settlement Agreement and of all of Karma's Claims against the Debtors.  For the avoidance of any doubt, the Settlement Payment shall be inclusive of the License Payment and in no event shall the Debtors be required to make any payment in excess of $40 million under the Settlement Agreement.

       7.      Effective upon the Settlement Effective Date, Karma, on behalf of itself and its predecessors, successors, and assigns ("**Licensor Parties**"), (a) does hereby grant (in consideration for the Settlement Payment and the License Payment, which is included within the Settlement Payment and without the need for any further action, consideration or compensation) the License (as defined in the License Agreement) to the Debtors and their Affiliates (together with their predecessors, successors and assigns, "**Licensee Parties**") and their Related Parties and (b) is hereby bound by the other obligations, covenants, representations and warranties, as set forth in the License Agreement attached as <u>Exhibit A</u> to the Settlement Agreement ("**License Agreement**").

       8.      Within forty-five (45) days upon this Order becoming a Final Order, Debtors and Karma agree to make a good faith effort to return, or confirm the destruction of, hard-copy and electronic documents that were produced in discovery in the California District Court Action that contain information originating from the other Party and that are located in files, computers or

devices owned by Debtors or Karma.  Further, Debtors shall request, and in the case of any person currently employed by the Debtors instruct, that the other defendants in the California District Court Action certify no later than the date of entry of this Order that they have or will within forty-five (45) days of the Settlement Effective Date make a good faith effort to return, or confirm the destruction of, all hard-copy and electronic documents that they provided to LMC that were produced in discovery in the California District Court Action that contain information originating from Karma.  Notwithstanding the foregoing, and for the avoidance of doubt, Debtors shall be permitted to retain all documents and Software into which Karma IP has been incorporated comprising the Debtors' Technology or otherwise with respect to Debtors' exercise of the License.

9. Upon the Settlement Effective Date (and, in any event, not later than the next Business Day thereafter), the Parties shall (a) provide a status update to the California District Court regarding the Settlement Agreement, (b) stipulate to stay any and all dates, statutes of limitation and deadlines in the California District Court Action as to all parties in the California District Court Action, including the trial set for September 12, 2023, (c) obtain entry of the California District Court Order staying all dates, statutes of limitation and deadlines in the California District Court Action as to all defendants, and (d) agree to dismissal of the California District Court Action with prejudice as to all defendants upon certification of the parties that this Order has been entered and become a Final Order.

10. After occurrence of the Settlement Effective Date and promptly upon this Order becoming a Final Order (and, in any event, within three (3) Business Days thereafter), the Parties shall each certify to the California District Court that this Order has become a Final Order and Karma shall take any such other actions as may be necessary to dismiss the California District Court Action with prejudice with respect to the Debtors and all other defendants named in the

California District Court Action. The Parties agree to cooperate with one another, and to execute and deliver such documents, notices, stipulations, or motions as any other Party reasonably may request to effectuate the dismissal of the California District Court Action with prejudice.

11. The mutual releases between and among the Debtor Release Parties (as defined in the Settlement Agreement) and the Karma Release Parties (as defined in the Settlement Agreement) are hereby approved, and each Debtor Release Party and Karma Release Party shall be, and hereby is, deemed fully and forever to have released and to be permanently enjoined from asserting, pursuing, or prosecuting in any manner and in any form any and all Claims released pursuant to the Settlement Agreement. These mutual releases between and among the Debtor Release Parties and the Karma Release Parties shall be effective upon the Settlement Effective Date and subject to payment of the Settlement Payment; *provided*, *however*, that such mutual releases shall cease to be effective if and only if this Order is reversed on appeal by a Final Order and the Settlement Payment is returned to the Debtors.

12. The Settlement Agreement was negotiated, proposed and is undertaken by the Debtors, their management, boards of directors or equivalent governing bodies, officers, directors, employees, agents, members, managers and representatives and Karma and its management, board of directors or equivalent governing body, officers, directors, employees, agents, members, managers and representatives, from arm's-length bargaining positions without collusion or fraud, and in good faith.

13. This Order and the Settlement Agreement shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of liens on the Assets (whether known or unknown), Karma and all successors and assigns of Karma, notwithstanding the dismissal of any of the Debtors' cases or any subsequent appointment

of any trustees, examiners, "responsible persons" or other fiduciaries in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code, and the Settlement Agreement shall not be subject to rejection or avoidance under any circumstances.

14. The failure to specifically include any particular provisions of the Settlement Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors and Karma that the Settlement Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

15. The Settlement Agreement and transactions to be consummated thereby are not subject to avoidance, as against any of the Parties, pursuant to sections 544, 547, 548, or 549 of the Bankruptcy Code or any applicable state or other nonbankruptcy law, or in equity.

16. The provisions of this Order are nonseverable and mutually dependent.

17. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry and not subject to any stay, notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or otherwise.

18. This Court shall, and hereby does, retain jurisdiction with respect to matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 28th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

RLF1 29527943v.2