**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 23-10831 (MFW) |
| Lordstown Motors Corp., *et al*. | Jointly Administered |
| Debtors. | Re: Docket Nos. 16, 237, 280 |

**OBJECTION OF CIGNA TO NOTICE OF (I) POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND (II) CURE AMOUNTS**

Cigna Health and Life Insurance Company ("Cigna") hereby objects to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 280] ("Cure Notice"), and in support thereof, respectfully states as follows:

**BACKGROUND**

1. Cigna and Debtor are parties to the following insurance policies (the "Employee Benefits Agreements") pursuant to which Cigna provides medical, dental and pharmaceutical coverage for Debtors' employee benefits plan:

    • Cigna Dental Choice Policy, account number 0631629, effective 1/1/2023;
    • Cigna Dental Preferred Provider Policy, account number 0631629, effective 1/1/2023; and
    • Group Medical Policy, as amended, account number 0631629, effective 1/1/2021.

2. On June 27, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief; and (II) (A) Authorizing the Debtors to Enter into a Definitive Purchase Agreement and (B) Granting Other Related Relief* [Docket No. 16] seeking this Court's approval for the sale of substantially all of

their assets to a to-be-determined buyer, including the assumption and assignment of certain of Debtors' executory contracts.

3. On August 8, 2023, this Court entered the *Order (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief* [Docket No. 237] ("Sale Procedures Order").

4. On August 21, 2023, pursuant to the Sale Procedures Order, the Debtors filed the Cure Notice. The Cure Notice includes the following Cigna listings ("Cigna Listings"):

| | | | | | |
|---|---|---|---|---|---|
| 13 | Cigna Health and Life Insurance Company | OAP Base Plan (Policy 00631629) | 900 Cottage Grove Rd Bloomfield, CT 06002 | Lordstown EV Corporation | $0.00 |
| 14 | Cigna Health and Life Insurance Company | OAP Enhanced Plan (Policy 00631629 | 900 Cottage Grove Rd Bloomfield, CT 06002 | Lordstown EV Corporation | $0.00 |
| 15 | Cigna Health and Life Insurance Company | HDHP Plan (Policy 00631629) | 900 Cottage Grove Rd Bloomfield, CT 06002 | Lordstown EV Corporation | $0.00 |

The Cure Notice proposes a cure amount of $0 for all of the Cigna Listings.

5. Cigna accepts the Cigna Listings as designating the Employee Benefits Agreements for potential assumption and assignment.

## OBJECTION

6. Cigna objects to the Cure Notice because, *inter alia*, the Cure Notice does not propose to satisfy Debtors' cure obligations consistent with section 365(b)(1) of the Bankruptcy Code.

7. When a contract is assumed under section 365 of the Bankruptcy Code, the non-debtor third-party to that contract must be "made whole at the time of the Debtors' assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998) (citations omitted). Accordingly, to the extent that the Debtors seek to assume and assign the Employee Benefits Agreements, the Debtors must pay the full cure amounts based upon the actual amounts

that are due on the date that the Employee Benefits Agreements are assumed and assigned ("Effective Date").  *See* 11 U.S.C. § 365(b)(1).

8.  Cigna expressly objects to the proposed $0 cure amounts set forth in the Cure Notice.  Amounts have continued to accrue post-Petition under the Employee Benefits Agreements, and will continue to become due and payable to Cigna on and after the date of any deadline to object to a proposed cure amount.  Further, amounts due under the Employee Benefits Agreements vary and are subject to reconciliation based upon, among other things, retroactive eligibility adjustments submitted by the Debtors.  No cure amount can be fixed prior to the Effective Date.

9.  Any order permitting the assumption and assignment of the Employee Benefits Agreements must direct that the Debtors fully pay all amounts due to Cigna thereunder as of the Effective Date, as a condition precedent to such assumption and assignment.

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) approves assumption and assignment of the Employee Benefits Agreements only to the extent consistent with the foregoing; and (ii) grants such further relief to Cigna as this Court deems just and equitable.

Dated:  August 28, 2023         CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1201 North Market Street, 20th Floor
Wilmington, DE  19801
Telephone:   (302) 757-7300
Facsimile:      (302) 658-0380
jwisler@connollygallagher.com

#05756203         Counsel for Cigna Health and Life Insurance Company