**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 18, 2023 at 10:30 a.m.**<br>**Objection Deadline: September 26, 2023 at 4:00 p.m.** |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF WINSTON & STRAWN, LLP AS SPECIAL LITIGATION COUNSEL, EFFECTIVE AS OF AUGUST 15, 2023**

The debtors and debtors in possession (collectively, the "Debtors" or "Company") in the above-captioned cases hereby file this application (the "Application") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain Winston & Strawn LLP ("Winston") as special litigation counsel, effective as of August 15, 2023. In support of this Application, the Debtors submit the declaration of Carrie V. Hardman (the "Hardman Declaration") attached hereto as Exhibit B, and the *Declaration of Melissa A. Leonard in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Winston & Strawn, LLP as Special Litigation Counsel, Effective as of August 15, 2023* (the "Leonard Declaration"), attached hereto as Exhibit C. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

## RELIEF REQUESTED

1.      By this Application, the Debtors seek to employ and retain Winston effective as of August 15, 2023, as the Debtors' special litigation counsel to, among other things, investigate, advise, and assist the Debtors with respect to Derivative Claims (as defined below).  Accordingly, the Debtors seek entry of the Proposed Order pursuant to sections 327(e), 329, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Winston as the Debtors' special litigation counsel to perform the legal services as more fully described in this Application.

## JURISDICTION

2.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases (defined below) and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Application are sections 327(e), 329, and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

4.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2

## BACKGROUND

5.     On June 27, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the U.S. Trustee appointed the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders ("Equity Committee") pursuant to section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, their restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Cases and First Day Motions* [D.I. 15] (the "First Day Declaration").[2]

## SERVICES TO BE PROVIDED BY WINSTON

7.     Winston is proposed to serve as special litigation counsel to the Debtors to, among other things, advise and assist the Debtors in connection with certain Derivative Claims (as defined below), including investigating and evaluating such Derivative Claims in contemplation of their

---

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the First Day Declaration.

initiation, prosecution, waiver, release, settlement, disposition or resolution (including in connection with the Debtors' proposed plan of reorganization).

8.      Winston has been retained by one or more of the Debtors since November 2021 for various purposes.  From approximately January 2022 through approximately September 2022, Winston advised the Company's board of directors in reviewing and evaluating two stockholder derivative demands concerning, in principal part, the production schedule and demand for the Company's Endurance truck (the "Demands").  Separately, throughout 2021, certain putative Lordstown stockholders filed derivative actions on the Company's behalf asserting claims for breach of fiduciary duties based on allegations substantially similar to those set forth in the Demands.  As of the Petition Date, three such derivative actions were pending: *In re Lordstown Motors Corp. Shareholder Derivative Litigation*, consol. 1.21-cv-00604-SB (D. Del); *Thai v. Burns, et al.*, 4:31-cv-01267-DAR (N.D. Ohio); and *In re Lordstown Motors Corp. Stockholder Derivative Litigation*, consol. 2021-1049-LWW (Del. Ch.) (together with any other derivative claims or actions that may be purportedly brought on behalf of the Debtors, the "Derivative Claims").  Importantly, while Winston advised the Company's board on the Demands, it does not represent the Company or any defendant in the Derivative Claims.

9.      In connection with the Chapter 11 Cases and, in particular, consideration of the Derivative Claims (including consideration of any initiation, prosecution, waiver, release, settlement, disposition, or resolution, whether or not as part of a plan of reorganization), the Debtors require the advice and assistance of counsel.  Given Winston's prior work on the Demands and familiarity with the underlying legal claims and factual allegations asserted in the Derivative Claims, coupled with Winston's experience with similar derivative claim investigations, the Debtors believe that retaining Winston with respect to the Derivative Claims (including to

4

investigate and evaluate the Derivative Claims) will most efficiently and effectively serve the best interests of the estate.

10.     The services to be performed by Winston are appropriate and necessary to enable the Debtors to execute their duties as debtors in possession and to prosecute these Chapter 11 Cases.  Subject to further order of the Court, the Debtors request the retention and employment of Winston to render various legal services including, among others, the following:

a)      assisting and advising the Debtors in investigating, determining the nature and extent of the Derivative Claims.  Such investigation may include, without limitation:

(1)     engaging in examination and analysis of the conduct giving rise to such Derivative Claims;

(2)     participating in such examinations (domestic and extraterritorial) of the Debtors and other witnesses as may be necessary in the pursuit of the Derivative Claims;

(3)     assisting the Debtors in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Debtors relating to the Derivative Claims, including all trial preparation as may be necessary;

(4)     representing the Debtors at certain hearings to be held before this Court and any appellate courts relating to the Derivative Claims; and

