# EXHIBIT C

**Leonard Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF MELISSA A. LEONARD IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT O WINSTON & STRAWN, LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS, EFFECTIVE AS OF AUGUST 15, 2023**

I, Melissa A. Leonard, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an Executive Vice President, General Counsel, and Secretary of Lordstown Motors Corp., a debtor in these Chapter 11 Cases. I submit this declaration (the "Declaration") in support of the Application (the "Application")[2] of Lordstown Motors Corp. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(e), 329 and 1007 of title 11 of the United States Code, rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, for authority to retain and employ Winston & Strawn, LLP ("Winston" or the "Firm"), as special

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

litigation counsel for the Debtors effective as of August 15, 2023.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. Winston is proposed to serve as special litigation counsel to the Debtors in connection with the Derivative Claims, including the evaluation of such claims, and the consideration of any initiation, prosecution, waiver, release, settlement, disposition, or resolution of such claims, in each case, whether or not as part of a plan of reorganization.  The Debtors recognize that a careful selection should be made when selecting and managing counsel in bankruptcy to ensure that professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.  To that end, in selecting Winston to represent the Debtors in the course of their investigation of certain estate claims (as described in detail in the Application), the Debtors considered whether Winston had the expertise in the relevant legal issues and in similar proceedings.

3. The Debtors retained Winston because of its meaningful experience in litigation and related investigations, particularly in the context of large and complex corporate reorganizations and seeks to continue to retain Winston due to Winston's acquired familiarity with the Debtors.  In connection with its prior representation of the Debtors, Winston has acquired meaningful knowledge with respect to the Debtors' factual history.  Specifically, from approximately January 2022 through approximately September 2022, Winston advised the Company's board of directors in reviewing and evaluating two stockholder derivative demands concerning, in principal part, the production schedule and demand for the Company's Endurance truck (the "Demands").  Separately, throughout 2021, certain putative Lordstown stockholders filed derivative actions on the Company's behalf asserting claims for breach of fiduciary duties based on allegations substantially similar to those set forth in the Demands.  As of the Petition

Date, three such derivative actions were pending: *In re Lordstown Motors Corp. Shareholder Derivative Litigation*, consol. 1.21-cv-00604-SB (D. Del); *Thai v. Burns, et al.*, 4:31-cv-01267-DAR (N.D. Ohio); and *In re Lordstown Motors Corp. Stockholder Derivative Litigation*, consol. 2021-1049-LWW (Del. Ch.) (together with any other derivative claims or actions that may be purportedly brought on behalf of the Debtors, the "Derivative Claims"). Importantly, while Winston advised the Company's board on the Demands, it does not represent the Company or any defendant in the Derivative Claims.

4. In connection with the Chapter 11 Cases and, in particular, consideration of the Derivative Claims (including consideration of any initiation, prosecution, waiver, release, settlement, disposition, or resolution, whether or not as part of a plan of reorganization), the Debtors require the advice and assistance of counsel. Given Winston's prior work on the Demands and familiarity with the underlying legal claims and factual allegations asserted in the Derivative Claims, coupled with Winston's experience with similar derivative claim investigations, Debtors believe that retaining Winston to investigate and evaluate the Derivative Claims will most efficiently and effectively serve the best interests of the estate.

5. In my capacity as Executive Vice President, General Counsel, and Secretary, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business, and I participate in monitoring and controlling costs of the business, including legal costs. Winston has provided and will be providing professional services to the Debtors under its standard rate structure, subject to a ten percent (10%) fee discount. Winston informed the Debtors that its rates under its standard rate structure are consistent among litigation and bankruptcy representations undertaken under the standard rate structure, including related transactional and litigation services. Winston has further informed the Debtors that its rates and terms under its

standard rate structure for non-bankruptcy engagements are the same as the rates and the terms for the Debtors' engagement of Winston. I am also responsible for reviewing the invoices regularly submitted by Winston, and can confirm that the rates that Winston charged the Debtors in the prepetition period are the same as the rates that Winston will charge the Debtors in the postpetition period, subject to periodic rate increases, as described in the Application. Winston has informed the Debtors that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

6. Winston has developed and shared with the Debtors a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of the Court, recognizing that in the course of the Chapter 11 Cases, there may be unforeseeable events that will need to be addressed by the Debtors and Winston. The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 Cases. The Debtors will continue to review the invoices that Winston regularly submits, and, together with Winston, periodically refine and amend the budget and staffing plan as the case develops.

7. While every chapter 11 case is unique, the budget prepared to address the U.S. Trustee's fee guidelines, will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 12, 2023
       Lordstown, Ohio

By: */s/ Melissa A. Leonard*
Name:  Melissa A. Leonard
Title: Executive Vice President, General Counsel, and Secretary of Lordstown Motors Corp.

5