**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lordstown Motors Corp., *et al.*,[1] | ) | Case No. 23-10831 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 16** |

**LIMITED OBJECTION AND RESERVATION
OF RIGHTS OF WORKHORSE GROUP INC. TO
THE PROPOSED SALE OF SUBSTANTIALLY ALL OF
THE DEBTORS' ASSETS TO THE SUCCESSFUL BIDDER**

Workhorse Group Inc. ("Workhorse"), by its undersigned counsel, hereby files this limited objection and reservation of rights (this "Limited Objection") to the proposed sale of substantially all of the above-captioned debtors' (the "Debtors") assets to the Successful Bidder[2] pursuant to the *Order (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief* [Docket No. 237] (the "Bidding Procedures Order"). In support of this Limited Objection, Workhorse respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 2700 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Bidding Procedures Motion.

**Background**

1. Lordstown Motors Corp. (currently known as Lordstown EV Corporation, "LMC") and Workhorse are parties to that certain Intellectual Property License Agreement, dated as of November 7, 2019 (the "Agreement"), pursuant to which Workhorse licensed its valuable intellectual property (the "Intellectual Property") and patent rights (the "Patent Rights") to LMC for LMC's use in the manufacture of both electric and hybrid trucks and vehicles. LMC enjoyed the benefits of the Agreement, including going public and raising nearly $700 million in the process.

2. Pursuant to the Agreement, if LMC produces and sells these vehicles, royalty obligations to Workhorse (the "Royalties") are triggered. The Royalties are in consideration for LMC not only being provided access to and the right to use Workhorse's valuable intellectual property, but also being given a license to Workhorse's intellectual property and patents for a specified period of time (the "Exclusivity Period") and a broad non-compete from Workhorse. The Exclusivity Period has since expired.

3. On January 25, 2023, LMC notified Workhorse that it was terminating the Agreement, effective March 27, 2023. However, section 7.2.1 of the Agreement expressly states: "Licensee will continue to owe the Royalty and Commission if terminated by Licensee."

4. On June 27, 2023 (the "Petition Date"), LMC (hereinafter, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On the Petition Date, the Debtors filed the *Debtors' Motion for Entry of an Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates with Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract*

*Assumption and Assignment Procedures, and (E) Granting Other Related Relief; and (II) (A) Authorizing the Debtors to Enter Into a Definitive Purchase Agreement and (B) Granting Other Related Relief* [Docket No. 16] (the "Bidding Procedures Motion") pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale of substantially all of the Debtors' assets (the "Proposed Sale") free and clear of liens, claims, encumbrances, and other interests.

6. On August 8, 2023, this Court entered the Bidding Procedures Order which, among other things, approved the Bidding Procedures and procedures for filing objections to the Proposed Sale and authorized the Debtors to sell certain of their assets.

7. On August 21, 2023, the Debtors filed the *Debtors' Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [Docket No. 280] (the "Assumption Notice"). The Agreement is not listed on Exhibit A to the Assumption Notice.

**Limited Objection**

I. **The Debtors May Not Assume and Assign the Agreement Absent Workhorse's Consent Because the Agreement Pertains to Licenses of Intellectual Property.**

8. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract . . . of the debtor . . . if (1)(A) applicable law excuses a party, other than the debtor, to such contract . . . from accepting performance from or rendering performance to any entity other than the debtor . . . whether or not such contract . . . prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

9. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor. *See In re Catapult Ent., Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (finding that patent law renders non-exclusive patent licenses

personal and non-assignable under section 365(c)(1) of the Bankruptcy Code); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by section 365(c)(1) of the Bankruptcy Code from assuming a computer software license where the contract counterparty did not consent to the assumption); *In re Access Beyond Techs., Inc.*, 237 B.R. 32, 48–49 (Bankr. D. Del. 1999) (citing *In re West Elecs., Inc.*, 852 F.2d 79 (3d Cir. 1988)); *In re ANC Rental Corp.*, 277 B.R. 226, 235 (Bankr. D. Del. 2002); *In re Golden Books Family Ent., Inc.*, 269 B.R. 311, 316 (Bankr. D. Del. 2001); *see also In re Trump Ent. Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

10. The Agreement is, or pertains to, non-exclusive licenses of the Debtors' intellectual property. Therefore, pursuant to section 365 of the Bankruptcy Code, the Debtors may not assume and assign the Agreement without Workhorse's consent. Workhorse does not consent to the Debtors' assumption and assignment of the Agreement.

