## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>Jointly Administered<br><br>**Re:  D.I. 16, 237** |

### LEAD PLAINTIFF'S LIMITED OBJECTION TO SALE APPROVAL

George Troicky (the "Lead Plaintiff"), the court-appointed lead plaintiff in the putative class action captioned *In re Lordstown Motors Corp. Securities Litigation*, Case No. 4:21-cv-00616 (DAR) (the "Securities Litigation"), pending in the United States District Court for the Northern District of Ohio (the "Ohio District Court"), alleging violations of Section 10(b), Section 14(a), Section 20(a), and Section 20A of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder, for himself and on behalf of the putative class that he represents in the Securities Litigation (the "Class"), hereby submits this limited objection to approval of the sale (the "Sale") of substantially all of the assets of the above-captioned debtors in possession (the "Debtors").

Lead Plaintiff's limited objection raises a concern that the Debtors have not identified what obligations will be imposed upon a successful bidder in the Debtors' sale process with respect to the preservation of evidence potentially relevant to the Securities Litigation.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

## BACKGROUND

### A.    The Securities Litigation

1.    Beginning on or about March 18, 2021, six putative securities class action lawsuits were filed in the Ohio District Court against Debtor Lordstown Motors Corp. and Debtor Lordstown EV Corporation, as well as certain individual directors and officers of the Debtors (collectively, the "Securities Litigation Defendants").  In June 2021, the Ohio District Court appointed Lead Plaintiff and consolidated the class action lawsuits.  On September 10, 2021, Lead Plaintiff filed the operative consolidated amended class action complaint.

2.    Prior to the Petition Date (defined below), the Securities Litigation Defendants filed a motion to dismiss the Securities Litigation.  The motion was fully briefed as of March 2022, and was awaiting the Ohio District Court's scheduling of a hearing and ruling as of the Petition Date.  Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"), discovery was stayed in the Securities Litigation pending resolution of the motion to dismiss.  In August 2023, the motion to dismiss was denied by the Ohio District Court, without prejudice to Securities Litigation Defendants filing another motion at a later date.

### B.    The Chapter 11 Cases and the Sale

3.    On June 27, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

4.    On August 8, 2023, this Court entered an order approving bidding procedures for the sale of substantially all of the Debtors' assets (the "Sale Procedures Order") [D.I. 237].[2]

5.    On September 12, 2023, the Debtors filed a *Notice of Certain Modified Dates and Deadlines in Connection with Sale Process* [D.I. 418] that, *inter alia*, extended the Bid Deadline

---

[2]    Capitalized terms used but not defined herein have the meanings given thereto in the Sale Procedures Order.

from September 8, 2023, to September 18, 2023, but maintained the September 14, 2023 Sale

Objection Deadline.  Although authorized by the Sale Procedures Order, the Debtors have not

designated a Stalking Horse Bidder or entered into a Stalking Horse APA.

6.     Accordingly, due to the extension of the sale process timeline, there is currently

no proposed form of asset purchase agreement or a proposed form of sale order detailing the

terms and conditions upon which the Debtors intend to sell substantially all of their assets.  Of

particular interest to Lead Plaintiff, the Debtors have not identified what obligations will be

imposed upon a successful bidder with respect to the preservation of evidence potentially

relevant to the Securities Litigation.  Therefore, out of an abundance of caution, Lead Plaintiff

files this limited objection subject to supplementation once proposed forms of the agreement and

the order are available for review.

## LIMITED OBJECTION

7.     Lead Plaintiff does not object to approval of the Sale as a general matter.

However, any asset purchase agreement and/or sale order approving the sale of some or all of the

Debtors' assets must obligate the successful bidder to retain any originals or true copies of the

Debtors' books, records, documents, files, electronically stored information, tangible objects, or

other evidence potentially relevant to the Securities Litigation (all of the foregoing, wherever

stored, are collectively the "Potentially Relevant Books and Records"), for the duration of the

Securities Litigation, or to provide counsel for the Lead Plaintiff with notice and an opportunity

to be heard in connection with any destruction or other disposition of Potentially Relevant Books

and Records that may occur in the future.

8.     As the issuer of the securities that are the subject of the Securities Litigation, and

as the employer or former employer of other defendants in the Securities Litigation, the Debtors

likely have many or all of the Potentially Relevant Books and Records in their possession,

custody, and/or control.   Failing to require the Potentially Relevant Books and Records to be preserved, maintained, and available for discovery for the duration of the Securities Litigation would be severely detrimental and prejudicial to the Lead Plaintiff and to the Class.

9.     The Bankruptcy Code requires the Debtors to maintain and preserve their assets, including the Potentially Relevant Books and Records, unless authorized by order of the Court to abandon or sell them after notice and an opportunity to be heard.   See 11 U.S.C. §§ 363(b)(1) and 554(a); see also Fed. R. Bankr. P. 6004 and 6007(a).   Through the Sale, the Debtors intend to sell substantially all of their assets, including many or all of the Potentially Relevant Books and Records.

