**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.,*[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY**
**HOLDERS FOR ENTRY OF AN ORDER PERMITTING SECURITIES TRADING**
**UPON ESTABLISHMENT OF A SCREENING WALL**

Upon the motion (the "Motion")[2] of the Equity Committee appointed in the Debtors'

Chapter 11 cases[2], for entry of an Order pursuant to section 105(a) of the Bankruptcy Code,

approving specified information-blocking procedures and permitting Committee Members to trade

in the Stock upon the establishment and implementation of a Screening Wall and in accordance

with the terms and conditions of this Order; and due and proper notice of the Motion having been

given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED,**

**ADJUDGED, AND DECREED**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The term "Stock" means the issuance of shares of Class A Common Stock that

trades on the NASDAQ Global Stock Market under the symbol "RIDE" ("Stock") by the Debtor

Lordstown Motors Corp. or LMC (formerly known as DiamondPeak Holdings Corp.)

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] The Committee consists of Crestline Management, L.P. ("Crestline"), Pertento Partners LLP ("Pertento") and Esopus Creek Value Series Fund LP – Series "A" ("Esopus").  Only Crestline and Pertento are seeking the flexibility of the relief requested in the Motion.  Committee Member Esopus does not intend to trade in the securities issued by the Debtors while serving as a Committee Member.

prepetition.

3.     The terms "Trade[s]" or "Trading" refers to any purchase, sale, or other transaction involving solely the Stock, and shall not refer to any purchase, sale, or other transaction involving any other claim or interest respecting the Debtors that are not the Stock.

4.     The term "Committee Personnel" means the person or persons designated by a Committee Member to represent such Committee Member on the Equity Committee, any employee of such Committee Member who engages in Committee-related activities on behalf of the Committee Member, and any employee of such Committee Member who receives Committee Information (as defined herein).

5.     The term "Screening Wall Entity" means any Committee Member or its "affiliate[s]" (as such term is defined in 11 U.S.C. § 101(5)) that engages in Trading in the Stock as a regular part of its business.

6.     To the extent that a Screening Wall Entity Trades in the Stock during the pendency of this case, and provided that such Screening Wall Entity and the applicable Committee Member comply with the provisions of this Order with respect to any Trading in the Stock, then such Committee Member, acting in any capacity, shall not violate and shall not be deemed to have violated its fiduciary duties as a Committee Member on the basis that a Screening Wall Entity has Traded in the Stock; provided, however, such Screening Wall Entity establishes, effectively implements, and strictly adheres to the policies and procedures set forth herein, including the Screening Wall, to prevent the Screening Wall Entity's trading personnel from misusing non- public information generated or obtained through Committee Personnel's performance of Equity Committee-related activities (such information, "Committee Information") and to prevent Committee Personnel from receiving information

2

regarding such Screening Wall Entity's Trading in the Stock in advance of such Trades. Provided that a Committee Member and any Screening Wall Entity comply with this Order, then the Trading of any Stock during the pendency of this case by such Committee Member or Screening Wall Entity shall not subject such Committee Members' Stock holdings to possible disallowance, subordination, or other adverse treatment. Except as expressly set forth herein, the rights of all parties in interest, including the right to seek any relief in this case and any defenses thereto, are fully reserved.

7.      The Screening Wall procedures contained herein are authorized to be employed solely by a Screening Wall Entity who engages in Trading of the Stock. If a Screening Wall Entity wishes to Trade in the Stock, it shall adhere to the following information-blocking procedures:

i.      The Screening Wall Entity shall cause all Committee Personnel to execute a letter, substantially in the form attached as **Exhibit B** to the Motion, acknowledging that the Committee Personnel (a) may receive Committee Information, (b) are aware of, and agree to comply with, the Screening Wall procedures that are in effect with respect to Trading in the Stock, and agree to comply with any Court order regarding the Screening Wall procedures, and (c) will inform Committee counsel, counsel for the Debtors, and the United States Trustee in writing if such procedures are materially breached, and each Screening Wall Entity shall provide a copy of any such letter executed by its Committee Personnel to counsel for the Debtors and the United States Trustee.

