**EXHIBIT A**



Kevin Gross
Director
302-651-7815
Gross@rlf.com

**HIGHLY CONFIDENTIAL**
**ATTORNEY CLIENT PRIVILEGED**

June 22, 2023

**VIA EMAIL**

Lordstown Motors Corp., *et al.*
2300 Hallock Young Road
Lordstown, Ohio 44481
Attn:   Melissa A. Leonard, Executive Vice President, General Counsel & Secretary

> Re:   **Engagement of Richards, Layton & Finger, P.A.**

Dear Ms. Leonard:

       We are very pleased that you have asked us to represent Lordstown Motors Corp., and certain of its affiliates and/or subsidiaries (collectively, the "Company") as its Delaware co-counsel in connection with the Company's evaluation of its strategic options including, but not limited to, a restructuring of some or all of its debts and/or the commencement of chapter 11 bankruptcy cases (the "Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

       The purpose of this letter is to confirm and establish our agreement with regard to the nature and scope of our retention and to provide you and the Company with a summary of obligations in connection with our retention.

       For all purposes of this matter, the client shall be the Company. All duties and responsibilities created and imposed by this agreement shall be owed to the Company and not to any officer, director, agent, partnership, other corporation, trustee, employee or third party individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the Bankruptcy Court and other necessary parties.

       In connection with this matter, we expect to assist the Company and its lead restructuring counsel, White & Case LLP ("W&C"), in, among other things, some or all of the following matters at the Company's and/or W&C's direction:

       1.    coordinating with the Company's lead bankruptcy counsel, W&C, to the extent necessary, in connection with the preparation and filing of petitions, motions, applications, orders, reports, and papers necessary or desirable to commence the Cases;

Ms. Melissa A. Leonard
June 22, 2023
Page 2

2. coordinating with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and the Bankruptcy Court, to the extent necessary, for the purpose of facilitating the orderly administration and prosecution of the Cases;

3. assisting the Company's lead bankruptcy counsel, W&C, to the extent requested by such counsel, in light of Richards, Layton & Finger, P.A.'s knowledge of Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the U.S. Trustee's guidelines, and practice, with the preparation, on behalf of the Company, of all motions, applications, answers, orders, reports, and papers in connection with the administration of the Company's estate;

4. to the extent requested by the Company or its lead bankruptcy counsel, W&C, advising the Company of its rights, powers, and duties as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, and taking action to protect and preserve the Company's estate;

5. attending any and all hearings held before the Bankruptcy Court, or any other court in connection with, or arising out of, the Cases; and

6. to the extent requested by the Company or its lead bankruptcy counsel, W&C, performing all other necessary or desirable legal services in connection with the restructuring process and the Cases.[1]

Our representation of the Company in this matter is limited to legal matters only. We are not qualified to give advice on non-legal matters such as accounting matters, investment prospects or other business advice, and we suggest that the Company obtain professionals in those fields if you wish advice in those areas.

Our fees for this matter will be based principally on the experience and expertise of the people who are providing services to the Company, and the amount of time spent on the project. The current hourly rates of our professionals and paraprofessionals who may work on this matter currently range from $375.00 per hour to $1,325.00 per hour. Set forth below are the names, positions, and the current billing rates for our primary professionals who are expected to be involved principally in this engagement. Our general practice is to allow these and other attorneys at Richards, Layton & Finger, P.A. ("RL&F") with the lowest rates to perform as much work as possible on matters commensurate with their experience and expertise. In addition, we expect that other attorneys from RL&F having an experience in a particular area also will become involved, if necessary. You understand and agree that our hourly rates are reviewed and adjusted/increased from time to time based on, among other factors and considerations, general market conditions. We will try to maintain a continuing awareness of the issue of cost-

---

[1] We will use our reasonable efforts to avoid any duplication of services provided by any of the Company's other retained professionals including, without limitation, W&C.

