**EXHIBIT J**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL <u>EFFECTIVE AS OF THE PETITION DATE</u>

Upon the application, dated July 6, 2023 (the "**Application**"),[2] of the Debtors for entry of an order (this "**Retention Order**"), authorizing the Debtors to retain and employ Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel for the Debtors, effective as of the Petition Date, all as more fully set forth in the Application; and upon consideration of the Gross Declaration and the Leonard Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.);  and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if necessary, having been held to

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Application.

consider the relief requested in the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to section 327(a) of the Bankruptcy Code, to employ and retain RL&F as counsel to the Debtors on the terms and conditions set forth in the Application and the Gross Declaration, as modified by this Retention Order, effective as of the Petition Date.

3. RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court. RL&F shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any interim and/or final fee application(s) to be filed by RL&F in these Chapter 11 Cases.

4. The Retainer shall be treated as an evergreen retainer and shall be held by RL&F as security throughout the Chapter 11 Cases until RL&F's fees and expenses are awarded and

2

payable to RL&F on a final basis, with any unapplied portion of the Retainer to be promptly returned to the Debtors. The Retainer shall not be replenished postpetition.

5.      RL&F shall use its reasonable efforts and coordinate with the Debtors and their other professionals to avoid the duplication of services provided by other professionals retained by the Debtors in the Chapter 11 Cases.

6.      RL&F shall refrain from involvement in any matters bearing directly on the Defendants (as defined in the Gross Declaration) in the Chapter 11 Cases such as any adversary proceeding or direct contested dispute involving a Defendant, or the drafting, negotiation or litigation of any release or exculpation provisions affecting a Defendant that may be included in any proposed plan of reorganization.

7.      In the event of any inconsistency between the Application, the Gross Declaration, any of the RL&F engagement letters and this Retention Order, this Retention Order shall govern.

8.      The terms and conditions of this Retention Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Retention Order in accordance with the Application.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Retention Order.