IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br>(Jointly Administered)<br><br>**Objection Deadline:**<br>October 6, 2023 at 4:00 p.m. (ET)<br><br>**Hearing Date:**<br>October 18, 2023 at 10:30 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE BY WHICH DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS**

Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned cases, file this motion (the "**Motion**") pursuant to 28 U.S.C. § 1452, rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), approving the extension of the deadline by which the Debtor may remove actions. In support of this Motion, the Debtors state as follows:

**RELIEF REQUESTED**

1.      Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Debtors may file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 will expire on

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

September 25, 2023 (the "**Removal Deadline**").[2] By this Motion, pursuant to 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2, the Debtors request entry of an order extending the Removal Deadline by approximately 120 days, through and including January 23, 2024 with respect to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**," together with the Prepetition Actions," the "**Actions**").[3]

2. The Debtors further request that the Order approving this Motion be entered without prejudice to (a) any position the Debtors may take regarding whether section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") applies to stay any given Action, and (b) the right of the Debtors to seek further extensions of the Removal Deadline.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Motion are 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2.

---

[2] Bankruptcy Rule 9027(a)(2) provides that the time period will expire ninety (90) days from the Petition Date.

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Removal Deadline automatically extends such deadline until such time as the Court rules on this Motion.
2

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

6. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors Committee**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 99]. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 375]. No trustee or examiner been appointed in these Chapter 11 Cases.

7. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in forth in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions*. [D.I. 15].

## BASIS FOR RELIEF REQUESTED

8. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil

> action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Removal Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

AMERICAS 125191261

12. It is well settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by, Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also In re TK Holdings Inc.*, 2018 WL 1306271, at *46 (Bankr. D. Del. Mar. 18, 2010) (extending the time provided by Bankruptcy Rule 9027 to remove a civil action under 28 U.S.C. § 1452); *In re The Hertz Corp. et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. Aug. 10, 2020) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions); *In re PWM Property Management LLC, et al.*, Case No. 21-11445 (MFW) (Bankr. D. Del. Feb. 3, 2022) (same); *In re Virgin Orbit Holdings, Inc. et al.*, Case No. 23-10405 (KBO) (Bankr. D. Del. July 18, 2023) (same).

13. The Debtors submit that ample cause exists to extend the Removal Deadline. While the Debtors do not currently believe there are any Actions that needs to be removed, the Debtors and their professionals have not had sufficient time to evaluate all Actions currently pending. Further, the Equity Committee was recently appointed and is still conducting its review of the Chapter 11 Cases. Therefore, the Debtors believe that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to preserve the rights of the Debtors and their estates to potentially remove any Actions, if necessary.

14. Since the Petition Date, the Debtors have expended considerable time and effort focusing on their transition into chapter 11, including, but not limited to, addressing day-to-day business issues, seeking and obtaining various forms of first and second day relief, and preparing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs and Monthly

Operating Reports.  At the same time, the Debtors have also had to devote substantial amount of time and resources to defend against pending litigations.  Notably, the Debtors successfully defended against the motion to dismiss the Chapter 11 Cases by Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, "**Foxconn**").  The Debtors also defended against the motion for relief from the automatic stay by Karma Automotive LLC ("**Karma**"), and subsequently negotiated and settled Karma's over $900 million litigation-related claim against the estates.

15. Additionally, the Debtors are conducting a sale process for the sale of the Debtors' business as a going concern or, alternatively, for a subset of the assets.  The on-going marketing process and negotiations with potential bidders have required material attention from the Debtors' management and professionals.  Furthermore, the Debtors have filed the *Joint Chapter 11 Plan of Lordstown Motors Corp., and its Affiliated Debtors* [D.I. 360] and *Disclosure Statement Pursuant to 11 U.S.C. § 1125 With Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors* [D.I. 361], and are in continuing discussions with the Creditors Committee and Equity Committee.

16. Given the Debtors' focus to date, the Debtors have not had sufficient time to evaluate any pending Actions and possible removal pursuant to Bankruptcy Rule 9027(a).  Accordingly, the Debtors believe the current Removal Deadline of September 25, 2023 would not provide sufficient time for the Debtors to determine conclusively which Actions, if any, they should seek to remove.  The extension sought will afford the Debtors an opportunity to make more fully-informed decisions concerning the existence of any Actions and their removal, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.  Absent the requested extension, the Debtors will not be able to complete this

review adequately, and the result could, among other things, unnecessarily hinder the Debtors' ability to recover assets for the benefit of their estates.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any adversary in an existing Action because such parties are prevented from prosecuting Actions absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an existing Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C. § 1452(b) at the appropriate time.

17. For the reasons set forth above, the Debtors submit that extending the current Removal Deadline through and including January 23, 2024 is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

**NOTICE**

18. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:  (i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Creditors Committee, (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the state attorneys general for all states in which the Debtors conduct business; (x) any parties who have asserted liens against the Debtors' assets; (xii) any party affected by the Motion; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

19. No previous request for the relief sought herein has been made to this or any other Court.

AMERICAS 125191261

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion and such other and further relief as is just and proper.

[*Remainder of page intentionally left blank.*]

Dated: September 22, 2023

Respectfully submitted,

*/s/ James F. McCauley*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
James F. McCauley (No. 6991)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com
mccauley@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and Debtors-in-Possession*

AMERICAS 125191261