**<u>Exhibit A</u>**

**Disclosure Statement Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I.** |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE, (II) APPROVING PLAN SOLICITATION AND VOTING PROCEDURES, (III) APPROVING FORMS OF BALLOTS, (IV) APPROVING FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES, (V) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Disclosure Statement Order**"), pursuant to sections 105(a), 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, and 9008, and Local Rules 2002, 3017-1, and 9006-1, (i) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (ii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (iii) approving the forms of ballots; (iv)

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion, the Disclosure Statement, or the Plan, as applicable.

approving the form, manner and scope of confirmation notices; (v) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as may be modified, amended, or supplemented from time to time, the "**Plan**");[3] and (vi) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[4]**

A.    The Disclosure Statement contains "adequate information" regarding the Plan within the meaning of section 1125 of the Bankruptcy Code.  No further information is necessary or required.

B.    The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes,

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

[4]    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such, pursuant to Bankruptcy Rules 7052 and 9014.

in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release provisions contained in the Plan, with such provision also included in the Ballots and the Confirmation Hearing Notice.

      C.      Notice of the Disclosure Statement Hearing, provided in the manner described in the Motion and the form of which was attached to the Motion as **Exhibit B**, was sufficient and appropriate under the circumstances and complied with the applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.  No further notice is needed.

      D.      The Solicitation Procedures attached hereto as **Exhibit 1** provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

      E.      The proposed distribution and contents of the Solicitation Packages and other notices, as set forth in the Motion and the Solicitation Procedures, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, the Plan, the procedures described to solicit votes to accept or reject the Plan and related matters.

      F.      The Ballots, substantially in the forms attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4** and **2-5**, including all instructions provided therein, (i) are sufficiently consistent with Official Form No. B 314, (ii) adequately address the particular needs of these Chapter 11 Cases, and (iii) provide adequate information and instructions for each Holder of Claims and Interests in the Voting Classes entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

      G.      Pursuant to the Plan, the Holders of Claims and Interests in Class 3 (General Unsecured Trade Claims), Class 4 (Other Unsecured Claims), and Class 7 (Common Stock

Interests) are impaired and entitled to receive distributions under the Plan.  Accordingly, Holders

of Claims and Interests in such classes are entitled to vote on account of such Claims and Interests.

H.      Pursuant to the Plan, Holders of Claims or Interests in Class 1 (Other Priority

Claims), Class 2 (Secured Claims) and Class 6 (Intercompany Interests) are Unimpaired and are

conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy

Code and are not entitled to vote on the Plan on account of such Claims or Interests.  Holders of

Interests in Class 5 (Foxconn Preferred Stock Interests) are Impaired and are deemed to have

rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote

on the Plan on account of such Claims or Interests.  Ballots need not be provided to Holders of

Claims in the Non-Voting Classes (*i.e.*, Classes 1, 2, 5 and 6).

I.      The combination of direct and published notice of the Plan and Confirmation

Hearing, including, without limitation, the Confirmation Hearing Notice (with such changes as

may be appropriate for purposes of publication, the "**Publication Notice**"), substantially in the

form attached hereto as **Exhibit 3**, provides due, proper, and sufficient notice of the Plan, the

Confirmation Hearing, and the opportunity to vote on and object to the Plan, complies with

Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1, and satisfies the requirements of due

process with respect to all known and unknown creditors.  No further notice is necessary or

required.

J.      The form of the Notice of Non-Voting Status to Holders of Unclassified and

Unimpaired Claims and Interests Conclusively Presumed to Accept the Plan (the

"**Unclassified/Unimpaired Non-Voting Status Notice**"), substantially in the form attached

hereto as **Exhibit 4**, and the form of the Notice of Non-Voting Status to Holders of Impaired

Claims and Interests Deemed to Reject the Plan (the "**Impaired Non-Voting Status Notice**,"

substantially in the form attached hereto as **Exhibit 5**, together with the "**Unclassified/Unimpaired Non-Voting Status Notice**," the "**Non-Voting Status Notice**"), comply with the Bankruptcy Code, Bankruptcy Rule 3017(d), and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to the Holders of Claims and Interests in the Non-Voting Classes or other Holders of Claims or Interests that are otherwise deemed not entitled to vote to accept or reject the Plan (except for Holders of Interests in Class 6 (Intercompany Interests), who will not receive an Unclassified/Unimpaired Non-Voting Status Notice) of their non-voting status.  No further notice is necessary or required.

K.      The period during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan and timely return Ballots evidencing such decision.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

**Disclosure Statement**

2.      The Disclosure Statement is **APPROVED** as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

3.      All objections, if any, to the Disclosure Statement or relief requested in the Motion that have not been withdrawn or resolved prior to or at the hearing to consider approval of the Disclosure Statement are overruled.

4.      The Disclosure Statement Hearing Notice and the manner of service thereof are each **APPROVED**.

5.      The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the release, injunction, and exculpation provisions contained in Article VIII of the Plan, in accordance with Bankruptcy Rule 3016(c).

**Confirmation Hearing and Plan Confirmation Schedule**

6.      The following dates and deadlines in connection with the Solicitation Procedures and the Confirmation Hearing are **APPROVED**:

| Event | Date |
|---|---|
| Voting Record Date | **October 18, 2023** |
| Solicitation Date | **Three (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Publication Deadline | **Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Rule 3018(a) Motion Deadline | **November 13, 2023 at 4:00 p.m. (ET)** |
| Voting Resolution Event Deadline | **November 22, 2023** |
| Plan Supplement Filing Deadline | **The date that is no later than seven (7) days prior to the Voting Deadline** |
| Plan Objection Deadline | **December 1, 2023 at 4:00 p.m. (ET)** |
| Voting Deadline | **December 1, 2023 at 5:00 p.m. (ET)** |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation, (iii) Declarations in Support of Plan Confirmation, and (iv) Voting Report | **December 12, 2023** |
| Confirmation Hearing | **December 15, 2023, subject to court availability** |

7.      The Confirmation Hearing shall be held on **December 15, 2023, at ____ a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time by this Court or the Debtors without further notice other than as indicated in any

notice or agenda of matters scheduled for a particular hearing that is filed with this Court or by being announced in open court.

**Solicitation Packages**

8.    The proposed distribution and contents of the Solicitation Packages, which shall include the following, are **APPROVED**:

      (a)    a Cover Letter, substantially in the form attached hereto as **Exhibit 9**, describing the contents of the Solicitation Package and providing instructions to obtain access, free of charge and in multiple, optional formats, to the Plan, Disclosure Statement, and this Disclosure Statement Order, and urging the Holders of Claims and Interests in the Voting Classes to vote to accept the Plan;

      (b)    the Confirmation Hearing Notice;

      (c)    the Disclosure Statement, with all exhibits that have been filed with the Court before the Solicitation Date, including the Plan;

      (d)    the Disclosure Statement Order, including the Solicitation Procedures; and

      (e)    an applicable Ballot, substantially in the form attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4** and **2-5**, with return instructions and a return envelope, as applicable; and

      (f)    any other materials to be included as requested by the Court.

9.    All contents of the Solicitation Package, including Ballots, shall be provided in paper format, except the (i) Disclosure Statement with all exhibits (to the extent such exhibits are filed with the Court before the Solicitation Date), including the Plan, and (ii) this Disclosure Statement Order with including the Solicitation Procedures, which will be provided through instructions in the Ballots.  The Solicitation Package shall include instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order in electronic format through the Debtors' restructuring website all exhibits (to the extent such exhibits are filed with the Court before the Solicitation Date).

10.     The Solicitation Agent shall serve the Solicitation Package on the U.S. Trustee and on each known Holder of a Claim or Interest in a Voting Class by first class mail, or by international courier for each Holder of a Claim or Interest located outside of the United States, on or before the Solicitation Date.  Any party may request to receive a copy of any of the Solicitation Package materials from the Solicitation Agent by telephone or by written request.  Upon receipt of a telephonic or written request, the Solicitation Agent shall provide such creditor the requested materials at the Debtors' expense as soon as reasonably practicable thereafter.  The Debtors may substitute hard copies of all solicitation materials instead of electronic format as may be necessary to achieve timely distribution of the Solicitation Packages or for any other reason.

11.     The Debtors and the Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in these Chapter 11 Cases was returned as undeliverable, or any similar reason, by the postal service, unless the Solicitation Agent is provided with accurate addresses for such persons or entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

12.     The Debtors shall distribute a copy of each of (i) the Confirmation Hearing Notice and (ii) the applicable Non-Voting Status Notice and to the Holders of Claims and Interests in Classes 1, 2 and 5.  The Debtors and Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to such Holders, unless otherwise requested through the process set forth in the Non-Voting Status Notice.

13. The Debtors are not required to distribute any notice to Holders of Class 6 Intercompany Interests.

14. The Debtors shall distribute a copy of the Confirmation Hearing Notice and Disputed Claim Notice to Holders of Claims and Interests that are subject to a pending objection by the Debtors as of the Solicitation Date other than a "reclassify" or "reduce and allow" objection. The Debtors and Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to such Holders unless a Resolution Event occurs, as provided in the Solicitation Procedures, *provided*, *however*, that if a Holder of a Disputed Claim or Interest files a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, the Solicitation Agent, at the direction of the Debtors or their counsel, shall send such Holder a Solicitation Package, including an applicable Ballot as soon as practicable after such Rule 3018(a) Motion is filed. A Ballot returned by a Holder of a Disputed Claim or Interest to the Solicitation Agent in compliance with the Solicitation Procedures shall only be counted to the extent that a Voting Resolution Event has occurred with respect to the Holder's Disputed Claim or Interest by the Voting Resolution Event Deadline.

15. If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Court after the Solicitation Date, the applicable Claim or Interest shall be deemed temporarily allowed solely for voting purposes, without further action by the Debtors or the Holder of such Claim or Interest and without further order of the Court, unless the Court orders otherwise.

16. The Debtors shall file and serve the Plan Supplement Notice on the parties specified on the Plan Supplement Notice on the date the Plan Supplement is filed, or as soon as possibly reasonable thereafter.

**Solicitation Procedures**

17.     The Solicitation Procedures attached hereto as **Exhibit 1** are **APPROVED** in all respects.

18.     The forms of Ballots attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4** and **2-5**, respectively, are **APPROVED** in all respects.

19.     Each Claim for which a Proof of Claim has been timely filed or scheduled on account of a claim, cause of action, or litigation claim, including without limitation, any purported class action, class suit, or similar representative action, against the Debtors and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including this Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.6(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of $1.00 per such Holder.  The temporary allowance of a Litigation Claim in the amount of $1.00 is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan.  Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures.   In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and

until, after notice and a hearing, such Claim is temporarily allowed by the Court for voting

purposes only in a different amount.

20.     In addition to the generally applicable voting and Ballot tabulation procedures

set forth in Section IV.D of the Solicitation Procedures, the following additional procedures will

apply to the voting of Interests held by beneficial Holders of Common Stock Interests in Class

7 (each a "**Beneficial Holder**").

a.     Within five (5) Business Days of the entry of this Disclosure Statement Order, each of the agents under the applicable documents governing the Beneficial Holders' Interests, (each an "**Agent**") shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of any directly registered Beneficial Holders as of the Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Disclosure Statement Order.  The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Court.  In the alternative, such Agents shall confirm to the Solicitation Agent that the applicable positions of the Beneficial Holders are all held in "street name".

b.     On the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package, including an applicable Ballot, to all Entities that are directly registered Beneficial Holders as of the Voting Record Date, and (ii) an appropriate number of Solicitation Packages, including an appropriate number of applicable ballots, and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more Beneficial Holders holds an Interest in 'street name' as of the Voting Record Date.[5]

c.     Each Nominee must distribute a Solicitation Package, including an applicable Ballot, to each Beneficial Holder for which they hold the applicable Interest or within five business days of receipt of such materials from the Solicitation Agent in one of the following two ways (as selected by the Nominee):

1.  obtaining the votes of Beneficial Holders by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly

---

[5]     Nominees may use their ordinary and standard procedures to disseminate the voting materials (including use of their own voting form) as well as in the collection of votes and elections from their Beneficial Holders.

collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

2. distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC number, as applicable, the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

d.      Any Nominee of an applicable Common Stock Interest holding such securities both as record Holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline.

e.      Any Agent appointed in respect of an applicable Common Stock Interest will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Interest(s) in the manner set forth herein.

21.     Solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, a Claim or Interest, the following hierarchy shall be used to determine the amount of the Claim or Interest associated with each claimant's or equity holder's vote:

a.      the Claim or Interest amount (i) settled or agreed upon by the Debtors, as memorialized in a document filed with the Court,[6] (ii) set forth in an order of the Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

---

[6]   For the avoidance of doubt, a holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Court.

b.   if subsection (a) does not apply, the Claim or Interest amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the Solicitation Procedures;

c.   if none of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, *that*, any Ballot submitted by a Holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtors) that is not the subject of an objection shall count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a general unsecured Claim in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount;

d.   if none of subsections (a)–(c) apply, the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled for $0.00 or as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules for $0.00 or as contingent, unliquidated, or disputed and for which a Proof of Claim was *not* (i) filed by the applicable Bar Date (as may have been extended by agreement of the Debtors) or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote; and

e.   if none of subsections (a)–(d) apply, such Claim or Interest shall be disallowed for voting purposes.

22.    In addition, the amount of Interests allowed to vote of Holders of Class 7 (Common Stock Interests) is based on the number of shares owned as reflected in the DTC's books and records as of the Voting Record Date, which Interests are not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of an Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Interest in the reduced

amount contained in such objection absent a further order of the Court.  Holders of Interests in Class 7 who filed Class 4 proofs of claim will not receive a Class 4 Ballot, but rather a Class 7 Ballot through their Nominee, even if objections to reclassify their Interests are not filed. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.  If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

23.     As Solicitation Agent in these Chapter 11 Cases, KCC shall process and tabulate Ballots in accordance with the Solicitation Procedures and file the Voting Report no later than **December 5, 2023**, subject to any extension.  As set forth in full in the Solicitation Procedures, the following Ballots shall not be counted:

      a.      any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

      b.      any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot.  The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk.  Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

      c.      any Ballot delivered by facsimile transmission, electronic mail (other than a Master Ballot), or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Platform (defined below) shall be counted;

d.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

e.    any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

f.    any Ballot sent to a person other than the Solicitation Agent;

g.    any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's E-Ballot Platform shall be deemed to contain an original signature;

h.    a Ballot without a vote on the Plan or in which the claimant or interest holder has voted to both accept and reject the Plan; or

i.    any Ballot that is not completed.

**Confirmation Notices and Objection Procedures**

24.    The form, manner, and scope of the Confirmation Hearing Notice (and Publication Notice), the Non-Voting Status Notices, the Disputed Claim or Interest Notice, the Plan Supplement Notice, and the Cure and Assumption Notice, substantially in the forms attached hereto as **Exhibits 3**, **4**, **5**, **6**, **7**, and **8**, respectively, constitute good, sufficient, and adequate notice to all parties, including known and unknown creditors, comply with the requirements of due process, and are **APPROVED**.  Such notices are being provided by means reasonably calculated to reach all interested persons, reasonably convey all the required information to inform all persons affected thereby, and provide a reasonable time for a response and an opportunity to object to the relief requested.  No other or further notice is necessary.

25.    The Debtors shall not be required to deliver Ballots or Solicitation Packages to counterparties to the Debtors' Executory Contracts and Unexpired Leases that do not have scheduled Claims or Claims based upon filed Proofs of Claim.  Rather, the Debtors are authorized to mail the Cure and Assumption Notice to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed fourteen (14) days prior to the Confirmation Hearing.

Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and actually received by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Court.  Any counterparty to an executory contract or unexpired lease that does not timely object to the notice of the proposed assumption of such executory contract or unexpired lease shall be deemed to have assented to assumption of the applicable executory contract or unexpired lease.

26.    Notwithstanding anything else herein, the Debtors shall serve the Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) Foxconn, (c) the Internal Revenue Service, (d) the Securities and Exchange Commission, (e) the United States Attorney for the District of Delaware, (f) the state attorneys general for all states in which the Debtors conduct business; (g) any parties who have asserted liens against the Debtors' assets; (h) counsel to the Creditors' Committee, (i) counsel to the Equity Committee, (j) all Holders of Litigation Claims, (k) all known Holders of Claims and Interests; and (l) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.

27.    Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) set forth in detail the name and address of any party filing the objection and the nature, the legal and factual basis for the objection, the amount of the objector's Claim or Interest or such other grounds that give the objector standing to assert the objection, and any evidentiary support therefor, (c) provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection, (d) conform to the Bankruptcy Rules, the Local Rules, and any order of this Court, (e) be filed with this Court, and (f) be served upon the parties listed in the Confirmation Hearing Notice at the addresses set forth therein, on or before the Plan Objection Deadline, which

service may be through the CM/ECF system, with courtesy copies by email delivered to counsel of the Debtors.

28.    Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Disclosure Statement Order may not be considered by this Court.

29.    The Debtors or other parties in interest may file and serve a reply or replies to any objections or responses to confirmation of the Plan on or before **December 12, 2023**, subject to any extension.

### Additional Relief

30.    The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Disclosure Statement Order without seeking further order of this Court.

31.    The Debtors are authorized, in consultation with the Committee, to make non-substantive or immaterial changes to the Disclosure Statement, the Disclosure Statement Order, the Plan, the Ballots, the Solicitation Procedures, the Solicitation Packages and all documents provided therein, the Confirmation Hearing Notice, the Non-Voting Status Notice, the Disputed Claim or Interest Notice, and related documents without further order of this Court, including, without limitation, changes to correct typographical, grammatical, and formatting errors or omissions, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution, or modify the Publication Notice as necessary.  To the extent any changes are made, the Debtors will notify the U.S. Trustee of such changes.

32.    In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors and the Solicitation Agent are authorized to accept Ballots from voters via electronic, online transmissions, solely through a customized online balloting portal on

the Debtors' case website to be maintained by the Solicitation Agent (the "**E-Ballot Platform**") and, with respect to Master Ballots, by email.  Parties entitled to vote through the E-Ballot Platform may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Platform. Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

33.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

34.     Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

35.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Disclosure Statement Order.

