**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: October 11, 2023 at 4:00 p.m. (ET)** |
| | **Hearing Date: October 18, 2023 at 10:30 a.m. (ET)** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF M3 ADVISORY PARTNERS, LP**
**AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF**
**EQUITY SECURITY HOLDERS *NUNC PRO TUNC* TO SEPTEMBER 7, 2023**

The Official Committee of Equity Security Holders (the "Committee") appointed in the above-captioned cases hereby submits this Application for the Entry of an Order Authorizing the Retention and Employment of M3 Advisory Partners LP ("M3" of the "Firm") as financial advisor to the Committee *Nunc Pro Tunc* to the September 7, 2023 (the "Application"). In support of this Application, the Committee relies on the declaration of Robert Winning (the "Winning Declaration") attached as **Exhibit A**. In support of the Application, the Committee respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 1103(a) and 328(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3.    On June 27, 2023, (the "Petition Date"), the above-captioned debtors (the

"Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code

(collectively the "Chapter 11 Cases").  The Chapter 11 Cases are being jointly administered for

procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.    The Debtors have continued in the possession of its property and has continued to

operate and manage its business as Debtors in possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.

5.    On September 7, 2023, the United States Trustee for the District of Delaware (the

"United States Trustee") filed its notice of appointment of the three (3) member Committee

pursuant to section 1102(a)(1) of the Bankruptcy Code.[2]  On September 7, 2023, the Committee

selected Brown Rudnick LLP ("Brown Rudnick") as its lead counsel, Morris James was selected

to serve as Delaware counsel, and M3 as the financial advisor to the Committee.

## RELIEF REQUESTED

6.    By this Application, the Committee seeks to retain and employ M3, as financial

advisor to the Committee *Nunc Pro Tunc* to September 7, 2023, pursuant to 11 U.S.C. § 328(a)

and 1103(a).  The Committee understands that M3 will seek compensation from the Debtors'

estates at its regular hourly rates for professionals, and reimbursement of expenses incurred on the

---

[2] The Committee members are the following: (1) Crestline Management, L.P.; (2) Pertento Partners LLP; and (3) Esopus Creek Value Series Fund LP – Series "A".

Committee's behalf, subject to any procedures approved by the Court for the payment of compensation.

## M3'S QUALIFICATIONS

7.      In light of the size and complexity of the Chapter 11 Cases, the Committee requires a qualified and experienced financial advisor with M3's resources, capabilities, and experience. M3 is well qualified to serve as financial advisor to the Committee. M3 is a nationally recognized financial advisory firm, and its professionals have a wealth of experience in operational and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3's professionals have extensive experience in turnarounds, corporate restructuring, and bankruptcy and corporate financing, including, but not limited to, company business plan viability and plan feasibility, having worked (on a combined basis) on hundreds of restructurings as chief restructuring officer, advisor, principal, or independent director. In doing this, M3 and its professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, official stakeholder committees, and other entities in numerous chapter 11 cases of similar size and complexity to the Chapter 11 Cases.

8.      Notably, M3 has been retained as a financial advisor to debtors and official committees in numerous large and complex chapter 11 cases, including, among others, *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Oct. 18, 2022); *In re Sorrento Therapeutics, Inc.*, No. 23-90085 (DRJ) (Bankr. S.D. Tex. Apr. 13, 2023); *In re PWM Property Management LLC*, No. 21-11445 (MFW) (Bankr. D. Del. 2021); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. 2021); *In re Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr. S.D. Tex. 2019); *In re Barneys New York, Inc.*, No. 19-36300 (CMG) (Bankr. S.D.N.Y.

2019); *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. 2018); *In re Real Industry, Inc.*, No. 17-12464 (KJC) (Bankr. D. Del. 2018).

9.      Subject to order of the Court, the Committee respectfully submits that it is necessary and appropriate to employ and retain M3 to, among other things:

a.      assist with the analysis, review and monitoring of the chapter 11 process, including, but not limited to assessment of potential recoveries for equity security holders;

b.      assist with the review of financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

c.      assist with the assessment and monitoring of the Debtors' short term cash flow, liquidity, and operating results;

d.      analyze the Debtors' proposed business plans and chapter 11 plan, and develop alternative scenarios, if necessary;

e.      assess the Debtors' various pleadings;

f.      prepare or review, as applicable, avoidance action and claim analyses;

g.      assist the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, budgets, and monthly operating reports;

h.      advise the Committee on the current state of the Chapter 11 Cases;

i.      advise the Committee in negotiations with the Debtors and third parties as necessary;

j.      assist with the prosecution of the Committee's responses/objections to the Debtors' motions, including attendance at hearings and depositions, and providing expert reports/testimony on case issues as required by the Committee;

k.      render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor in similar situations and not duplicative of services provided by other professionals in this proceeding; and

l.      provide such other assistance as is ancillary to the above or as M3 and the Committee shall mutually agree.

10.    The services that M3 will provide to the Committee will be appropriately directed by the Committee and its counsel to avoid duplication of efforts among the other professionals retained in the Chapter 11 Cases and will be performed in accordance with applicable standards of the profession. M3 will work collaboratively with the Committee and other professionals employed by the Committee to avoid duplication of services. The Committee believes that the services to be provided by M3 will complement and will not be duplicative of any services of the Committee's or the Debtors' other professionals.

