IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 280** |

**SUPPLEMENTAL NOTICE OF (I) POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

**You are receiving this notice because you may be a counterparty to a contract or lease with one or more of the above-captioned debtors or debtors in possession (collectively, the "Debtors"). Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that, on June 27, 2023, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on August 8, 2023, the Court entered an order [D.I. 237] (the "**Bidding Procedures Order**"), approving the bidding and auction procedures attached to the Bidding Procedures Order as **Schedule 1** (the "**Bidding Procedures**")[2] for the sale of the Debtors' assets (the "**Assets**") and approval of the sale such Assets to the highest or best qualified bidder (the "**Successful Bidder**").

**PLEASE TAKE FURTHER NOTICE** that, on August 21, 2023, the Debtors filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 280] (the "**Original Cure Notice**"), which pursuant to the Bidding Procedures Order, listed one or more of the executory contracts and unexpired leases that the Debtors may potentially assume and assign to the Successful Bidder on Schedule A annexed thereto (collectively, the "**Potentially Assumed Agreements**" and each, a "**Potentially Assumed Agreement**"), pursuant to section 365 of the Bankruptcy Code. The Original Potential Cure

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used, but not otherwise defined, in this notice shall have the meanings ascribed to such terms in the Bidding Procedures Order, Bidding Procedures, or Initial Cure Notice as applicable.

Notice was purely for the purposes of fixing cure amounts and did not serve as a notice that the Debtors would, in fact, be assuming or assigning the Potentially Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that consistent with the terms of the Bidding Procedures Order, on September 12, 2023, the Debtors filed the *Notice of Certain Modified Dates and Deadlines In Connection With Sale Process* [D.I. 418] (the "**First Modification Notice**") and on September 19, 2023, the Debtors filed the *Notice of Certain Further Modified Dates and Deadlines In Connection With Sale Process* [D.I. 434] (the "**Second Modification Notice**," and together with the Frist Modification Notice, the "**Modification Notices**") pursuant to which the Debtors provided notice to parties-in-interest in their chapter 11 cases of certain modified dates and deadlines in connection with the Sale of the Assets.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order and the Modification Notices, the Sale Hearing to consider approval of the sale of the Assets to the Successful Bidder(s) at the Auction, free and clear of all liens, claims and encumbrances, will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801, if any, shall commence on October 18, 2023 at 10:30 a.m. (prevailing Eastern Time).  The Sale Hearing may be adjourned by the Debtors from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by including such adjournment on any agenda filed with the Court or by the filing of a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are now filing this supplemental notice (the "**Supplemental Cure Notice**") to inform the contract counterparty for the Potentially Assumed Agreement (the "**Effected Potentially Assumed Agreement**") identified directly below of the amended cure amount listed below (the "**Amended Cure Amount**"), which the Debtors believe is the amount that must be paid to cure any prepetition defaults and pay all amounts accrued under the Effected Potentially Assumed Agreement.  The Amended Cure Amount supersedes and replaces the original cure amount listed on Schedule A to the Original Cure Notice with respect to the Effected Potentially Assumed Agreement in all respects.  For the avoidance of any doubt, no other Potentially Assumed Agreements included on the Original Cure Notice, other than the Effected Potentially Assumed Agreement identified directly below, are impacted by this Supplemental Cure Notice.

| Counterparty | Contract / Lease Description | Counterparty Address | Debtor | Amended Cure Amount |
|---|---|---|---|---|
| Elaphe Propulsion Technologies LTD | License Agreement dated March 2020, as amended by the First Amendment to License Agreement dated July 21, 2020 | Teslova Ulica 30<br>1000 Ljubljana, Solvenia<br>Attn: Luka Ambrozic<br>Email: luka.ambrozic@elaphe-ev.com | Lordstown Motors Corp. | $0.00[3] |

---

[3]    The Debtors listed $283,961.19 as the original cure amount for the above-listed agreement with Elaphe Propulsion Technologies LTD in the Original Cure Notice.  For the avoidance of any doubt, this Supplemental Cure Notice and the above-listed Amended Cure Amount supersedes and replaces the cure amount listed in the Original Cure Notice with respect to the above-listed agreement with Elaphe Propulsion Technologies LTD.

