IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831-MFW |
| | (Jointly Administered) |
| Debtors. | Re: D.I. 437 |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC
STAY, TO THE EXTENT APPLICABLE, TO PERMIT PAYMENT,
REIMBURSEMENT AND/OR ADVANCEMENT OF DEFENSE COSTS AND FEES
AND RELATED EXPENSES TO EDWARD HIGHTOWER AND ADAM KROLL
UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES**

Upon the motion (the "**Motion**")[2] of Edward Hightower and Adam Kroll for the entry of an order granting relief from the automatic stay, to the extent such stay applies, to permit the Insurers to advance and pay proceeds, including covered defense costs, of Debtors' directors and officers liability insurance policies to or on behalf of Messrs. Hightower and Kroll, and to enter into settlements (subject to the district court's approval) ("**Covered Costs**") on behalf of Messrs. Hightower and Kroll in the Securities Litigation; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation ("LMC") (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. To the extent applicable, the automatic stay is modified solely to the extent necessary to permit and authorize the Insurers to make payments to or for the benefit of Messrs. Hightower and Kroll, for the reimbursement and payment of Covered Costs incurred in connection with the Securities Litigation, under and in accordance with the terms of the D&O Policies.

3. The payments contemplated in this Order may include both Covered Costs that remain outstanding as a result of the Debtors' Chapter 11 bankruptcy filings, as well as Covered Costs that have and may continue to be incurred by Messrs. Hightower and Kroll unless or until the Covered Costs no longer qualify as covered Losses under the terms of the D&O Policies.

4. Nothing in this Order shall modify or alter the terms of the D&O Policies or the parties' contractual rights and obligations thereunder.

5. Nothing in this Order shall preclude Messrs. Hightower and Kroll from, at any time, by motion or further stipulation, seeking further access to other insurance policies, nor shall the Debtors or official committee of unsecured creditors be precluded from opposing such request.

6. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

Dated: October 2nd, 2023　　　　　　　　　　　MARY F. WALRATH
Wilmington, Delaware　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE