# EXHIBIT A

## Revised Order

16333035/1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 435** |

**ORDER GRANTING MOTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ENTRY OF AN ORDER PERMITTING SECURITIES TRADING UPON ESTABLISHMENT OF A SCREENING WALL**

Upon the motion (the "Motion")[2] of the Equity Committee appointed in the Debtors' Chapter 11 cases[2], for entry of an Order pursuant to section 105(a) of the Bankruptcy Code, approving specified information-blocking procedures and permitting Committee Members to trade upon the establishment and implementation of a Screening Wall and in accordance with the terms and conditions of this Order; and due and proper notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED**:

1. The Motion is **GRANTED** as set forth herein.

2. The term "Securities" shall have the same meaning given to the term in Section 2(a)(1) of the Securities Act of 1933 and includes the following: stocks; notes; debentures; and participations in, or derivatives based upon or relating to, any of the Debtors' debt obligations (other than debts for goods, services or taxes) or equity interests.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] The Equity Committee consists of Crestline Management, L.P. ("Crestline"), Pertento Partners LLP ("Pertento") and Esopus Creek Value Series Fund LP – Series "A" ("Esopus"). Only Crestline and Pertento are seeking the flexibility of the relief requested in the Motion. Committee Member Esopus does not intend to trade in the securities issued by the Debtors while serving as a Committee Member.

16336257/1

3. The term "Stock" means the shares of Class A Common Stock that were issued prepetition and traded on the NASDAQ Global Stock Market under the symbol "RIDE" (or was delisted therefrom) ("Stock") by the Debtor Lordstown Motors Corp. or LMC (formerly known as DiamondPeak Holdings Corp.).

4. The terms "Trade[s]," "Traded" or "Trading" refers to any purchase, sale, or other transaction involving solely the Securities, and shall not refer to any purchase, sale, or other transaction involving any other claim or interest respecting the Debtors that are not the Securities.

5. The term "Committee Personnel" means the person or persons designated by a Committee Member to represent such Committee Member on the Equity Committee, any employee of such Committee Member who engages in or who assists others in the performance of Committee-related activities on behalf of the Committee Member, whether directly or indirectly, and any employee of such Committee Member who receives Committee Information (as defined herein).

6. The term "Screening Wall Entity" means any Committee Member or its "affiliate[s]" (as such term is defined in 11 U.S.C. § 101(5)) that engages in Trading in the Securities as a regular part of its business.

7. To the extent that a Screening Wall Entity Trades in the Securities during the pendency of this case, and provided that such Screening Wall Entity and the applicable Committee Member comply with the provisions of this Order with respect to any Trading in the Securities, then such Committee Member, acting in any capacity, shall not violate and shall not be deemed to have violated its fiduciary duties as a Committee Member on the basis that a Screening Wall Entity has Traded in the Securities; provided, however, such Screening Wall Entity establishes, effectively implements, and strictly adheres to the policies and

2

procedures set forth herein, including the Screening Wall, to prevent the Screening Wall Entity's trading personnel from directly or indirectly accessing or otherwise using non-public information generated or obtained through Committee Personnel's performance of Equity Committee-related activities (such information, "Committee Information") and to prevent Committee Personnel from receiving information regarding such Screening Wall Entity's Trading in the Securities in advance of such Trades. Provided that a Committee Member and any Screening Wall Entity comply with this Order, then the Trading of any Securities during the pendency of these cases by such Committee Member or Screening Wall Entity shall not subject such Committee Members' Stock holdings to possible disallowance, subordination, or other adverse treatment. Except as expressly set forth herein, the rights of all parties in interest, including the right to seek any relief in these cases and any defenses thereto, are fully reserved.

8. The Screening Wall procedures contained herein are authorized to be employed solely by a Screening Wall Entity who engages in Trading of the Securities. If a Screening Wall Entity wishes to Trade in the Securities, it shall adhere to the following information-blocking procedures:

   i. The Screening Wall Entity shall cause all Committee Personnel to execute a letter, substantially in the form attached as **Exhibit B** to the Motion, acknowledging that the Committee Personnel (a) may receive Committee Information, (b) are aware of, and agree to comply with, the Screening Wall procedures that are in effect with respect to Trading in the Securities, and agree to comply with any Court order regarding the Screening Wall procedures, and (c) will immediately inform Committee counsel, counsel for the Debtors, and the United States Trustee in writing if such procedures are materially breached, and each Screening Wall Entity shall provide a copy of any such letter executed by its Committee Personnel to counsel for the Debtors and the United States Trustee.

   ii. Prior to a Screening Wall Entity engaging in any Trades compliant with this Order, a Committee Member must be able to verify, by means of a sworn or verified declaration filed with the Court and served on counsel for the Debtors and the United States Trustee, a document containing the following: (a) the declarant's position with the Committee Member; (b) a statement that the declarant has personal knowledge of the Committee Member's or Screening

3

> Wall Entity's business; (c) a description of the nature of the Committee Member's or Screening Wall Entity's business; (d) a description of its organizational structure and the number of employees in each division; (e) identification of the Screening Wall Entities; and (f) a verification that the Committee Member and any Screening Wall Entities have established and will comply with the Screening Wall procedures and any Court order regarding the Screening Wall procedures.

