IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: October 18, 2023 at 10:30 a.m.<br>Objection Deadline: October 11, 2023 at 4:00 p.m. |

### DEBTORS' MOTION TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT VOTES ON A CHAPTER 11 PLAN

Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales, LLC (collectively, the "**Debtors**"), by and through their undersigned counsel, submit this motion (the "**Motion**"), pursuant to section 1121(d) of the Bankruptcy Code, seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Debtors' exclusive right to file a chapter 11 plan by 98 days, through and including January 31, 2024 (the "**Filing Exclusivity Period**"), and solicit votes thereon by 36 days, through and including January 31, 2024 (the "**Solicitation Exclusivity Period**" and together with the Filing Exclusivity Period, the "**Exclusivity Periods**"). In support of this Motion, the Debtors respectfully state as follows:

### RELIEF REQUESTED

1.      The Debtors request entry of the Proposed Order, substantially in the form attached as **Exhibit A**, extending the Filing Exclusivity Period by 98 days through and including

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

January 31, 2024, and the Solicitation Exclusivity Period by 36 days through and including January 31, 2024.[2]

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Motion are section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9006 of the Federal Rules of Bankruptcy Rules (the "**Bankruptcy Rules**"), and Local Rule 9006-2.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured

---

[2] Pursuant to rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the filing of this Motion prior to the expiration of the current Filing Exclusivity Period automatically extends such deadline until such time as the Court rules on this Motion.

creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 99]. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 375]. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in forth in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions.* [D.I. 15].

## BASIS FOR RELIEF REQUESTED[3]

7. In light of the fact that the Debtors filed the Proposed Plan within 120 days of the Petition Date, this Motion is being filed out of an abundance of caution to ensure that the status quo is preserved in these Chapter 11 Cases pending the Court's consideration of the Proposed Disclosure Statement and Proposed Plan. Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005). But for the filing of the Proposed Plan by the Debtors, the Filing Exclusivity Period and the Solicitation Exclusivity Period would have expired on October 25, 2023, and December 26, 2023, respectively, absent further order of the Court. Here, however, given that the Debtors filed the Proposed Plan within 120 days of the Petition Date, under section 1121(c)(2) of the Bankruptcy Code, absent an order of the Court, no

---

[3] Capitalized terms used, but not otherwise defined, in this section shall have the same meanings given to them elsewhere in this Motion.

other party-in-interest can file a competing plan in these Chapter 11 Cases at this time. Nonetheless, the Debtors seek approval of this Motion out of an abundance of caution.

8. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period." 11 U.S.C. § 1121(d)(1). Although the term "cause" is not defined in the Bankruptcy Code, such term should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 236 (1977); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings." (citation omitted)). Thus, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

9. Courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan, and thus whether there is "cause" for extension of the Exclusivity Periods. These factors include the following:

(a) the size and complexity of the case;

(b) the existence of good faith progress;

(c) the necessity of sufficient time to negotiate and prepare adequate information;

(d) whether creditors are prejudiced by the extension;

    (e)    whether the debtor is paying its debts as they become due;

    (f)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (g)    whether the debtor has made progress negotiating with creditors;

    (h)    the length of time a case had been pending;

    (i)    whether the debtor is seeking an extension to pressure creditors; and

    (j)    whether unresolved contingencies exist.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended).

    10.    Not all of the above factors are relevant to every case, and courts may consider the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity).

**A.    Good Faith Progress Made in these Chapter 11 Cases**

    11.    The Debtors and their advisors have spent the past few months stabilizing the Debtors and pursuing a value maximizing outcome for their estates, creditors, and stakeholders. This included the filing of numerous "first day" and "second day" motions that were necessary to facilitate a smooth transition into chapter 11, all of which have been approved by the Court on a

final basis. The Debtors also spent significant time preparing and timely filing their schedules of assets and liabilities and statements of financial affairs [D.I. 210, 211, 212, 213, 214, 215, 216, 217], amending their schedules of assets and liabilities and statements of financial affairs [D.I. 377, 378, 379, 380, 381, 382, 383, 384, 385], filing a motion establishing deadlines and procedures for filing proofs of claim in these chapter 11 cases [D.I. 228], and obtaining entry of a bar date order [D.I. 317]. Furthermore, the Debtors have spent considerable time working with both the Creditors' Committee and the Equity Committee to keep them informed and, so far as possible, collaboratively address the issues of these Chapter 11 Cases.

12. The Debtors have also had to devote substantial amount of time and resources to defend against pending litigations. Notably, the Debtors successfully defended against the motion to dismiss these Chapter 11 Cases by Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, "**Foxconn**"). The Debtors also defended against the motion for relief from the automatic stay by Karma Automotive LLC ("**Karma**"), and subsequently negotiated and settled Karma's over $900 million litigation-related claim against the estates.

