# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.,*[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 280, 418** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF APPLIED MEDICAL RESOURCES CORPORATION TO DEBTORS' NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS

Applied Medical Resources Corporation, a California corporation ("Landlord"), hereby files this limited objection and reservation of rights (the "Objection") to the Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Lease and Cure Amounts ("Notice") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") on August 21, 2023, as Docket No. 280. In support of this Objection, Landlord respectfully represents as follows:

**I.      Background Facts**

1.      On June 27, 2023, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their financial affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.      Pursuant to that certain unexpired lease titled Standard Industrial/Commercial Single-Tenant Lease – Net dated October 22, 2020, Debtor Lordstown Motors Corp., leases

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 2700 Hills Tech Ct., Farmington Hills, MI 48331.

commercial space located at 9451 Toledo Way, Irvine, California from the Landlord (the "Lease").

3. On August 8, 2023, the Court entered an order, Docket No. 237, approving bidding and auction procedures (the "Bidding Procedures Order") in connection with a sale of Debtors' assets to the highest or best qualified bidder ("Successful Bidder"). The Bidding Procedures Order provided that a schedule attached to the Notice would identify certain executory contracts and unexpired leases that may be assumed or assigned by the Debtors in connection with the proposed sale, along with the amounts that must be paid to cure any existing defaults under any such executory contracts or unexpired leases.

4. The Notice was filed and served by Debtors on August 21, 2023, as Docket No. 280. The Notice identifies the Lease as one of the certain unexpired leases that may be assumed or assigned by the Debtors in connection with the pending sale. Debtors and the Successful Bidder retain the right to revise the executory contracts and unexpired leases to be designated for assumption and assignment up until three days prior to the closing of the sale.

5. On September 12, 2023, Debtors filed and served their Notice of Certain Modified Dates and Deadlines in Connection with Sale Process, as Docket No. 418, informing interested parties of certain dates and deadlines related to the sale process, including the date by which to object to the Notice on adequate assurance of future performance grounds.

6. On September 29, 2023, Debtors filed their Notice of (I) Selection of Successful Bidder, (II) Cancellation of Auction, and (III) Sale Hearing, as Docket No. 488, whereby, among other things, Debtors notified interested parties of its selection of the Successful Bidder.

7. To the extent the Debtors intend to assume and assign the Lease to the Successful Bidder, Landlord submits the following Limited Objection and Reservation of Rights as follows.

## II.     Limited Objection

8.    As a preliminary matter, Landlord does not generally object to the sale of Debtor's assets. Moreover, Landlord does not necessarily object to any proposed assumption and assignment of the Lease provided that Debtors and/or the Successful Bidder comply with the requirements of Section 365 of the Bankruptcy Code. However, in the absence of such compliance and in an abundance of caution, Landlord files this instant Objection.

**Objection in the Absence of Evidence of Adequate Assurance**

9.    11 U.S.C. § 365 provides, in relevant part, that an unexpired lease may not be assumed unless the trustee or debtor-in-possession provides adequate assurance of future performance under such lease. 11 U.S.C. 365(b)(1)(C).

10.    "Adequate assurance provides the non-debtor party with needed protection because assignment relieves the debtor and the bankruptcy estate from liability for breaches that occur after the assignment. Determining whether an assignee has provided adequate assurance is a fact-based inquiry that focuses on the specific facts of the proposed assignment." *In re Fleming Cos.*, 2004 Bankr. LEXIS 198, at *5 (Bankr. D. Del. 2004). Although "no single solution will satisfy every case" and "the required assurance will fall considerably short of an absolute guarantee of performance," *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3rd Cir. 2001), the debtor-in-possession still carries a burden to provide "evidence satisfactory to the Court that the proposed assignee possesses the financial wherewithal to perform all of the obligations under the agreement at issue." *In re RS Legacy Corp.*, 2015 Bankr. LEXIS 2206, at *2 (Bankr. D. Del. 2015) (where a debtor's request to assume and assign the lease was denied because unaudited financials and projections were insufficient to satisfy the statutory requirement to provide adequate assurance of future performance under the lease pursuant to 11 U.S.C. § 365(b)(1)(C)).

11. Information from which the Landlord may ascertain adequate assurance of future performance has not been provided to Landlord. Accordingly, and until such time that information is provided from which the Landlord may evaluate the financial condition of the Successful Bidder against the obligations of the Lease, including but not limited to operating performance and revenue projections of the Successful Bidder, and in an abundance of caution, the Landlord hereby objects to the assumption and assignment of the Lease.

**Assumption and Amendment Agreement**

12. Landlord also requests that, as a condition to any order approving assumption and assignment of the Lease, the assignee shall be required to enter into a short form Assumption and Amendment Agreement whereby the assignee shall become directly obligated to Landlord and the provisions of the Lease regarding notice addresses will be modified.

WHEREFORE, Landlord respectfully requests that the Court enter an order consistent with the foregoing objections, and for such other and further relief as may be just and proper under all of the circumstances.

[Signature Page Follows]

Dated: October 5, 2023
Wilmington, Delaware

**AUSTRIA LEGAL, LLC**

*/s/ Matthew P. Austria*
Matthew P. Austria (DE # 4827)
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Facsimile: (302) 291-1722
Email: maustria@austriallc.com

-and-

**SNELL & WILMER L.L.P.**
Andrew B. Still
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
Email: astill@swlaw.com

*Counsel for Applied Medical Resources Corporation*