## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-10831 (MFW) |
| Lordstown Motors Corp., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Re: D.I. 494** |

### DEBTORS' OBJECTION TO MOTION OF RAHUL SINGH
### FOR RELIEF TO DEFRAUDED SHAREHOLDERS

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby respectfully submit this objection (this "**Objection**") to the *Motion of Rahul Singh for Relief to Defrauded Shareholders* [D.I. 494] (the "**Singh Motion**"). In support of this objection, the Debtors respectfully state as follows:

### FACTUAL BACKGROUND

**A.     General Background**

1.     On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

Code.  [D.I. 99].  On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code.  [D.I. 375].  No trustee or examiner has been appointed in these Chapter 11 Cases.

2.     Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 15] (the "**First Day Declaration**").

**B.     The Plan and Disclosure Statement**

3.     On September 1, 2023, the Debtors filed the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 360] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") and the proposed *Disclosure Statement for the Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Debtor Affiliates* [D.I. 361] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").

4.     On September 22, 2023, the Debtors filed the *Motion for Entry of an Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms Of Ballots, (IV) Approving Form, Manner, and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 467] (the "**Solicitation Procedures Motion**") pursuant to which the Debtors requested, among other things, (i) approval of the Disclosure Statement as containing

125342949

"adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code, and (ii) approval of certain solicitation procedures for the Plan.

**C.     The Singh Motion**

5.      On August 3, 2023 Raul Singh ("**Mr. Singh**") and certain members of his family filed the following proofs of claim in the Debtors' Chapter 11 Cases (collectively, the "**Singh Claims**"): (i) claim number 8, filed by Mr. Singh as a general unsecured claim in the amount of $81,444.72, (ii) claim number 9, filed by Mr. Singh as a general unsecured claim in the amount of $152,118.81, (iii) claim number 10, filed by Pravesh Singh as a general unsecured claim in the amount of $492,105.43, and (iv) claim number 11, filed by Renu Singh as a general unsecured claim in the amount of $364,739.60.[2]  The Singh Claims were filed as general unsecured claims, however, upon information and belief, they are entirely based on the purchase and ownership of equity in the Debtor entities and therefore should be correctly classified as either equity interests or claims subject to subordination under section 510(b) of the Bankruptcy Code (which have the same priority as equity).

6.      On September 27, 2023, Mr. Singh filed the Singh Motion.[3]  Pursuant to the Singh Motion, Mr. Singh requests that the Court enter an order compelling the Debtors to pay the Singh Claims in full immediately.

---

[2]      The description of the Singh Claims herein do not constitute admissions with respect to their merits, amounts, classifications, or otherwise.  The Debtors reserve all rights and objections with respect to each of the Singh Claims.

[3]      Mr. Singh initially filed a motion on September 5, 2023 [Docket No. 370]. However, on September 6, 2021, the Court notified Mr. Singh that his initial motion was not in compliance with the Local Rules. *See* Docket No. 371.  Mr. Singh subsequently filed the Singh Motion in an apparent effort to remedy the deficiencies with his initial filing.

125342949

**ARGUMENT**

A.      **The Singh Motion Seeks to Avoid the Explicit and Inherent Protections of the Bankruptcy Process.**

7.      The Bankruptcy Code provides for an automatic stay of litigation and other collection efforts. *See* 11 U.S.C. 362.  Specifically, the automatic stay is a key component of the bankruptcy process that provides breathing room to a debtor so that it can formulate an appropriate plan for distributions to creditors and interest holders (as applicable).  *See In re Linear Elec. Co., Inc.*, 852 F.3d 313, 323 (3d Cir. 2017).  The stay further ensures that creditors and stakeholders will be treated fairly and in an orderly fashion.  It provides protection from "one creditor from obtaining payment of its claims to the detriment of others."  *In re VistaCare Grp., LLC*, 678 F.3d 218, 231 (3d Cir. 2012).

8.      The Singh Motion essentially asks this Court to disregard these safeguards. Granting the Motion as requested would create just the "race to the courthouse" scenario that the automatic stay and Bankruptcy Code were designed to prevent.  Moreover, as set forth above, the Debtors have proposed a Plan and Disclosure Statement which will provide appropriate – and importantly, fair – treatment for all prepetition creditors and interest holders.  Approval of the Singh Motion would undermine the Debtors efforts to propose and confirm the Plan to the detriment of other creditors and stakeholders and accordingly, should be denied.

B.      **Approval of the Singh Motion Would Create a Violation of the Absolute Priority Rule.**

9.      "The Bankruptcy Code creates a hierarchy of claims enforced by adherence to what is referred to as the 'absolute priority rule,' and codified as part of the 'fair and equitable requirement of 11 U.S.C. § 1129.'" *In re TSIC, Inc.*, 393 B.R. 71, 75 (Bankr. D. Del. 2008). Specifically, the absolute priority rule "commands that senior creditors must be satisfied in full

125342949

before junior creditors can receive a distribution of estate property." *In re Distributed Energy Sys. Corp.*, No. 08-11101KG, 2009 WL 1458175, at *4 (Bankr. D. Del. May 18, 2009). Here, Mr. Singh requests that the Court order immediate payment of the Singh Claims before all other claims, including secured, administrative, priority, and general unsecured claims – all of which are ahead in priority of equity claims like Mr. Singh's. In fact, the Singh Motion requests that this Court violate the absolute priority rule in granting the Motion.

10.     As set forth in the Disclosure Statement, the purpose of the Debtors' Plan is to "maximize recoveries to the Debtors' creditors and equity holders" and to provide for a "fair allocation of the Debtors' Assets." Disclosure Statement Art. IV.A.  To that end, the Plan "divides claims and equity interests into separate classes" and "specifies the consideration that each class is to receive under the Plan" *Id.*  As indicated in the Disclosure Statement, the Court will confirm the Plan "only if all of the requirements of section 1129 of the Bankruptcy Code are met." *Id.* at Art. IX.  Accordingly, the Plan will provide for payment to the Debtors' creditors and interest holders in accordance with the absolute priority rule.

11.     In contrast, by requesting immediate payment of the Singh Claims, Mr. Singh attempts to circumvent section 1129 of the Bankruptcy Code, which requires payment to priority, secured and administrative claims in full, prior to distributions being made to unsecured creditors and equity interest holders. Moreover, Mr. Singh will not be unfairly prejudiced by the denial of the relief requested in the Singh Motion. As an initial matter, to the extent Mr. Singh believes the Plan's treatment of his claims does not comply with the Bankruptcy Code or the applicable rules, Mr. Singh may file an objection to the confirmation or vote to reject the Plan.  In addition to having the ability to protect his own rights through these mechanisms, the rights of equity

125342949

holders like Mr. Singh have been afforded additional protection in these Chapter 11 Cases due to the appointment of the Equity Committee.

12.    In conclusion, immediate payment of the Singh Claims would circumvent the automatic stay and other bankruptcy protections, provide a distribution that would violate the Bankruptcy Code's absolute priority rule, and would negatively impact other creditors and stakeholders.

## **RESERVATION OF RIGHTS**

13.    Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, validity, or priority of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Singh Motion.

125342949

Dated: October 11, 2023

Respectfully submitted,

/s/ Morgan L. Patterson
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Co-Counsel to Debtors and
Debtors-in-Possession*

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

125342949

WBD (US) 4884-3895-3093v3