IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 87, 175** |

**SECOND DECLARATION OF DAVID M. TURETSKY IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS ATTORNEYS FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, David M. Turetsky, hereby declare under penalty of perjury that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am a partner of the firm of White & Case LLP ("**White & Case**" or the "**Firm**"), an international law firm, which maintains offices for the practice of law at, among other locations, 1221 Avenue of the Americas, New York, NY 10020. I am a member in good standing of the Bar of the State of New York and I have been admitted to practice in New York. There are no disciplinary proceedings pending against me.

2. I submit this second declaration (the "**Second Declaration**") pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1, 2016 and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), along with the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

Southern District of New York (the "**Local Rules**") in support of the application [D.I. 87] (the "**Application**") of the debtors and debtors in possession in these proceedings (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order authorizing the Debtors to retain and employ White & Case LLP as attorneys to the Debtors, effective as of the Petition Date.  On July 25, 2023, the Court entered an order granting the Application [D.I. 175] (the "**Retention Order**").  My first declaration in support of the Application was attached to the Application as **Exhibit B** [D.I. 87-3] (the "**First Declaration**").[2]

3.     To the extent that White & Case determines that any information disclosed herein requires amendment or modification upon White & Case's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to the Court reflecting same.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

4.     As noted in the First Declaration, White & Case has reviewed and will continue to review its files periodically during these chapter 11 cases with respect to known and newly-identified parties in interest.  If any new relevant facts or relationship are discovered or arise, White & Case will use reasonable efforts to identify such developments and will promptly file a supplemental declaration.

### Supplemental Disclosures Regarding Parties in Interest

5.     In connection with this Second Declaration, a list of potential parties in interest not previously included on any other such list was prepared (the "**Potential Parties in Interest**").

---

[2]  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application or Engagement Agreement, as applicable.

[3]  Certain of the disclosures herein relate to matters within the knowledge of attorneys or employees of White & Case and are based on information provided by them.

Such Potential Parties in Interest are listed on **Schedule 1** attached hereto. Prior to filing this Supplemental Declaration, following the procedure set forth in my First Declaration, White & Case conducted a disclosure review with respect to the Firm's connections to the Potential Parties in Interest. **Schedule 2** annexed hereto identifies that White & Case currently represents or has represented within the last two (2) years, certain individuals, entities or their affiliates who are Potential Parties in Interest in matters unrelated to the Debtors, the chapter 11 cases, or such entities' claims against and interests in the Debtors.[4]

6. Of the entities listed on Schedule 2, none represented more than 1% of White & Case's revenue for the twelve-month period through September 30, 2023.

**Reaffirmation of Statement of Disinterestedness**

7. Based on the conflicts search conducted to date and as described in the First Declaration, and herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) White & Case holds no interest adverse under section 1103(b) of the Bankruptcy Code, and (c) White & Case has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Application and First Declaration.

---

[4] The term "client" means an entity listed as a client or affiliate of a client in an active or closed matter in White & Case's conflicts search system. To the extent that a Potential Party in Interest falls under more than one category, such Potential Party in Interest may be disclosed below in only one category. Furthermore, the inclusion of a Potential Party in Interest within one or more categories in the Application, this Declaration, or otherwise is for convenience only and is not, and shall not be construed as, an acknowledgement or admission regarding any Potential Party in Interest, including with respect to any claims or relationships that such Potential Party in Interest may have with the Debtors. The disclosures may in Schedule 2 attached hereto may overlap or be redundant with disclosures previously made by White & Case. Additionally, (i) Schedule 2 is over inclusive generally, (ii) whether an actual client relationship exists with the entities listed on Schedule 2 can only be determined by reference to the documents governing White & Case's representation rather than its potential listing in White & Case's conflicts database(s), (iii) such analysis has not been undertaken in connection with this connections disclosure, and (iv) where particular name(s) provided by the Debtors are incomplete or ambiguous, White & Case's search was broad and inclusive and erred on the side of disclosure.

Accordingly, based upon the foregoing, I respectfully submit that the requirements for White & Case's retention as attorneys for the Debtors have been met.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 12, 2023
       New York, New York

                                        */s/ David M. Turetsky*
                                        David M. Turetsky
                                        Partner, White & Case LLP