**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.,*[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 479** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE**
**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**
***NUNC PRO TUNC* TO SEPTEMBER 7, 2023**

On the application (the "Application")[2] of the Official Committee of Equity Security

Holders (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases")

of Lordstown Motors Corp. and its affiliated debtors (collectively, the "Debtors") for the approval

of the Committee's retention and employment of M3 Advisory Partners, LP ("M3" or the

"Firm") as financial advisor in connection with the Chapter 11 Cases, effective September 7,

2023; and on consideration of the declaration of Robert Winning (the "Winning Declaration"),

which is attached to the Application as Exhibit A; and the United States District Court for the

District of Delaware (the "District Court") having jurisdiction of this civil proceeding under

28 U.S.C. § 1334(b); and the District Court, by issuing the *Amended Standing Order of Reference*,

dated February 29, 2012, having referred this proceeding to the Court under 28 U.S.C. § 157(a);

and the Court having statutory authority to hear, determine, and enter appropriate orders and

judgments subject to review under 28 U.S.C. § 158, in this core proceeding under 28 U.S.C.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms that are used but not defined herein shall have the meanings that are given to those terms in the Application.

§ 157(b)(1); and the Court having constitutional authority to enter final orders and judgments in this proceeding; and venue of this proceeding being proper in the Court under 28 U.S.C. § 1409; and due notice of, and sufficient opportunity for a hearing on, the Application having been provided; and it appearing that no other or further notice or opportunity for a hearing need be given; and the Court having determined that the legal and factual bases set forth in the Application constitute sufficient cause to grant the requested relief; and the Court having found and determined that the terms and conditions of M3's employment, including the fee structure set forth in the Application, are reasonable as required by section 328(a) of the Bankruptcy Code; and the Court being satisfied, based on the representations made in the Application and the Winning Declaration, that M3 does not hold or represent any adverse interest under section 1103 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; and it appearing that granting the requested relief is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Application is **GRANTED** as set forth in this Order.

2.    Pursuant to sections 328 and 1103 of the Bankruptcy Code, the Committee is authorized to retain and employ M3 as its financial advisor, effective September 7, 2023.

3.    M3 shall apply for compensation for professional services rendered and reimbursement of expenses reasonably and actually incurred in connection with the Debtors' cases as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

16329379/1

4.      The Debtors are authorized to, and shall, pay M3's compensation and reimburse M3 for its costs and expenses as provided in the Application, in accordance with the fee application process approved by this Court. M3 may include as expenses the reasonable fees and expenses of outside counsel, if any, retained by M3, without the need for such legal counsel to be retained as professionals in the Chapter 11 Cases.

5.      M3 shall not receive payment from the Debtors' estates for any fees or expenses arising from the defense of an objection to a request for the award, allowance, or payment of M3's fees and expenses.

6.      The Committee and M3 are authorized and empowered to take all actions they deem necessary and appropriate to implement the relief granted pursuant to this Order in accordance with the Application.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court retains exclusive jurisdiction of any matter arising from or relating to this Order or its interpretation, implementation, or enforcement.

**Dated: October 16th, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

16329379/1