IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 515 |

**ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS TO FILE AND SOLICIT VOTES ON A CHAPTER 11 PLAN**

Upon the motion, dated October 4, 2023 (the "**Motion**")[2] of Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), for entry of an order (this "**Order**") extending the Debtors' exclusive right to file a chapter 11 plan (the "**Filing Exclusivity Period**") by 98 days, through and including January 31, 2024, and the Debtors' exclusive right to solicit votes on a chapter 11 plan (the "**Solicitation Exclusivity Period**" and together with the Filing Exclusivity Period, the "**Exclusivity Periods**") by 36 days, through and including January 31, 2024, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, in this Order shall have the same meanings given to them in the Motion.

under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held) and all of the proceedings before the Court; and the Court having found and determined the relief requested in the Motion to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing (if any was held) having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Debtors' Filing Exclusivity Period is hereby extended 98 days, through and including January 31, 2024.

3. The Debtors' Solicitation Exclusivity Period is hereby extended 36 days, through and including January 31, 2024.

4. Nothing in this Order shall prejudice the right of the Debtors to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code, or the rights of any party in interest to object to any further extension requests.

5. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

7. This Court retains jurisdiction over all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October 16th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE