# EXHIBIT A

Responses to Sale and Cure Objections

**Sale and Cure Objections and Responses**
*In re Lordstown Motors Corp.*, Case No. 23-10831 (Bankr. D. Del.)

| Formal/Informal Objection | Response |
|---|---|
| **CIGNA HEALTH AND LIFE INSURANCE COMPANY [DOCKET NO. 338]** | |
| Cigna objected to the proposed cure amount of $0.00 because obligations have continued to accrue post-petition. | The Purchaser is not assuming the Cigna agreements. Parties have agreed to include language in the Proposed Sale Order to resolve the objection. *See* Proposed Sale Order ¶ 41. |
| **ELAPHE PROPULSION TECHNOLOGIES LTD. [DOCKET NOS. 349, 540]** | |
| Elaphe reserves its right to object to the assignment of either agreement to a Restricted Person under 11 U.S.C. § 365(c)(1)(A) and to adequate assurance of future performance if offered under 11 U.S.C. § 365(b)(1)(C). | The Debtors and Elaphe are continuing to work to consensually resolve the appropriate cure amount, if any, in connection with the assumption and assignment of the Elaphe license agreement. The rights with respect to cure of all parties are reserved on this matter. *See* Proposed Sale Order ¶ 44. The Debtors are hopeful that the parties will reach agreement on the issue and, in any event, intend to pay the agreed cure amount, if any, or the cure amount set by the Court (if agreement cannot be reached). |
| **FOXCONN EV PROPERTY DEVELOPMENT LLC; FOXCONN EV SYSTEM LLC [DOCKET NO. 389]** | |
| Foxconn objects to the assumption and assignment of the Foxconn Agreements (as defined in its objection) on three grounds. First, Foxconn claims that the proposed cure amount is incorrect. Second, Foxconn asserts that the Foxconn Agreements are part of an integrated transaction with the other agreements contemplated in the Agreement in Principle by and between Foxconn and the Debtors, thus cannot be assumed and assigned separate from the other agreements. Third, the Manufacturing Support Agreement contains non-exclusive IP rights and licenses that cannot be assigned without Foxconn's consent, which it does not give. | The Purchaser is not assuming the Foxconn Agreements. Foxconn's objection is resolved. |

1

| Formal/Informal Objection | Response |
|---|---|
| **ORACLE AMERICA, INC. [DOCKET NO. 368]** ||
| Oracle asserts that the Debtors cannot assume and assign the license agreement without Oracle's consent. It also alleges that the Debtors have not adequately identified the agreement to assumed and assigned, nor provided adequate assurance of future performance. | The Purchaser is not assuming the Oracle agreements. Parties have agreed to include language in the Proposed Sale Order to resolve the objection. *See* Proposed Sale Order ¶ 42. |
| **WORKHORSE GROUP INC. [DOCKET NO. 424]** ||
| Workhorse asserts that the Debtors may not assume and assign the License Agreement with Workhorse. Workhorse also objects to the extent that the sale seeks to transfer Workhorse's intellectual properties and impair its rights to royalty payments under the License Agreement. | Parties have agreed to include language in the Proposed Sale Order to resolve the objection. *See* Proposed Sale Order ¶ 43. |
| **N.D. OHIO SECURITIES LITIGATION CLASS ACTION PLAINTIFFS [DOCKET NO. 425]** ||
| Lead Plaintiff contends that the Proposed Sale Order must obligate the successful bidder to retain any potentially relevant books, records, documents, files, electronically stored information, tangible objects, or other evidence potentially relevant to the Securities Litigation for the duration of the Securities Litigation. | Parties are negotiating language to resolve the objection. |
| **RIDE INVESTOR GROUP PUTATIVE CLASS ACTION [DOCKET NO. 486]** ||
| The RIDE Investor Group filed a joinder to Lead Plaintiff's objection. | Parties are negotiating language to resolve the objection. |
| **APPLIED MEDICAL RESOURCES CORP. [DOCKET NO. 519]** ||
| Applied Medical Resources asserts that the Debtors need to provide evidence of adequate assurance of future performance. | The Purchaser is not assuming Applied Medical Resources Corp.'s lease. |
| **NEXTEER AUTOMOTIVE CORPORATION [DOCKET NO. 542]** ||
| Nexteer objected on the basis that no existing contracts exists between the Debtors and Nexteer. | The Debtors will not assume any contracts with Nexteer. |

AMERICAS 125334706

| Formal/Informal Objection | Response |
|---|---|
| **UNITED STATES, ON BEHALF OF NATIONAL HIGHWAY TRAFFIC AND SAFETY ADMINISTRATION [DOCKET NO. 545]** | |
| NHTSA's objection is addressed in the Reply. | *See* Reply. |
| **OFFICE OF THE UNITED STATES TRUSTEE** | |
| The U.S. Trustee provided informal comments to the Proposed Sale Order and had inquiries regarding the sale. | The Debtors have addressed all inquiries, and Parties have agreed to include language in the Proposed Sale Order to resolve all issues. |
| **CEVA LOGISTICS US, INC.** | |
| CEVA Logistics US, Inc. reached out to the Debtors to regarding assumption inquires. | The Purchaser has not yet determined whether to assume or reject CEVA Logistics US's agreements. If the Purchaser decides to assume CEVA Logistics US's agreement, it will be assumed with modifications and a cure amount of $0.00, as proposed by CEVA Logistics US. If the Purchaser does not assume CEVA Logistics US's agreements, they will be rejected by the Debtors. |
| **GAC R&D CENTER DETROIT, LLC** | |
| GAC R&D Center Detroit, LLC reached out to the Debtors to discuss certain assumption issues. | The Purchaser is not assuming GAC R&D Center Detroit's lease. |