## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 23-10831 (MFW) |
| Lordstown Motors Corp., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Re: D.I. 16, 237, 418, 434, 475, 484, 488, 553** |

### DECLARATION OF STEPHEN S. BURNS IN SUPPORT OF THE DEBTORS' PROPOSED SALE OF CERTAIN ASSETS

I, Stephen S. Burns, declare under penalty of perjury:

**Background Facts**

1.      I am over the age of eighteen (18) and am competent to execute this declaration.

2.      Unless otherwise stated, all facts set forth herein are based upon my personal knowledge, or I have determined such facts from my due diligence, which included an examination of the relevant documents described herein.

3.      I am authorized to make this declaration both individually and on behalf of LAS Capital LLC ("**LAS Capital**") and its intended assignee, LandX Motors Inc., a Delaware corporation ("**LandX**") under that certain Asset Purchase Agreement dated as of September 29, 2023 among the debtors in the above-captioned chapter 11 cases (the "**Debtors**"), LAS Capital, and me, in my individual capacity, as guarantor (the "**Asset Purchase Agreement**").[2]  If called to testify, I could and would testify to the facts set forth herein.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    A copy of the Asset Purchase Agreement was filed as Exhibit A to the *Notice of (I) Selection of Successful Bidder, (II) Cancellation of Auction, and (III) Sale Hearing* [D.I. 488] (the "**Sale Notice**").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Asset Purchase Agreement.  Any description or summary of

4.       I submit this declaration in further support of the *Debtors' Motion For Entry of An Order (I) (A) Establishing Bidding and Auction Procedures, (B) Scheduling Certain Dates With Respect Thereto, (C) Approving the Form and Manner of Notice Thereof, (D) Approving Contract Assumption and Assignment Procedures, and (E) Granting Other Related Relief; and (II) (A) Authorizing the Debtors to Enter Into a Definitive Purchase Agreement and (B) Granting Other Related Relief* [D.I. 16] (the "**Motion**") and the *Declaration of Ryan Hamilton in Support of the Debtors' Proposed Sale of Certain Assets* filed substantially contemporaneously herewith.

**LAS Capital, LandX and Connections to the Debtors**

5.       I am the majority equityholder of LAS Capital, the Successful Bidder (as defined in the Sale Notice) and Buyer under the Asset Purchase Agreement.  I am also the majority equityholder of LandX Holdings Inc. ("**Holdings**"), the parent company of LAS Capital's Affiliate, LandX, to whom LAS Capital will assign its rights under the Asset Purchase Agreement prior to Closing pursuant to Section 10.4 thereof.

6.       I was the founder, Chief Executive Officer, and a member of the board of directors of Debtor Lordstown Motors Corp. ("**LMC**") until June 14, 2021, when I resigned from and ceased being employed by LMC in any capacity and have had no management or other role on behalf of LMC since that time.  As of May 24, 2023, I have not held any equity interests in the Debtors.[3]

7.       Julio Rodriguez is one of the managers of LAS Management LLC, the managing entity of LAS Capital and a minority shareholder in Holdings.  Mr. Rodriguez was the former Chief Financial Officer of LMC.  As of June 14, 2021, Mr. Rodriguez also resigned from and ceased being employed by LMC and has had no management role or other role on behalf of LMC

---

the terms of the Asset Purchase Agreement herein are qualified in their entirety by the actual terms and provisions of the Asset Purchase Agreement.

[3]    *See also* https://www.sec.gov/Archives/edgar/data/1481717/000110465923073378/tm2319314d1_sc13da.htm.

since that time.  I understand that Mr. Rodriguez ceased holding any equity interests in the Debtors as of March 28, 2023.

8.      During the Debtors' chapter 11 cases, including with respect to the Debtors' sale process, neither LAS Capital, LandX, Mr. Rodriguez nor I have had any affiliation with the Debtors except as a third-party bidder, such third-party bidder's intended assignee, and as a principal or manager of such entities, respectively.   Neither Mr. Rodriguez nor I had any involvement in or control over any decisions made by the Debtors in connection with the sale process, including with respect to the selection of the Successful Bidder.

