IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 280, 482, 492, 553** |

**THIRD SUPPLEMENTAL NOTICE OF (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

**You are receiving this notice because you may be a counterparty to a contract or lease with one or more of the above-captioned debtors or debtors in possession (collectively, the "Debtors"). Please read this notice carefully as your rights may be affected by the transactions described herein.**

**PLEASE TAKE NOTICE** that, on June 27, 2023, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on August 8, 2023, the Court entered an order [D.I. 237] (the "**Bidding Procedures Order**"), approving the bidding and auction procedures attached to the Bidding Procedures Order as Schedule 1 (the "**Bidding Procedures**")[2] for the sale of the Debtors' assets (the "**Assets**") and approval of the sale of such Assets to the highest or best qualified bidder (the "**Successful Bidder**").

**PLEASE TAKE FURTHER NOTICE** that, on August 21, 2023, the Debtors filed the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 280] (the "**Original Cure Notice**"), which pursuant to the Bidding Procedures Order, listed one or more of the executory contracts and unexpired leases that the Debtors may potentially assume and assign to the Successful Bidder on Schedule A annexed thereto (collectively, the "**Original Potentially Assumed Agreements**" and each, an "**Original Potentially Assumed Agreement**"), pursuant to section 365 of the Bankruptcy Code. The Original Cure Notice was purely for the purposes of fixing cure amounts and did not serve as a

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used, but not otherwise defined, in this notice shall have the meanings ascribed to such terms in the Bidding Procedures Order, Bidding Procedures, or Original Cure Notice as applicable.

notice that the Debtors would, in fact, be assuming or assigning the Original Potentially Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that consistent with the terms of the Bidding Procedures Order, on September 12, 2023, the Debtors filed the *Notice of Certain Modified Dates and Deadlines In Connection With Sale Process* [D.I. 418] (the "**First Modification Notice**"). On September 19, 2023, the Debtors filed the *Notice of Certain Further Modified Dates and Deadlines In Connection With Sale Process* [D.I. 434] (the "**Second Modification Notice**"). On September 26, 2023, the Debtors filed the *Second Notice of Certain Further Modified Dates and Deadlines In Connection With Sale Process* [D.I. 475] (the "**Third Modification Notice**"). On September 29, 2023, the Debtors filed the Third Notice of Certain Further Modified Dates and Deadlines In Connection With Sale Process [D.I. 484] (the "**Fourth Modification Notice**," and together with the First Modification Notice, Second Modification Notice, and the Third Modification Notice, the "**Modification Notices**") pursuant to which the Debtors provided notice to parties-in-interest in their chapter 11 cases of certain modified dates and deadlines in connection with the Sale of the Assets.

**PLEASE TAKE FURTHER NOTICE** that, on September 27, 2023, the Debtors filed the *Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 482] (the "**First Supplemental Cure Notice**"), which pursuant to the Bidding Procedures Order, amended the cure amount previously listed in the Original Cure Notice for an Original Potentially Assumed Agreement pursuant to section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, on September 29, 2023, the Debtors filed their *Notice of (I) Selection of Successful Bidder, (II) Cancellation of Auction, and (III) Sale Hearing* [D.I. 488] (the "**Sale Hearing Notice**"), pursuant to which the Debtors (i) disclosed their selection of LAS Capital LLC, a Delaware limited liability company ("**LAS Capital**") as the Successful Bidder, subject to Court approval, and (ii) their intent to seek the Court's approval of, and to consummate, the Sale to LAS Capital pursuant to that certain Asset Purchase Agreement attached to the Sale Hearing Notice as Exhibit A (the "**Asset Purchase Agreement**") between the Debtors, LAS Capital, and Stephen S. Burns, an individual, as guarantor.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to and in accordance with Section 10.4 of the Asset Purchase Agreement, LAS Capital has notified the Debtors in writing that it will assign prior to Closing (as defined in the Asset Purchase Agreement) its rights under the Asset Purchase Agreement, including its rights to be assigned Assumed Agreements (as defined in the Asset Purchase Agreement), to its Affiliate (as defined in the Asset Purchase Agreement), LandX Motors Inc., a Delaware corporation ("**LandX**").

**PLEASE TAKE FURTHER NOTICE** that, on September 29, 2023, the Debtors filed the *Second Supplemental Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* [D.I. 492] (the "**Second Supplemental Cure Notice**"), which pursuant to the Bidding Procedures Order, listed one or more of the executory contracts and unexpired leases that the Debtors may potentially assume and assign to the Successful Bidder on Schedule A annexed thereto (collectively, the "**Additional Potentially Assumed Agreements**" and each, an "**Additional Potentially Assumed Agreement**"), pursuant

to section 365 of the Bankruptcy Code. The Second Supplemental Cure Notice was purely for the purposes of fixing cure amounts and did not serve as a notice that the Debtors would, in fact, be assuming or assigning the Additional Potentially Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that, on October 13, 2023, the Debtors served a notice of LAS Capital's intended assignment of its rights under the Asset Purchase Agreement to LandX on contract counterparties of the executory contracts that may be assumed and assigned as Assumed Agreements (as defined in the Asset Purchase Agreement) under the Asset Purchase Agreement.[3]

