```
 1                     UNITED STATES BANKRUPTCY COURT
                            DISTRICT OF DELAWARE
 2
     IN RE:                     .  Chapter 11
 3                              .  Case No. 23-10831 (MFW)
     LORDSTOWN MOTORS CORP.,    .
 4                              .  (Jointly Administered)
                                .
 5                              .  Courtroom No.
                                .  824 Market Street
 6               Debtors.       .  Wilmington, Delaware 19801
                                .
 7                              .  Wednesday, October 25, 2023
     . . . . . . . . . . . . . .   2:00 p.m.
 8
                           TRANSCRIPT OF HEARING
 9               BEFORE THE HONORABLE MARY F. WALRATH
                 CHIEF UNITED STATES BANKRUPTCY JUDGE
10
     APPEARANCES:
11
     For the Debtors:          Morgan Patterson, Esquire
12                             WOMBLE BOND DICKINSON, LLP
                               1313 North Market Street, Suite 1200
13                             Wilmington, Delaware 19801

14                             -and-

15                             David M. Turetsky, Esquire
                               WHITE & CASE
16                             1221 Avenue of the Americas
                               New York, New York 10020
17
     For Foxconn:              David Guyder, Esquire
18                             ALLEN & OVERY, LLP
                               1221 Avenue of the Americas
19                             New York, New York 10020

20   Audio Operator:           Lesa Neal, ECRO

21   Transcription Company:    Reliable
                               The Nemours Building
22                             1007 N. Orange Street, Suite 110
                               Wilmington, Delaware 19801
23                             Telephone: (302)654-8080
                               Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1    (<u>APPEARANCES CONTINUED</u>):

2    For Interested Parties:  Henry Jaffe, Esquire
                              PASHMAN STEIN WALDER & HAYDEN, P.C.
3                             1007 North Orange Street
                              4th Floor, Suite 183
4                             Wilmington, Delaware 19801

5    For Interested Party:    Michael Etkin, Esquire
                              LOWENSTEIN SANDLER, LLP
6                             One Lowenstein Drive
                              Roseland, New Jersey 07068

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

INDEX

MOTIONS:                                                                                          PAGE

Agenda
Items:      Disclosure Statement                                         4

1          (Proceedings commenced at 2:06 p.m.)

2          THE COURT:  Okay.  Good afternoon.  This is Judge

3  Walrath.  Sorry for the delay.  We're here in Lordstown.

4          I will turn it over to counsel to tell us our

5  status.

6          MS. PATTERSON:  Good afternoon, Your Honor.  It's

7  Morgan Patterson, of Womble Bond Dickinson, on behalf of the

8  debtors.

9          Your Honor, we just had one matter on for today,

10 which was our Disclosure Statement hearing, and we are --

11 that has been adjourned to next week on October 31st.

12         But, Your Honor, I will -- if it's okay with Your

13 Honor, turn over the podium to my co-counsel, David Turetsky,

14 at White & Case, to give a quick update on where we stand.

15         THE COURT:  All right.  Thank you.  Mr. Turetsky?

16         MR. TURETSKY:  Good afternoon, Your Honor.  David

17 Turetsky, of White & Case, on behalf of the debtors.  It's

18 good to see you again, and thank you for making time for us.

19 I will be brief.

20         As Your Honor knows, the debtors have made it a

21 priority to try to move quickly through these cases,

22 including they're trying to merge as quickly as possible and

23 today was the [indiscernible] that the Disclosure Statement

24 hearing for the Plan of -- for the Plan that we had filed.

25         On September 1st, the debtors did file a proposed

1  Plan, as well as a related Disclosure Statement, and that

2  reflected ongoing discussions with the Creditor's Committee,

3  not full consensus of the Creditor's Committee, but ongoing

4  discussions at the time it was filed.

5          Since the filing of the original Plan, an

6  additional Committee of equity security holders was appointed

7  and we have a new and valuable voice for fiduciary who is in

8  these cases and, since that time, the debtors have engaged

9  around the clock with each of the Official Committees to

10 revise the terms and present an Amended Plan and Disclosure

11 Statement that would have[indiscernible] among the Official

12 Committee.

13         As Your Honor knows, I guess it was late Monday

14 morning -- Monday night or early yesterday morning, we did

15 file an Amended Plan and Disclosure Statement.  I'm pleased

16 to say that Amended Plan and Disclosure Statement has the

17 support of each of the Official Committees.

18         In filing that Plan, the debtors did try to

19 address the various objections that had been filed by parties

20 who objected to the Disclosure Statement.  But given the

21 status of the Plan, we did not have a lot of opportunity to

22 engage with those objectors, so I can't tell you if we've

23 resolved or not resolved those objections.

