**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp, *et al*.,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: Nov. 21, 2023 at 11:30 a.m. (ET)**<br>**Objection Deadline: Nov. 14, 2023 at 4:00 p.m. (ET)** |

**APPLICATION OF THE DEBTORS FOR AN ORDER UNDER 11 U.S.C. §§ 327(A) AND 328(A), FED. R. BANKR. P. 2014 AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF WOMBLE BOND DICKINSON (US) LLP AS CO-COUNSEL <u>*NUNC PRO TUNC*</u> TO OCTOBER 6, 2023**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), submit this application (the "**Application**") for an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and approving the employment and retention of Womble Bond Dickinson (US) LLP ("**WBD**"), as counsel for the Debtors, *nunc pro tunc* to October 6, 2023.  In support of the Application, the Debtors rely on the declaration of Donald J. Detweiler (the "**Detweiler Declaration**"), attached hereto as **Exhibit B**, in support of the Application and the declaration of Melissa Leonard, attached hereto as **Exhibit C**.  In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

## BACKGROUND

1. On June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") with the United States Bankruptcy Court in the District of Delaware (the "**Court**"). The factual background regarding the Debtors, including their business operations and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15], which was filed on the Petition Date and is fully incorporated herein by reference.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been requested in the Chapter 11 Cases. The Official Committee of Unsecured Creditors was appointed on July 11, 2023 [Docket No. 96] and the Official Committee of Equity Security Holders was appointed on September 7, 2023 [Docket No. 375].

3. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**RELIEF REQUESTED**

5.     By this Application, the Debtors seek entry of an order, substantially in the form of **Exhibit A** attached hereto, authorizing and approving the employment of WBD, *nunc pro tunc* to October 6, 2023, in accordance with this Application and the proposed order submitted herewith, as the Debtors' bankruptcy co-counsel with White & Case LLP ("**W&C**") to perform the legal services that will be necessary during the Chapter 11 Cases, as more fully described herein.

**SCOPE OF SERVICES**

6.     The Debtors desire to employ WBD because of, among other reasons, the nature of the legal services that will be required in connection with the Chapter 11 Cases. The services of legal counsel are necessary to enable the Debtors to execute faithfully their duties as debtors-in-possession. In conjunction with W&C, the services WBD is expected to provide to the Debtors during the Chapter 11 Cases include, among other things:

   a.  advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

   b.  attending meetings and negotiating with representatives of creditors, interest holders, and other parties in interest;

   c.  analyzing proofs of claim filed against the Debtors and potential objections to such claims;

   d.  analyzing executory contracts and unexpired leases and potential assumptions, assignments, or rejections of such contracts and leases;

   e.  taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing

     the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the estates;

  f. preparing motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtors' estates;

  g. taking necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a plan of reorganization;

  h. advising the Debtors in connection with any potential sale of assets or stock and taking necessary action to guide the Debtors through such potential sale;

  i. appearing before this Court or any Appellate Courts and protecting the interests of the Debtors' estates before those Courts and the United States Trustee for the District of Delaware;

  j. advising on corporate, litigation, environmental, finance, tax, employee benefits, and other legal matters; and

  k. performing all other necessary legal services for the Debtors in connection with the Chapter 11 Cases.

  7. It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Subject to approval of this Application, WBD has confirmed its desire and willingness to act in the Chapter 11 Cases and to render the necessary professional services as attorneys for the Debtors. Further, WBD will work in conjunction with W&C to ensure there is no duplication of efforts.

### WBD'S DISINTERESTEDNESS

  8. As set forth in the Detweiler Declaration, WBD has in the past represented, currently represents, and likely in the future will represent, certain parties in interest in the Chapter 11 Cases, but only in connection with matters wholly unrelated to the Debtors, the Chapter 11

4

Cases, and such entities' claims against or interests in the Debtors.  Pursuant to Bankruptcy Code section 327(c), WBD is not disqualified from acting as the Debtors' counsel merely because it has represented or currently represents certain parties in interest in matters unrelated to the Chapter 11 Cases.

9. To the best of the Debtors' knowledge, and except as otherwise set forth in this Application and in the accompanying Detweiler Declaration, the partners, counsel, and associates of WBD (a) do not have any connection with any of the Debtors, their affiliates, their creditors, the U.S. Trustee or any person employed in the office of the same, any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the offices of the same, or any other party in interest, (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the Debtors' estates.

10. Moreover, the Debtors understand that WBD will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in the Chapter 11 Cases and will promptly update the Detweiler Declaration to disclose any material developments regarding the Debtors or any other pertinent relationships that come to WBD's attention.

**PROFESSIONAL COMPENSATION**

11. The Debtors understand that WBD intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

12. WBD will charge the Debtors for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by WBD in connection with its representation of the Debtors.

13. To comply with the United State Trustees' Appendix B - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "**U.S. Trustee Guidelines**"), the Debtors and WBD have developed a staffing plan and are currently developing a prospective budget for the Chapter 11 Cases (the "**Budget and Staffing Plan**") to comply with any requests for information and additional disclosures by the U.S. Trustee and any other orders of the Court, recognizing that, during the course of the Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and WBD. WBD and the Debtors will review the Budget and Staffing Plan throughout these Chapter 11 Cases to determine any adjustments required to the Budget and Staffing Plan.

14. During the course of the Chapter 11 Cases, WBD will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for interim payment against WBD's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Cases. WBD also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in U.S. Trustee

Guidelines, both in connection with the Application and any interim and final fee applications to be filed by WBD in these Chapter 11 Cases.

15. As of the Petition Date, the Debtors did not owe WBD any amounts for legal services rendered before the Petition Date and WBD is not a creditor of the Debtors.

16. The Debtors submit that the engagement and retention of WBD on the terms and conditions set forth herein is necessary and in the best interest of the Debtors, their estates, and their creditors and should be approved.

## SUPPORTING AUTHORITY

17. The Debtors seek retention and employment of WBD as their co-counsel pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a), and

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

18. Bankruptcy Rules 2014(a) and 2016(a) require that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014, and

> [A] detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other entity. Unless the case is a chapter 9 municipality case, the applicant shall transmit to the United States trustee a copy of the application.

Fed. R. Bankr. P. 2016.

19. The Debtors submit that for all the reasons stated herein and in the Detweiler Declaration, the retention and employment of WBD as counsel to the Debtors is warranted. Further, as stated in the Detweiler Declaration, WBD is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, except as may be disclosed in the Detweiler Declaration.

**CONSENT TO JURISDICTION**

20. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**NOTICE**

Notice of this Application will be given to: (i) the U.S. Trustee; (ii) Counsel to the Official Committee of Unsecured Creditors; (iii) Counsel to the Committee of Equity Security Holders; (iv) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (v) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to retain and employ WBD as bankruptcy co-counsel for the Debtors *nunc pro tunc* to October 6, 2023 and (b) granting such further relief as may be just and proper.

Dated: October 31, 2023
      Lordstown, Ohio

                                        */s/ Melissa Leonard*
                                        Melissa Leonard
                                        General Counsel,
                                        Lordstown Motors Corp.