**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Objection Deadline: November 14, 2023 at 4:00 p.m. (ET)<br>Hearing Date: November 21, 2023 at 11:30 a.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING
(A) PROCEDURES FOR THE SALE OR OTHER DISPOSITION OF
MISCELLANEOUS ASSETS AND (B) THE SALE OR OTHER DISPOSITION OF
MISCELLANEOUS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS,
AND ENCUMBRANCES IN ACCORDANCE WITH SUCH PROCEDURES,
AND (II) GRANTING RELATED RELIEF**

Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned cases, file this motion (the "**Motion**") pursuant to sections 105(a), 363, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District (the "**Local Rules**"), for entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), approving (i) procedures for the sale or other disposal of miscellaneous assets, (ii) the sale of miscellaneous assets free and clear of liens, claims, interests, and encumbrances in accordance with such procedures, and (iii) granting related relief. In support of this Motion, the Debtors state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**Relief Requested**

1. By this Motion, pursuant to sections 105(a), 363, and 554 of the Bankruptcy Code and Bankruptcy Rule 6004 and 6007, the Debtors seek entry of an order (a) approving the procedures for (i) selling free and clear of all liens, claims, interests, and encumbrances certain Assets (as defined below) in accordance with the Sale Procedures (as defined below) and (ii) otherwise disposing of Assets where, in the Debtors' sound business judgement, a sale thereof would not generate sufficient value for the Debtor's estate to offset the burden and cost of disposing such Assets, (b) authorizing and approving the Sale Notice to be served on certain parties in accordance with the Sale Procedures, substantially in the form attached to the Proposed Order as **Exhibit A**, (c) authorizing the Debtors to pay any necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of Assets, including, without limitation, removal costs and commission fees, and (d) granting related relief.

**Jurisdiction, Venue, and Authority**

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A. General Background

5.  On June 27, 2023 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") for these Chapter 11 Cases. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**" and collectively with the Creditors' Committee, the "**Committees**") for these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.  Additional factual background regarding the Debtors, including their business operations and the events leading to the filing of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "**First Day Declaration**"), which is fully incorporated here by reference.

### B. Sale of Certain of the Debtors Assets

7.  Following the consummation of the sale to LAS Capital, LLC (together with, its Assignee[2], the "**Purchaser**"), the Debtors have a limited amount of tangible assets remaining in

---

[2]   The Purchaser assigned its rights to LandX Motors Inc., a Delaware corporation (the "**Assignee**"). References herein to Purchaser shall also refer to the Assignee.

its Lordstown, Ohio, and Farmington Hills, Michigan facilities. By this Motion, the Debtors seek authority to sell or dispose of the Debtors' remaining tangible property at such locations, primarily comprised of information technology equipment, service vehicles, equipment, office furniture and miscellaneous personal property (collectively, the "**Assets**"). The Debtors do not believe the Assets are subject to any liens or encumbrances. The tangible Assets have limited value and the Debtors have, or will have, no further use for such Assets.

## The Miscellaneous Assets Sale Procedures

8. The Debtors submit that selling or otherwise disposing of the Assets through efficient procedures will reduce costs and other administrative expenses that otherwise would be incurred seeking authority to sell or dispose of such assets through separate motions. The Debtors propose the procedures set forth below to streamline the sale, transfer, or disposition process with respect to the Assets and ensure that parties in interest receive adequate notice of such sales. The proposed procedures described herein will allow the Debtors to sell or dispose of the Assets in an efficient and cost-effective manner and are consistent with the customary procedures approved by courts in this and other districts.

