IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 467** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT
AND THE FORM AND MANNER OF NOTICE, (II) APPROVING
PLAN SOLICITATION AND VOTING PROCEDURES, (III) APPROVING
FORMS OF BALLOTS, (IV) APPROVING FORM, MANNER, AND SCOPE OF
CONFIRMATION NOTICES, (V) ESTABLISHING CERTAIN DEADLINES IN
CONNECTION WITH APPROVAL OF THE DISCLOSURE STATEMENT AND
CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Disclosure Statement Order**"), pursuant to sections 105(a), 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, and 9008, and Local Rules 2002, 3017-1, and 9006-1, (i) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**") and the form and manner of notice; (ii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan (the "**Solicitation Procedures**"); (iii) approving the forms

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion, the Disclosure Statement, or the Plan, as applicable.

of ballots; (iv) approving the form, manner and scope of confirmation notices; (v) establishing certain deadlines in connection with approval of the Disclosure Statement and confirmation of the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as may be modified, amended, or supplemented from time to time, the "**Plan**");[3] and (vi) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors having consented to entry of a final order by this Court under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given and no other or further notice being necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[4]

A.     The Disclosure Statement contains "adequate information" regarding the Plan within the meaning of section 1125 of the Bankruptcy Code. No further information is necessary or required.

B.     The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes,

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

[4] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such, pursuant to Bankruptcy Rules 7052 and 9014.

in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release provisions contained in the Plan, with such provision also included in the Ballots and the Confirmation Hearing Notice.

C. Notice of the Disclosure Statement Hearing, provided in the manner described in the Motion and the form of which was attached to the Motion as **Exhibit B**, was sufficient and appropriate under the circumstances and complied with the applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules. No further notice is needed.

D. The Solicitation Procedures attached hereto as **Exhibit 1** provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

E. The proposed distribution and contents of the Solicitation Packages and other notices, as set forth in the Motion and the Solicitation Procedures, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Confirmation Hearing, the Plan, the procedures described to solicit votes to accept or reject the Plan and related matters.

F. The Ballots, substantially in the forms attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4**, **2-5**, **2-6**, **2-7**, and **2-8**, including all instructions provided therein, (i) are sufficiently consistent with Official Form No. B 314, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) provide adequate information and instructions for each Holder of Claims and Interests in the Voting Classes (Classes 3, 5, 7, 8, and 9) which are entitled to vote to accept or reject the Plan; or, in the case of Class 5, from which provisional votes will be solicited out of abundance of caution, notwithstanding that such Class is deemed to accept the Plan and (iv) provide adequate means for the lead plaintiff in the Ohio Securities Class Action to elect (or

reject) the treatment set forth in Class 10. No further information or instructions are necessary.

G. Pursuant to the Plan, the Holders of Claims and Interests in Class 3 (General Unsecured Claims), Class 7 (Common Stock Interests), Class 8 (Section 510(b) Claims), and Class 9 (RIDE Section 510(b) Claims) are impaired and entitled to receive distributions under the Plan. Accordingly, Holders of Claims and Interests in such classes are entitled to vote on account of such Claims and Interests. In addition, Holders of Interests in Class 5 (Foxconn Preferred Stock Interests) are Unimpaired under the Plan and deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Out of abundance of caution, however, the Debtors are soliciting provisional votes from Holders of Interests in Class 5. Further, the lead plaintiff in the Ohio Securities Class Action may elect, on behalf of himself and the putative class in connection with the Ohio Securities Class Action, the treatment set forth in Class 10 and will be sent a Class 10 ballot allowing it to do so. If such lead plaintiff elects the Class 10 treatment, the Holders of Claims in Class 10 will be unimpaired and will be deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. If such lead plaintiff does not make such election, the lead plaintiff in the Ohio Securities Class Action shall be entitled to cast a ballot in Class 8. Putative class members in respect of the Ohio Securities Class Action shall be entitled to vote in Class 8 regardless of whether the lead plaintiff in the Ohio Securities Class Action timely elects the treatment in Class 10; *provided*, that such votes shall not be counted if the treatment in Class 10 is approved at the Confirmation Hearing.

H. Pursuant to the Plan, Holders of Claims or Interests in Class 1 (Other Priority Claims), Class 2 (Secured Claims), Class 4 (Intercompany Claims), and Class 6 (Intercompany Interests) are Unimpaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan on account of

such Claims or Interests. Ballots need not be provided to Holders of Claims in the Non-Voting Classes (*i.e.*, Classes 1, 2, 4 and 6).

