**Exhibit 1**

**Solicitation Procedures**

Case 23-10831-MFW    Doc 651-1    Filed 11/01/23    Page 1 of 18

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**SOLICITATION PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. [●]] (the "**Disclosure Statement Order**"): (a) approving the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"); (b) establishing the Voting Record Date, Voting Deadline, and other related dates in connection with confirmation of the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (d) approving the form and manner of notice and other related documents as they relate to the Debtors; and (e) granting related relief.

The Solicitation Procedures set forth in this document are supplemented by the instructions accompanying the Ballots included in the Solicitation Packages that will be sent to those Holders of Claims and Interests entitled to vote to accept or reject the Plan. Reference should be made to those instructions in addition to this document; however, in the case of a conflict, the terms of the Ballots control.

**I.    VOTING RECORD DATE**

The Bankruptcy Court has established **October 31, 2023** (the "**Voting Record Date**") as the record date for purposes of determining which Holders of Claims or Interests in Class 3 (General Unsecured Claims), Class 7 (Common Stock Interests), Class 8 (Section 510(b) Claims), and Class 9 (RIDE Section 510(b) Claims) (collectively, the "**Voting Classes**") are entitled to vote on the Plan. Holders of Interests in Class 5 (Foxconn Preferred Stock Interests) are Unimpaired and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

deemed to accept the Plan, however, votes on the Plan from such Class 5 Interest Holders will be provisionally solicited out of abundance of caution.  Further, the lead plaintiff in the Ohio Securities Class Action may elect, on behalf of himself and the putative class in connection with the Ohio Securities Class Action, the treatment set forth in Class 10 and will be sent a Class 10 Election ballot allowing it to do so.  If such lead plaintiff elects the Class 10 treatment under the Plan, the Holders of Claims in Class 10 will be unimpaired and will be deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  If such lead plaintiff does not make such Class 10 Election, the lead plaintiff in the Ohio Securities Class Action shall be entitled to cast a ballot in Class 8 (Section 510(b) Claims).  Putative class members in respect of the Ohio Securities Class Action shall be entitled to vote in Class 8 regardless of whether the lead plaintiff in the Ohio Securities Class Action timely elects the treatment in Class 10; *provided*, that such votes shall not be counted if the treatment in Class 10 is approved at the Confirmation Hearing.

## II.     VOTING DEADLINE

The Bankruptcy Court has approved **December 12, 2023, at 5:00 p.m. (prevailing Eastern Time)** as the deadline to vote to accept or reject the Plan (the "**Voting Deadline**").  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Bankruptcy Court.  To be counted as a vote to accept or reject the Plan, each Ballot or Master Ballot (each, generally referred to herein as a "**Ballot**") must be properly executed, completed, and delivered by (1) the electronic Ballot submission platform (the "**E-Ballot Platform**") on the website maintained by Kurtzman Carson Consultants LLC (the "**Solicitation Agent**") in respect of the Debtors' chapter 11 cases (except in the case of Master Ballots, which cannot be submitted via the E-Ballot Platform but can be returned to the Solicitation Agent by email instead per item (5) below), (2) mail, (3) overnight delivery, (4) personal delivery, or (5) email (solely with respect to Master Ballots submitted by Nominees on behalf of Beneficial Holders (each as defined below), as applicable), so that it is ***actually received***, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Ballot must be returned through the E-Ballot Platform at www.kccllc.net/lordstown, by mail using the envelope included in the Solicitation Package, or by overnight or personal delivery to the following address:
:

> Kurtzman Carson Consultants LLC
> Lordstown Ballot Processing
> c/o KCC
> 222 N. Pacific Coast Highway
> Suite 300
> El Segundo, CA 90245

Only one Ballot may be submitted on account of each Claim or Interest.  Holders of Claims or Interests that submit a Ballot via the E-Ballot Platform should not also submit a paper Ballot.  If a Holder of a Claim or Interest submits a Ballot using the E-Ballot Platform and a paper Ballot, the Ballot actually received by the Solicitation Agent before the Voting Deadline via the E-Ballot Platform shall be deemed to be the effective vote unless otherwise agreed to by the Debtors in their sole and absolute discretion.  If Ballots are not actually received by the Solicitation Agent by the

Voting Deadline, they will not be counted. Delivery of a Ballot to the Solicitation Agent by facsimile or electronic means other than through the E-Ballot Platform shall not be valid, *except* in the case of Master Ballots submitted by Nominees (each as defined below) on behalf of Beneficial Holders, which cannot be submitted via the E-Ballot Platform.

Solely in the cases of Master Ballots submitted by Nominees on behalf of Beneficial Holders of the Common Stock Interests, such Ballots may be returned to the Solicitation Agent, via electronic mail at the email address provided on the Ballot, so that they are *actually received* no later than the Voting Deadline. For the avoidance of doubt, only Nominees submitting Master Ballots on behalf of Beneficial Holders may submit Master Ballots via electronic mail.

### III. FORM, CONTENT, AND MANNER OF NOTICES

#### A. Content of the Solicitation Package.

The following materials shall constitute the solicitation package (the "**Solicitation Package**"):

1. a cover letter (the "**Cover Letter**"), in substantially the form annexed to the Disclosure Statement Order as **Exhibit 8**, describing the contents of the Solicitation Package, providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order at the Debtors' restructuring website, and instructions for obtaining, free of charge, paper or flash drive copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan;

2. the *Notice of Hearing to Consider Confirmation of the Joint Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines*, substantially in the form annexed to the Disclosure Statement Order as **Exhibit 3** (the "**Confirmation Hearing Notice**");

3. an applicable Ballot, substantially in the form attached to the Disclosure Statement Order as **Exhibits 2-1**, **2-2**, **2-3**, **2-4**, **2-5**, **2-6**, **2-7**, and **2-8**, with return instructions and a return envelope, as applicable;

4. instructions that provide directions to the claimants or equity holders to the solicitation section on the Debtors' restructuring website, https://www.kccllc.net/lordstown, which contains (i) the Disclosure Statement with all exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date), including the Plan, and (ii) the Disclosure Statement Order with all exhibits, including the Solicitation Procedures; and

5. any other materials ordered by the Bankruptcy Court to be included as part of the Solicitation Package.

#### B. Distribution of the Solicitation Package.

This Section III.B explains the manner in which Solicitation Packages shall be distributed to Holders of Claims and Interests entitled to vote on the Plan and other interested parties.

1.      All contents of the Solicitation Package, including Ballots, shall be provided in paper format, except the Disclosure Statement with all exhibits, including the Plan and all other exhibits (to the extent such exhibits are filed with the Bankruptcy Court before the Solicitation Date (defined below)) and the Disclosure Statement Order, including the Solicitation Procedures, will be provided in an electronic format through instructions provided in the Ballot that directs the Holders of Claims or Interests to the Debtors' restructuring website, https://www.kccllc.net/lordstown.  The Solicitation Package shall include the instructions to obtain access, free of charge, to the Plan, the Disclosure Statement and the Disclosure Statement Order in electronic format through the Debtors' restructuring website https://www.kccllc.net/lordstown.  Any party in interest that would like to receive additional copies of the solicitation materials may make such a request by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 or (424) 236-7235 (International)); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Ballot Processing c/o KCC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).  As soon as reasonably practicable after receiving such a request, the Solicitation Agent shall provide copies of the Plan, the Disclosure Statement, and/or the Disclosure Statement Order to such party in the requested format, free of charge.

2.      *Voting Classes*.  Subject to Section IV.D below, which provides special procedures relating to the solicitation of certain Holders of Class 7 (Common Stock Interests), the Solicitation Agent shall cause a Solicitation Package to be served on each Holder of a Claim or Interest in the Voting Classes who is entitled to vote, as further identified in Section IV.A herein, **within five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** (the "**Solicitation Date**").

3.      *Other Parties*.  The Solicitation Agent shall cause a Solicitation Package (without a Ballot) to be served on the following parties, or, in lieu thereof, their counsel by the Solicitation Date (to the extent the parties have not received a Solicitation Package with a Ballot): (a) the U.S. Trustee, (b) Foxconn, (c) the Internal Revenue Service, (d) the Securities and Exchange Commission, (e) the United States Attorney for the District of Delaware, (f) the state attorneys general for all states in which the Debtors conduct business; (g) any parties who have asserted liens against the Debtors' assets; (h) counsel to the Creditors' Committee, (i) counsel to the Equity Committee, and (i) any other party that has requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

4.      *Exception for Undeliverables*.  Notwithstanding any provision to the contrary herein, neither the Debtors nor the Solicitation Agent shall be required to distribute a Solicitation Package to any Person or Entity as to whom the notice of the Disclosure Statement Motion or other mailed notice in the Chapter 11 Cases was returned as undeliverable by the postal service, unless the Solicitation Agent is provided with an accurate address for such Person or Entity before the Solicitation Date.

5. *Avoidance of Duplication*. The Debtors shall make reasonable efforts to ensure that any Holder of a Claim and/or Interest that has filed duplicative Claims and/or Interest against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and/or Interest and with respect to that Class.

**C.      Resolution of Disputed Claims or Interests for Voting Purposes; Resolution Event.**

1. Absent further order of the Bankruptcy Court, the Holder of a Claim or Interest in a Voting Class that is the subject of a pending objection only to reclassify or reduce the amount of such Claim or Interest, i.e. a "reclassify" claims objection or a "reduce and allow" claim or interest objection, shall be entitled to vote such Claim or Interest in accordance with the proposed reclassification or in the reduced amount (as applicable) contained in such claim or interest objection.

2. If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or prior to the Solicitation Date (a "**Disputed Claim or Interest**"), (a) the Debtors shall cause the applicable Holder to be served with a notice of such Disputed Claim or Interest, substantially in the form attached to the Disclosure Statement Order as **Exhibit 5** and (b) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim or Interests unless a Resolution Event (as defined below) occurs as provided herein.

3. If a Claim or Interest in a Voting Class is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court after the Solicitation Date, the applicable Claim or Interest shall be deemed temporarily allowed solely for voting purposes, without further action by the Debtors or the Holder of such Claim or Interest and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

4. If the Holder of any Disputed Claim or Interest seeks to challenge the disallowance or estimation of its Claim or Interest for voting purposes, such Holder must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**"). Any Rule 3018(a) Motion must be filed with the Bankruptcy Court and served on the Debtors *so as to be actually received by* **November 27, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**"). If a Holder of a Disputed Claim or Interest files a timely Rule 3018(a) Motion, such Holder's Ballot shall not be counted unless a Resolution Event occurs with respect to such Disputed Claim or Interest prior to **December 5, 2023** (the "**Voting Resolution Event Deadline**").[3]

---

[3] If a Holder of a Disputed Claim or Interest files a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, the Solicitation Agent, at the direction of the Debtors or their counsel, shall send such Holder a Solicitation Package, including an applicable Ballot as soon as practicable after such Rule 3018(a) Motion is filed. A Ballot returned by a Holder of a Disputed Claim or Interest to the Solicitation Agent in compliance with these Solicitation Procedures shall only be counted to the extent that a Voting Resolution Event has occurred with respect to the Holder's Disputed Claim or Interest by the Voting Resolution Event Deadline.

5

        5.     A "**Resolution Event**" means, with respect to a Disputed Claim or Interest that is the subject of an objection other than a "reclassify" or "reduce and allow" objection, the occurrence of one or more of the following events on or before the Voting Resolution Event Deadline:

        (a) entry of an order of the Bankruptcy Court, after notice and a hearing, allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code;

        (b) entry of an order of the Bankruptcy Court, after notice and a hearing, granting a Rule 3018(a) Motion and temporarily allowing such Claim or Interest for voting purposes;

        (c) execution of a stipulation or other agreement between the Holder of a Disputed Claim or Interest and the Debtors resolving the objection and allowing such Claim or Interest for voting purposes in an agreed-upon amount or otherwise fixing an amount of the Claim or Interest for voting purposes; or

        (d) the pending objection is voluntarily withdrawn by the objecting party.

        6.     No later than two (2) Business Days following the occurrence of a Resolution Event, the Debtors shall cause the Solicitation Agent to serve, via email, overnight mail, or personal delivery, a Solicitation Package to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot; provided that if the Resolution Event occurs pursuant to sections 5(c) and 5(d) above, the Debtors shall not assert that any Ballot returned by the relevant Holder is untimely provided that such Ballot is returned within three (3) Business Days of the Resolution Event.

        **D.**     **Non-Voting Status Notices for Unclassified Classes and Unimpaired Classes Presumed to Accept the Plan.**

Certain Holders of Claims and Interests that are not classified under Article III of the Plan in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, shall receive (i) the Confirmation Hearing Notice, and (ii) the Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims and Interests Conclusively Presumed to Accept the Plan (the "**Unclassified/Unimpaired Non-Voting Status Notice**"), substantially in the form annexed to the Disclosure Statement Order as **Exhibit 4**. Such notices will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots) should they wish to receive them. Holders of Claims or Interests in Class 4 (Intercompany Claims) and Class 7 (Intercompany Interests) are Unimpaired and presumed to accept the Plan and will not receive any notice. Although Holders of Interests in Class 5 (Foxconn Preferred Stock Interests) are Unimpaired and deemed to accept the Plan, such Holders will receive a Ballot, and provisional votes from such Holders will be solicited.

E.  **Class 10 Election Ballot.**

The Ohio Securities Class Action Lead Plaintiff may elect, on behalf of himself and the putative class in connection with the Ohio Securities Class Action, the treatment set forth in Class 10 under the Plan and will be sent a Class 10 Election Ballot. If the Ohio Securities Class Action Lead Plaintiff elects the Class 10 treatment, the holders of Class 10 Ohio Securities Class Action Claims will be unimpaired and be deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. If the Ohio Securities Class Action Lead Plaintiff does not such election, the Ohio Securities Class Action Lead Plaintiff shall be entitled to vote to accept or reject the Plan and cast a ballot in Class 8 Section 510(b) Claims. Putative class members in respect to the Ohio Securities Class Action shall be entitled to vote in Class 8 regardless of whether the Ohio Securities Class Action Lead Plaintiff timely makes a Class 10 Election, *provided*, that such votes shall not be counted if the treatment in Class 10 is approved at the Confirmation Hearing.

## IV.  GENERAL VOTING AND TABULATION PROCEDURES

A.  **Holders of Claims and Interests Entitled to Vote.**

Only the following Holders of Claims and Interests in the Voting Classes shall be entitled to vote with respect to such Claims.

1.  Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (a) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (b) is not the subject of a pending objection, other than a "reclassify" or "reduce and allow" objection, filed with the Bankruptcy Court on or before the Solicitation Date, pending the occurrence of a Resolution Event as provided herein; *provided that* a Holder of a Claim that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Bankruptcy Court; Holders of Claims that are listed on the Debtors' Schedules; *provided that* Claims that are scheduled for $0.00 and/or marked as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section IV.B herein;

2.  Holders of Class 7 (Common Stock Interests), based on the number of shares owned as reflected in the DTC's records as of the Voting Record Date, which Interests are not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Bankruptcy Court by the Debtors at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of an Interest that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Interest in the reduced amount contained in such objection absent a further order of the Bankruptcy Court;

3.  Holders of Class 8 (Section 510(b) Claims) and Class 9 (RIDE Section 510(b) Claims) shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Holder. The temporary

allowance of a Section 510(b) Claim or RIDE Section 510(b) Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan.  Any Holder of a Section 510(b) Claim or RIDE Section 510(b) Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C above.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Section 510(b) Claim or RIDE Section 510(b) Claim that files a Rule 3018(a) Motion will be counted solely in accordance with these Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

4. Holders of Claims whose Claims arise (a) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, (b) in an order entered by the Bankruptcy Court, or (c) in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed;

5. Holders of any Disputed Claim or Interest that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018 in accordance with Section III.C.III.5.5 above; and

6. The assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (1) through (5) above; *provided that* such transfer or assignment of Claim has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Voting Record Date.

B. **Establishing Claim and Interest Amounts for Voting Purposes.**

1. If a Proof of Claim has been amended, the last-filed Proof of Claim shall be subject to these Solicitation Procedures and shall supersede any earlier filed Proof of Claim for voting purposes.  Any earlier-filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim.

2. Duplicate Claims or Interests within the same Voting Class shall be deemed, without the need for any objection by the Debtors or a decision of this Court, temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims. Such Holders of Claims or Interests shall be provided with only one Solicitation Package and one Ballot for voting on a single Claim or Interest in such Class, regardless of whether the Debtors have objected to such duplicate Claims or Interests.

3.  Holders of Common Stock Interest who filed Classes 1, 2, or 3 proofs of claim will not receive a Classes 1, 2, or 3 Ballot, but rather a Class 7 Ballot through their Nominee, even if motions to reclassify their Interests are not filed. Holders of Class 8 (Section 510(b) Claims) and Class 9 (RIDE Section 510(b) Claims) who filed Classes 1, 2, or 3 proofs of claim will not receive a Classes 1, 2, or 3 Ballot, but rather a Classes 8 or 9 Ballot, even if motions to reclassify their Claims are not filed.

4.  Claims filed for $0.00 or blank are not entitled to vote on the Plan.

5.  **Common Stock Interests in Class 7.** The Claim amount of Class 7 (Common Stock Interests) for voting purposes only will be established based on the number of shares owned as reflected in the DTC's records as of the Voting Record Date. The Interests amount of Class 7 (Common Stock Interests) of directly registered holders and beneficial holders as well as the number for voting purposes only will be established through the agent or applicable Nominees, as the case may be, in the amount of the applicable positions held by such claim holder as of the Voting Record Date, as evidenced by the securities position reports from the DTC as the case may be, notwithstanding the interests asserted in any proof of claim or interest filed by such Holders of Interests.

6.  **Class 8 Section 510(b) Claims and Class 9 RIDE Section 510(b) Claims.** The Claim amounts of Class 8 Section 510(b) Claims and Class 9 RIDE Section 510(b) Claims, for voting purposes only, shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Holder. The temporary allowance of a Section 510(b) Claim or RIDE Section 510(b) Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan.

7.  **Filed and Scheduled Claims and Interests.** The Claim or Interest amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim or Interest under the terms of the Plan. Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim or Interest associated with each claimant's vote:

    (a) the Claim or Interest amount (i) settled or agreed upon by the Debtors, as memorialized in a document filed with the Bankruptcy Court,[4] (ii) set forth in an order of the Bankruptcy Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

    (b) if subsection (a) does not apply, the Claim or Interest amount allowed (temporarily or otherwise) pursuant to a Resolution Event under <u>Section III.C.5</u> above;

---

[4] For the avoidance of doubt, a Holder of a Claim or Interest that is the subject of a pending objection on a "reclassify" or "reduce and allow" basis shall be entitled to vote such Claim in the reclassified priority or reduced amount contained in such objection absent a further order of the Bankruptcy Court.

(c) if none of subsections (a)–(b) apply, the Claim amount asserted in a Proof of Claim that has been timely filed (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; *provided*, *that*, any Ballot submitted by a Holder of a Claim who timely filed a Proof of Claim in respect of (i) a contingent Claim[5] or a Claim in a wholly-unliquidated, unknown or undetermined amount (based on a reasonable review by the Debtors) that is not the subject of an objection shall count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and shall count as a Ballot for a general unsecured Claim in the amount of $1.00 solely for the purposes of voting and satisfying the dollar amount requirement of section 1126(c) of the Bankruptcy Code, and (ii) with respect to a non-contingent, partially liquidated and partially unliquidated Claim, such Claim shall be allowed for voting purposes only in the liquidated amount;

(d) if none of subsections (a)–(c) apply, the Claim amount listed in the Schedules (to the extent such Claim has not been superseded by a timely filed Proof of Claim or Proof of Interest); *provided* that such Claim is not scheduled for $0.00 or as contingent, disputed, or unliquidated and has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules for $0.00 or as contingent, unliquidated, or disputed and for which a Proof of Claim was *not* (i) filed by the applicable Bar Date (as may have been extended by agreement of the Debtors) or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline is not entitled to vote; and

(e) if none of subsections (a)–(d) apply, such Claim or Interest shall be disallowed for voting purposes.

8. **Calculation of Votes With Respect to Litigation Claims.**  For the avoidance of doubt, each Claim for which a Proof of Claim has been timely filed or scheduled on account of a claim, cause of action, or litigation, including without limitation, any purported class action, class suit, or similar representative action, Section 510(b) Claim, or RIDE Section 510(b) Claim, against the Debtors and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.7(c) above is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Holder.  The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the

---

[5] For the avoidance of doubt, contingent Claims may include, but are not limited to, Claims in respect of indemnification, property damage, including to automobiles, wrongful termination, fire damage, personal injury, damages arising from the purchase or sale of a security of the debtor, and workers' compensation claims.

Holder, the Debtors, or any other party for any purpose other than voting on the Plan. Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C above. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with these Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

### C. General Voting and Ballot Tabulation Procedures.

Subject to the special procedures provided in Section IV.D below, the following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the Ballots, subject to the Debtors' right to waive any of the below specified requirements (in the Debtors' sole and absolute discretion and without further order from or notice to the Bankruptcy Court, but with notice to the Creditors' Committee and the Equity Committee) for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, the Bankruptcy Rules or Local Rules.[6]

1. The Solicitation Agent shall date-stamp all Ballots when received. Ballots received on the day of the Voting Deadline shall be date and time-stamped. The Solicitation Agent shall tabulate Ballots on a class-by-class basis. In addition, the Solicitation Agent shall retain originals of all Ballots for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court.

2. Except as otherwise provided in these Solicitation Procedures, unless a Ballot is received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors in their sole discretion), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan.

3. If a Claim or Interest has been estimated for voting purposes in accordance with Section III.C.4 above or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim is temporarily allowed for voting purposes in the amount so estimated or allowed in such order.

4. Except as otherwise provided herein, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims and Interests held by a single creditor in a Voting Class shall be aggregated as if such creditor held one Claim or Interest in the Voting Class, and the votes related to such Claims or Interests shall be treated as a single vote to accept or reject the Plan.

5. The Debtors will file with the Bankruptcy Court a voting report (the "**Voting Report**"). The Voting Report shall, among other things, delineate every Ballot that does

---

[6] The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballots in all respects. In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the Ballots, the Ballots will control.

not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (collectively, in each case, the "**Irregular Ballots**"). The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot.

6. A voting creditor or interest holder may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot – and the Debtors reserve the right to contest any such withdrawals. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors. Delivery of an Irregular Ballot shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors, *provided*, *that*, neither the Debtors nor the Solicitation Agent are obligated to advise Holders of any defects or irregularities that prevent the inclusion of such Irregular Ballots in the final Plan vote tabulation.

7. The Holder of a Claim or Interest must complete each section of the Ballot, including, without limitation, certifying the amount of its Claims or Interests, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot.

8. The Debtors are authorized to enter into stipulations or other agreements with the Holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes.

9. The Holder of a Claim or Interest must vote all of its Claims or Interests either to accept or reject the Plan. Accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts the Plan may not be counted. Except with respect to delivery of a Master Ballot pursuant to the procedures set forth herein, to the extent possible, the Debtors shall distribute to each Holder of a Claim or Interest in the Voting Classes a single Ballot on account of the Claim or Interest held by such Holder in the Voting Classes.

10. If the party executing the Ballot is signing as a trustee, executor, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, such party must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party to act on behalf of the Holder of the Claim or Interest.

11. Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot, provided that any such rejections will be documented in the Voting Report. Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

12. The Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot; *provided*, *however*, that the Solicitation Agent is not obligated to do so.

13. Subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided*, *that*, any such rejections will be documented in the Voting Report.

14. The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Plan that adversely changes the treatment of any Holder of a Claim or Interest, the Debtors shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

15. Neither the Debtors, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor shall any of them incur any liabilities for failure to provide such notification.

16. If no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class.

17. Subject to Section IV.D below, if multiple Ballots are timely received from or on behalf of a Holder of a single Claim or Interest, the effective vote shall be the last properly executed Ballot timely received by the Solicitation Agent that satisfies the voting and tabulation procedures specified herein and shall supersede and revoke any prior Ballot received. In the event that multiple Ballots on account of the same Claim or Interest are received on the same day, they shall not be counted if the votes are inconsistent.

18. In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Plan:

(a) any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

(b) any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot. The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk. Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

(c) any Ballot delivered by facsimile transmission, electronic mail (other than a Master Ballot), or any other means not specifically approved herein, provided that Ballots submitted through the E-Ballot Platform shall be counted;

(d) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Interest;

(e) any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

(f) any Ballot sent to a person other than the Solicitation Agent;

(g) any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via the Solicitation Agent's E-Ballot Platform shall be deemed to contain an original signature;

(h) a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

(i) any Ballot that is not completed.

D. **Special Voting and Tabulation Procedures Applicable to Beneficial Holders of Common Stock Interests**

1. **Voting Procedures for Common Stock Interests in Class 7.** In addition to the generally applicable voting and Ballot tabulation procedures set forth in Section IV.C above, the following additional procedures will apply to the voting of Interests held by beneficial Holders of Common Stock Interests in Class 7 (each a "**Beneficial Holder**").

(a) Within five (5) Business Days of entry of this Order, each of the agents under the applicable documents governing the Interests held by the Beneficial Holders (each an "**Agent**") shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of any directly registered Beneficial Holders as of the Voting Record Date in an electronic file and (b) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Disclosure Statement Order. The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Bankruptcy Court. In the alternative, such Agents shall confirm to the Solicitation Agent that the applicable positions of the Beneficial Holders are all held in "street name."

(b) On the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to all Entities that are directly registered Beneficial Holders as of the Voting Record Date, and (ii) an appropriate number of Solicitation Packages, including an appropriate number of applicable Ballots, together with a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more Beneficial Holders holds a Claim in 'street name' as of the Voting Record Date.[7]

---

[7] Nominees may use their ordinary and standard procedures to disseminate the voting materials (including use of their own voting form) as well as in the collection of votes and elections from their Beneficial Holders.

14

(c) Each Nominee must distribute a Solicitation Package, including an applicable Ballot, to each Beneficial Holder for which they hold the applicable Claim or within five business days of receipt of such materials from the Solicitation Agent in one of the following two ways (as selected by the Nominee):

   1. obtaining the votes of Beneficial Holders by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting the Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

   2. distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC number, as applicable the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent, at the direction of the Nominee, by the Voting Deadline.

(d) Any Nominee of an applicable Common Stock Interest holding such securities both as record Holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline;

(e) Any agent appointed in respect of an applicable Common Stock Interest (unless otherwise empowered to do so under the documents governing the Interests) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s) or Interest(s) in the manner set forth herein;

(f) Any Ballot returned to a Nominee by a Beneficial Holder of a Common Stock Interest will not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.

    (g) Nominees shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots (if any) were sent for a period of at least one year after the Voting Deadline;

    (h) If a Beneficial Holder holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee; and

    (i) If a Beneficial Holder holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the procedures herein to vote the portion held in its own name and to vote the portion held by the Nominee(s).

    2. **Tabulation of Master Ballots.** In addition to the generally applicable Ballot tabulation procedures set forth in Section IV.C above, the following additional procedures will apply to the voting of Interests held by Beneficial Holders cast through Nominees and will be applied to the positions held by such Nominees as of the Voting Record Date, as evidenced by the applicable record and depository listings.

    (a) Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the principal amount held by such Nominee as of the Voting Record Date, as evidenced by the record and depository listings at the DTC; *provided, however*, that the Solicitation Agent may adjust such principal amount to reflect the portion of the relevant Interest actually voted.

    (b) Beneficial Holders whose votes are reflected on a Master Ballot should not return an individual Ballot to the Solicitation Agent. Votes cast by Beneficial Holders through Nominees, as reflected on a Master Ballot, shall supersede any vote indicated with respect to such Claim or Interest on an individual Ballot that is returned to the Solicitation Agent by the Beneficial Holder.

    (c) If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors may, but are not required to, attempt to reconcile discrepancies with the Nominee. If over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

(d) A single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots. If a Nominee submits multiple Master Ballots with respect to the same Claim or Interest before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Ballot or other acceptable voting method; (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly; and

(e) The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Ballot to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

## V. RELEASE, EXCULPATION AND INJUNCTION LANGUAGE IN THE PLAN

The release, exculpation and injunction language in Article VIII of the Plan will be included in the Disclosure Statement, the Ballots, the Non-Voting Status Notices, and further notice is provided with respect to such provisions in the Confirmation Hearing Notice.

## VI. AMENDMENTS TO THE PLAN AND SOLICITATION PROCEDURES

The Debtors reserve the right to make non-substantive or immaterial changes, in consultation with the Creditors' Committee and the Equity Committee, to the Disclosure Statement, the Plan, the Ballots, the Solicitation Procedures, the Solicitation Packages and all documents provided therein, the Confirmation Hearing Notice, the Non-Voting Status Notices and related documents without further order of the Bankruptcy Court, including, without limitation, changes to correct typographical, grammatical, and formatting errors or omissions, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution, or modify the Publication Notice as necessary. To the extent any changes are made, the Debtors will notify the U.S. Trustee of such changes.