**Exhibit 2-2**

**Class 5 Foxconn Preferred Stock Interest Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**CLASS 5 – FOXCONN PREFERRED STOCK INTERESTS**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT ON OR BEFORE DECEMBER 12, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE "SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**

**YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS, 222 N.**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

> **PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245 (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**
>
> **IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN YOU MAY OPT IN TO SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT IN ON THE BALLOT. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Ballot**") because our records indicate that you are a Holder of a Foxconn Preferred Stock Interest in Class 5 (an "**Foxconn Preferred Stock Interest**") against the Debtors as of October 31, 2023 (the "**Voting Record Date**").[2] As such, you have a right to vote to accept or reject the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on [●], 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented, the "**Plan**").[3]

The rights of Holders of Foxconn Preferred Stock Interests are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* filed on [●], 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect to the Plan, and opting in to certain releases under the Plan. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above.**

---

[2] If your Claim is subject to an objection other than a "reclassify" or "reduce and allow" objection that is filed with the Bankruptcy Court on or prior to the Solicitation Date, and you have sought to challenge the disallowance or estimation of your claim by timely filing a motion for an order, pursuant to Bankruptcy Rule 3018(a) in accordance with the Solicitation Procedures, you should complete and return this Ballot by the Voting Deadline, however, your vote will only be counted to the extent that a Voting Resolution Event has occurred with respect to your Claim by the Voting Resolution Event Deadline.

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

You are receiving along with this Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that direct you to the solicitation section of the Debtors' restructuring website, where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**.  To have your vote counted, you must complete, sign, and return this Ballot to the Solicitation Agent by the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in Article VIII.D of the Plan.  As set forth below, if you reject the Plan *and* affirmatively opt in to the release provision of the Plan by checking the applicable box on your Ballot below, you will be deemed to consent to providing the releases contained in Article VIII.D of the Plan.  You will only be provided with the option to opt in to the releases in Article VIII.D of the Plan if you vote to reject the Plan.  For the avoidance of any doubt, if you vote to accept the Plan you will be automatically agreeing to consent to the releases contained in Article VIII.D, you will not be provided with a separate option to opt in or out of such releases, and the opt-in option on the Ballot will not be applicable to you.  If you do not return the ballot or abstain from voting, you will not be bound by the releases contained in Article VIII.D of the Plan. Please be advised that the Plan also contains certain other release, injunction and exculpation provisions.  If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt in to the releases in Article VIII.D of the Plan.  For a full description of these provisions, see Article IV.H of the Disclosure Statement and Article VIII of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Interest.  Your Interest has been placed in Class 5 (Foxconn Preferred Stock Interests) under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If the Solicitation Agent does not receive this Ballot on or before the Voting Deadline, which is **December 12, 2023 at 4:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, the vote included in this Ballot will not count.  You may submit the Ballot by (1) e-Ballot platform, (2) standard mail, (3) overnight mail, or (4) personal delivery, so that it is *actually received*, in each case, by the Solicitation Agent no later than the Voting

Deadline. Specifically, each Ballot must be returned as follows:

| **If by E-Ballot Platform:** | **If by standard or overnight mail or personal delivery:** |
|---|---|
| https://www.kccllc.net/lordstown **Click "Submit Electronic Ballot (E-Ballot)" and use the E-ballot ID provided below** | Lordstown Processing Center c/o Kurtzman Carson Consultants LLC 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245 |

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

# BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> **PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER <u>ITEM 4</u>. IF THIS BALLOT HAS NOT BEEN PROPERLY COMPLETED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

### Item 1.  Principal Amount of Foxconn Preferred Stock Interest.

The undersigned hereby certifies that, as of the Record Date, the undersigned was the Registered Holder of Foxconn Preferred Stock Interests for voting purposes. [4]

| Voting Class | Description | Amount of Interest |
|---|---|---|
| 5 | Holder of the Foxconn Preferred Stock Interests | _____ |

### Item 2.  Class 5 Foxconn Preferred Stock Interest(s) Vote on the Plan.

You must check the applicable box below to "accept" or "reject" the Plan for Class 5 Foxconn Preferred Stock Interests in order to have your vote counted.

Please note that you are voting all of your Foxconn Preferred Stock Interests either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan for your Common Stock Interests by checking both boxes below, your vote will not be counted.

The undersigned, a Holder of the Class 5 Foxconn Preferred Stock Interest(s) against the Debtor(s), set forth in Item 1, votes to accept or reject the Plan (check <u>one and only one box</u> below):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|---|---|
| ☐ | ☐ |
| By voting to accept the Plan you are consenting to being a Releasing Party with respect to the | |

---

[4]  Voting amount is based on the positions provided to the Solicitation Agent by the indenture trustee and/or agent, as applicable, as of the Voting Record Date.  The amount noted is for voting purposes only.

5

| | |
|---|---|
| Third Party Release contained in the Plan. | |

**Item 3.  Releases by Holders of Claims and Interests.**

The undersigned, as a Holder (or representative of a Holder of) a Class 5 Foxconn Preferred Stock Interest, elects to:

☐ Opt In to the Third Party Release and Release Such Holder's Claims in Accordance with Article VIII.D of the Plan

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN.  IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE BELOW CONTAINED IN ARTICLE VIII.D OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE ABOVE BOX OR NOT.**

**IF YOU VOTE TO REJECT THE PLAN YOU ARE ENTITLED TO OPT IN TO THE RELEASE BELOW CONTAINED IN ARTICLE VIII.D OF THE PLAN BY CHECKING THE BOX IN ITEM 3 OF THIS BALLOT**.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**If you vote to reject the Plan AND opt in to the Releases by Holders of Claims and Interests as set forth below or abstain from voting on the Plan, you will be bound by the releases in Article VIII.D of the Plan, which provides as follows**:

D.   *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[5] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each**

---

[5] "*Releasing Party*" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however*, that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided*, *further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

**Debtor, Post-Effective Date Debtor, and other Released Party[6] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Without limiting the generality of the foregoing, and subject to the paragraph directly below, pursuant to the Releases set forth in this <u>Article VIII.D</u>, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

---

[6] "*Released Party*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the UCC, (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party.

"*Excluded Parties*" means Foxconn and the Former Directors and Officers.

**Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties;** *provided*, **that the Debtors do not concede that the certification of a class is appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions;** *provided further*, **that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein. All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects. If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).**

**Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies.**

<u>**Article VIII of the Plan also contains the following provisions**</u>:

      C.     *Releases by the Debtors*

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement,**

any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

    E.    *Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[7] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

    F.    *Injunction*

---

[7] "*Exculpated Parties*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii) (iv), and (v) above on or after the Petition Date.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u> OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u> OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE XIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO <u>ARTICLE VIII.E</u> OF TH PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

FOR THE AVOIDANCE OF DOUBT, NOTHING IN <u>ARTICLE VIII.F</u> OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW

**(AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN <u>ARTICLES VIII.C, VIII.E</u> AND <u>VIII.F</u> OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON HOLDERS OF FOXCONN PREFERRED STOCK INTERESTS WHETHER OR NOT THEY ELECT TO OPT IN TO THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.

**Item 4.  Certifications, Acknowledgement, Signature and Date.**

By signing this Ballot, the Holder (or authorized signatory of such Holder) certifies to the Bankruptcy Court and the Debtors that:

(i) it has the power and authority to vote to accept or reject the Plan;

(ii) as of the Voting Record Date, either: (i) it is the Holder of the Class 5 Foxconn Preferred Stock Interests being voted on this Ballot; or (ii) it is an authorized signatory for the Holder of the Class 5 Foxconn Preferred Stock Interests being voted on this Ballot;

(iii) it has received access to the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(iv) it has not submitted any other Ballots for other Foxconn Preferred Stock Interests, or if it has submitted Ballots for other such Interests, then such Ballots indicate the same vote to accept or reject the Plan;

(v) it understands and acknowledges that if multiple Ballots are submitted voting the Interest set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(vi) it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 5 Foxconn Preferred Stock Interest and to be a Releasing Party under the Plan;

(vii) it acknowledges and understands that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from

the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(viii) it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

(ix) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

(x) it understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

*[SIGNATURE PAGE FOLLOWS]*

| | |
|---|---|
| Print or Type Name of Holder of Interest: | _____ |
| Signature: | _____ |
| Name of Signatory (if different than Holder of Interest): | _____ |
| If by Authorized Agent, Title of Agent: | _____ |
| Street Address: | _____ |
| City, State, Zip Code: | _____ |
| Telephone Number: | _____ |
| Email Address: | _____ |
| Date Completed: | _____ |

**IF THIS BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 12, 2023 AT 5:00 P.M. (EASTERN TIME)</u>, YOUR VOTE WILL NOT BE COUNTED.**

Ballots must be delivered to the Solicitation Agent (a) at the appropriate address listed below, or in the enclosed envelope, as applicable, or (b) via the electronic Ballot submission platform on the Solicitation Agent's website (the "<u>E-Ballot Platform</u>") by visiting https://www.kccllc.net/lordstown, and following the instructions set forth on the website.  You are encouraged to submit your Ballot via the E-Ballot Platform.  If you choose to submit your Ballot via the E-Ballot Platform, you should NOT submit a hard copy Ballot.  Please choose only one method for returning your Ballot.

13

| **If by E-Ballot Platform:**<br><br>https://www.kccllc.net/lordstown<br>Click "Submit Electronic Ballot (E-Ballot)"<br>and use the<br>E-ballot ID provided below | **If by standard or overnight mail or personal delivery:**<br><br>Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |
|---|---|

To submit your Ballot via the E-Ballot Platform, please visit https://www.kccllc.net/lordstown and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#: [_____]**

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Holders of Interests who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line).

Information may also be obtained at https://www.kccllc.net/lordstown. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Class 5 Foxconn Preferred Stock Interests, for purposes of voting on the Plan, is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

To properly complete this Ballot, you must follow the procedures described below, which explain each of the items contained on your Ballot. If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit **https://www.kccllc.net/lordstown**.

1. **Use of Online Ballot Portal—If Submitting Your Vote Through the E-Ballot Platform:**

The Solicitation Agent will accept Ballots if properly completed through the E-Ballot Platform. To submit your Ballot via the E-Ballot Platform, visit **https://www.kccllc.net/lordstown** and follow the instructions to submit your Ballot.

> **IMPORTANT NOTE**: You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot ID#**: [_____]

The Solicitation Agent's E-Ballot Platform is the sole manner in which Ballots will be accepted via online or electronic submission. **Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

Each E-Ballot ID# is to be used solely for voting only those Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Ballot Platform should NOT also submit a paper Ballot.

**Use of Hard Copy Ballot—If Submitting Your Vote Through Standard or Overnight Mail or Personal Delivery**:

You must return the Ballot in either the enclosed envelope or by standard or overnight mail or personal delivery to:

> **Lordstown Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

**Ballots received via email, facsimile or other methods will not be counted. The Solicitation Agent will tabulate all properly completed Ballots received on or before the Voting Deadline.**

15

2. **To fill out your Ballot, you must complete the following**:

    a. **Item 1. (Amount of Interest)**. Make sure that the information contained in Item 1 regarding the principal amount of your Foxconn Preferred Stock Interest you held on the Voting Record Date is correct.

    b. **Item 2. (Vote on the Plan)**. Cast one vote to accept or reject the Plan by checking the appropriate box in Item 2.

        1. You must vote the entire amount of your Interest either to accept (*i.e.*, vote in favor of) or reject (*i.e.*, vote against) the Plan and you may not split your vote. Accordingly, any vote within a single Class that attempts partially to accept and partially reject the Plan will not be counted.

        2. If you hold Interests in more than one class, you may receive more than one Ballot or Solicitation Package, labeled for a different class of Interests. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of Interests only if you complete, sign, and return the Ballot labeled for such class of Interests in accordance with the instructions on that Ballot.

    c. **Item 3. (Releases)**. Pursuant to Article VIII.D of the Plan, the Debtors seek approval of the release provision set forth in Article VIII.D of the Plan and provided above. Holders of Claims and Interests that vote to reject the Plan may opt in to this release by checking the box in Item 3.

> **IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF A FOXCONN PREFERRED STOCK INTEREST UNDER THE PLAN, IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY CHECK THE BOX IN ITEM 3 TO OPT IN TO THE RELEASES. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

    d. **Item 4. (Certifications, Acknowledgement, Signature, and Date)**. Either the Holder, the Holder's personal representative, or the Holder's attorney must sign the Ballot. If the Ballot is not signed, the vote shown on the Ballot will not be counted.

        1. Holders with Social Security Numbers must provide the last four digits of their Social Security Number in Item 4 of the Ballot.

        2. The Holder, the Holder's personal representative, or the Holder's attorney must certify certain information on the Ballot. Please read the

certifications below and ensure that the information on the Ballot meets the requirements of those certifications.

3. By signing the Ballot, you make the following certifications on information and belief:

(A) as of the Voting Record Date, either: (i) you arethe Holder of the Class 5 Foxconn Preferred Stock Interests being voted on this Ballot; or (ii) you are an authorized signatory for the Holder of the Class 5 Foxconn Preferred Stock Interests being voted on this Ballot;

(B) that you have received access to the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(C) you have not submitted any other Ballots for other Foxconn Preferred Stock Interests, or if you have submitted Ballots for other such Interests, then such Ballots indicate the same vote to accept or reject the Plan;

(D) that you understand and acknowledge that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the last properly completed Ballot voting the Claim and received by the Solicitation Agent before the Voting Deadline shall be deemed to reflect your intent and thus to supersede and revoke any prior Ballots received by the Solicitation Agent;

(E) that you acknowledge that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 5 Interest and to be a Releasing Party under the Plan;

(F) that you acknowledge and understand that (i) if no holders in a class eligible to vote to accept or reject the Plan vote on the Plan, then the Debtors will request at the Confirmation Hearing that the Bankruptcy Court deem the Plan accepted by such class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

(G) that you acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by

      Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes;

  (H) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned; and

  (I) that you understand that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

**e.** **Other Instructions for Completing Ballots**.

1. To the extent you have received two (2) or more duplicative ballots on account of the same Claim or Interest, please note that each claimant or holder is authorized to submit only one Ballot on account of such Claim or Interest.

2. There may be changes made to the Plan that do not cause material adverse effects on an accepting Class. If such non-material changes are made to the Plan, the Debtors will not resolicit votes for acceptance or rejection of the Plan.

3. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest or an assertion or admission of a Claim or Interest.

4. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.

5. If you cast more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, the latest received, properly executed Ballot submitted to the Solicitation Agent and received by the Solicitation Agent before the Voting Deadline will supersede and revoke any prior Ballot, provided that, if both a paper Ballot and electronic Ballot are submitted timely on account of the same Foxconn Preferred Stock Interest(s), the electronic Ballot shall supersede and revoke the paper Ballot.

6. In the event that (i) the Debtors revoke or withdraw the Plan, or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL: LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE: HTTPS://WWW.KCCLLC.NET/LORDSTOWN**