**<u>Exhibit 2-3</u>**

**Class 7 Common Stock Interests Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*, [1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**MASTER BALLOT FOR VOTING TO ACCEPT OR REJECT THE MODIFIED FIRST
AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP.
AND ITS DEBTOR AFFILIATES**

**CLASS 7 – COMMON STOCK INTERESTS**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS MASTER BALLOT <u>BEFORE</u> COMPLETING THIS MASTER BALLOT.**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED BY
NOMINEES OF BENEFICIAL HOLDERS (EACH AS DEFINED BELOW) SO THAT IT
IS <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT ON OR
BEFORE DECEMBER 12, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE
"<u>VOTING DEADLINE</u>").   IF THIS MASTER BALLOT IS NOT PROPERLY
COMPLETED, SIGNED AND RECEIVED BY THE SOLICITATION AGENT ON OR
BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS
MASTER BALLOT WILL NOT BE COUNTED.**

**<u>ACCESS TO SOLICITATION MATERIALS</u>:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER,
INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER
EXHIBITS,    MAY    BE    ACCESSED,    FREE    OF    CHARGE    AT
HTTPS://WWW.KCCLLC.NET/LORDSTOWN    BY    CLICKING    ON    THE
"SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**

**YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH
DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A)
CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 499-
4509(U.S./CANADA) OR    (917) 281-4800(INTERNATIONAL); (B) VISITING THE**

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors
Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service
address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**DEBTORS'               RESTRUCTURING               WEBSITE               AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNBALLOTS@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE).   AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF A BENEFICIAL HOLDER (AS DEFINED BELOW) VOTES TO ACCEPT THE PLAN, THE BENEFICIAL HOLDER WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN <u>ARTICLE VIII.D</u> OF THE PLAN AND WILL BE IRREVOCABLY BOUND BY SUCH RELEASES.  IF A BENEFICIAL HOLDER VOTES TO REJECT THE PLAN, SUCH BENEFICIAL HOLDER MAY OPT IN TO SUCH RELEASES AND YOU MUST INDICATE SUCH OPT IN WITH RESPECT TO EACH BENEFICIAL HOLDER IN YOUR EXHIBIT TO THE MASTER BALLOT.  IF A BENEFICIAL HOLDER DOES NOT RETURN THE BALLOT OR ABSTAINS FROM VOTING, SUCH HOLDER WILL NOT BE BOUND BY THE RELEASES.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this master ballot (the "**Master Ballot**") to you because our records indicate that you are a bank, broker, or other intermediary (each, a "**Nominee**"), or the proxy holder of a beneficial holder (a "**Beneficial Holder**") of Class 7 Common Stock Interests in the Debtors as of October 31, 2023 (the "**Voting Record Date**").  As such, the Beneficial Holders that you represent have a right to vote to accept or reject the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on [●], 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

The rights of the Beneficial Holders are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on [●], 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Master Ballot is to be used by you as Nominee or as proxy holder to tabulate votes solicited from Holders of Class 7 Common Stock Interests in the Debtors; it is not to be used by individual Beneficial Holders.  This Master Ballot may not be used for any purpose other than to vote**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

**to accept or reject the Plan. If you believe you have received this Master Ballot in error, please contact the Solicitation Agent immediately at the address, telephone number, or email address set forth above**.

You are receiving along with this Master Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct the user to the solicitation section of the Debtors' restructuring website, where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders whether or not the Beneficial Holders vote or if the Beneficial Holders vote to reject the Plan.** To have the Beneficial Holders' votes counted, you must complete and return this Master Ballot to the Solicitation Agent by the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if a Beneficial Holder vote to accept the Plan, the Beneficial Holder consents to providing the releases contained in <u>Article VIII.D</u> of the Plan. As set forth below, if the Beneficial Holder rejects the Plan *and* affirmatively opt in to the release provision of the Plan by checking the applicable box on your Ballot below, the Beneficial Holder will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan. The Beneficial Holder will only be provided with the option to opt in to the releases in <u>Article VIII.D</u> if such Beneficial Holder votes to reject the Plan. For the avoidance of any doubt, if the Beneficial Holder votes to accept the Plan such Beneficial Holder will be automatically agreeing to consent to the releases contained in <u>Article VIII.D</u>, the Beneficial Holder will not be provided with a separate option to opt in or out of such releases, and the opt-in option on the Ballot will not be applicable to the Beneficial Holder. If a Beneficial Holder does not return the ballot or abstain from voting, such Beneficial Holder will not be bound by the releases contained in <u>Article VIII.D</u> of the Plan. Please be advised that the Plan also contains certain other release, injunction and exculpation provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on the Beneficial Holder whether or not the Beneficial Holder decides to opt in to the releases in <u>Article VIII.D</u> of the Plan. For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**Beneficial Holders should review the Disclosure Statement and the Plan before they complete their Beneficial Holder Ballot as the rights of Beneficial Holders may be affected**

thereunder.  **Beneficial Holders may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of the Common Stock Interests.  The Common Stock Interests have been placed in Class 7 under the Plan.**

If the Solicitation Agent does not receive this Master Ballot on or before the Voting Deadline, which is **December 12, 2023 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, the vote included in this Master Ballot will not count.  You may submit the Master Ballot by (1) electronic mail, (2) mail, (3) overnight delivery, or (4) personal delivery, so that it is ***actually received***, in each case, by the Solicitation Agent no later than the Voting Deadline.  Specifically, each Master Ballot must be returned to the following address:

| <u>If by Electronic Mail:</u> | <u>If by standard or overnight mail or personal delivery:</u> |
|---|---|
| lordstownballots@kccllc.com | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## MASTER BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

### Item 1.  Certification of Authority to Vote.

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, bank, or other intermediary for the Beneficial Holders of the aggregate amount of the Common Stock Interests listed in <u>Item 2</u> below, and is the record holder of such bonds; or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other intermediary that is the registered Holder of the aggregate amount of the Class 7 Common Stock Interests listed in <u>Item 2</u> below; or

☐ has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other intermediary, or a beneficial owner, that is the registered Holder of the aggregate amount of the Class 7 Common Stock Interests listed in <u>Item 2</u> below, and has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Class 7 Common Stock Interests described in <u>Item 2</u>.

### Item 2.  Class 7 Common Stock Interests Vote On Plan.

The undersigned transmits the following votes of Beneficial Holders of Class 7 Common Stock Interests and certifies that the following Beneficial Holders of such Interests, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate amount voted for each account or attach such information to this Master Ballot in the form of the following summary sheet exhibit. Please note that each Beneficial Holder must vote all such Beneficial Holder's Class 7 Common Stock Interests to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted as a vote on the Plan (Please use additional sheets in the format below as necessary).

| | | Item 1 Beneficial Holder Ballot | | | |
|---|---|---|---|---|---|
| Your Customer Account Number for Each Beneficial Holder of Voting Class 7 Common Stock Interests | Amount of Common Stock Interests Held as of Voting Record Date | Indicate the vote cast by the Beneficial Holder by placing an "X" in the appropriate column below | | | Opt In to the Third Party Release and Release Such Holder's Claims in Accordance with Article VIII.D of the Plan by Holders of Common Stock Interests (Only if voting to Reject the Plan) |
| | | Accept the Plan (By voting to accept the Plan the Beneficial Holder is consenting to being a Releasing Party with respect to the Third Party Release contained in the Plan) | Reject the Plan | | |
| 1. | | | | | |
| 2. | | | | | |
| Totals | | | | | |

**Item 3.  Releases by Holders of Claims and Interests.**

**NOTICE REGARDING CERTAIN RELEASES, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

If a Beneficial Holder votes to reject the Plan AND opts in to the Releases by Holders of Claims and Interests as set forth below, such Beneficial Holder will be bound by the releases in Article VIII.D of the Plan, which provide as follows:

**D.    *Releases by Holders of Claims and Interests***

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.  Without limiting the generality of the foregoing, and subject to the paragraph directly below, pursuant to the

---

[3] "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however*, that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided, further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

[4] "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the UCC, (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party.

"***Excluded Parties***" means Foxconn and the Former Directors and Officers.

Releases set forth in this <u>Article VIII.D</u>, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).  Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties; *provided*, that the Debtors do not concede that the certification of a class is appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions; *provided further*, that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein.  All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects.  If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).

Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies

8

**Article VIII of the Plan also contains the following provisions**:

*C.    Releases by the Debtors*

Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.    Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.C</u> shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

*E.    Exculpation*

Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in

---

[5] "***Exculpated Parties***" means each of the following in their capacity as such:  (i) the Debtors; (ii) the Chapter 11 Directors and Officers, (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii) (iv), and (v) above on or after the Petition Date.

whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### F. Injunction

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE XIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH

ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

FOR THE AVOIDANCE OF DOUBT, NOTHING IN ARTICLE VIII.F OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW (AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII.C, VIII.E AND VIII.F OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON THE BENEFICIAL HOLDERS WHETHER OR NOT THEY ELECT TO OPT IN TO THE RELEASES IN ARTICLE VIII.D OF THE PLAN.

**Item 4. Certification as to Transcription of Information from Item 3 of the Ballot as to Class 7 Common Stock Interests (the "Beneficial Holder Ballot").**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 3 of each of the Beneficial Holder Ballot, identifying any Class 7 Common Stock Interests for which such Beneficial Holders have submitted other Ballots other than to the undersigned:

| Your Customer Account Number and/or Customer Name for Each Beneficial Holder who completed Item 3 of the Beneficial Holder Ballot | Transcribe from Item 3 of the Beneficial Holder Ballot | | | |
| --- | --- | --- | --- | --- |
| | Customer Account Number of Other Class 7 Common Stock Interests Voted | Name of Owner | Amount of Other Class 7 Common Stock Interests Voted | Shares of Other Class 7 Common Stock Interests Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

**Item 5.  Certifications.**

By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, and the remainder of the Solicitation Package and has delivered the same to the Beneficial Holders of the Class 7 Common Stock Interests listed in Item 2 of this Master Ballot above;

(b)     it has received a completed and signed Beneficial Holder Ballot (or other accepted and customary method of communicating a vote) from each Beneficial Holder listed in Item 2 above;

(c)     it is the registered Holder of all the Class 7 Common Stock Interests in Item 2 above being voted, or it has been authorized by each Beneficial Holder of such Interests to vote on the Plan;

(d)     it has properly disclosed: (i) the number of Beneficial Holders of Common Stock Interests who completed the Beneficial Holder Ballots; (ii) the respective amounts of the Common Stock Interests owned, as the case may be, by each Beneficial Holder of such Interests who completed a Beneficial Holder Ballot; (iii) each such Beneficial Holder's respective vote concerning the Plan and Releases by Holders of Claims and Interests; (iv) each such Beneficial Holder's certification as to other Claims or Interests voted in the same Class; and (v) the customer account or other identification number for each such Class 7 Common Stock Interests;

(e)     each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan or Releases by Holders of Claims and Interests; and it will maintain Beneficial Holder Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least one year after the Effective Date and disclose all such information to the Bankruptcy Court, the Debtors, or the Reorganized Debtors, as the case may be, if so ordered;

(f)     it acknowledges and understands that (a) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class; and (b) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

(g)     it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

[SIGNATURE PAGE FOLLOWS]

Name of Nominee: _____

(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Nominee (if applicable): _____

(Print or Type)

Signature: _____

Name of Signatory: _____

Title: _____

13

| Address | |
| --- | --- |
| | |
| | |
| | |
| Date Completed: | |
| Email Address: | |

## PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT PROMPTLY TO:

| **If by First Class Mail, personal Delivery or Overnight delivery:**<br><br>Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |
| --- |
| **If by Electronic Mail:**<br><br>lordstownballots@kccllc.com |
| **IF THIS MASTER BALLOT IS NOT RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE <u>DECEMBER 12, 2023 AT 5:00 P.M. (EASTERN TIME)</u>,**<br><br>**YOUR VOTE WILL NOT BE COUNTED.** |

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877)   499-4509 (U.S./Canada) or (917) 281-4800 (international);   (b) visiting   the   Debtors'   restructuring   website   at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson   Consultants   LLC,   222 N.   Pacific   Coast   Highway,   Suite   300, El Segundo, CA 90245 or (d) emailing lordstownballots@kccllc.net (with 'Lordstown' in the subject line).

THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

Any admission of Claims and Interests for purposes of voting on the Plan is <u>not</u> an admission of liability on the part of the Debtors or any other party for payment purposes.

14

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

To properly complete the Master Ballot, you must follow the procedures described below, which explain each of the items contained on the Master Ballot. If you have any questions, please contact the Solicitation Agent at the phone number or email provided above or visit https://www.kccllc.net/lordstown.

The Bankruptcy Court may confirm the Plan and thereby bind the Holders Common Stock Interests by the terms of the Plan. Please review the Disclosure Statement for more information.

1. **Submitting The Master Ballot Via Electronic Mail or Mail**

You must return the Master Ballot, together with the summary sheet exhibit attached to the Master Ballot, in either the enclosed envelope or by electronic mail:

| If by Electronic Mail: | If by standard or overnight mail or personal delivery: |
|---|---|
| lordstownballots@kccllc.com | Lordstown Processing Center<br>c/o Kurtzman Carson Consultants LLC<br>222 N. Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

**Master Ballots received via facsimile or other methods not otherwise indicated herein will not be counted. The Solicitation Agent will tabulate all properly completed Master Ballots received on or before the Voting Deadline.**

2. **To fill out the Master Ballot, you must complete the following:**

    a.   **Item 1. (Certification of Authority to Vote)**. You should check the box applicable to you regarding the certification of authority to vote.

    b.   As a Nominee of a Beneficial Holder, you should distribute a Solicitation Package to each Beneficial Holder that holds Common Stock Interests within five business days of receipt of such materials from the Solicitation Agent in one of the following two ways (as selected by you):

        1.   obtaining the votes of Beneficial Holders of such Common Stock Interests by (i) immediately distributing the Solicitation Package, including Ballots, it receives from the Solicitation Agent to all such Beneficial Holders, (ii) promptly collecting Ballots from such Beneficial Holders that cast votes on the Plan, (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (iv) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

15

2.      distributing pre-validated Ballots pursuant to the following procedures: (i) the Nominee shall forward to each Beneficial Holder as of the Voting Record Date the Solicitation Package, an individual Ballot that has been pre-validated, postage prepaid return envelope as indicated in sub-paragraph (ii); (ii) to pre-validate a Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Ballot the name of the Nominee and DTC, Clearstream or Euroclear participant number, as applicable the amount of securities held by the Nominee for the Beneficial Holder, and the account number for the account in which such securities are held by the Nominee; and (iii) the Beneficial Holder shall complete and return the pre-validated Ballot to the Solicitation Agent by the Voting Deadline.

c.      **Item 2. (Common Stock Interests Voted on Plan)**.   You must prepare a summary sheet exhibit, attached to the Master Ballot, by listing the customer account number in respect of each Beneficial Holder of Class 7 Common Stock Interests represented by you, the amount, as of the Voting Record Date, of each such applicable Interest, whether such Holder votes to ACCEPT (votes in favor of), REJECT (votes against) the Plan or does not vote on the Plan and, if such Holder votes to reject the Plan, whether such Holder opts in to the releases contained in <u>Article VIII.D</u> of the Plan.  The summary sheet exhibit, in Microsoft Excel or comparable application, must be included with (if submission is via electronic mail), or attached, in the form of a USB flash drive, to the Master Ballot, and the completed Master Ballot and summary sheet exhibit must be returned to the Solicitation Agent in accordance with the Solicitation Procedures. The summary sheet exhibit must be in the format as provided in the Master Ballot.

d.      **Item 3. (Releases by Holders of Claims and Interests)**.  Pursuant to <u>Article VIII.D</u> of the Plan, the Debtors seek approval of the release provisions set forth in <u>Article VIII.D</u> of the Plan and provided above.  Class 7 Common Stock Interests that vote to reject the Plan may opt in to this releases by checking the box in Item 2 on their Beneficial Holder Ballots.

---

**IF THE PLAN BECOMES EFFECTIVE, AS HOLDERS OF COMMON STOCK INTERESTS UNDER THE PLAN, IF THE BENEFICIAL HOLDERS VOTE TO ACCEPT THE PLAN, THE BENEFICIAL HOLDERS ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN.  IF THE BENEFICIAL HOLDERS VOTE TO REJECT THE PLAN, THE BENEFICIAL HOLDERS MAY OPT IN TO THE RELEASES ON THE SUMMARY SHEET EXHIBIT ATTACHED TO THE MASTER BALLOT.  IF A BENEFICIAL HOLDER DOES NOT RETURN THE BALLOT OR ABSTAINS FROM VOTING ON THE PLAN, SUCH BENEFICIAL HOLDER WILL NOT BE BOUND BY THE RELEASES.**

---

e.  **Item 4. (Transcription of Information from Item 3 of the Beneficial Holder Ballots)**.  You should certify and transcribe the information in the table as provided in the Master Ballot, if any, provided by the Beneficial Holders in <u>Item 3</u> of the Beneficial Holder Ballot.

f.  **Item 5. (Certifications, Acknowledgement, Signature, and Date)**.  Each Nominee must sign the Master Ballot.  If the Master Ballot is not signed, the vote shown on the Master Ballot will not be counted.The Nominee must certify certain information on the Master Ballot.  Please read the certifications set forth on the Master Ballot and ensure that the information on the Master Ballot meets the requirements of those certifications.

**ADDITIONAL INSTRUCTIONS FOR RELATED TO MASTER BALLOT:**

1.  Any Nominee of an applicable Class 7 Common Stock Interests holding such securities both as record holder and Beneficial Holder in its own name may vote on the Plan by completing a Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline.

2.  Any Indenture Trustee appointed in respect of an applicable Class 7 Common Stock Interests (unless otherwise empowered to do so under the respective indenture) will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Claim(s) or Interest(s) in the manner set forth in the Solicitation Procedures.

3.  Any Ballot returned to you by a Beneficial Holder of Common Stock Interests will not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to the Solicitation Agent by the Voting Deadline a Master Ballot that reflects the vote of such Beneficial Holders, or otherwise validates the Ballot in a manner acceptable to the Solicitation Agent.

4.  You shall retain all Ballots returned by Beneficial Holders for a period of one year after the effective date of the Plan, or, in the case of pre-validated Ballots, a list of Beneficial Holders to whom pre-validated Ballots (if any) were sent for a period of at least one year after the Voting Deadline.

5.  If a Beneficial Holder of Equity Inbterests holds securities through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Ballot, and each such Beneficial Holder should execute a separate Ballot for each block of securities that it holds through any Nominee and must return each such Ballot to the appropriate Nominee.

6.  If a Beneficial Holder of Common Stock Interests holds a portion of its securities through a Nominee or Nominees and another portion in its own name as the record Beneficial Holder, such Beneficial Holder should follow the Solicitation Procedures to vote the portion held in its own name and to vote the portion held by the Nominee(s).

7.  The following Ballots shall not be counted:

   a.  any Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class as of the Voting Record Date;

   b.  any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot. The Holder of a Claim or Interest may choose the method of delivery of its Ballot to the Solicitation Agent at its own risk. Delivery of the Ballot shall be deemed made only when the original properly executed Ballot is actually received by the Solicitation Agent;

   c.  any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   d.  any Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

   e.  any Ballot sent to a person other than the Solicitation Agent;

   f.  any Ballot that is unsigned; *provided*, *however*, for the avoidance of doubt, a Ballot submitted via electronic mail shall be deemed to contain an original signature;

   g.  a Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

   h.  any Ballot that is not completed.

8.  A voting creditor may withdraw a valid Ballot by delivering a written notice of withdrawal to the Solicitation Agent before the Voting Deadline – the withdrawal must be signed by the party who signed the Ballot – and the Debtors reserve the right to contest any such withdrawals. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors. Delivery of Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or damaged (the "**Irregular Ballot**") shall not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors, *provided*, *that*, neither the Debtors nor the Solicitation Agent are obligated to advise Holders of any defects or irregularities that prevent the inclusion of such Irregular Ballots in the final Plan vote tabulation.

9.  The Nominee must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must provide evidence satisfactory to the requesting party of the Nominee's authority to act on behalf of the Beneficial Holders of the applicable Common Stock Interests.

10.    Subject to any contrary order of the Bankruptcy Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Master Ballot, provided that any such rejections will be documented in the Voting Report.   Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of Master Ballots must be cured prior to the Voting Deadline or such Master Ballots will not be counted.

11.    The Solicitation Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Master Ballot; provided, however, that the Solicitation Agent is not obligated to do so.

12.    Subject to any order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Master Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report.

13.    The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code).  If the Debtors make material changes to the terms of the Plan that adversely change the treatment of any Holder of a Claim or Interest, the Debtors shall disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Bankruptcy Court.

14.    Neither the Debtors, nor any other person or entity, shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Master Ballots nor shall any of them incur any liabilities for failure to provide such notification.

15.    If no valid Ballots or Master Ballots are submitted in a Class, then such Class shall be deemed to have voted to accept the Plan.

16.    Subject to <u>Sections IV.D</u> of the Solicitation Procedures, if multiple Ballots are timely received from or on behalf of a Holder of a single Claim or Interest, the effective vote shall be the last properly executed Ballot timely received by the Solicitation Agent that satisfies the voting and tabulation procedures specified in the Solicitation Procedures and shall supersede and revoke any prior Ballot received.  In the event that multiple Ballots on account of the same Claim are received on the same day, they shall not be counted if the votes are inconsistent.

17.    In addition to the generally applicable Ballot tabulation procedures set forth in <u>Section IV.C</u> of the Solicitation Procedures, the following additional procedures will apply to the voting of Claims held by Holders of Common Stock Interests cast through Nominees:

    a.    Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, will not be counted in excess of the amount held by such Nominee as of the Voting Record Date; *provided, however*, that the Solicitation

Agent may adjust such amount to reflect the portion of the relevant Common Stock Interests actually voted;

b.     Beneficial Holders whose votes are reflected on a Master Ballot should not return an individual Ballot to the Solicitation Agent.  Votes cast by Beneficial Holders through Nominees, as reflected on a Master Ballot, shall supersede any vote indicated with respect to such Claim on an individual Ballot that is returned to the Solicitation Agent by the Beneficial Holder;

c.     If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballot, the Debtors may, but are not required to, attempt to reconcile discrepancies with the Nominee.  If over-votes on a Master Ballot or pre-validated Ballot are not reconciled before the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballot that contained the over-vote, but only to the extent of the Nominee's position in the Class;

d.     A single Nominee may complete and deliver to the Solicitation Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.  If a Nominee submits multiple Master Ballots with respect to the same Claim before the Voting Deadline, the latest properly completed Master Ballot timely received will be deemed to reflect that Nominee's intent and will supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Ballot or other acceptable voting method; (i) the latest received vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly; and

e.     The Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Ballot to the Beneficial Holders for which they are the Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR NEED**

ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE SOLICITATION AGENT AT:

TELEPHONE: (877) 499-4509 (U.S./CANADA) OR (917) 281-4800 (INTERNATIONAL)

EMAIL: LORDSTOWNBALLOTS@KCCLLC.COM

WEBSITE:  HTTPS://WWW.KCCLLC.NET/LORDSTOWN