**Exhibit 2-4**

**Class 7 Common Stock Interests Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**BENEFICIAL HOLDER BALLOT FOR VOTING TO ACCEPT OR REJECT THE MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

**CLASS 7 – COMMON STOCK INTERESTS**

**PLEASE CAREFULLY READ THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED TO YOUR BANK, BROKER, OR OTHER INTERMEDIARY (EACH, A "NOMINEE"), BASED ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE, TO ALLOW YOUR NOMINEE TO PROCESS YOUR VOTE AND SUBMIT A MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT ON OR BEFORE DECEMBER 12, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, SIGNED AND RECEIVED BY YOUR NOMINEE IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER YOUR VOTE TO THE SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.**

**ACCESS TO SOLICITATION MATERIALS:**

**THE PLAN, DISCLOSURE STATEMENT, AND DISCLOSURE STATEMENT ORDER, INCLUDING THE ATTACHED SOLICITATION PROCEDURES AND OTHER EXHIBITS, MAY BE ACCESSED, FREE OF CHARGE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN BY CLICKING ON THE**

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.



**[CUSIP 54405Q 209/ISIN NUMBER]**

**"SOLICITATION MATERIALS" TAB ON THE HOME PAGE.**

**YOU CAN ALSO REQUEST, FREE OF CHARGE, COPIES IN PAPER OR FLASH DRIVE FORMAT OF ANY SOLICITATION PACKAGE MATERIALS BY (A) CALLING THE DEBTORS' TOLL-FREE RESTRUCTURING HOTLINE AT (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL); (B) VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT HTTPS://WWW.KCCLLC.NET/LORDSTOWN; (C) WRITING TO LORDSTOWN PROCESSING CENTER, C/O KURTZMAN CARSON CONSULTANTS LLC, 222 N. PACIFIC COAST HIGHWAY, SUITE 300, EL SEGUNDO, CA 90245, OR (D) EMAILING LORDSTOWNINFO@KCCLLC.COM (WITH 'LORDSTOWN' IN THE SUBJECT LINE). AS SOON AS REASONABLY PRACTICABLE AFTER RECEIVING SUCH A REQUEST, THE SOLICITATION AGENT WILL PROVIDE YOU WITH THE COPIES YOU REQUESTED.**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE RELEASING THE RELEASED PARTIES FROM ANY AND ALL CLAIMS/CAUSES OF ACTION TO THE EXTENT PROVIDED IN ARTICLE VIII.D OF THE PLAN AND YOU WILL BE IRREVOCABLY BOUND BY SUCH RELEASES. IF YOU VOTE TO REJECT THE PLAN, YOU MAY OPT IN TO SUCH RELEASES ONLY IF YOU INDICATE SUCH OPT IN ON THE BALLOT. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent you this ballot (the "**Beneficial Holder Ballot**") because our records indicate that you are a beneficial holder (a "**Beneficial Holder**") of Class 7 Common Stock Interests in the Debtors as of October 31, 2023 (the "**Voting Record Date**"). As such, you have a right to vote to accept or reject the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Plan**").[2]

The rights of Holders of Equity Interests are described in the Debtors' *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*, filed on September 1, 2023 [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, the "**Disclosure Statement**"). On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving (i) the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code and (ii) the procedures for soliciting votes to accept or reject the Plan (the "**Solicitation Procedures**"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. **This Beneficial**

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement, as applicable.

**Holder Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain certifications with respect thereto, and opting in to certain releases under the Plan. If you believe that you have received this Beneficial Holder Ballot in error or if you believe that you have received the wrong Beneficial Holder Ballot, please contact your Nominee**.

You are receiving along with this Beneficial Holder Ballot, (i) a cover letter describing the contents of the Solicitation Package and providing instructions to obtain access electronically, free of charge, to the Plan, Disclosure Statement and Disclosure Statement Order, including the Solicitation Procedures and other exhibits, at the Debtors' restructuring website (electronic access described above), and instructions for obtaining (free of charge) additional copies of the materials provided in electronic format by contacting the Solicitation Agent, and urging the Holders of Claims and Interests in each of the Voting Classes to vote to accept the Plan; (ii) the *Notice of (I) Approval of Disclosure Statement, (II) Establishing Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*; and (iii) instructions that will direct you to the solicitation section of the Debtors' restructuring website, where all of the materials contained in the Solicitation Packages are located, including the Disclosure Statement and all filed exhibits thereto, including the Plan, and the Disclosure Statement Order and all exhibits thereto.

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan**. To have your vote counted, you must complete, sign, and return this Beneficial Holder Ballot to your Nominee in sufficient time to permit your Nominee to deliver your vote to the Solicitation Agent on the Master Ballot on or before the Voting Deadline.

**As a Holder of an impaired Claim or Interest under the Plan, if you vote to accept the Plan, you consent to providing the releases contained in <u>Article VIII.D</u> of the Plan. As set forth below, if you reject the Plan *and* affirmatively opt in to the release provision of the Plan by checking the applicable box on your Ballot below, you will be deemed to consent to providing the releases contained in <u>Article VIII.D</u> of the Plan. You will only be provided with the option to opt in to the releases in <u>Article VIII.D</u> of the Plan if you vote to reject the Plan. For the avoidance of any doubt, if you vote to accept the Plan you will be automatically agreeing to consent to the releases contained in <u>Article VIII.D</u>, you will not be provided with a separate option to opt in or out of such releases, and the opt-in option on the Ballot will not be applicable to you. If you do not return the ballot or abstain from voting, you will not be bound by the releases contained in <u>Article VIII.D</u> of the Plan. Please be advised that the Plan also contains certain other release, injunction and exculpation provisions. If the Plan is confirmed by the Bankruptcy Court, these sections will be binding on you whether or not you decide to opt in to the releases in <u>Article VIII.D</u> of the Plan. For a full description of these provisions, see <u>Article IV.H</u> of the Disclosure Statement and <u>Article VIII</u> of the Plan.**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of**

**your Claim or Interest. Your Equity Interests have been placed in Class 7 (Common Stock Interests) under the Plan. If you hold Claims or Interests in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

If your Nominee does not receive the completed Beneficial Holder Ballot to provide enough time for your Nominee to submit the Master Ballot on or before the Voting Deadline, which is **December 12, 2023 at 5:00 p.m. (Eastern Time)**, and if the Voting Deadline is not extended, votes included in this Beneficial Holder Ballot will not count. **If the Bankruptcy Court confirms the Plan, it will bind all holders of Claims and Interests regardless of whether and how they vote. Please return this ballot based on the instructions provided to you by your Nominee.**

**THE DEBTORS AND THE SOLICITATION AGENT ARE NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

# BALLOT

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BENEFICIAL HOLDER BALLOT**

**PLEASE COMPLETE ALL APPLICABLE ITEMS BELOW. PLEASE FILL IN ALL OF THE INFORMATION REQUESTED UNDER ITEM 4. IF THIS BENEFICIAL HOLDER BALLOT HAS NOT BEEN PROPERLY SIGNED IN THE SPACE PROVIDED, YOUR VOTE MAY NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Beneficial Holder of Common Stock Interests.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder of Common Stock Interests. If you do not know the amount of your Common Stock Interests, please contact your Nominee for this information. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for Class 7 in order to have your vote counted.

Please note that you are voting all of your Common Stock Interests either to accept or reject the Plan. You may not split your vote. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan for your Equity Interests by checking both boxes below, your vote will not be counted.

The Beneficial Holder of the Common Stock Interests votes to (please check one and only one box):

| Voting Class | Description | Amount of Interest | Vote to Accept or Reject the Plan |
|---|---|---|---|
| 7 | Holder of Common Stock Interests | ______________ | ☐ ACCEPT (vote FOR) the Plan<br>(By voting to accept the Plan you are consenting to being a Releasing Party with respect to the Third Party Release contained in the Plan)<br><br>☐ REJECT (vote AGAINST) the Plan |

**Item 2. Releases by Holders of Claims and Interests.**

The undersigned, as a holder (or representative of a holder of) Class 7 Common Stock Interests, elects to:

☐ Opt In to the Third Party Release and Release Such Holder's Claims in Accordance with Article VIII.D of the Plan

**ONLY APPLICABLE IF YOU VOTE TO REJECT THE PLAN. IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL ALSO BE CONSENTING TO THE RELEASE BELOW CONTAINED IN ARTICLE VIII.D OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE ABOVE BOX OR NOT.**

**IF YOU VOTE TO REJECT THE PLAN, YOU ARE ENTITLED TO OPT IN TO THE RELEASE BELOW CONTAINED IN ARTICLE VIII.D OF THE PLAN BY CHECKING THE BOX IN ITEM 2 OF THIS BENEFICIAL HOLDER BALLOT.**

**IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**If you vote to reject the Plan AND opt in to the releases by Holders of Claims and Interests, you will be bound by the releases contained in Article VIII.D of the Plan, which provide as follows:**

***D. Releases by Holders of Claims and Interests***

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims,**

[3] "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however*, that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided*, *further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

[4] "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the UCC, (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than

**obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Without limiting the generality of the foregoing, and subject to the paragraph directly below, pursuant to the Releases set forth in this Article VIII.D, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action). Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.D shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

**Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties; *provided*, that the Debtors do not concede that the certification of a class is appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from**

---

Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party.

"***Excluded Parties***" means Foxconn and the Former Directors and Officers.

**the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions; *provided further*, that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein. All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects. If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).**

**Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies.**

**Article VIII of the Plan also contains the following provisions**:

***C. Releases by the Debtors***

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the**

**Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.C shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.**

*E. Exculpation*

**Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

*F. Injunction*

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD,**

---

[5] "***Exculpated Parties***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii) (iv), and (v) above on or after the Petition Date.

**HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE XIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

**FOR THE AVOIDANCE OF DOUBT, NOTHING IN ARTICLE VIII.F OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW (AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).**

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, THE DEBTOR RELEASES, EXCULPATION AND INJUNCTION PROVISIONS SET FORTH IN ARTICLES VIII.C, VIII.E AND VIII.F OF THE PLAN, RESPECTIVELY, WILL BE BINDING ON BENEFICIAL HOLDERS WHETHER OR NOT THEY ELECT TO OPT IN TO THE RELEASES IN ARTICLE VIII.D OF THE PLAN.

**Item 3. Other Beneficial Holder Ballots Submitted.**

By returning this Beneficial Holder Ballot, the holder of the Interests identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for Interests identified in Item 1 owned by such holder, except as identified in the following table, and (b) all Beneficial Holder Ballots submitted by the holder in the same Class indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 1 of this Beneficial Holder Ballot (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS TABLE IF YOU HAVE VOTED OTHER CLAIMS OR INTERESTS IN THE SAME CLASS ON OTHER BENEFICIAL HOLDER BALLOTS**

| Your Name or Customer Account Number for Other Account for Which a Ballot Has Been Submitted | Name of Record Owner | Other Class 7 Common Stock InterestsVoted |
|---|---|---|
| | | |
| | | |
| | | |

**Item 4. Certifications, Acknowledgment, Signature and Date.**

By signing this Beneficial Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

a) as of the Voting Record Date, either: (i) the entity is the holder of the Class 7 Common Stock Interests being voted on this Beneficial Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interestsbeing voted;

b) that it has received a copy of the Disclosure Statement, the Plan and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c) that it has cast the same vote with respect to all Class 7 Common Stock Interests;

d) it has not submitted any other Beneficial Holder Ballots with respect to the amount of the Interests identified in Item 1 have been cast or, if any other

Beneficial Holder Ballots have been cast with respect to such Interests, then any such earlier received Beneficial Holder Ballots are hereby revoked;

e) that it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of Class 7 Common Stock Interests pursuant to the Plan and to be a Releasing Party under the Plan;

f) that it acknowledges and understands that (i) if no Holders of Claims and Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims and Interests in such Class; and (ii) any Class of Claims and Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code;

g) that it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes; and

h) the undersigned understands that an otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan, or indicating both acceptance and rejection of the Plan, will not be counted.

[SIGNATURE PAGE FOLLOWS]

Name of Beneficial Holder:______________________________________________

*(print or type)*

DTC Participant Number:______________________________________________

Signature: ______________________________________________

Name of Signatory: ______________________________________________

*(if other than Beneficial Holder)*

Title: ______________________________________________

Address: ______________________________________________

______________________________________________

______________________________________________

Date Completed:______________________________________________

Email Address: ______________________________________________

**PLEASE COMPLETE, SIGN, AND DATE THIS BENEFICIAL BALLOT AND RETURN IT PROMPTLY TO YOUR NOMINEE BASED ON THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE**

If you have questions about this Beneficial Holder Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact your Nominee.

If you have questions about this Ballot, or if you did not receive access to a copy of the Plan or any related materials, please contact the Solicitation Agent by (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 or (d) emailing lordstownballots@kccllc.net (with 'Lordstown' in the subject line).

**THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Any admission of Claims and Interests for purposes of voting on the Plan is not an admission of liability on the part of the Debtors or any other party for payment purposes.

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT

To properly complete this Beneficial Holder Ballot, you must follow the procedures described below, which explain each of the items contained on your Beneficial Holder Ballot. If you have any questions, please contact your Nominee.

**The Bankruptcy Court may confirm the Plan and thereby bind the Holders of the Common Stock Interests, by the terms of the Plan. Please review the Disclosure Statement for more information.**

1. **Submitting the Beneficial Holder Ballot**

Unless otherwise instructed by your Nominee, to ensure that your vote is counted, you must submit your Beneficial Holder Ballot to your Nominee in sufficient time to allow your Nominee to process your vote and submit a Master Ballot so that the Master Ballot is actually received by the Solicitation Agent by the Voting Deadline. You may instruct your Nominee to vote on your behalf in the Master Ballot as follows: (a) complete the Beneficial Holder Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 1 of the Beneficial Holder Ballot; (c) indicate your decision whether to opt in to the release in the box provided in Item 2 of the Beneficial Holder Ballot; and (d) sign and return the Beneficial Holder Ballot to your Nominee in accordance with the instructions provided by your Nominee. The Voting Deadline for the receipt of Master Ballots by the Solicitation Agent is **Decembe r1, 2023 at 5:00 p.m. (prevailing Eastern Time)**. Your completed Beneficial Holder Ballot must be received by your Nominee in sufficient time to permit your Nominee to deliver your vote to the Solicitation Agent on the Master Ballot on or before the Voting Deadline.

2. **To fill out your Beneficial Holder Ballot, you must complete the following:**

   a. **Item 1. Beneficial Holder of Common Stock Interests**. Subject to the terms and conditions of the Plan, Common Stock Interests will receive treatment as provided for in Article III of the Plan for Common Stock Interests in Class 7, and will be administered as provided for in Article VI of the Plan, only to the extent such Common Stock Interests are Allowed and the Plan is consummated. You should review the particular treatment of Class 7 before you vote this Beneficial Holder Ballot. **For additional discussion of treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

   b. **Item 2. Release By Holders of Claims and Interests**. Pursuant to Article VIII.D of the Plan, the Debtors seek approval of the release provision set forth in Article VIII.D of the Plan and provided above. Holders of Claims and Interests that vote to reject the Plan may opt in to this release by checking the box in Item 2.

**IF THE PLAN BECOMES EFFECTIVE, AS A HOLDER OF COMMON STOCK INTERESTS UNDER THE PLAN, IF YOU VOTE TO ACCEPT THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN, AS SET FORTH ABOVE. IF YOU VOTE TO REJECT THE PLAN, YOU MAY**

**CHECK THE BOX IN ITEM 3 TO OPT IN TO THE RELEASES. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

c. **Item 3. Other Beneficial Holder Ballots Submitted**. Use the table provided in Item 3 to indicate if you have voted other Interests in the same Class on other Beneficial Holder Ballots.

d. **Item 4. Certifications**. By signing this Beneficial Holder Ballot, the undersigned entity certifies to the Bankruptcy Court and the Debtors that:

1) as of the Voting Record Date, either: (i) the entity is the holder of the Common Stock Interests being voted on this Beneficial Holder Ballot; or (ii) the entity is an authorized signatory for the entity that is the holder of the Class 7 Common Stock Interests being voted;

2) it has received a copy of the Disclosure Statement Order, including the attached Solicitation Procedures and other exhibits (to be accessed electronically as described above) and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3) it has cast the same vote with respect to all Class 7 Common Stock Interests;

4) no other Beneficial Holder Ballots with respect to the amount of the Interests identified in Item 1 have been cast or, if any other Beneficial Holder Ballots have been cast with respect to such Interests, then any such earlier received Beneficial Holder Ballots are hereby revoked;

5) it acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Class 7 Common Stock Interests and to be a Releasing Party under the Plan;

6) it understands and, if accepting the Plan, agrees with the treatment provided for its Interest(s) under the Plan;

7) it acknowledges and understands that (i) if no Holders of Claims or Interests eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of such Claims or Interests in such Class; and (ii) any Class of Claims or Interests that does not have a Holder of an Allowed Claim or Interest or a Claim temporarily allowed by the Bankruptcy Court as the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection

of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8) it acknowledges and agrees that the Debtors may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

**ADDITIONAL INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL HOLDER BALLOT:**

1. The following Beneficial Holder Ballots will NOT be counted:

   a. any Beneficial Holder Ballot submitted by a person who does not hold, or represent a person that holds, a Claim or Interest in the applicable Voting Class of the Voting Record Date

   b. any Beneficial Holder Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including electronic mail) with respect to such Ballot. Delivery of the Beneficial Holder Ballot shall be deemed made only when the original properly executed Beneficial Holder Ballot is submitted to your Nominee in sufficient time to permit your Nominee to process your vote and deliver your vote on the Master Ballot so that the Master Ballot is actually received by the Solicitation Agent on or before the Voting Deadline;

   c. any Beneficial Holder Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   d. any Beneficial Holder Ballot that is submitted in an inappropriate form that is not the appropriate Ballot for such Claim or Interest;

   e. any unsigned Beneficial Holder Ballot; *provided, however*, for the avoidance of doubt, a Beneficial Holder Ballot submitted via electronic mail shall be deemed to contain an original signature;

   f. a Beneficial Holder Ballot without a vote on the Plan or in which the claimant has voted to both accept and reject the Plan; or

   g. any Beneficial Holder Ballot that is not completed.

2. If your Beneficial Holder Ballot is not received by your Nominee in sufficient time to be included on a timely submitted Master Ballot, it will not be counted unless the Debtors determine otherwise. In all cases, Beneficial Holders should allow sufficient time to assure timely delivery of your Beneficial Holder Ballot to your Nominee. No Beneficial Holder Ballot should be sent to any of the Debtors, the Debtors' agents (other than the

Solicitation Agent and only with respect to a pre-validated Beneficial Holder Ballot at the direction of your Nominee, if any), the Debtors' financial or legal advisors, and if so sent will not be counted.

3. If you deliver multiple Beneficial Holder Ballots to your Nominee with respect to the same Claims or Interests prior to the Voting Deadline, the last received valid Beneficial Holder Ballot timely received will supersede and revoke any earlier received Beneficial Holder Ballots.

4. You must vote all of your Claims or Interests within the same Class either to accept or reject the Plan and may not split your vote. Further, if a Beneficial Holder has multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims or Interests of any particular holder with multiple Claims or Interests within the same Class for the purpose of counting votes.

5. This Beneficial Holder Ballot does not constitute, and shall not be deemed to be (a) a Proof of Claim or (b) an assertion or admission with respect to a Claim or Interest.

6. Please be sure to sign and date your Beneficial Holder Ballot. If you are signing a Beneficial Holder Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

7. The Beneficial Holder Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims or Interests should not surrender certificates or instruments representing or evidencing their Claims or Interests, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

**PLEASE SUBMIT YOUR BENEFICIAL HOLDER BALLOT PROMPTLY IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED BY YOUR NOMINEE.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BENEFICIAL HOLDER BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT, RECEIVED A DAMAGED BENEFICIAL HOLDER BALLOT OR HAVE LOST YOUR BENEFICIAL HOLDER BALLOT, OR NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE SOLICITATION AGENT AT:**

**TELEPHONE: (877) 709-4757 (U.S./CANADA) OR (424) 236-7235 (INTERNATIONAL)**

**EMAIL: LORDSTOWNINFO@KCCLLC.COM**

**WEBSITE: HTTPS://WWW.KCCLLC.NET/LORDSTOWN**

**[CUSIP 54405Q 209/ISIN NUMBER]**