**Exhibit 3**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT,
(II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON
CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR OBJECTING TO THE
CONFIRMATION OF THE PLAN, AND (V) PROCEDURES AND
DEADLINE FOR VOTING ON THE PLAN**

**TO ALL PARTIES IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES:**

**PLEASE TAKE NOTICE THAT** on October [●], 2023, Lordstown Motors Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**") filed their (i) *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); and (ii) the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").[2]

**PLEASE TAKE FURTHER NOTICE THAT:**

1. ***Approval of Disclosure Statement.*** On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. [●]] (the "**Disclosure Statement Order**") approving the Disclosure Statement. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "**Solicitation Procedures**").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined below), or the Solicitation Procedures (as defined below), as applicable.

2. *Approved Dates and Deadlines.* The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing in the Disclosure Statement Order:

| Event | Date |
|---|---|
| Voting Record Date | **October 31, 2023** |
| Solicitation Date | **Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Publication Deadline | **Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter** |
| Rule 3018(a) Motion Deadline | **November 27, 2023 at 4:00 p.m. (ET)** |
| Voting Resolution Event Deadline | **December 5, 2023** |
| Plan Supplement Deadline | **December 1, 2023 (The date that is no later than seven (7) days prior to the Plan Objection Deadline)** |
| Deadline to file proposed form of the Confirmation Order | **The date that is no later than seven (7) days prior to the Plan Objection Deadline** |
| Plan Objection Deadline | **December 8, 2023 at 4:00 p.m. (ET)** |
| Voting Deadline | **December 12, 2023 at 5:00 p.m. (ET)** |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation; (iii) Declarations in Support of Plan Confirmation, and (ii) Voting Report | **December 15, 2023** |
| Confirmation Hearing | **December 19, 2023, subject to Court's availability** |

3. *Confirmation Hearing.* A hearing to consider confirmation of the Plan has been scheduled for **December 19, 2023 at [●] (prevailing Eastern Time)** (the "**Confirmation Hearing**") before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.** If the Confirmation Hearing is continued, the Debtors will post the new date and time of the

Confirmation Hearing at https://www.kccllc.net/lordstown. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4. ***Summary of Status and Voting Rights.*** In accordance with Bankruptcy Code Section 1122 and 1123, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

| Summary of Status and Voting Rights | | | |
|---|---|---|---|
| **Class** | **Claim / Interest** | **Status** | **Voting Rights** |
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 5 | Foxconn Preferred Stock Interests | Unimpaired | Deemed to Accept (Provided that Provisional Votes Will Be Solicited) |
| 6 | Intercompany Interests | Unimpaired | Deemed to Accept |
| 7 | Common Stock Interests | Impaired | Entitled to Vote |
| 8 | Section 510(b) Claims | Impaired | Entitled to Vote |
| 9 | RIDE Section 510(b) Claims | Impaired | Entitled to Vote |
| 10 | Ohio Securities Class Action Claims | Unimpaired | Deemed to Accept |

5.     *Voting Record Date.*  Subject to the Solicitation Procedures, the following holders of Claims and Interests against the Debtors as of **October 31, 2023** (the "**Voting Record Date**") are entitled to vote on the Plan:

| Class | Description |
| --- | --- |
| Class 3 | General Unsecured Claims |
| Class 5 | Foxconn Preferred Stock Interests |
| Class 7 | Common Stock Interests |
| Class 8 | Section 510(b) Claims |
| Class 9 | RIDE Section 510(b) Claims |
| Class 10 | Ohio Securities Class Action Claims (For Class 10 Election) |

6.     *Voting Deadline.*  All votes to accept or reject the Plan must be *actually received* by the Solicitation Agent by **December 12, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your vote.

7.     *Voting Procedures for Class 7 Common Stock Interests.*  By the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to each beneficial Holder (each a "**Beneficial Holder**") of each registered or beneficial Holder of a Common Stock Interest in Class 7 as of the Voting Record Date whether directly or through a Nominee (as defined below), and (ii) an appropriate number of Solicitation Packages and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more such Beneficial Holders holds such Claim in 'street name' as of the Voting Record Date.  The Solicitation Agent shall also distribute a Solicitation Package to each Entity that is directly registered as a Beneficial Holder (i.e. does not hold their Claim through a Nominee) as of the Voting Record Date.  All Beneficial Holder Ballots cast to accept or reject the Plan must be properly completed, executed, and returned to the Nominees in such manner to allow sufficient time for the Voting Nominee to process such votes on Master Ballots and mail or deliver such Master Ballots to the Solicitation Agent so that they are *actually received* by the Solicitation Agent by the Voting Deadline.

8.     *Parties in Interest Not Entitled to Vote.*  All Holders of Unclassified Claims and Holders of Unimpaired Claims and Interests in classes conclusively presumed to accept the Plan are not entitled to vote and will not receive a Ballot.  Such Holders will instead receive the (i) *Confirmation Hearing Notice*, and (ii) *Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims Conclusively Presumed to Accept the Plan*.  If you disagree with the amount

set forth by the Debtors for your Claim in the Schedules or if you have filed a Proof of Claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**").  All Rule 3018(a) Motions must be filed with the Bankruptcy Court and served on the Debtors on or before **November 27, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**").  If a creditor files a timely Rule 3018(a) Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes pursuant to a Resolution Event prior to **December 5, 2023** (the "**Voting Resolution Event Deadline**") or as otherwise set forth in the Disclosure Statement Order.

9. *Calculation of Votes With Respect to Litigation Claims.*  Each Claim Filed or scheduled on account of a claim, cause of action, or litigation against the Debtors, for which a Proof of Claim has been timely filed and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.7(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Claim.  The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the holder, the Debtors, or any other party for any purpose other than voting on the Plan.  Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures.  In accordance with Bankruptcy Rule 3018, any Ballot submitted by a holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

10. *Plan Supplement.*  The Debtors will file the Plan Supplement documents on or before **December 1, 2023**.  The Plan Supplement will include, as applicable: (i) New Organizational Documents, (ii) Identities of members of the New Board, (iii) Schedule of Retained Causes of Action, (iv) Post-Effective Date Debtor Amount Budget, (v) Identity of Claims Ombudsman, (vi) Claims Ombudsman Agreement, (vii) Identity of Litigation Trustee, and (viii) Litigation Trust Agreement.  The Plan Supplement will be served only on those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  Once the Plan Supplement is filed, a copy will also be available for review, free of charge, on the Debtors' restructuring website at https://www.kccllc.net/lordstown.

11. *Cure and Assumption Notice*.  The Debtors will file a Cure and Assumption Notice within 14 days prior to the Confirmation Hearing, serve the Cure and Assumption Notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection

5

with this Plan and, where applicable, setting forth the proposed Cure Amount (if any).  Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and *actually* *received* by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.

12. ***Objections to Confirmation.*** The deadline to object or respond to confirmation of the Plan is **December 8, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Any objections or responses to confirmation of the Plan, must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and Local Rules, (iii) state the name and address of the objecting party and the nature and amount of the Claim of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be *actually* *received* by the following parties on or before the Plan Objection Deadline:

(a) counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Donald J. Detweiler (don.detweiler@wbd-us.com) and Morgan L. Patterson (morgan.patterson@wbd-us.com));

(b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov));

(c) counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com), and 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA 19103 (Attn: Francis J. Lawall (francis.lawall@troutman.com)); and

(d) counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick.com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

13. **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

*Additional Information.* If you wish to receive additional copies of the Plan or the Disclosure Statement, you may receive copies free of charge from the Debtors' Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line). Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney. You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED. PLEASE BE ADVISED THAT <u>ARTICLE VIII</u> OF THE PLAN PROVIDES:**

C. *Releases by the Debtors*

**Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.C shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.**

D. *Releases by Holders of Claims and Interests*

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of**

---

[3] "***Releasing Party***" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however*, that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided, further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

[4] "***Released Party***" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the UCC, (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party.

"***Excluded Parties***" means Foxconn and the Former Directors and Officers.

**Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Without limiting the generality of the foregoing, and subject to the paragraph directly below, pursuant to the Releases set forth in this <u>Article VIII.D</u>, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action). Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article VIII.D</u> shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.**

**Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties; *provided*, that the Debtors do not concede that the certification of a class is appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions; *provided further*, that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein. All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects. If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).**

**Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-**

9

**Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies.**

  E. *Exculpation*

  **Except as otherwise specifically provided in the Plan, no Exculpated Party[5] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

  F. *Injunction*

  **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO <u>ARTICLE VIII.C</u> OR <u>ARTICLE VIII.D</u> OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO <u>ARTICLE VIII.D</u> OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO <u>ARTICLE VIII.E</u> OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE XIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO**

---

[5] "*Exculpated Parties*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii) (iv), and (v) above on or after the Petition Date.

**THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

**FOR THE AVOIDANCE OF DOUBT, NOTHING IN ARTICLE VIII.F OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW (AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).**

> **PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOU ARE THE HOLDER OF AN UNCLASSIFIED CLAIM UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN <u>ARTICLE VIII.D</u> OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE PLAN.**
>
> **PLEASE ALSO BE ADVISED THAT IF YOU ARE ENTITLED TO VOTE, AND (A) VOTE TO ACCEPT THE PLAN, OR (B) REJECT THE PLAN AND OPT IN TO THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN <u>ARTICLE VIII.D</u> OF THE PLAN.  IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

The Plan also contains other related provisions that may affect your rights against the Debtors.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: October [●], 2023

Respectfully submitted,

/s/ _____

**WOMBLE BOND DICKINSON (US) LLP**

Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*