IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br>                      Debtors. | Chapter 11<br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Obj. Deadline: November 14, 2023 at 4:00 p.m. (ET)<br>Hearing Date: November 21, 2023 at 11:30 a.m. (ET) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF DATES
SPECIFIED HEREIN AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER, WHICH IS ATTACHED HERETO AS EXHIBIT A, TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS.**

The debtors and debtors in possession (collectively, the "**Debtors**," and together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the rejection of the Contracts (defined below), as set forth on **Schedule 1** to the Order, effective as of to the dates set forth in **Schedule 1** to the Order, and (ii) granting related relief. In support of this Motion, the Debtors, by and through their undersigned counsel, state as follows:

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

AMERICAS 125022523

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference,* dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Motion are sections 105 and 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and 9014.

3. Pursuant rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**BACKGROUND**

4. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 99]. On September 7, 2023, the U.S. Trustee appointed the official committee of equity

security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code. [D.I. 375]. No trustee or examiner been appointed in these Chapter 11 Cases.[2]

5. On the Petition Date, the Debtors filed their *Motion for Entry of Orders (a) Establishing Bidding and Auction Procedures; (b) Scheduling Certain Dates with Respect Thereto; (c) Approving the Form and Manner of Notice Thereof; (d) Approving Contract Assumption and Assignment Procedures; and (e) Granting Other Related Relief* [Docket No. 16] (the "**Bidding Procedures Motion**") to obtain Bankruptcy Court approval and establishment of certain procedures relating to the sale process. On July 27, 2023, the Court held a hearing to consider the Bidding Procedures Motion and continued the hearing to August 3, 2023. On August 8, 2023, the Court entered an order approving the Bidding Procedures Motion [Docket No. 237]. (the "**Bidding Procedures Order**").

6. On August 24, 2023, the Bankruptcy Court entered an order [Docket No. 319] (the "**Bar Dates Order**") granting the Debtors' motion to establish deadlines related to filing proofs of claim. The Bar Date Order established October 10, 2023 at 5:00 p.m. (ET) as the deadline for all persons and entities (excluding governmental units as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**General Bar Date**") and December 26, 2023 at 5:00 p.m. (ET) as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**"). Pursuant to the Bar Date Order the deadline for all Holders of a claim that arises from the Debtors' rejection of an executory contract or unexpired lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and

---

[2] Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of Debtors' Petitions and Requests for First Day Motions* [D.I. 15] (the "**First Day Declaration**").

(b) 5:00 p.m. (ET) on the date that is 30 days after the service of an order of the Bankruptcy Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease.

7. On August 31, 2023, the Debtors filed a *Notice of (i) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (ii) Cure Amounts* [Docket No. 280] (the "**Potential Assumption Notice**"). As noted in the Potential Assumption Notice, the list attached thereto included contracts and leases that the Debtors *may* eventually seek to assume and assign. However, inclusion of a contract or lease on the Potential Assumption Notice did not mean the Debtors would in fact assume and assign such contract or leases and such contracts remained subject to potential rejection.

8. On September 27, 2023, the Debtors filed a *Supplemental Notice of (i) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (ii) Cure Amounts* [Docket No. 482] (the "**First Supplemental Assumption Notice**").

9. On September 29, 2023, the Debtors filed a *Second Supplemental Notice of (i) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (ii) Cure Amounts* [Docket No. 482] (the "**Second Supplemental Assumption Notice**") to inform certain parties of cure amounts or amended cure amounts that the Debtors believed must be paid to cure any prepetition defaults and any other amounts under the potentially assumed contract. None of the contracts or leases were guaranteed to be assumed and assigned and remained subject to potential rejection.

10. After months of marketing and negotiating with potential bidders, the Debtors were able to reach an agreement with a bidder to sell certain of their assets. On September 29, 2023, the Debtors filed a *Notice of (I) Selection of Successful Bidder, (II) Cancellation of Auction, and (III) Sale Hearing* [Docket No. 488], disclosing the selection of

4

LAS Capital, LLC (together with, its assignee, LandX Motors Inc., the "**Purchaser**") as the Successful Bidder, subject to Court approval. Pursuant to the asset purchase agreement dated September 28, 2023 (the "**Asset Purchase Agreement**"), by and between the Debtors and the Purchaser, the Purchaser would acquire specified assets of the Debtors related to the design, production and sale of electric light duty vehicles focused on the commercial fleet market.

11. On October 18, 2023, the Court held a hearing on the proposed sale of certain of the Debtors' assets to the Purchaser pursuant to the terms of the Assets Purchase Agreement. Following the hearing, the Court entered the order approving such sale (the "**Sale Order**"). [Docket No. 586] The sale to the Purchaser pursuant to the Sale Order and the Asset Purchase Agreement closed on October 27, 2023.

12. On October 25, 2023, the Debtors filed a Third *Supplemental Notice of (i) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (ii) Cure Amounts* [Docket No. 618] (the "**Third Supplemental Assumption Notice**", together with the Potential Assumption Notice, First Supplemental Assumption Notice, and Second Supplemental Assumption Notice, the "**Notices**") to inform certain parties of cure amounts or amended cure amounts that the Debtors believed must be paid to cure any prepetition defaults and any other amounts under the potentially assumed contract. None of the contracts or leases were guaranteed to be assumed and assigned and remained subject to potential rejection.

## THE CONTRACTS

13. In the ordinary course of their business, the Debtors entered into an array of contracts including arrangements with vendors and suppliers to facilitate vehicle development, manufacturing, and sales, including contracts related to supply chain management, supply of parts and technology, marketing, sales, and other support services, as well as all of the other

5

aspects of the Debtors' business. The Debtors are also parties to several unexpired leases of non-residential real property, including leases for the Debtors' various office locations. By this Motion the Debtors seek to reject the executory contracts and unexpired leases listed on **Schedule 1** to the Proposed Order (the "**Contracts**," and the counterparties thereto, the "**Counterparties**").

14. The Debtors have determined in consultation with their financial advisor, Silverman Consulting, that rejecting the Contracts will result in significant savings by obviating unnecessary expense that would return little to no benefit to their estates. The Contracts to be rejected are for goods and services that the Debtors no longer utilize and that the Purchaser did not assume as an Assumed Agreement. Absent rejection, the Debtors could incur unnecessary administrative expenses to the detriment of their estates. The savings that will result from rejecting the Contracts will maximize the value to the Debtors' estates for the benefit of all stakeholders.

15. In an effort to reduce postpetition administrative costs and eliminate unneeded executory contracts, and in the exercise of the Debtors' sound business judgment, the Debtors request authority to reject the Contracts effective as of to dates set forth in **Schedule 1** to the Proposed Order.

16. Although certain of the Contracts were included on the previously filed Potential Assumption Notice, the Potential Assumption Notice merely listed contracts that the Debtors' *may* later seek to assume and assign for the purposes of determining cure amounts in connection with the Debtors' ongoing sale process. Inclusion of a contract on the Potential Assumption List remained subject to the Debtors' decision to reject. For the avoidance of any doubt, by this Motion, the Debtors' are unequivocally seeking to reject the Contracts listed on

**Schedule 1** to the Proposed Order notwithstanding that certain of the Contracts may have been included on the Potential Assumption List.

## RELIEF REQUESTED

17. By this Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code and rules 6006 and 9014 of the Bankruptcy Rules, the Debtors seek entry of the Order: (a) authorizing the rejection of the Contracts as of the to the dates set forth in **Schedule 1** to the Proposed Order, and (b) granting related relief.

## BASIS FOR RELIEF

### I. Rejection of the Contracts is Appropriate and Provides the Debtors with Significant Cost Savings

18. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard. *See, e.g.*, *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *Glenstone Lodge, Inc. v. Buckhead Am. Corp.* (*In re Buckhead Am. Corp.*), 180 B.R. 83, 88 (Bankr. D. Del. 1995); *In re Rupari Holding Corp.*, 2017 Bankr. LEXIS 4095, *12 (Bankr. D. Del. Nov. 28, 2017).

19. "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (citing *Bildisco*, 682 F.2d 72, 29 (3d Cir. 1982)); *In re Rupari Holding Corp.*, No. 17-10793 (KJC), 2017 Bankr. LEXIS 4095, at *12 (Bankr. D. Del. Nov. 28, 2017)). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain

contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003). Courts accord the debtor's business judgment a great amount of deference and have observed that court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (quoting *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981)).

20. The Debtors seek to reject the Contracts because they are not beneficial to the estates. The Debtors no longer require the contracted services and the Contracts were not assumed by the Purchaser. The Debtors' continued performance under the Contracts would be a drain on the Debtors' resources. Assumption of the Contracts would only result in a diminution of estate assets without a corresponding benefit to the Debtors, their estates, or their creditors or equity security holders.

II. **This Court Should Deem the Contracts Rejected *Nunc Pro Tunc* to the Dates Set Forth Herein**

21. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until

judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.* (*In re Bethlehem Steel Corp.*), No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

22. The balance of equities favors the relief requested herein. Without a retroactive date of rejection, the Counterparties may attempt to assert administrative expenses under the relevant Contracts. Authorizing rejection as of the date of filing cuts off any attempt by the Counterparties to file additional claims entitled to administrative priority expense. Such claims could be material, and therefore granting relief *nunc pro tunc* will benefit all stakeholders. The request is also equitable given that the Counterparties will receive notice of this motion via overnight mail and/or email upon filing. Further, the Debtors have unequivocally signaled the proposed Contract rejections to the Counterparties by clearly identifying their contracts on **Schedule 1** to the Proposed Order.

23. Courts in this jurisdiction commonly approve rejection of executory contracts or unexpired leases *nunc pro tunc* to the date of filing of a rejection motion or even earlier. *See, e.g.*, *In re Stanadyne LLC,* Case No. 23-10207 (TMH) (Bankr. D. Del. Aug. 29,

2023) (authorizing rejection of executory contracts *nunc pro tunc* to two days before the date of filing of the rejection motion); *In re TPC Group Inc.*, Case No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022) (authorizing rejection of executory contracts *nunc pro tunc* to the petition date upon motion filed on the petition date); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Apr. 3, 2020) (authorizing rejection of executory contracts *nunc pro tunc* to the petition date upon motion filed three days after the petition date); *In re Lucky's Market Parent Company, LLC*, No. 20-10166 (JTD) (Bankr. D. Del. Mar. 12, 2020) (authorizing rejection of executory contracts *nunc pro tunc* to the date of filing of the rejection motion).

### RESERVATION OF RIGHTS

24. The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims to any rejection damages are preserved, including without limitation, defenses or counterclaims relating to a Contract's expiration or a non-debtor party's material default. Further, nothing contained herein is intended or shall be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, except as specified herein, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to

assume or reject any executory contract or unexpired lease with any party, except as specified in this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; (g) being otherwise enforceable by any third party, or (h) an admission by the Debtors that such contract is, in fact, executory.[3]

### WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)

25. To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that the notice requirements under Bankruptcy Rule 6006(c) are met.

### NOTICE

26. Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the UCC; (iv) the Equity Committee; (v) holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the state attorneys general for all states in which the Debtors conduct business; (x) any parties who have asserted liens against the Debtors' assets; (xii) the Counterparties; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Service Parties**"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### NO PRIOR REQUEST

27. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

---

[3] Several of the Contracts may not be executory but are included out of an abundance of caution to the extent Counterparties may attempt to assert such contracts remain executory.

11

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion and the Order, and such other and further relief as is just and proper.

Dated: November 1, 2023

Respectfully submitted,

*/s/Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*