**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| | ) | |
| LORDSTOWN MOTORS CORP., *et. al.*,[1] | ) | Case No. 23-10831-MFW |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: Dec. 19, 2023 at 2:00 pm (ET)** |
| | ) | **Response Due: Dec. 12, 2023 at 4:00 pm (ET)** |

**MOTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION FOR ORDER FURTHER EXTENDING TIME TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE DISCHARGEABILITY OF A DEBT TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. § 1141(d)(6)**

The U.S. Securities and Exchange Commission (the "**Commission**") files this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), further extending the date by which the Commission must file a complaint or take any other action that may be required, if any, to determine the dischargeability of a debt pursuant to Section 1141(d)(6) of the Bankruptcy Code, to December 21, 2023, without prejudice to the Commission's right to seek further extensions, and without prejudice to the rights of other parties in interest to oppose any such extensions. In support of this Motion, the Commission respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective federal tax identification numbers are: Lordstown Motors Corp. (3229); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

2. The statutory predicates for the relief requested herein are Sections 523(c) and 1141(d)(6) of the Bankruptcy Code and Rules 4007(b) and (c) of the Federal Rules of Bankruptcy Procedure, to the extent applicable.

3. The Commission does not consent to the entry of final orders or judgments for any matters for which the Court may not, consistent with Article III of the United States Constitution, enter final orders or judgments absent consent of the parties.

**BACKGROUND**

4. On June 27, 2023, the above-captioned debtors (collectively, the "**Debtors**") each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors have continued in possession of their assets and have continued to operate and manage their business as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 11, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") pursuant to Section 1102(a)(1) of the Bankruptcy Code [ECF Nos. 96 and 99].

6. On September 7, 2023, the Office of the United States Trustee appointed the Official Committee of Equity Security Holders (the "**Equity Committee**") pursuant to Section 1102(a)(1) of the Bankruptcy Code [ECF No. 375].

7.  On July 10, 2023, the Office of the United States Trustee filed a notice [ECF No. 94] scheduling the Section 341 meeting of creditors in this case for August 4, 2023.

8.  The Notice of Chapter 11 Bankruptcy Case filed on July 11, 2023 [ECF No. 98] provides that the deadline for filing a complaint to except a debt from discharge under Section 523(c) of the Bankruptcy Code will be a date "[t]o be determined." [ECF No. 98 at p.2, Box 8].

9.  The Commission staff believes that Section 523(c) (and corresponding deadline in Bankruptcy Rule 4007(c)) is inapplicable with respect to the dischargeability of a debt under Section 1141(d)(6). In *In re Hawker Beechcraft, Inc.,* 515 B.R. 416 (S.D.N.Y. 2014), the district court held Section 1141(d)(6) is self-effectuating, and thus, is not subject to the deadline to file a nondischargeability complaint set forth in Rule 4007(c).

10. If Rule 4007(c) were to apply to actions under Section 1141(d)(6), then the initial deadline in these cases would have been 60 days from the August 4, 2023 meeting of creditors, or October 3, 2023. Without binding precedent in this Circuit, the Commission, in an abundance of caution, previously sought and obtained an extension of the Rule 4007(c) deadline, to the extent applicable, to November 10, 2023, without prejudice to the Commission's right to seek further extensions or the rights of other parties to oppose such extensions. [ECF No. 589 at ¶2].[2] For the reasons discussed below, the Commission now seeks a further extension of that date to December 21, 2023.

---

[2] The Order also provides that nothing therein constitutes a determination that any deadline exists for the Commission to seek a determination of nondischargeability under Section 1141(d)(6) of the Bankruptcy Code. [ECF No. 589 at ¶3].

**RELIEF REQUESTED**

11.     The Commission requests entry of an order extending the date by which the Commission must file a complaint or take any other action that may be required, if any, to determine the dischargeability of a debt pursuant to Section 1141(d)(6) of the Bankruptcy Code, to December 21, 2023, without prejudice to the Commission's right to seek further extensions, and without prejudice to the rights of other parties in interest to oppose any such extensions.

**BASES FOR RELIEF REQUESTED**

12.     Section 1141(d)(6) of the Bankruptcy Code excepts from discharge certain debts owed by a corporate debtor to a domestic governmental unit.[3]  Specifically, that Code provision states:

> (6) Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt –
>
> > (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute…

11 U.S.C. §1141(d)(6)(A).

13.     The Commission believes that Section 1141(d)(6)(A) is self-effectating and is not governed by the procedures and deadlines set forth in Section 523(c)(1) of the Banrkuptcy Code and Fed.R.Bankr.P. 4007(c).  Section 523(c)(1) provides, in part, that the debtor is discharged from a debt of a kind specified in Section 523(a)(2) unless the creditor files a

---

[3]     The Commission is a "domestic governmental unit" within the meaning of Sections 101(27) and 1141(d)(6) of the Bankruptcy Code (defined to include any department, agency or instrumentality of the United States).

complaint for a determination that the debt is excepted from discharge under Section 523(a)(2). Bankruptcy Rule 4007(c) sets the deadline for filing such a complaint of no later than 60 days after the meeting of creditors. Fed.R.Bankr.P. 4007(c).  That deadline may be extended by the court for cause. Id.

14.     Although Section 1141(d)(6) references Section 523(a)(2) as the type of debt excepted from discharge in a corporate Chapter 11, the court in *In re Hawker Beechcraft, Inc.,* 515 B.R. 416 (S.D.N.Y. 2014) held that none of the procedural components of Section 523(a)(2) were incorporated into Section 1141(d)(6)(A).  According to the *Hawker Beechcraft* court, Section 1141(d)(6)(A) is self-effectuating, and thus, is not subject to the deadline to file a nondischargeability complaint set forth in Rule 4007(c).  Rather, an action under Section 1141(d)(6) falls under Rule 4007(b) and "may be filed at any time." Fed.R.Bankr.P. 4007(b).[4]

15.     The Debtors' current Chapter 11 plan provides that the Debtors will receive a discharge under Section 1141 of the Bankruptcy Code. [ECF No. 657, Art. VIII(B)].  The Commission staff has unresolved issues concerning the Debtors' entitlement to a discharge in this case because, among other reasons, they lack any detailed or concrete plans to engage in business after plan consummation. 11 U.S.C. §1141(d)(3).  If it is determined at confirmation that the Debtors are not entitled to a discharge, then issues relating to the applicability of Section 1141(d)(6) would become moot.

---

[4]     The Notice of Chapter 11 Bankruptcy Case filed on July 11, 2023 [ECF No. 98] set the Meeting of Creditors for August 4, 2023, but did not set a deadline for filing nondischargeability complaints in accordance with Rule 4007(c).  Instead, the notice provides that the deadline for filing a complaint to except a debt from discharge under Section 523(c) of the Bankruptcy Code will be a date "[t]o be determined." [ECF No. 98 at p.2, Box 8].

16.     Granting the requested extension would preserve the Debtors' limited resources that would otherwise be required to litigate dischargeability matters at this time.  As such, the Commission believes that cause exists to extend the Rule 4007(c) deadline, to the extent applicable, to December 21, 2023 (two days after the scheduled plan confirmation hearing) for the Commission to seek a determination of nondischargeability under Section 1141(d)(6).

## **NOTICE**

17.     The Commission is providing notice of this Motion to the following parties in accordance with Local Rule 2002-1(b): (1) counsel for the Debtors; (2) the United States Trustee; (3) counsel for all official committes; and (4) all parties who filed a request for service of notices under Fed.R.Bankr.P. 2002(i).

**CONCLUSION**

The Commission seeks entry of an order, substantially in the form of the Proposed Order attached hereto as Exhibit A, extending the date by which the Commission must file a complaint or take any other action that may be required, if any, to determine the dischargeability of a debt pursuant to Section 1141(d)(6) of the Bankruptcy Code, to December 21, 2023, without prejudice to the Commission's right to seek further extensions, and without prejudice to the rights of other parties in interest to oppose any such extensions.

Dated: November 9, 2023

/s/ David W. Baddley
**U.S. SECURITIES & EXCHANGE COMMISSION**
David W. Baddley (admitted per L.R. 9010-1(e)(1))
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Telephone: (404) 842-7625
baddleyd@sec.gov

*Counsel for U.S. Securities and Exchange Commission*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE | ) Chapter 11 |
| | ) |
| LORDSTOWN MOTORS CORP., *et. al.*, | ) Case No. 23-10831-MFW |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: Dec. 19, 2023 at 2:00 pm (ET)** |
| | ) **Response Due: Dec. 12, 2023 at 4:00 pm (ET)** |

## NOTICE OF MOTION AND HEARING

PLEASE TAKE NOTICE that, on November 9, 2023, the U.S. Securities and Exchange Commission filed the *Motion of the U.S. Securities and Exchange Commission for Order Further Extending Time to Take Action, to the Extent Necessary, to Determine the Dischargeability of a Debt to a Governmental Unit Pursuant to 11 U.S.C. §1141(d)(6)* (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

PLEASE TAKE FURTHER NOTICE that, any responses or objections to the Motion must be in writing and filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 on or before **December 12, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). Any objection also must be served by the Objection Deadline upon:

> U.S. Securities and Exchange Commission
> David W. Baddley
> 950 East Paces Ferry Road, NE, Suite 900
> Atlanta, GA 30326-1382
> Fax: (404) 842-7633
> baddleyd@sec.gov

8

PLEASE TAKE FURTHER NOTICE that, if any objections to the Motion are received, the Motion and such objections shall be considered at a hearing before The Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware, at the Court, 824 North Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801 on **December 19, 2023 at 2:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE THAT, IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: November 9, 2023

/s/ David W. Baddley
**U.S. SECURITIES & EXCHANGE COMMISSION**
David W. Baddley (admitted per L.R. 9010-1(e)(1))
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382
Telephone: (404) 842-7625
baddleyd@sec.gov

*Counsel for U.S. Securities and Exchange Commission*