# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: December 11, 2023 at 2:00 p.m. (ET)<br>Obj. Deadline: November 27, 2023 at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) DUPLICATE CLAIMS, (II) INSUFFICIENT DOCUMENTATION CLAIMS, (III) INCORRECT DEBTOR CLAIMS AND (IV) LATE-FILED CLAIMS**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3 AND/OR SCHEDULE 4 TO EXHIBIT A ATTACHED HERETO AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST CERTAIN CLAIMS LISTED ON SCHEDULE 1, SCHEDULE 2, SCHEDULE 3 AND/OR SCHEDULE 4 TO EXHIBIT A ATTACHED HERETO.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases hereby file this omnibus objection (this "**Objection**") and respectfully state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**RELIEF REQUESTED**

1. By this Objection, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), disallowing and expunging or otherwise modifying certain proofs of claim identified on: (a) **Schedule 1** (the "**Duplicate Claims**"); (b) **Schedule 2** (the "**Insufficient Documentation Claims**"); (c) **Schedule 3** (the "**Incorrect Debtor Claims**"); and (d) **Schedule 4** (the "**Late-Filed Claims**," collectively with the Duplicate Claims, the Insufficient Documentation Claims, and the Incorrect Debtor Claims, the "**Disputed Claims**")[2], each attached to the Proposed Order.  In support of this Objection, the Debtors submit the *Declaration of Constadinos D. Tsitsis in Support of Debtors' First Omnibus (Non-Substantive) Objection to Certain (i) Duplicate Claims, (ii) Insufficient Documentation Claims, (iii) Incorrect Debtor Claims, and (iv) Late-Filed Claims* (the "**Tsitsis Declaration**"), attached hereto as **Exhibit B**.

**JURISDICTION**

2. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Objection is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested by this Objection are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[2]   Note that Disputed Claims may be listed on more than one schedule attached to the Proposed Order.

4. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

5. On June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing these cases (the "**Chapter 11 Cases**"), which are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed, pursuant to section 1102 of the Bankruptcy Code, (a) an official committee of unsecured creditors (the "**Creditors' Committee**") on July 11, 2023, (b) an official committee of equity security holders (the "**Equity Committee**") on September 7, 2023. No trustee or examiner has been appointed in these Chapter 11 Cases.

6. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness, and the events leading to the Petition Date, are in the *Declaration of Adam Kroll in Support of Debtors' Petitions and Requests for First Day Relief* [D.I. 15].

## CLAIMS PROCESS

7. On June 28, 2023, the Court entered an order authorizing the Debtors to retain and employ Kurtzman Carson Consultants LLC ("**KCC**") as its claims and noticing agent [D.I. 54], and on July 25, 2023, the Court entered an order authorizing KCC to be the Debtors' administrative advisor under 11 U.S.C. § 327(a) [D.I. 174].

8. On August 1, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [D.I. 210-17], which were subsequently amended [D.I. 377-385]

on September 7, 2023 and may be further amended from time to time (collectively, as amended, supplemented, or further amended, the "**Schedules**").

9. On August 24, 2023, the Court entered the *Order (A) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form, Manner, and Procedures of Notice Thereof, and (C) Granting Related Relief* [D.I. 319] (the "**Bar Date Order**").

10. The Bar Date Order established, among other things: (a) October 10, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as such term is defined in section 101(27) of the Bankruptcy Code)) (the "**General Bar Date**"); (b) December 26, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**"); (c) the Rejection Bar Date (as defined in the Bar Date Order) as the later of: (a) the General Bar Date or the Governmental Bar Date (if a governmental unit is the counterparty to the applicable executory contract or unexpired lease) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease; and (d) the Amended Schedule Bar Date (as defined in the Bar Date Order, and together with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "**Bar Dates**") as the later of (a) the General Bar Date or the Governmental Bar Date (if the applicable amendment relates to a claim of a Governmental Unit) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the claimant is served with notice of the applicable amendment or supplement to the Debtors' schedules.

11. On August 28, 2023, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code Against Debtors* [D.I. 335] (the "**Bar Date Notice**").

12. In accordance with the Bar Date Order, on August 31, 2023, KCC served the Bar Date Notice and proof of claim forms, via email and/or first-class mail to all creditors and any other known holders of potential claims in these Chapter 11 Cases and their counsel (if known). KCC also served the Bar Date Notice to all known registered holders of Lordstown Motors Corp. common stock and preferred stock, and any holders for whose benefit such registered holder holds down the chain of ownership for all such holders of common or preferred stock. Further, the Bar Date Notice was published in the *The Wall Street Journal* and *Automotive News* on August 31, 2023 and September 11, 2023, respectively. [D.I. 591]

13. The claims register for these Chapter 11 Cases (the "**Claims Register**"), prepared and maintained by KCC, shows that over 1,609 proofs of claim have been filed against the Debtors as of the filing of this Objection.

14. In the ordinary course of business, the Debtors maintain books and records (the "**Books and Records**") that generally reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Debtors, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and Books and Records, which process includes identifying certain categories of claims that may be subject to objection, disallowance, and expungement. While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be disallowed for one or more reasons. Accordingly, the Debtors file this Objection seeking the relief requested below.

5

**BASIS FOR RELIEF REQUESTED**

15. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *Id*. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's *prima facie* validity. *Id*. at 173-74. Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. Ultimately, the burden of persuasion is on the claimant. *Id*.

**A.     Duplicate Claims**

16. As set forth in the Tsitsis Declaration, based upon a review and analysis of the Duplicate Claims listed on **Schedule 1** to the Proposed Order, the Debtors have determined that each Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority on account of the same alleged liability and against the same Debtor[3] more than once. The claims listed under the column "Duplicate Claim to be Disallowed" are duplicative of the corresponding claims listed under the column titled "Surviving Claim" (the "**Surviving Claims**").

17. The Debtors should not be required to pay twice on the same obligation. Disallowance of these redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Any disallowance of the Duplicate Claims

---

[3] In certain instances, a claimant may not have identified a Debtor entity against which a claim was asserted. Pursuant to paragraph 11(c) of the Bar Date Order, claims that do not identify any Debtor are deemed asserted and filed against Lordstown Motors Corp.

will not prejudice any claimants or their substantive rights against the Debtors because each Surviving Claim will remain on the Claims Register, subject to the Debtors' ongoing rights to object to the Surviving Claims on these or any other applicable grounds, including other grounds set forth in the Debtors' subsequent omnibus objections.

18. Therefore, the Debtors (a) object to the Duplicate Claims listed on **Schedule 1** to the Proposed Order and (b) requests that such Duplicate Claims under the column heading labeled "Duplicate Claim to be Disallowed" be disallowed in their entirety.[4]

**B.     Insufficient Documentation Claims**

19. Based upon a review and analysis of the Insufficient Documentation Claims listed on **Schedule 2** to the Proposed Order, and as set forth in the Tsitsis Declaration, the Debtors have determined that each Insufficient Documentation Claim lacks any supporting documentation for the existence and/or amount of the underlying claims. The Insufficient Documentation Claims are not *prima facie* valid. Pursuant to Bankruptcy Rule 3001(c), a claimant that files a proof of claim based on a writing must file an original or duplicate of the writing with the proof of claim or otherwise explain that the writing has been lost or destroyed. Only a proof of claim filed in accordance with Bankruptcy Rule 3001 constitutes *prima facie* evidence of its validity and amount.

20. Moreover, the Tsitsis Declaration explains that the Debtors, their professionals, and KCC have reviewed and made reasonable efforts to research the Insufficient Documentation Claims, including through a review of (a) the Debtors' books and records, which are maintained in the ordinary course of business by the Debtors, which do not reflect the existence of the

---

[4] For the avoidance of doubt, the Debtors all rights to object to the Surviving Claims on any grounds permitted under applicable law.

asserted Insufficient Documentation Claims and (b) the proofs of claims asserting the Insufficient Documentation Claims, which provide no basis or appropriate supporting documentation on which the Debtors can determine that a valid claim exists. As such, the Debtors believe the Insufficient Documentation Claims do not provide *prima facie* evidence of the existence, validity and amount of such claims.

21. Failure to disallow the Insufficient Documentation Claims will result in the applicable claimants receiving an unwarranted recovery to the detriment of other creditors. Therefore, the Debtors (a) object to the allowance of the Insufficient Documentation Claims set forth on **Schedule 2** to the Proposed Order and (b) seek entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims.[5]

C. **Incorrect Debtor Claims**

22. As set forth in Tsitsis Declaration, the Debtors have thoroughly reviewed their Books and Records and the Claims Register, and based on their reasonable review, have determined that each Incorrect Debtor Claim identified on **Schedule 3** to the Proposed Order is duplicate of other claim and does not accurately reflect the actual Debtor entity that may be liable for the underlying claims for the specific reasons set forth on **Schedule 3**. The Incorrect Debtor Claims should be disallowed, and the Claims under the heading labeled, "Correct Debtor" set forth in **Schedule 3** should remain on the Claim Register as they are against the correct Debtor that may be liable (the "**Corrected Debtor Claims**"). Disallowing the Incorrect Debtor Claims and with the Corrected Debtor Claims as the remaining claims will not prejudice

---

[5] To the extent that any of the claimants provide additional documentation with respect to the Insufficient Documentation Claims in response to this Objection, the Debtors reserve all rights to contest that such additional documentation should not be permitted and the claim should be disallowed as the claimant failed to meet its burden in a timely manner. However, to the extent that any of the additional documentation is provided and the claim is held to constitute a timely filed proof of claim that is *prima facie* valid, the Debtors reserve all rights to further object to the proof of claim on any grounds permitted under applicable law.

the holders of the Incorrect Debtor Claims, as the Corrected Debtor Claims will remain against the appropriate Debtor entity. Failure to disallow the Incorrect Debtor Claims might arguably prejudice the Debtors and other stakeholders if a claimant seeks to pursue the Debtors in another jurisdiction for a claim which a respective Debtor bears no liability. Moreover, disallowance of these claims will enable the Debtors to maintain a Claims Register in these Chapter 11 Cases that more accurately reflects the claims that exist against the Debtors.

**D.      Late-Filed Claims**

23.     The Bar Date Order established October 10, 2023 as the General Bar Date for all holders of claims (except governmental units and with certain other exceptions) to assert a claim against the Debtors that arose before the Petition Date. KCC provided timely served the Bar Date Order and Bar Date Notice to each claimant of a Late-Filed Claim in accordance with the procedures set forth therein. The claims listed on Schedule 4 under the heading labeled "Late Claim to be Disallowed" arose prior to the Petition Date, were filed after the General Bar Date and therefore, do not comply with the Bar Date Order. The Debtors have examined each of the Late-Filed Claims, which were filed on October 22 and 23, respectively and determined that they are not specific amendments to any timely-filed claim.

24.     Failure to disallow the Late-Filed Claims will result in the applicable claimant receiving an unwarranted recovery to the detriment of the Debtors and creditors who complied with the Bar Date Order and timely filed proofs of claim in these Chapter 11 Cases. Accordingly, the Debtors (a) object to the Late-Filed Claims listed on **Schedule 4** to the Proposed Order and (b) requests that such Late-Filed Claims under the column heading labeled "Late Claim to be Disallowed" be disallowed in their entirety.

**Responses to this Objection**

25.     <u>Filing and Service of Responses</u>: To contest the Objection, a Claimant must file and serve a written response to the Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later **than 4:00 p.m. (ET) on November [●], 2023** (the "**Response Deadline**").  Claimants should locate their names and claims on **Schedule 1**, **Schedule 2**, **Schedule 3** and/or **Schedule 4** to the Proposed Order, and carefully review the Objection.  A Response must address each ground upon which the Debtors object to a particular Disputed Claim.  A hearing to consider the Debtors' Objection, if necessary, will be held on December 11, 2023 at 2:00 p.m. (ET), before the Honorable Mary F. Walrath, United States Bankruptcy Judge, via telephone and videoconference (the "**Hearing**").

26.     Each Response must be filed and served upon the following entities at the following addresses: (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Fan B. He (fhe@whitecase.com), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Donald J. Detweiler (don.detweiler@wbd-us.com) and Morgan L. Patterson (morgan.patterson@wbd-us.com)).

27.     <u>Content of Responses</u>: Each Response to this Objection must, at a minimum, contain the following information:

> i.   a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed;

  ii.  the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

  iii.  the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

  iv.  all documentation and other evidence in support of the claim, not previously filed with the Court or the claims and noticing agent, upon which the claimant will rely in opposing this Objection; and

  v.  the name, address, telephone number, fax number and/or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the claim on behalf of the claimant.

28. <u>Timely Response Required; Hearing; Replies</u>: If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on December 11, 2023 at 2:00 p.m. (ET) or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

29. <u>Adjournment of Hearing</u>: The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the Claimant in its Response.

30. If a claimant fails to timely file a Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging or otherwise modifying the Disputed Claims without further notice to the claimant or a hearing.

31. <u>Separate Contested Matter</u>: To the extent a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## **RESERVATION OF RIGHTS**

32. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims or any other proofs of claim on any other grounds that the Debtors discover or elect to pursue.

33. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Debtors, or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

34. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any of the

12

Debtors' claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## COMPLIANCE WITH LOCAL RULE 3007-1

35. To the best of the Debtors' knowledge and belief, this Objection complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

36. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) counsel to Foxconn; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the United States Attorney for the District of Delaware; (h) the state attorneys general for all states in which the Debtors conduct business; (i) any parties who have asserted liens against the Debtors' assets; (j) the claimants that filed the Disputed Claims; and (k) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## NO PREVIOUS REQUEST

37. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court sustain the Objection and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: November 10, 2023<br><br>Respectfully submitted,<br><br>/s/ Morgan L. Patterson<br><br>**WOMBLE BOND DICKINSON (US) LLP**<br><br>Donald J. Detweiler (Bar No. 3087)<br>Morgan L. Patterson (Bar No. 5388)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile:  (302) 252-4330<br>don.detweiler@wbd-us.com<br>morgan.patterson@wbd-us.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* | **WHITE & CASE LLP**<br><br>Thomas E Lauria (admitted *pro hac vice*)<br>Matthew C. Brown (admitted *pro hac vice*)<br>Fan B. He (admitted *pro hac vice*)<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131<br>Telephone: (305) 371-2700<br>tlauria@whitecase.com<br>mbrown@whitecase.com<br>fhe@whitecase.com<br><br>David M. Turetsky (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>david.turetsky@whitecase.com<br><br>Jason N. Zakia (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606<br>Telephone: (312) 881-5400<br>jzakia@whitecase.com<br><br>Roberto Kampfner (admitted *pro hac vice*)<br>Doah Kim (admitted *pro hac vice*)<br>RJ Szuba (admitted *pro hac vice*)<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |