**Exhibit B**

**Tsitsis Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

### DECLARATION OF CONSTADINOS D. TSITSIS IN SUPPORT OF DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN (I) DUPLICATE CLAIMS, (II) INSUFFICIENT DOCUMENTATION CLAIMS, (III) INCORRECT DEBTOR CLAIMS AND (IV) LATE-FILED CLAIMS

I, Constadinos D. Tsitsis, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner and managing director at Silverman Consulting ("**Silverman**"). On July 25, 2023, the Court approved Silverman's retention as restructuring advisor to Lordstown Motors Corp. and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") *nunc pro tunc* to June 27, 2023.

2. I submit this declaration (the "**Declaration**") in support of the *Debtors' First Omnibus (Non-Substantive) Objection to Certain (i) Duplicate Claims, (ii) Insufficient Documentation Claims, (iii) Incorrect Debtor Claims, and (iv) Late-Filed Claims* (the "**Objection**"),[2] dated as of the date hereof and filed contemporaneously herewith.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

3.      I am over the age of eighteen and am authorized by the Debtors to submit this Declaration.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review (or the review of others under my supervision) of (a) the relevant proofs of claim and (b) the official register of claims filed in the Chapter 11 Cases.  If called as a witness, I could and would competently testify to the facts set forth in this Declaration.

4.      The proofs of claim subject to the Objection were carefully reviewed and analyzed in good faith using due diligence by appropriate personnel of the Debtors, Silverman, KCC, White & Case LLP, and Womble Bond Dickinson (US) LLP.  These efforts resulted in identifying the Disputed Claims set forth in Schedules 1-4 to Exhibit A to the Objection.

## DUPLICATE CLAIMS

5.      My team and I, along with the Debtors or the Debtors' other advisors, have reviewed the Duplicate Claims listed on **Schedule 1** to the Proposed Order.  In evaluating the Duplicate Claims and the corresponding Surviving Claims, the Debtors and my team and I have determined that each Duplicate Claim was filed by or on behalf of the same claimant, in the same amount and priority, on account of the same alleged liability, and against the same Debtor[3] more than once.  Each claim listed under the column "Duplicate Claim to be Disallowed" is duplicative of the corresponding claim listed under the column titled "Surviving Claim."

6.      Certain of these Duplicate Claims are identical to the corresponding Surviving Claim.  Specifically, the Duplicate Claims listed under the column "Duplicate Claim to be Disallowed" in Rows 1, 3-4 are identical in all respects to the corresponding Surviving Claim.

---

[3]  In certain instances, a claimant may not have identified a Debtor entity against which a claim was asserted. Pursuant to paragraph 11(c) of the Bar Date Order, claims that do not identify any Debtor are deemed asserted and filed against Lordstown Motors Corp.

2

7. In other instances, certain Duplicate Claims assert the same alleged liability, in the same amount and priority, against the same Debtor, but differ immaterially from the corresponding Surviving Claim. Specifically, the Duplicate Claims listed under the column "Duplicate Claim to be Disallowed" in Rows 2 assert the same alleged liability, in the same amount and priority, against the same Debtor as the corresponding Surviving Claims but may differ in certain immaterial, non-substantive respects.

8. For the Duplicate Claims in Rows 1-4, the alleged liability, amount, priority, and Debtor against which such claim was asserted are identical, and the Surviving Claims include the same supporting documentation attached to the Duplicate Claim to be disallowed. However, these Surviving Claims also included additional documentation providing more detail in support of such Surviving Claim. None of the claimants asserting such claims identified the applicable Surviving Claim(s) as amending the related Duplicate Claim. Accordingly, the Debtors and my team and I did not assume that the applicable claimant intended that the Surviving Claims amend and supersede the corresponding Duplicate Claim.

9. The Debtors' professionals performed an in-depth review of the proofs of claim and the Claims Register to determine whether such Duplicate Claims were in fact filed by, or on behalf of, the same claimant and on account of the same liability as the corresponding Surviving Claims. This review included ensuring that the Surviving Claims include those that attached the most fulsome documentation. Therefore, after careful review, it is my belief that all of the Duplicate Claims listed under the column "Duplicate Claim to be Disallowed" are in fact duplicates of the corresponding Surviving Claims.

**INSUFFICIENT DOCUMENTATION CLAIMS**

10. My team and I, along with the Debtors or the Debtors' other advisors, have reviewed the Insufficient Documentation Claims listed on **Schedule 2** to the Proposed Order. Based on our review, each Insufficient Documentation Claim listed on **Schedule 2** to the Proposed Order was filed without sufficient documentation to substantiate the claims asserted therein. The Debtors have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims, whether in full or in part.

11. The basis for the Debtors' determination includes, but is not limited to, the Debtors' and their professionals' review of (a) the Debtors' books and records, which are maintained in the ordinary course of business by the Debtors, which do not reflect the existence of the asserted Insufficient Documentation Claims and (b) the proofs of claims asserting the Insufficient Documentation Claims, which provide no basis or appropriate supporting documentation on which the Debtors can determine that a valid claim exists. Therefore, the Debtors object to the allowance of the Insufficient Documentation Claims set forth on **Schedule 2** to the Proposed Order and seek entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## INCORRECT DEBTOR CLAIMS

12. My team and I, along with the Debtors or the Debtors' other advisors, have reviewed the Incorrect Debtor Claims listed on **Schedule 3** to the Proposed Order. In evaluating each of the Incorrect Debtor Claims identified on Schedule 3, the Debtors have thoroughly reviewed their Books and Records, the Claims Register, and the relevant proofs of claim, as well as the supporting documentation provided by the claimant (if any) and have determined that each Incorrect Debtor Claim should be disallowed, with the Correct Debtor Claims remain on the Claim Register, as set forth in the Objection.

13. Specifically, the Debtors determined that the Incorrect Debtor Claims identified on Schedule 4 to the Proposed Order are duplicate of other Claims and do not accurately reflect the Debtor entity that may be liable for the underlying claim for the specific reasons set forth on Schedule 3. The Debtors determined that each Incorrect Debtor Claim should be disallowed, and the Claims in the column labeled "Correct Debtor" (the "**Corrected Debtor Claims**") on Schedule 3 to the Proposed Order should remain on the Claim Register. The Debtors believe that the claim identified under the Corrected Debtor Claims heading for each Incorrect Debtor Claim is consistent with the Debtors' Books and Records.

14. I believe that the disallowance of the Incorrect Debtor Claims identified on Schedule 4 to the Proposed Order will enable the Debtors to maintain a more accurate claims register in these Chapter 11 Cases.

## LATE-FILED CLAIMS

15. My team and I, along with the Debtors or the Debtors' other advisors, have reviewed the Late-Filed Claims listed on **Schedule 4** to the Proposed Order and have determined that the Late-Filed Claims under the heading labeled "Late Claim to be Disallowed" were for claims that arose before the Petition Date, were subject to the General Bar Date, were filed after the General Bar Date, and were not specific amendments to any timely-filed claim. Accordingly, to prevent the claimants who failed to timely file their claims from receiving an unwarranted recovery to the detriment of the Debtors and creditors who complied with the Bar Date Order and timely filed proofs of claims in these Chapter 11 Cases, the Debtors seek entry of an order disallowing and expunging the Late-Filed Claims in their entirety.

5

16.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: November 10, 2023

*/s/Constadinos D. Tsitsis*
Constadinos D. Tsitsis
Partner at Silverman Consulting

AMERICAS 125494440