**EXHIBIT B**

                                                      Page 1

1   UNITED STATES BANKRUPTCY COURT

2   DISTRICT OF DELAWARE

3

4

5   In re:                          :

                                     :    Chapter 11

6                                    :

    FRESH & EASY, LLC                :    Case No. 15-12220

7                                    :

             Debtors.               :    (Joint Administration

8   _____  :    Requested)

9

10

11

12                                   United States Bankruptcy Court

13                                   824 North Market Street

14                                   Wilmington, Delaware

15

16                                   March 3, 2016

17                                   1:37 p.m. – 1:46 p.m.

18

19

20

21   B E F O R E :

22   HON BRENDAN L. SHANNON

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO OPERATOR:  MICHAEL MILLER

1    HEARING re Debtor's Motion for an Order, Pursuant to

2    Sections 105 and 363 of the Bankruptcy Code, (I) Authorizing

3    the Debtor to Enter into That Certain Second Post-Petition

4    Services Agreement with Tesco Stores Limited and (II)

5    Granting Related Relief (Filed February 19, 2016) (Docket

6    No. 604)

7

8    HEARING re Motion of Darlene Lewis for Class Certification

9    and Related Relief (Filed January 13, 2016) (Docket No. 466)

10

11   HEARING re Motion for Order Applying Fed. R. Bankr. P. 7023,

12   Pursuant to Fed. R. Bankr. P. 9014(c), to Motion for Class

13   Certification and Related Relief (Filed January 13, 2016)

14   (Docket No. 467)

15

16   HEARING re Motion for Entry of an Order Requiring Certain

17   Entities to Provide Information Pursuant to Bankruptcy Rule

18   2004 (Filed February 5, 2016) (Docket No. 568)

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

1   A P P E A R A N C E S :

2

3   FOX ROTHSCHILD

4        Attorney for Creditor's Committee

5

6   BY:  L. JOHN BIRD

7

8   KOSMOWSKI LAW

9        Attorney for Darlene Lewis

10

11  BY:  EDWARD J. KOSMOWSKI

12

13  YOUNG CONAWAY STARGATT & TAYLOR

14        Attorney for Debtor

15

16  BY:  SHARON ZIEG

17

18  RICHARDS LAYTON & FINGER

19        Attorney for YFE Holdings

20

21  BY:  JOHN H. KNIGHT

22

23

24

25

```
 1   UNITED STATES DEPARTMENT OF JUSTICE
 2         Attorney for the US Trustee
 3
 4   BY:  NATALIE COX
 5
 6   COLE SCHOTZ
 7         Attorney for the Debtor
 8         500 Delaware Avenue, Suite 1410
 9         Wilmington, DE 19801
10
11   BY:  NORMAN PERNICK
12
13   ALSO PRESENT TELEPHONICALLY:
14
15   AMIR AGAM
16   JOSHUA D. BUCK
17   TOM P. CORRIGAN
18   JESSE A. CRIPPS
19   JACK RAISNER
20   KAHN A. SCOLNICK
21   MAURICE M. SUH
22   MICHAEL A. SWEET
23   DAVID T. VAN PELT
24
25
```

1                    P R O C E E D I N G S

2           THE COURT:  Please be seated.  Good afternoon.

3           MR. PERNICK:  Good afternoon, Your Honor.

4           THE COURT:  Mr. Pernick, good to see you.

5           MR. PERNICK:  Good to see you, Your Honor.  Your

6    Honor, Norman Pernick for the Debtors, Fresh & Easy.  Your

7    Honor, today it's all about you.  I guess it always is all

8    about you, but today is all about you.

9           THE COURT:  That's how I see it.

10          MR. PERNICK:  You were kind enough to actually

11   sign an Order Number One, which was Tesco.

12          THE COURT:  Mm hmm.

13          MR. PERNICK:  And Number Four, there's actually

14   two stipulations.  Both were submitted on certification of

15   counsel.  You signed one, I think?

16          THE COURT:  Right.

17          MR. PERNICK:  And there's another one.  I don't

18   know if you have a question or anything.

19          THE COURT:  I don't have a question.  I thought

20   that I had signed both, so maybe the other one didn't get to

21   the docket.  If you don't see that by the end of the day,

22   then give us a call and we'll track it down, but I'm pretty

23   certain that that's been signed.  Ms. Zieg, good to see you.

24          MS. ZIEG:  Good afternoon, Your Honor.

25          MR. PERNICK:  And then that just leaves the two

1    rulings for Two and Three.

2            THE COURT:  The classification issues, the class

3    certification.

4            MR. PERNICK:  Mm hmm.

5            THE COURT:  Okay, and I'm prepared to proceed on

6    that.

7            MR. PERNICK:  Thank you.

8            THE COURT:  And again, I appreciate everyone's

9    time and patience with this matter.  As we discussed at our

10   last hearing, I wanted the opportunity to make sure I

11   understood the applicable case law and how to apply the

12   tests that the Courts had developed.

13           So these are Agenda Items Two and Three, and as

14   stated, I took under advisement the motion of Darlene Lewis

15   for class certification, as well as the motion for an Order

16   Applying Rule 7023.  These motions seek certification of a

17   class that consists of all former Nevada and Arizona

18   employees of the Debtor who have not paid their accrued and

19   unused PTO wages at the time of their separation of

20   employment.

21           At the hearing on the 18th of February, as noted,

22   I did hear an argument from counsel.  And I know from the

23   record that I'm giving my ruling orally because of the

24   nature of the relief requested.  And in the context of this

25   case, the parties desire for prompt disposition of this

1    matter.

2             And for the reasons that I will share with you, I

3    will deny the certification motions.  Case law teaches that

4    class claims should be sparingly used in bankruptcy.  And

5    many of the policy considerations that support class actions

6    are absent in bankruptcy proceedings because the costly

7    barriers to traditional civil litigation and prosecution of

8    claims are significantly reduced in bankruptcy by the claims

9    allowance process.

10             So determining whether to grant class

11   certification involves two steps.  First, the Court must

12   decide whether to apply Federal Rule 23 to the contested

13   matter.  And if the Court decides that Rule 23 applies, then

14   the Court has to determine if the punitive class then

15   satisfies the requirements of Rule 23.

16             And MF Global is probably the leading bankruptcy

17   court decision in this matter.  And then, if and only if the

18   Court decides to apply Rule 23, does it then determine

19   whether the requirements of Rule 23 are met?  This two-step

20   process is discussed in MF Global, as well as in the Ephedra

21   Products case.  And both parties have briefed it

22   extensively.

23             As noted, Bankruptcy Rule 7023 expressly allows

24   class certification and adversary proceedings by

25   incorporating Rule 23.  And application of Rule 23 is

Page 8

1    extended to contested matters by Bankruptcy Rule 9014, which

2    then grants the Court discretion to apply Rule 23 to a

3    contested matter.

4            And for Bankruptcy Rule 7023 to become applicable,

5    the Court must specifically find that it applies to the

6    class claim filing and the objection process.  The code of

7    the Bankruptcy Rules do not specifically direct how a Court

8    should address its discretion or exercise its discretion in

9    deciding whether to apply Rule 7023.

10           And there is a well-developed body of case laws I

11   noted that suggest the Courts should follow or should

12   consider the two following factors in determining the

13   application of 7023.  First, whether the class was certified

14   pre-petition.  Second, whether the members of the punitive

15   class received notice of the bar date in the bankruptcy

16   proceeding.

17           And third, whether class certification will

18   adversely affect the administration of the case.  And again,

19   these are I think well established standards, both recently

20   or both parties have again cited to the Musicland Holding

21   Corp. from the Southern District.

22           In the present case, there was not a class

23   certified pre-petition, and all employees have received

24   notice of the bar date.  I do note that the failure to

25   certify a class on a pre-petition basis, while one of the

1    considerations, is not fatal, given the circumstances of

2    this and other cases which show a fairly close nexus in time

3    between the events giving rise to potential class claims and

4    the bankruptcy proceeding.

5            But here also, the movement did not file an

6    adversary proceeding until the 17th of February 2016, which

7    was the day before the Court held its hearing on the

8    certification motion.  And the record does support a

9    determination that granting class certification in this case

10   would adversely impact the administration of the case by

11   adding unnecessary layers of procedural and factual

12   complexity.

13           And I acknowledge that this case is only about

14   four months old, but in the bankruptcy world, this case is

15   actually well underway and fairly well developed.  The bar

16   date has passed.  The Debtor has received final approval to

17   continue its store closing, a program that is well underway.

18   And Hilco has been actively liquidating the Debtor's storage

19   now for several months.

20           Approving class certification at this juncture, I

21   fear, would disrupt the progress of the case by inevitably

22   delaying potential distributions to Creditors.  The bar date

23   was February 16, 2016, and the Debtor is in the mix of

24   reviewing claims.  And the Debtor has advised that it will

25   be moving forward promptly with the claims in allowance and

1    objection process.

2            Moreover, I find that entirely switching gears in

3    this case by granting the certification motion frankly risks

4    depletion of what I believe are already relatively limited

5    funds available to Creditors.  I make no comment following

6    our colloquy at the last hearing, as to whether or not this

7    case may be or may become administratively insolvent.

8    That's not before me today.

9            But based on my experience and the pleadings thus

10   far, I do believe that it is fair to say that this is not a

11   case that is flush with cash.  And so, in deciding whether

12   to rule -- apply Rule 7023, the Court must decide and

13   consider whether the benefit to the class members justifies

14   the costs to the estate.

15           And again, this is a factor considered both in MF

16   Global, as well as recently in Ephedra.  The cost of the

17   estate here, I believe, could be substantial, because the

18   Debtor would have to both defend against the class action,

19   and frankly likely pay for class claimants counsel fees.

20           Any foreseeable benefit to class members would be

21   minimal, at least on the facts thus developed in this case.

22   Keeping the PTO claimants squarely within the claims

23   allowance process more efficiently disposes of their claims

24   in an expedited manner.

25           And the Court observes that it is more than

1     prepared and more than experienced to afford prompt and

2     efficient mechanisms to allow those claimants to press their

3     claims to appear telephonically or otherwise, and again, to

4     address these issues squarely and quickly.

5            So as noted, keeping them in the claims allowance

6     process, I think affords an opportunity to dispose of the

7     claims in an expedited manner.  And I note that there's

8     always a -- there is already an established mechanism that's

9     in place for notifying the PTO claimants and managing a

10    large number of different types of PTO claims.

11           And again, it does seem that there are at least

12    several different flavors of claim for priority.  Some of

13    those claims may be capped, and there may be differences

14    based upon where the particular claimant or former employee

15    is based.

16           And so, therefore, based upon the reasons that

17    I've stated, the Court does find that Rule 23 should not be

18    applied in this instance.  And because Rule 23 does not

19    apply, I will not need to and do not reach the question of

20    whether the requirements of Rule 23 have in fact been

21    satisfied.  Are there any questions?  Okay.

22           I would ask that the parties confer and promptly

23    submit an order under certification that's consistent with

24    my ruling.  Mr. Pernick, anything further today?

25           MR. PERNICK:  No, Your Honor.  Thank you very

1   much.

2            THE COURT:  All right.  Again, I appreciate

3   everyone's time.  I certainly appreciate the argument last

4   week and the opportunity to study the submissions and to

5   deal with this issue.  And we will stand in recess.  Thank

6   you very much.

7            MS. ZIEG:  Thank you.

8            MR. PERNICK:  Thank you, Your Honor.

9

10                        * * * * *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        I N D E X

2

3                           RULINGS

4    DESCRIPTION                         PAGE        LINE

5    Certification motions denied          7         2-3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya                Digitally signed by Sonya Ledanski
                          Hyde
     Ledanski Hyde        DN: cn=Sonya Ledanski Hyde, o, ou,
7                         email=digital1@veritext.com, c=US
                          Date: 2016.03.10 17:54:00 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  March 10, 2016