## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JAMES LEE IN SUPPORT OF DEBTORS' OBJECTION TO OHIO LEAD PLAINTIFF'S MOTION TO APPLY BANKRUPTCY RULE 7023 TO CLASS CLAIMS

I, James Lee, being duly sworn, state the following under penalty of perjury and that the following is true to the best of my knowledge, information and belief:

1.      This Declaration is made in support of the *Debtors' Objection to Ohio Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 to Class Claims* (the "**Objection**").[2]

2.      I am the Vice President of Public Securities Services at Kurtzman Carson Consultants LLC ("**KCC**"), whose offices are located at 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245.  I bring over 18 years of corporate restructuring experience to my current role to provide claims, legal administration and public securities services to KCC's clients, with a focus on complex securities related transactions arising out of restructuring cases, such as securities solicitation, rights offerings, and distributions to securities holders.  I also oversee the day-to-day management of chapter 11 cases, including pre-filing consultation, schedules and statement preparation, claims and noticing services, solicitation and post-confirmation

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

distributions.  Except as otherwise indicated, the facts set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently to the facts set forth herein.

3.    As the Debtors' claims and noticing agent, KCC has performed all noticing and claims related services in these Chapter 11 Cases.

4.    On August 31, 2023, KCC mailed the Bar Date Notice and the proof of claim form by first class mail to, among others, all known holders of potential claims and their counsel (if known), including all known parties to litigation with the Debtors, such as named plaintiffs in the Ohio Securities Litigation, and all known holders of equity securities in the Debtors as of the date of the Bar Date Order.  All known potential claimants served with a notice package are listed on Exhibits A–H to KCC's Certificate of Service, dated as of September 11, 2023 [D.I. 412].

5.    In order to effectuate service of the Bar Date Notice and proof of claim form to beneficial holders of equity securities as of the date of the Bar Date Order, KCC relied on a security position report provided by The Depository Trust Company to identify the bank and brokerage firms (the "**Nominees**") that hold equity securities on behalf of underlying beneficial holders. Additionally, KCC solicited the identities of all registered holders of Lordstown Motors Corp. Class A Common Stock from American Stock Transfer and Trust Company as transfer agent. Through these efforts, the Debtors and KCC identified approximately 110,000 individual holders of equity securities as of the close of business on August 22, 2023.  The cost of mailing the Bar Date Notice and proof of claim form to each of those known holders was approximately $400,000.

6.    To the best of my knowledge, no public company, including any of the Debtors, keeps record of individual transactions in equity securities or maintains a database of former holders in the ordinary course of business.  To identify all individuals and entities that purchased

or otherwise acquired a company's stock, warrants, units, or options during a particular time period, KCC is required to send initial mailings to the Nominees and their agents in their database with instructions to research their records and identify all individuals and entities who meet the specific criteria. Once identified, each Nominee will either (i) provide KCC with names and addresses to compile a mailing list or (ii) request a bulk unaddressed quantity of the notice package from KCC in order to complete the mailing themselves. KCC will then process and fulfill requests as they are made. This process is costly and time intensive.

7.      KCC estimates that the process of identifying and serving the Bar Date Notice and proof of claim form on all potential members of the proposed class in the Ohio Securities Litigation, based on the specific criteria defined in the operative complaint, would likely take at least 60 days to complete and cost more than $500,000. Additionally, because the length of time varies and is largely dependent on the time each Nominee takes to complete their research, KCC would not have been able to guarantee that notice could be served before the General Bar Date.

8.      In accordance with the Bar Date Order, KCC caused the Publication Notice (as defined in the Bar Date Order) to be published in *The Wall Street Journal* and in *Automobile Today* on August 31, 2023 and September 11, 2023, respectively. Copies of that Publication Notice are included as Exhibits A–B to the Affidavit of Publication filed on October 19, 2023 [D.I. 591].

9.      As of the date of this Declaration, KCC has received 1,578 filed proofs of claim in these Chapter 11 Cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: November 14, 2023
      New York, New York

                           */s/ James Lee*
                           James Lee
                           Vice President, Public Securities Services
                           Kurtzman Carson Consultants LLC