# EXHIBIT A

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4
5  In re:                              :
                                       : Chapter 11
6                                      :
   FRESH & EASY, LLC                   : Case No. 15-12220
7                                      :
            Debtors.                   : (Joint Administration
8  _____       : Requested)
9
10
11
12                              United States Bankruptcy Court
13                              824 North Market Street
14                              Wilmington, Delaware
15
16                              March 3, 2016
17                              1:37 p.m. - 1:46 p.m.
18
19
20
21  B E F O R E :
22  HON BRENDAN L. SHANNON
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  MICHAEL MILLER

Page 2

1  HEARING re Debtor's Motion for an Order, Pursuant to
2  Sections 105 and 363 of the Bankruptcy Code, (I) Authorizing
3  the Debtor to Enter into That Certain Second Post-Petition
4  Services Agreement with Tesco Stores Limited and (II)
5  Granting Related Relief (Filed February 19, 2016) (Docket
6  No. 604)
7
8  HEARING re Motion of Darlene Lewis for Class Certification
9  and Related Relief (Filed January 13, 2016) (Docket No. 466)
10
11 HEARING re Motion for Order Applying Fed. R. Bankr. P. 7023,
12 Pursuant to Fed. R. Bankr. P. 9014(c), to Motion for Class
13 Certification and Related Relief (Filed January 13, 2016)
14 (Docket No. 467)
15
16 HEARING re Motion for Entry of an Order Requiring Certain
17 Entities to Provide Information Pursuant to Bankruptcy Rule
18 2004 (Filed February 5, 2016) (Docket No. 568)
19
20
21
22
23
24
25 Transcribed by: Sonya Ledanski Hyde

Veritext Legal Solutions
212-267-6868      www.veritext.com      516-608-2400

1  A P P E A R A N C E S :

2

3  FOX ROTHSCHILD

4       Attorney for Creditor's Committee

5

6  BY:  L. JOHN BIRD

7

8  KOSMOWSKI LAW

9       Attorney for Darlene Lewis

10

11 BY:  EDWARD J. KOSMOWSKI

12

13 YOUNG CONAWAY STARGATT & TAYLOR

14      Attorney for Debtor

15

16 BY:  SHARON ZIEG

17

18 RICHARDS LAYTON & FINGER

19      Attorney for YFE Holdings

20

21 BY:  JOHN H. KNIGHT

22

23

24

25

```
 1  UNITED STATES DEPARTMENT OF JUSTICE
 2       Attorney for the US Trustee
 3
 4  BY:  NATALIE COX
 5
 6  COLE SCHOTZ
 7       Attorney for the Debtor
 8       500 Delaware Avenue, Suite 1410
 9       Wilmington, DE 19801
10
11  BY:  NORMAN PERNICK
12
13  ALSO PRESENT TELEPHONICALLY:
14
15  AMIR AGAM
16  JOSHUA D. BUCK
17  TOM P. CORRIGAN
18  JESSE A. CRIPPS
19  JACK RAISNER
20  KAHN A. SCOLNICK
21  MAURICE M. SUH
22  MICHAEL A. SWEET
23  DAVID T. VAN PELT
24
25
```

| | |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE COURT:  Please be seated.  Good afternoon. |
| 3 | MR. PERNICK:  Good afternoon, Your Honor. |
| 4 | THE COURT:  Mr. Pernick, good to see you. |
| 5 | MR. PERNICK:  Good to see you, Your Honor.  Your |
| 6 | Honor, Norman Pernick for the Debtors, Fresh & Easy.  Your |
| 7 | Honor, today it's all about you.  I guess it always is all |
| 8 | about you, but today is all about you. |
| 9 | THE COURT:  That's how I see it. |
| 10 | MR. PERNICK:  You were kind enough to actually |
| 11 | sign an Order Number One, which was Tesco. |
| 12 | THE COURT:  Mm hmm. |
| 13 | MR. PERNICK:  And Number Four, there's actually |
| 14 | two stipulations.  Both were submitted on certification of |
| 15 | counsel.  You signed one, I think? |
| 16 | THE COURT:  Right. |
| 17 | MR. PERNICK:  And there's another one.  I don't |
| 18 | know if you have a question or anything. |
| 19 | THE COURT:  I don't have a question.  I thought |
| 20 | that I had signed both, so maybe the other one didn't get to |
| 21 | the docket.  If you don't see that by the end of the day, |
| 22 | then give us a call and we'll track it down, but I'm pretty |
| 23 | certain that that's been signed.  Ms. Zieg, good to see you. |
| 24 | MS. ZIEG:  Good afternoon, Your Honor. |
| 25 | MR. PERNICK:  And then that just leaves the two |

1  rulings for Two and Three.

2          THE COURT:  The classification issues, the class

3  certification.

4          MR. PERNICK:  Mm hmm.

5          THE COURT:  Okay, and I'm prepared to proceed on

6  that.

7          MR. PERNICK:  Thank you.

8          THE COURT:  And again, I appreciate everyone's

9  time and patience with this matter.  As we discussed at our

10 last hearing, I wanted the opportunity to make sure I

11 understood the applicable case law and how to apply the

12 tests that the Courts had developed.

13         So these are Agenda Items Two and Three, and as

14 stated, I took under advisement the motion of Darlene Lewis

15 for class certification, as well as the motion for an Order

16 Applying Rule 7023.  These motions seek certification of a

17 class that consists of all former Nevada and Arizona

18 employees of the Debtor who have not paid their accrued and

19 unused PTO wages at the time of their separation of

20 employment.

21         At the hearing on the 18th of February, as noted,

22 I did hear an argument from counsel.  And I know from the

23 record that I'm giving my ruling orally because of the

24 nature of the relief requested.  And in the context of this

25 case, the parties desire for prompt disposition of this

Page 7

1    matter.
2            And for the reasons that I will share with you, I
3    will deny the certification motions.  Case law teaches that
4    class claims should be sparingly used in bankruptcy.  And
5    many of the policy considerations that support class actions
6    are absent in bankruptcy proceedings because the costly
7    barriers to traditional civil litigation and prosecution of
8    claims are significantly reduced in bankruptcy by the claims
9    allowance process.
10           So determining whether to grant class
11   certification involves two steps.  First, the Court must
12   decide whether to apply Federal Rule 23 to the contested
13   matter.  And if the Court decides that Rule 23 applies, then
14   the Court has to determine if the punitive class then
15   satisfies the requirements of Rule 23.
16           And MF Global is probably the leading bankruptcy
17   court decision in this matter.  And then, if and only if the
18   Court decides to apply Rule 23, does it then determine
19   whether the requirements of Rule 23 are met?  This two-step
20   process is discussed in MF Global, as well as in the Ephedra
21   Products case.  And both parties have briefed it
22   extensively.
23           As noted, Bankruptcy Rule 7023 expressly allows
24   class certification and adversary proceedings by
25   incorporating Rule 23.  And application of Rule 23 is

```
 1    extended to contested matters by Bankruptcy Rule 9014, which
 2    then grants the Court discretion to apply Rule 23 to a
 3    contested matter.
 4             And for Bankruptcy Rule 7023 to become applicable,
 5    the Court must specifically find that it applies to the
 6    class claim filing and the objection process.  The code of
 7    the Bankruptcy Rules do not specifically direct how a Court
 8    should address its discretion or exercise its discretion in
 9    deciding whether to apply Rule 7023.
10             And there is a well-developed body of case laws I
11    noted that suggest the Courts should follow or should
12    consider the two following factors in determining the
13    application of 7023.  First, whether the class was certified
14    pre-petition.  Second, whether the members of the punitive
15    class received notice of the bar date in the bankruptcy
16    proceeding.
17             And third, whether class certification will
18    adversely affect the administration of the case.  And again,
19    these are I think well established standards, both recently
20    or both parties have again cited to the Musicland Holding
21    Corp. from the Southern District.
22             In the present case, there was not a class
23    certified pre-petition, and all employees have received
24    notice of the bar date.  I do note that the failure to
25    certify a class on a pre-petition basis, while one of the
```

1   considerations, is not fatal, given the circumstances of
2   this and other cases which show a fairly close nexus in time
3   between the events giving rise to potential class claims and
4   the bankruptcy proceeding.
5           But here also, the movement did not file an
6   adversary proceeding until the 17th of February 2016, which
7   was the day before the Court held its hearing on the
8   certification motion.  And the record does support a
9   determination that granting class certification in this case
10  would adversely impact the administration of the case by
11  adding unnecessary layers of procedural and factual
12  complexity.
13          And I acknowledge that this case is only about
14  four months old, but in the bankruptcy world, this case is
15  actually well underway and fairly well developed.  The bar
16  date has passed.  The Debtor has received final approval to
17  continue its store closing, a program that is well underway.
18  And Hilco has been actively liquidating the Debtor's storage
19  now for several months.
20          Approving class certification at this juncture, I
21  fear, would disrupt the progress of the case by inevitably
22  delaying potential distributions to Creditors.  The bar date
23  was February 16, 2016, and the Debtor is in the mix of
24  reviewing claims.  And the Debtor has advised that it will
25  be moving forward promptly with the claims in allowance and

1    objection process.

2            Moreover, I find that entirely switching gears in
3    this case by granting the certification motion frankly risks
4    depletion of what I believe are already relatively limited
5    funds available to Creditors.  I make no comment following
6    our colloquy at the last hearing, as to whether or not this
7    case may be or may become administratively insolvent.
8    That's not before me today.

9            But based on my experience and the pleadings thus
10   far, I do believe that it is fair to say that this is not a
11   case that is flush with cash.  And so, in deciding whether
12   to rule -- apply Rule 7023, the Court must decide and
13   consider whether the benefit to the class members justifies
14   the costs to the estate.

15           And again, this is a factor considered both in MF
16   Global, as well as recently in Ephedra.  The cost of the
17   estate here, I believe, could be substantial, because the
18   Debtor would have to both defend against the class action,
19   and frankly likely pay for class claimants counsel fees.

20           Any foreseeable benefit to class members would be
21   minimal, at least on the facts thus developed in this case.
22   Keeping the PTO claimants squarely within the claims
23   allowance process more efficiently disposes of their claims
24   in an expedited manner.

25           And the Court observes that it is more than

1  prepared and more than experienced to afford prompt and
2  efficient mechanisms to allow those claimants to press their
3  claims to appear telephonically or otherwise, and again, to
4  address these issues squarely and quickly.
5         So as noted, keeping them in the claims allowance
6  process, I think affords an opportunity to dispose of the
7  claims in an expedited manner.  And I note that there's
8  always a -- there is already an established mechanism that's
9  in place for notifying the PTO claimants and managing a
10 large number of different types of PTO claims.
11        And again, it does seem that there are at least
12 several different flavors of claim for priority.  Some of
13 those claims may be capped, and there may be differences
14 based upon where the particular claimant or former employee
15 is based.
16        And so, therefore, based upon the reasons that
17 I've stated, the Court does find that Rule 23 should not be
18 applied in this instance.  And because Rule 23 does not
19 apply, I will not need to and do not reach the question of
20 whether the requirements of Rule 23 have in fact been
21 satisfied.  Are there any questions?  Okay.
22        I would ask that the parties confer and promptly
23 submit an order under certification that's consistent with
24 my ruling.  Mr. Pernick, anything further today?
25        MR. PERNICK:  No, Your Honor.  Thank you very

Page 12

1  much.
2      THE COURT:  All right.  Again, I appreciate
3  everyone's time.  I certainly appreciate the argument last
4  week and the opportunity to study the submissions and to
5  deal with this issue.  And we will stand in recess.  Thank
6  you very much.
7      MS. ZIEG:  Thank you.
8      MR. PERNICK:  Thank you, Your Honor.
9
10                  * * * * *

Case 1:15-cv-12220-MBB Doc 695-1 Filed 03/14/23 Page 14 of 15
Case 1:15-cv-12220-MBB Doc 695-1 Filed 03/14/23 Page 14 of 15

Page 13

```
 1                    I N D E X
 2
 3                    RULINGS
 4   DESCRIPTION                        PAGE      LINE
 5   Certification motions denied         7       2-3
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1              C E R T I F I C A T I O N

 2

 3   I, Sonya Ledanski Hyde, certified that the foregoing

 4   transcript is a true and accurate record of the proceedings.

 5

 6   Sonya Ledanski Hyde
     Digitally signed by Sonya Ledanski Hyde
     DN: cn=Sonya Ledanski Hyde, o, ou,
 7   email=digital1@veritext.com, c=US
     Date: 2016.03.10 17:54:00 -05'00'

 8   Sonya Ledanski Hyde

 9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:  March 10, 2016
```