IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: December 4, 2023, at 4:00 p.m. (ET)<br>Hearing Date: December 11, 2023 at 2:00 p.m. (ET) |

**COVER SHEETS FOR FIRST INTERIM APPLICATION OF
WINSTON & STRAWN LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
AUGUST 15, 2023 TO AND INCLUDING SEPTEMBER 30, 2023**

| | |
|---|---:|
| Name of Applicant: | Winston & Strawn LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective August 15, 2023 |
| Period for Which Compensation and Reimbursement Are Requested: | August 15 – September 30, 2023 |
| Total Amount of Compensation (100%): | $96,553.80 |
| Amount of Compensation Requested by Prior Monthly Fee Applications (80%): | N/A |
| Amount of Compensation Held Back from Prior Monthly Fee Applications (20%): | N/A |
| Total Amount of Expense Reimbursement: | $0.00 |
| Aggregate Amount of Compensation and Expense Reimbursement | $96,553.80 |

This is an <u>interim</u> fee application.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

i

**MONTHLY FEE APPLICATIONS FILED**

N/A

**SUMMARY OF TOTAL FEES AND HOURS
BY ATTORNEYS AND PARAPROFESSIONALS**

| Name | Title | Year Admitted | Department | Hours | Rate | Fees |
|---|---|---|---|---|---|---|
| Hardman, Carrie | Partner | 2010 | Restructuring | 19.8 | $1,190.00 | $23,562.00 |
| DiRisio, Matthew | Partner | 2004 | Litigation | 17.3 | $1,215.00 | $21,019.50 |
| Mahala, Angela | Partner | 2003 | Litigation | 21.3 | $1,175.00 | $25,027.50 |
| Harding, Jacob | Of Counsel | 2014 | Litigation | 22.7 | $1,080.00 | $24,516.00 |
| Khorram, Nikki | Associate | 2019 | Litigation | 5.8 | $890.00 | $5,162.00 |
| Tuma, Michelle | Associate | 2019 | Litigation | 8.2 | $975.00 | $7,995.00 |
| | | | Subtotal Fees | | | $107,282.00 |
| | | | 10% Fee Discount | | | -$10,728.20 |
| | | | **Total** | **95.1** | | **$96,553.80** |

**STATEMENT OF FEES AND EXPENSES BY PROJECT CATEGORY**

| No. | Description | Total Hours | Total Fees |
|---|---|---|---|
| B160 | Fee/Employment Applications | 26.7 | $31,945.50 |
| B180L | Bankruptcy Litigation Matters | 68.4 | $75,336.50 |
| | Subtotal Fees | | $107,282.00 |
| | 10% Fee Discount | | -$10,728.20 |
| | **TOTAL** | **95.1** | **$96,553.80** |

**EXPENSE SUMMARY**

None.

ii

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Obj. Deadline: December 4, 2023, at 4:00 p.m. (ET)<br>Hearing Date: December 11, 2023 at 2:00 p.m. (ET) |

**FIRST INTERIM APPLICATION OF
WINSTON & STRAWN LLP FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
AUGUST 15, 2023 TO AND INCLUDING SEPTEMBER 30, 2023**

In accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* [Docket No. 181] (the "**Interim Compensation Order**"), Winston & Strawn LLP ("**Winston**"), attorneys for the debtors and the debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, hereby files this first interim application (this "**Application**") for the period from August 15, 2023 to and including September 30, 2023 (the "**Application Period**") requesting (a) interim allowance and payment of $96,553.80, consisting of (i) compensation for professional services to the Debtors in the amount of $96,553.80, representing 100% of the fees earned by Winston and for which Winston is seeking compensation for professional services to the Debtors during the Application Period, and (ii) reimbursement of 100% of the actual and necessary expenses incurred by Winston during the Application Period in connection with such services in

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

the amount of $0.00, without prejudice to Winston's right to seek additional compensation for services performed and expenses incurred during the Application Period, if any, which were not processed at the time of this Application, and (b) a grant of such other and further relief as is just and proper. In support of this Application, Winston respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Such relief is also warranted under Bankruptcy Rule 2016(a), Local Rule 2016-2, and the Interim Compensation Order.

## BACKGROUND

4. On June 27, 2023, (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtors have continued in the possession of their property and have continued to operate and manage its businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 11, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors for these Chapter 11 Cases (the "Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases.

7. The Court authorized the Debtors to retain and employ Winston as their special litigation counsel, effective as of August 15, 2023, pursuant to the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Winston & Strawn LLP as Debtors' Special Litigation Counsel, Effective as of August 15, 2023* [Docket No. 508] (the "Retention Order").

8. On July 25, 2023, the Court entered the Interim Compensation Order which sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases.

**RELIEF REQUESTED**

9. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Winston makes this Application for allowance of compensation in the amount of $96,553.80, for professional services rendered. This amount is derived solely from the applicable hourly billing rates of Winston's attorneys and paraprofessionals who rendered such services to the Debtors. In addition, Winston seeks no reimbursement of expenses incurred during the Application Period.

10. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Winston with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

11. The attorneys and paraprofessionals who rendered services related to each category are identified in Exhibit A, along with the number of hours for each individual and the total

compensation sought for each category. All services for which Winston requests compensation were performed for or on behalf of the Debtors.

12. These aforementioned amounts, as articulated in the detailed fee description do not reflect the voluntary 10% fee discount, as is set forth in the *Debtors' Application for an Order Authorizing the Retention and Employment of Winston & Strawn, LLP as Special Litigation Counsel, Effective as of August 15, 2023* [Docket No. 417] (the "Retention Application"). However, the voluntary 10% fee discount is reflected on the first summary page for each detailed invoice and Winston seeks compensation of fees subject to such discount.

13. Winston incurred no out-of-pocket expenses during the Application Period.

## VALUATION OF SERVICES

14. Attorneys and paraprofessionals of Winston have expended a total of 95.1 hours in connection with this matter during the Application Period.

15. The amount of time spent by each of the professionals providing services to the Debtors for the Application Period is set forth in Exhibit A. Subject to the aforementioned 10% voluntary discount, the rates are Winston's normal hourly rates of compensation for work of this nature. The reasonable value of the services rendered by Winston for the Application Period as counsel for the Debtors in the Chapter 11 Cases is $96,553.80.

16. Winston believes that the time entries and the expense breakdown, included in Exhibit A attached hereto, are in compliance with the requirements of Local Rule 2016-2.

17. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**U.S. TRUSTEE GUIDELINES**

18.     **Exhibits B**, **C**, and **D** attached hereto contain certain schedules pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**U.S. Trustee Guidelines**").

19.     In addition, Winston states as follows in response to the questions set forth in paragraph C.5 of the U.S. Trustee Guidelines:

1. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period? If so, please explain.

    a. **As set forth in the Retention Application, Winston has provided the Debtors with a 10% fee discount.**

2. If the fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    a. **The fees sought in this Application as compared to the fees budgeted for the time period covered by this Application are <u>not</u> higher by 10% or more.**

3. Have any of the professionals included in this Application varied their hourly rate based on the geographic location of the bankruptcy case?

    a. **The professionals included in this Application did not vary their hourly rate based on the geographic location of the bankruptcy case.**

4. Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

    a. **No.**

5. Does this Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

    a. **No.**

6. If the Application includes any rate increases since retention:

    a. Did your client review and approve those rate increases in advance?

        i. **There have been no rate increases since retention.**

    b. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

        i. **There have been no rate increases since retention.**

### CERTIFICATE OF COMPLIANCE AND WAIVER

20. The undersigned representative of Winston certifies that they have reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, Winston believes that such deviations are not material and respectfully requests that any such requirements be waived.

### NOTICE

21. Pursuant to the Interim Compensation Order, this Application is being served on: (a) the Debtors, (b) counsel to the Debtors, (c) the U.S. Trustee, and (d) counsel to the Committee. Winston submits that no other or further notice need be provided.

(remainder of this page intentionally left blank)

WHEREFORE, Winston & Strawn LLP respectfully requests the Court enter an order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $96,553.80 for professional services rendered, and (b) reimbursement of actual and necessary costs in the amount of $0.00 incurred, during the Application Period; (ii) directing the payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: November 14, 2023

Respectfully submitted,

*/s/ Carrie V. Hardman*
**WINSTON & STRAWN LLP**

Carrie V. Hardman
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
chardman@winston.com

*Special Litigation Counsel to Debtors and Debtors-in-Possession*
