**Exhibit A**
Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 647** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY
WOMBLE BOND DICKINSON (US) LLP AS CO-COUNSEL
*NUNC PRO TUNC* TO OCTOBER 6, 2023**

Upon the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**"), authorizing the Debtors to employ and retain Womble Bond Dickinson (US) LLP ("**WBD**") as co-counsel for the Debtors *nunc pro tunc* to October 6, 2023; and upon the declaration of Donald J. Detweiler filed in support of the Application and the declaration of Melissa Leonard filed in support of the Application; and it appearing that proper notice of the Application has been given and that no further notice or hearing is required; and the Court being satisfied based on the representations made in the Application and the declarations that (i) WBD represents no adverse interest in these Chapter 11 Cases, and (ii) the employment of WBD is necessary and would be in the best interests of the Debtors, and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is hereby GRANTED, as set forth herein.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. In accordance with Bankruptcy Code section 327(a), the Debtors are hereby authorized to employ and empowered to retain WBD as its co-counsel, *nunc pro tunc* to October 6, 2023, to represent the Debtors in the Chapter 11 Cases.

4. WBD shall apply for and be compensated in accordance with the applicable procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and further orders of this Court for all services performed and expenses incurred on or after the Petition Date.

5. No agreement or understanding exists between WBD and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with this case, nor shall WBD share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Bankruptcy Code section 504.

6. Notwithstanding anything in the Application to the contrary, WBD shall (i) to the extent that WBD uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in this case, pass-through the cost of such Contractors to the Debtors at the same rate that WBD pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for WBD; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. WBD shall use its best efforts to avoid any unnecessary duplication of services provided by any of the Debtors' retained professionals in these Chapter 11 Cases.

8. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.