## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 731** |

### DEBTORS' MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS FOR DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO REPURCHASE ENDURANCE TRUCKS FROM CUSTOMERS, AND (II) GRANTING RELATED RELIEF

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases hereby file this motion (the "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), scheduling a hearing and shortening the notice and objection periods for the *Debtors' Motion for Entry of an Order (I) Authorizing, but not Directing, the Debtors to Repurchase Endurance Trucks from Customers, and (II) Granting Related Relief* [Docket No. 731] (the "**Repurchase Motion**").[2]  In support of this Motion to Shorten, the Debtors respectfully represent as follows:

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used, but not otherwise defined, herein shall have the same meanings ascribed to such terms in the Repurchase Motion, as applicable.

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases (as defined below) and this Motion to Shorten is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested by this Motion to Shorten are sections 102(1) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1.

3.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Background**

4.      On June 27, 2023 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") for these Chapter 11 Cases.  On September 7, 2023, the U.S. Trustee appointed the official

committee of equity security holders (the "**Equity Committee**" and collectively with the Creditors' Committee, the "**Committees**") for these Chapter 11 Cases.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.    The factual background regarding the Debtors, including their business operations and the events leading to the filing of these Chapter 11 Cases, is set forth in the *Declaration of Adam Kroll in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "**First Day Declaration**"), which is fully incorporated here by reference.

6.    Contemporaneously herewith, the Debtors filed the Repurchase Motion.  Pursuant to the Repurchase Motion, the Debtors seek the authority to repurchase certain vehicles that they have previously sold in an effort to eliminate or limit warranty, recall, and other regulatory obligations against the Debtors' estates.  Additional and relevant information and background with respect to the relief sought in this Motion to Shorten is set forth in the Repurchase Motion.

## Relief Requested

7.    The Debtors request under sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006, and Local Rule 9006-1, that the Court (i) schedule the Repurchase Motion to be heard at the hearing scheduled for December 11, 2023 at 2:00 p.m. (the "**Hearing**"), (ii) shorten the period for notice of the hearing on the Repurchase Motion with objections, if any, to be filed no later than 4:00 p.m. (Eastern Daylight Time) December 5, 2023 (the "**Objection Deadline**").

## Basis for Relief Requested

8.    Bankruptcy Rule 2002(a)(2) requires twenty-one (21) days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . ." Fed. R. Bankr. P. 2002(a)(2). Local Rule 9006-1(e) further provides in relevant part that "no

motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the period reduced."). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii).

9.      Similarly, Bankruptcy Rule 9006(c) provides that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting frequency of such motions "[g]iven the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Tex. Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

10.     Indeed, as stated in Bankruptcy Code § 102(1), "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. See 11 U.S.C. § 102(1) (stating that "'after notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . ."); *Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

11.     Good cause exists to expedite consideration of the Repurchase Motion. Specifically, the Debtors are in the process of soliciting votes on their *Modified First Amended Joint Chapter 11 Plan* [Docket No. 657] (the "**Plan**") and confirmation of the Plan is scheduled to

4

be heard on December 19, 2023 (the "**Confirmation Hearing**").  The Debtors believe it is in the best interests of all stakeholders to limit or eliminate the warranty, recall and other regulatory obligations as the Repurchase Motion attempts to do prior to the Confirmation Hearing.  Additional definition with respect to the claims pool and a clear process for the repurchase of the vehicles will aid all parties and the Court in considering the Plan at the Confirmation Hearing and accordingly, should be addressed at the December 11, 2023 hearing.  Further, parties-in-interest will not be prejudiced because the Debtors seek to shorten the normally 21-day notice period by only 2 days in order to have the Repurchase Motion hearing on December 11th.

### Compliance with Local Rule 9006-1(e)

12.     Prior to filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee and counsel to the Committees of the relief requested in this Motion to Shorten.  As of the filing of this Motion to Shorten, counsel to the Creditors' Committees has confirmed that it has no objection to the Court granting the relief requested in this Motion to Shorten.  The U.S. Trustee and counsel to the Equity Committee have not taken a position with regard to the relief requested in this Motion to Shorten.

### Notice

13.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to Foxconn; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) the United States Attorney's Office for the District of Delaware; (h) the state attorneys general for states in which the Debtors conduct business; (i) any parties that have asserted liens against the Debtors' assets; (j) counsel to LAS Capital LLC; (k) all parties entitled to notice pursuant to Local Bankruptcy Rule 2002-1(b).  Based on the circumstances surrounding this Motion and the nature

of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

<h3 style="text-align:center"><u>Conclusion</u></h3>

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: November 22, 2023

Respectfully submitted,

/s/ *Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*