# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**AFFIDAVIT OF PUBLICATION OF NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR OBJECTING TO THE CONFIRMATION OF THE PLAN, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN IN THE WALL STREET JOURNAL AND AUTOMOTIVE NEWS**

      This Affidavit of Publication includes the sworn statements verifying that the Notice of (I) Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Plan, (IV) Procedures for Objecting to the Confirmation of the Plan, and (V) Procedures and Deadline for Voting on the Plan was published and incorporated by reference herein as follows:

1. In *The Wall Street Journal* on November 7, 2023, attached hereto as **Exhibit A**; and

2. In *Automotive News* on November 13, 2023, attached hereto as **Exhibit B**.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Dr., Farmington Hills, MI 48331.

# Exhibit A

# AFFIDAVIT

**STATE OF NEW JERSEY** )
                                   ) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX** )

I, Wayne Sidor, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s): 11/7/2023

ADVERTISER: Lordstown Motors Corp.

and that the foregoing statements are true and correct to the best of my knowledge.

                                               _Wayne Sidor_

    Sworn to
before me this
7th day of November 2023

_____
Notary Public



IAN C. MARTIN
NOTARY PUBLIC
ID # 50086494
COMMISSION EXPIRES
07/18/2026
STATE OF NEW JERSEY

---

**ADVERTISEMENT**

## The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

### BANKRUPTCIES

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

In re: Lordstown Motors Corp., *et al.*,[1] Debtors.
Chapter 11
Case No. 23-10831 (MFW)
(Jointly Administered)

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR OBJECTING TO THE CONFIRMATION OF THE PLAN, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

**TO ALL PARTIES IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES:**

**PLEASE TAKE NOTICE THAT** on October 30, 2023, Lordstown Motors Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**") filed their (i) *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 635] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); and (ii) the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 637] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").[2]

**PLEASE TAKE FURTHER NOTICE THAT:**

1. **Approval of Disclosure Statement.** On November 1, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. 651] (the "**Disclosure Statement Order**") approving the Disclosure Statement. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "**Solicitation Procedures**").

2. **Approved Dates and Deadlines.** The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing in the Disclosure Statement Order:

| Event | Date |
|---|---|
| Voting Record Date | October 31, 2023 |
| Solicitation Date | Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Publication Deadline | Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Rule 3018(a) Motion Deadline | November 27, 2023 at 4:00 p.m. (ET) |
| Voting Resolution Event Deadline | December 5, 2023 |
| Plan Supplement Deadline | December 1, 2023 (The date that is no later than seven (7) days prior to the Plan Objection Deadline) |
| Deadline to file proposed form of the Confirmation Order | The date that is no later than seven (7) days prior to the Plan Objection Deadline |
| Plan Objection Deadline | December 8, 2023 at 4:00 p.m. (ET) |
| Voting Deadline | December 12, 2023 at 5:00 p.m. (ET) |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation; (iii) Declarations in Support of Plan Confirmation, and (ii) Voting Report | December 15, 2023 |
| Confirmation Hearing | December 19, 2023 at 2:00 p.m. (ET) |

3. **Confirmation Hearing.** A hearing to consider confirmation of the Plan has been scheduled for **December 19, 2023 at 2:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**") before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.** If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4. **Summary of Status and Voting Rights.** In accordance with Bankruptcy Code Section 1122 and 1123, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

**Summary of Status and Voting Rights**

| Class | Claim / Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 5 | Foxconn Preferred Stock Interests | Unimpaired | Deemed to Accept (Provided that Provisional Votes Will Be Solicited) |
| 6 | Intercompany Interests | Unimpaired | Deemed to Accept |
| 7 | Common Stock Interests | Impaired | Entitled to Vote |
| 8 | Section 510(b) Claims | Impaired | Entitled to Vote |
| 9 | RIDE Section 510(b) Claims | Impaired | Entitled to Vote |
| 10 | Ohio Securities Class Action Claims | Unimpaired | Deemed to Accept |

5. **Voting Record Date.** Subject to the Solicitation Procedures, the following holders of Claims and Interests against the Debtors as of **October 31, 2023** (the "**Voting Record Date**") are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | General Unsecured Claims |
| Class 5 | Foxconn Preferred Stock Interests |
| Class 7 | Common Stock Interests |
| Class 8 | Section 510(b) Claims |
| Class 9 | RIDE Section 510(b) Claims |
| Class 10 | Ohio Securities Class Action Claims (For Class 10 Solicitation) |

6. **Voting Deadline.** All votes to accept or reject the Plan must be *actually received* by the Solicitation Agent by **December 12, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your vote.

7. **Voting Procedures for Class 7 Common Stock Interests.** By the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to each beneficial Holder (each a "**Beneficial Holder**") of each registered or beneficial Holder of a Common Stock Interest in Class 7 as of the Voting Record Date whether directly or through a Nominee (as defined below), and (ii) an appropriate number of Solicitation Packages and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**")  identified as the Solicitation Agent as Holder of record through which one or more such Beneficial Holders holds such Claim in 'street name' as of the Voting Record Date. The Solicitation Agent shall also distribute a Solicitation Package to each Entity that is directly registered as a Beneficial Holder (i.e. does not hold their Claim through a Nominee) as of the Voting Record Date. All Beneficial Holder Ballots can to accept or reject the Plan must be properly completed, executed, and returned to the Nominees in such manner to allow sufficient time for the Voting Nominee to process such votes on Master Ballots and mail or deliver such Master Ballots to the Solicitation Agent so that they are *actually received* by the Solicitation Agent by the Voting Deadline.

8. **Parties in Interest Not Entitled to Vote.** All Holders of Unclassified Claims and Holders of Unimpaired Claims and Interests in classes conclusively presumed to accept the Plan are not entitled to vote and will not receive a Ballot. Such Holders will instead receive the (i) *Confirmation Hearing Notice*, and (ii) *Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims Conclusively Presumed to Accept the Plan*. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules or if you have filed a Proof of Claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**"). All Rule 3018(a) Motions must be filed with the Bankruptcy Court and served on the Debtors on or before **November 27, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**"). If a creditor files a timely Rule 3018(a) Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes pursuant to a Resolution Event prior to **December 5, 2023** (the "**Voting Resolution Event Deadline**") or as otherwise set forth in the Disclosure Statement Order.

9. **Calculation of Votes With Respect to Litigation Claims.** Each Claim Filed or scheduled on account of a claim, cause of action, or litigation against the Debtors, for which a Proof of Claim has been timely filed and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.7(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Claim. The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the Holder, the Debtors, or any other party for any purpose other than voting on the Plan. Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a Holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court in a different amount.

10. **Plan Supplement.** The Debtors will file the Plan Supplement documents on or before **December 1, 2023**. The Plan Supplement will include, as applicable: (i) New Organizational Documents, (ii) Identities of members of the New Board, (iii) Schedule of Retained Causes of Action, (iv) Post-Effective Date Debtor Amount Budget, (v) Identity of Claims Ombudsman, (vi) Claims Ombudsman Agreement, (vii) Identity of Litigation Trustee, and (viii) Litigation Trust Agreement. The Plan Supplement will be served only on those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Once the Plan Supplement is filed, a copy will also be available for review, free of charge, on the Debtors' restructuring website at https://www.kccllc.net/lordstown.

11. **Cure and Assumption Notice.** The Debtors will file a Cure and Assumption Notice within 14 days prior to the Confirmation Hearing, serve the Cure and Assumption Notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with this Plan and, where applicable, setting forth the proposed Cure Amount (if any). Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and *actually received* by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.

12. **Objections to Confirmation.** The deadline to object or respond to confirmation of the Plan is **December 8, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Any objections or responses to confirmation of the Plan, must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) state the name and address of the objecting party and the nature and amount of the Claim of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be *actually received* by the following parties on or before the Plan Objection Deadline: (a) counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)) and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Donald J. Detweiler (don.detweiler@wbd-us.com) and Morgan L. Patterson (morgan.patterson@wbd-us.com)); (b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov)); (c) counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), 875 Third Avenue, New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com), and 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA 19103 (Attn: Francis J. Lawall (francis.lawall@troutman.com)); and (d) counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick.com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com).

13. **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**Additional Information.** If you wish to receive additional copies of the Plan or the Disclosure Statement, you may receive copies free of charge from the Debtors' Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7225 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.com (with 'Lordstown' in the subject line). Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney. You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED. PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN PROVIDES:**

C. **Releases by the Debtors.** Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.C shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

D. **Releases by Holders of Claims and Interests.** As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[3] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Without limiting the generality of the foregoing, and subject to the paragraph directly below, pursuant to the Releases set forth in this Article VIII.D, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action). Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.D shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties; provided, that the Debtors do not concede that the certification of a class as appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions; *provided further*, that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein. All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects. If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).

Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies.

E. **Exculpation.** Except as otherwise specifically provided in the Plan, no Exculpated Party[3] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

F. **Injunction.** EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE VIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

FOR THE AVOIDANCE OF DOUBT, NOTHING IN ARTICLE VIII.F OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW (AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).

**PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOU ARE THE HOLDER OF AN UNCLASSIFIED CLAIM UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE PLAN.**

**PLEASE ALSO BE ADVISED THAT IF YOU ARE ENTITLED TO VOTE, AND (A) VOTE TO ACCEPT THE PLAN, OR (B) REJECT THE PLAN AND OPT IN TO THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN ARTICLE VIII.D OF THE PLAN. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

The Plan also contains other related provisions that may affect your rights against the Debtors. **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: November 1, 2023, Respectfully submitted, /s/ Morgan L. Patterson , WOMBLE BOND DICKINSON (US) LLP, Donald J. Detweiler (Bar No. 3087), Morgan L. Patterson (Bar No. 5388), 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Telephone: (302) 252-4320, Facsimile: (302) 252-4330, don.detweiler@wbd-us.com, morgan.patterson@wbd-us.com, *Proposed Counsel to the Debtors and Debtors in Possession* -and- **WHITE & CASE LLP**, Thomas E Lauria (admitted *pro hac vice*), Matthew C. Brown (admitted *pro hac vice*), Fan B. He (admitted *pro hac vice*), 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131, Telephone: (305) 371-2700, tlauria@whitecase.com, mbrown@whitecase.com, fhe@whitecase.com -and- David M. Turetsky (admitted *pro hac vice*), 1221 Avenue of the Americas, New York, NY 10020, Telephone: (212) 819-8200, david.turetsky@whitecase.com -and- Jason N. Zakia (admitted *pro hac vice*), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Telephone: (312) 881-5400, jzakia@whitecase.com -and- Roberto Kampfner (admitted *pro hac vice*), Doah Kim (admitted *pro hac vice*), RJ Szuba (admitted *pro hac vice*), 555 South Flower Street, Suite 2700, Los Angeles, CA 90071, Telephone: (213) 620-7700, rkampfner@whitecase.com, doah.kim@whitecase.com, rj.szuba@whitecase.com, *Counsel to Debtors and Debtors-in-Possession*

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined below), or the Solicitation Procedures (as defined below), as applicable.

[3]  "*Releasing Party*" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates' current and former direct and indirect Affiliates' current and former Affiliates, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however*, that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided, further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

  "*Released Party*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the UCC Members; (iv) the UCC; (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than Excluded Parties, each in its capacity as such; *provided that*, notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that*, notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party. "*Excluded Parties*" means Foxconn and the Former Directors and Officers.

  "*Exculpated Parties*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers; (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii), (iv), and (v) above on or after the Petition Date.

---



© 2023 Dow Jones & Company, Inc.
All Rights Reserved.

**THE WALL STREET JOURNAL.**

**THE MARKETPLACE**

ADVERTISE TODAY
**(800) 366-3975**
For more information visit:
**wsj.com/classifieds**

DOW JONES

---

### ANNOUNCEMENTS



**Your Life Story**
For Family. For Generations.
Professional Biographers Write
Your Book OR We Help You Write.
Affordable & Personalized Service.
**LegaciesandMemories.com**
**(904) 293-9893**   Since 1999

---

### NOTICE OF SALE

**NOTICE OF SALE–CONDO BUILDING-PARTITION AUCTION
SUPREME COURT - COUNTY OF KINGS**

LEROY P. SHEPHERD, as President of the Board of Managers of the One Sunset Park Condominium, Plaintiff(s) -against- WILSON WONG, et al., Defendant(s). Pursuant to an Amended Interlocutory Judgment of Partition and Sale ("Amended Interlocutory Judgment") entered herein and dated October 30, 2023, I, the undersigned Referee, will sell at public auction, with said auction to be held in Room 224 of the Kings County Supreme Courthouse, located at 360 Adams Street, Brooklyn, New York, or such other reasonable space as the Court and/or the Referee may choose, on **November 30, 2023 at 2:30 P.M. Eastern Time**, the real property located at 702 44th Street, Brooklyn, New York (the "Premises"), being the building known as One Sunset Park Condominium and described as follows: Block 741, Lots 1001 - 1054 on the tax map of the Borough of Brooklyn, and more particularly described as follows: ALL that certain plot, piece or parcel of land, lying and being in the Borough of Brooklyn, County of Kings and City and State of New York, and being more particularly bounded and described as follows: BEGINNING at the corner formed by the intersection of the easterly side of 7th Avenue and the southerly side of 44th Street; RUNNING THENCE easterly along the southerly side of 44th Street, 120 feet; THENCE southerly parallel with 7th Avenue, 100 feet 2 inches; THENCE westerly parallel with 44th Street, 120 feet to the easterly side of 7th Avenue; THENCE northly along the easterly side of 7th Avenue, 100 feet 2 inches to the corner, the point or place of BEGINNING.

**NOTE: (A) THE PREMISES IS BEING SOLD AT PUBLIC AUCTION AFTER AN APRIL 3, 2019 FIRE PARTIALLY DESTROYED THE PREMISES. THE PREMISES IS BEING SOLD ON AN 'AS-IS' AND 'WHERE-IS' BASIS WITHOUT ANY REPRESENTATION, WARRANTY, OR GUARANTEE WHATSOEVER BUT SUBJECT TO CERTAIN DISCLOSURES AS SET FORTH IN THE AMENDED INTERLOCUTORY JUDGMENT. (B) THE PREMISES TO BE SOLD HAS A RESERVE PRICE OF NOT LESS THAN $9,950,000.00.**

The Premises will be sold subject to the provisions of said Amended Interlocutory Judgment, which may be reviewed on the Kings County Supreme Court's electronic docket under Index Number 508641/2020, and Terms of Sale which will be provided upon request.  Each bidder must satisfy the Referee that said bidder is qualified by presenting a certified or bank check in the amount of $250,000 made payable to "**JEFFREY SALTIEL, ESQ., REFEREE**", that it can tender as a deposit to the Referee by 5:00 p.m. (ET) the day before the auction with an Auction Bidder Registration Form.

At the immediate conclusion of the auction sale, the successful bidder will be required to (i) tender a deposit equal to at least ten percent (10%) of the successful bid, taking into account the $250,000 deposit, in the form of certified or bank check(s) made payable to "**JEFFREY SALTIEL, ESQ., REFEREE**", and (ii) agree to be bound by the terms of the Amended Interlocutory Judgment and Terms of Sale, including but not limited to the terms specifying the successful bidder's liability for damages in the event of a default. Please consult the Amended Interlocutory Judgment, Auction Bidder Registration Form, and Terms of Sale for other conditions applicable to this auction.

In order to properly qualify as a bidder, a bidder must submit a signed Auction Bidder Registration Form and the deposit to the Referee in person at the address below by 5:00 p.m. (ET) on November 29, 2023, along with other items, as detailed on such Bidder Registration Form.  Referee reserves the right to reject or refuse any materials received after 5:00 p.m. (ET) on November 29, 2023.

To receive the instructions to tour the Premises and to receive the Auction Bidder Registration Form and Amended Interlocutory Judgment, interested bidders **MUST** contact Janice Goldberg, Esq., Attorney for Plaintiff, via email at jgoldberg@herrick.com or phone at +1 (212) 592-6192.  Tours of the Premises are based upon availability on a first come, first served basis.  There is no guarantee that all interested parties will have the ability to tour the Premises.  JEFFREY SALTIEL, ESQ., Referee, Wenig, Saltiel LLP, 321 Broadway, Second Floor, New York, New York 10007

---

### PUBLIC NOTICES

**Tacora Resources Inc.
Notice of Solicitation Process**

On October 10, 2023, Tacora Resources Inc. (the "**Tacora**") sought and obtained an Order under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 as amended (the "**Initial Order**") granting, inter alia, a stay of proceedings in favour of Tacora and appointing FTI Consulting Canada Inc. as monitor (in such capacity, the "**Monitor**").

Pursuant to an order granted by the Court on October 30, 2023 (the "**Solicitation Order**"), Tacora, with the assistance of Greenhill &amp; Co. Canada Ltd. ("**Greenhill**"), and under the supervision of the Monitor, has initiated a solicitation process (the "**Solicitation Process**") to solicit interest in, and opportunities for: (a) a sale of all, substantially all, or certain portions of the property or the business of Tacora; or (b) an investment in, restructuring, recapitalization, refinancing or other form of reorganization of Tacora or its business as a going concern, or a combination thereof. The Solicitation Process also provides the ability for interested parties to investigate and conduct due diligence regarding an opportunity to arrange an offtake, service or other agreement in respect of the business.

The Solicitation Process is a two-phased process. Qualified interested parties who wish to submit a bid in the Solicitation Process must deliver a non-binding letter of interest to Greenhill with a copy to the Monitor in accordance with the Solicitation Order, by no later than 12:00 p.m. (Eastern Time) on December 1, 2023. Binding offers must be submitted by no later than January 19, 2024, at 12:00 p.m. (Eastern Time) in accordance with the Solicitation Order.

Copies of the Initial Order, the Solicitation Order and all related materials may be obtained from the website of the Monitor at http://cfcanada.fticonsulting.com/tacora/

Any party interested receiving additional information about, or in participating in, the Solicitation Process should contact Greenhill at ProjectElement2023@greenhill.com.

---

### AVIATION

# You shouldn't have to put any money down to go wheels up.



An unmatched experience with no financial commitment.

Unity Jets offers trip-by-trip solutions with no membership fees and no upfront capital. Call us to request an all inclusive quote on a future trip.

**UNITY JETS**

**888.758.5387   UNITYJETS.COM**

---

### BUSINESS OPPORTUNITIES

**Innovative Branded Footwear Company
Mid-Atlantic U.S.**

Seeking buyer for two flagship brands, e-commerce platform, extensive retail network, inventory

Nationally recognized designer and distributor of on-trend footwear products with a 100 year+ operating history. Multi-channel distribution network including 2,300 accounts (over 600 active) and a proprietary D2C e-commerce platform. The ideal buyer will fund the upcoming seasonal inventory commitments. Sale process already underway.

Contact: Debbie Beall
(443) 951-4854 • specialsituations@schgroup.com

---

**THE WALL STREET JOURNAL.**

**NOTABLE COMMERCIAL PROPERTIES**
EVERY WEDNESDAY
LIST YOUR PROPERTY TODAY
**(800) 366-3975**
**sales.realestate@wsj.com**

© 2023 Dow Jones & Company, Inc.
All Rights Reserved.

DOW JONES

# Exhibit B



CRAIN COMMUNICATIONS INC

1155 Gratiot Avenue· Detroit, MI 48207-2913
Telephone (313) 446-6000

# AFFIDAVIT OF PUBLICATION

## KCC

STATE OF MICHIGAN   }

COUNTY OF WAYNE   }

Angela Schutte, Automotive News Classified Manager, being duly

sworn, deposes and says that the attached advertisement was published in Automotive News on the following:

Date: 11-13-23    Page: 41

and as an authorized employee of Crain Communications Inc. knows well the facts herein

stated.

*Angela Schutte*

On   11/13/23   before me personally appeared,    Angela Schutte

to me known to be the person described in and who executed the foregoing instrument doing so as an act of free will and deed.

*Teryl J. McCoy*
Teryl J. McCoy, Notary Public
Washtenaw County, Michigan acting
in Wayne County. My commission
expires 6/25/2028

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF THE PLAN, (IV) PROCEDURES FOR OBJECTING TO THE CONFIRMATION OF THE PLAN, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

**TO ALL PARTIES IN INTEREST IN THE DEBTORS' CHAPTER 11 CASES:**

**PLEASE TAKE NOTICE THAT** on October 30, 2023, Lordstown Motors Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**") filed their (i) *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 635] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**"); and (ii) the *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 637] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").[2]

**PLEASE TAKE FURTHER NOTICE THAT:**

1. *Approval of Disclosure Statement.* On November 1, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order [D.I. 651] (the "**Disclosure Statement Order**") approving the Disclosure Statement. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the Plan and establishes procedures related thereto (the "**Solicitation Procedures**").

2. *Approved Dates and Deadlines.* The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing in the Disclosure Statement Order:

| Event | Date |
|---|---|
| Voting Record Date | October 31, 2023 |
| Solicitation Date | Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Publication Deadline | Five (5) business days after the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Rule 3018(a) Motion Deadline | November 27, 2023 at 4:00 p.m. (ET) |
| Voting Resolution Event Deadline | December 5, 2023 |
| Plan Supplement Deadline | December 1, 2023 (The date that is no later than seven (7) days prior to the Plan Objection Deadline) |
| Deadline to file proposed form of the Confirmation Order | The date that is no later than seven (7) days prior to the Plan Objection Deadline |
| Plan Objection Deadline | December 8, 2023 at 4:00 p.m. (ET) |
| Voting Deadline | December 12, 2023 at 5:00 p.m. (ET) |
| Deadline to file (i) Reply to Plan Objections, (ii) Brief in Support of Plan Confirmation; (iii) Declarations in Support of Plan Confirmation, and (ii) Voting Report | December 15, 2023 |
| Confirmation Hearing | December 19, 2023 at 2:00 p.m. (ET) |

3. **Confirmation Hearing.** A hearing to consider confirmation of the Plan has been scheduled for **December 19, 2023 at 2:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**") before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the Bankruptcy Court, located at 824 North Market Street, Fifth Floor, Courtroom No. 4, Wilmington, Delaware 19801. **Please be advised that the Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with the Bankruptcy Court or by being announced in open court.** If the Confirmation Hearing is continued, the Debtors will post the new date and time of the Confirmation Hearing at https://www.kccllc.net/lordstown. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest, unless such notice is required by the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

4. **Summary of Status and Voting Rights.** In accordance with Bankruptcy Code Section 1122 and 1123, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan, as follows:

| Summary of Status and Voting Rights | | | |
|---|---|---|---|
| Class | Claim / Interest | Status | Voting Rights |
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Intercompany Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 5 | Foxconn Preferred Stock Interests | Unimpaired | Deemed to Accept (Provided that Provisional Votes Will Be Solicited) |
| 6 | Intercompany Interests | Unimpaired | Deemed to Accept |
| 7 | Common Stock Interests | Impaired | Entitled to Vote |
| 8 | Section 510(b) Claims | Impaired | Entitled to Vote |
| 9 | RIDE Section 510(b) Claims | Impaired | Entitled to Vote |
| 10 | Ohio Securities Class Action Claims | Unimpaired | Deemed to Accept |

5. **Voting Record Date.** Subject to the Solicitation Procedures, the following holders of Claims and Interests against the Debtors as of **October 31, 2023** (the "**Voting Record Date**") are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | General Unsecured Claims |
| Class 5 | Foxconn Preferred Stock Interests |
| Class 7 | Common Stock Interests |
| Class 8 | Section 510(b) Claims |
| Class 9 | RIDE Section 510(b) Claims |
| Class 10 | Ohio Securities Class Action Claims (For Class 10 Election) |

6. **Voting Deadline.** All votes to accept or reject the Plan must be *actually received* by the Solicitation Agent by **December 12, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your vote.

7. **Voting Procedures for Class 7 Common Stock Interests.** By the Solicitation Date, the Solicitation Agent shall distribute or cause to be distributed (i) a Solicitation Package to each beneficial Holder (each a "**Beneficial Holder**") of each registered or beneficial Holder of a Common Stock Interest in Class 7 as of the Voting Record Date whether directly or through a Nominee (as defined below), and (ii) an appropriate number of Solicitation Packages and a master ballot (a "**Master Ballot**") to each bank, broker, or other intermediary (each a "**Nominee**") identified to the Solicitation Agent as a Holder of record through which one or more such Beneficial Holders holds such Claim in 'street name' as of the Voting Record Date. The Solicitation Agent shall distribute a Solicitation Package to each Entity that is directly registered as a Beneficial Holder (i.e. does not hold their Claim through a Nominee) as of the Voting Record Date. All Beneficial Holder Ballots cast to accept or reject the Plan must be properly completed, executed, and returned to the Nominees in such manner to allow sufficient time for the Voting Nominee to process such votes on Master Ballots and mail or deliver such Master Ballots to the Solicitation Agent so that they are *actually received* by the Solicitation Agent by the Voting Deadline.

8. **Parties in Interest Not Entitled to Vote.** All Holders of Unclassified Claims and Holders of Unimpaired Claims and Interests in classes conclusively presumed to accept the Plan are not entitled to vote and will not receive a Ballot. Such Holders will instead receive the (i) *Confirmation Hearing Notice,* and (ii) *Notice of Non-Voting Status to Holders of Unclassified and Unimpaired Claims Conclusively Presumed to Accept the Plan*. If you disagree with the amount set forth by the Debtors for your Claim in the Schedules or if you have filed a Proof of Claim and disagree with either (i) the Debtors' objection to your Claim and believe that you should be entitled to vote on the Plan; or (ii) the Debtors' classification or request for estimation of your Claim and believe that you should be entitled to vote on the Plan in a different amount or class, you must file with the Bankruptcy Court a motion for an order, pursuant to Bankruptcy Rule 3018(a), temporarily allowing such claim for purposes of voting to accept or reject the Plan (a "**Rule 3018(a) Motion**"). All Rule 3018(a) Motions must be filed with the Bankruptcy Court and served on the Debtors on or before **November 27, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**"). If a creditor files a timely Rule 3018(a) Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes pursuant to a Resolution Event prior to **December 5, 2023** (the "**Voting Resolution Event Deadline**") or as otherwise set forth in the Disclosure Statement Order.

9. **Calculation of Votes With Respect to Litigation Claims.** Each Claim Filed or scheduled on account of a claim, cause of action, or litigation against the Debtors, for which a Proof of Claim has been timely filed and which has not been fixed pursuant to a judgment or settlement entered into and approved by a court of competent jurisdiction, including the Bankruptcy Court, prior to the Voting Record Date and reflects, in whole or in part, an unliquidated and/or contingent claim that is not subject to a pending objection (regardless of whether such Claim as described in Section IV.B.7(c) of the Solicitation Procedures is wholly or partially contingent or non-contingent or liquidated or unliquidated) (each a "**Litigation Claim**" and collectively, "**Litigation Claims**"), shall be allowed temporarily for voting purposes only and not for purposes of allowance or distribution in the amount of One Dollar ($1.00) per such Claim. The temporary allowance of a Litigation Claim in the amount of One Dollar ($1.00) is solely for voting purposes, and will not be binding upon the holder, the Debtors, or any other party for any purpose other than voting on the Plan. Any Holder of a Litigation Claim that seeks different treatment for such Claim for voting purposes is required to file a Rule 3018(a) Motion by the applicable Rule 3018(a) Motion Deadline and otherwise satisfy the conditions set forth in Section III.C of the Solicitation Procedures. In accordance with Bankruptcy Rule 3018, any Ballot submitted by a holder of a Litigation Claim that files a Rule 3018(a) Motion will be counted solely in accordance with the Solicitation Procedures unless and until, after notice and a hearing, such Claim is temporarily allowed by the Bankruptcy Court for voting purposes only in a different amount.

10. **Plan Supplement.** The Debtors will file the Plan Supplement documents on or before **December 1, 2023**. The Plan Supplement will include, as applicable: (i) New Organizational Documents, (ii) Identities of members of the New Board, (iii) Schedule of Retained Causes of Action, (iv) Post-Effective Date Debtor Amount Budget, (v) Identity of Claims Ombudsman, (vi) Claims Ombudsman Agreement, (vii) Identity of Litigation Trustee, and (viii) Litigation Trust Agreement. The Plan Supplement will be served only on those parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Once the Plan Supplement is filed, a copy will also be available for review, free of charge, on the Debtors' restructuring website at https://www.kccllc.net/lordstown.

11. **Cure and Assumption Notice.** The Debtors will file a Cure and Assumption Notice within 14 days prior to the Confirmation Hearing, serve the Cure and Assumption Notice on parties to executory contracts or unexpired leases to be assumed or assumed and assigned reflecting the Debtors' intention to potentially assume or assume and assign the contract or lease in connection with this Plan and, where applicable, setting forth the proposed Cure Amount (if any). Any objection by a counterparty to an executory contract or unexpired lease to the proposed assumption, assumption and assignment, or related Cure Amount must be filed, served, and *actually received* by the Debtors within ten (10) days of the service of the assumption notice, or such shorter period as agreed to by the parties or authorized by the Bankruptcy Court.

12. **Objections to Confirmation.** The deadline to object or respond to confirmation of the Plan is **December 8, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**"). Any objections or responses to confirmation of the Plan, must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and Local Rules, (iii) state the name and address of the objecting party and the nature and amount of the Claim of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and include any evidentiary support therefor, and if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service **on or before the Plan Objection Deadline**, and served so as to be *actually received* by the following parties on or before the Plan Objection Deadline: (a) counsel to the Debtors, (i) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria (tlauria@whitecase.com), Matthew Brown (mbrown@whitecase.com), and Fan B. He (fhe@whitecase.com)), 1221 Avenue of the Americas, New York, NY 10020 (Attn: David Turetsky (david.turetsky@whitecase.com)), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606 (Attn: Jason N. Zakia (jzakia@whitecase.com)), and 555 South Flower Street, Suite 2700, Los Angeles, CA 90071 (Attn: Roberto Kampfner (rkampfner@whitecase.com), Doah Kim (doah.kim@whitecase.com), and RJ Szuba (rj.szuba@whitecase.com)), and (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801 (Attn: Donald J. Detweiler (don.detweiler@wbd-us.com) and Morgan L. Patterson (morgan.patterson@wbd-us.com)); (b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov)); (c) counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100 1313 N. Market Street, Suite 5100 Wilmington, DE 19801 (Attn: David M. Fournier (david.fournier@troutman.com), 875 Third Avenue New York, NY 10022 (Attn: Deborah Kovsky-Apap (deborah.kovsky@troutman.com), and 3000 Two Logan Square, 18th & Arch Streets, Philadelphia, PA 19103 (Attn: Francis J. Lawall (francis.lawall@troutman.com)); and (d) counsel to the Equity Committee, (i) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com)); and (ii) Brown Rudnick LLP, 7 Times Square, New York, NY 10036 (Attn: Robert J. Stark (rstark@brownrudnick.com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com)).

13. **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**Additional Information.** If you wish to receive additional copies of the Plan or the Disclosure Statement, you may receive copies free of charge from the Debtors' Solicitation Agent by: (a) calling the Debtors' toll-free restructuring hotline at (877) 709-4757 (U.S./Canada) or (424) 236-7235 (international); (b) visiting the Debtors' restructuring website at https://www.kccllc.net/lordstown; (c) writing to Lordstown Processing Center, c/o Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300,El Segundo, CA 90245; or (d) emailing lordstowninfo@kccllc.com with 'Lordstown' in the subject line). Please note that the Solicitation Agent is not authorized to, and will not, provide legal advice to you. If you need legal advice, please consult with your attorney. You may also access from these materials for a fee via PACER at http://www.deb.uscourts.gov/.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS IN THE PLAN**

**THE PLAN CONTAINS RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, WHICH WILL BECOME EFFECTIVE IF THE PLAN IS CONFIRMED. PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN PROVIDES:**

**C.** *Releases by the Debtors.* Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, as of the Effective Date, the Debtors and their Estates, the Post-Effective Date Debtors and each of their respective current and former Affiliates (with respect to non-Debtors, to the extent permitted by applicable law), on behalf of themselves and their respective Estates, including, without limitation, any successor to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, in each case, whether prepetition or postpetition (including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.C shall not release (i) any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (ii) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement executed to implement the Plan.

**D.** *Releases by Holders of Claims and Interests.* As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Releasing Party[3] shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Debtor, Post-Effective Date Debtor, and other Released Party[4] from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (in each case, whether prepetition or postpetition), including any derivative Claims asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the conduct of their business (in each case, whether prepetition or postpetition), the formulation, preparation, dissemination, or negotiation of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan, or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (in each case, whether prepetition or postpetition) related or relating to the foregoing. Without limiting the generality of the foregoing, and subject to the paragraph directly below, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this Article VIII.D shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission that is judicially determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, (ii) releasing any timely filed Proof of Claim (as may be validly amended under the Plan or as maybe permitted by the Bankruptcy Code and Bankruptcy Rules) or any post-Effective Date obligations of or under (A) any party or Entity under the Plan, (B) any Executory Contract or Unexpired Lease to the extent such Executory Contract or Unexpired Lease has been assumed by the Debtors pursuant to Final Order, or (C) any document, instrument, or agreement executed to implement the Plan, or (iii) releasing any rights to distributions required to be paid or delivered pursuant to the Plan or the Confirmation Order.

Notwithstanding anything to the contrary in the preceding paragraph, the Putative Class Action Representatives shall not be deemed to constitute Releasing Parties; provided, that the Debtors do not concede that the certification of a class is appropriate in any of the Putative Class Actions and the exclusion of the Putative Class Action Representatives from the releases set forth herein shall not constitute an admission by any Person or Entity, including the Debtors, that a class is appropriate in any of the Putative Class Actions; provided further, that the Debtors do not concede that the exclusion of the Putative Class Action Representatives from the releases set forth herein in any way binds the other members of any putative class or in any way affects the decision of any such putative class members to be a Releasing Party and grant the releases set forth herein. All of the rights of the Debtors, the Putative Class Action Representatives and any other party in connection with the potential certification of any putative class and/or the granting of releases are expressly reserved in all respects. If the exclusion of the Putative Class Action Representative from the releases set forth herein does not bind other class members (as is the Debtors' contention), each such class member that is a Releasing Party under the terms of the Plan shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any Claims related to or asserted in the Putative Class Actions (which actions include, for the avoidance of any doubt, the Ohio Securities Class Action, the Delaware Shareholder Class Action, and the Post-Petition Securities Action).

Additionally, notwithstanding anything to the contrary in the Plan or the Confirmation Order, nothing herein or therein does, shall, or may be construed to release, the Debtors or bar the assertion of claims against them as nominal defendants in the Post-Petition Securities Action for purposes of preserving and enforcing rights to coverage under and recovery of the proceeds of the D&O Liability Insurance Policies.

**E.** *Exculpation.* Except as otherwise specifically provided in the Plan, no Exculpated Party[6] shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of Cash under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**F.** *Injunction.* EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D OF THE PLAN, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.D OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E OF THE PLAN, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES (TO THE EXTENT OF THE RELEASES PROVIDED PURSUANT TO ARTICLE XIII.D WITH RESPECT TO THE RELEASED PARTIES), OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) EXCEPT TO THE EXTENT REQUIRED TO RENDER HOLDERS OF CLASS 5 UNIMPAIRED, ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT (WHICH MAY BE A PROOF OF CLAIM) FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE TERMS OF THE PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

FOR THE AVOIDANCE OF DOUBT, NOTHING IN ARTICLE VIII.F OF THE PLAN SHALL AFFECT ANY RIGHT OF FOXCONN TO SETOFF OR RECOUP THE AMOUNT OF ANY ALLOWED CLAIM OR THE AMOUNT OF ANY DISTRIBUTIONS TO WHICH THEY ARE ENTITLED ON ACCOUNT OF ALLOWED FOXCONN PREFERRED STOCK INTERESTS, IF ANY, AND ALL SUCH RIGHTS SHALL BE FULLY PRESERVED TO THE EXTENT AVAILABLE UNDER APPLICABLE LAW (AND ANY RIGHT OF THE DEBTORS AND THE POST-REORGANIZED DEBTORS WITH RESPECT TO THE FOREGOING SHALL ALSO BE PRESERVED).

**PLEASE BE ADVISED THAT IF YOUR CLAIM IS UNIMPAIRED UNDER THE PLAN OR YOU ARE THE HOLDER OF AN UNCLASSIFIED CLAIM UNDER THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIII.D OF THE PLAN UNLESS YOU FILE A TIMELY OBJECTION TO THE PLAN.**

**PLEASE ALSO BE ADVISED THAT IF YOU ARE ENTITLED TO VOTE, AND (A) VOTE TO ACCEPT THE PLAN, OR (B) REJECT THE PLAN AND OPT IN TO THE RELEASE PROVISIONS IN THE PLAN, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES IN ARTICLE VIII.D OF THE PLAN. IF YOU DO NOT RETURN THE BALLOT OR ABSTAIN FROM VOTING ON THE PLAN, YOU WILL NOT BE BOUND BY THE RELEASES.**

The Plan also contains other related provisions that may affect your rights against the Debtors.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: November 1, 2023, Respectfully submitted, */s/ Morgan L. Patterson*, WOMBLE BOND DICKINSON (US) LLP, Donald J. Detweiler (Bar No. 3087), Morgan L. Patterson (Bar No. 5388), 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Telephone: (302) 252-4320, Facsimile: (302) 252-4330, don.detweiler@wbd-us.com, morgan.patterson@wbd-us.com, *Proposed Counsel to the Debtors and Debtors in Possession* -and- **WHITE & CASE LLP**, Thomas E Lauria (admitted *pro hac vice*), Matthew C. Brown (admitted *pro hac vice*), Fan B. He (admitted *pro hac vice*), 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131, Telephone: (305) 371-2700, tlauria@whitecase.com, mbrown@whitecase.com, fhe@whitecase.com -and- David M. Turetsky (admitted *pro hac vice*), 1221 Avenue of the Americas, New York, NY 10020, Telephone: (212) 819-8200, david.turetsky@whitecase.com -and- Jason N. Zakia (admitted *pro hac vice*), 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Telephone: (312) 881-5400, jzakia@whitecase.com -and- Roberto Kampfner (admitted *pro hac vice*), Doah Kim (admitted *pro hac vice*), RJ Szuba (admitted *pro hac vice*), 555 South Flower Street, Suite 2700, Los Angeles, CA 90071, Telephone: (213) 620-7700, rkampfner@whitecase.com, doah.kim@whitecase.com, rj.szuba@whitecase.com, *Counsel to Debtors and Debtors-in-Possession*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan, the Disclosure Statement (as defined below), or the Solicitation Procedures (as defined below), as applicable.

[3] "*Releasing Party*" means each of the following in their capacity as such: (i) all Holders of Claims or Interests that vote to accept the Plan; (ii) all Holders of Claims or Interests that are entitled to vote on the Plan who vote to reject the Plan and opt in to the third party releases provided for in Article VIII.D by checking the box on the applicable Ballot or form indicating that they opt in to granting such releases in the Plan submitted on or before the Voting Deadline; and (iii) with respect to each of the foregoing Entities in clauses (i) and (ii), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, predecessors, successors, and assigns, subsidiaries, and each of their respective current and former equity holders, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in its capacity as such; *provided, however,* that the Entities identified in part (iii) shall be Releasing Parties only to the extent the corresponding Entities in parts (i) and (ii) are legally able to bind such Entities in part (iii) to the releases contained in the Plan under applicable law; *provided, further*, that, subject to the terms of Article VIII.D, the Putative Class Action Representatives shall not be deemed to be Releasing Parties.

[4] "*Released Party*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Post-Effective Date Debtors; (iii) each of the Debtors' Estates; (iv) the UCC, (v) each of the UCC Members, solely in its capacity as a UCC Member; (vi) the EC; (vii) each of the EC Members, solely in its capacity as an EC Member; and (viii) with respect to each of the foregoing Entities in clauses (i) through (vii), their respective current and former officers, directors, employees, attorneys, accountants, investment bankers, consultants and other professionals other than Excluded Parties, each in its capacity as such; *provided that,* notwithstanding anything in the foregoing, any Person or Entity that is an Excluded Party shall not be a Released Party; *provided further that,* notwithstanding anything in the foregoing, any Person or Entity that is entitled to vote on the Plan but does not vote to accept the Plan or otherwise opt in to the releases shall not be a Released Party.

[5] "*Excluded Parties*" means Foxconn and the Former Directors and Officers.

[6] "*Exculpated Parties*" means each of the following in their capacity as such: (i) the Debtors; (ii) the Chapter 11 Directors and Officers, (iii) agents, members of management and other employees of the Debtors, in each case who are or were acting in such capacity on or after the Petition Date; (iv) the UCC and the UCC Members; (v) the EC and the EC Members; and (vi) all predecessors, successors and assigns, subsidiaries, affiliates, members, partners, officers, directors, agents, attorneys, advisors, accountants, investment bankers, consultants, and other professionals, to the extent such parties are or were acting in such capacity of any of the Persons identified in (i), (ii), (iii) (iv), and (v) above on or after the Petition Date.