**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) **Re:**<br><br>**Docket No. 690** |

### ORDER (I) AUTHORIZING THE DEBTORS TO SETTLE CLAIMS UNDER CERTAIN EMPLOYMENT AGREEMENTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 363, and 502 of the Bankruptcy Code, Bankruptcy Rule 9019, (i) authorizing the Debtors to settle claims under certain Employment Agreements listed on the Settlement Term Sheet attached as **Exhibit B** to the Motion, and (ii) granting related relief, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the form and manner of the notices are reasonably calculated to provide appropriate parties with proper notice; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Settlement is incorporated herein by reference and is approved in its entirety.

3. Each of the Parties to the Settlement and Kurtzman Carson Consultants LLC are authorized to take such steps as may be necessary or appropriate in order to implement the terms of the Settlement and this Order without further notice, hearing, or order of the Court, including adjusting the claims register maintained in these Chapter 11 Cases to reflect allowance or partial allowance of the Essential Employees claim in the amounts set forth in the Settlement Term Sheet.

4. This Order and the Settlement shall be binding upon the Parties, any trustees appointed in the chapter 11 cases, any trustees appointed in any subsequent chapter 7 cases relating to the Debtors, and all other parties in interest in accordance with and subject to the terms of the Settlement.

3

5.       The terms and conditions of this Order shall be binding upon any successors or assigns of the Debtors, including any such entity created pursuant to a chapter 11 plan.

6.       Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7.       This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the interpretation or implementation of this Order.