## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) (Jointly Administered) |
| Debtors. | **Obj. Deadline: December 12, 2023 at 4:00 p.m. (ET)** **Hearing Date: December 19, 2023 at 2:00 p.m. (ET)** |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS, (II) FIXING THE CURE COSTS IN CONNECTION THERETO AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO ASSUME CERTAIN EXECUTORY CONTRACTS. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON SCHEDULE 1 TO THE PROPOSED ORDER, WHICH IS ATTACHED HERETO AS EXHIBIT A, TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS.**

The debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases hereby file this motion (the "**Motion**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the assumption of the Contracts (defined below), as set forth on **Schedule 1** to the Order, effective as of to the dates set forth in **Schedule 1** to the Order, and (ii) granting related relief. In support of this Motion, the Debtors, by and through their undersigned counsel, state as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested by this Motion are sections 105 and 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and 9014.

3.      Pursuant rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the Uni0ted States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

4.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**UCC**") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 99].  On September 7, 2023, the U.S. Trustee appointed the official committee of

AMERICAS 125744356

equity security holders (the "**EC**") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 375]. No trustee or examiner been appointed in these Chapter 11 Cases.[2]

5.      On October 18, 2023, the Court held a hearing on the proposed sale of certain of the Debtors' assets to LAS Capital, LLC (together with, its assignee, LandX Motors Inc., the "**Purchaser**") pursuant to the terms of the Asset Purchase Agreement. Following the hearing, the Court entered the order approving such sale (the "**Sale Order**"). [Docket No. 586] The sale to the Purchaser pursuant to the Sale Order and the Asset Purchase Agreement closed on October 27, 2023. As part of the sale to the Purchaser, the Debtors assumed and assigned certain executory contracts to the Purchaser.

6.      On November 1, 2023, the Debtors filed the *First Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases Effective as of the Dates Specified Herein and (II) Granting Related Relief* [Docket No. 656] to inform certain contract counterparties that the Debtors was rejecting certain executory contracts and unexpired leases. On November 16, 2023, the motion to reject was approved by the Court. [Docket No. 711].

## THE CONTRACTS TO BE ASSUMED

7.      On September 1, 2023, the Debtors filed a *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as amended and modified, the "**Plan**") [Docket No. 360] and *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as amended and modified, the "**Disclosure Statement**") [Docket No. 361], both of which were subsequently

---

[2] Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of Debtors' Petitions and Requests for First Day Motions* [Docket No. 15] (the "**First Day Declaration**").

AMERICAS 125744356

amended and modified [Docket Nos. 605, 606, 624, 625, 635, 637].  On October 24, 2023, the

Debtors filed a *First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its

Affiliated Debtors*.  [Docket No. 605].  After further negotiations with certain creditors, the

Debtors filed a *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and

Its Affiliated Debtors* on November 1, 2023.  [Docket No. 657].

8.       On November 1, 2023, the Court entered an *Order (I) Approving the

Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and

Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner and Scope

of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the

Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket

No. 651].  A confirmation hearing on the Plan is scheduled for December 19, 2023.

9.       The Plan provides that any Executory Contract (including any and all

warranties covering any vehicles sold by the Debtors) which has not been assumed with the

approval of the Bankruptcy Court (including pursuant to other provisions of the Plan) shall be

deemed to be rejected.  Plan, Art. IX.A.

10.      In order to perform its responsibilities under the Plan, the Post-Effective

Date Debtors (as defined in the Plan) will require certain of the Contracts post-emergence.  By

this Motion, the Debtors seek to assume the contracts listed on **Schedule 1** to the Proposed Order

(the "**Contracts**," and the counterparties thereto, the "**Counterparties**").  The Debtors expressly

reserve the right to remove contracts from **Schedule 1** at any time prior to entry of an order on

the Motion.

11.      The Contracts were not assumed and assigned to the Purchaser as part of

the Sale.  To avoid the automatic rejection of the Contracts under the terms of the Plan, the

4

Debtors file this Motion to assume the Contracts.  The Contracts mainly relate to fulfilling the Debtors' payroll obligations, regulatory and public reporting requirements, and litigation data support.

## RELIEF REQUESTED

12.     By this Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code and rules 6006 and 9014 of the Bankruptcy Rules, the Debtors seek entry of the Order: (a) authorizing the assumption of the Contracts listed on **Schedule 1** to the Proposed Order, (b) fixing cure costs in connection thereto, and (c) granting related relief.

## BASIS FOR RELIEF

### I.      Assumption of the Contracts is Appropriate

13.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  A debtor's decision to assume an executory contract under section 365 is governed by the business judgment standard.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (describing business judgment test as "traditional"); *In re III Enterprises Inc. V*, 163 B.R. 453, 469 (Bankr. E. D. Pa 1994) ("Generally, a court will give great deference to a debtor's decision to assume or reject the contract. A debtor need only show that its decision to assume or reject the contract is an exercise of sound business judgment – a standard which we have concluded many times is not difficult to meet.").  Under the business judgment standard, courts will generally not second-guess a debtors' business judgment regarding whether assumption will benefit the debtor's estate and grant authority to assume executory contracts absent a showing of bad faith or an abuse of discretion.  *In re Market Square Inn, Inc.*, 978 F.2d 116, 121 (3d Cir. 1992); *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re*

AMERICAS 125744356

*Philadelphia Newspapers, LLC*, 424 B.R. 178, 182 (Bankr. E.D. Pa. 2010); *see also City of Rockford v. Mallinckrodt PLC (In re Mallinckrodt PLC)*, 2022 U.S. Dist. LEXIS 54785, at *19 (D. Del. Mar. 28, 2022) ("The legal standard to . . . 365(a) is the business judgment test, under which a bankruptcy court will authorize debtor-initiated actions if the debtor shows that a sound business purpose justifies such actions. The test considers the benefit to the debtor's estate and, if avalid business justification exists, then a strong presumption follows that the agreement was negotiated in good faith and is in the best interests of the estate.").

14.    Section 365(b)(1) of the Bankruptcy Code establishes certain conditions that must be satisfied before the assumption of an executory contract:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

15.    The Debtors seek to assume the Contracts because they will be necessary for the Post-Effective Date Debtors when administering the required functions of the estates.

16.    When assuming an executory contract, section 365(b) of the Bankruptcy Code requires the debtor to cure any defaults under the contract or provide adequate assurance that it will promptly cure such defaults. *See* U.S.C. 365(b)(1)(A). The Debtors have reviewed

6

their books and records and have determined that the cure amounts reflected on **Schedule 1** to the Proposed Order (if any) remain outstanding to the applicable Counterparties.  Where $0.00 is listed as the cure amount, the Debtors have determined—upon review of their books and records—that not amounts are owed in order to fulfill their obligations to cure under section 365(b) of the Bankruptcy Code.

17.     The Debtors further believe that there is adequate assurance of future performance under the Contracts in light of the Debtors' history of timely payments and timely performance of their prepetition and postpetition obligations.  Moreover, the Debtors believe that upon consummation of the Plan, the Post-Effective Date Debtors will be able to satisfy any future obligations that may arise under the Contracts.   Accordingly, the Debtors submit "adequate assurance of future performance" exists within the meaning of section 365 of the Bankruptcy Code.

18.     For the reasons set forth herein, the Debtors believe that they have satisfied the requirements for assumption of the Contracts set forth in section 365 of the Bankruptcy Code, to the extent such Contracts are executory.  The Debtors therefore submit that the relief requested herein is in the best interests of their estates, is a sound exercise of their business judgment, and should be approved by the Court.

## RESERVATION OF RIGHTS

19.     The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Contracts, and all defenses and counterclaims in connection thereto are preserved, including without limitation, defenses or counterclaims relating to a Contract's expiration or a non-debtor party's material default.  Further, nothing contained herein is intended or shall be construed as: (a) an admission as to the validity, extent, perfection,

AMERICAS 125744356

priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, except as specified herein, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party, except as specified in this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; (g) being otherwise enforceable by any third party; or (h) an admission by the Debtors that such contract is, in fact, executory.  Finally, the Debtors expressly reserve the right to remove Contracts from **Schedule 1** attached to the Proposed Order at any time prior to entry of the Proposed Order.

### **WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)**

20.     To implement the foregoing successfully, the Debtors request, to the extent Bankruptcy Rule 6004 is applicable to the relief requested herein, that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

## NOTICE

21.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:  (i) the U.S. Trustee; (ii) Foxconn; (iii) the UCC; (iv) the EC; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; (x) the Counterparties; and  (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Service Parties**").  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion and the Order, and such other and further relief as is just and proper.


*[Remainder of page intentionally left blank.]*

9

Dated: December 5, 2023

Respectfully submitted,

/s/ *Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

AMERICAS 125744356