IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 731 |

### ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO REPURCHASE ENDURANCE TRUCKS FROM CUSTOMERS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 6004 and Local Rule 6004-1, authorizing, but not directing, the Debtors to repurchase the Endurance trucks that were sold to customers, and granting related relief, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted, as set forth herein.

2. The Debtors are hereby authorized, but not directed, to repurchase the Endurance vehicles currently owned by customers and in the stream of commerce for an aggregate amount not to exceed $1,085,000.

3. Foxconn shall pay for, or reimburse the Debtors for, 50% the total cost of the vehicles actually repurchased by Lordstown (up to $31,000 per vehicle, including decommissioning cost), for an aggregate of up to $542,500, without regard to any setoff, recoupment, or other rights that Foxconn or the Debtors may have; *provided*, *however*, nothing in this Order shall result in a waiver of any setoff, recoupment, or other rights that Foxconn or the Debtors may have. In addition, the Foxconn and the Debtors shall equally bear the cost of the contemplated extension of the parties' joint product liability insurance policy.

4. Foxconn will share in 50% of any net proceeds from the resale, if any, of the repurchased vehicles or vehicle parts. The Debtors shall provide Foxconn with five (5) days' notice

of such resale as well as a statement setting forth the calculation of the net proceeds. For the avoidance of doubt, the vehicles will be decommissioned and not resold to any third-party that intends to use the vehicle for an on-road purpose.

5. Except as otherwise agreed by the Debtors and Foxconn, all warranty obligations and other claims against the Debtors and Foxconn of customers whose vehicles are repurchased pursuant to this Order are hereby waived as a condition to repurchase, effective upon the date of the applicable repurchase.

6. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

8. The terms and provisions of this Order shall be binding in all respects upon the Debtors and Foxconn and their respective affiliates, successors and assigns, and their estates, notwithstanding any subsequent appointment of any trustee(s) (including without limitation any plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in, these chapter 11 cases), examiner(s) or other fiduciary under any chapter of the Bankruptcy Code.

9. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order; *provided*, *however*, nothing in this Order or the Motion shall constitute an admission of any fact or liability or a waiver of any of the Debtors' or Foxconn's rights (including, without limitation, Foxconn's ability to seek to compel arbitration under any applicable arbitration provisions) with

respect to the adversary proceeding pending before this Court under the caption *Lordstown Motors Corp., et al. v. Hon Hai Precision Industry Co., Ltd., et al.*, Adv. Pro No. 23-50414 (MFW) (Bankr. D. Del. June. 27, 2023).

Dated: December 7th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE