**<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) (Jointly Administered) |
| Debtors. | **Re: Docket No. 776** |

## ORDER (I) AUTHORIZING THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS, (II) FIXING CURE COSTS IN CONNECTION THERETO, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105 and 365 of the Bankruptcy Code, (a) authorizing the assumption of certain executory contracts, as set forth on **Schedule 1** attached hereto, (b) fixing cure costs to the Cure Amounts as set forth on Schedule 1 attached hereto, and (c) granting related relief, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the record of the

Hearing, if any, and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Each of the executory contracts set forth on **Schedule 1**, attached hereto, are

assumed by the Debtors effective as of the Effective Date (as such term is defined in the Plan) of

the Debtors' *Modified First Amended Joint Chapter 11 Plan* [Docket No. 657] (the "**Plan**").

3.      On or before the Effective Date, the Debtors shall have the right to remove any

executory contracts set forth on **Schedule 1** in their sole discretion.

4.      Any claim held by the Debtors against the Counterparties, whether or not such

claims arise under, are related to the assumption of, or are independent of the Contracts, are fully

preserved.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, extent,

perfection, priority, allowability, enforceability, or character of any claim or any security interest

which purportedly secures such claim or other asserted right or obligation, or a waiver or other

limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or

applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's

rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a

promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract pursuant to section 365 of the Bankruptcy Code, except as specified herein, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party, except as specified in this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; (g) being otherwise enforceable by any third party; or (h) an admission by the Debtors that such Contract is, in fact, executory.

6.     The Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtor pursuant to section 365 of the Bankruptcy Code, subject only to the payment of the Cure Amount, if any. Subject to the payment of the aforementioned Cure Amount, if any, to the non-Debtor counterparties to each Contract, such counterparties are without basis to assert against the Debtor, among other things, any defaults, breaches or claims of pecuniary losses existing as of the entry of this Order or by reason of the entry of this Order.

7.     The Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements set forth in section 365(b)(1) of the Bankruptcy Code.

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

## The Contracts

AMERICAS 125744356

**Lordstown Motors Corp.,** *et al.* **,**
**Schedule 1: Assumed Executory Contracts**

| No. | Counterparty | Contract | Counterparty Address | Debtor* | Cure Amount |
|---|---|---|---|---|---|
| 1 | Complete Discovery Source, Inc. | SOW dated December 16, 2020 | 250 Park Avenue, Floor 18 New York, NY 10177 | LEVC | $15,158.09 |
| 2 | E*TRADE Financial Corporate Services, Inc. | Equity Edge Online and Employee Stock Plan Services Agreement dated October 5, 2020 | 3 Edison Drive Alpharetta, GA 30005 | LEVC | $0.00 |
| 3 | E*TRADE Financial Corporate Services, Inc. | Amendment #3 to Equity Edge Online and Employee Stock Plan Services Agreement | 3 Edison Drive Alpharetta, GA 30005 | LEVC | $0.00 |
| 4 | Intrado Digital Media, LLC | Purchase order 118860 dated April 27, 2023 | 11808 Miracle Hills Drive Omaha, NE 68154 | LEVC | $0.00 |
| 5 | Paylocity Corporation | Paylocity Corporation Full Bundle Subscription Term Agreement dated October 23, 2019 | 1400 American Lane Schaumburg, IL 60173 | LEVC | $0.00 |
| 6 | Toppan Merrill Bridge | Proposal re: Pre-IPO Collaboration to Post-IPO Disclosure Management dated August 14, 2020 | 1501 Energy Park Drive St. Paul, MN 55108 | LEVC | $0.00 |
| 7 | Vestige Ltd dba Vestige Digital Investments | Purchase order 109088 dated May 19, 2021 | 23 Public Square, Suite 250 Medina, OH 44256 | LEVC | $0.00 |
| 8 | Paylocity Corporation | Paylocity Corporation Full Bundle Subscription Term Agreement dated October 23, 2019 | 1400 American Lane Schaumburg, IL 60173 | LEVS | $0.00 |
| 9 | American Stock Transfer & Trust Company, LLC d/b/a Equiniti Trust Company, LLC | Transfer Agency and Registrar Services Agreement dated February 27, 2019 | 6201 15th Avenue Brooklyn, NY 11219 | LMC | $0.00 |
| 10 | E*TRADE Financial Corporate Services, Inc. | Statement of Work for Stock Split Support Services | 3 Edison Drive Alpharetta, GA 30005 | LMC | $0.00 |
| 11 | FTI Consulting Technology LLC | Engagement Letter Agreement and Data Protection Addendum dated March 22, 2021 | 16701 Melford Blvd, Suite 200 Bowie, MD 20715 | LMC | $15,974.85 |
| 12 | Intrado Digital Media, LLC | Master Agreement dated October 18, 2022 | 11808 Miracle Hills Drive Omaha, NE 68154 | LMC | $0.00 |
| 13 | Intrado Digital Media, LLC | Order Form dated October 18, 2022 | 11808 Miracle Hills Drive Omaha, NE 68154 | LMC | $0.00 |
| 14 | Kurtzman Carson Consultants LLC | KCC Agreement for Services dated May 24, 2023 | 222 N Pacific Coast Highway, 3rd Floor El Segundo, CA 90245 | LMC | $0.00 |
| 15 | Skynet Innovations | Enterprise Managed Services Contract | 350 E Main Street, Suite 200 Batavia, OH 45103 | LMC | $0.00 |
| 16 | TERIS-Phoenix, LLC | Statement of Work dated March 14, 2023 | 11333 N. Scottsdale Road, Suite 294 Scottsdale, AZ 85254 | LMC | $31,065.18 |
| 17 | Toppan Merrill LLC | Proposal re: SEC Connect dated February 25, 2021 | 1501 Energy Park Drive St Paul, MN 55108 | LMC | $0.00 |
| 18 | Vestige Digital Investigations | Service Agreement SOW dated November 6, 2020 | 23 Public Square, Suite 250 Medina, OH 44256 | LMC | $3,705.00 |

* As used herein "LMC" refers to Lordstown Motors Corporation and "LEVC" refers to Lordstown EV Corporation.