**Schedule 2**

**Miscellaneous Asset Sale Order [Docket No. 737]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket No. 650 |

**ORDER (I) APPROVING (A) PROCEDURES FOR THE SALE OR
OTHER DISPOSITION OF MISCELLANEOUS ASSETS AND (B) THE SALE OR
OTHER DISPOSITION OF MISCELLANEOUS ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES IN ACCORDANCE WITH
SUCH PROCEDURES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order, pursuant to sections 105(a), 363, and 554 of the Bankruptcy Code, Bankruptcy Rules 6004 and 6007, and Local Rule 6004-1, (a) authorizing and establishing the Procedures herein for (i) selling Assets free and clear of all liens, claims, interests, and encumbrances in accordance with the Sale Procedures and (ii) disposing of Assets where, in the Debtors' sound business judgment, a sale thereof would not generate sufficient net value for the Debtors' estates, (b) authorizing and approving the Notices to be served on certain parties in accordance with the applicable Procedures, each substantially in the form attached hereto, and (c) authorizing the Debtors to pay any necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of Assets, including, without limitation, removal costs and commission fees, and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing and made certain findings with respect to the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the form and manner of the Notices to be delivered pursuant to the Procedures are reasonably calculated to provide appropriate parties with proper notice of (a) the potential sale of Assets and (b) the objection deadline in connection therewith and, as a result, the Procedures satisfy Bankruptcy Rules 2002; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

    1.    The relief requested in the Motion is granted, as set forth herein.

2. The Procedures are hereby approved and may be implemented by the Debtors, in their sole discretion (subject to the terms hereof), in the Chapter 11 Cases.

3. Local Rule 6004-1 is hereby waived with respect to any sale of the Assets undertaken pursuant to the Procedures.

4. The following Sale Procedures shall apply:

   a. For any asset sale to a single Purchaser or group of related Purchasers with an aggregate selling price of less than or equal to $500,000:

      i. The Debtors shall file on the docket in these Cases a notice (a "**Sale Notice**") that will be served on (i) any known affected creditor asserting any liens, claims, interests, and/or encumbrances (collectively, the "**Encumbrances**") on any assets subject to such sale; (ii) the U.S. Trustee; (iii) the Committees, and (iv) the general service list established in these Cases pursuant to Bankruptcy Rule 2002 (the "**Notice Parties**"). Such notice shall contain: (i) a general description of the Assets subject to the sale; (ii) the proposed Purchaser of the Assets; (iii) any commissions to be paid to third parties used to sell or auction the Assets, if any; (iv) a summary of the material terms of the sale; and (v) instructions consistent with the terms described herein regarding the procedures to assert objections to the proposed sale.

      ii. If none of the Notice Parties file or serve upon counsel to the Debtors a written objection (including by email) within five (5) business days of service of such Sale Notice, then the Debtors may submit a proposed order via certification of counsel and in a substantially similar form as the order attached hereto as **Exhibit B** (the "**Proposed Order**") and upon entry of the Proposed Order, immediately consummate the transaction. If an objection is filed or served within such period that cannot be resolved, such assets shall not be sold except upon further order of this Court after notice and a hearing.

   b. For any asset sale(s) to a single Purchaser or group of related Purchasers with an aggregate selling price greater than $500,000, the Debtors shall file a separate motion seeking approval from the Court with respect to such sale(s).

c. Nothing in the foregoing procedures will prevent the Debtors, in their sole discretion, from seeking this Court's approval at any time of any proposed transaction (regardless of value) upon notice and a hearing.

5. If the Debtors determine, in their reasonable business judgment, to otherwise dispose of any Assets to reduce costs and burden on the estates, the Debtors are authorized to dispose of the Assets without further court order. For Assets with an estimated current value of greater than $25,000, net of disposal costs, the Debtors shall consult the Committees prior to disposing of such assets.

6. The Debtors are authorized, but not directed, to pay any necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of Assets, including, without limitation, removal costs and commission fees.

7. The transfer to the Purchaser of the Debtors' rights, title, and interest in the Assets shall be, and hereby is deemed to be, a legal, valid, and effective transfer of the Debtors' rights, title, and interest in the Assets, and vests with or will vest in the Purchaser all rights, title, and interest of the Debtors in the Assets, free and clear of all Encumbrances of any kind or nature whatsoever to the fullest extent permitted by section 363(f) of the Bankruptcy Code, with any such Encumbrances attaching to the net available proceeds with the same validity, extent, and priority as immediately prior to the sale of the Assets, subject to this Order, and any rights, claims, and defenses of the Debtors and other parties-in-interest.

8. The Sale Procedures satisfy section 363(f) of the Bankruptcy Code and the Assets sold pursuant to the Sale Procedures shall be free and clear of all Encumbrances.

9. Any holder of any Encumbrance on any Assets to be sold at a single location, with a sale price of less than or equal to $500,000, will receive a Sale Notice, in the form attached hereto as **Exhibit A**, and will have an opportunity to object to any sale in which they claim an interest.

If a holder of any Encumbrance receives the Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale or other disposition or settlement with respect to the Asset and the Asset may then be sold free and clear of the holder's interests pursuant to section 363(f) of the Bankruptcy Code or otherwise settled or compromised.

10. Purchasers of the Assets in accordance with the Sale Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

11. The Debtors are authorized to pay any necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of Assets, including, without limitation, removal costs and commission fees.

12. The requirements set forth in Bankruptcy Rule 6003 are satisfied.

13. Any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. The Debtors shall provide written notice to counsel for the Securities and Exchange Commission ("**SEC**") and the Ohio Lead Plaintiff[3] of any sale, disposal or other disposition involving books, records or electronically-stored information of the Debtors (the "**Records**"); *provided however*, that such notice is not required if the Debtors have retained copies of the Records to be sold, disposed or otherwise disposed of. If, within five (5) business days of such notice the SEC or the Ohio Lead Plaintiff does not notify Debtors' counsel in writing (an "**Objection**") of any opposition to such sale, disposal or other disposition, then the Debtors may

---

[3] George Troicky ("**Ohio Lead Plaintiff**"), as court-appointed lead plaintiff in the securities class action captioned *In re Lordstown Motors Corp. Securities Litigation*, Case No. 4:21-cv-00616 (DAR).

immediately consummate the transaction. In the event that either the SEC or the Ohio Lead Plaintiff provides an Objection to the Debtors' counsel, the Records shall be maintained by the Debtors until the entry of a final order by the Court, or by written agreement among the parties concerning the disposition of the Records.

15. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

16. Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

17. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: November 27th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

AMERICAS 125519648

## Exhibit A

**Form of Sale Notice**

AMERICAS 125519648

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |

NOTICE OF SALE OF MISCELLANEOUS ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that, on June 27, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on November [__], 2023, the Court entered the order attached hereto (without exhibits) as **Schedule 2** [Docket No. [__]] (the "**Order**")[2] that, among other things, authorized and established certain procedures (the "**Sale Procedures**") for the sale of Assets free and clear of all liens, claims, interests, and encumbrances.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Procedures, parties seeking to object to any proposed Asset sale listed on **Schedule 1** attached hereto must file

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable.

AMERICAS 125519648

an objection (each, an "**Objection**") with the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, on or prior to [__]³ (the "**Objection Deadline**"),

**PLEASE TAKE FURTHER NOTICE** serve a written objection on (a) the U.S. Trustee, 844 King Street, Suite 2007, Wilmington, Delaware 19801, Attn: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (b) counsel to the Debtors, (i) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Thomas E Lauria (tlauria@whitecase.com); 1221 Avenue of the Americas New York, NY 10020, Attn: David M. Turetsky (david.turetsky@whitecase.com); (ii) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Donald J. Detweiler (Don.Detweiler@wbd-us.com) and Morgan Patterson (Morgan.Patterson@wbd-us.com); (c) counsel to the Creditors' Committee, Troutman Pepper Hamilton Sanders LLP, 875 Third Avenue New York, NY 10022, Attn: Deborah Kovsky-Apap (Deborah.Kovsky@troutman.com); (d) counsel to the Equity Committee, (i) Brown Rudnick LLP, 7 Times Square New York, NY 10036, Attn: Robert J. Stark (RStark@brownrudnick.com) and Bennett S. Silverberg (BSilverberg@brownrudnick.com); (ii) Morris James LLP, 500 Delaware Avenue, Suite 1500 Wilmington, DE 19801, Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com). Please note that the Objection Deadline may be extended with respect to a particular proposed sale of Assets with the written consent of the Debtors (email being sufficient).

**PLEASE TAKE FURTHER NOTICE** that each Objection must (a) be in writing, in English, and in text-searchable format, (b) state, with specificity, the legal and factual bases

---

³ [This and the following placeholder will be updated to indicate the date that is either, depending on the Sale Price, seven or ten days after the date that the Debtors serve the Sale Notice, subject to Bankruptcy Rule 9006, as well as whether the Objection must be filed or just served.]

thereof, and (c) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures.

**PLEASE TAKE FURTHER NOTICE** that, absent the proper and timely filing and service of an Objection, the Assets listed on **Schedule 1** attached hereto may be sold free and clear of all liens, claims, encumbrances, or interests pursuant to, among other provisions, section 363 of the Bankruptcy Code, in accordance with the Order.

**PLEASE TAKE FURTHER NOTICE** that, if a timely and properly served (and, if applicable, filed) Objection remains outstanding and unresolved after good-faith negotiations amongst the Debtors and the objecting party, the Debtors (a) shall not proceed with the contemplated sale at issue except upon order of the Court or withdrawal or resolution of such Objection and (b) may request that the Court schedule a hearing on such Objection.

*[Remainder of page intentionally left blank]*

Dated: [●], 2023

Respectfully submitted,

/s/ _____

**WOMBLE BOND DICKINSON (US) LLP**

Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

# Schedule 1

## Assets

AMERICAS 125519648

# Exhibit B

**Form Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Docket Ref. Nos. 650 & \_\_\_** |

**ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF
THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS**

Upon the motion [D.I. 650] (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the District (the "**Local Rules**"); and the Court having reviewed and considered the *Notice of Sale of Miscellaneous Assets Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to Section 363 of the Bankruptcy Code* [D.I. \_\_] (the "**Sale Notice**"); and all parties having had the opportunity to be heard, regarding the approval of the sale transaction set forth in the Sale Notice and the other relief requested in the Motion; and it appearing that the relief requested in the Sale Notice and the Motion and granted herein is in the best interests of the Debtors, their estates, creditors and other parties in interest;

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Asset Purchase Agreement (as defined herein) or the Bidding Procedures Order (as defined herein).

and upon the record of the chapter 11 cases; and after due deliberation thereon; and good cause appearing therefore, it is hereby,

**IT IS HEREBY ORDERED THAT:**

1.  The sale transaction(s) as set forth in the Sale Notice is/are granted and approved, and the sale and the transactions contemplated thereto are approved.

2.  The assets (the "**Assets**") listed on **Schedule 1** attached hereto may be sold free and clear of all liens, claims, encumbrances, or interests pursuant to, among other provisions, section 363 of the Bankruptcy Code, in accordance with this Order.

3.  The purchaser(s) as set forth on **Schedule 1** is/are purchasing the Assets in good faith and for value and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code.

4.  The Debtors are authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the sale pursuant to and in accordance with the terms and conditions set forth on **Schedule 1** and all transaction documents related thereto, (ii) close the sale as contemplated in this Order, and (iii) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of their obligations as contemplated by the Motion and Sale Notice and all transaction documents related thereto, in each case without further notice to or order from the Court, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale.

5.  Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Assets to the purchaser(s) as set forth on **Schedule 1**.

AMERICAS 125519648

6. None of the purchaser(s) or any of its/their affiliates is a "successor" to, continuation of, or alter ego of, the Debtors or their estates by reason of any theory of law or equity.

7. This Order shall be binding in all respects upon (a) the Debtors, (b) the Debtors' estates, (c) all creditors of the Debtors, (d) all holders of Liens, encumbrances, or other Claims and Interests (whether known or unknown) in, against, or on all or any portion of the Assets, (e) the purchaser(s) and all successors and assigns of the purchaser(s), (f) parties-in-interest (as defined by Section 1109(b) of the Bankruptcy Code) with respect to the Debtors, and (g) all successors and assigns of each of the foregoing, including, without limitation, any trustee subsequently appointed in the chapter 11 cases, or a chapter 7 trustee appointed upon a conversion of one or more of the chapter 11 cases to a case under chapter 7 of the Bankruptcy Code.  This Order shall inure to the benefit of the Debtors, their estates and creditors, the purchaser, and the respective successors and assigns of each of the foregoing, including, without limitation, any trustee subsequently appointed in the Chapter 11 Cases or upon conversion to chapter 7 under the Bankruptcy Code, and any Person seeking to assert rights on behalf of any of the foregoing or that belong to the Debtors' estates.

8. For cause shown, this Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, but shall be effective and enforceable immediately upon entry, and the stays provided in Bankruptcy Rules 6004(h) and 6004(d) are hereby expressly waived and shall not apply.

9. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order.

# **Schedule 1**

AMERICAS 125519648