1

```
                     UNITED STATES BANKRUPTCY COURT
                           DISTRICT OF DELAWARE

IN RE:                            .   Chapter 11
                                  .   Case No. 23-10831 (MFW)
LORDSTOWN MOTORS CORP.,           .
                                  .   (Jointly Administered)
                                  .
                                  .   Courtroom No.
                                  .   824 Market Street
                   Debtors.       .   Wilmington, Delaware 19801
                                  .
                                  .   Monday, December 11, 2023
. . . . . . . . . . . . . . . .   .   2:00 p.m.

                           TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE MARY F. WALRATH
                  CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:          Morgan Patterson, Esquire
                          WOMBLE BOND DICKINSON, LLP
                          1313 North Market Street, Suite 1200
                          Wilmington, Delaware 19801

For Baker Hostetler:      Michael VanNiel, Esquire
                          BAKER HOSTETLER
                          Key Tower
                          127 Public Square, Suite 2000
                          Cleveland, Ohio 44114

For Jefferies:            Samantha Ruben, Esquire
                          DENTONS
                          233 South Wacker Drive, Suite 5900
                          Chicago, Illinois 60606


Audio Operator:           Mandy Bartkowski, ECRO

Transcription Company:    Reliable
                          The Nemours Building
                          1007 N. Orange Street, Suite 110
                          Wilmington, Delaware 19801
                          Telephone: (302)654-8080
                          Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

INDEX

| MOTIONS: | PAGE |
|---|---|
| Agenda Item 5: Fee Applications | 3 |

1          (Proceedings commenced at 2:00 p.m.)
2                    THE COURT:  Good afternoon.  This is Judge
3   Walrath.
4                    MS. PATTERSON:  Good afternoon, Your Honor.
5                    THE COURT:  I hope everybody can see and hear me.
6   I just got a weird message.
7                    MS. PATTERSON:  No, we can see and hear you're
8   Your Honor.
9                    THE COURT:  All right.  We're here on the
10  Lordstown Motors case, and this is some fee applications that
11  I think parties want me to address.
12                   MS. PATTERSON:  That's right, Your Honor.  Thank
13  you.  This is Morgan Patterson, for the record, from Womble
14  Bond Dickinson, on behalf of the debtors.
15                   We appreciate Your Honor entering the other
16  matters that were on for today, so we're left just with those
17  fee applications, which were Agenda Item Number 5.
18                   Your Honor, your chambers was very helpful in
19  letting us know which of the applications you had questions
20  on, so I have those representatives on the phone.
21                   We have Michael VanNiel, from Baker Hostetler, and
22  Samantha Ruben, of Dentons, who represents Jeffries.
23                   So we're certainly happy to answer any questions
24  Your Honor has on those applications.
25                   THE COURT:  All right.  Thank you.  Let's start

1 with Baker Hostetler.  Mr. VanNiel?

2             MR. VANNIEL:  Good afternoon, Your Honor.

3             THE COURT:  Good afternoon.

4             MR. VANNIEL:  Mike VanNiel, from Baker &
5 Hostetler.

6             I'm happy to answer any questions that you have
7 with respect to our First Interim Application.

8             THE COURT:  Well, I only had one question on
9 yours, which was a -- an invoice for $5,000 for Presentation
10 View, LLC.  This was in the July -- well, the June/July
11 invoice.  It says trial presentation.  I'm not sure what that
12 is.  Could you just remind me what that was?

13            MR. VANNIEL:  Certainly.  So Presentation View is
14 a vendor of ours.  So that was an expense that we incurred
15 that we paid.  It was in anticipation of the potential trial
16 in the Karma Automotive matter, which, thankfully, I think we
17 can all say was resolved, which has moved the case forward.

18            So that -- they were essentially a vendor that
19 were -- that was going to assist us with presentation of
20 demonstrative exhibits and things of that sort in the trial
21 in the Central District of California.

22            THE COURT:  All right.  And that's true with
23 respect to the I think 21,000 for duplication and binding of
24 trial exhibits, the same --

25            MR. VANNIEL:  Yes.

1            THE COURT:  Okay.
2            MR. VANNIEL:  Yes, Your Honor.  Same thing.  We --
3 as I think Your Honor knows, there -- obviously, there was a
4 stay.  There was a settlement.  There was a time period
5 within which things were, I don't want to say limbo, but we
6 had to do things.  We consulted with our client on that and,
7 yes, with respect to the binding and those costs, same
8 answer.
9            THE COURT:  Okay.  Then I will approve them.  I
10 suspected as much, but I just wanted to have it stated on the
11 record.
12           So I will approve your fee request and that was my
13 only issue.
14           MR. VANNIEL:  Great.  Thank you, Your Honor.
15           THE COURT:  You're welcome.
16           With respect to Jefferies, the Dentons invoices,
17 including the latest one -- I did get the July invoice, seems
18 to include more than simply matters related to Jefferies
19 retentions or fee applications, so I have some questions
20 about that, some more with respect to the Foxconn discovery,
21 for example, preparation of Mr. Finger's declaration, and in
22 the latest one, bid procedures issues.
23           Why would Jefferies need separate counsel on those
24 matters?
25           MS. RUBEN:  So, Your Honor, in this case, you

1  know, someone was moving to dismiss the case and Jefferies
2  was a 30(b)(6) witness for the company, which isn't usually
3  standard but, you know, the debtor had asked him to serve in
4  that manner and had asked him to file a declaration about the
5  motion to dismiss and our -- you know, pursuant to the
6  engagement letter and the retention order, Jefferies is, you
7  know, allowed to send invoices for their legal expenses
8  because, you know, they're not attorneys and they, you know,
9  typically require counsel to help them comply with the
10 Bankruptcy Code and the, you know, Rules of Bankruptcy
11 Procedure and so, you know, if Jeff is going to serve as a
12 30(b)(6) witness and have his deposition taken, he needed our
13 -- you know, our services to help him prepare for that
14 deposition and make sure everything he's saying, those, you
15 know, bid procedures, declaration, and then the declaration
16 for the motion to dismiss, make sure those are all compliant
17 with the Bankruptcy Code and Local Rules and things like
18 that.
19            THE COURT:  All right.  And the debtor had no
20 issue with those services, Ms. Patterson?
21            MS. PATTERSON:  That's correct, Your Honor.  The
22 debtors had no issue with that.
23            THE COURT:  All right.  I'll accept that
24 explanation then and I will approve the Jefferies and
25 expenses, as requested.

1                MS. RUBEN:  Thank you, Your Honor.

2                MS. PATTERSON:  Thank you very much, Your Honor.
3  We'll revise the -- we'll submit the order.  We are -- heard
4  from your chambers this morning about taking Troutman off and
5  submitting that to Judge Shannon, so we're happy to do that.

6                So we will submit a revised order even though
7  these discussions didn't create revisions, but we will submit
8  that revised order to you.

9                THE COURT:  All right.  And a question.  Huron
10 filed a separate C&O and Order.  I had no issues with theirs,
11 so I'll enter that as well.

12               MS. PATTERSON:  Okay.  Yes.  Thank you, Your
13 Honor.  They were on our notice order, despite --

14               THE COURT:  Oh, they are?

15               MS. PATTERSON:  -- we did all the professionals
16 together, yes.  So we're happy to leave them on our order and
17 we'll just do a separate one for Troutman to go to Judge
18 Shannon.

19               THE COURT:  Okay.  I wasn't sure if the Committee
20 was going to do a separate one.  Okay.

21               MS. PATTERSON:  Yeah, sometimes they do, but I
22 decided to be nice today, so I included them.

23               THE COURT:  All right.  Then I'll only have to
24 sign one Order.  Thank you, Ms. Patterson.

25               MS. PATTESRON:  No problem, Your Honor.  And

1 that's all we have for today, Your Honor.
2             THE COURT:  All right.  Thank you.
3             MS. PATTERSON:  Thank you.
4             THE COURT:  We can stand adjourned.
5             MS. PATTERSON:  Thank you, Your Honor.
6             (Proceedings concluded at 2:07 p.m.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1                         CERTIFICATION
2           I certify that the foregoing is a correct
3  transcript from the electronic sound recording of the
4  proceedings in the above-entitled matter to the best of my
5  knowledge and ability.
6
7  /s/ Tammy L. Kelly                          December 13, 2023
8  Tammy L. Kelly
9  Court Transcriptionist For Reliable
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25