**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[2] | Case No. 23-10831 (MFW) |
| Debtor. | (Jointly Administered) |

**STIPULATION BETWEEN DEBTORS AND FIBERDYNE RESEARCH PTY LTD REGARDING TEMPORARY ALLOWANCE OF CLAIMS SOLELY FOR PURPOSES OF VOTING ON DEBTORS' JOINT CHAPTER 11 PLAN**

Lordstown Motors Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), and Fiberdyne Research Pty Ltd (the "Claimant"), and, together with the Debtors, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation") and stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on June 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these cases (the "Chapter 11 Cases"), which are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, (a) an official committee of unsecured creditors (the "Creditors' Committee")

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

51469744.2

on July 11, 2023, (b) an official committee of equity security holders (the "Equity Committee") on September 7, 2023. No trustee or examiner has been appointed in these Chapter 11 Cases.

WHEREAS, on August 24, 2023, the Court entered the *Order (A) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form, Manner, and Procedures of Notice Thereof, and (C) Granting Related Relief* [D.I. 319] (the "Bar Date Order"); The Bar Date Order established, among other things: (a) October 10, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for persons or entities (except governmental units (as such term is defined in section 101(27) of the Bankruptcy Code)); (b) December 26, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases.

WHEREAS, on October 22, 2023, the Claimant filed the proof of claim #1550 against the Debtor, Lordstown EV Corporation (the "Filed Claim").

WHEREAS, on October 30, 2023, the Debtors filed their (i) *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 635] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan"); and (ii) *the Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 637] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").

WHEREAS, on November 1, 2023, the Court entered an order approving the Disclosure Statement and established certain solicitation and voting procedures with respect to the Plan [D.I. 651] (the "Voting Procedures Order").

**WHEREAS**, on November 10, 2023, the Debtors filed the *Debtors' First Omnibus (Non-Substantive) Objection to Certain (i) Duplicate Claims, (ii) Insufficient Documentation Claims, (iii) Incorrect Debtor Claims, and (iv) Late-Filed Claims* [D.I. 687] (the "Claim Objection"), whereby the Debtors objected to the Filed Claim for being filed late.

**WHEREAS**, on December 5, 2023, the Debtors filed the *Certification of Counsel Regarding Debtors' First Omnibus (Non-Substantive) Objection to Certain (i) Duplicate Claims, (ii) Insufficient Documentation Claims, (iii) Incorrect Debtor Claims, and (iv) Late-Filed Claims* [D.I. 771] (the "COC"). The COC states that: "With respect to Fiberdyne, the Debtors and Fiberdyne have agreed to adjourn the hearing on the Fiberdyne Claim Objection until the Debtors January omnibus hearing date." See COC at ¶ 4.

**WHEREAS**, solely for the purpose of allowing the Claimant to vote on the Plan, and consistent with Section III.C of the Voting Procedures Order, the Debtors and Claimant enter into this stipulation.

## STIPULATION

1. This Stipulation shall become effective upon approval by the Court.

2. Upon entry of an order approving this Stipulation, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Filed Claim of the Claimant shall be deemed to be temporarily allowed against the applicable Debtor, solely for the purpose of voting on the Plan (and not for purposes of setting any ultimate distribution amount), in the amount of $1.00 in Class 3 (General Unsecured Claims) (the "Voting Claim"). The Voting Claim shall be deemed allowed as provided in this Stipulation, notwithstanding the execution and/or entry of this Stipulation as an Order of the Court on any date after the deadline for the submission of ballots on the Plan.

3. The temporary allowance of the Voting Claim pursuant to this Stipulation is without prejudice to each of the Parties' respective rights and obligations under and pursuant to the Plan, applicable bankruptcy and non-bankruptcy law, and equitable principles as to the allowance or disallowance of the Filed Claim based on the merits of the Filed Claim. Except as expressly provided for in this Stipulation with respect to the allowance of the Voting Claim, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of the Filed Claim (in whole or in part) for any purpose whatsoever, (b) an admission, release or waiver of any rights with respect to the Filed Claim against any of the Debtors including, without limitation, as to the amount, extent, validity or priority of the Filed Claim, (c) a withdrawal of the Debtors' objections to the Filed Claim as set forth in the Claim Objection with respect to the distribution of any property or asset of the Debtors or (d) a release or waiver of any rights of the Parties to assert any and all objections, defenses or counterclaims or other rights in respect of the Filed Claim.

4. None of this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect, including priority, of the Filed Claim against the Debtors or of any other claim or right of any kind, or of any wrongdoing or liability of any of the Parties in the Chapter 11 Cases, or any other matter pending before the Court.

5. The temporary allowance of the Voting Claim pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of the Filed Claim under the Plan.

51469744.2

6. Nothing in this Stipulation, whether express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties, and their respective successors, assigns, heirs, executors, administrators and liquidators, any right, remedy or claim under or by reason of this Stipulation. The provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties.

7. This Stipulation contains the entire agreement among the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

8. This Stipulation may not be modified other than by a signed writing executed by each of the Parties and delivered to each Party; it being understood that no further approval of the Court shall be required for amendments, waivers, consents, or other modifications to and under the Stipulation.

9. The individual who executes this Stipulation represents that she is duly authorized to do so on behalf of the Claimant and that the Claimant has (a) had an opportunity to consult with counsel with respect to this Stipulation, (b) has full knowledge of the contents of this Stipulation, and (c) has consented to this Stipulation.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assigns, heirs, executors, administrators and liquidators.

12. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation or its enforcement.

Dated: December 14, 2023

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071

Dated: December 14, 2023

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (Bar No. 5364)
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19801
Telephone: (302) 421-6800
evan.miller@saul.com

*Counsel to Fiberdyne Research Pty Ltd*

Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

8