## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In rea | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 10, 2024 at 3:00 p.m. (ET)**<br>**Obj. Deadline: January 3, 2023 at 4:00 p.m. (ET)** |

## DEBTORS' SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE AS OF THE DATES SPECIFIED HEREIN AND (II) GRANTING RELATED RELIEF

> **THIS MOTION SEEKS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES. COUNTERPARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED ON <u>SCHEDULE 1</u> TO THE PROPOSED ORDER, WHICH IS ATTACHED HERETO AS <u>EXHIBIT A</u>, TO DETERMINE IF THIS MOTION AFFECTS THEIR RIGHTS.**

The debtors and debtors in possession (collectively, the "**Debtors**," and together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order substantially in the form attached hereto as **<u>Exhibit A</u>** (the "**Proposed Order**") (i) authorizing (a) the rejection of the Leases and Contracts (each as defined below) as set forth on **<u>Schedule 1</u>** to the Proposed Order, effective as of the dates set forth in **<u>Schedule 1</u>** to the Proposed Order, and (ii) granting related relief. In support of this Motion,

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

the Debtors, by and through their undersigned counsel, state as follows:

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested by this Motion are sections 105 and 365 of the Bankruptcy Code, Bankruptcy Rule 6006 and 9014.

3.      Pursuant rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

4.      On June 27, 2023 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases, which are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") for these Chapter 11 Cases.  On September 7, 2023, the U.S. Trustee appointed the official committee of

2

equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.[2]

5.      On August 24, 2023, the Bankruptcy Court entered an order [Docket No. 319] (the "**Bar Dates Order**") granting the Debtors' motion to establish deadlines related to filing proofs of claim.  The Bar Date Order established October 10, 2023 at 5:00 p.m. (ET) as the deadline for all persons and entities (excluding governmental units as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**General Bar Date**") and December 26, 2023 at 5:00 p.m. (ET) as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**").  Pursuant to the Bar Date Order the deadline for all Holders of a claim that arises from the Debtors' rejection of an executory contract or unexpired lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. (ET) on the date that is 30 days after the service of an order of the Bankruptcy Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease.

6.      On October 18, 2023, the Court entered an *Order (A) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of Al Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Debtors to Enter into and Perform their Obligations under the Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts in Connection Therewith; (IV) Authorizing the Sale Transaction; and (V) Granting Related Relief* (the "**Sale Order**") [Docket No. 586].  Pursuant to the Sale Order, the Debtors sold

---

[2]      Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of Debtors' Petitions and Requests for First Day Motions* [Docket No. 15] (the "**First Day Declaration**").

AMERICAS 103140422

certain of their assets to LAS Capital LLC (together with its assignee, LandX Motors Inc. the "**Purchaser**").  The sale to the Purchaser pursuant to the Sale Order and the Asset Purchase Agreement closed on October 27, 2023.  As part of the sale to the Purchaser, the Debtors assumed and assigned certain executory contracts to the Purchaser.

7.      On September 1, 2023, the Debtors filed a *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as amended and modified, the "**Plan**") [Docket No. 360] and *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as amended and modified, the "**Disclosure Statement**") [Docket No. 361], both of which were subsequently amended and modified [Docket Nos. 605, 606, 624, 625, 635, 637].  On October 24, 2023, the Debtors filed a *First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors*.  [Docket No. 605].  After further negotiations with certain creditors, the Debtors filed a *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* on November 1, 2023. [Docket No. 657].

8.      On November 1, 2023, the Debtors filed the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases Effective as of the Dates Specified Herein and (II) Granting Related Relief* [Docket No. 656] ("**First Rejection Motion**") to inform certain contract counterparties that the Debtors was rejecting certain executory contracts and unexpired leases.  On November 16, 2023, the court entered an order approving the First Rejection Motion.  [Docket No. 711].

9.      On November 1, 2023, the Court entered an *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner and Scope of*

4

*Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 651]. A confirmation hearing on the Plan is scheduled for January 10, 2023.

10.     The Plan provides that any Executory Contract which has not been assumed with the approval of the Bankruptcy Court shall be deemed to be rejected. Plan, Art. IX.A.

## LEASES AND CONTRACTS

11.     In the ordinary course of business, the Debtors enter into various non-residential real property leases and contracts related to the operation of their business. In particular, the Debtors lease offices in Michigan and Ohio. Debtor Lordstown EV Corporation ("**LEVC**"), as lessee, entered into that certain lease (the "**Farmington Hills Lease**") with 275 Hills Tech Ventures LLC, as lessor (the "**Farmington Hills Lessor**"), pursuant to which Farmington Hills Lessor leases certain premises located at 27000 Hills Tech Court, Farmington Hills, Michigan to LEVC. Additionally, LEVC, as lessee, entered into that certain lease (the "**Lordstown Lease**" and together with the Farmington Hills Lease, the "**Leases**") with Foxconn EV Property Development LLC, as lessor (the "**Lordstown Lessor**" and together with the Farmington Hills Lessor, the "**Lessors**"), pursuant to which Lordstown Lessor leases certain premises located at 2300 Hallock Young Road, Lordstown, Ohio to LEVC. The Debtors also entered into certain executory contracts (the "**Contracts**") for services related to the premises leased under the Leases. The Leases and Contracts were not assumed or assigned to the Purchaser pursuant to the Sale Order.

12.     By this Motion, the Debtors seek to reject the Leases and Contracts as of the dates set forth in **Schedule 1** to the Proposed Order. The Debtors have determined that they have no use for the Leases and Contracts and are receiving no benefit by continuing to be a party to the Leases

AMERICAS 103140422

and Contracts.  Absent rejection, the Debtors could incur unnecessary administrative expenses to the detriment of their estates. The savings that will result from rejecting the Leases and Contracts will maximize the value to the Debtors' estates for the benefit of all stakeholders.

13.    In an effort to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors request authority to reject the Leases effective as of the dates set forth in **Schedule 1** to the Proposed Order.

**RELIEF REQUESTED**

14.    By this Motion, pursuant to sections 105(a) and 365 of the Bankruptcy Code and rules 6006 and 9014 of the Bankruptcy Rules, the Debtors seek entry of the Proposed Order: (i) authorizing the rejection of the Leases and Contracts effective as of the date set forth in **Schedule 1** to the Proposed Order, and (ii) granting related relief.

**BASIS FOR RELIEF**

I.    **Rejection of the Leases and Contracts is Appropriate**

15.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard.  *See, e.g.*, *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."  (citation omitted)); *Glenstone Lodge, Inc. v. Buckhead Am. Corp.* (*In re Buckhead Am. Corp.*), 180 B.R. 83, 88 (Bankr. D. Del. 1995); *In re Rupari Holding Corp.*, 2017 Bankr. LEXIS 4095, *12 (Bankr. D. Del. Nov. 28, 2017).

6

16.     "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (citing *Bildisco*, 682 F.2d 72, 29 (3d Cir. 1982)); *In re Rupari Holding Corp.*, No. 17-10793 (KJC), 2017 Bankr. LEXIS 4095, at *12 (Bankr. D. Del. Nov. 28, 2017)).  Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a).  *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003).  Courts accord the debtor's business judgment a great amount of deference and have observed that court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course."  *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (quoting *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981)).

17.     The Debtors seek to reject the Leases and Contracts because they are not beneficial to the estates.  The Debtors have determined, in their business judgment, that they will have no use or need for such Leases and Contracts going forward.  In their sound business judgment, the Debtors determined that the Leases and Contracts are not necessary.  By rejecting the Leases and Contracts, the Debtors anticipate there will be significant savings per month from reduced anticipated rent and associated costs.  Moreover, in addition to their obligation to pay rent and other associated costs under the Leases, the Debtors, in some instances, would be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with the Leases.  The Debtors have determined, in their business judgment, that continuing to incur such costs would be an unnecessary drain on estate assets.  Accordingly, the Debtors have determined that rejecting the Leases and the Contracts is in the best interest of the Debtors, their estates, their creditors, and equity security holders.

II.    **This Court Should Deem the Leases and Contracts Rejected Effective as of the Dates Set Forth Herein**

18.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

19.    In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were

8

surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro* (*In re TW, Inc.*), No. 03-10785, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases nunc pro tunc to the petition date when the debtor had not surrendered possession prior to the petition date).

20.    Here, the balance of equities favors rejection of the Leases and Contracts effective as of December 31, 2023—the rejection date set forth for each Contract and Lease on **Schedule 1** of the Proposed Order.  Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to the Leases and Contracts, including rent and related expenses for the period of January 2024.  *See* 11 U.S.C. § 365(d)(3).  The Lessors and Contract counterparties will not be unduly prejudiced by the relief sought herein.  Indeed, the Debtors have already informed the Lessors of their intent to vacate the premises by December 31, 2023. Moreover, possession of the premises will be delivered to each Lessor on or prior to December 31, 2023, with an unequivocal and irrevocable statement of surrender of the premises to the Lessor. Further, by this Motion, the Lessors and Contract counterparties are receiving notice of the Debtors' intention to reject the Leases and Contracts.  Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the Lessors and Contract counterparties, thereby allowing them sufficient opportunity to respond accordingly.  Furthermore, the Debtors waive their right to withdraw this Motion prior to the hearing.  Accordingly, the Debtors submit that retroactive rejection to December 31, 2023 is appropriate.

AMERICAS 103140422

## **RESERVATION OF RIGHTS**

21.     The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Leases and Contracts, and all defenses and counterclaims to any rejection damages are preserved, including without limitation, defenses or counterclaims relating to a Lease expiration or a non-debtor party's material default.  Further, nothing contained herein is intended or shall be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, except as specified herein, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party, except as specified in this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; (g) being otherwise enforceable by any third party, or (h) an admission by the Debtors that such contract is, in fact, executory.

## **WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)**

22.     To implement the foregoing successfully, and given the nature of the relief requested herein, the Debtors respectfully request a finding that (x) the notice requirements under Bankruptcy Rule 6004(a) are met and (y) the 14-day stay under Bankruptcy Rule 6004(h) is

AMERICAS 103140422

waived.  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses.  Accordingly, the Debtors submit that, to the extent that Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the fourteen-day stay.

## NOTICE

23.     Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) Foxconn; (iii) the Creditors' Committee; (iv) the Equity Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; (x) the Contract counterparties; (xi) the Lessors; and (xii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Service Parties**"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

11

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion and the Proposed Order, and such other and further relief as is just and proper.

Dated: December 22, 2023

Respectfully submitted,

/s/ *Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Co-Counsel to the Debtors and Debtors in Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*