IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 861 & ____ |

**ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN
UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE AS OF THE
DATES SPECIFIED HEREIN AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") pursuant to sections 105 and 365 of the Bankruptcy Code, (i) authorizing the rejection of the Leases and Contracts, as set forth on **Schedule 1** attached hereto, effective as of the dates set forth in **Schedule 1**, and (ii) granting related relief, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Leases and Contracts set forth on **Schedule 1**, attached hereto, are rejected, effective as of the respective effective date of rejection set forth in **Schedule 1** for each Lease and Contract.

3. Any claims held by the Debtors against the Lessors and Contract counterparties, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases and Contracts, are fully preserved.

4. Any claims based on the rejection of the Contracts shall be filed in accordance with the Bar Date Order by no later than 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after service of this Order on the applicable Counterparty.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, extent, perfection, priority, allowability, enforceability, or character of any claim or any security interest which purportedly secures such claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a promise

to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, except as specified herein, and nothing herein otherwise affects the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party, except as specified in this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; (g) being otherwise enforceable by any third party, or (h) an admission by the Debtors that such Contract is, in fact, executory.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January 5th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE