# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                              Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br> Obj. Deadline: Jan. 29, 2024 at 4:00 p.m. (ET) |

**SUMMARY SHEET TO FIFTH MONTHLY FEE APPLICATION OF KURTZMAN CARSON CONSULTANTS LLC, AS ADMINISTRATIVE ADVISOR TO THE DEBTORS, FOR THE PERIOD FROM NOVEMBER 1, 2023 THROUGH AND INCLUDING NOVEMBER 30, 2023**

| *General Information* | |
|---|---|
| Name of Applicant: | Kurtzman Carson Consultants LLC |
| Authorized to Provide Services to: | The above-captioned debtors |
| Petition Date: | June 27, 2023 |
| Date of Retention Order: | July 25, 2023, effective as of June 27, 2023 |
| Type of Application: | Monthly |
| *Summary of Fees and Expenses Sought in the Fee Application* | |
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | November 1, 2023 through November 30, 2023 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $11,642.37 (80% of $14,552.96) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $0.00 |
| Total Compensation and Expense Reimbursement Request for the Fee Period: | $11,642.37 (80% of $14,552.96) |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Dr., Farmington Hills, MI 48331.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Solicitation | 72.8 | $14,552.96 |
| **Totals** | **72.8** | **$14,552.96** |

## COMPENSATION BY INDIVIDUAL

| Initials | Name | Position | Hours | Rate | Total |
|---|---|---|---|---|---|
| AAE | Andres Estrada | Solicitation Consultant | 33.3 | $201.75 | $6,718.25 |
| ASK | Ashley Kuarasingh | Solicitation Consultant | 0.2 | $193.75 | $38.75 |
| JCN | Jacqueline Conklin | Solicitation Consultant | 1.0 | $193.75 | $193.75 |
| JEE | James Lee | Securities Consultant | 4.8 | $201.75 | $968.39 |
| JMG | Jennifer Westwood | Solicitation Consultant | 15.6 | $193.75 | $3,022.50 |
| JNG | Jennifer Ngo | Securities Consultant | 10.0 | $201.75 | $2,017.48 |
| KVR | Kevin Martin | Securities Consultant | 7.9 | $201.75 | $1,593.84 |
| | | | | | |
| | **TOTALS** | | **72.8** | | **$14,552.96** |

| | |
|---|---|
| **Total Incurred:** | $14,552.96 |
| **Blended Rate:** | $199.90 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**FIFTH MONTHLY FEE APPLICATION OF KURTZMAN
CARSON CONSULTANTS LLC, AS ADMINISTRATIVE
ADVISOR TO THE DEBTORS, FOR THE PERIOD FROM
NOVEMBR 1, 2023 THROUGH AND INCLUDING NOVEMBER 30, 2023**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* dated July 25, 2023 [Docket No. 181] (the "Interim Compensation Order"), Kurtzman Carson Consultants LLC ("KCC"), administrative advisor for the above-captioned debtors (the "Debtors"), hereby submits its fifth monthly fee application (this "Fee Application") for allowance of compensation for professional services provided in the amount of $14,552.96 and authorization of payment of $11,642.37 (which is 80% of $14,552.96) for the period from November 1, 2023 through and including November 30, 2023 (the "Fee Period"). In support of this Fee Application, KCC represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Dr., Farmington Hills, MI 48331.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and KCC confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rules 2016-1 and 2016-2.

## BACKGROUND

4. On June 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On the Petition Date, the Debtors filed an application to employ KCC as its claims and noticing agent (in such capacity, the "Claims and Noticing Agent") pursuant to 28 U.S.C. § 156(c) and Local Rule 2002-1(f) [Docket No. 4] (the "Section 156(c) Application"), which was approved by the Court on June 28, 2023 [Docket No. 54] (the "Section 156(c) Order").

6. Given that the administration of these chapter 11 cases would require KCC to perform duties outside the scope of 28 U.S.C. § 156(c), the Debtors supplemented the Section 156(c) Application with an application to retain KCC to perform certain services as the Debtors' administrative advisor in these chapter 11 cases (in such capacity, the "Administrative Advisor"). Accordingly, on July 6, 2023 the Debtors filed the *Debtors' Application for Entry of an Order*

2

*Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date* [Docket No. 91]. On July 25, 2023, the Court entered the *Order Authorizing the Retention and Employment of Kurtzman Carson Consultants LLC as Administrative Advisor, Effective as of the Petition Date* [Docket No. 174] (the "Retention Order"). The Retention Order authorized the Debtors to compensate KCC in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

7. The Retention Order authorizes KCC to provide the following services:

    (a) assist with the preparation of the Debtors' schedules of assets and liabilities, and statements of financial affairs and gather data in conjunction therewith;

    (b) assist with, among other things, solicitation, balloting and tabulation of votes, and preparation of any related reports, as required in support of confirmation of any chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

    (c) prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results for any chapter 11 plan;

    (d) provide a confidential data room, if requested;

    (e) manage and coordinate any distributions pursuant to any chapter 11 plan; and

    (f) provide such other processing, solicitation, balloting, and other administrative services described in the Services Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "Clerk").

8. The amounts sought in this Application do not include any fees that may be payable by the Debtors for services provided by KCC under the Section 156(c) Order. Procedures for the payment of such fees and disbursements are separately addressed in the Section 156(c) Order.

Additionally, no fees and disbursements for services provided to the Debtors under the Retention Order are or will be sought to be paid under the Section 156(c) Order.

9. All services for which compensation is requested by KCC were performed on behalf of the Debtors.

## SUMMARY AND VALUATION OF SERVICES

10. The amount of time spent by each employee providing services to the Debtors for the Fee Period is detailed in line item listings of time entries and descriptive detail set forth herein and in the invoices attached hereto as <u>Exhibit A</u>. These are KCC's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by KCC for the Fee Period as Administrative Advisor to the Debtors in these chapter 11 cases is $14,552.96. KCC is not seeking reimbursement for any expenses in this Application.

11. During the Fee Period, KCC's professionals spent 72.8 hours assisting the Debtors with their solicitation. This included reviewing solicitation documents and procedures, planning for the solicitation, updating the voting amount spreadsheet, and reviewing solicitation forms. Additionally, KCC professionals generated ballot records, established the eballot website, prepared and updated the voting summary, and responded to inquiries regarding the solicitation. KCC also communicated with third parties regarding the solicitation coordinated internally and with the Debtors' professionals regarding the solicitation and timing.

12. KCC believes that the time entries included in <u>Exhibit A</u> are in compliance with the requirements of Local Rule 2016-2.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, KCC submits that the amount requested is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of services rendered, (d) the value of such

services, and (e) the costs of comparable services other than in a case under this title.

## CONCLUSION

**WHEREFORE**, KCC respectfully requests that the Court enter an Order: (i) granting the Fee Application and allowing compensation in the amount of $14,552.96; (ii) directing payment by the Debtors of $11,642.37 (which is 80% of $14,552.96) for professional services; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  January 9, 2024
      El Segundo, California

/s/ *Sarah Harbuck*
**KURTZMAN CARSON CONSULTANTS LLC**
Sarah Harbuck
Drake D. Foster
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, California 90245
Tel: 310.751.1539

*Administrative Advisor to the Debtors*

**CERTIFICATION**

I, Sarah Harbuck, pursuant to 28 U.S.C. § 1746, state as follows:

a) I am the Assistant General Counsel of the applicant firm, Kurtzman Carson Consultants LLC.

b) I am familiar with the work performed by Kurtzman Carson Consultants LLC on behalf of the Debtors.

c) I have reviewed the foregoing Fee Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Fee Application substantially complies with such order.

I certify, under penalty of perjury, that the foregoing statements are true to the best of my knowledge, information, and belief.

Dated: January 9, 2024
El Segundo, California

/s/ *Sarah Harbuck*

Sarah Harbuck