(5)     communicating with the Debtors regarding the matters heard and the issues raised, as well as the decisions and considerations of this Court relating to the Derivative Claims; and

b)      taking all necessary actions in furtherance of providing such investigatory services, including, without limitation:

(1)     advising and consulting on the conduct of these Chapter 11 Cases in connection with the Derivative Claims;

(2)     attending meetings and otherwise communicating with Debtors' other professionals;

(3)     attending meetings and negotiating with representatives of creditors and other parties in interest;

(4)     preparing and/or commenting on pleadings in connection with these Chapter 11 Cases, to the extent they implicate the Derivative Claims, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

(5)     appearing before the Court and any appellate courts to represent the interests of the Debtors' estates with respect to the Derivative Claims; and

(6)     advising the Debtors in connection with any disclosure statement and chapter 11 plan and all documents related thereto to the extent they relate to the Derivative Claims.

11.     Among other professionals, the Debtors have retained White & Case LLP ("W&C") and have sought to retain Richards, Layton & Finger, P.A. ("RLF"), as co-bankruptcy counsel in connection with the commencement and prosecution of these Chapter 11 Cases. The Debtors have also retained BakerHostetler LLP ("BH") as special counsel to assist the Debtors with certain corporate matters and litigation matters related to the Debtors' now-settled litigation with Karma. It is the intention of the Debtors that the services to be performed by Winston, and those services to be performed by W&C, RLF, BH, and any other parties retained by the Debtors, will not be duplicative, but rather will ensure the most economic and effective means for the Debtors to be represented in these cases while continuing to operate their business. However, Winston may be required, from time to time, to consult and/or advise W&C, RLF, or BH with regard to the matters on which Winston is representing the Debtors, which may include without limitation, matters that impact the Debtors' efforts to prosecute and consummate a chapter 11 plan of reorganization. The Debtors require knowledgeable special counsel to render these essential professional services, and Winston has substantial expertise in each of the listed areas. And as previously described, Winston already has considerable knowledge regarding the factual allegations and legal theories underlying the Derivative Claims by virtue of its prepetition work.

12.     Winston has stated its desire and willingness to act as special litigation counsel to the Debtors, and to render the necessary professional services required in connection therewith. Moreover, the retention and employment of Winston as special litigation counsel would prevent the Debtors' estates from incurring the unnecessary cost of employing a new firm to essentially repeat work previously done by Winston. Accordingly, the employment and retention of Winston as special litigation counsel is in the best interest of the Debtors and their estates and therefore should be approved.

## COMPENSATION

13.     Subject to the Court's approval of this Application, Winston has advised the Debtors that it intends to: (a) charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect on the date that services are rendered; and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

14.     Winston's fees for professional services are based upon its hourly rates, which are periodically adjusted. Winston's current range of standard hourly rates are:

| Category | U.S. Rate Range[3] |
|:---:|:---:|
| Partners | $1,095-$2,040 |
| Of Counsel | $800 - $1,645 |
| Associates | $695 - $1,140 |
| Paralegals | $320 - $415 |

---

[3] Such hourly rates do not account for the 10% discount provided by Winston to the Debtors for work including the retention contemplated by this Application. The hourly rates charged by Winston professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the specific office in which the professional is resident. Winston does not adjust the billing rates of its professionals based on the geographic location of a bankruptcy case or other matter.

15.     Although Winston does not currently anticipate using contract attorneys during the case, in the event that it becomes necessary to use contract attorneys, Winston will not charge a markup with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by Winston in connection with work performed by Winston will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16.     Prior to the Petition Date, Winston performed certain legal services for certain of the Debtors, including guidance for Demand review and bankruptcy preparation, as further described in the Application.  Since Spring 2022, Winston received and has held a retainer totaling $200,000.  To date, such funds have not been exhausted and, therefore, remain on retainer.

17.     Within the one-year preceding the Petition Date, Winston received total payments in the amount of $305,028.90 for services performed and expenses incurred.  Of this total, none of the fees and expenses were incurred in the ninety (90) days preceding the filing of these Chapter 11 Cases.  As of the Petition Date, the Debtors did not owe Winston any amount for services performed prior to the Petition Date.

18.     Winston intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders entered in these Chapter 11 Cases for all services performed and expenses incurred after the Petition Date including, without limitation the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* [D.I. 181].  Winston also intends to make a reasonable effort to comply with U.S. Trustee requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "U.S. Trustee Guidelines"), both in connection with this Application and any monthly, interim and final fee applications to be filed by Winston in these Chapter 11 Cases. To that end, the Hardman Declaration includes information provided by Winston pursuant to paragraph D.1 of the U.S. Trustee Guidelines.

19.     Winston will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these cases.  Subject to application for and allowance by the Court, Winston will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors.

20.     The hourly rates and corresponding rate structure that Winston will use in these Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that Winston uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Winston's rates and rate structure reflect that such restructuring and other complex matters are typically national in scope and involve great complexity, high stakes, and severe time pressures. The Debtors understand that Winston revises its rates for services periodically in accordance with Winston's policies on established billing practices and procedures.  The Debtors respectfully submit that Winston's rates are reasonable and comparable to the rates charged by other firms for similar services.

21.     As set forth in the Hardman Declaration, pursuant to Bankruptcy Rule 2016(b), Winston has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys

9

associated with Winston, or (b) any compensation another person or party has received or may receive.

22.     The Debtors respectfully submit that the retention of Winston on the terms and conditions set forth herein, and in the Leonard Declaration, is necessary and in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest.

## DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS

23.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Hardman Declaration, Winston:  (i) has no connection with the Debtor, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware; (ii) does not hold any interest adverse to the Debtors' estates with respect to the matters on which it is to be employed; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.  Accordingly, the Debtors believe that Winston is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

24.     Winston will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise in such review, Winston will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

25.     Based on the foregoing statements and the disclosures made in the Hardman Declaration, the Debtors are satisfied that Winston neither holds nor represents an interest adverse to the Debtors with respect to the matters for which Winston will be employed and is a

RLF1 29620674v.1

"disinterested person" under sections 101(14) of the Bankruptcy Code.  The Debtors believe that

the employment of Winston would be in the best interest of the Debtors' estate.

## BASIS FOR RELIEF

26.    Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to

retain

> for a specified special purpose, other than to represent the
> trustee in conducting the case, an attorney that has
> represented the debtor, if in the best interest of the estate, and
> if such attorney does not represent or hold any interest
> adverse to the debtor or to the estate with respect to the
> matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Clarifying the statute, Bankruptcy Rule 1107(b) provides that "a person is not

disqualified for employment under section 327 of this title by a debtor in possession solely because

of such person's employment by or representation of the debtor before the commencement of the

case."

27.    Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who

represented a debtor prior to the bankruptcy petition date, provided: (a) such retention is for a

special purpose; (b) the purpose of the retention is not to conduct the case; (c) the retention is in

the best interests of the estate; and (d) the attorney does not hold any interest adverse to the debtor

with respect to the subject of its retention.  Winston's retention as the Debtors' special litigation

counsel falls within the scope of section 327(e) of the Bankruptcy Code.

28.    When analyzing the retention of special counsel under section 327(e), "the court

should consider all relevant facts surrounding the debtor's case, including but not limited to, the

nature of the debtor's business, all foreseeable employment of special counsel, the history and

relationship between the debtor and the proposed special counsel, the expense of replacement

counsel, potential conflicts of interest and the role of general counsel." *In re Woodworkers*

*Warehouse*, 323 B.R. 403, 406 (D. Del. 2005) (citing *In the Matter of First Am. Health Care of Georgia, Inc.*, 1996 WL 33404562, at *3 (Bankr. S.D. Ga. Apr. 18, 1996)).  In general, however, subject to the requirements of sections 327 and 1107 of the Bankruptcy Code, a debtor in possession is entitled to the counsel of their choosing.  *See, e.g.*, *In re Vouzianas*, 259 F. 3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel.").

29.     For the reasons described in more detail herein, retaining Winston is uniquely positioned to investigate, advise, and assist the Debtors in connection with derivative claims purportedly filed on behalf of the Company (or that may be purportedly filed on behalf of the Company) and such retention is in the best interest of the Debtors' estates, and satisfies all other standards of retention under section 327(e) of the Bankruptcy Code.  Winston has substantial experience in representing clients with respect to investigations and assessments of derivative claims, in circumstances similar to those of the Debtors.  Importantly, Winston has also represented the Debtors since November 2021 in specific matters, including, most notably, previously advising the Debtors in considering two stockholder derivative demand letters asserting claims and allegations substantially similar to those underlying the derivative claims described in this Application.  Winston is thus familiar with the Company's operations, history, and the derivative claims to be investigated, ensuring efficacy and efficiency.  Accordingly, the Debtors believe that it is in its best interests to employ and retain Winston as special litigation counsel.

## NOTICE

30.     Notice of this Application has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Hon Hai Precision Industry Co., Ltd.; (iii) counsel to the Creditors' Committee; (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the

District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; and (ix) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

31.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

*[Remainder of page intentionally left blank.]*

13

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Application, the Proposed Order, and such other and further relief as is just and proper.

Dated: September 12, 2023

Respectfully submitted,

LORDSTOWN MOTORS CORP.
(for itself and on behalf of its affiliated debtors and debtors in possession)

By: */s/Melissa A. Leonard*
Name: Melissa A. Leonard
Title: Executive Vice President, General Counsel & Secretary

14