II. **Workhorse's Rights to its Intellectual Property and Royalties Should Not Be Impaired Following the Sale of the Debtors' Assets.**

11. Although Workhorse does not object to the Debtors' right to sell its assets to the Successful Bidder generally, Workhorse does object to the Proposed Sale to the extent that the terms and provisions of the Asset Purchase Agreement and Sale Order seek to impair, limit, and/or modify Workhorse's rights under the Agreement, including the sale of Workhorse's license of its Intellectual Property and Patent Rights by the Debtors as well as Workhorse's right to receive Royalties owed by the Debtors, despite the Debtors purported termination of the Agreement.

12.     Section 363(e) of the Bankruptcy Code provides that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."  Section 361 of the Bankruptcy Code provides a bankruptcy court with broad discretion in granting adequate protection.

13.     The Agreement granted the Debtors a license to Workhorse's Intellectual Property and Patent Rights for the duration of the Exclusivity Period, which period has since expired.  The Agreement also granted the Debtors a broad non-compete from Workhorse.  Accordingly, the Agreement provided substantial value to the Debtors, who enjoyed all of its benefits.  Further, the Agreement expressly states that "Licensee [LMC] will continue to owe the Royalty and Commission [to Workhorse as Licensor] if terminated by Licensee."  *See* Agreement at § 7.2.1.  The Bidding Procedures Motion and the form Asset Purchase Agreement provide that the Debtors' assets will be sold free and clear of liens, claims, encumbrances, and other interests.  Workhorse objects to the sale of its Intellectual Property and Patents and any Sale Order should clarify that the Intellectual Property and Patents may not be sold free and clear of Workhorse's interests.  Further, any Sale Order should also clarify and require that the Royalties owed by the Debtors to Workhorse remain due and owing and subject to Workhorse's interests.

14.     Workhorse objects to any attempt by the Debtors to side-step or invalidate its right to the Royalties or Intellectual Property pursuant to the Agreement.  Accordingly, Workhorse requests that any order confirming the Proposed Sale provide that Workhorse's right to its Intellectual Property, Patents, and Royalties, and any other related rights as set forth in the Agreement shall not be affected, modified, waived, primed, subordinated, or impaired in any way

by any sale of the Debtors' assets and any such sale shall not be made free and clear of Workhorse's interest in these assets pursuant to the Agreement.

## **Reservation of Rights**

15. Workhorse reserves all rights to raise additional objections to any orders related to any proposed Sale Order, any related matters, and any amendments or revisions thereto. Workhorse further reserves all rights it has under the Agreement, the orders related to any proposed Sale Order, and applicable law, including, but not limited to, its rights to seek adequate protection.

## **Conclusion**

16. For the reasons stated herein, Workhorse respectfully requests that the Court sustain this Limited Objection and modify any order approving the sale of the Debtors' assets to the Successful Bidder to provide that the Agreement will not be assumed and assigned and that all of Workhorse's rights, remedies, claims, defenses, and other relief arising from or related to the Agreement are expressly preserved and reserved.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court sustain this Limited Objection and grant such other and further relief as is just and proper.

September 14, 2023  
Wilmington, Delaware

Respectfully Submitted,

/s/ Domenic E. Pacitti
**KLEHR HARRISON HARVEY BRANZBURG LLP**
Domenic E. Pacitti (DE Bar No. 3989)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193
Email:  dpacitti@klehr.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Ryan B. Bennett, P.C.
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:  ryan.bennett@kirkland.com

*Co-Counsel to Workhorse Group Inc.*