10.     In addition, the Securities Litigation is subject to the PSLRA, which mandates that

> any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i).   This mandatory requirement is subject to "sanction for willful violation."   15 U.S.C. § 78u-4(b)(3)(C)(ii).

11.     Two of the Debtors were named as defendants and participated in the Securities Litigation prior to the Petition Date.   Lead Plaintiff also intends to file individual and class proofs of claim against one or more of the Debtors.   The evidence preservation mandate under the PSLRA continues to apply.   Permitting the potential loss, destruction, or unavailability of Potentially Relevant Books and Records would materially prejudice Lead Plaintiffs and the Class in the prosecution of the Securities Litigation, in contravention of the very intent of the PSLRA's evidence preservation requirements.   Currently, either by virtue of the automatic stay under

section 362 of the Bankruptcy Code and/or the PSLRA discovery stay under 15 U.S.C. § 78u-4(b)(3)(C)(i), Lead Plaintiff is precluded from taking discovery absent further order of the relevant court.

12.     In similar situations, courts recognize that "some action must be taken to [en]sure that documents held by the [debtors] are retained until discovery . . . can commence" in securities actions. See Payne v. Deluca, 2005 U.S. Dist. LEXIS 35891, at *12 (W.D. Pa. Dec. 20, 2005). The Payne court was confronted with a scenario in which the bankruptcy trustee had a "plan to begin destroying documents" pertinent to a related securities case. Id. Importantly, that court recognized that the "Plaintiffs [in the securities litigation] would be unfairly prejudiced if the documents were indiscriminately destroyed before discovery could take place in this matter." Id. at *14. To ensure no documents were destroyed, the court granted plaintiffs' request to serve a preservation subpoena notwithstanding the automatic stay. Id. at *19-20.

13.     The possibility of Potentially Relevant Books and Records being lost or destroyed or otherwise rendered unavailable prior to the completion of the Securities Litigation is very real absent an affirmative obligation set forth in the asset purchase agreement imposed by the Court through the sale order.

14.     The severity of the harm that any such destruction or loss would cause warrants the imposition of an affirmative duty to preserve Potentially Relevant Books and Records and, at the very least, to provide counsel for the Lead Plaintiff and the Class with sufficient notice and an opportunity to be heard with respect to any potential destruction thereof. Cf. In re Royal Ahold N.V. Sec. & ERISA Litig., 220 F.R.D. 246, 251 (D. Md. 2004) (recognizing that "plaintiffs' showing of necessity to preserve evidence appear[ed] substantial" where the company was "undertaking a wide ranging corporate reorganization" which "create[s] a reasonable concern that documents may be lost"); see also In re Massey Co. Sec. Litig., 2011

U.S. Dist. LEXIS 111175, at *23 (S.D. W. Va. Sept. 28, 2011) (permitting plaintiff in securities class action to issue evidence preservation subpoenas); In re Nat'l Century Fin. Enters., 347 F. Supp. 2d 538, 541-52 (S.D. Ohio 2004) (granting securities plaintiffs' motion for authority to issue preservation subpoena to non-party where relevant documents would likely be destroyed because of that party's bankruptcy); Vezzetti v. Remec, Inc., 2001 U.S. Dist. LEXIS 10462, at *9 (S.D. Cal. July 23, 2001) (granting securities plaintiff's motion to issue preservation subpoenas to non-parties).

15.    Accordingly, to prevent the significant harm that would befall Lead Plaintiff and the Class from the destruction, loss, or unavailability of Potentially Relevant Books and Records, any order approving the Sale (the "Sale Approval Order") should include the following provision (the "Document Preservation Provision"):

> Until the entry of a final order of judgment or settlement in the litigation captioned as *In re Lordstown Motors Corp. Securities Litigation, Case No. 4:21-cv-00616 (DAR)* (N.D. Ohio) (the "Securities Litigation"), the Debtors (before the Closing Date) and the Buyer and any other transferee of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain the Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records without providing counsel to the plaintiffs in the Securities Litigation not less than sixty days' advance written notice of such proposed destruction with an opportunity to object and be heard by a court of competent jurisdiction.  In the event the plaintiffs in the Securities Litigation timely object to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved pending a final order of the Bankruptcy Court or other court of competent jurisdiction.

*[ signature page follows ]*

WHEREFORE, Lead Plaintiff respectfully submits that the Sale should not be approved unless the Sale Approval Order includes the Document Preservation Provision.  Lead Plaintiff reserves the right to supplement this limited objection and to raise further and additional arguments in connection with the Sale.


Dated: September 14, 2023
       Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
Email: csimon@crosslaw.com

 *- and -*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Andrew Behlmann, Esq.
Scott Cargill, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone 973-597-2500
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com

*Bankruptcy Counsel for*
*Lead Plaintiff*