ii.     Prior to a Screening Wall Entity engaging in any Trades compliant with this Order, a Committee Member must be able to verify, by means of a sworn or verified declaration filed with the Court and served on counsel for the Debtors and the United States Trustee, a document containing the following: (a) the declarant's position with the Committee Member; (b) a statement that the declarant has personal knowledge of the Committee Member's business; (c) a description of the nature of the Committee Member's business; (d) a description of its organizational structure and the number of employees in each division; (e) identification of the Screening Wall Entities; and (f) a verification that the Committee Member and any Screening Wall Entities have established and will comply with the Screening Wall procedures and any Court order regarding the Screening Wall procedures.

iii.    Committee Personnel will not share Committee Information with any employees of a Screening Wall Entity who are not Committee Personnel (including through

electronic means), except

    a.  senior management of such Screening Wall Entity who, due to their duties and responsibilities, have a legitimate need to know such Committee Information, provided that such individuals (1) otherwise comply with the Screening Wall, and (2) use such Committee Information only in connection with senior managerial responsibilities, and

    b.  regulators, auditors, and designated legal or compliance personnel for the purpose of rendering professional advice to Committee Personnel; <u>provided</u>, <u>however</u>, that such personnel will not share Committee Information with other employees who are not Committee Personnel, and will maintain such Committee Information in files inaccessible to other employees

iv.    Committee Personnel will keep Committee Information in files (including electronic files) inaccessible to Screening Wall Entity employees who are not Committee Personnel; <u>provided</u>, <u>however</u>, that a Screening Wall Entity's information-technology employees are permitted to have access to Committee Information in the ordinary course; <u>provided</u>, <u>further</u>, that such persons will not use or share Committee Information with other employees who are not otherwise permitted to receive such information. Further, Committee Personnel will not occupy the same office space as a Screening Wall Entity and will maintain phone and facsimile lines separate from other employees of a Screening Wall Entity.

v.    The applicable Committee Member will (a) provide to counsel for the Debtors and the United States Trustee an initial certification of the amount of Stock, in United States Dollars, held by each applicable Screening Wall Entity, and (b) update this information through quarterly reports submitted to the Debtors and the U.S. Trustee. Such quarterly reports shall also include a verification from the Committee Member of its continued compliance with the terms of this Order and the Screening Wall procedures set forth herein.

vi.    Committee Personnel will receive no information regarding a Screening Wall Entity's Trades in the Stock in advance of such Trades, except that Committee Personnel may receive the usual and customary internal reports in the ordinary course of business and/or public reports showing information included in the ordinary course of the Committee Member's business, which may include the Screening Wall Entity's purchases and sales and the amount and Stock owned by such Screening Wall Entity or its clients.

vii.    The Committee Member's compliance department personnel or internal counsel shall periodically review the Screening Wall Entity's Trades to determine if there is a reasonable basis to believe that such Trades were not made in compliance with this Order and shall keep records of such review. A Committee Member

shall immediately disclose to Committee counsel, the United States Trustee, and counsel to the Debtors any material breaches of this Order or the Screening Wall procedures.

viii.    To the extent that any Screening Wall Entity Trades in the Stock in violation of this Order, the rights of all parties in interest are fully reserved. Without limiting the foregoing, this Order shall not preclude the Court or any party in interest, including the Debtors and the United States Trustee, from taking appropriate action in response to (i) any alleged breach of fiduciary duty by a Committee Member or (ii) a Committee Member's failure to comply with the terms of this Order and the Screening Wall procedures set forth herein.

8.    Nothing set forth in the Motion or this Order shall constitute an admission by any party or finding by this Court that the Stock constitute "securities" for the purpose of the securities laws.

9.    Any entity bound by this Order shall not Trade in the Stock except in compliance with this Order.

10.    This Court retains jurisdiction to interpret and enforce the terms of this Order.

16315878/1