Ms. Melissa A. Leonard
June 22, 2023
Page 3

effectiveness, and you should feel free to communicate with me if you have questions about any of our statements.

| Name | Position | Current Hourly Rate |
|---|---|---|
| Kevin Gross | Director | $1,325.00 |
| Daniel J. DeFranceschi | Director | $1,300.00 |
| Paul N. Heath | Director | $1,150.00 |
| Amanda R. Steele | Director | $995.00 |
| Jason M. Madron | Counsel | $875.00 |
| James F. McCauley | Associate | $595.00 |

There are various categories of charges --- for example, photocopying, secretarial overtime, filing fees, expert witness fees, court reporter fees, travel expenses, and working meals --- that will be billed to the Company's account in addition to our fees for services, *provided, however*, that RL&F shall not bill the cost of any in-house printing, long distance telephone, facsimile, or computerized research charges to the Company. Many of these charges will be incurred to third parties, such as expert witnesses and court reporters. When such charges exceed $1,000.00, we will normally arrange with third parties to bill the Company directly. For example, the fee charged by the Bankruptcy Court to file a bankruptcy case is $1,738.00 per petition. This amount must be paid at the time the petition is filed, or else the Bankruptcy Court Clerk will not accept the petition. Additionally, based on prior experiences in representing debtors and debtors in possession in bankruptcy cases, there are significant copying costs associated with the many pleadings, motions, applications, statements, schedules, and related documents that are required to be filed with the Bankruptcy Court and served on interested parties and creditors. It is our intention to bill the Company directly for the copying we do in-house at my firm, but to have any third party copy service provider bill you directly for copying services provided by such providers.

We will provide statements to you on a regular basis. Each statement will include a description of the services performed and a description of any costs and expenditures incurred by us on the Company's behalf for which we expect reimbursement. Our statements are due on receipt, subject to any administrative order that may be entered in connection with any potential bankruptcy case establishing procedures for the payment of fees and expenses to professionals retained in the Cases.

We also typically require an advance retainer as a condition to undertake a representation in matters such as this. In this case, we require an initial retainer of $200,000.00. We intend to periodically draw down on the retainer as we provide services and incur expenses and, as necessary, seek to have this retainer replenished from time to time as the matter moves forward. Before the filing of any bankruptcy case, we will also be requesting that the Company "refresh" the retainer to an amount of not less than $200,000.00 to act as an "evergreen" retainer

RLF1 29141723v.1

Ms. Melissa A. Leonard
June 22, 2023
Page 4

that we will hold as security throughout the Cases.[2] Upon completion or termination of our engagement, we will promptly return any remaining funds that are not credited against outstanding statements.

In the event that a bankruptcy case is filed on behalf of the Company, all attorneys' fees and expenses incurred on behalf of the debtor must be approved by the Bankruptcy Court based upon fee applications which we file periodically. Those applications contain a complete description of all of the services performed and the time spent performing those services. All entries are itemized in the fee application.

We will perform the legal services called for under this engagement, respond promptly to your inquiries and communications, and keep you informed of the status of your matter. It will be your responsibility to keep us apprised of the facts pertinent to our representation, review and comment on documents we prepare in the course of the engagement, and timely make payments required by this agreement.

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter (and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us and work product prepared for or on behalf of the Company). If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel as and when reasonably practicable to represent you.

RL&F is a large law firm with a national and international practice, with many existing clients and many new clients each year. As a result, clients of the firm from time to time have business dealings, negotiations and sometimes disputes (including litigation) with other firm clients. So that we can fully serve all of our clients and prospective clients, our representation of the Company is conditioned upon the Company's agreement that the Company will not object to our representation of any other client or prospective client of our firm in any business dealing, negotiations or disputes (including litigation), provided that the matter in which we represent any party adverse to the Company is not substantially related to any matter in which we are representing or have represented the Company, and with the understanding that we will not disclose any confidential information we have received from the Company and will not use any such information on behalf of any other party. This also means that we may obtain confidential information from other clients that might be of interest to the Company but which we cannot share with the Company.

The Company understands that RL&F is Delaware co-counsel to David Hamamoto, Mark Walsh, Andrew Richardson, Steven Hash, Judith Hannaway, and DiamondPeak Sponsor LLC (collectively, the "Chancery Defendants"), in that certain civil action styled *In re Lordstown Motors Corp. Stockholders Litigation*, C.A. No. 2021-1066-LWW,

---

[2] For your convenience, we have attached instructions to wire the retainer to our account.

RLF1 29141723v.1

Ms. Melissa A. Leonard
June 22, 2023
Page 5

a putative class action lawsuit alleging, among other things, breach of fiduciary duties by the Chancery Defendants, pending in the Court of Chancery of the State of Delaware (the "Chancery Action"). In connection with the foregoing, the Company does not object to, and hereby waives, any actual or potential conflict of interest in connection with our having represented, currently representing, or in the future representing the Chancery Defendants in the Chancery Action and any other matters that are unrelated to our representation of the Company in this engagement.

The Company further understands that RL&F is Delaware co-counsel to Mark A. Walsh, Andrew C. Richardson, Steven R. Hash, and Judith A. Hannaway (collectively, the "District Court Defendants"), in that certain civil action styled *In re Lordstown Motors Corp. Shareholder Derivative Litigation*, C.A. No. 21-00604-SB, a derivative shareholder lawsuit pending against, among others, the District Court Defendants in the United States District Court for the District of Delaware (the "District Court Action"). In connection with the foregoing, the Company does not object to, and hereby waives, any actual or potential conflict of interest in connection with our having represented, currently representing, or in the future representing the District Court Defendants in the District Court Action and any other matters that are unrelated to our representation of the Company in this engagement.

The Company has authorized us to disclose our representation of the Company to each of the Chancery Defendants and the District Court Defendants, and we have obtained a similar consent and waiver from each of the Chancery Defendants and the District Court Defendants.

The Company understands and agrees that RL&F will not be able to represent the Company in any adversary proceeding or contested direct dispute between the Company and any of the Chancery Defendants or the District Court Defendants, and the Company will rely on other counsel for any such matters.

RL&F will staff its representation of the Company with attorneys that are not providing services to the Chancery Defendants or the District Court Defendants, and RL&F will otherwise make sure that an ethical screen is in place and remains in place with respect to such attorneys. We take very seriously our obligations to maintain the confidentiality of information we receive from all of our clients and we will take appropriate steps to make sure that we maintain the confidences of the Company as well as the Chancery Defendants and the District Court Defendants. In connection with or related to the matters discussed herein, we will not be under a duty to disclose any confidential information belonging to the Company or the Chancery Defendants or the District Court Defendants. Moreover, the Company agrees that it will not consider it a breach of any duty that we may owe to the Company for RL&F to honor confidentialities and to limit the disclosure of information in this manner.

This letter constitutes informed written consent under Rule 1.7 and/or Rule 1.9 of the Delaware Rules of Professional Conduct. In addition, you should feel free to consult with other counsel regarding the contents of this letter and the waivers provided hereunder. If you have any questions about the foregoing, please call me. If you are in agreement with the foregoing and it accurately represents your understanding of the Company's retainer with RL&F please execute the enclosed copy of this letter and return it to me. If not, kindly contact me as

Ms. Melissa A. Leonard
June 22, 2023
Page 6

soon as possible. Please understand that we can assume no responsibility until the signed copy has been returned (and the required funds are received). We look forward to working with you on this engagement.

If you have any questions about any of these matters, please feel free to let me know. Otherwise, we will assume they are satisfactory to you.

Very truly yours,

RICHARDS, LAYTON & FINGER, P.A.

By: _____
Kevin Gross
Authorized Representative

KG/jmm

**AGREED:**

_____
Melissa A. Leonard
Executive Vice President, General Counsel & Secretary
On Behalf of Lordstown Motors Corp., *et al.*

CC: Thomas E Lauria, Esq. (*via* email)
    Jason Zakia, Esq. (*via* email)
    Daniel J. DeFranceschi, Esq. (*via* email)

RLF1 29141723v.1