## Exhibit 1

**Solicitation Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

## SOLICITATION PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the form and manner of notice and other related documents as they relate to the Debtors; and (e) granting related relief.

The Solicitation Procedures set forth in this document are supplemented by the instructions accompanying the Ballots included in the Solicitation Packages that will be sent to those Holders of Claims and Interests entitled to vote to accept or reject the Plan. Reference should be made to those instructions in addition to this document; however, in the case of a conflict, the terms of the Ballots control.

## I.   VOTING RECORD DATE

The Bankruptcy Court has established **October 18, 2023** (the "**Voting Record Date**") as the record date for purposes of determining which Holders of Claims or Interests in Class 3 (General Unsecured Trade Claims), Class 4 (Other Unsecured Claims) and Class 7 (Common Stock Interests) (together, the "**Voting Classes**"), are entitled to vote on the Plan.

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

## II.     VOTING DEADLINE

The Bankruptcy Court has approved **December 1, 2023, at 5:00 p.m. (prevailing Eastern Time)** as the deadline to vote to accept or reject the Plan (the "**Voting Deadline**").  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court.  To be counted as a vote to accept or reject the Plan, each Ballot or Master Ballot (each, generally referred to herein as a "**Ballot**") must be properly executed, completed, and delivered by (1) the electronic Ballot submission platform (the "**E-Ballot Platform**") on the website maintained by Kurtzman Carson Consultants LLC (the "**Solicitation Agent**) in respect of the Debtors' chapter 11 cases (except in the case of Master Ballots, which cannot be submitted via the E-Ballot Platform but can be returned to the Solicitation Agent by email instead per item (5) below), (2) mail, (3) overnight delivery, (4) personal delivery, or (5) email (solely with respect to Master Ballots submitted by Nominees on behalf of Beneficial Holders (each as defined below), as applicable), so that it is ***actually received***, in each case, by the Solicitation Agent no later than the Voting Deadline.   Specifically, each Ballot must be returned through the E-Ballot Platform at www.kccllc.net/lordstown, by mail using the envelope included in the Solicitation Package, or by overnight or personal delivery to the following address:

:

| |
|---|
| Kurtzman Carson Consultants LLC |
| Lordstown Ballot Processing<br>c/o KCC<br>222 N. Pacific Coast Highway<br>Suite 300<br>El Segundo, CA 90245 |

Only one Ballot may be submitted on account of each Claim or Interest.  Holders of Claims or Interests that submit a Ballot via the E-Ballot Platform should not also submit a paper Ballot.  If a Holder of a Claim or Interest submits a Ballot using the E-Ballot Platform and a paper Ballot, the Ballot actually received by the Solicitation Agent before the Voting Deadline via the E-Ballot Platform shall be deemed to be the effective vote unless otherwise agreed to by the Debtors in their sole and absolute discretion.  If Ballots are not actually received by the Solicitation Agent by the Voting Deadline, they will not be counted.  Delivery of a Ballot to the Solicitation Agent by facsimile or electronic means other than through the E-Ballot Platform shall not be valid, ***except*** in the case of Master Ballots submitted by Nominees (each as defined below) on behalf of Beneficial Holders, which cannot be submitted via the E-Ballot Platform.

Solely in the cases of Master Ballots submitted by Nominees on behalf of Beneficial Holders of the Common Stock Interests, such Ballots may be returned to the Solicitation Agent, via electronic mail at the email address provided on the Ballot, so that they are ***actually received*** no later than the Voting Deadline.  For the avoidance of doubt, only Nominees submitting Master Ballots on behalf of Beneficial Holders may submit Master Ballots via electronic mail.

### III.    FORM, CONTENT, AND MANNER OF NOTICES

####    A.    Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "**Solicitation Package**"):

1.    a cover letter (the "**Cover Letter**"), in substantially the form annexed to the Disclosure Statement Order as **Exhibit 9**, describing the contents of the Solicitation Package, providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order at the Debtors' restructuring website, and instructions for obtaining, free of charge, paper or flash drive copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan;

2.    the *Notice of Hearing to Consider Confirmation of the Joint Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines*, substantially in the form annexed to the Disclosure Statement Order as **Exhibit 3** (the "**Confirmation Hearing Notice**");

3.    an applicable Ballot, substantially in the form attached to the Disclosure Statement Order as **Exhibits 2-1**, **2-2**, **2-3**, **2-4** and **2-5**, with return instructions and a return envelope, as applicable;[3]

4.    instructions that provide directions to the claimants or equity holders to the solicitation section of the Debtors' Website, which contains (i) the Disclosure Statement with all exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date), including the Plan, and (ii) the Disclosure Statement Order with all exhibits, including the Solicitation Procedures; and

5.    any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

####    B.    Distribution of the Solicitation Package.

This <u>Section III.B</u> explains the manner in which Solicitation Packages shall be distributed to Holders of Claims and Interests entitled to vote on the Plan and other interested parties.

1.    All contents of the Solicitation Package, including Ballots, shall be provided in paper format, except the Disclosure Statement with all exhibits, including the Plan and all other exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date (defined below)) and the Disclosure Statement Order, including the Solicitation Procedures, will be provided in an electronic format through instructions provided in the Ballot that directs the Holders of Claims or Interests to the Debtors' Website.  The Solicitation Package shall include the instructions to obtain access, free of charge, to the Plan, the Disclosure Statement and the

---

[3]    Service of Solicitation Packages to Beneficial Holders by the Nominees may be performed electronically, or otherwise in their customary practice, in which case they may not contain pre-addressed, postage pre-paid return envelopes.

Disclosure Statement Order in electronic format through the Debtors' restructuring website https://www.kccllc.net/lordstown. Any party in interest that would like to receive additional copies of the solicitation materials may make such a request by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 or (424) 236-7235 (International)); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Ballot Processing c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line). As soon as reasonably practicable after receiving such a request, the Solicitation Agent shall provide copies of the Plan, the Disclosure Statement, and/or the Disclosure Statement Order to such party in the requested format, free of charge.

2. *Voting Classes*. Subject to <u>Section IV.D</u> below, which provides special procedures relating to the solicitation of certain Holders of Class 7 (Common Stock Interests), the Solicitation Agent shall cause a Solicitation Package to be served on each Holder of a Claim or Interest in the Voting Classes who is entitled to vote, as further identified in <u>Section IV.A</u> herein, **within three (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** (the "**Solicitation Date**").

3. *Other Parties*. The Solicitation Agent shall cause a Solicitation Package (without a Ballot) to be served on the following parties, or, in lieu thereof, their counsel by the Solicitation Date (to the extent the parties have not received a Solicitation Package with a Ballot): (a) the U.S. Trustee, (b) Foxconn, (c) the Internal Revenue Service, (d) the Securities and Exchange Commission, (e) the United States Attorney for the District of Delaware, (f) the state attorneys general for all states in which the Debtors conduct business; (g) any parties who have asserted liens against the Debtors' assets; (h) counsel to the Creditors' Committee, (i) counsel to the Equity Committee, and (i) any other party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

4. *Exception for Undeliverables*. Notwithstanding any provision to the contrary herein, neither the Debtors nor the Solicitation Agent shall be required to distribute a Solicitation Package to any Person or Entity as to whom the notice of the Disclosure Statement Motion or other mailed notice in the Chapter 11 Cases was returned as undeliverable by the postal service, unless the Solicitation Agent is provided with an accurate address for such Person or Entity before the Solicitation Date.

5. *Avoidance of Duplication*. The Debtors shall make reasonable efforts to ensure that any Holder of a Claim and/or Interest that has filed duplicative Claims and/or Interest against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and/or Interest and with respect to that Class.

**C.    Resolution of Disputed Claims or Interests for Voting Purposes; Resolution Event.**

1. Absent further order of the Bankruptcy Court, the Holder of a Claim or Interest in a Voting Class that is the subject of a pending objection only to reclassify or reduce the amount of such Claim or Interest, i.e. a "reclassify" claims objection or a "reduce and allow" claim

or interest objection, shall be entitled to vote such Claim or Interest in accordance with the proposed reclassification or in the reduced amount (as applicable) contained in such claim or interest objection.

2.      If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or prior to the Solicitation Date (a "**Disputed Claim or Interest**"), (a) the Debtors shall cause the applicable Holder to be served with a notice of such Disputed Claim or Interest, substantially in the form attached to the Disclosure Statement Order as **Exhibit 6** and (b) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim or Interests unless a Resolution Event (as defined below) occurs as provided herein.

3.      If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court after the Solicitation Date, the applicable Claim or Interest shall be deemed temporarily allowed solely for voting purposes, without further action by the Debtors or the Holder of such Claim or Interest and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

4.      If the Holder of any Disputed Claim or Interest seeks to challenge the disallowance or estimation of its Claim or Interest for voting purposes, such Holder must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**"). Any Rule 3018(a) Motion must be filed with the Bankruptcy Court and served on the Debtors *so as to be actually received by* **November 13, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**"). If a Holder of a Disputed Claim or Interest files a timely Rule 3018(a) Motion, such Holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim or Interest prior to **November 22, 2023** (the "**Voting Resolution Event Deadline**").[4]

5.      A "**Resolution Event**" means, with respect to a Disputed Claim or Interest that is the subject of an objection other than a "reclassify" or "reduce and allow" objection, the occurrence of one or more of the following events on or before the Voting Resolution Event Deadline:

(a) entry of an order of the Bankruptcy Court, after notice and a hearing, allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code;

---

[4]    If a Holder of a Disputed Claim or Interest files a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, the Solicitation Agent, at the direction of the Debtors or their counsel, shall send such Holder a Solicitation Package, including an applicable Ballot as soon as practicable after such Rule 3018(a) Motion is filed. A Ballot returned by a Holder of a Disputed Claim or Interest to the Solicitation Agent in compliance with these Solicitation Procedures shall only be counted to the extent that a Voting Resolution Event has occurred with respect to the Holder's Disputed Claim or Interest by the Voting Resolution Event Deadline.

(b) entry of an order of the Bankruptcy Court, after notice and a hearing, granting a Rule 3018(a) Motion and temporarily allowing such Claim or Interest for voting purposes;

(c) execution of a stipulation or other agreement between the Holder of a Disputed Claim or Interest and the Debtors resolving the objection and allowing such Claim or Interest for voting purposes in an agreed-upon amount or otherwise fixing an amount of the Claim or Interest for voting purposes; or

(d) the pending objection is voluntarily withdrawn by the objecting party.

6.      No later than two (2) Business Days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to serve, via email, overnight mail, or personal delivery, a Solicitation Package to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot; provided that if the Resolution Event occurs pursuant to sections 5(c) and 5(d) above, the Debtors shall not assert that any Ballot returned by the relevant Holder is untimely provided that such Ballot is returned within three (3) Business Days of the Resolution Event.

### D.    Non-Voting Status Notices for Unclassified Classes, Unimpaired Classes and Impaired Class Presumed to Reject the Plan.

Certain Holders of Claims and Interests that are not classified under Article III of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, or because they are Impaired and deemed to reject the Plan under section 1126(g) of the Bankruptcy Code, shall receive (i) the Confirmation Hearing Notice, and (ii) either (a) the Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims and Interests Conclusively Presumed to Accept the Plan (the "**Unclassified/Unimpaired Non-Voting Status Notice**"), substantially in the form annexed to the Disclosure Statement Order as **<u>Exhibit 4</u>**, or (b) the Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Interests in Class 5 Deemed to Reject the Plan (the "**Impaired Non-Voting Status Notice**," together with the Unclassified/Unimpaired Non-Voting Status Notice, the "**Non-Voting Status Notices**"), substantially in the form annexed to the Disclosure Statement Order as **<u>Exhibit 5</u>**, Such notices will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) should they wish to receive them.

## IV.    GENERAL VOTING AND TABULATION PROCEDURES

### A.    Holders of Claims and Interests Entitled to Vote.

Only the following Holders of Claims and Interests in the Voting Classes shall be entitled to vote with respect to such Claims.

1.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (a) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (b) is not the subject of a pending objection, other

than a "reclassify" or "reduce and allow" objection, filed with the Bankruptcy Court on or before the Solicitation Date, pending the occurrence of a Resolution Event as provided herein; *provided that* a Holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Bankruptcy Court;

2.      Holders of Claims that are listed on the Debtors' Schedules; *provided that* Claims that are scheduled for $0.00 and/or marked as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section IV.B herein;

3.      Holders of Class 7 (Common Stock Interests), based on the number of shares owned as reflected in the DTC's records as of the Voting Record Date, which Interests are not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Bankruptcy Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of an Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Interest in the reduced amount contained in such objection absent a further order of the Bankruptcy Court;

4.      Holders of Claims whose Claims arise (a) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, (b) in an order entered by the Bankruptcy Court, or (c) in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed;

5.      Holders of any Disputed Claim or Interest that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018 in accordance with Section III.C.III.5.5 above; and

6.      The assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (1) through (5) above; *provided that* such transfer or assignment of Claim has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Voting Record Date.

B.      **Establishing Claim and Interest Amounts for Voting Purposes.**

1.      If a Proof of Claim has been amended, the last-filed Proof of Claim shall be subject to these Solicitation Procedures and shall supersede any earlier filed Proof of Claim for voting purposes.  Any earlier-filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim.

2.    Duplicate Claims or Interests within the same Voting Class shall be deemed, without the need for any objection by the Debtors or a decision of this Court, temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims. Such Holders of Claims or Interests shall be provided with only one Solicitation Package and one Ballot for voting on a single Claim or Interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims or Interests.

3.    Holders of Interest who filed Class 5 proofs of claim will not receive a Class 4 Ballot, but rather a Class 7 Ballot through their Nominee, even if motions to reclassify their Interests are not filed.

4.    Claims filed for $0.00 are not entitled to vote on the Plan.

5.    **Common Stock Interests in Class 7.**  The Claim amount of Class 7 (Common Stock Interests) for voting purposes only will be established based on the number of shares owned as reflected in the DTC's records as of the Voting Record Date.  The Interests amount of Class 7 (Common Stock Interests) of directly registered holders and beneficial holders as well as the number for voting purposes only will be established through the agent or applicable Nominees, as the case may be, in the amount of the applicable positions held by such claim holder as of the Voting Record Date, as evidenced by the securities position reports from the DTC as the case may be, notwithstanding the interests asserted in any proof of claim or interest filed by such Holders of Interests.

6.    **Filed and Scheduled Claims and Interests.**  The Claim or Interest amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Interest under the terms of the Plan.  Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim or Interest associated with each claimant's vote:

(a)    the Claim or Interest amount (i) settled or agreed upon by the Debtors, as memorialized in a document filed with the Bankruptcy Court,[5] (ii) set forth in an order of the Bankruptcy Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

(b)    if subsection (a) does not apply, the Claim or Interest amount allowed (temporarily or otherwise) pursuant to a Resolution Event under Section III.C.5 above;

(c)    if none of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, *that*, any Ballot submitted by a Holder of a Claim who

---

[5]    For the avoidance of doubt, a Holder of a Claim or Interest that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Bankruptcy Court.

timely filed a Proof of Claim in respect of (i) a contingent Claim[6] or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtors) that is not the subject of an objection shall count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a general unsecured Claim in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount;

(d) if none of subsections (a)–(c) apply, the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim or Proof of Interest); *provided* that such Claim is not scheduled for $0.00 or as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules for $0.00 or as contingent, unliquidated, or disputed and for which a Proof of Claim was *not* (i) filed by the applicable Bar Date (as may have been extended by agreement of the Debtors) or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline is not entitled to vote; and

(e) if none of subsections (a)–(d) apply, such Claim or Interest shall be disallowed for voting purposes.

7.    **Calculation of Votes With Respect to Litigation Claims.**    For the avoidance of doubt, each Claim for which a Proof of Claim has been timely filed or scheduled on account of a claim, cause of action, or litigation, including without limitation, any purported class action, class suit, or similar representative action, against the Debtors and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in <u>Section IV.B.6.(c)</u> above is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Holder. The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan. Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in <u>Section III.C</u> above. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with these

---

[6]    For the avoidance of doubt, contingent Claims may include, but are not limited to, Claims in respect of indemnification, property damage, including to automobiles, wrongful termination, fire damage, personal injury, and workers' compensation claims.

Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

### C.    General Voting and Ballot Tabulation Procedures.

Subject to the special procedures provided in <u>Section IV.D</u> below, the following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the Ballots, subject to the Debtors' right to waive any of the below specified requirements (in the Debtors' sole and absolute discretion and without further order from or notice to the Bankruptcy Court, but with notice to the Creditors' Committee and the Equity Committee) for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, the Bankruptcy Rules or Local Rules.[7]

1.    The Solicitation Agent shall date-stamp all Ballots when received.  Ballots received on the day of the Voting Deadline shall be date and time-stamped.  The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis.  In addition, the Solicitation Agent shall retain originals of all Ballots for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.

2.    Except as otherwise provided in these Solicitation Procedures, unless a Ballot is received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors in their sole discretion), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan.

3.    If a Claim or Interest has been estimated for voting purposes in accordance with <u>Section III.C.III.5.5</u> above or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim is temporarily allowed for voting purposes in the amount so estimated or allowed in such order.

4.    Except as otherwise provided herein, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims and Interests held by a single creditor in a Voting Class shall be aggregated as if such creditor held one Claim or Interest in the Voting Class, and the votes related to such Claims or Interests shall be treated as a single vote to accept or reject the Plan.

5.    The Debtors will file with the Bankruptcy Court a voting report (the "**Voting Report**").  The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (collectively, in each case, the "**Irregular Ballots**").  The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot.

---

[7]    The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballots in all respects.  In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the Ballots, the Ballots will control.

6.      A voting creditor or interest holder may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot – and the Debtors reserve the right to contest any such withdrawals.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors.  Delivery of an Irregular Ballot shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors, *provided*, *that*, neither the Debtors nor the Solicitation Agent are obligated to advise Holders of any defects or irregularities that prevent the inclusion of such Irregular Ballots in the final Plan vote tabulation.

7.      The Holder of a Claim or Interest must complete each section of the Ballot, including, without limitation, certifying the amount of its Claims or Interests, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot.

8.      The Debtors are authorized to enter into stipulations or other agreements with the Holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes.

9.      The Holder of a Claim or Interest must vote all of its Claims or Interests either to accept or reject the Plan.  Accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts the Plan may not be counted.  Except with respect to delivery of a Master Ballot pursuant to the procedures set forth herein, to the extent possible, the Debtors shall distribute to each Holder of a Claim or Interest in the Voting Classes a single Ballot on account of the Claim or Interest held by such Holder in the Voting Classes.

10.      If the party executing the Ballot is signing as a trustee, executor, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, such party must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party to act on behalf of the Holder of the Claim or Interest.

11.      Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, provided that any such rejections will be documented in the Voting Report.  Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

12.      The Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot; *provided*, *however*, that the Solicitation Agent is not obligated to do so.

13.      Subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided*, *that*, any such rejections will be documented in the Voting Report.

14.     The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code).  If the Debtors make material changes to the terms of the Plan that adversely changes the treatment of any Holder of a Claim or Interest, the Debtors shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

15.     Neither the Debtors, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor shall any of them incur any liabilities for failure to provide such notification.

16.     If no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class.

17.     Subject to Section IV.D below, if multiple Ballots are timely received from or on behalf of a Holder of a single Claim or Interest, the effective vote shall be the last properly executed Ballot timely received by the Solicitation Agent that satisfies the voting and tabulation procedures specified herein and shall supersede and revoke any prior Ballot received. In the event that multiple Ballots on account of the same Claim or Interest are received on the same day, they shall not be counted if the votes are inconsistent.

18.     In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Plan:

(a) any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

(b) any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot.  The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk.  Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

(c) any Ballot delivered by facsimile transmission, electronic mail (other than a Master Ballot), or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Platform shall be counted;

(d) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest;

(e) any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

(f) any Ballot sent to a person other than the Solicitation Agent;

(g) any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's E-Ballot Platform shall be deemed to contain an original signature;

(h) a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

(i) any Ballot that is not completed.

**D.     Special Voting and Tabulation Procedures Applicable to Beneficial Holders of Common Stock Interests**

1.     **Voting Procedures for Common Stock Interests in Class 7.** In addition to the generally applicable voting and Ballot tabulation procedures set forth in Section IV.C above, the following additional procedures will apply to the voting of Interests held by beneficial Holders of Common Stock Interests in Class 7 (each a "**Beneficial Holder**").

(a) Within five (5) Business Days of entry of this Order, each of the agents under the applicable documents governing the Interests held by the Beneficial Holders (each an "**Agent**") shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of any directly registered Beneficial Holders as of the Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Disclosure Statement Order. The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Bankruptcy Court. In the alternative, such Agents shall confirm to the Solicitation Agent that the applicable positions of the Beneficial Holders are all held in "street name."

(b) On the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to all Entities that are directly registered Beneficial Holders as of the Voting Record Date, and (ii) an appropriate number of Solicitation Packages, including an appropriate number of applicable Ballots, together with a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more Beneficial Holders holds a Claim in 'street name' as of the Voting Record Date.[8]

(c) Each Nominee must distribute a Solicitation Package, including an applicable Ballot, to each Beneficial Holder for which they hold the applicable Claim or within five business days of receipt of such materials

---

[8]   Nominees may use their ordinary and standard procedures to disseminate the voting materials (including use of their own voting form) as well as in the collection of votes and elections from their Beneficial Holders.

from the Solicitation Agent in one of the following two ways (as selected by the Nominee):

1. obtaining the votes of Beneficial Holders by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting the Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

2. distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC number, as applicable the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent, at the direction of the Nominee, by the Voting Deadline.

(d) Any Nominee of an applicable Common Stock Interest holding such securities both as record Holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

(e) Any agent appointed in respect of an applicable Common Stock Interest (unless otherwise empowered to do so under the documents governing the Interests) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s) or Interest(s) in the manner set forth herein;

(f) Any Ballot returned to a Nominee by a Beneficial Holder of a Common Stock Interest will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.

(g) Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-

validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots (if any) were sent for a period of at least one year after the Voting Deadline;

(h) If a Beneficial Holder holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

(i) If a Beneficial Holder holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

2.      **Tabulation of Master Ballots.** In addition to the generally applicable Ballot tabulation procedures set forth in <u>Section IV.C</u> above, the following additional procedures will apply to the voting of Interests held by Beneficial Holders cast through Nominees and will be applied to the positions held by such Nominees as of the Voting Record Date, as evidenced by the applicable record and depository listings.

(a) Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the Voting Record Date, as evidenced by the record and depository listings at the DTC; *provided, however*, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Interest actually voted.

(b) Beneficial Holders whose votes are reflected on a Master Ballot should not return an individual Ballot to the Solicitation Agent. Votes cast by Beneficial Holders through Nominees, as reflected on a Master Ballot, shall supersede any vote indicated with respect to such Claim or Interest on an individual Ballot that is returned to the Solicitation Agent by the Beneficial Holder.

(c) If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors may, but are not required to, attempt to reconcile discrepancies with the Nominee. If over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

(d) A single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be

counted, except to the extent they are duplicative of other Master Ballots. If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Ballot or other acceptable voting method; (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly; and

(e) The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Ballot to the Beneficial Holders for which they are the Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

## V.    RELEASE, EXCULPATION AND INJUNCTION LANGUAGE IN THE PLAN

The release, exculpation and injunction language in Article VIII of the Plan will be included in the Disclosure Statement, the Ballots, the Non-Voting Status Notices, and further notice is provided with respect to such provisions in the Confirmation Hearing Notice.

## VI.    AMENDMENTS TO THE PLAN AND SOLICITATION PROCEDURES

The Debtors reserve the right to make non-substantive or immaterial changes, in consultation with the Creditors' Committee and the Equity Committee, to the Disclosure Statement, the Plan, the Ballots, the Solicitation Procedures, the Solicitation Packages and all documents provided therein, the Confirmation Hearing Notice, the Non-Voting Status Notices and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical, grammatical, and formatting errors or omissions, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution, or modify the Publication Notice as necessary.  To the extent any changes are made, the Debtors will notify the U.S. Trustee of such changes.

## Exhibit 2-1

**Class 3 General Unsecured Trade Claim Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT JOINT CHAPTER 11 PLAN OF**
**LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**CLASS 3 – GENERAL UNSECURED TRADE CLAIMS**

PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT ON OR BEFORE DECEMBER 1, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").  IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.

<u>ACCESS TO SOLICITATION MATERIALS:</u>

THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE.

YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245 (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN YOU MAY OPT OUT OF SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT OUT ON THE BALLOT.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Ballot**") because our records indicate that you are a Holder of a general unsecured trade claim in Class 3 (a "**General Unsecured Trade Claim**") against the Debtors as of October 18, 2023 (the "**Voting Record Date**").[2] As such, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 360] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented, the "**Plan**").[3]

The rights of Holders of General Unsecured Trade Claims are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* filed on September 1, 2023 [D.I. 361] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect to the Plan, and opting out of certain releases under the Plan. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.**

---

[2] If your Claim is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or prior to the Solicitation Date, and you have sought to challenge the disallowance or estimation of your claim by timely filing a motion for an order, pursuant to Bankruptcy Rule 3018(a) in accordance with the Solicitation Procedures, you should complete and return this Ballot by the Voting Deadline, however, your vote will only be counted to the extent that a Voting Resolution Event has occurred with respect to your Claim by the Voting Resolution Event Deadline.

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

You are receiving along with this Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct you to the solicitation section of the Debtors' restructuring website, where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**.  To have your vote counted, you must complete, sign, and return this Ballot to the Solicitation Agent by the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in <u>Article VIII.D</u> of the Plan and, as set forth below, if you reject the Plan but do not affirmatively opt out of the release provision of the Plan by checking the applicable box below, you will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan.  You may check the box below to opt out of the releases in <u>Article VIII.D</u> of the Plan *only if* you vote to reject the Plan or abstain from voting on the Plan.  Please be advised that the Plan also contains certain other release, injunction and exculpation provisions.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt out of the releases in <u>Article VIII.D</u> of the Plan.  For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim or Interest.  Your Claim has been placed in Class 3 (General Unsecured Trade Claims) under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If the Solicitation Agent does not receive this Ballot on or before the Voting Deadline, which is **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, the vote included in this Ballot will not count.  You may submit the Ballot by (1) e-Ballot platform, (2) standard mail, (3) overnight mail, or (4) personal delivery, so that it is *actually received*, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Ballot must be returned as follows:

| **If by E-Ballot Platform:** | **If by standard or overnight mail or personal delivery:** |
|---|---|
| **https://www.kccllc.net/lordstown** | |

| Click "Submit Electronic Ballot (E-Ballot)" and use the E-ballot ID provided below | Lordstown Processing Center c/o Kurtzman Carson Consultants LLC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 |
|---|---|

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW.  PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 4.  IF THIS BALLOT HAS NOT BEEN PROPERLY COMPLETED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Principal Amount of General Unsecured Trade Claim.**

The undersigned hereby certifies that as of the Voting Record Date, [●], the undersigned was the Holder of a Class 3 General Unsecured Trade Claim in the following principal amount(s) against the following Debtor for voting purposes only, without regard to any accrued but unpaid interest:

Amount of Claim:  $_____

Debtor:  _____

**FOR THE AVOIDANCE OF DOUBT, EXCEPT AS OTHERWISE MAY BE SET FORTH IN THE DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, CONTINGENT AND/OR UNLIQUIDATED CLAIMS, INCLUDING ALL LITIGATION CLAIMS, HAVE BEEN TEMPORARILY ALLOWED IN THE AMOUNT OF ONE DOLLAR ($1.00) FOR VOTING PURPOSES ONLY, AND NOT FOR DISTRIBUTION, ALLOWANCE, OR ANY OTHER PURPOSE.**

**Item 2.  Class 3 General Unsecured Trade Claim(s) Vote on the Plan.**

The undersigned, a Holder of the Class 3 General Unsecured Trade Claim(s) against the Debtor(s), set forth in Item 1, votes to accept or reject the Plan (check only one box below):

| ACCEPT THE PLAN | REJECT THE PLAN |
|:---:|:---:|
| ☐ | ☐ |

**Item 3.  Releases by Holders of Claims and Interests.**

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**Unless you vote to reject the Plan AND opt out of the Releases by Holders of Claims**

5

and Interests as set forth below or abstain from voting on the Plan, you shall be deemed to have consented to the releases in <u>Article VIII.D</u> of the Plan, which provide as follows:

**D.    *Releases by Holders of Claims and Interests***

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, **each Releasing Party[4] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[5] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases,**

---

[4]    "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[5]    "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this **Article VIII.D** shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

The undersigned, as a Holder (or representative of a Holder of) a Class 3 General Unsecured Trade Claim, elects to:

☐ Opt Out of the Third Party Release

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE ABOVE CONTAINED IN ARTICLE VIII.D OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE ABOVE BOX OR NOT.**

**IF YOU VOTE TO REJECT THE PLAN YOU ARE ENTITLED TO OPT OUT OF THE RELEASE ABOVE CONTAINED IN ARTICLE VIII.D OF THE PLAN BY CHECKING THE BOX IN ITEM 3 OF THIS BALLOT.**

**Article VIII of the Plan also contains the following provisions**:

C.    *Releases by the Debtors*

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the

conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

### D.    Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party[6] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### E.    Injunction

---

[6]    "*Exculpated Parties*" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLES VIII.C, VIII.E AND VIII.F OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON HOLDERS OF GENERAL UNSECURED TRADE CLAIMS WHETHER OR NOT THEY ELECT TO OPT OUT OF THE RELEASES IN ARTICLE VIII.D OF THE PLAN.

## Item 4.  Certifications, Acknowledgement, Signature and Date.

By signing this Ballot, the Holder (or authorized signatory of such Holder) certifies to the

Bankruptcy Court and the Debtors that:

(i)     it has the power and authority to vote to accept or reject the Plan;

(ii)    as of the Voting Record Date, either: (i) it is the Holder of the Class 3 General Unsecured Trade Claims being voted on this Ballot; or (ii) it is an authorized signatory for the Holder of the Class 3 General Unsecured Trade Claims being voted on this Ballot;

(iii)   it has received access tothe Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(iv)    it has not submitted any other Ballots for other General Unsecured Trade Claims, or if it has submitted Ballots for other such Claims, then such Ballots indicate the same vote to accept or reject the Plan;

(v)     it understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(vi)    it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 3 General Unsecured Trade Claim;

(vii)   it understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) or Interest(s) under the Plan;

(viii)  it acknowledges and understands that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(ix)    it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

(x)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and

legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

(xi)    it understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

[SIGNATURE PAGE FOLLOWS]

11

| | |
|---|---|
| Print or Type Name of Claimant: | _____ |
| Last Four Digits of Social Security Number of Claimant: | _____ |
| Signature: | _____ |
| Name of Signatory (if different than Claimant): | _____ |
| If by Authorized Agent, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

**IF THIS BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 1, 2023 AT 5:00 P.M. (EASTERN TIME),</u> YOUR VOTE WILL NOT BE COUNTED.**

**Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below, or in the enclosed envelope, as applicable, or (b) via the electronic Ballot submission platform on the Solicitation Agent's website (the "<u>E-Ballot Platform</u>") by visiting https://www.kccllc.net/lordstown, and following the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot Platform. If you choose to submit your Ballot via the E-Ballot Platform, you should NOT submit a hard copy Ballot. Please choose only one method for returning your Ballot.**

12

| **If by E-Ballot Platform:**<br><br>**https://www.kccllc.net/lordstown**<br>**Click "Submit Electronic Ballot (E-Ballot)"**<br>**and use the**<br>**E-ballot ID provided below** | **If by standard or overnight mail or personal delivery:**<br><br>**Lordstown Processing Center**<br>**c/o Kurtzman Carson Consultants LLC**<br>**222 N. Pacific Coast Highway, Suite 300**<br>**El Segundo, CA 90245** |
|---|---|

To submit your Ballot via the E-Ballot Platform, please visit **https://www.kccllc.net/lordstown** and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#: [_____]

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Holders of Claims who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).

Information may also be obtained at https://www.kccllc.net/lordstown.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Class 3 General Unsecured Trade Claims, for purposes of voting on the Plan, is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained on your Ballot.  If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit **https://www.kccllc.net/lordstown**.

1.    **Use of Online Ballot Portal—If Submitting Your Vote Through the E-Ballot Platform:**

        The Solicitation Agent will accept Ballots if properly completed through the E-Ballot Platform.    To submit your Ballot via the E-Ballot Platform, visit **https://www.kccllc.net/lordstown** and follow the instructions to submit your Ballot.

| |
|---|
| **IMPORTANT NOTE**:  You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>**Unique E-Ballot ID#**: [_____] |

        The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via online or electronic submission.  **Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

        Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

        **Use of Hard Copy Ballot—If Submitting Your Vote Through Standard or Overnight Mail or Personal Delivery**:

        You must return the Ballot in either the enclosed envelope or by standard or overnight mail or personal delivery to:

| |
|---|
| **Lordstown Processing Center**<br>**c/o Kurtzman Carson Consultants LLC**<br>**2335 Alaska Avenue**<br>**El Segundo, CA 90245** |

**Ballots received via email, facsimile or other methods will not be counted.  The Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline.**

2.      **To fill out your Ballot, you must complete the following:**

a.      **Item 1. (Amount of Claim)**.  Make sure that the information contained in Item 1 regarding the principal amount of your General Unsecured Trade Claim you held on the Voting Record Date is correct.  **Please note that, except as otherwise set forth in the Disclosure Statement and Disclosure Statement Order, (i) each contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount that is not the subject of an objection, will be allowed in the amount of $1.00 <u>for voting purposes only</u>, and not for distribution, allowance, or any other purpose.**

b.      **Item 2. (Vote on the Plan)**.  Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2.

1.      You must vote the entire amount of your Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote.  Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

2.      If you hold Claims in more than one class, you may receive more than one Ballot or Solicitation Package, labeled for a different class of Claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Claims only if you complete, sign, and return the Ballot labeled for such class of Claims in accordance with the instructions on that Ballot.

c.      **Item 3. (Releases)**.  Pursuant to <u>Article VIII.D</u> of the Plan, the Debtors seek approval of the release provision set forth in <u>Article VIII.D</u> of the Plan and provided above.  Holders of Claims and Interests that vote to reject the Plan or choose not to vote on the Plan may opt out of this release by checking the box in Item 3.

---

**IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF A GENERAL UNSECURED TRADE CLAIM UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU ARE PERMITTED TO CHECK THE BOX IN ITEM 3 TO OPT OUT OF THE RELEASES, AND YOU DO SO.  YOU MAY CHECK THE BOX IN ITEM 3 TO OPT OUT OF THE RELEASES ONLY IF YOU VOTE TO REJECT THE PLAN.  IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) DO NOT SUBMIT A BALLOT, OR (C) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.**

---

d.      **Item 4. (Certifications, Acknowledgement, Signature, and Date)**.  Either the Holder, the Holder's personal representative, or the Holder's attorney <u>must</u> sign

the Ballot.  If the Ballot is not signed, the vote shown on the Ballot will <u>not</u> be counted.

1.      Holders with Social Security Numbers must provide the last four digits of their Social Security Number in Item 4 of the Ballot.

2.      The Holder, the Holder's personal representative, or the Holder's attorney must certify certain information on the Ballot.  Please read the certifications below and ensure that the information on the Ballot meets the requirements of those certifications.

3.      By signing the Ballot, you make the following certifications on information and belief:

(A)     as of the Voting Record Date, either: (i) you are the Holder of the Class 3 General Unsecured Trade Claims being voted on this Ballot; or (ii) you are an authorized signatory for the Holder of the Class 3 General Unsecured Trade Claims being voted on this Ballot;

(B)     that you have received access to the Disclosure Statement, the Plan and the Solicitation Package and acknowledge that the solicitation is being made pursuant to the terms and conditions set forth therein;

(C)     you have not submitted any other Ballots for other General Unsecured Trade Claims, or if you havesubmitted Ballots for other such Claims, then such Ballots indicate the same vote to accept or reject the Plan;

(D)     that you understand and acknowledge that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the your intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(E)     that you acknowledge that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 3 Claim;

(F)     that you understand and, if accepting the Plan, agree with the treatment provided for your Claim(s) or Interest(s) under the Plan;

(G)     that you acknowledge and understand that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class; and (ii)

16

any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(H)     that you acknowledge and agree that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

(I)     all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned;  and

(J)     that you understand that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

e.     **Other Instructions for Completing Ballots**.

1.     To the extent you have received two (2) or more duplicative ballots on account of the same Claim or Interest, please note that each claimant is authorized to submit only one Ballot on account of such Claim or Interest.

2.     There may be changes made to the Plan that do not cause material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

3.     The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or interest or an assertion or admission of a Claim or Interest.

4.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

5.     If you cast more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Solicitation Agent and received by the Solicitation Agent before the Voting Deadline will supersede and revoke any prior Ballot,

provided that, if both a paper Ballot and electronic Ballot are submitted timely on account of the same General Unsecured Trade Claim(s), the electronic Ballot shall supersede and revoke the paper Ballot.

6. In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL:  LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE:  HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

---

**Exhibit 2-2**

**Class 4 Other Unsecured Claim Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT JOINT CHAPTER 11 PLAN OF
LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**CLASS 4 – OTHER UNSECURED CLAIMS**

PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT ON OR BEFORE DECEMBER 1, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").  IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.

<u>ACCESS TO SOLICITATION MATERIALS:</u>

THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE.

YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245 (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN YOU MAY OPT OUT OF SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT OUT ON THE BALLOT.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Ballot**") because our records indicate that you are a Holder of a Other Unsecured claim in Class 4 (an "**Other Unsecured Claim**") against the Debtors as of October 18, 2023 (the "**Voting Record Date**").[2]  As such, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 360] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented, the "**Plan**").[3]

The rights of Holders of Other Unsecured Claims are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* filed on September 1, 2023 [D.I. 361] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**").  On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect to the Plan, and opting out of certain releases under the Plan.  If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.**

---

[2]   If your Claim is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or prior to the Solicitation Date, and you have sought to challenge the disallowance or estimation of your claim by timely filing a motion for an order, pursuant to Bankruptcy Rule 3018(a) in accordance with the Solicitation Procedures, you should complete and return this Ballot by the Voting Deadline, however, your vote will only be counted to the extent that a Voting Resolution Event has occurred with respect to your Claim by the Voting Resolution Event Deadline.

[3]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

You are receiving along with this Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that direct you to the solicitation section of the Debtors' restructuring website,  where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**.  To have your vote counted, you must complete, sign, and return this Ballot to the Solicitation Agent by the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in <u>Article VIII.D</u> of the Plan and, as set forth below, if you reject the Plan but do not affirmatively opt out of the release provision of the Plan by checking the applicable box below, you will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan.  You may check the box below to opt out of the releases in <u>Article VIII.D</u> of the Plan *only if* you vote to reject the Plan or abstain from voting on the Plan.  Please be advised that the Plan also contains certain other release, injunction and exculpation provisions.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt out of the releases in <u>Article VIII.D</u> of the Plan.  For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim or Interest.  Your Claim has been placed in Class 4 (Other Unsecured Claims) under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If the Solicitation Agent does not receive this Ballot on or before the Voting Deadline, which is **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, the vote included in this Ballot will not count.  You may submit the Ballot by (1) e-Ballot platform, (2) standard mail, (3) overnight mail, or (4) personal delivery, so that it is *actually received*, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Ballot must be returned as follows:

| **If by E-Ballot Platform:**  https://www.kccllc.net/lordstown | **If by standard or overnight mail or personal delivery:** |
|---|---|

| **Click "Submit Electronic Ballot (E-Ballot)" and use the E-ballot ID provided below** | Lordstown Processing Center c/o Kurtzman Carson Consultants LLC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 |
|---|---|

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW.  PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER <u>ITEM 4</u>.  IF THIS BALLOT HAS NOT BEEN PROPERLY COMPLETED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

---

**Item 1.  Principal Amount of Other Unsecured Claim.**

The undersigned hereby certifies that as of the Voting Record Date, [●], the undersigned was the Holder of a Class 4 Other Unsecured Claim in the following principal amount(s) against the following Debtor for voting purposes only, without regard to any accrued but unpaid interest:

Amount of Claim:  $_____

Debtor:  _____

**FOR THE AVOIDANCE OF DOUBT, EXCEPT AS OTHERWISE MAY BE SET FORTH IN THE DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, CONTINGENT AND/OR UNLIQUIDATED CLAIMS, INCLUDING ALL LITIGATION CLAIMS, HAVE BEEN TEMPORARILY ALLOWED IN THE AMOUNT OF ONE DOLLAR ($1.00) FOR VOTING PURPOSES ONLY, AND NOT FOR DISTRIBUTION, ALLOWANCE, OR ANY OTHER PURPOSE.**

**Item 2.  Class 4 Other Unsecured Claim(s) Vote on the Plan.**

The undersigned, a Holder of the Class 4 Other Unsecured Claim(s) against the Debtor(s), set forth in Item 1, votes to accept or reject the Plan (check only one box below):

| <u>ACCEPT THE PLAN</u> | <u>REJECT THE PLAN</u> |
|:---:|:---:|
| ☐ | ☐ |

**Item 3.  Releases by Holders of Claims and Interests.**

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**Unless you vote to reject the Plan AND opt out of the Releases by Holders of Claims and Interests as set forth below or abstain from voting on the Plan, you shall be deemed to**

5

have consented to the releases in <u>Article VIII.D</u> of the Plan, which provides as follows:

**D.**    *Releases by Holders of Claims and Interests*

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[4] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[5] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and

---

[4]    "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[5]    "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this **Article VIII.D** shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

The undersigned, as a Holder (or representative of a Holder of) a Class 4 Other Unsecured Claim, elects to:

☐ Opt Out of the Third Party Release

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE ABOVE BOX OR NOT.**

**IF YOU VOTE TO REJECT THE PLAN YOU ARE ENTITLED TO OPT OUT OF THE RELEASE ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN BY CHECKING THE BOX IN ITEM 3 OF THIS BALLOT**.

<u>Article VIII of the Plan also contains the following provisions</u>:

C.   ***Releases by the Debtors***

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the**

7

formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this **Article VIII.C** shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

### D.    Exculpation

Except as otherwise specifically provided in the Plan, no Exculpated Party[6] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### E.    Injunction

---

[6] "***Exculpated Parties***" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u>, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u>, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLES VIII.C, VIII.E</u> AND <u>VIII.F</u> OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON HOLDERS OF OTHER UNSECURED CLAIMS WHETHER OR NOT THEY ELECT TO OPT OUT OF THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.

<u>**Item 4.  Certifications, Acknowledgement, Signature and Date.**</u>

By signing this Ballot, the Holder (or authorized signatory of such Holder) certifies to the

Bankruptcy Court and the Debtors that:

(i)    it has the power and authority to vote to accept or reject the Plan;

(ii)    as of the Voting Record Date, either: (i) it is the Holder of the Class 4 Other Unsecured Claims being voted on this Ballot; or (ii) it is an authorized signatory for the Holder of the Class 4 Other Unsecured Claims being voted on this Ballot;

(iii)    it has received access to the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(iv)    it has not submitted any other Ballots for other Other Unsecured Claims, or if it has submitted Ballots for other such Claims, then such Ballots indicate the same vote to accept or reject the Plan;

(v)    it understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(vi)    it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 4 Other Unsecured Claim;

(vii)    it understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) or Interest(s) under the Plan;

(viii)    it acknowledges and understands that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class;and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(ix)    it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

(x)    all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and

legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned;  and

(xi)     it understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

*[SIGNATURE PAGE FOLLOWS]*

| Print or Type Name of Claimant: | _____ |
| Last Four Digits of Social Security Number of Claimant: | _____ |
| Signature: | _____ |
| Name of Signatory (if different than Claimant): | _____ |
| If by Authorized Agent, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

**IF THIS BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 1, 2023 AT 5:00 P.M. (EASTERN TIME)</u>, YOUR VOTE WILL NOT BE COUNTED.**

**Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below, or in the enclosed envelope, as applicable, or (b) via the electronic Ballot submission platform on the Solicitation Agent's website (the "<u>E-Ballot Platform</u>") by visiting https://www.kccllc.net/lordstown, and following the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot Platform. If you choose to submit your Ballot via the E-Ballot Platform, you should NOT submit a hard copy Ballot. Please choose only one method for returning your Ballot.**

12

| If by E-Ballot Platform: | If by standard or overnight mail or personal delivery: |
|---|---|
| https://www.kccllc.net/lordstown<br>Click "Submit Electronic Ballot (E-Ballot)"<br>and use the<br>E-ballot ID provided below | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

To submit your Ballot via the E-Ballot Platform, please visit https://www.kccllc.net/lordstown and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: [_____]**

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Holders of Claims who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).

Information may also be obtained at https://www.kccllc.net/lordstown.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Class 4 Other Unsecured Claims, for purposes of voting on the Plan, is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained on your Ballot.  If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit **https://www.kccllc.net/lordstown**.

**1.      Use of Online Ballot Portal—If Submitting Your Vote Through the E-Ballot Platform:**

The Solicitation Agent will accept Ballots if properly completed through the E-Ballot Platform.   To   submit   your   Ballot   via   the   E-Ballot   Platform,   visit **https://www.kccllc.net/lordstown** and follow the instructions to submit your Ballot.

---

**IMPORTANT NOTE**:  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#**: [_____]

---

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via online or electronic submission.  **Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

**Use of Hard Copy Ballot—If Submitting Your Vote Through Standard or Overnight Mail or Personal Delivery**:

You must return the Ballot in either the enclosed envelope or by standard or overnight mail or personal delivery to:

> **Lordstown Processing Center**
> **c/o Kurtzman Carson Consultants**
> **LLC**
> **222 N. Pacific Coast Highway, Suite**
> **300**
> **El Segundo, CA 90245**

**Ballots received via email, facsimile or other methods will not be counted.  The Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline.**

14

2.      **To fill out your Ballot, you must complete the following**:

    a.      **Item 1. (Amount of Claim)**.  Make sure that the information contained in Item 1 regarding the principal amount of your Other Unsecured Claim you held on the Voting Record Date is correct.  **Please note that, except as otherwise set forth in the Disclosure Statement and Disclosure Statement Order, (i) each contingent Claim, whether liquidated or unliquidated, or a Claim in a wholly-unliquidated, unknown or undetermined amount that is not the subject of an objection, will be allowed in the amount of $1.00 <u>for voting purposes only</u>, and not for distribution, allowance, or any other purpose.**

    b.      **Item 2. (Vote on the Plan)**.  Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2.

        1.      You must vote the entire amount of your Claim either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote.  Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

        2.      If you hold Claims in more than one class, you may receive more than one Ballot or Solicitation Package, labeled for a different class of Claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Claims only if you complete, sign, and return the Ballot labeled for such class of Claims in accordance with the instructions on that Ballot.

    c.      **Item 3. (Releases)**.  Pursuant to <u>Article VIII.D</u> of the Plan, the Debtors seek approval of the release provision set forth in <u>Article VIII.D</u> of the Plan and provided above.  Holders of Claims and Interests that vote to reject the Plan or choose not to vote on the Plan may opt out of this release by checking the box in Item 3.

---

**IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF A OTHER UNSECURED CLAIM UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU ARE PERMITTED TO CHECK THE BOX IN ITEM 3 TO OPT OUT OF THE RELEASES, AND YOU DO SO.  YOU MAY CHECK THE BOX IN ITEM 3 TO OPT OUT OF THE RELEASES ONLY IF YOU VOTE TO REJECT THE PLAN.  IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) DO NOT SUBMIT A BALLOT, OR (C) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.**

---

    d.      **Item 4. (Certifications, Acknowledgement, Signature, and Date)**.  Either the Holder, the Holder's personal representative, or the Holder's attorney <u>must</u> sign

15

the Ballot.  If the Ballot is not signed, the vote shown on the Ballot will <u>not</u> be counted.

1.      Holders with Social Security Numbers must provide the last four digits of their Social Security Number in Item 4 of the Ballot.

2.      The Holder, the Holder's personal representative, or the Holder's attorney must certify certain information on the Ballot.  Please read the certifications below and ensure that the information on the Ballot meets the requirements of those certifications.

3.      By signing the Ballot, you make the following certifications on information and belief:

(A)     as of the Voting Record Date, either: (i) you arethe Holder of the Class 4 Other Unsecured Claims being voted on this Ballot; or (ii) you are an authorized signatory for the Holder of the Class 4 Other Unsecured Claims being voted on this Ballot;

(B)     that you havereceived access to the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(C)     you have not submitted any other Ballots for other Other Unsecured Claims, or if you havesubmitted Ballots for other such Claims, then such Ballots indicate the same vote to accept or reject the Plan;

(D)     that you understand and acknowledge that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect your intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(E)     that  youacknowledge that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 4 Claim;

(F)     that you understand and, if accepting the Plan, agree with the treatment provided for its Claim(s) or Interest(s) under the Plan;

(G)     that you acknowledge and understand that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class; and (ii) any Class of Claims or Interests that does not have a Holder of an

Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(H)    that you acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

(I)    all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned;  and

(J)    that you understand that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

e.    **<u>Other Instructions for Completing Ballots</u>**.

1.    To the extent you have received two (2) or more duplicative ballots on account of the same Claim or Interest, please note that each claimant is authorized to submit only one Ballot on account of such Claim or Interest.

2.    There may be changes made to the Plan that do not cause material adverse effects on an accepting Class.  If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

3.    The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or interest or an assertion or admission of a Claim or Interest.

4.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

5.    If you cast more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Solicitation Agent and received by the Solicitation Agent before the Voting Deadline will supersede and revoke any prior Ballot, provided that, if both a paper Ballot and electronic Ballot are submitted

timely on account of the same Other Unsecured Claim(s), the electronic Ballot shall supersede and revoke the paper Ballot.

6.    In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL: LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE: HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

---

## Exhibit 2-3

**Class 7 Common Stock Interests Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER
11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS DEBTOR AFFILIATES**

**CLASS 7 – COMMON STOCK INTERESTS**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS MASTER BALLOT <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED BY
NOMINEES OF BENEFICIAL HOLDERS (EACH AS DEFINED BELOW) SO THAT IT
IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT ON OR
BEFORE DECEMBER 1, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE
"<u>VOTING DEADLINE</u>").    IF THIS MASTER BALLOT IS NOT PROPERLY
COMPLETED, SIGNED AND RECEIVED BY THE SOLICITATION AGENT ON OR
BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS
MASTER BALLOT WILL NOT BE COUNTED.**

**<u>ACCESS TO SOLICITATION MATERIALS</u>:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER,
INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER
EXHIBITS,    MAY    BE    ACCESSED,    FREE    OF    CHARGE    AT
HTTPS://WWW.KCCLLC.NET/LORDSTOWN    BY    CLICKING    ON    THE
"SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**

**YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH
DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A)
CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 499-
4509(U.S./CANADA)  OR    (917)  281-4800(INTERNATIONAL); (B) VISITING THE
DEBTORS'        RESTRUCTURING        WEBSITE        AT**

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors
Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service
address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNBALLOTS@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF A BENEFICIAL HOLDER (AS DEFINED BELOW) VOTES TO ACCEPT THE PLAN, THE BENEFICIAL HOLDER WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF A BENEFICIAL HOLDER VOTES TO REJECT THE PLAN OR ABSTAINS FROM VOTING ON THE PLAN, SUCH BENEFICIAL HOLDER MAY OPT OUT OF SUCH RELEASES AND YOU MUST INDICATE SUCH OPT OUT WITH RESPECT TO EACH BENEFICIAL HOLDER IN YOUR EXHIBIT TO THE MASTER BALLOT.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this master ballot (the "**Master Ballot**") to you because our records indicate that you are a bank, broker, or other intermediary (each, a "**Nominee**"), or the proxy holder of a beneficial holder (a "**Beneficial Holder**") of Class 7 Common Stock Interests in the Debtors as of October 18, 2023 (the "**Voting Record Date**"). As such, the Beneficial Holders that you represent have a right to vote to accept or reject the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 360] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

The rights of the Beneficial Holders are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Master Ballot is to be used by you as Nominee or as proxy holder to tabulate votes solicited from Holders of Class 7 Common Stock Interests in the Debtors; it is not to be used by individual Beneficial Holders. This Master Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Master Ballot in error, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth**

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

**above**.

You are receiving along with this Master Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional paper or flash drive copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct the user to the solicitation section of the Debtors' restructuring website,  where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders whether or not the Beneficial Holders vote or if the Beneficial Holders vote to reject the Plan.**  To have the Beneficial Holders' votes counted, you must complete and return this Master Ballot to the Solicitation Agent by the Voting Deadline.

**As a holder of an impaired Claim or Interest under the Plan, each Beneficial Holder that voted to accept the Plan consents to providing the releases contained in <u>Article VIII.D</u> of the Plan and as set forth below, if a Benefical Holder rejects the Plan but does not opt out of the release provision of the Plan, or does not vote to either accept or reject the Plan but does not opt out of the releases provision of the Plan, it will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> oft he Plan.  Beneficial Holders may opt out of the releases in <u>Article VIII.D</u> of the Plan in accordance with the instructions described on their ballots.  Please be advised that the Plan also contains certain other release, injunction and exculpation provisions.  For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article V.III</u> of the Plan.**

**Beneficial Holders should review the Disclosure Statement and the Plan before  they complete  their Beneficial Holder  Ballot as the rights of Beneficial Holders may be affected thereunder.  Beneficial Holders may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of the Common Stock Interests.  The Common Stock Interests have been placed in Class 7 under the Plan.**

If the Solicitation Agent does not receive this Master Ballot on or before the Voting Deadline, which is **December 1, 2023 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, the vote included in this Master Ballot will not count.  You may submit the Master Ballot by (1) electronic mail, (2) mail, (3) overnight delivery, or (4) personal delivery, so that it is ***actually received***, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Master Ballot must be returned to the following address:

| **If by Electronic Mail:** | **If by standard or overnight mail or personal delivery:** |
|---|---|
| lordstownballots@kccllc.com | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## <u>MASTER BALLOT</u>

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

**<u>Item 1. Certification of Authority to Vote</u>.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐       is a broker, bank, or other intermediary for the Beneficial Holders of the aggregate amount of the Common Stock Interests listed in <u>Item 2</u> below, and is the record holder of such bonds; or

☐       is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other intermediary that is the registered Holder of the aggregate amount of the Class 7 Common Stock Interests listed in <u>Item 2</u> below; or

☐       has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other intermediary, or a beneficial owner, that is the registered Holder of the aggregate amount of the Class 7 Common Stock Interests listed in <u>Item 2</u> below, and has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 7 Common Stock Interests described in <u>Item 2</u>.

**<u>Item 2. Class 7 Common Stock Interests Vote On Plan</u>.**

The undersigned transmits the following votes of Beneficial Holders of Class 7 Common Stock Interests and certifies that the following Beneficial Holders of such Interests, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate amount voted for each account or attach such information to this Master Ballot in the form of the following summary sheet exhibit. Please note that each Beneficial Holder must vote all such Beneficial Holder's Class 7 Common Stock Interests to accept or reject the Plan and may not split such vote. Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted as a vote on the Plan. Beneficial Holders who did not cast a vote to accept or reject the Plan but check the box to opt out of the releases set forth in <u>Article VIII.D</u> of the Plan should be indicated. (Please use additional sheets in the format below as necessary).

5

| | | Item 1 Beneficial Holder Ballot | | | |
|---|---|---|---|---|---|
| Your Customer Account Number for Each Beneficial Holder of Voting Class 7 Common Stock Interests | Amount of Common Stock Interests Held as of Voting Record Date | Indicate the vote cast by the Beneficial Holder by placing an "X" in the appropriate column below | | | Opt Out of Releases by Holders of Common Stock Interests (Only if voting to Reject the Plan or not voting on the Plan) |
| | | Accept the Plan | Reject the Plan | | |
| 1. | | | | | |
| 2. | | | | | |
| Totals | | | | | |

**Item 3.  Releases by Holders of Claims and Interests.**

## NOTICE REGARDING CERTAIN RELEASES, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

**Unless a Beneficial Holder votes to reject the Plan or does not vote on the Plan AND opts out of the Releases by Holders of Claims and Interests, such Beneficial Holders shall be deemed to have consented to the releases contained in <u>Article VIII.D</u> of the Plan, which provides as follows:**

D.    *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively,**

---

[3]    "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors,

**absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

---

managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[4] "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

**Article VIII of the Plan also contains the following provisions**:

C.    *Releases by the Debtors*

      **Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.**

      D.    *Exculpation*

      **Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in**

---

[5]    "***Exculpated Parties***" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

      *E.*     *Injunction*

      EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u>, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u>, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF

**RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLE VIII.C</u>, <u>VIII.E</u> AND <u>VIII.F</u> OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON THE BENEFICIAL HOLDERS WHETHER OR NOT THEY ELECT TO OPT OUT OF THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.

<u>**Item 4. Certification as to Transcription of Information from Item 3 of the Ballot as to Class 7 Common Stock Interests (the "Beneficial Holder Ballot").**</u>

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in <u>Item 3</u> of each of the Beneficial Holder Ballot, identifying any Class 7 Common Stock Interests for which such Beneficial Holders have submitted other Ballots other than to the undersigned:

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder who completed <u>Item 3</u> of the Beneficial Holder Ballot | Transcribe from <u>Item 3</u> of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Customer Account Number of Other Class 7 Common Stock Interests Voted | Name of Owner | Amount of Other Class 7 Common Stock Interests Voted | Shares of Other Class 7 Common Stock Interests Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

<u>**Item 5.  Certifications.**</u>

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the

10

Debtors that:

(a)     it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 7 Common Stock Interests listed in Item 2 of this Master Ballot above;

(b)     it has received a completed and signed Beneficial Holder Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 above;

(c)     it is the registered Holder of all the Class 7 Common Stock Interests in Item 2 above being voted, or it has been authorized by each Beneficial Holder of such Interests to vote on the Plan;

(d)     it has properly disclosed: (i) the number of Beneficial Holders of Common Stock Interests who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Common Stock Interests owned, as the case may be, by each Beneficial Holder of such Interests who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan and Releases by Holders of Claims and Interests; (iv) each such Beneficial Holder's certification as to other Claims or Interests voted in the same Class; and (v) the customer account or other identification number for each such Class 7 Common Stock Interests;

(e)     each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan or Releases by Holders of Claims and Interests; and it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered;

(f)     it acknowledges and understands that (a) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class; and (b) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

(g)     it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| Name of Proxy Holder or Agent for Nominee (if applicable): | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| Title: | |
| Address | |
| | |
| | |
| | |
| Date Completed: | |
| Email Address: | |

**<u>PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT PROMPTLY TO:</u>**

**If by First Class Mail, personal Delivery or Overnight delivery:**

Lordstown Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**If by Electronic Mail:**

12

| lordstownballots@kccllc.com |
|---|
| **IF THIS MASTER BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 1, 2023 AT 5:00 P.M. (EASTERN TIME)</u>,**<br><br>**YOUR VOTE WILL NOT BE COUNTED.** |

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 499-4509 (U.S./Canada) or (917) 281-4800 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstownballots@kccllc.net (with 'Lordstown' in the subject line).

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims and Interests for purposes of voting on the Plan is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

## <u>INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT</u>

To properly complete the Master Ballot, you must follow the procedures described below, which explain each of the items contained on the Master Ballot.  If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit https://www.kccllc.net/lordstown.

The Bankruptcy Court may confirm the Plan and thereby bind the Holders Common Stock Interests by the terms of the Plan.  Please review the Disclosure Statement for more information.

1.    **Submitting The Master Ballot Via Electronic Mail or Mail**

You must return the Master Ballot, together with the summary sheet exhibit attached to the Master Ballot, in either the enclosed envelope or by electronic mail:

| <u>If by Electronic Mail:</u> | <u>If by standard or overnight mail or personal delivery:</u> |
|---|---|
| lordstownballots@kccllc.com | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

**Master Ballots received via facsimile or other methods not otherwise indicated herein will not be counted.  The Solicitation Agent will tabulate all properly completed Master Ballots received on or before the Voting Deadline.**

2.    **To fill out the Master Ballot, you must complete the following:**

    a.    **<u>Item 1. (Certification of Authority to Vote)</u>**.  You should check the box applicable to you regarding the certification of authority to vote.

    b.    As a Nominee of a Beneficial Holder, you should distribute a Solicitation Package to each Beneficial Holder that holds Common Stock Interests within five business days of receipt of such materials from the Solicitation Agent in one of the following two ways (as selected by you):

        1.    obtaining the votes of Beneficial Holders of such Common Stock Interests by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; <u>or</u>

14

2.      distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC, Clearstream or Euroclear participant number, as applicable the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

c.      **Item 2. (Common Stock Interests Voted on Plan)**.   You must prepare a summary sheet exhibit, attached to the Master Ballot, by listing the customer account number in respect of each Beneficial Holder of Class 7 Common Stock Interests represented by you, the amount, as of the Voting Record Date, of each such applicable Interest, whether such Holder votes to ACCEPT (votes in favor of), REJECT (votes against) the Plan or does not vote on the Plan and, if such Holder votes to reject the Plan, or does not vote on the Plan, whether such Holder opts out of the releases contained in Article VIII.D of the Plan.  The summary sheet exhibit, in Microsoft Excel or comparable application, must be included with (if submission is via electronic mail), or attached, in the form of a USB flash drive, to the Master Ballot, and the completed Master Ballot and summary sheet exhibit must be returned to the Solicitation Agent in accordance with the Solicitation Procedures.  The summary sheet exhibit must be in the format as provided in the Master Ballot.

d.      **Item 3. (Releases by Holders of Claims and Interests)**.  Pursuant to Article VIII.D of the Plan, the Debtors seek approval of the release provisions set forth in Article VIII.D of the Plan and provided above.  Class 7 Common Stock Interests that vote to reject the Plan or choose not to vote on the Plan may opt out of this releases by checking the box in Item 2 on their Beneficial Holder Ballots.

---

**IF THE PLAN BECOMES EFFECTIVE, AS HOLDERS OF COMMON STOCK INTERESTS UNDER THE PLAN, THE BENEFICIAL HOLDERS ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE, UNLESS THE BENEFICIAL HOLDERS ARE PERMITTED TO OUT OF THE RELEASES ON THE SUMMARY SHEET EXHIBIT ATTACHED TO THE MASTER BALLOT, AND THE BENEFICIAL HOLDERS DO SO.   IF THE BENEFICIAL HOLDERS (A) VOTE TO ACCEPT THE PLAN, (B) DO NOT SUBMIT A BALLOT, OR (C) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, THE BENEFICIAL HOLDERS WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN ARTICLE VIII.D OF THE PLAN.**

---

e. **Item 4. (Transcription of Information from Item 3 of the Beneficial Holder Ballots)**.  You should certify and transcribe the information in the table as provided in the Master Ballot, if any, provided by the Beneficial Holders in <u>Item 3</u> of the Beneficial Holder Ballot.

f. **Item 5. (Certifications, Acknowledgement, Signature, and Date)**.  Each Nominee must sign the Master Ballot.  If the Master Ballot is not signed, the vote shown on the Master Ballot will not be counted.The Nominee must certify certain information on the Master Ballot.  Please read the certifications set forth on the Master Ballot and ensure that the information on the Master Ballot meets the requirements of those certifications.

**ADDITIONAL INSTRUCTIONS FOR RELATED TO MASTER BALLOT:**

1. Any Nominee of an applicable Class 7 Common Stock Interests holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline.

2. Any Indenture Trustee appointed in respect of an applicable Class 7 Common Stock Interests (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s) or Interest(s) in the manner set forth in the Solicitation Procedures.

3. Any Ballot returned to you by a Beneficial Holder of Common Stock Interests will not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.

4. You shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots (if any) were sent for a period of at least one year after the Voting Deadline.

5. If a Beneficial Holder of Equity Inbterests holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee.

6. If a Beneficial Holder of Common Stock Interests holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the Solicitation Procedures to vote the portion held in its own name and to vote the portion held by the Nominee(s).

7.       The following Ballots shall not be counted:

    a.       any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

    b.       any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot. The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk. Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

    c.       any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    d.       any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

    e.       any Ballot sent to a person other than the Solicitation Agent;

    f.       any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via electronic mail shall be deemed to contain an original signature;

    g.       a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

    h.       any Ballot that is not completed.

8.       A voting creditor may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot – and the Debtors reserve the right to contest any such withdrawals. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors. Delivery of Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (the "**Irregular Ballot**") shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors, *provided*, *that*, neither the Debtors nor the Solicitation Agent are obligated to advise Holders of any defects or irregularities that prevent the inclusion of such Irregular Ballots in the final Plan vote tabulation.

9.       The Nominee must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party of the Nominee's authority to act on behalf of the Beneficial Holders of the applicable Common Stock Interests.

10.     Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Master Ballot, provided that any such rejections will be documented in the Voting Report.  Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Master Ballots must be cured prior to the Voting Deadline or such Master Ballots will not be counted.

11.     The Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Master Ballot; provided, however, that the Solicitation Agent is not obligated to do so.

12.     Subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Master Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report.

13.     The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code).  If the Debtors make material changes to the terms of the Plan that adversely change the treatment of any Holder of a Claim or Interest, the Debtors shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

14.     Neither the Debtors, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Master Ballots nor shall any of them incur any liabilities for failure to provide such notification.

15.     If no valid Ballots or Master Ballots are submitted in a Class, then such Class shall be deemed to have voted to accept the Plan.

16.     Subject to <u>Sections IV.D</u> of the Solicitation Procedures, if multiple Ballots are timely received from or on behalf of a Holder of a single Claim or Interest, the effective vote shall be the last properly executed Ballot timely received by the Solicitation Agent that satisfies the voting and tabulation procedures specified in the Solicitation Procedures and shall supersede and revoke any prior Ballot received.  In the event that multiple Ballots on account of the same Claim are received on the same day, they shall not be counted if the votes are inconsistent.

17.     In addition to the generally applicable Ballot tabulation procedures set forth in <u>Section IV.C</u> of the Solicitation Procedures, the following additional procedures will apply to the voting of Claims held by Holders of Common Stock Interests cast through Nominees:

        a.      Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the amount held by such Nominee as of the Voting Record Date; *provided, however*, that the Solicitation

18

Agent may adjust such amount to reflect the portion of the relevant Common Stock Interests actually voted;

b.    Beneficial Holders whose votes are reflected on a Master Ballot should not return an individual Ballot to the Solicitation Agent.  Votes cast by Beneficial Holders through Nominees, as reflected on a Master Ballot, shall supersede any vote indicated with respect to such Claim on an individual Ballot that is returned to the Solicitation Agent by the Beneficial Holder;

c.    If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors may, but are not required to, attempt to reconcile discrepancies with the Nominee.  If over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

d.    A single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.  If a Nominee submits multiple Master Ballots with respect to the same Claim before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Ballot or other acceptable voting method; (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly; and

e.    The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Ballot to the Beneficial Holders for which they are the Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED**

**ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 499-4509 (U.S./CANADA) OR (917) 281-4800 (INTERNATIONAL)**

**EMAIL: LORDSTOWNBALLOTS@KCCLLC.COM**

**WEBSITE:  HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

## Exhibit 2-4

**Class 7 Common Stock Interests Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO**
**ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF**
**LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**CLASS 7 – COMMON STOCK INTERESTS**

---

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO YOUR BANK, BROKER, OR OTHER INTERMEDIARY (EACH, A "NOMINEE"), BASED ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE, TO ALLOW YOUR NOMINEE TO PROCESS YOUR VOTE AND SUBMIT A MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE DECEMBER 1, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY YOUR NOMINEE IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER YOUR VOTE TO THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE**

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

1

**"SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**

**YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE VIII.D OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU MAY OPT OUT OF SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT OUT ON THE BALLOT.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Beneficial Holder Ballot**") because our records indicate that you are a beneficial holder (a "**Beneficial Holder**") of Class 7 Common Stock Interestsin the Debtors as of October 18, 2023 (the "**Voting Record Date**"). As such, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Plan**").[2]

The rights of Holders of Equity Interests are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Beneficial Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect thereto, and opting out of certain releases under the**

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

**[CUSIP 54405Q 209/ISIN NUMBER]**

**Plan. If you believe that you have received this Beneficial Holder Ballot in error, please contact your Nominee**.

You are receiving along with this Beneficial Holder Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional paper or flash drive copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct the user to the solicitation section of the Debtors' restructuring website, where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**. To have your vote counted, you must complete, sign, and return this Beneficial Holder Ballot to your Nominee in sufficient time to permit your Nominee to deliver your vote to the Solicitation Agent on the Master Ballot on or before the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in <u>Article VIII.D</u> of the Plan and, as set forth below, if you reject the Plan but do not affirmatively opt out of the release provision of the Plan by checking the applicable box below, you will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan. You may check the box below to opt out of the releases in <u>Article VIII.D</u> of the Plan *only if* you vote to reject the Plan or abstain from voting on the Plan. Please be advised that the Plan also contains certain other release, injunction and exculpation provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt out of the releases in <u>Article VIII.D</u> of the Plan. For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim or Interest. Your Equity Interests have been placed in Class 7 (Common Stock Interests) under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If your Nominee does not receive the completed Beneficial Holder Ballot to provide enough time for your Nominee to submit the Master Ballot on or before the Voting Deadline, which is **December 1, 2023 at 5:00 p.m. (Eastern Time)**, and if the Voting Deadline is not extended, votes included in this Beneficial Holder Ballot will not count. **If the Bankruptcy**

**Court confirms the Plan, it will bind all holders of Claims and Interests regardless of whether and how they vote.  Please return this ballot based on the instructions provided to you by your Nominee.**

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

4

**[CUSIP 54405Q 209/ISIN NUMBER]**

## BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT**

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER <u>ITEM 4</u>. IF THIS BENEFICIAL HOLDER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

### Item 1.  Beneficial Holder of Common Stock Interests.

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder of Common Stock Interests.  If you do not know the amount of your Common Stock Interests, please contact your Nominee for this information.  You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 7 in order to have your vote counted.

Please note that you are voting all of your Common Stock Interests either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan for your Equity Interests by checking both boxes below, your vote will not be counted.

The Beneficial Holder of the Common Stock Interests votes to (please check <u>one and only one box</u>):

| Voting Class | Description | Amount of Interest | Vote to Accept or Reject the Plan |
|---|---|---|---|
| 11 | Holder of Common Stock Interests | _____ | ☐ ACCEPT (vote FOR) the Plan<br>☐ REJECT (vote AGAINST) the Plan |

### Item 2.  Releases by Holders of Claims and Interests.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION<br>AND INJUNCTION PROVISIONS IN THE PLAN**

**Unless you vote to reject the Plan or do not vote on the Plan AND opt out of the releases by Holders of Claims and Interests, you shall be deemed to have consented to the releases contained in <u>Article VIII.D</u> of the Plan, which provides as follows:**

5

**[CUSIP 54405Q 209/ISIN NUMBER]**

D.      *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any**

---

[3]  "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[4]  "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

[CUSIP 54405Q 209/ISIN NUMBER]

**other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

The undersigned, as a holder (or representative of a holder of) Class 7 Common Stock Interests, elects to:

☐ Opt Out of the Third Party Release

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE ABOVE BOX OR NOT.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU ARE ENTITLED TO OPT OUT OF THE RELEASE ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN BY CHECKING THE BOX IN ITEM 2 OF THIS BENEFICIAL HOLDER BALLOT.**

<u>**Article VIII of the Plan also contains the following provisions**</u>:

C.      *Releases by the Debtors*

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based**

7

[CUSIP 54405Q 209/ISIN NUMBER]

on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

E.      *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

---

[5]   "*Exculpated Parties*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

8

*F.      Injunction*

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u>, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u>, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLES VIII.C</u>, <u>VIII.E</u> AND <u>VIII.F</u> OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON BENEFICIAL HOLDERS WHETHER OR NOT THEY ELECT TO OPT OUT OF THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.

**Item 3.  Other Beneficial Holder Ballots Submitted.**

By returning this Beneficial Holder Ballot, the holder of the Interests identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for Interests identified in Item 1 owned by such holder, except as identified in the following table, and (b) all Beneficial Holder Ballots submitted by the holder in the same Class indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 1 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLAIMS OR INTERESTS IN THE SAME CLASS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Your Name or Customer Account Number for Other Account for Which a Ballot Has Been Submitted | Name of Record Owner | Other Class 7 Common Stock InterestsVoted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Item 4.  Certifications.**

By signing this Beneficial Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

a)    as of the Voting Record Date, either: (i) the entity is the holder of the Class 7 Common Stock Interests being voted on this Beneficial Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interestsbeing voted;

b)    that it has received a copy of the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c)    that it has cast the same vote with respect to all Class 7 Common Stock Interests;

d)    it has not submitted any other Beneficial Holder Ballots with respect to the amount of the Interests identified in Item 1 have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Interests, then any such earlier received Beneficial Holder Ballots are hereby revoked;

e)    that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of Class 7 Common Stock Interests pursuant to the Plan;

f)    that it understands and, if accepting the Plan, agrees with the treatment provided for its Claims or Interest(s) under the Plan;

10

[CUSIP 54405Q 209/ISIN NUMBER]

g)     that it acknowledges and understands that (i) if no Holders of Claims and Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims and Interests in such Class; and (ii) any Class of Claims and Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

h)     that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes; and

i)     The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

[SIGNATURE PAGE FOLLOWS]

**[CUSIP 54405Q 209/ISIN NUMBER]**

Name of Beneficial Holder:_____

<em>(print or type)</em>

DTC Participant Number:_____

Signature: _____

Name of Signatory: _____

<em>(if other than Beneficial Holder)</em>

Title: _____

Address: _____

_____

_____

Date Completed:_____

Email Address: _____

## **PLEASE COMPLETE, SIGN, AND DATE THIS BENEFICIAL BALLOT AND RETURN IT PROMPTLY TO YOUR NOMINEE BASED ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE**

If you have questions about this Beneficial Holder Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact your Nominee.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstownballots@kccllc.net (with 'Lordstown' in the subject line).

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims and Interests for purposes of voting on the Plan is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

12

**[CUSIP 54405Q 209/ISIN NUMBER]**

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT

To properly complete this Beneficial Holder Ballot, you must follow the procedures described below, which explain each of the items contained on your Beneficial Holder Ballot.  If you have any questions, please contact your Nominee.

**The Bankruptcy Court may confirm the Plan and thereby bind the Holders of the Common Stock Interests, by the terms of the Plan.  Please review the Disclosure Statement for more information.**

1.      **Submitting the Beneficial Holder Ballot**

        Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must submit your Beneficial Holder Ballot to your Nominee in sufficient time to allow your Nominee to process your vote and submit a Master Ballot so that the Master Ballot is actually received by the Solicitation Agent by the Voting Deadline.  You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in <u>Item 1</u> of the Beneficial Holder Ballot; (c) indicate your decision whether to opt out of the release in the box provided in <u>Item 2</u> of the Beneficial Holder Ballot; and (d) sign and return the Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee.  The Voting Deadline for the receipt of Master Ballots by the Solicitation Agent is **<u>Decembe r1, 2023 at 5:00 p.m. (prevailing Eastern Time)</u>**.  Your completed Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your vote to the Solicitation Agent on the Master Ballot on or before the Voting Deadline.

2.      **To fill out your Beneficial Holder Ballot, you must complete the following:**

        a.      **<u>Item 1. Beneficial Holder of Common Stock Interests</u>**.  Subject to the terms and conditions of the Plan, Common Stock Interests will receive treatment as provided for in <u>Article III</u> of the Plan for Common Stock Interests in Class 7, and will be administered as provided for in <u>Article VI</u> of the Plan, only to the extent such Common Stock Interests are Allowed and the Plan is consummated.  You should review the particular treatment of Class 7 before you vote this Beneficial Holder Ballot.  **For additional discussion of treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

        b.      **<u>Item 2. Release By Holders of Claims and Interests</u>**.  Pursuant to <u>Article VIII.D</u> of the Plan, the Debtors seek approval of the release provision set forth in <u>Article VIII.D</u> of the Plan and provided above.  Holders of Claims and Interests that vote to reject the Plan or choose not to vote on the Plan may opt out of this release by checking the box in Item 2.

**IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF COMMON STOCK INTERESTS UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, AS SET FORTH ABOVE, UNLESS**

[CUSIP 54405Q 209/ISIN NUMBER]

> **YOU ARE PERMITTED TO CHECK THE BOX IN ITEM 2 TO OPT OUT OF THE RELEASES, AND YOU DO SO.  YOU MAY CHECK THE BOX IN ITEM 2 TO OPT OUT OF THE RELEASES ONLY IF YOU VOTE TO REJECT THE PLAN OR DO NOT VOTE ON THE PLAN BUT SUBMIT YOUR BALLOT WITH THE OPT OUT BOX CHECKED.  IF YOU (A) VOTE TO ACCEPT THE PLAN, (B) DO NOT SUBMIT A BALLOT, OR (C) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.**

c.  **<u>Item 3. Other Beneficial Holder Ballots Submitted</u>**.  Use the table provided in Item 3 to indicate if you have voted other Interests in the same Class on other Beneficial Holder Ballots.

d.  **<u>Item 4. Certifications</u>**.  By signing this Beneficial Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

1)  as of the Voting Record Date, either: (i) the entity is the holder of the Common Stock Interests being voted on this Beneficial Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interests being voted;

2)  it has received a copy of the Disclosure Statement Order, including the attached Solicitation Procedures and other exhibits (to be accessed electronically as described above) and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3)  it has cast the same vote with respect to all Class 7 Common Stock Interests;

4)  no other Beneficial Holder Ballots with respect to the amount of the Interests identified in <u>Item 1</u> have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Interests, then any such earlier received Beneficial Holder Ballots are hereby revoked;

5)  it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 7 Common Stock Interests;

6)  it understands and, if accepting the Plan, agrees with the treatment provided for its Interest(s) under the Plan;

7)  it acknowledges and understands that (i) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily

14

allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8) it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

## ADDITIONAL INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT:

1. The following Beneficial Holder Ballots will NOT be counted:

   a. any Beneficial Holder Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class of the Voting Record Date

   b. any Beneficial Holder Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot. Delivery of the Beneficial Holder Ballot shall be deemed made only when the original properly executed Beneficial Holder Ballot is submitted to your Nominee in sufficient time to permit your Nominee to process your vote and deliver your vote on the Master Ballot so that the Master Ballot is actually received by the Solicitation Agent on or before the Voting Deadline;

   c. any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   d. any Beneficial Holder Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

   e. any unsigned Beneficial Holder Ballot; *provided, however*, for the avoidance of doubt, a Beneficial Holder Ballot submitted via electronic mail shall be deemed to contain an original signature;

   f. a Beneficial Holder Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

   g. any Beneficial Holder Ballot that is not completed.

2. If your Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors

15

**[CUSIP 54405Q 209/ISIN NUMBER]**

determine otherwise. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Beneficial Holder Ballot to your Nominee. No Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent and only with respect to a pre-validated Beneficial Holder Ballot at the direction of your Nominee, if any), the Debtors' financial or legal advisors, and if so sent will not be counted.

3.    If you deliver multiple Beneficial Holder Ballots to your Nominee with respect to the same Claims or Interests prior to the Voting Deadline, the last received valid Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

4.    You must vote all of your Claims or Interests within the same Class either to accept or reject the Plan and may not split your vote. Further, if a Beneficial Holder has multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims or Interests of any particular holder with multiple Claims or Interests within the same Class for the purpose of counting votes.

5.    This Beneficial Holder Ballot does not constitute, and shall not be deemed to be (a) a Proof of Claim or (b) an assertion or admission with respect to a Claim or Interest.

6.    Please be sure to sign and date your Beneficial Holder Ballot. If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

7.    The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**PLEASE SUBMIT YOUR BENEFICIAL HOLDER BALLOT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BENEFICIAL HOLDER BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER**

---

[CUSIP 54405Q 209/ISIN NUMBER]

**BALLOT, RECEIVED A DAMAGED BENEFICIAL HOLDER BALLOT OR HAVE LOST YOUR BENEFICIAL HOLDER BALLOT, OR NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL: LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE:  HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

**[CUSIP 54405Q 209/ISIN NUMBER]**

**Exhibit 2-5**

**Form of Registered Holder Ballot of Class 7 Common Stock Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**REGISTERED HOLDER BALLOT FOR VOTING TO
ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF
<u>LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS</u>**

**CLASS 7 – COMMON STOCK INTERESTS**

> **PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 1, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME)</u> (THE "<u>VOTING DEADLINE</u>"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY YOUR NOMINEE IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER YOUR VOTE TO THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**
>
> **<u>ACCESS TO SOLICITATION MATERIALS:</u>**
>
> **THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**
>
> **YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A)**

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.

IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN FROM VOTING ON THE PLAN, YOU MAY OPT OUT OF SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT OUT ON THE BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Registered Holder Ballot**") because our records indicate that you are a registered holder (a "**Registered Holder**") of Class 7 Common Stock Interests in the Debtors as of <u>**October 18, 2023**</u> (the "**Voting Record Date**"). As such, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Plan**").[2]

The rights of Holders of Common Stock Interests are described in the Debtors' *11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Registered Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect thereto, and opting out of certain releases under the Plan. If you believe that you have received this Registered Holder Ballot in error, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above**.

You are receiving along with this Registered Holder Ballot, (i) a cover letter describing

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional paper or flash drive copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct the user to the solicitation section of the Debtors' restructuring website,  where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**.  To have your vote counted, you must complete and return this Registered Holder Ballot to the Solicitation Agent by the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in <u>Article VIII.D</u> of the Plan and, as set forth below, if you reject the Plan but do not affirmatively opt out of the release provision of the Plan by checking the applicable box below, you will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan.  You may check the box below to opt out of the releases in <u>Article VIII.D</u> of the Plan *only if* you vote to reject the Plan or abstain from voting on the Plan.  Please be advised that the Plan also contains certain other release, injunction and exculpation provisions.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt out of the releases in <u>Article VIII.D</u> of the Plan.  For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Common Stock Interests has been placed in Class 7 under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If the Solicitation Agent does not receive this Registered Holder Ballot on or before the Voting Deadline, which is **<u>December 1, 2023 at 5:00 p.m. (prevailing Eastern Time)</u>**, and if the Voting Deadline is not extended, the vote included in this Registered Holder Ballot will not count.  You may submit the Registered Holder Ballot by (1) e-Ballot platform, (2) standard mail, (3) overnight mail, or (4) personal delivery, so that it is *actually received*, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Ballot must be returned as follows:

| <u>If by E-Ballot Platform</u>: | <u>If by standard or overnight mail or personal</u> |
|---|---|

| https://www.kccllc.net/lordstown **Click "Submit Electronic Ballot (E-Ballot)" and use the E-ballot ID provided below** | delivery: Lordstown Processing Center c/o Kurtzman Carson Consultants LLC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 |
|---|---|

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## BALLOT

### PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS REGISTERED HOLDER BALLOT

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW.  PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER <u>ITEM 3</u>.  IF THIS REGISTERED HOLDER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

### Item 1.  Registered Holder of Common Stock Interests.

The undersigned hereby certifies that, as of the Record Date, the undersigned was the Registered Holder of Common Stock Interests for voting purposes. [3]

You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 7 Common Stock Interests in order to have your vote counted.

Please note that you are voting all of your Common Stock Interests either to accept or reject the Plan.  You may not split your vote.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan for your Common Stock Interests by checking both boxes below, your vote will not be counted.

The Registered Holder of the Common Stock Interests votes to (please check <u>one and only one box</u>):

| Voting Class | Description | Amount of Interest | Vote to Accept or Reject the Plan |
|---|---|---|---|
| 11 | Holder of the Common Stock Interests | _____ | ☐ ACCEPT (vote FOR) the Plan<br>☐ REJECT (vote AGAINST) the Plan |

### Item 2.  Releases by Holders of Claims and Interests.

#### NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

**If you (i) vote to accept the Plan or (ii) vote to reject the Plan AND do not opt out of the releases by Holders of Claims and Interests as set forth below, you shall be deemed to have consented to the releases contained in <u>Article VIII.D</u> of the Plan.  If you abstain from voting, you will not be a Releasing Party under the Plan and will not be bound by the releases provided in <u>Article VIII.D</u> of the Plan.  <u>Article VIII.D</u> of the Plan provides as**

---

[3]    Voting amount is based on the positions provided to the Solicitation Agent by the indenture trustee and/or agent, as applicable, as of the Voting Record Date.  The amount noted is for voting purposes only.

follows:

D.    *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[4] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[5] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any**

---

[4]  "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[5]  "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

**other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

The undersigned, as a holder (or representative of a holder of) Class 7 Common Stock Interests, elects to:

☐ Opt Out of the Third Party Releases

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN. IF YOU VOTE TO REJECT THE PLAN, YOU ARE ENTITLED TO OPT OUT OF THE RELEASES ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN BY CHECKING THE OPT OUT BOX IN ITEM 2 OF THIS BALLOT.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASES ABOVE CONTAINED IN ARTICLE VIII.D OF THE PLAN REGARDLESS OF WHETHER OR NOT YOU CHECK THE ABOVE BOX.**

**IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES ABOVE CONTAINED IN <u>ARTICLE VIII.D</u> REGARDLESS OF WHETHER OR NOT YOU CHECK THE ABOVE BOX.**

<u>**Article VIII of the Plan also contains the following provisions**</u>:

C.    *Releases by the Debtors*

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case,**

whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

E.    *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[6] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances

---

[6]    "*Exculpated Parties*" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

**or rejections of the Plan or such distributions made pursuant to the Plan.**

*F.    Injunction*

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u>, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u>, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLES VIII.C</u>, <u>VIII.E</u> AND <u>VIII.F</u> OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON REGISTERED HOLDERS WHETHER OR NOT THEY ELECT TO OPT OUT

OF THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.

**Item 3.  Certifications.**

By signing this Registered Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

a) as of the Voting Record Date, either: (i) the entity is the holder of the Class 7 Common Stock Interests being voted on this Registered Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interests being voted;

b) that it has received a copy of the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c) it has not submitted any other Registered Holder Ballots with respect to the amount of the Interests identified in <u>Item 1</u> have been cast or, if any other Registered Holder Ballots have been cast with respect to such Interests, then any such earlier received Registered Holder Ballots are hereby revoked;

d) that it has cast the same vote with respect to all Class 7 Common Stock Interests;

e) that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 7 Common Stock Interests;

f) that it understands and, if accepting the Plan, agrees with the treatment provided for its Claims or Interest(s) under the Plan;

g) that it acknowledges and understands that (i) if no Holders of Claims and Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims and Interests  in such Class; and (ii) any Class of Claims and Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

h) that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes; and

i) The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

Name of Registered Holder:_____

*(print or type)*

Signature: _____

Name of Signatory: _____

*(if other than Registered Holder)*

Title: _____

Address: _____

_____

_____

Date Completed:_____

Email Address  :_____

---

**IF THIS BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT
ON OR BEFORE <u>DECEMBER 1, 2023, AT 5:00 P.M. (EASTERN TIME)</u>,
YOUR VOTE WILL NOT BE COUNTED.**

---

**Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below, or in the enclosed envelope, as applicable, or (b) via the electronic Ballot submission platform on the Solicitation Agent's website (the "<u>E-Ballot Platform</u>") by visiting cases.primeclerk.com/hertz, and following the instructions set forth on the website. You are encouraged to submit your Ballot via the E-Ballot Platform.  If you choose to submit your Ballot via the E-Ballot Platform, you should NOT submit a hard copy Ballot. Please choose only one method for returning your Ballot.**

| If by E-Ballot Platform: | If by standard or overnight mail or personal delivery: |
|---|---|
| **https://www.kccllc.net/lordstown**<br><br>**Click "Submit Electronic Proof of Claim (ePOC)" and use the E-ballot ID provided below** | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300El Segundo, CA 90245 |

**To submit your Ballot via the E-Ballot Platform, please visit cases.primeclerk.com/hertz and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: [_____]**

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Holders of Claims and Interests who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300,El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).

Information may also be obtained at https://www.kccllc.net/lordstown.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

## INSTRUCTIONS FOR COMPLETING THIS REGISTERED HOLDER BALLOT

To properly complete this Registered Holder Ballot, you must follow the procedures described below, which explain each of the items contained on your Registered Holder Ballot.  If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit https://www.kccllc.net/lordstown.

**The Bankruptcy Court may confirm the Plan and thereby bind the Holders of the Common Stock Interests, by the terms of the Plan.  Please review the Disclosure Statement for more information.**

1.    **Submitting the Registered Holder Ballot**

**Use of Online Ballot Portal—If Submitting Your Vote Through the E-Ballot Platform:**

The Solicitation Agent will accept Ballots if properly completed through the E-Ballot Platform.   To submit your Registered Holder Ballot via the E-Ballot Platform, visit **cases.primeclerk.com/hertz** and follow the instructions to submit your Ballot.

| IMPORTANT NOTE:  You will need the following information to retrieve and submit your |
| --- |

customized electronic Ballot:

**Unique E-Ballot ID#**: [_____]

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via online or electronic submission. **Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

Each E-Ballot ID# is to be used solely for voting only those Claims or Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

**Use of Hard Copy Ballot—If Submitting Your Vote Through Standard or Overnight Mail or Personal Delivery:**

You must return the Ballot in either the enclosed envelope or by standard or overnight mail or personal delivery to:

Lordstown Processing Center
c/o Kurtzman Carson Consultants LLC
222 N. Pacific Coast HighwaySuite 300
El Segundo, CA 90245

**Ballots received via email, facsimile or other methods will not be counted. The Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline.**

2. **To fill out your Registered Holder Ballot, you must complete the following:**

a. **Item 1. Registered Holder of Common Stock Interests**. Subject to the terms and conditions of the Plan, Common Stock Interests will receive treatment as provided for in Article III of the Plan for Common Stock Interests in Class 7, and will be administered as provided for in Article VI of the Plan, only to the extent such Common Stock Interests are Allowed and the Plan is consummated. You should review the particular treatment of Class 7 before you vote this Registered Holder Ballot. **For additional discussion of treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

b. **Item 2. Releases By Holders of Claims and Interests**. Pursuant to Article VIII.D of the Plan, the Debtors seek approval of the release provision set forth in Article VIII.D of the Plan and provided above. Holders of Claims or Interests that vote to reject the Plan may opt out of this release by checking the box in Item 2.

**IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF COMMON STOCK**

13

INTERESTS UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN, AS SET FORTH ABOVE, UNLESS YOU ARE PERMITTED TO CHECK THE BOX IN ITEM 2 TO OPT OUT OF THE RELEASES, AND YOU DO SO OR YOU ABSTAIN FROM VOTING ON THE PLAN OR DO NOT RETURN YOUR BALLOT. YOU MAY CHECK THE BOX IN ITEM 2 TO OPT OUT OF THE RELEASES ONLY IF YOU VOTE TO REJECT THE PLAN. IF YOU (A) VOTE TO ACCEPT THE PLAN OR (B) REJECT THE PLAN BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.  IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE A RELEASING PARTY UNDER THE PLAN AND WILL NOT BE BOUND BY THE RELEASES PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN.

c.    **Item 3. Certifications**.  By signing this Registered Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

1)    as of the Voting Record Date, either: (i) the entity is the holder of the Common Stock Interests being voted on this Registered Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interests being voted;

2)    it has received a copy of the Disclosure Statement Order, including the attached Solicitation Procedures and other exhibits (to be accessed electronically as described above) and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3)    it has cast the same vote with respect to all Class 7 Common Stock Interests;

4)    no other Registered Holder Ballots with respect to the amount of the Interests identified in <u>Item 1</u> have been cast or, if any other Registered Holder Ballots have been cast with respect to such Interests, then any such earlier received Registered Holder Ballots are hereby revoked;

5)    it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 7 Common Stock Interests;

6)    it understands and, if accepting the Plan, agrees with the treatment provided for its Interest(s) under the Plan;

7)    it acknowledges and understands that (i) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing

shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8)     it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

## ADDITIONAL INSTRUCTIONS FOR COMPLETING THIS REGISTERED HOLDER BALLOT:

1.    The following Registered Holder Ballots will NOT be counted:

    a.    any Registered Holder Ballot submitted by a person who does not hold, or represent a person that holds, an Interest in the applicable Voting Class of the Voting Record Date;

    b.    any Registered Holder Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot.  Delivery of the Registered Holder Ballot shall be deemed made only when the original properly executed Registered Holder Ballot is actually received by the Solicitation Agent on or before the Voting Deadline;

    c.    any Registered Holder Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

    d.    any Registered Holder Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

    e.    any unsigned Registered Holder Ballot; *provided, however*, for the avoidance of doubt, a Registered Holder Ballot submitted via electronic mail shall be deemed to contain an original signature;

    f.    a Registered Holder Ballot without a vote on the Plan or in which the claimant or interest holder has voted to both accept and reject the Plan; or

    g.    any Registered Holder Ballot that is not completed.

2.    You must vote all of your Claims and Interests within the same Class either to accept or reject the Plan and may not split your vote.  Further, if a Registered Holder has multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims and Interests of any particular holder with multiple Claims or Interests within the same Class for the purpose of counting votes.

3.      This Registered Holder Ballot does not constitute, and shall not be deemed to be (a) a Proof of Claim or Interest or (b) an assertion or admission with respect to a Claim or Interest.

4.      Please be sure to sign and date your Registered Holder Ballot.  If you are signing a Registered Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Registered Holder Ballot.

5.      The Registered Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims and Interests should not surrender certificates or instruments representing or evidencing their Claims and Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL: LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE:  HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

---

**<u>Exhibit 3</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT,
(II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON
CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR OBJECTING TO THE
CONFIRMATION OF THE PLAN, AND (V) PROCEDURES AND
<u>DEADLINE FOR VOTING ON THE PLAN</u>**

**TO ALL PARTIES IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES:**

**PLEASE TAKE NOTICE THAT** on September 1, 2023, Lordstown Motors Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**") filed their (i) *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); and (ii) *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").[2]

**PLEASE TAKE FURTHER NOTICE THAT:**

1.     ***Approval of Disclosure Statement.*** On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. [●]] (the "**Disclosure Statement Order**") approving the Disclosure Statement. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "**Solicitation Procedures**").

2.     ***Approved Dates and Deadlines.*** The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing in the Disclosure Statement Order:

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined below), or the Solicitation Procedures (as defined below), as applicable.

| Event | Date |
|---|---|
| Voting Record Date | **October 18, 2023** |
| Disclosure Statement Hearing | **October 18, 2023 at 10:30 a.m. (ET)** |
| Solicitation Date | **Three (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Publication Deadline | **Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Rule 3018(a) Motion Deadline | **November 13, 2023 at 4:00 p.m. (ET)** |
| Voting Resolution Event Deadline | **November 22, 2023** |
| Plan Supplement Deadline | **The date that is no later than seven (7) days prior to the Voting Deadline** |
| Plan Objection Deadline | **December 1, 2023 at 4:00 p.m. (ET)** |
| Voting Deadline | **December 1, 2023 at 5:00 p.m. (ET)** |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation; (iii) Declarations in Support of Plan Confirmation, and (ii) Voting Report | **December 12, 2023** |
| Confirmation Hearing | **December 15, 2023, subject to court availability** |

3.      ***Confirmation Hearing.***  A hearing to consider confirmation of the Plan has been scheduled for **<u>December 15, 2023 at [●] (prevailing Eastern Time)</u>** (the "**Confirmation Hearing**") before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801.  **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.**  If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

2

4.      ***Summary of Status and Voting Rights.*** In accordance with Bankruptcy Code Section 1122 and 1123, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

| Summary of Status and Voting Rights | | | |
|---|---|---|---|
| Class | Claim / Interest | Status | Voting Rights |
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | General Unsecured Trade Claims | Impaired | Entitled to Vote |
| 4 | Other Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Foxconn Preferred Stock Interests | Impaired | Deemed to Reject |
| 6 | Intercompany Interests | Unimpaired | Deemed to Accept |
| 7 | Common Stock Interests | Impaired | Entitled to Vote |

5.      ***Voting Record Date.*** Subject to the Solicitation Procedures, the following holders of Claims and Interests against the Debtors as of **October 18, 2023** (the "**Voting Record Date**") are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | General Unsecured Trade Claims |
| Class 4 | Other Unsecured Claims |
| Class 7 | Common Stock Interests |

6.      ***Voting Deadline.***  All votes to accept or reject the Plan must be ***actually*** ***received*** by the Solicitation Agent by **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your vote.

7.      ***Voting Procedures for Class 7 Common Stock Interests.***  By the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to each beneficial Holder (each a "**Beneficial Holder**") of each registered or beneficial Holder of a Common Stock Interest in Class 7 as of the Voting Record Date whether directly or through a Nominee (as defined below), and (ii) an appropriate number of Solicitation Packages and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more such Beneficial Holders holds such Claim in 'street name' as of the Voting Record Date.  The Solicitation Agent shall also distribute a Solicitation Package to each Entity that is directly registered as a Beneficial Holder (i.e. does not hold their Claim through a Nominee) as of the Voting Record Date.  All Beneficial Holder Ballots cast to accept or reject the Plan must be properly completed, executed, and returned to the Nominees in such manner to allow sufficient time for the Voting Nominee to process such votes on Master Ballots and mail or deliver such Master Ballots to the Solicitation Agent so that they are ***actually received*** by the Solicitation Agent by the Voting Deadline.

8.      ***Parties in Interest Not Entitled to Vote.***  All Holders of Unimpaired Claims and Interests in classes conclusively presumed to accept the Plan are not entitled to vote and will not receive a Ballot.  Such Holders will instead receive the (i) *Confirmation Hearing Notice*, and (ii) *Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims Conclusively Presumed to Accept the Plan*.  In addition, Holders of Impaired Claims in classes deemed to reject the Plan are not entitled to vote and will not receive a Ballot and will instead receive the (i) Confirmation Hearing Notice, and (ii) *Notice of Non-Voting Status to Holders of Impaired Claims Deemed to Reject the Plan*. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules or if you have filed a Proof of Claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**").  All Rule 3018(a) Motions must be filed with the Bankruptcy Court and served on the Debtors on or before **November 13, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**").  If a creditor files a timely Rule 3018(a) Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes pursuant to a Resolution Event prior to **November 22, 2023** (the "**Voting Resolution Event Deadline**") or as otherwise set forth in the Disclosure Statement Order.

9.      ***Calculation of Votes With Respect to Litigation Claims.***  Each Claim Filed or scheduled on account of a claim, cause of action, or litigation against the Debtors, for which a Proof of Claim has been timely filed and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated

and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.5.(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Claim. The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the holder, the Debtors, or any other party for any purpose other than voting on the Plan. Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

10. ***Plan Supplement.*** The Debtors will file the Plan Supplement documents on or before **November 23, 2023**. The Plan Supplement will include, as applicable: (i) Post-Effective Date Debtors' Organizational Documents, (ii) Post-Effective Date Debtors' Board, (iii) Excluded Parties, (iv) Schedule of Retained Causes of Action, and [(v) Claims Administrator Agreement]. The Plan Supplement will be served only on those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Once the Plan Supplement is filed, a copy will also be available for review, free of charge, on the Debtors' restructuring website at https://www.kccllc.net/lordstown.

11. ***Cure and Assumption Notice.*** The Debtors will file a Cure and Assumption Notice within 14 days prior to the Confirmation Hearing, serve the Cure and Assumption Notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with this Plan and, where applicable, setting forth the proposed Cure Amount (if any). Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and actually received by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.

12. ***Objections to Confirmation.*** The deadline to object or respond to confirmation of the Plan is **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Any objections or responses to confirmation of the Plan, must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and Local Rules, (iii) state the name and address of the objecting party and the nature and amount of the Claim of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be ***actually*** ***received*** by the following parties on or before the Plan Objection Deadline:

    (a)       counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria

(tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)    the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)    counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)    counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

13.    **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

*Additional Information.* If you wish to receive additional copies of the Plan or the Disclosure Statement, you may receive copies free of charge from the Debtors' Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.net (with 'Lordstown' in the subject line). Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney. You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED.   PLEASE BE ADVISED THAT <u>ARTICLE VIII</u> OF THE PLAN PROVIDES:**

      C.     *Releases by the Debtors*

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.**

      D.     *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely,**

---

[3] "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in <u>Article VIII.D</u>; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in <u>Article VIII.D</u> by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and

unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

---

its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[4] "**Released Party**" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"**Committee**" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

E.    *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities.  The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

F.    *Injunction*

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u>, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u>, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY

---

[5] "***Exculpated Parties***" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

**JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

---

**PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOU ARE THE HOLDER OF AN UNCLASSIFIED CLAIM UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE PLAN.**

**PLEASE ALSO BE ADVISED THAT IF YOU ARE ENTITLED TO VOTE, AND (A) VOTE TO ACCEPT THE PLAN, OR (B) REJECT THE PLAN, BUT DO NOT OPT OUT OF THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN ARTICLE VIII.D OF THE PLAN.**

---

The Plan also contains other related provisions that may affect your rights against the Debtors.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

**<u>Exhibit 4</u>**

**Unclassified/Unimpaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF UNCLASSIFIED
AND UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO
ACCEPT JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS
CORP. AND ITS AFFILIATED DEBTORS**

**TO:   ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS AND INTERESTS
IN CLASSES 1 AND 2:**

> **PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOU ARE THE HOLDER OF AN UNCLASSIFIED CLAIM, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order in the above-captioned chapter 11 cases [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (c) approving the forms of ballots; (d) approving the form, manner and scope of confirmation notices; (e) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); [2] and (f) granting related relief.

2.      You are receiving this notice because you are the holder of a Claim(s) in Class 1 (Other Priority Claims) or Class 2 (Secured Claims) under the Plan (the "**Unimpaired Non-Voting Classes**"), or you are a holder of an Administrative Claim, Priority Tax Claim, or Professional Fee Claim, which are unclassified under the Plan (collectively, the "**Unclassified Claims**").  Pursuant to the terms of Article III of the Plan, holders of Unimpaired Claims and Unclassified Claims **are conclusively presumed to have accepted the Plan and/or are not entitled to vote on the Plan**.  Accordingly, this notice is being sent to you for informational purposes only.

3.      The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has scheduled a hearing beginning on **December 15, 2023, [●] a.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**") to consider whether to confirm the Plan.  The Confirmation Hearing will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801.  **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.**  If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.      Notwithstanding the fact that you are not entitled to vote to accept or reject the Plan you nevertheless may be a party in interest in these Chapter 11 Cases and you, therefore, may be entitled to participate in these Chapter 11 Cases, including by filing objections to confirmation of the Plan.  If you would like to object to the Plan, you may do so by filing your objection no later than **December 1, 2023 at 4[**

5.      **:00 P.M. (prevailing Eastern Time)** (the "**Plan Objection Deadline**").  Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and if practicable, a proposed modification to the Plan that would resolve such objection; (d) conform to the Bankruptcy Rules, the local rules of the Bankruptcy Court, and any order of the Bankruptcy Court; and (e) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be actually received by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email and U.S. mail:

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

(a)     counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)     the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)     counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)     counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

> **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

## IMPORTANT INFORMATION REGARDING RELEASES AND INJUNCTIONS

## ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:

### D.     *Releases by Holders of Claims and Interests*

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this Article VIII.D shall not be construed as (i) releasing any Released Party from

---

[3] "**Releasing Party**" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in Article VIII.D; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in Article VIII.D; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[4] "**Released Party**" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"**Committee**" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

---

**PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOUR CLAIM IS UNCLASSIFIED UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN BY THE PLAN OBJECTION DEADLINE.**

---

**THE PLAN CONTAINS FURTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED.**

**<u>ARTICLE VIII</u> OF THE PLAN FURTHER PROVIDES:**

      *C.*     *Releases by the Debtors*

      Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this

**Article VIII.C shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.**

### E.    *Exculpation*

**Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

### F.    *Injunction*

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED**

---

[5] "***Exculpated Parties***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

---

**ACCESS TO SOLICITATION MATERIALS:**

THE PLAN, DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND OTHER EXHIBITS MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE.  YOU CAN ALSO REQUEST, FREE OF CHARGE, ADDITIONAL COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING

**SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT AT THE NUMBER OR ADDRESS SPECIFIED ABOVE. PLEASE NOTE THAT THE SOLICITATION AGENT MAY NOT PROVIDE LEGAL ADVICE.  IF YOU NEED LEGAL ADVICE, PLEASE CONSULT WITH YOUR ATTORNEY.**

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

**Exhibit 5**

**Impaired Non-Voting Status Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF IMPAIRED**
**INTERESTS DEEMED TO REJECT JOINT CHAPTER 11 PLAN OF**
**LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**TO:    ALL HOLDERS OF IMPAIRED INTERESTS IN CLASS 5:**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order in the above-captioned chapter 11 cases [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (c) approving the forms of ballots; (d) approving the form, manner and scope of confirmation notices; (e) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");[2] and (f) granting related relief.

2.      You are receiving this notice because you are the Holder of an Interest(s) in Class 5 (Foxconn Preferred Stock Interests) under the Plan (the "**Impaired Non-Voting Class**"). Pursuant to the terms of Article III of the Plan, holders of Interests in the Impaired Non-Voting Class **are conclusively deemed to have rejected the Plan and/or are not entitled to vote on the Plan**. Accordingly, this notice is being sent to you for informational purposes only.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

3.     The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has scheduled a hearing beginning on <u>**December 15, 2023, [●] a.m. (prevailing Eastern Time)**</u> (the "**Confirmation Hearing**") to consider whether to confirm the Plan.  The Confirmation Hearing will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801.  **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.**  If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.     Notwithstanding the fact that you are not entitled to vote to accept or reject the Plan you nevertheless may be a party in interest in these Chapter 11 Cases and you, therefore, may be entitled to participate in these Chapter 11 Cases, including by filing objections to confirmation of the Plan.  If you would like to object to the Plan, you may do so by filing your objection no later than <u>**December 1, 2023 at 4:00 P.M. (prevailing Eastern Time)**</u> (the "**Plan Objection Deadline**").  Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and, if practicable, a proposed modification to the Plan that would resolve such objection; (d) conform to the Bankruptcy Rules, the local rules of the Bankruptcy Court, and any order of the Bankruptcy Court; and (e) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be <u>actually received</u> by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email and U.S. mail:

(a)     counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)     the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)     counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)     counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

---

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

---

**IMPORTANT INFORMATION REGARDING RELEASES AND INJUNCTIONS**

**ARTICLE VIII.D OF THE PLAN PROVIDES FOR THE FOLLOWING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:**

> **D.    *Releases by Holders of Claims and Interests***

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations,**

---

[3] "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Unimpaired Claims or Interests who do not File a timely objection to the third party releases provided for in Article VIII.D; (ii) all Holders of Administrative Claims and Priority Tax Claims that do not hold Claims or Interests in any Class that do not File a timely objection to the third party releases provided for in Article VIII.D; (iii) all Holders of Claims or Interests that vote to accept the Plan; (iv) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and do not affirmatively opt out of the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt not to grant such releases in the Plan submitted on or before the Voting Deadline; and (v) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such.

[4] "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the Committee; (v) each of the Committee Members, solely in its capacity as a Committee Member; and (vi) with respect to each of the foregoing Entities in clauses (i) through (v), such Entity and its current and former Affiliates and their respective current and former directors, managers, officers,

rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing,  the releases set forth in this **Article VIII.D** shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iv) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

**THE PLAN CONTAINS FURTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED.**

**ARTICLE VIII OF THE PLAN FURTHER PROVIDES:**

   C.    ***Releases by the Debtors***

---

predecessors, successors, and assigns, subsidiaries, and each of their respective current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that opts out of the releases shall not be a Released Party.

"***Committee***" means the official committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases, pursuant to section 1102(a) of the Bankruptcy Code, pursuant to *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 96], as amended by the Amended Notice of Appointment of Committee of Unsecured Creditors [Docket No. 99], each filed by the U.S. Trustee in the Chapter 11 Cases on July 11, 2023, as such committee may be reconstituted from time to time.

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this **Article VIII.C** shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

    *E.*     *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related

---

[5] "***Exculpated Parties***" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, agents, members of management and other employees of the Debtors; (iii) the Committee and the Committee Members and (iv) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii) and (iii) above on or after the Petition Date.

agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities.  The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### F. Injunction

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR

**OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

---

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT AND DISCLOSURE STATEMENT ORDER, INCLUDING THE SOLICITATION PROCEDURES AND OTHER EXHIBITS MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE. YOU CAN ALSO REQUEST, FREE OF CHARGE, ADDITIONAL COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

---

**IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT AT THE NUMBER OR ADDRESS SPECIFIED ABOVE. PLEASE NOTE THAT THE SOLICITATION AGENT MAY NOT PROVIDE LEGAL ADVICE. IF YOU NEED LEGAL ADVICE, PLEASE CONSULT WITH YOUR ATTORNEY.**

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

## **Exhibit 6**

**Disputed Claim or Interest Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIM OR INTERESTS OR INTEREST**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order in the above-captioned chapter 11 cases [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (c) approving the forms of ballots; (d) approving the form, manner and scope of confirmation notices; (e) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");[2] and (f) granting related relief.

2.      You are receiving this notice because your Claim(s) against the Debtors is/are subject to a pending objection by the Debtors and therefore, pursuant to the Solicitation Procedures Order and sections 502(a) and 1126(a) of the Bankruptcy Code, **you are not entitled to vote to accept or reject the Plan on account of your Claim unless one of the following Resolution Events (as defined in the Solicitation Procedures) occurs on or before November 22, 2023 (the "Voting Resolution Event Deadline"):**

(i)      entry of an order of the Bankruptcy Court, after notice and a hearing, allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

(ii)    entry of an order of the Bankruptcy Court, after notice and a hearing, granting a Rule 3018(a) Motion (as defined below) and temporarily allowing such Claim for voting purposes;

(iii)    execution of a stipulation or other agreement between the holder of a Disputed Claim or Interest and the Debtors resolving the objection and allowing such Claim for voting purposes in an agreed-upon amount or otherwise fixing an amount of the Claim for voting purposes; or

(iv)    the pending objection is voluntarily withdrawn by the objecting party.

Accordingly, this notice is being sent to you for informational purposes only.

3.    If you seek to challenge the disallowance or estimation of your Disputed Claim or Interest for voting purposes, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**"). Any Rule 3018(a) Motion must be filed with the Bankruptcy Court and served on the Debtors *so as to be actually received by* **November 13, 2023** (the "**Rule 3018(a) Motion Deadline**"). If a Holder of a Disputed Claim or Interest files a timely Rule 3018(a) Motion, such Holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim or Interest prior to the Voting Resolution Event Deadline.

4.    If a Holder of a Disputed Claim or Interest files a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, the Solicitation Agent, at the direction of the Debtors or their counsel, shall send such holder a Solicitation Package, including an applicable Ballot as soon as practicable after such Rule 3018(a) Motion is filed. A Ballot returned by a holder of a Disputed Claim or Interest to the Solicitation Agent in compliance with the Solicitation Procedures shall only be counted to the extent that a Voting Resolution Event has occurred with respect to the holder's Disputed Claim or Interest by the Voting Resolution Event Deadline.

5.    The Bankruptcy Court has scheduled a hearing beginning on **December 15, 2023 at [●] (prevailing Eastern Time)** (the "**Confirmation Hearing**") to consider whether to confirm the Plan. The Confirmation Hearing will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.** If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

6.    If you would like to object to the Plan, you may do so by filing your objection no later than **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection**

Deadline"). Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; (d) conform to the Bankruptcy Rules, the local rules of the Bankruptcy Court, and any order of the Bankruptcy Court; and (e) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before the Plan Objection Deadline**, and served so as to be ***actually received*** by the parties below on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies to:

(a)     counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)     the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)     counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)     counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

---

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

---

7.     **The Debtors may (and reserve the right to) seek Confirmation of a modified Plan that embodies a different restructuring proposal than that contemplated under the Plan**

**attached to the Disclosure Statement as <u>Exhibit A</u>. The Debtors may seek Confirmation of a modified Plan without resoliciting votes on such modified Plan in accordance with Bankruptcy Rule 3019 so long as the Plan, as modified, does not "adversely change" the treatment of any Claim or Interest relative to the treatment for such Claim or Interest contemplated under the Plan. In such a case, votes to accept the Plan shall be deemed to constitute votes to accept the modified Plan.**

If you would like copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, or other documents related to the Plan, free of charge, you may obtain these documents from Kurtzman Carson Consultants LLC (the "**Solicitation Agent**"), free of charge, by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.net (with 'Lordstown' in the subject line). You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

8.     If you have questions about this notice, please contact the Solicitation Agent, Kurtzman Carson Consultants LLC, at https://www.kccllc.net/lordstown, (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international), or lordstowninfo@kccllc.net. **The Solicitation Agent is not authorized to, and will not, provide legal advice.**

---

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT ACCORDING TO THE INSTRUCTIONS ABOVE.**

---

*[Remainder of Page Intentionally Left Blank]*

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

**<u>Exhibit 7</u>**

**Plan Supplement Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No: [●]** |

## NOTICE OF FILING OF PLAN SUPPLEMENT FOR THE JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS

**PLEASE TAKE NOTICE** that on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (c) approving the forms of ballots; (d) approving the form, manner and scope of confirmation notices; (e) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");[2] and (f) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby file certain exhibits to the Plan consisting of the following:

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

| Exhibit | Document[3] |
|---------|-------------|
| A | Post-Effective Date Debtors' Organizational Documents |
| B | Post-Effective Date Debtors' Board |
| C | Excluded Parties |
| D | Schedule of Retained Causes of Action |
| [E | Claims Administrator Agreement] |

**PLEASE TAKE FURTHER NOTICE** that the documents, schedules, and other information contained in this Plan Supplement are integral to and part of the Plan. These documents have not yet been approved by the Bankruptcy Court. If the Plan is approved, the documents contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to amend, modify, or supplement the Plan Supplement, and any of the documents contained therein, in accordance with the terms of the Plan. If material amendments or modifications are made to any of these documents, the Debtors will file a blackline with the Bankruptcy Court prior to the Confirmation Hearing marked to reflect the same.

**PLEASE TAKE FURTHER NOTICE THAT** all votes to accept or reject the Plan must be **actually received** by the Debtors' Solicitation Agent at the Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, CA 90245 by no later than **December 1, 2023 at 5:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE THAT** a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled for **December 15, 2023 at [●] (prevailing Eastern Time)**, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801. **The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to object to the Plan, you may do so by filing your objection no later than **December 1, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Any objections or responses to confirmation of the Plan, must: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim or Interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; and (d) conform to the Bankruptcy Rules, the local rules of the Bankruptcy Court, and any order

---

[3] The exhibits set forth in the Plan Supplement remain subject to ongoing review and material revision in all respects.

of the Bankruptcy Court; (e) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before the Plan Objection Deadline**, and served so as to be <u>actually</u> <u>received</u> by the parties below before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies to:

(a)     counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)     the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)     counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)     counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).;

**PLEASE TAKE FURTHER NOTICE THAT** you may obtain the Plan, the Disclosure Statement, the Plan Supplement, or related documents from Kurtzman Carson Consultants LLC (the "**Solicitation Agent**") free of charge by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.net (with 'Lordstown' in the subject line).

You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS CONTAINED IN <u>ARTICLE VIII</u> OF THE PLAN. <u>ARTICLE VIII.D</u> OF THE PLAN CONTAINS THIRD-PARTY RELEASES. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT AS SPECIFIED ABOVE. PLEASE NOTE THAT THE SOLICITATION AGENT MAY NOT PROVIDE LEGAL ADVICE. IF YOU NEED LEGAL ADVICE, PLEASE CONSULT WITH YOUR ATTORNEY.**

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

**Exhibit 8**

**Cure and Assumption Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

NOTICE OF (I) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE
ASSUMED BY THE DEBTORS, (II) CURE AMOUNTS, IF ANY, AND (III) RELATED
PROCEDURES IN CONNECTION THEREWITH

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order in the above-captioned chapter 11 cases [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (b) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (c) approving the forms of ballots; (d) approving the form, manner and scope of confirmation notices; (e) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); [2] and (f) granting related relief.

2.      On [●], 2023, the Debtors filed the Assumed Executory Contracts and Unexpired Leases Schedule (the "**Assumption Schedule**") with the Bankruptcy Court, as contemplated under the Plan.

3.      The Bankruptcy Court has scheduled a hearing beginning on **December 15, 2023 at [●] (prevailing Eastern Time)** (the "**Confirmation Hearing**") to consider whether to confirm the Plan.  The Confirmation Hearing will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor,

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

Courtroom No. 4, Wilmington, Delaware 19801.  **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.**  If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4.      You are receiving this notice because the Debtors' records reflect that you are a counterparty to an executory contract or unexpired lease that is listed on the Assumption Schedule. The Debtors are proposing to assume the Executory Contracts and/or Unexpired Leases listed on the Assumption Schedule, attached hereto as **Exhibit A**.[3]  Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.

5.      Section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption.  Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Exhibit A**, attached hereto.   Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

6.      Absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contracts and/or Unexpired Leases identified in **Exhibit A**, attached hereto, will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors' payment of the cure amount in Cash as soon as reasonable following the Effective Date, or on such other terms as the parties to Executory Contracts or Unexpired Leases may otherwise agree.  In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption.  **Any objection to the assumption of an Executory Contract or Unexpired Lease under the Plan must be Filed, served and actually received by the Debtors within (10) days following the services of this notice.**

---

[3]     Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease from the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) dispute any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

7.    The Plan Objection Deadline is **December 1, at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**").   Any objection to the assumption of an Executory Contract or Unexpired Lease **must**: (a) be in writing; (b) state the name and address of the objecting party and the nature and amount of the Claim or Interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor; (d) conform to the Bankruptcy Rules, the local rules of the Bankruptcy Court, and any order of the Bankruptcy Court; and (e) be filed with the Bankruptcy Court, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service **on or before the date set forth in paragraph 6 above** and served so as to be <u>actually received</u> by the parties below before the date set forth in paragraph 6 above, which service may be through the CM/ECF system, with courtesy copies to:

(a)  counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whtitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi @rlf.com), Paul N. Heath (heath@rlf.com), and Amanda R. Steele (steele@rlf.com);

(b)  the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c)  counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), and 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com); and

(d)  counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick,com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

> **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

8.    **Any party that fails to timely object to the assumption of its Executory Contract or Unexpired Lease (including the ability of the applicable Reorganized Debtor or assignee to provide "adequate assurance of future performance" under such Executory**

**Contract or Unexpired Lease within the meaning of section 365 of the Bankruptcy Code) or the cure amount (a "Cure Claim") listed on the Assumption Schedule shall be (i) deemed to have consented to the assumption of its Executory Contract or Unexpired Lease and to such Cure Claim and (ii) forever barred, estopped, and enjoined from disputing the amount of the Cure Claim set forth on the Assumption Schedule or the Collective Bargaining Agreement Schedule (including a cure amount of $0.00) and/or from asserting any Claim against the applicable Debtor or Reorganized Debtor arising under section 365(b)(1) of the Bankruptcy Code.**

9.      **Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise, subject to the payment of the applicable Cure Claim as set forth in the Assumption Schedule shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time before the date that the Debtors assume such Executory Contract or Unexpired Lease; provided, that the Debtors or the Reorganized Debtors, as applicable, will remain obligated to pay any accrued but unbilled amounts under any such assumed Executory Contract or Unexpired Lease to the extent that such unbilled amounts were not due to be billed prior to the date hereof.  Any Proofs of Claim Filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed Disallowed and expunged, without further notice to or action, order, or approval of the Bankruptcy Court upon payment of the applicable Cure Claim.**

10.     If you wish to receive additional copies of the Plan or the Disclosure Statement, you may receive copies free of charge from the Debtors' Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast               Highway,               Suite               300, El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.net (with 'Lordstown' in the subject line).  Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you.  If you need legal advice, please consult with your attorney.  You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

---

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN.  ARTICLE VIII.D OF THE PLAN CONTAINS THIRD-PARTY RELEASES.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, PLEASE CONTACT THE SOLICITATION AGENT AS SPECIFIED ABOVE.  PLEASE NOTE THAT THE SOLICITATION**

---

**AGENT MAY NOT PROVIDE LEGAL ADVICE.  IF YOU NEED LEGAL ADVICE, PLEASE CONSULT WITH YOUR ATTORNEY.**

Dated: September [●], 2023

Respectfully submitted,

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com

–and–

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

## Exhibit A

**Assumed Executory Contracts and Unexpired Leases Schedule**

**Exhibit 9**

**Cover Letter**



September [●], 2023

**Re:**  ***In re Lordstown Motors Corp., et. al.,***
     **Case No. 23-10831 (MFW) (Jointly Administered)**

**TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:**

Lordstown Motors Corp. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**" or "**Lordstown**")[1] present for your consideration the enclosed *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtor* [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**").[2]  You have received this communication because you are entitled to vote on the Plan.

**Lordstown believes that the Plan represents the best possible means to maximize recoveries to its stakeholders and therefore urges all eligible creditors and interest holders to vote to accept the Plan.**

As you may be aware, on June 27, 2023, Lordstown filed chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing the above captioned chapter 11 cases (the "**Chapter 11 Cases**").  Since that date, the Debtors have worked tirelessly to maximize value for the benefit of all of their stakeholders, including by conducting a Court-supervised process to market and sell their assets in an efficient and value-maximizing manner, consolidating the resolution of claims in a single forum, and prosecuting their substantial claims against Foxconn.

Most importantly, the Debtors have filed and will be seeking to rapidly confirm the Plan. The Plan provides the blueprint upon which the Debtors propose to resolve these Chapter 11 Cases and maximize value for all stakeholders, including Holders of Allowed Claims and Interests.  As more fully set forth in the Plan and the Disclosure Statement, the Plan would, among other provisions: (i) provide an orderly structure for distributions to Holders of Allowed Claims and Interests, (ii) seek to subordinate the Preferred and Common Stock Interests in the Company held by Foxconn to the Interests of other Holders of the Company's Common Stock Interests,

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

(iii) preserve Retained Causes of Action, including against Foxconn, to be pursued by the Post-Effective Date Debtors, (iv) seek to preserve the value of the Company's net operating losses/tax attributes by leaving the Preferred and Common Stock Interests in the Post-Effective Date Debtors in place and allowing for post-effective date operations, and (v) substantively consolidate the Debtors for the limited purposes of making distributions under the Plan.

The Plan separately classifies General Unsecured Trade Claims from Other Unsecured Claims. The Plan provides that distributions to Holders of General Unsecured Trade Claims will be funded from a pool of cash in an amount to be determined (and subject to adjustment as may be agreed by the Debtors and the Creditors' Committee or determined by the Court). All other distributions under the Plan would come from the Debtors' other assets, which would generally be distributed, subject to the terms of the Plan (including the subordination of Interests held by Foxconn), to Classes of Claims and Interests in order of their respective priorities under the Bankruptcy Code, with distributions not being made to lower priority Classes until Classes having higher priorities are fully paid, all as set forth in more detail in and subject to the provisions of the proposed Plan.

As part of the Plan process, on [●], 2023, the Bankruptcy Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement. The Disclosure Statement Order, among other things, authorizes Lordstown to solicit votes to accept or reject the Plan.

The Plan also contemplates the appointment of a claims administrator (the "**Claims Administrator**"). The Claims Administrator will be authorized to administer the General Unsecured Trade Claims, control and effectuate the reconciliation process and make distributions to the General Unsecured Trade Claims from the cash pool established for their benefit. The identity of the Plan Administrator has not yet been determined and will be disclosed prior to Plan confirmation.

The following materials constitute the "**Solicitation Package**" which, in addition to this letter, is comprised of:

a.    the Confirmation Hearing Notice;

b.    a Ballot, with voting instructions, including instructions for voting online via the electronic ballot submission platform (the "**E-Ballot Platform**") on the website maintained by Kurtzman Carson Consultants LLC (the "**Solicitation Agent**") in respect of the Debtors' Chapter 11 Cases with return instructions and a return envelope, as applicable;

c.    instructions in each Ballot that provides direction to the claimants or equity interest holders to the Debtors' restructuring website, which contains the Disclosure Statement and the Plan as an exhibit to the Disclosure Statement, and the Disclosure Statement Order, including the Solicitation Procedures; and

d.    any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

**ELECTRONIC ACCESS TO PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER**

**For additional ways to access electronic versions of the Plan, Disclosure Statement, and Disclosure Statement Order, please visit https://www.kccllc.net/lordstown.**

**If you would like additional copies of the solicitation materials in a flash drive or paper format, you may make such a request by: (a) calling Lordstown's toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).**

**As noted above, Lordstown believes that the acceptance of the Plan is in the best interests of its estates, holders of Claims and Interests, and all other parties in interests.  Moreover, Lordstown believes that an alternative other than confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, would lead to smaller distributions on account of Claims and Interests asserted in these Chapter 11 Cases.**

**Lordstown strongly urges you to cast a vote to ACCEPT the Plan and to properly and timely submit your Ballot in accordance with the instructions in your Ballot.**

**In order to have your vote to accept or reject the Plan counted, your Ballot must actually be received by the Solicitation Agent on or before the Voting Deadline, <u>December 1, 2023 at 5:00 p.m. (Eastern Time)</u>.**

Instructions for casting your Ballot are provided on your Ballot.  You are encouraged to submit your Ballot online via the E-Ballot Platform on the Solicitation Agent's website.

Please read the Plan carefully.  In particular, please review the injunction, release, and exculpation provisions provided in <u>Article VIII</u> of the Plan.  Please be advised that if you wish to opt out of the releases set forth in <u>Article VIII.D</u> of the Plan, you may do so by checking the appropriate box on your Ballot.  However, please note that only persons who vote to reject the Plan may opt out of providing these releases.

If you would like electronic copies of any of the materials enclosed herein, or any other filings in Lordstown's Chapter 11 Cases, they can be accessed at Lordstown's restructuring website free of charge at https://www.kccllc.net/lordstown.  You may also contact the Solicitation Agent by (a) calling Lordstown's toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d)

emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).  Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you.  If you need legal advice, please consult with your attorney.

Sincerely,

[DRAFT]

*Lordstown Motors Corp.; Lordstown EV Corporation; Lordstown EV Sales LLC*