11.    M3 intends to apply for compensation for professional services rendered to the Committee on an hourly basis and reimbursement of expenses incurred in connection with the Chapter 11 Cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

12.    M3's standard hourly rates are[3]:

| Professional | Hourly Rate |
| --- | --- |
| Managing Partner | $1,350 |
| Senior Managing Director | $1,245 |
| Managing Director | $1,025 – 1,150 |
| Director | $840 – 945 |
| Vice President | $750 |
| Senior Associate | $650 |
| Associate | $550 |
| Analyst | $450 |

Like its peer firms, M3's rates a subject to periodic adjustments, including at the start of each calendar year.

---

[3] Like its peer firms, M3's standard hourly rates are subject to periodic adjustments to reflect economic and other conditions.

13.     M3 has received no retainer in these cases to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee.

14.     M3 will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with the financial advisory services described above, such as travel, lodging, duplicating, research, messenger, and telephone charges. M3 will charge for these expenses at rates consistent with charges made to other M3 clients. For the avoidance of doubt, M3's expenses may include reasonable fees and expenses of external legal counsel, except to the extent that such fees are incurred in defense of M3's fee applications.

15.     M3 will maintain records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable statutes, rules, and guidelines.

16.     In light of the foregoing, the Committee believes that M3's fee structure is reasonable, market-based, and designed to fairly compensate M3 its work in the Chapter 11 Cases.

## M3'S DISINTERESTEDNESS

17.     To the best of the Committee's knowledge, and based upon the Winning Declaration, neither M3 nor any of its employees have any connection with any party-in-interest, or their attorneys or accountants, other than as set forth in the Winning Declaration.

18.     To the best of the Committee's knowledge, based upon the Winning Declaration, neither M3 nor any of its employees represent any interest adverse to that of the Debtors' estates in the matters on which they are to be retained.

19.     While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should M3, through its continuing efforts, learn of

any new connections of the nature described above, the Firm will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

20.    M3 represents many debtors, trustees, and stakeholder committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent those debtors, committees, or their members with respect to any claims that they may collectively or individually have against the Debtors.

21.    Based on the Winning Declaration, the Committee believes that M3 is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code.

22.    Based on the foregoing, the Committee believes that the employment of M3 would be in the best interests of the Committee, and the Debtors' estates and creditors.

23.    The Committee requests approval of this Application pursuant to sections 1103 and 328 of the Bankruptcy Code. Section 1103(a) provides, in relevant part, that that a creditors' committee, with the court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Section 328(a) provides, in relevant part, that "a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under . . . 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" 11 U.S.C. § 328(a). Accordingly, section 328 permits the compensation of professionals, including financial advisors, on more flexible terms that reflect the nature of their services and market conditions.

24.     The Committee believes that M3's fee structure is fair and reasonable and consistent with and typical of compensation arrangements entered into by M3 and other comparable firms in connection with the rendering of similar services under similar circumstances. The Committee has specifically selected M3 to serve as its financial advisor because of its extensive experience in advising debtors, individual creditors, stakeholders' committees, and other constituents in large chapter 11 cases. Further, the compensation arrangements are highly beneficial to the Debtors' estates as they provide the proper inducement for M3 to act expeditiously and prudently with respect to the matters for which it will be employed. The compensation of M3 shall be subject to the standard of review only as set forth in section 328 and not subject to any other standard of review.

25.     Section 1103(b) requires that a committee's professionals may not "represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b). An "adverse interest" has been defined to mean "any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant." *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005) (quoting *TWI Int'l v. Vanguard Oil Serv. Co.*, 162 B.R. 672, 675 (S.D.N.Y. 1994)).

26.     M3 satisfies the disinterestedness standard in section 1103(b) of the Bankruptcy Code. To the best of the Committee's knowledge, information, and belief, M3 does not have any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, the Committee understands that M3 believes it is disinterested because, to the best of M3's knowledge, information, and belief, M3 has no

connection with the Debtors, their creditors, or any other party-in-interest, except as disclosed in the Winning Declaration.

27.    Because the Committee requested and retained the services of M3 on September 7, 2023, the Committee requests that any order entered approving such retention be effective as of September 7, 2023. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as favoring approval of retention retroactive to the commencement of services. *See, e.g.*, *Matter of Arkansas Co., Inc.*, 798 F.2d 645, 650 (3d Cir. 1986); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 52 (D. Del. 1989), appeal dismissed, 909 F.2d 1476 (3d Cir. 1990). The Committee's selection of M3 as its financial advisor on September 7, 2023, required the Firm to immediately commence work on time-sensitive matters. M3's services on the Committee's behalf have not prejudiced any creditor or party-in-interest in the Chapter 11 Cases, but rather, have served their best interests.

28.    The Committee submits that, for all of the reasons stated above and in the Winning Declaration, the employment and retention of M3 as financial advisor to the Committee is warranted and should be approved.

## **NOTICE**

29.    Notice of this Application has been given to (a) counsel to the Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) the Official Committee of Unsecured Creditors and; (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

30.     No previous application for the relief requested herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Committee requests entry of an Order substantially in the form attached hereto, authorizing the Committee to retain and employ M3 as financial advisor for the Committee, *Nunc Pro Tunc* to September 7, 2023, and granting such other and further relief as is just and proper.

Dated: September 27, 2023

THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS OF
LORDSTOWN MOTORS CORP., *et al.*

By: */s/ Andrew L. Sole*
Andrew L. Sole on behalf of Esopus Creek
Value Series Fund LP – Series "A", solely in
his capacity as Chairperson to the Official
Committee of Equity Security Holders