**PLEASE TAKE FURTHER NOTICE** that any party seeking to object to the validity of the Amended Cure Amount as determined by the Debtors or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under the Effected Potentially Assumed Agreement in order for such contract or lease to be assumed and assigned, must file an objection (the "**Cure Objection**") that (i) is in writing; (ii) complies with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and any order governing the administration of these chapter 11 cases; (iii) states with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Amended Cure Amount, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) is filed with the Court **no later than 4:00 p.m. (prevailing Eastern Time) on October 11, 2023** (the "**Cure Objection Deadline**"), and is served on (a) the Debtors counsel, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131, Attn: Thomas E. Lauria (tlauria@whitecase.com), Matthew C. Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com), White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: David M. Turetsky (david.turetsky@whitecase.com), and Adam Cieply (adam.cieply@whitecase.com), and (b) the Debtors proposed co-counsel, Richards, Layton, & Finger, P.A., 920 North King Street, Wilmington, DE 19801, Attn.: Kevin Gross (gross@rlf.com), Daniel J. DeFranceschi (defranceschi@rlf.com), Paul N. Heath (heath@rlf.com), Amanda R. Steele (steele@rlf.com), and Jason M. Madron (madron@rlf.com) (c) the Debtors' investment banker, Jefferies LLC, 520 Madison Avenue, New York, NY 10022, Attn.: Sean Costello (scostello@jefferies.com), Jeffrey Finger (jfinger@jefferies.com), Ryan Hamilton (rhamilton@jefferies.com), Kelly Pasekoff (kpasekoff@jefferies.com), and Kevin Lisanti (klisanti@jefferies.com), and (d) the Debtors' restructuring advisors, Silverman Consulting, One North Wacker Drive, Suite 3925, Chicago, IL 60606, Attn.: Scott Kohler (skohler@silvermanconsulting.net) and Constadinos Tsitsis (ctsitsis@silvermanconsulting.net).

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall file a notice identifying the Successful Bidder with the Court **promptly following the conclusion of the Auction (if required)** and serve such notice upon parties in interest. As specified in the First Modification Notice, the Auction, if required, will be conducted on September 27, 2023 starting at 10:30 a.m. (prevailing Eastern Time). The deadline for objecting to the assignment of the Potentially Assumed Agreements to such Successful Bidder on the basis of adequate assurance of future performance ("**Adequate Assurance Objections**") shall be **October 11, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Adequate Assurance Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that, unless a Cure Objection is timely and properly filed and served before the Cure Objection Deadline or an Adequate Assurance Objection is timely raised before the Adequate Assurance Objection Deadline, the non-Debtor party to the Effected Potentially Assumed Agreement shall (a) be forever barred from objecting to the Amended Cure Amount and from asserting any additional cure or other amounts with respect to such Effected Potentially Assumed Agreement, and the Debtors and the Successful Bidder(s) shall be entitled to rely solely upon the Amended Cure Amount; (b) be deemed to have consented to any assumption and assignment of such Effected Potentially Assumed Agreement; and (c) be forever barred and estopped from asserting or claiming against the Debtors or the Successful

Bidder(s) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Effected Potentially Assumed Agreement or that there is any objection or defense to the assumption and assignment of such Effected Potentially Assumed Agreement. In addition, the proposed Amended Cure Amount set forth above shall be binding upon the non-Debtor parties to the Effected Potentially Assumed Agreements for all purposes in the Chapter 11 Cases and will constitute a final determination of the Amended Cure Amounts required to be paid by the Debtors in connection with any assumption and assignment of the Effected Potentially Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that, where the non-Debtor counterparty to the Effected Potentially Assumed Agreement timely and properly files an objection asserting a cure amount higher or different than the proposed Amended Cure Amount (the "**Disputed Cure Amount**"), then (a) the cure amount shall be as agreed between the parties or (b) to the extent the parties are unable to consensually resolve the dispute, then such objection will be adjudicated at the Sale Hearing or at such other date and time as may be determined by the Debtors or fixed by the Court. All other objections to the proposed assumption and assignment of the Effected Potentially Assumed Agreement will likewise be heard at the Sale Hearing, unless adjourned by agreement of the parties.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Amended Cure Amount indicated above, and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' decision to assume and assign the Effected Potentially Assumed Agreement and the Potentially Assumed Agreements identified in the Original Cure Notice is subject to Court approval and consummation of the sale of the Assets.

**PLEASE TAKE FURTHER NOTICE that inclusion of any document on the list of Potentially Assumed Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder(s) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are being expressly reserved.**

<table>
<tr><td>

Dated: September 27, 2023

Respectfully submitted,

*/s/ Amanda R. Steele*

**RICHARDS, LAYTON & FINGER, P.A.**

Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
Jason M. Madron (No. 4431)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
gross@rlf.com
defranceschi@rlf.com
heath@rlf.com
steele@rlf.com
madron@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

</td><td>

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and Debtors-in-Possession*

</td></tr>
</table>