iii. Committee Personnel will not directly or indirectly share Committee Information with any employees, representatives, or agents of a Screening Wall Entity who are not Committee Personnel, including Committee Member's investment advisory personnel, and Committee Member shall use good faith efforts not to share any material information concerning the Debtors' chapter 11 cases with any Committee Member employee reasonably known to be engaged in trading activities with respect to the Securities on behalf of Committee Member and/or its clients, provided that a good faith communication of publicly available information shall not be presumed to be a breach of the obligations of Committee Member or any Committee Personnel hereunder (including through electronic means), except

  a. senior management of such Screening Wall Entity who, due to their duties and responsibilities, have a legitimate and non-trading related need to know such Committee Information, provided that such individuals (1) otherwise comply with the Screening Wall and Screening Wall procedures, and (2) use such Committee Information only in connection with their and non-trading related senior managerial responsibilities, and

  b. regulators, auditors, and designated legal or compliance personnel for the purpose of rendering and non-trading related professional advice to Committee Personnel; provided, however, that such personnel will not share Committee Information with other employees who are not Committee Personnel, and will maintain such Committee Information in files inaccessible to other employees

iv. Committee Personnel will keep Committee Information in files (including electronic files) inaccessible to Screening Wall Entity employees who are not Committee Personnel; provided, however, that a Screening Wall Entity's information-technology employees are permitted to have access to Committee Information in the ordinary course; provided, further, that such persons will not directly or indirectly use or share Committee Information with other employees who are not otherwise permitted to receive such information. Further, Committee Personnel will not occupy the same office space as a Screening Wall Entity and will not discuss, send, or receive Committee Information by phone, facsimile lines, or other medium of electronic messaging that is available for use by other employees of a Screening Wall Entity.

v. The applicable Committee Member will (a) provide to counsel for the Debtors and the United States Trustee an initial certification of the amount of Stock, in United States Dollars, held by each applicable Screening Wall Entity, and (b) update this information through quarterly reports submitted to the Debtors and the U.S. Trustee. Such quarterly reports shall also include a verification from the Committee Member of its continued compliance with the terms of this Order and the Screening Wall procedures set forth herein. Committee Member shall immediately disclose to Committee counsel and the United States Trustee any material breaches of the terms of this Order and/or the Screening Wall procedures set forth herein.

vi. Committee Personnel will receive no information regarding a Screening Wall Entity's Trades in the Securities in advance of such Trades, except that Committee Personnel may receive the usual and customary internal reports in the ordinary course of business and/or public reports showing information included in the ordinary course of the Committee Member's business, which may include the Screening Wall Entity's purchases and sales and the amount and Securities owned by such Screening Wall Entity or its clients, to the extent that such Committee Personnel would otherwise receive such reports in the ordinary course of business and such reports are not specifically prepared with respect to the Debtors.

vii. The Screening Wall Entity's compliance department personnel or internal counsel shall periodically review the Screening Wall Entity's Trades to determine if there is any reason to believe that such Trades were not made in compliance with this Order and shall keep records of such review. A Committee Member shall immediately disclose to Committee counsel, the United States Trustee, and counsel to the Debtors in writing any material breaches of this Order or the Screening Wall procedures.

viii. Committee Member shall take all steps necessary to restrict the exchange of Information through electronic means between Committee Personnel and all other Committee Member employees in a manner consistent with the foregoing procedures, which shall be monitored by Committee Member's compliance personnel.

ix. To the extent that any Committee Member or Screening Wall Entity Trades in the Securities in violation of this Order, the rights of all parties in interest are fully reserved. Without limiting the foregoing, this Order shall not preclude the Court or any party in interest, including the Debtors and the United States Trustee, from taking appropriate action (including the U.S. Trustee's removal of a Committee Member from the Committee) in response to (i) any alleged breach of fiduciary duty by a Committee Member or (ii) a Committee Member's failure to comply with the terms of this Order and the Screening Wall procedures set forth herein. Further, the rights of the United States Trustee or any party in interest to seek a determination from this Court as to whether a Committee Member should be

5

        permitted to trade under this Order (based upon information disclosed in the declaration described in paragraph 8 of this Order or otherwise) are fully reserved.

    x.    Committee Member shall disclose to the Office of the United States Trustee in writing any decrease in dollar amount of the Securities held by Committee Member or its clients in Committee Member accounts, which results in such holdings being less than one-third of the aggregate holdings of Committee Member and its clients in Committee Member accounts as of the date of Committee Member's appointment to the Committee, within five business days of such decrease.

9.    Before engaging in Trades, a Committee Member seeking the protection of this Order must be able to verify the following by means of a sworn or verified declaration filed with the Bankruptcy Court and served on counsel for the Debtors, the Committee, and the United States Trustee:

(a) The declarant's position with the Committee Member and that the declarant has personal knowledge of the Committee member's business;

(b) The nature of the Committee Member's business, its organizational structure and the number of employees in each division;

(c) That the Committee Member has established and will comply with the information-blocking procedures described in paragraph 8 of this Order; and

(d) That the Committee Member has disclosed the identity of the Committee Personnel and that each current/prospective employee who is Committee Personnel will execute and file a separate declaration with the Court affirming his or her intention to comply with the blocking procedures.

10.    Nothing in the Motion or this Order authorizes any Committee Member to hold the Debtors' debt obligations and/or to trade in the Debtors' debt obligations for such Committee Member's own account.

11.    Nothing set forth in the Motion or this Order shall constitute an admission by

any party or finding by this Court that the Securities or the Debtors' debt obligations constitute "securities" for the purpose of the securities laws. Further, nothing set forth in the Motion or this Order shall limit or otherwise affect the application of federal or state non-bankruptcy laws, including securities laws, to Committee Members, Committee Personnel, and/or Trades.

12. Any entity bound by this Order shall not Trade in the Securities except in compliance with this Order.

13. This Court retains jurisdiction to interpret and enforce the terms of this Order.

16336257/1