13. Additionally, the Debtors are in the midst of a sale process for the sale of certain of their assets in a value-maximizing manner in accordance with this Court's *Order (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief*, entered August 8, 2023 [D.I. 237] (the "**Bidding Procedures Order**"). The marketing process and negotiations with potential bidders required material attention from the Debtors' management and professionals. On September 29, 2023, the culmination of the Debtors' efforts resulted in the

Debtors naming LAS Capital LLC, a Delaware limited company ("**LAS Capital**") as the Successful Bidder (as such term is defined in the Bidding Procedures Order), subject to Court approval. *See Notice of (I) Selection of Successful Bidder, (II) Cancellation of Auction, and (III) Sale Hearing* [D.I. 488]. The Court is scheduled to consider approval of the sale to LAS Capital on October 18, 2023.

14. Furthermore, the Debtors have filed the *Joint Chapter 11 Plan of Lordstown Motors Corp., and its Affiliated Debtors* [D.I. 360] (the "**Proposed Plan**") and *Disclosure Statement Pursuant to 11 U.S.C. § 1125 With Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors* [D.I. 361] (the "**Proposed Disclosure Statement**"), and are in continuing discussions with the Creditors' Committee and Equity Committee with respect thereto. Accordingly, the Debtors submit that their demonstrated progress in these Chapter 11 Cases to date supports the extension of the Exclusivity Periods.

**B.     The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information**

15. The Debtors and their professionals have focused much of their time, energy, and resources on smoothly transitioning into chapter 11 and expeditiously advancing a chapter 11 plan process to bring these Chapter 11 Cases to a prompt and value-maximizing conclusion. The Debtors believe that, in light of the progress made in these Chapter 11 Cases, including, without limitation, filing the Proposed Plan and Proposed Disclosure Statement, it is reasonable to request an extension of the Exclusivity Periods to maintain the status quo while the Debtors work to achieve approval of the Proposed Disclosure Statement and confirmation of the Proposed Plan. Indeed, a hearing to consider approval of the Proposed Disclosure Statement is scheduled to take place on October 18, 2023. If the Court approves the Proposed Disclosure Statement, the Debtors anticipate promptly moving forward with the solicitation process and

seeking timely confirmation of the Proposed Plan. Granting the requested extensions will facilitate the Debtors' efforts by providing the Debtors with a full and fair opportunity to solicit the Proposed Plan without the distraction of competing plans. *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the Debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan. It was intended that . . . a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests." (citation and internal quotation marks omitted)). Accordingly, the Debtors submit that this factor supports the relief requested.

**C.     The Extension Sought Will Advance the Cases and Will Not Prejudice Creditors**

16.     Granting the requested extension of the Exclusivity Periods will not prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. Accordingly, the Debtors submit that the extension is warranted and appropriate under the circumstances.

**D.     The Debtors Are Paying Their Debts as They Come Due**

17.     The Debtors continue to make timely payments on their undisputed postpetition obligations. As such, this factor weighs in favor of allowing the Debtors to extend the Exclusivity Periods.

**E.     These Cases Are A Little More Than Three Months Old**

18.     The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes shortly after three months following the Petition Date. During these few months, as discussed above, the Debtors have worked diligently to accomplish numerous milestones, including running a value-maximizing sale process for their assets and filing

a Proposed Plan and Proposed Disclosure Statement following extensive negotiations with key stakeholders in these Chapter 11 Cases.  The Debtors thus submit that the short time that these Chapter 11 Cases have been pending weighs in favor of allowing the Debtors to extend the Exclusivity Periods.

**F.      Termination of the Debtors' Exclusivity Periods Would Adversely Impact These Cases**

19.      Termination of the Debtors' Exclusivity Periods would adversely impact the Debtors' efforts to preserve and maximize the value of their estates and the progress of these Chapter 11 Cases.  If this Court were to deny the Debtors' request for an extension of the Exclusivity Periods, any party in interest would be free to propose a competing chapter 11 plan for the Debtors.  Such a ruling would cause substantial, if not irreparable, harm to the Debtors' efforts to preserve and maximize the value of their estates.

20.      An extension of the Exclusivity Periods will provide the Debtors with adequate time to complete their restructuring initiatives while these Chapter 11 Cases are administered as efficiently as possible for the benefit of the Debtors' stakeholders and other parties-in-interest.  The Debtors thus submit that sufficient cause exists to extend the Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code.

## NOTICE

21.      Notice of this Motion shall be provided to the following parties, or, in lieu thereof, their counsel:  (i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Creditors' Committee, (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; (x) any party affected by this

Motion; and (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

22. The Debtors submit that no other or further notice is necessary under the circumstances.

23. The Debtors have not made any prior motion for the relief sought in this motion to this Court or any other.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached as **Exhibit A**, extending the Debtors' Exclusivity Periods, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and granting such further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: October 4, 2023<br><br>Respectfully submitted,<br><br>    */s/ Jason M. Madron*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Kevin Gross (No. 209)<br>Daniel J. DeFranceschi (No. 2732)<br>Paul N. Heath (No. 3704)<br>Amanda R. Steele (No. 5530)<br>Jason M. Madron (No. 4431)<br>James F. McCauley (No. 6991)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>gross@rlf.com<br>defranceschi@rlf.com<br>heath@rlf.com<br>steele@rlf.com<br>madron@rlf.com<br>mccauley@rlf.com<br><br>*Proposed Co-Counsel to Debtors and Debtors in Possession* | **WHITE & CASE LLP**<br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Co-Counsel to Debtors and Debtors in Possession* |