**Good Faith Purchaser**

9.      Each of LAS Capital, LandX and each of the Buyer Parties (as defined in the proposed Sale Order filed as Exhibit B to the Sale Notice, the "**Sale Order**"), including Mr. Rodriguez and me, have acted in good faith at all times with respect to the Debtors' sale process. All of LAS Capital's and the Buyer Parties' negotiations with the Debtors with respect to the Transaction Documents and transactions contemplated thereunder have been at arm's-length.

10.     None of LAS Capital, LandX nor any of the Buyer Parties have (a) engaged in any collusion or misconduct with respect to the proposed sale that would cause or permit the Transaction Documents, or the consummation of the Sale Transaction (as defined in the proposed Sale Order), to be avoidable or avoided, or for costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, or (b) acted in bad faith or in any improper or collusive manner with any entity in connection therewith, including, but not limited to, specifically concerning the Purchase Price.

11.     LAS Capital and LandX therefore submit that they are good faith purchasers under section 363(m) of the Bankruptcy Code and entitled to all benefits and protections thereunder.

**Adequate Assurance with Respect to Assumed Agreements**

12.     Pursuant to Section 2.1(e) of the Asset Purchase Agreement, LAS Capital agreed that the Debtors will assume and assign to LAS Capital or its designee the Assumed Agreements, subject to the terms of the Asset Purchase Agreement.

13.     Pursuant to Section 10.4 of the Asset Purchase Agreement, LAS Capital has notified LMC in writing that it will assign prior to Closing its rights under the Asset Purchase Agreement, including with respect to the Assumed Agreements, to its Affiliate, LandX.  LandX will be obligated in full to timely perform any obligations under the Assumed Agreements.

14.     I understand that, on October 13, 2023, the Debtors served a notice of LAS Capital's intended assignment of its rights under the Asset Purchase Agreement to LandX on contract counterparties of the executory contracts that may be assumed and assigned as Assumed Agreements under the Asset Purchase Agreement.[4]

15.     In accordance with Section 7.10(d) of the Asset Purchase Agreement, LAS Capital, and now its intended assignee, LandX, agreed to provide and promptly take all actions reasonably required to established adequate assurance as required under the Bankruptcy Code of future performance of each Assumed Agreement.  To date there have been no adequate assurance objections from any counterparty to an Assumed Agreement that are not under discussion with LAS Capital, LandX, and/or the Debtors, and LandX expects to resolve any assurance concerns that can still be timely raised.

16.     LandX has a vested strong interest in timely performing any and all of its obligations under the Assumed Agreements to ensure the success of the Purchased Assets within

---

[4]     *See* Certificate of Service re Notice of Successful Bidder's Assignment of Asset Purchase Agreement [D.I. 553].

its business.  That interest also is reflected in my guaranty of the Purchase Price under Section 10.17 of the Asset Purchase Agreement.

17.     LandX is fully capable of providing Cure Payments that are the responsibility of the Buyer under Section 2.5(e) of the Asset Purchase Agreement and of performing all obligations under the Assumed Agreements as they become due, in satisfaction of sections 365(b)(1)(C) and 365(f) of the Bankruptcy Code and has so represented to the Debtors.

18.     Based on the foregoing, and such additional and further statements, documentation and information that may be provided to the Court at the Sale Hearing, I believe there has been a sufficient showing of adequate assurance of future performance of each Assumed Agreement by LandX.

**Authority to Perform**

19.     LAS Capital and LandX have obtained all necessary internal approvals and authorizations to consummate the transactions contemplated by the Asset Purchase Agreement. LAS Capital and LandX intend to consummate the transactions contemplated by the Asset Purchase Agreement subject to and in accordance with the terms and conditions of the Asset Purchase Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief, and after reasonable inquiry.

Dated: Ponte Vedra, Florida
       October 16, 2023

*/s/ Stephen S. Burns*
Stephen S. Burns