**PLEASE TAKE FURTHER NOTICE** that, on October 18, 2023, the Court approved the sale to the Successful Bidder and entered the *Order (I) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Debtors to Enter into and Perform Their Obligations Under the Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith; (IV) Authorizing the Sale Transaction; and (V) Granting Related Relief* [D.I. 586] (the "**Sale Order**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors are now filing this supplemental notice (the "**Third Supplemental Cure Notice**") to inform contract counterparties to the agreements listed on **Schedule A**, annexed hereto (the "**Supplemental Potentially Assumed Agreements**")[4] of cure amounts, if any, that the Debtors believe must be paid to cure any prepetition defaults and pay all amounts accrued under the Supplemental Potentially Assumed Agreements (in each instance, the "**Cure Amount**"). This Third Supplemental Cure Notice is for the purposes of fixing cure amounts with respect to the Supplemental Potentially Assumed Agreements and does not serve as a notice that the Debtors will, in fact, be assuming or assigning the Supplemental Potentially Assumed Agreements. For the avoidance of any doubt, none of the Original Potentially Assumed Agreements and Additional Potentially Assumed Agreements are impacted by this Third Supplemental Cure Notice.

**PLEASE TAKE FURTHER NOTICE** that any party seeking to object to the assignment of the Supplemental Potentially Assumed Agreements to the Successful Bidder (or its Assignee, as defined in the Sale Order) on the basis of adequate assurance of future performance, validity of the Cure Amount as determined by the Debtors or otherwise assert that any other amounts, defaults, conditions or pecuniary losses must be cured or satisfied under the Supplemental Potentially Assumed Agreements in order for such contract or lease to be assumed and assigned, must file an objection (the "**Objection**") that (i) is in writing; (ii) complies with the applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and any order governing the administration of these chapter 11 cases; (iii) states with specificity the nature of the objection and, if the Cure Objection pertains to the proposed Cure Amount, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) is filed with the Court **no later than 4:00**

---

[3] *See* Certificate of Service re Notice of Successful Bidder's Assignment of Asset Purchase Agreement [D.I. 553].

[4] None of the Supplemental Potentially Assumed Agreements were included in the Original Cure Notice, the First Supplemental Cure Notice, or the Second Supplemental Cure Notice.

**p.m. (prevailing Eastern Time) on November 8, 2023** (the "**Objection Deadline**"), and is served on (a) the Debtors counsel, White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131, Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew C. Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com), White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: David M. Turetsky (david.turetsky@whitecase.com), and Adam Cieply (adam.cieply@whitecase.com), and (b) the Debtors proposed co-counsel, Womble Bond Dickinson (US) LLP., 1313 North King Street, Suite 1200, Wilmington, DE 19801, Attn.: Donald J. Detweiler (don.detweiler@wbd-us.com), and Morgan L. Patterson (morgan.patterson@wbd-us.com) (c) the Debtors' investment banker, Jefferies LLC, 520 Madison Avenue, New York, NY 10022, Attn.: Sean Costello (scostello@jefferies.com), Jeffrey Finger (jfinger@jefferies.com), Ryan Hamilton (rhamilton@jefferies.com), Kelly Pasekoff (kpasekoff@jefferies.com), and Kevin Lisanti (klisanti@jefferies.com), and (d) the Debtors' restructuring advisors, Silverman Consulting, One North Wacker Drive, Suite 3925, Chicago, IL 60606, Attn.: Scott Kohler (skohler@silvermanconsulting.net) and Constadinos Tsitsis (ctsitsis@silvermanconsulting.net).

**PLEASE TAKE FURTHER NOTICE** that, unless an Objection is timely and properly filed and served before the Objection Deadline, any non-Debtor party to the Supplemental Potentially Assumed Agreements shall (a) be forever barred from objecting to the Cure Amount, as applicable, and from asserting any additional cure or other amounts with respect to such Supplemental Potentially Assumed Agreements, and the Debtors and the Successful Bidder (and its Assignee) shall be entitled to rely solely upon the Cure Amount, as applicable; (b) be deemed to have consented to any assumption and assignment of such Supplemental Potentially Assumed Agreement; and (c) be forever barred and estopped from asserting or claiming against the Debtors or the Successful Bidder (or its Assignee) that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Supplemental Potentially Assumed Agreement or that there is any objection or defense to the assumption and assignment of such Supplemental Potentially Assumed Agreement. In addition, the proposed Cure Amount set forth in **Schedule A** shall be binding upon the non-Debtor parties to the Supplemental Potentially Assumed Agreements for all purposes in the Chapter 11 Cases and will constitute a final determination of the Cure Amounts required to be paid by the Debtors in connection with any assumption and assignment of the Supplemental Potentially Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that, where a non-Debtor counterparty to a Supplemental Potentially Assumed Agreement timely and properly files an Objection asserting a cure amount higher or different than the proposed Cure Amount, as applicable, and/or contest proposed assumption and assignment of the Supplemental Potentially Assumed Agreements (the "**Disputed Agreement**"), then (a) the cure amount and assignment shall be as agreed between the parties or (b) to the extent the parties are unable to consensually resolve the dispute, then such objection will be adjudicated at a hearing as may be determined by the Debtors or fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Amount indicated above, and otherwise do not object to the Debtors' assignment of your lease or contract, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that inclusion of any document on the list of Supplemental Potentially Assumed Agreements shall not constitute or be deemed to be a determination or admission by the Debtors or the Successful Bidder (or its Assignee) that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are being expressly reserved.

Dated: October 25, 2023
Wilmington, Delaware

Respectfully submitted,

/s/ *Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and Debtors-in-Possession*