24         In light of that, we thought it appropriate, and

25 to give Your Honor more time with the documents, to continue

1  the hearing on the Disclosure Statement to October 31st.  We

2  have been reaching out to the various parties to try and

3  narrow whatever remaining issues there may be and our hope is

4  to proceed on the 31st with a indiscernible] issues, to the

5  extent that there are any, that are as narrow as possible and

6  that will facilitate Your Honor's hearing, as well as the

7  participation of all parties.

8          So that is the status report, unless Your Honor

9  has anything further, I'm content to cede the podium.

10         THE COURT:  No.  Thank you for that update so that

11 everybody knows where we are.

12         Does anybody else wish to be heard?

13         MR. GUYDER:  Your Honor, this is Dan Guyder, from

14 Allen & Overy, for the Foxconn entities.

15         THE COURT:  Yes.

16         MR. GUYDER:  Just adding to what Mr. Turetsky

17 provided, at least as it relates to our objection, we had

18 filed a fairly lengthy objection to the Disclosure Statement,

19 and I'm pleased to say that in the Amended Plan and

20 Disclosure Statement, I think the debtors have made

21 substantial changes that largely address the objections we

22 raised and, in particular, concerning the proposed process

23 for dealing in certain of the parties' disputes.

24         And so as to any residual objections, we're going

25 to continue what I think has been a constructive dialog with

1   counsel for the debtors and hopefully have those resolved by

2   agreement.

3            And I would just add -- I think I mentioned at the

4   last hearing, Foxconn also remains, you know, willing, able,

5   and ready to assist I think the buyer in dealing with the

6   logistics around the closing of the sale transaction, which I

7   understand notice, continuing a pace, and set for closing I

8   think in the near term and we remain available to engage with

9   the debtors of the prior however we can to try to assist with

10  that.

11           THE COURT:  Okay.  Thank you.  Anybody else?

12           MR. JAFFE:  Yes, Your Honor.  This is Henry Jaffe.

13  I am here on behalf of the Delaware Chancery Class

14  Plaintiffs.

15           Your Honor, I hate to break up what seems to be

16  the party, but, you know, I wanted to let Your Honor know

17  that we filed an objection to the Disclosure Statement and

18  that would [indiscernible] the objections, but actually

19  extended some of the objections that the U.S. trustee had

20  raised regarding non-consensual releases.

21           We objected to the originally filed Plan and

22  Disclosure Statement and, as Your Honor may recall, our

23  claims and causes of action are claims against non-debtor

24  parties that were trying to preserve and prevent other

25  parties from releasing in a bankruptcy case and these

1  concerns are imminent.  You've got to -- first of all, our

2  litigation is fairly far along, as Your Honor may remember,

3  and also we're in advanced settlement discussions.

4          So, Your Honor, we had heard word that this Plan

5  might be alleviating our concerns, addressing them, resolving

6  them, and I can tell you that in terms of the concerns that

7  we raised, first of all, with respect to this amended set of

8  documents, number one, it didn't resolve any of our concerns

9  and, in fact, things that we complained about, the debtors

10  doubled down on, including non-consensual opt-out releases,

11  which this Court has turned down a number of occasions.

12          But, Your Honor, it actually gets worse because

13  when we got the Plan we revised, there were all new sets of

14  provisions, including provisions under which another class

15  plaintiff -- it's actually a punitive class plaintiff

16  claimant in the Ohio securities litigation.  That class has

17  not been certified, whereas our class has been and we're far

18  along.

19          But the point here, Your Honor, is we believe that

20  under the revised Plan, not only are the original third party

21  release issue is not resolved, but the debtors have actually

22  extended the scope of those releases and made it even more

23  difficult for my clients to avoid having their non-debtor

24  claims being released as a result of this Plan and things

25  that are happening in this bankruptcy case.

1        Your Honor, I know today is not the day to argue

2    those things.  However, Your Honor, those provisions are

3    complicated and extensive and we want to have an opportunity

4    to address them and file a supplemental response, given that

5    we just got these yesterday morning and we'd like to address

6    those at the disclosure statement.

7        THE COURT:  Does the debtor wish to respond to

8    that?

9        MR. TURETSKY:  Your Honor, as Mr. Jaffe noted,

10   today is not the day to address substantive arguments.

11       I am open to having a conversation with Mr. Jaffe.

12   I did reach out to one of his colleagues to see if there's a

13   way to resolve the objections and, if there's not, then I

14   think we'll have a discussion with Your Honor and we'll get

15   guidance from Your Honor as to -- as -- but we do believe

16   that all of the releases within the Plan are consensual

17   releases.  There is no intent to provide for non-consensual

18   releases upon debtor parties.

19       THE COURT:  Well, I may hear that argument on the

20   31st then.

21       MR. JAFFE:  The point, Your Honor, from our

22   perspective though, is that there are new and significant

23   materials in the Amended Plan and we would like to have an

24   opportunity to explain to the Court why those additional

25   provisions are also impermissible, in light of the Court's

1  prior holdings regarding non-consensual releases.

2          These are --

3          THE COURT:  Well, are --

4          MR. JAFFE:  [Indiscernible].

5          THE COURT:  Mr. Jaffe, are you asking can you file

6  a sur -- another objection or do you want a continuance of

7  time to do that?  I don't know what you're asking for.

8          MR. JAFFE:  Fair enough, Your Honor.  We would

9  like, at the very least, to have the opportunity prior to

10 Tuesday's hearing, but certainly not by tomorrow or this week

11 because we're still working through the materials, to file a

12 supplemental objection, not repeating what we said before,

13 but describing the new provisions and how they fail to comply

14 with the requirements of disclosure coming through.

15         THE COURT:  Mr. Turetsky, any objection to that

16 if, in fact, there are --

17         MR. TURETSKY:  Well, so, Your Honor, there were --

18 there are obviously revisions of the Amended Plan.

19         I will note, and -- so, look, I'll -- I don't

20 think that we should be continuing the hearing past the 31st.

21 That -- and we would want an opportunity to respond to

22 whatever Mr. Jaffe wants to put in.

23         He's obviously free to file a pleading after give

24 him -- I guess it's Wednesday today, until the end of the

25 week.  If we can respond over the weekend?

1        But I will note Mr. Jaffe represents a class of

2   plaintiffs that have not brought suit against the debtors.

3   These are claims against non-debtors.  The debtors are not

4   parties to the suit, as Your Honor noted in a hearing about

5   -- where we sought to extend the stay to Mr. Jaffe and the

6   lawsuit.

7        I'm not sure -- again, I don't want to pre-argue

8   things, but we're talking about a party that is I would say

9   not even a party in interest.

10       THE COURT:  So that you can confirm that the

11  Amended Plan does not provide for any releases of any of the

12  defendants in his action?

13       MR. TURETSKY:  Oh, non-consensual releases, Your

14  Honor.  The releases in the Plan are all consensual releases.

15       THE COURT:  So if --

16       MR. TURETSKY:  If a --

17       THE COURT:  So if his plaintiff does not consent,

18  since you say he's not even a creditor, none of the

19  plaintiff's claims are being released?

20       MR. TURETSKY:  None of the class -- the class

21  representative claims are being released.  To the extent that

22  there is an individual creditor or equity holder within the

23  case who consents to a release, they would be releasing their

24  claims to any proceeds from that lawsuit.

25       MR. JAFFE:  But then to be clear, Your Honor, the

1  way the releases are framed, they are all, under the Plan,

2  opt-out releases.  They are not opt-in releases.  They are

3  non-consensual under this --

4        THE COURT:  All right.  You can argue that and

5  it's -- they've been non-consensual or opt-out from the

6  beginning and we'll have that argument on the 31st.

7        But I'm not going to -- I'm not setting a date by

8  which Mr. Jaffe has to respond and I'm not sure I'll give the

9  debtor a chance to file a reply to that.

10        If there are changes in the Plan, any party can

11  file an objection to those changes and I'll decide whether

12  I'm capable of hearing those objections on the 31st.

13        That's all I can say at this point.  I haven't

14  seen them and I haven't had a chance to review them.

15        Mr. Etkin, did you wish to be heard?

16        MR. ETKIN:  Yes.  Thank you very much, Your Honor.

17  We represent the lead plaintiff in the Ohio litigation, and

18  I'm not going to talk about merits.  Obviously, third party

19  releases are a significant issue for us and we'll get to that

20  when the time is appropriate, to the extent there remains an

21  issue.

22        My concern is more with process and timing.  This

23  Plan that was filed essentially yesterday is a C change from

24  the prior version and there's a lot to digest, a lot that's

25  new.  We think that it's more than likely that several of our

1  objections in our original Disclosure Statement objection

2  have been resolved.  Some have not.  But the problem also is

3  that, given the contents of the new Plan or the new

4  provisions, there may be issues that are now ripe for

5  objection now but weren't before.

6          So just to give Your Honor a little background

7  process-wise, we've been in discussions with the debtor

8  regarding a resolution since prior to the Chapter 11 filing.

9  Those discussions have continued, all in good faith and all

10 with an eye towards trying to reach a resolution.

11         In fact, the discussions recently included both

12 Official Committees.  We had a mediation session with respect

13 to that and I would leave those discussions as ongoing.  You

14 know, the problem that we face is that we weren't involved in

15 any of these discussions that led to the filing of the Plan

16 yesterday and, in particular, those Plan provisions that

17 impact on my constituency.

18         So, the -- our concern again, Your Honor, is one

19 of timing.  We've started to review this.  There's a lot to

20 take in.  I don't know to what extent we're going to need to

21 file a supplemental pleading but, obviously, we reserve the

22 right to do so.

23         The debtors have reached out specifically about

24 the new Plan and Disclosure Statement and, to the extent we

25 can deal with some of the issues, that's fine and I look

1  forward to it.

2         But, again, the new hearing is six days from today

3  and, although we respect and understand the fact that the

4  debtors and the Official Committees want to move this along

5  quickly, again, I'm concerned about the timing and having the

6  full opportunity to review what's been put on the table and

7  all in there that's new and be able to have a full fruited

8  hearing on the 31st that takes into account all of these

9  changes and also takes into account the time that parties may

10 need to try to resolve issues prior to the hearing.  There's

11 just not that much time for it.

12         THE COURT:  Mr. Turetsky, why do we need to have

13 this on the 31st?

14         MR. TURETSKY:  Your Honor, I think -- if I may

15 respond?  I'll answer your question first and then I would

16 like to respond to Mr. Etkin's comments about the changes to

17 the Plan.

18         In terms of that we need to file -- have the

19 hearing on the 31st, we are trying to adhere to a schedule

20 that keeps the timing so that the debtors can emerge prior to

21 year-end.

22         We understand that Your Honor may -- you know, may

23 determine that you need additional time as we get to the

24 31st, but we would ask that you not pre-judge that.

25         To that -- in that regard, in terms of the changes

1 that Mr. Etkin referred to, the changes that were made to the

2 Plan, in many respects, were designed to address issues that

3 Mr. Etkin's clients raised in their objection to the

4 Disclosure Statement.

5         One of the issues that they made -- that they

6 addressed was that there was a single classification of

7 common equity interests in 510(d) claims.  Those claims are

8 now bracketed out.

9         What we're talking about in terms of the hearing

10 on the Disclosure Statement are objections to disclosure, not

11 Plan treatment.  We believe that the issues of disclosure are

12 fairly clear and can be addressed very quickly.

13         With that said, that will be up to Your Honor.

14         THE COURT:  Well, I'll give you fair warning

15 because I have taken the position that consensual releases

16 are opt-in only and, at the Disclosure Statement hearing, I

17 will be considering the procedures for soliciting votes and

18 what you term as consensual releases.

19         I don't know what I'll do on this but I suspect

20 I'll follow my usual procedure.  So whether you need to go

21 forward on the 31st -- I will have a hearing on the 31st.  I

22 will give the debtor the opportunity to talk to the parties

23 with whom the debtor has not had an opportunity to talk, but

24 I will consider any requests to push off the hearing again if

25 there has not been ample time to address the changes that the

1  debtor has made after concluding its negotiations with the

2  Committees.

3           And I hope that the parties can resolve -- if it's

4  as simple as Mr. Turetsky suggests, hopefully, he can resolve

5  matters with Mr. Etkin.  I don't know with the status of any

6  of other objections, but there are a number of them, so --

7  and I too will have to look at the revisions that have been

8  made.

9           MR. TURETSKY:  Understood, Your Honor.

10          THE COURT:  All right.  Anybody else?

11        (No verbal response)

12          THE COURT:  All right.  We'll continue this then

13  until the 31st and see where we are then.

14          COUNSEL:  Thank you, Your Honor.

15           (Proceedings concluded at 2:25 p.m.)

16

17

18

19

20

21

22

23

24

25

1                          CERTIFICATION

2              I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter to the best of my

5    knowledge and ability.

6

7    /s/ Tammy L. Kelly                    October 26, 2023

8    Tammy L. Kelly

9    Court Transcriptionist For Reliable

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25