9. The Debtors propose that each sale of one or more of the remaining Assets be for the highest and best offer received, taking into consideration the disposition costs, timing, and exigencies and circumstances in each such sale, under the following procedures (the "**Sale Procedures**"):

   a. For any asset sale(s) to a single Purchaser or group of related Purchasers with an aggregate selling price of less than $350,000, the Debtors are authorized to sell the Assets without notice or further court order, after consultation with the Committees.

   b. For any asset sale to a single Purchaser or group of related Purchasers with an aggregate selling price of equal to or more than $350,000, but less than or equal to $500,000:

        i.        The Debtors shall file on the docket in these Cases a notice (a "**Sale Notice**") that will be served on (i) any known affected creditor asserting any liens, claims, interests, and/or encumbrances (collectively, the "**Encumbrances**") on any assets subject to such sale; (ii) the U.S. Trustee; (iii) the Committees, and (iv) the general service list established in these Cases pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**").  Such notice shall contain: (i) a general description of the Assets subject to the sale; (ii) the proposed Purchaser of the Assets; (iii) any commissions to be paid to third parties used to sell or auction the Assets, if any; (iv) a summary of the material terms of the sale; and (v) instructions consistent with the terms described herein regarding the procedures to assert objections to the proposed sale.

        ii.       If none of the Notice Parties file or serve upon counsel to the Debtors a written objection (including by email) within five (5) business days of service of such Sale Notice, then the Debtors may immediately consummate the transaction.  If an objection is filed or served within such period that cannot be resolved, such assets shall not be sold except upon further order of this Court after notice and a hearing.

c.        For any asset sale(s) to a single Purchaser or group of related Purchasers with an aggregate selling price greater than $500,000, the Debtors shall file a separate motion seeking approval from the Court with respect to such sale(s).

d.        Nothing in the foregoing procedures will prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed transaction (regardless of value) upon notice and a hearing.

10.       If the Debtors determine, in their reasonable business judgment, to otherwise dispose of any Assets to reduce costs and burden on the estates, the Debtors are authorized to dispose of the Assets without further court order.  For Assets with an estimated current value of greater than $25,000, net of disposal costs, the Debtors shall consult the Committees prior to disposing of such assets.

11.       When conducting sales of Assets, the Debtors may utilize the services of certain third parties, including, but not limited to, agents, brokers, or auctioneers.  The Debtors seek authority to pay any necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of Assets, including, without limitation, removal costs and commission fees.

**Basis for Relief**

A.  **Approval of the Procedures is in the Best Interests of the Debtors, their Estates, and All Parties in Interest, and the Procedures Satisfy Due Process Rights**

12.  As described above, the Sale Procedures would greatly maximize efficiency and, by extension, value in the Chapter 11 Cases. Without the Sale Procedures, the Debtors may be required to file separate motions each time they would want to sell or otherwise dispose of an Asset, thereby occupying the valuable time of the Debtors, the Court and its staff, the U.S. Trustee, the Committees, and other parties in interest, and may not be able to attract buyers who are seeking to transact quickly. In addition, the Sale Procedures would not violate or prejudice the due process rights of parties in interest, since they would receive notice of a Debtor's proposed sale of Assets and would be given an opportunity to object to any proposed action. Bankruptcy Rule 2002(a)(2) provides that, for cause shown, the Court may direct "another method of giving notice" of a proposed sale of property of the estate. The Debtors submit that good cause has been shown for approval and implementation of the Sale Procedures as a fair and reasonable alternative to the notice procedures of Bankruptcy Rule 2002. Moreover, the Court would maintain authority and oversight in the event of an objection to a particular proposed sale of Assets outside the ordinary course of business.

13.  Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of

reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted). The proposed Sale Procedures are necessary for the Debtors to carry out their restructuring efforts in a streamlined and value-maximizing manner. If the Court does not approve the proposed Sale Procedures, the Debtors may be forced to seek the approval of the sale or disposal of Assets on an individualized basis, thereby imposing unnecessary administrative burdens on the Debtors and the Court and resulting in unnecessary costs to the detriment of the Debtors' estates and their stakeholders.

14. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See In re Decora Indus., Inc.*, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991)).

### 1. Any Sale of Assets Pursuant to the Sale Procedures is and would be an Exercise of the Debtors' Sound Business Judgment and, Therefore, Should be Authorized

15. Section 363(b)(1) of the Bankruptcy Code empowers a court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor's decision to use, sell, or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513 (7th Cir. 1991)); *In re Cont'l Air Lines, Inc. (Cont'l)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (holding that, "for the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity

holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business" and that courts should consider, among other things, "the proportionate value of the asset to the estate as a whole" when reviewing a proposed transaction).

16. Courts also emphasize that the business judgment standard is not an onerous standard; rather it "is flexible and encourages discretion." *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011). Courts require only that the debtors "show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (citations omitted); see also *In re Phx. Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729, 2003 WL 22316543, at *31 (Bankr. S.D.N.Y. Mar. 4, 2003).

17. Here, the Assets are not necessary for the Debtors' businesses and, each having a sale value no greater than $300,000, represent a small fraction of the value of the Debtors' estates as a whole. The Sale Procedures would protect the Debtors against the declining value of the Assets, save the Debtors potentially significant interim storage costs, eliminate certain administrative costs, reduce professional fees, and expedite the sale of the Assets for the benefit of the Debtors' estates and their stakeholders. The Sale Procedures constitute the most efficient and cost-effective way to capitalize on the value of the Assets, while protecting the best interests of the Debtors, their estates, and other parties in interest. In fact, the Sale Procedures provide an appropriate framework for the Debtors, in consultation with their significant constituencies, to review, analyze, and compare all offers received to determine in good faith which offers (if any) to purchase Assets are in the best interests of the Debtors' estates and their economic stakeholders. The Sale Procedures undoubtedly would serve the important objectives of obtaining not only fair

and reasonable purchase prices for the Assets, but also the highest or otherwise best value for Assets, which would inure to the benefit of all parties in interest in the Chapter 11 Cases. In addition, compensating brokers engaged by the Debtors in connection with the sale of Assets would further promote efficiency, thereby maximizing value for the Debtors' estates and, thus, is in the best interest of the Debtors' estates and their economic stakeholders.

18. In sum, the Debtors have determined, in their sound business judgment, that any sale of Assets in accordance with the Procedures is and will be in the best interest of the Debtors' estates. The Debtors, therefore, respectfully request that the Court enter the Proposed Order authorizing and establishing the Procedures.

### 2. The Notice Component of the Sale Procedures is Reasonable and Appropriate.

19. The Sale Procedures described above, and the Sale Notice attached as **Exhibit A** to the Proposed Order, are reasonably calculated to provide all of the Debtors' significant creditors and all other parties in interest with adequate, timely notice of, among other things, any proposed sale of the Assets.

### 3. The Sale Procedures Will Produce, in Good Faith, Fair, and Reasonable Sales Prices for the Assets.

21. As set forth above, the Debtors believe that the proposed Sale Procedures will allow the Debtors to obtain fair and reasonable purchase prices for the Assets and to effectuate such transactions in an efficient and streamlined process. In doing so, the Sale Procedures provide an appropriate framework for the Debtors to review, analyze, and compare all offers received to determine in good faith which of such offers (if any) are in the best interests of the Debtors' estates and their economic stakeholders. The Sale Procedures undoubtedly will serve the important objectives of obtaining not only a fair and reasonable purchase price for the Assets, but also the

highest or otherwise best value for the Assets, which will inure to the benefit of all parties in interest in the Chapter 11 Cases.

    **B.    The Debtors Should be Permitted to Sell Assets Free and Clear of Interests Under Section 363(f) of the Bankruptcy Code**

    20.    In the interest of attracting the best offers, the Assets should be sold free and clear of any and all liens, claims, interests, and other encumbrances, in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, interests, and encumbrances attaching to the proceeds of the applicable sale. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances of an entity other than the estate if:

> (1) applicable non-bankruptcy law permits [the] sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see also In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (same).

    21.    Section 363(f) of the Bankruptcy Code is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *see also Volvo White Truck Corp. v. Chambersburg Beverage, Inc.*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of claims] is within the court's equitable powers when necessary to carry out the provisions of [the Bankruptcy Code].");

*MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988) (noting that the power to issue an injunction under section 105 of the Bankruptcy Code is "a corollary to the power to dispose of assets free and clear" of interests); *see also In re Purdue Pharma L.P.*, 69 F.4th 45, 75–76 (2d Cir. 2023).

22. The Debtors submit that the Sale Procedures satisfy section 363(f) of the Bankruptcy Code, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied. For example, to the extent that a party objects to a sale of Assets on the basis that it allegedly holds a prepetition lien or encumbrance thereon, the Debtors believe that any such party could be compelled to accept a monetary satisfaction of such claim under section 363(f)(5) of the Bankruptcy Code. Moreover, the Debtors will send a Sale Notice to purported and known holders of liens, claims, interests, or encumbrances on the applicable Assets. If such parties do not object to the proposed sale, then their "consent" should be presumed, thereby satisfying the prong in section 363(f)(2) of the Bankruptcy Code. *See Hargrave v. Twp. of Pemberton*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (by not objecting to a motion to dispose of assets, a creditor is deemed to consent to the relief requested therein).

23. Accordingly, in approving the sales of Assets free and clear of liens, claims, interests, or encumbrances, the Debtors request that the Court find that those who purchase Assets in good faith and in accordance with the Sale Procedures are entitled to the protections afforded by section 363(m) of the Bankruptcy Code.

C. **Disposal of Certain Assets is in the Best Interests of the Debtors, their Estates, and All Parties In Interest**

24. To the extent that it would be more economically sound, in the Debtors' sound business judgment, for the Debtors to dispose of certain Assets than it would be for them to incur costs relating to selling such assets (especially when considering the attendant expenses (e.g.,

storage, shipping, marketing)), the Debtors seek authority to dispose of such Assets without further Court approval, pursuant to section 554(a) of the Bankruptcy Code. *See* 11 U.S.C. § 554(a) ("After notice and a hearing . . . may abandon any property of the estate that . . . is of inconsequential value and benefit to the estate.").

25. The Debtors' Assets may include unused property, obsolete materials and equipment, non-repairable equipment, and other assets with miscellaneous or no value or may not be sellable at all. In these and other instances, it may be more economically sound for the Debtors to discard or otherwise dispose of certain Assets than it would for the Debtors to incur the attendant costs relating to selling such assets. Subject to applicable law,[3] the Debtors would not dispose of personal property unless, in the Debtors' reasonable business judgment after consultation with the Committees, if applicable, the sale of the Asset would not generate sufficient net value for the Debtors' estates.

26. Bankruptcy Rule 6007 affords the Court discretion in limiting notice and the time for filing objections in connection with the disposition of property. The Debtors submit that strict compliance with Bankruptcy Rule 6007(a) in connection with the disposition of Assets would be unnecessarily expensive and time consuming and would not provide any incremental benefit to the Debtors' estates or creditors.

27. Based on the foregoing, the Debtors respectfully submit that the authority to dispose of certain Assets represents an exercise of sound business judgment and is fair and appropriate under the circumstances.

---

[3] The Debtors would not dispose of personal property in contravention of applicable non-bankruptcy law, <u>where the abandonment or dispose of would pose an environmental hazard</u> or where a serious risk to the public is likely to result. *See Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 502 (1986) ("Neither the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to protect public health or safety.").

**Reservation of Rights**

28. Nothing contained herein or any actions taken pursuant to such relief requested is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds (whether under bankruptcy law or otherwise), a commitment or requirement to pay any claim, a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. The Debtors expressly reserve their rights to contest any claims under applicable bankruptcy and non-bankruptcy law.

**Compliance with Bankruptcy Rule 6004(a)
and Waiver of Bankruptcy Rule 6004(h)**

29. To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances. The Debtors also request that, to the extent applicable, the Court waive the stays imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief sought herein is necessary for the Debtors to maximize the value of their assets and recoveries for their economic stakeholders. Accordingly, the Debtors respectfully (a) submit that ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) request that the Order and any order authorizing any sale or otherwise dispose of Assets be effective immediately upon entry, thereby waiving the 14-day stays imposed by Bankruptcy Rule 6004(h).

**Notice**

30. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to Foxconn; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) the United States Attorney's Office for the District of Delaware; (h) the state attorneys general for states in which the Debtors conduct business; (i) any parties that have asserted liens against the Debtors' assets; (j) counsel to LAS Capital LLC; (k) all parties entitled to notice pursuant to Local Bankruptcy Rule 2002-1(b). Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 31, 2023

Respectfully submitted,

/s/ *Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*