        I.        The combination of direct and published notice of the Plan and Confirmation Hearing, including, without limitation, the Confirmation Hearing Notice (with such changes as may be appropriate for purposes of publication, the "**Publication Notice**"), substantially in the form attached hereto as **Exhibit 3**, provides due, proper, and sufficient notice of the Plan, the Confirmation Hearing, and the opportunity to vote on and object to the Plan, complies with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1, and satisfies the requirements of due process with respect to all known and unknown creditors. No further notice is necessary or required.

        J.        The form of the Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims and Interests Conclusively Presumed to Accept the Plan (the "**Unclassified/Unimpaired Non-Voting Status Notice**"), substantially in the form attached hereto as **Exhibit 4**, comply with the Bankruptcy Code, Bankruptcy Rule 3017(d), and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to the Holders of Claims and Interests in the Class 1 (Other Priority Claims), Class 2 (Secured Claims), or other Holders of Claims or Interests that are otherwise deemed not entitled to vote to accept or reject the Plan. Holders of Interests in Class 4 (Intercompany Claims) and Holders of Claims in Class 6 (Intercompany Interests) will not receive an Unclassified/Unimpaired Non-Voting Status Notice of their non-voting status. No further notice is necessary or required. Although Holders of Interests in Class 5 (Foxconn Preferred Stock Interests) are Unimpaired and deemed to Accept the Plan, such Holders will receive a Ballot, and provisional votes from such Holders will be solicited. Further, the lead plaintiff in the Ohio Securities Class Action will receive a ballot

allowing it to elect the treatment set forth in Class 10.  No further notice is necessary or required.

K. The period during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan and timely return Ballots evidencing such decision.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

**Disclosure Statement**

2. The Disclosure Statement is **APPROVED** as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

3. All objections, if any, to the Disclosure Statement or relief requested in the Motion that have not been withdrawn or resolved prior to or at the hearing to consider approval of the Disclosure Statement are overruled.

4. The Disclosure Statement Hearing Notice and the manner of service thereof are each **APPROVED**.

5. The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the release, injunction, and exculpation provisions contained in Article VIII of the Plan, in accordance with Bankruptcy Rule 3016(c).

**Confirmation Hearing and Plan Confirmation Schedule**

6. The following dates and deadlines in connection with the Solicitation Procedures and the Confirmation Hearing are **APPROVED**:

| Event | Date |
|---|---|
| Voting Record Date | **October 31, 2023** |
| Solicitation Date | **Five (5) business days after the entry** |

| | |
|---|---|
| | of the Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Publication Deadline | **Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Rule 3018(a) Motion Deadline | **November 27, 2023 at 4:00 p.m. (ET)** |
| Voting Resolution Event Deadline | **December 5, 2023** |
| Plan Supplement Filing Deadline | **December 1, 2023 (The date that is no later than seven (7) days prior to the Plan Objection Deadline)** |
| Deadline to file proposed form of the Confirmation Order | **The date that is no later than seven (7) days prior to the Plan Objection Deadline** |
| Plan Objection Deadline | **December 8, 2023 at 4:00 p.m. (ET)** |
| Voting Deadline | **December 12, 2023 at 5:00 p.m. (ET)** |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation, (iii) Declarations in Support of Plan Confirmation, and (iv) Voting Report | **December 15, 2023** |
| Confirmation Hearing | **December 19, 2023 at 2:00 p.m. (ET)** |

7. The Confirmation Hearing shall be held on **December 19, 2023, at 2:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned or continued from time to time by this Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with this Court or by being announced in open court.

**Solicitation Packages**

8. The proposed distribution and contents of the Solicitation Packages, which shall include the following, are **APPROVED**:

(a) a Cover Letter, substantially in the form attached hereto as **Exhibit 8**, describing the contents of the Solicitation Package and providing

    instructions to obtain access, free of charge and in multiple, optional formats, to the Plan, Disclosure Statement, and this Disclosure Statement Order, and urging the Holders of Claims and Interests in the Voting Classes to vote to accept the Plan;

(b)  the Confirmation Hearing Notice;

(c)  the Disclosure Statement, with all exhibits that have been filed with the Court before the Solicitation Date, including the Plan;

(d)  the Disclosure Statement Order, including the Solicitation Procedures; and

(e)  an applicable Ballot, substantially in the form attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4**, **2-5**, **2-6**, **2-7**, and **2-8**, with return instructions and a return envelope, as applicable; and

(f)  any other materials to be included as requested by the Court.

9.  All contents of the Solicitation Package, including Ballots, shall be provided in paper format, except the (i) Disclosure Statement with all exhibits (to the extent such exhibits are filed with the Court before the Solicitation Date), including the Plan, and (ii) this Disclosure Statement Order with including the Solicitation Procedures, which will be provided through instructions in the Ballots.  The Solicitation Package shall include instructions to obtain access, free of charge, to the Plan, the Disclosure Statement, and the Disclosure Statement Order in electronic format through the Debtors' restructuring website all exhibits (to the extent such exhibits are filed with the Court before the Solicitation Date).

10.  The Solicitation Agent shall serve the Solicitation Package on the U.S. Trustee and on each known Holder of a Claim or Interest in a Voting Class by first class mail, or by international courier for each Holder of a Claim or Interest located outside of the United States, on or before the Solicitation Date.  Any party may request to receive a copy of any of the Solicitation Package materials from the Solicitation Agent by telephone or by written request.  Upon receipt of a telephonic or written request, the Solicitation Agent shall provide such creditor the requested materials at the Debtors' expense as soon as reasonably practicable thereafter.  The Debtors may

substitute hard copies of all solicitation materials instead of electronic format as may be necessary to achieve timely distribution of the Solicitation Packages or for any other reason.

11. The Debtors and the Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in these Chapter 11 Cases was returned as undeliverable, or any similar reason, by the postal service, unless the Solicitation Agent is provided with accurate addresses for such persons or entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

12. The Debtors shall distribute a copy of each of (i) the Confirmation Hearing Notice and (ii) the applicable Unimpaired/Unclassified Non-Voting Status Notice and to the Holders of Claims and Interests in Classes 1 and 2.  The Debtors and Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to such Holders, unless otherwise requested through the process set forth in the Unimpaired/Unclassified Non-Voting Status Notice.

13. The Debtors are not required to distribute any notice to Holders of Class 4 (Intercompany Claims) and Class 6 (Intercompany Interests).

14. The Disputed Claim or Interest Notice, substantially in the form attached hereto as **Exhibit 5** is hereby approved.  The Debtors shall distribute a copy of the Confirmation Hearing Notice and Disputed Claim Notice to Holders of Claims and Interests that are subject to a pending objection by the Debtors as of the Solicitation Date other than a "reclassify" or "reduce and allow" objection.  The Debtors and Solicitation Agent shall not be required to mail

a Solicitation Package or any other materials related to voting or confirmation of the Plan to such Holders unless a Resolution Event occurs, as provided in the Solicitation Procedures, *provided*, *however*, that if a Holder of a Disputed Claim or Interest files a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, the Solicitation Agent, at the direction of the Debtors or their counsel, shall send such Holder a Solicitation Package, including an applicable Ballot as soon as practicable after such Rule 3018(a) Motion is filed. A Ballot returned by a Holder of a Disputed Claim or Interest to the Solicitation Agent in compliance with the Solicitation Procedures shall only be counted to the extent that a Voting Resolution Event has occurred with respect to the Holder's Disputed Claim or Interest by the Voting Resolution Event Deadline.

15. If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Court after the Solicitation Date, the applicable Claim or Interest shall be deemed temporarily allowed solely for voting purposes, without further action by the Debtors or the Holder of such Claim or Interest and without further order of the Court, unless the Court orders otherwise.

16. The Debtors shall file and serve the Plan Supplement Notice on the parties specified on the Plan Supplement Notice on the date the Plan Supplement is filed, or as soon as possibly reasonable thereafter.

**Solicitation Procedures**

17. The Solicitation Procedures attached hereto as **Exhibit 1** are **APPROVED** in all respects.

18. The forms of Ballots attached hereto as **Exhibits 2-1**, **2-2**, **2-3**, **2-4**, **2-5**, **2-6**, **2-7**, and **2-8**, respectively, are **APPROVED** in all respects.

19. Each Claim for which a Proof of Claim has been timely filed or scheduled on account of a claim, cause of action, or litigation claim, including without limitation, any

purported class action, class suit, or similar representative action, Section 510(b) Claim, or RIDE Section 510(b) Claim against the Debtors and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including this Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.7(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of $1.00 per such Holder.  The temporary allowance of a Litigation Claim in the amount of $1.00 is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan.  Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Court for voting purposes only in a different amount.

20. In addition to the generally applicable voting and Ballot tabulation procedures set forth in Section IV.D of the Solicitation Procedures, the following additional procedures will apply to the voting of Interests held by beneficial Holders of Common Stock Interests in Class 7 (each a "**Beneficial Holder**").

    a. Within five (5) Business Days of the entry of this Disclosure Statement Order, each of the agents under the applicable documents governing the

        Beneficial Holders' Interests, (each an "**Agent**") shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of any directly registered Beneficial Holders as of the Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Disclosure Statement Order. The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Court. In the alternative, such Agents shall confirm to the Solicitation Agent that the applicable positions of the Beneficial Holders are all held in "street name".

   b.   On the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package, including an applicable Ballot, to all Entities that are directly registered Beneficial Holders as of the Voting Record Date, and (ii) an appropriate number of Solicitation Packages, including an appropriate number of applicable ballots, and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more Beneficial Holders holds an Interest in 'street name' as of the Voting Record Date.[5]

   c.   Each Nominee must distribute a Solicitation Package, including an applicable Ballot, to each Beneficial Holder for which they hold the applicable Interest or within five business days of receipt of such materials from the Solicitation Agent in one of the following two ways (as selected by the Nominee):

      1.  obtaining the votes of Beneficial Holders by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

      2.  distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC number, as applicable, the amount of securities held by the Nominee for the Beneficial Holder, and the

---

[5] Nominees may use their ordinary and standard procedures to disseminate the voting materials (including use of their own voting form) as well as in the collection of votes and elections from their Beneficial Holders.

12

            account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

      d.      Any Nominee of an applicable Common Stock Interest holding such securities both as record Holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline.

      e.      Any Agent appointed in respect of an applicable Common Stock Interest will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Interest(s) in the manner set forth herein.

21.      Solely for the purpose of voting to accept or reject the Plan and not for purposes of the allowance of, or distribution on account of, a Claim or Interest, the following hierarchy shall be used to determine the amount of the Claim or Interest associated with each claimant's or equity holder's vote:

      a.      the Claim or Interest amount (i) settled or agreed upon by the Debtors, as memorialized in a document filed with the Court,[6] (ii) set forth in an order of the Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

      b.      if subsection (a) does not apply, the Claim or Interest amount allowed (temporarily or otherwise) pursuant to a Resolution Event under the Solicitation Procedures;

      c.      if none of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, *that*, any Ballot submitted by a Holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtors) that is not the subject of an objection shall count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a general unsecured Claim in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially

---

[6] For the avoidance of doubt, a holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Court.

        unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount;

    d.    if none of subsections (a)–(c) apply, the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled for $0.00 or as contingent, disputed, or unliquidated and has not been paid; *provided, further*, that a Claim that is listed in the Schedules for $0.00 or as contingent, unliquidated, or disputed and for which a Proof of Claim was *not* (i) filed by the applicable Bar Date (as may have been extended by agreement of the Debtors) or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote; and

    e.    if none of subsections (a)–(d) apply, such Claim or Interest shall be disallowed for voting purposes.

22.     In addition, the amount of Interests allowed to vote of Holders of Class 7 (Common Stock Interests) is based on the number of shares owned as reflected in the DTC's books and records as of the Voting Record Date, which Interests are not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of an Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Interest in the reduced amount contained in such objection absent a further order of the Court.

23.     The amount of Claims for which proofs of claim have been filed allowed to vote in respect of Holders of Class 8 (Section 510(b) Claims) and Class 9 (RIDE Section 510(b) Claims) shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Holder. The temporary allowance of a Section 510(b) Claim or RIDE Section 510(b) Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan.

24. Holders of Common Stock Interest who filed Class 1, 2, or 3 proofs of claim in respect of such Common Stock Interest will not receive a Class 1, 2, or 3 Ballot, but rather a Class 7 Ballot through their Nominee, even if motions to reclassify their Interests are not filed. Holders of Class 7 (Section 510(b) Claims) and Class 8 (RIDE Section 510(b) Claims) who filed Classes 1, 2, or 3 proofs of claim will not receive a Classes 1, 2, or 3 Ballot, but rather a Classes 8 or 9 Ballot, even if motions to reclassify their Claims are not filed. The lead plaintiff in respect of the Ohio Securities Class Action will also receive a Class 10 Election ballot.

25. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims. If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.

26. As Solicitation Agent in these Chapter 11 Cases, KCC shall process and tabulate Ballots in accordance with the Solicitation Procedures and file the Voting Report no later than **December 15, 2023**, subject to any extension. As set forth in full in the Solicitation Procedures, the following Ballots shall not be counted:

    a. any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

    b. any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot. The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk. Delivery of

        the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

    c.    any Ballot delivered by facsimile transmission, electronic mail (other than a Master Ballot), or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Platform (defined below) shall be counted;

    d.    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

    e.    any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

    f.    any Ballot sent to a person other than the Solicitation Agent;

    g.    any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's E-Ballot Platform shall be deemed to contain an original signature;

    h.    a Ballot without a vote on the Plan or in which the claimant or interest holder has voted to both accept and reject the Plan; or

    i.    any Ballot that is not completed.

**Confirmation Notices and Objection Procedures**

27.    The form, manner, and scope of the Confirmation Hearing Notice (and Publication Notice), the Unimpaired/Unclassified Non-Voting Status Notices, the Disputed Claim or Interest Notice, the Plan Supplement Notice, the Cure and Assumption Notice, substantially in the forms attached hereto as **Exhibits 3**, **4**, **5**, **6**, **7**, and **8**, respectively, constitute good, sufficient, and adequate notice to all parties, including known and unknown creditors, comply with the requirements of due process, and are **APPROVED**. Such notices are being provided by means reasonably calculated to reach all interested persons, reasonably convey all the required information to inform all persons affected thereby, and provide a reasonable time for a response and an opportunity to object to the relief requested. No other or further notice is necessary.

28.    The Debtors shall not be required to deliver Ballots or Solicitation Packages to counterparties to the Debtors' Executory Contracts and Unexpired Leases that do not have

scheduled Claims or Claims based upon filed Proofs of Claim.  Rather, the Debtors are authorized to mail the Cure and Assumption Notice to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed fourteen (14) days prior to the Confirmation Hearing.  Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and actually received by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Court.  Any counterparty to an executory contract or unexpired lease that does not timely object to the notice of the proposed assumption of such executory contract or unexpired lease shall be deemed to have assented to assumption of the applicable executory contract or unexpired lease.

29.     Notwithstanding anything else herein, the Debtors shall serve the Confirmation Hearing Notice on: (a) the U.S. Trustee, (b) Foxconn, (c) the Internal Revenue Service, (d) the Securities and Exchange Commission, (e) the United States Attorney for the District of Delaware, (f) the state attorneys general for all states in which the Debtors conduct business; (g) any parties who have asserted liens against the Debtors' assets; (h) counsel to the Creditors' Committee, (i) counsel to the Equity Committee, (j) all Holders of Litigation Claims, (k) all known Holders of Claims and Interests; and (l) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.

30.     Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) set forth in detail the name and address of any party filing the objection and the nature, the legal and factual basis for the objection, the amount of the objector's Claim or Interest or such other grounds that give the objector standing to assert the objection, and any evidentiary support therefor, (c) provide proposed language that, if accepted and incorporated by the Debtors, would

obviate such objection, (d) conform to the Bankruptcy Rules, the Local Rules, and any order of this Court, (e) be filed with this Court, and (f) be served upon the parties listed in the Confirmation Hearing Notice at the addresses set forth therein, on or before the Plan Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by email delivered to counsel of the Debtors.

31. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Disclosure Statement Order may not be considered by this Court.

32. The Debtors or other parties in interest may file and serve a reply or replies to any objections or responses to confirmation of the Plan on or before **December 15, 2023**, subject to any extension.

**Additional Relief**

33. The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Disclosure Statement Order without seeking further order of this Court.

34. The Debtors are authorized, in consultation with the UCC and the EC, to make non-substantive or immaterial changes to the Disclosure Statement, the Disclosure Statement Order, the Plan, the Ballots, the Solicitation Procedures, the Solicitation Packages and all documents provided therein, the Confirmation Hearing Notice, the Unimpaired/Unclassified Non-Voting Status Notice, the Disputed Claim or Interest Notice, and related documents without further order of this Court, including, without limitation, changes to correct typographical, grammatical, and formatting errors or omissions, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution, or modify the Publication Notice as necessary. To the extent any changes are made, the Debtors will notify the U.S. Trustee of such changes.

35. In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors and the Solicitation Agent are authorized to accept Ballots from voters via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent (the "**E-Ballot Platform**") and, with respect to Master Ballots, by email. Parties entitled to vote through the E-Ballot Platform may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Platform. Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

36. Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

37. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

38. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Disclosure Statement Order.

Dated: November 1st, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE