# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: Feb. 1, 2024, at 4:00 p.m. (ET)** |

**SUMMARY COVER SHEET OF FIFTH MONTHLY APPLICATION OF WHITE & CASE LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM NOVEMBER 1, 2023 TO AND INCLUDING NOVEMBER 30, 2023**

| | |
|---|---|
| Name of Applicant: | White & Case LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective June 27, 2023 |
| Period for Which Compensation and Reimbursement Are Requested: | November 1, 2023 – November 30, 2023 |
| Total Amount of Compensation (100%): | $989,463.00 |
| Amount of Compensation Requested (80%): | $791,570.40 |
| Amount of Compensation Held Back (20%): | $197,892.60 |
| Amount of Expense Reimbursement Requested: | $0.00 |
| Aggregate Amount to be Paid Under Compensation Procedures Order: | $791,570.40 |

This is a monthly fee application.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

i

AMERICAS 125910608

## MONTHLY FEE APPLICATIONS FILED

| (1) | (2) | (3) | (4) | (5) | (6) | (7) | (8) | (9) | (10) |
|---|---|---|---|---|---|---|---|---|---|
| | | **Requested** | | **Approved On Monthly Basis** | | **Holdback On Monthly Basis** | | **Total Approved By Interim Order** | |
| **Date; D.I.** | **Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 9/13/2023 D.I. 422 | 6/27/2023 – 7/31/2023 | $2,296,617.00 | $4,880.64 | $1,837,293.60 | $4,880.64 | $459,323.40 | $0.00 | $2,296,617.00 | $4,880.64 |
| 10/20/2023 D.I. 594 | 8/1/2023 – 8/31/2023 | $1,923,539.00 | $4,149.65 | $1,538,831.20 | $4,149.65 | $384,707.80 | $0.00 | $1,923,539.00 | $4,149.65 |
| 11/10/2023 D.I. 684 | 9/1/2023 – 9/30/2023 | $1,313,604.00 | $36.58 | $1,050,883.20 | $36.58 | $262,720.80 | $0.00 | $1,313,604.00 | $36.58 |
| 11/30/2023 D.I. 762 | 10/1/2023 – 10/31/2023 | $1,654,153.00 | $3,903.33 | $1,323,322.40 | $3,903.33 | $330,830.60 | $0.00 | TBD | TBD |

AMERICAS 125910608

## SUMMARY OF TOTAL FEES AND HOURS
## BY ATTORNEYS AND PARAPROFESSIONALS

| Name | Title | Year Admitted | Areas of Expertise | Hours | Rate | Fees |
|---|---|---|---|---|---|---|
| **Green, Jesse** | **Counsel** | 2007 | Commercial Litigation Practice | 21.2 | $1,310.00 | $27,772.00 |
| **He, Fan** | **Counsel** | 2007 | Financial Restructuring & Insolvency (FRI) Practice | 69.7 | $1,310.00 | $91,307.00 |
| **Kampfner, Roberto** | **Partner** | 1995 | Financial Restructuring & Insolvency (FRI) Practice | 47.8 | $1,590.00 | $76,002.00 |
| **Kaul, Sequoia** | **Associate** | 2018 | Commercial Litigation Practice | 66.4 | $1,060.00 | $70,384.00 |
| **Kim, Doah** | **Associate** | 2012 | Financial Restructuring & Insolvency (FRI) Practice | 75.9 | $1,270.00 | $96,393.00 |
| **Ludovici, Stephen** | **Associate** | 2014 | Financial Restructuring & Insolvency (FRI) Practice | 12.8 | $1,240.00 | $15,872.00 |
| **Mezei, Livy** | **Associate** | 2017 | Financial Restructuring & Insolvency (FRI) Practice | 35.8 | $1,020.00 | $36,516.00 |
| **Padmanabhan, Aditi** | **Associate** | 2023 | Commercial Litigation Practice | 36.3 | $740.00 | $26,862.00 |
| **Pryor, Gregory** | **Partner** | 1989 | M&A - Corporate Practice | 9.2 | $1,950.00 | $17,940.00 |
| **Szuba, RJ** | **Associate** | 2017 | Financial Restructuring & Insolvency (FRI) Practice | 110.9 | $1,140.00 | $126,426.00 |
| **Turetsky, David** | **Partner** | 2003 | Financial Restructuring & Insolvency (FRI) Practice | 136.2 | $1,750.00 | $238,350.00 |
| **Yoo, Jade** | **Associate** | 2020 | Commercial Litigation Practice | 33.2 | $1,020.00 | $33,864.00 |
| **Zakia, Jason** | **Partner** | 1999 | Commercial Litigation Practice | 75.3 | $1,750.00 | $131,775.00 |
| **Grand Total** | | | | **730.7** | | **$989,463.00** |

AMERICAS 125910608

## STATEMENT OF FEES AND HOURS BY PROJECT CATEGORY

| Cat. No. | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| B01 | Asset Analysis, Sale & Disposition | 10.5 | $14,804.00 |
| B02 | Automatic Stay Issues | 0.0 | $0.00 |
| B03 | Avoidance Actions & Other Asset Recovery | 0.0 | $0.00 |
| B04 | Business Operations, Vendor & Utility Issues | 38.9 | $56,314.00 |
| B05 | Case Administration | 11.4 | $13,590.00 |
| B06 | Case Strategy | 23.3 | $33,551.00 |
| B07 | Claims Administration & Objections | 229.1 | $265,355.00 |
| B08 | Corporate Advice & Board Meetings | 33.3 | $50,901.00 |
| B09 | Creditor Meetings & Statutory Committees | 0.0 | $0.00 |
| B10 | Disbursement | 0.0 | $0.00 |
| B11 | Discovery | 0.0 | $0.00 |
| B12 | Exclusivity, Plan & Disclosure Statement | 155.8 | $211,401.00 |
| B13 | Executory Contracts & Unexpired Leases | 8.0 | $10,385.00 |
| B14 | First Day Pleadings | 0.0 | $0.00 |
| B15 | Hearings & Court Matters | 1.6 | $2,022.00 |
| B16 | Insurance Issues | 12.0 | $19,709.00 |
| B17 | Litigation | 87.2 | $137,425.00 |
| B18 | Nonworking Travel | 0.0 | $0.00 |
| B19 | Professional Retention & Fees – W&C | 13.5 | $18,012.00 |
| B20 | Professional Retention & Fees – Other | 4.6 | $5,755.00 |
| B21 | Reports, Schedules & U.S. Trustee Issues | 34.3 | $49,268.00 |
| B22 | Tax Issues | 0.0 | $0.00 |
| B23 | Employee Issues | 67.2 | $100,971.00 |
| | **Grand Total** | **730.7** | **$989,463.00** |

AMERICAS 125910608

## **EXPENSE SUMMARY**

N/A

v

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Feb. 1, 2024, at 4:00 p.m. (ET)** |

**FIFTH MONTHLY APPLICATION OF WHITE & CASE LLP FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD NOVEMBER 1, 2023 TO AND INCLUDING NOVEMBER 30, 2023**

White & Case LLP ("**White & Case**"), counsel for the debtors and the debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, hereby files this fifth monthly application (this "**Application**") for the period from November 1, 2023 to and including November 30, 2023 (the "**Compensation Period**") requesting (a) interim allowance and payment of compensation for professional services to the Debtors in the amount of $791,570.40, representing 80% of the $989,463.00 of fees earned by White & Case for professional services to the Debtors during the Compensation Period, and (b) reimbursement of 100% of the actual and necessary expenses incurred by White & Case during the Compensation Period in connection with such services in the amount of $0.00. In support of this Application, White & Case respectfully represents as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

AMERICAS 125910608

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Application are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals and Committee Members* [Docket No. 181] (the "**Compensation Procedures Order**").

**BACKGROUND**

3. On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") for these Chapter 11 Cases. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**" and

collectively with the Creditors' Committee, the "**Committees**") for these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. The Court has authorized the Debtors to retain and employ White & Case as their lead bankruptcy counsel, effective as of the Petition Date, pursuant to the *Order Authorizing the Employment and Retention of White & Case LLP as Attorneys to the Debtors Effective as of the Petition Date* [Docket No. 175] (the "**Retention Order**"). The Retention Order authorizes the Debtors to compensate and reimburse White & Case in accordance with the terms and conditions set forth in the Debtors' application to retain White & Case, subject to White & Case's application to the Court.

5. On July 25, 2023, the Court entered the Compensation Procedures Order, which provides, among other things, that each chapter 11 professional seeking interim compensation in the Chapter 11 Cases may file an application (a "**Monthly Fee Application**") for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month and serve a copy of such Monthly Fee Application on the Notice Parties (as defined in the Compensation Procedures Order). Then, each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the twentieth (20th) day after service of a Monthly Fee Application to object thereto (the "**Objection Deadline**"). Upon expiration of the Objection Deadline, the professional may file a certificate of no objection consistent with Local Rule 9013-1(j) with the Court after which the Debtors are authorized to pay each professional an amount equal to the lesser of: (i) 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application; and (ii) 80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection.

**RELIEF REQUESTED**

6. By this Application, in accordance with the Compensation Procedures Order, White & Case requests payment in the aggregate amount of $791,570.40, which is equal to (a) 80% of the $989,463.00 of fees earned by White & Case for professional services to the Debtors during the Compensation Period; and (b) 100% of the $0.00 of actual and necessary expenses incurred by White & Case during the Compensation Period in connection with its services to the Debtors.

**SUMMARY OF SERVICES RENDERED**

7. Prior to filing this Application, White & Case reviewed its fees worked (which totaled 897.1 hours and $1,186,663.00) and expenses incurred (which totaled $136.03). Following that review, White & Case voluntarily elected to reduce its fees by 166.4 hours (~18.5%) and $197,200.00 (~16.6%) and its expenses by $136.03 (100.0%) prior to filing this Application. White & Case will not hereafter seek payment for the fees and expenses that it has voluntarily reduced.

8. Attached hereto as **Exhibit A** is a detailed statement of White & Case's hours expended and fees earned during the Compensation Period. A summary of White & Case's hours expended and fees earned during the Compensation Period grouped by category (discussed below) is in the summary cover sheets prefixed to this Application. The attorneys and paraprofessionals who provided services to the Debtors during the Compensation Period are also identified in **Exhibit A** and in the summary cover sheets. The services rendered by White & Case during the Compensation Period are grouped into the categories set forth in **Exhibit A** and in the summary cover sheets prefixed to this Application. The following is a brief narrative summary of the services performed by White & Case professionals and paraprofessionals on behalf of the Debtors during the Compensation Period, organized by category:

| No. | Category Name |
|---|---|
| | Brief Narrative Summary |
| **B01** | **Asset Analysis, Sale & Disposition** |
| | During the Compensation Period, White & Case advised the Debtors on numerous issues related to the Debtors' sale of their assets, including post-closing matters relating to the Debtors' sale of assets to LAS Capital LLC/LandX and certain elements relating to the sale of miscellaneous assets not purchased by LAS Capital LLC/LandX. |
| **B02** | **Automatic Stay Issues** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B03** | **Avoidance Actions & Other Asset Recovery** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B04** | **Business Operations, Vendor & Utility Issues** |
| | During the Compensation Period, White & Case advised the Debtors with respect to various matters related to the Debtors' remaining operations, including with respect to the potential repurchase of the Debtors' previously-sold vehicles and related vehicle warranty and recall issues. White & Case advised the Debtors in seeking and obtaining court authorization to repurchase vehicles from prior customers (including drafting the motion and proposed order), and conferring and negotiating elements of the relief sought with counsel to the Committees and Foxconn regarding the same. |
| **B05** | **Case Administration** |
| | During the Compensation Period, White & Case professionals and paraprofessionals worked on various matters related to the management of these Chapter 11 Cases, including responding to creditor and equity holder inquiries, preparing and updating a case calendar, maintaining an FTP site for documents and diligence, and tracking and monitoring work in progress. |
| **B06** | **Case Strategy** |
| | During the Compensation Period, White & Case professionals advised the Debtors with respect to legal matters concerning strategy with respect to the Chapter 11 Cases. Among other things, White & Case team members participated in twice-weekly calls team calls with the Debtors and their other professionals and in daily internal meetings to address open issues and case strategy. These initiatives have allowed the Debtors and their professionals to remain coordinated and to advance the Debtors' strategy and objectives in the Chapter 11 Cases. |

| | |
|---|---|
| **B07** | **Claims Administration & Objections** |
| | During the Compensation Period, White & Case attorneys advised the Debtors with respect to various matters concerning claims and the claims administration process, including reconciliation of filed claims with scheduled claims, review and analysis of class proof of claim issues, and the filing of claims objections. White & Case also prepared an objection to the motion of lead plaintiff in the securities class action captioned *In re Lordstown Motors Corp. Securities Litigation*, Case No. 4:21-cv00616 (DAR) to apply Bankruptcy Rule 7023 to its filed class proof of claim. Moreover, White & Case advised the Debtors in connection with certain potential claims and the attempted resolution of same. Lastly, White & Case, working with Silverman Consulting, advised the Debtors regarding claims reserve and related claims matters, and conferred with professionals for the Committees regarding same. |
| **B08** | **Corporate Advice & Board Meetings** |
| | During the Compensation Period, White & Case professionals advised the Debtors with respect to certain corporate and board matters, including advising the Debtors at Board meetings and preparing materials in connection with such meetings. These efforts have, among other things, assisted the Debtors' board of directors in remaining properly informed of the events of these Chapter 11 Cases, advised in connection with foregoing, and thereby in discharging their fiduciary duties. |
| **B09** | **Creditor Meetings & Statutory Committees** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B10** | **Disbursement** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B11** | **Discovery** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B12** | **Exclusivity, Plan & Disclosure Statement** |
| | During the Compensation Period, White & Case continued to advise the Debtors in connection with issues concerning the Debtors' chapter 11 plan and disclosure statement, including plan solicitation matters and plan confirmation strategy. White & Case advised the Debtors in connection with responding to and attempting to resolve informal plan comments and objections. White & Case also began drafting a memorandum brief in support of plan confirmation and the proposed order confirming the chapter 11 plan. White & Case also worked with the Debtors' solicitation agent, KCC, in the preparation of chapter 11 plan voting reports. Lastly, White & Case prepared and revised documents to be including in the Plan Supplement, including the Schedule of Retained Causes of Action, and worked with counsel to the Committees in preparation of other Plan Supplement Documents including the organizational documents for the Post-Effective Date Debtors and Litigation Trust Agreement. |

6

| | |
|---|---|
| **B13** | **Executory Contracts & Unexpired Leases** |
| | During the Compensation Period, White & Case advised the Debtors on issues related to the Debtors' executory contracts and unexpired leases. White & Case worked with the Debtors' financial advisor to determine the extent of estimated damage claims related to the rejection of unexpired leases and executory contracts and drafted a motion to reject certain of the Debtors' contracts. |
| **B14** | **First Day Pleadings** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B15** | **Hearings & Court Matters** |
| | During the Compensation Period, White & Case advised the Debtors in connection with certain elements of the November 21 hearing. |
| **B16** | **Insurance Issues** |
| | During the Compensation Period, White & Case reviewed and advised the Debtors in connection with insurance policies and related matters involving the Debtors' insurance. White & Case also advised the Debtors in connection with attempted resolutions of issues with their insurance carriers. |
| **B17** | **Litigation** |
| | During the Compensation Period, White & Case advised the Debtors regarding various pending litigation matters, including claims against Foxconn (including responding to Foxconn's motion to dismiss the litigation) and chapter 11 matters relating to the securities class actions against the Debtors (as well as efforts to resolve such class actions). |
| **B18** | **Nonworking Travel** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B19** | **Professional Retention & Fees – W&C** |
| | During the Compensation Period, White & Case prepared its fourth monthly and first interim fee applications. |
| **B20** | **Professional Retention & Fees – Other** |
| | During the Compensation Period, White & Case advised the Debtors in connection with applications for employment of Womble Bond Dickinson LLP as Debtors' counsel. White & Case also advised the Debtors with respect to professionals utilized in the ordinary course of the Debtors' business. |

7

| | |
|---|---|
| **B21** | **Reports, Schedules & U.S. Trustee Issues** |
| | During the Compensation Period, White & Case advised the Debtors, and worked with the Debtors, Silverman Consulting and the Debtors' other professionals to prepare and file (as applicable) monthly operating report for August. In addition, White & Case prepared, reviewed, commented, and coordinated with Baker Hostetler regarding the necessary corporate filings with the U.S. Securities and Exchange Commission. These efforts assisted the Debtors in responding to the U.S. Trustee's information inquiries and in complying with the reporting and other requirements associated with operating in chapter 11 and the Debtors' public reporting requirements. |
| **B22** | **Tax Issues** |
| | During the Compensation Period, White & Case billed no time to this project category. |
| **B23** | **Employee Issues** |
| | White & Case advised the Debtors on various employee-related issues, including severance, wage issues, and other matters. These efforts included representing the Debtors in connection with discussions with the Committees to resolve certain potential disputes concerning contractual severance matters. White & Case also advised the Debtors in preparing and obtaining approval of a motion to approving a settlement with certain employees in connection with obligations due to such employees, as well as the negotiation of such relief with the Committees. |

9. White & Case attorneys and paraprofessionals billed a total of 730.7 hours for which White & Case seeks compensation in connection with these Chapter 11 Cases during the Compensation Period. All services rendered by White & Case for which compensation is sought pursuant to this Application were rendered solely to or on behalf of the Debtors. No payments were received by White & Case from any other source for services rendered or to be rendered in connection with these Chapter 11 Cases.

## ACTUAL AND NECESSARY EXPENSES

10. White & Case is billing no expenses in this fee application.

## VALUATION OF SERVICES

11. As noted above, the amount of time spent by each White & Case attorney and paraprofessional providing services to the Debtors during the Compensation Period is set forth in

8

the summary cover sheets hereto. The rates reflected thereon are White & Case's customary hourly rates for work of this character. The reasonable value of the services rendered by White & Case for which White & Case seeks compensation for the Compensation Period as attorneys to the Debtors in these Chapter 11 Cases is $989,463.00. The blended rate for compensation requested in this Application is approximately $1,354.[2]

12.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the fees requested are fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

13.     Although White & Case has made every effort to include all fees earned and expenses incurred during the Compensation Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Compensation Period. White & Case reserves the right to make further applications to this Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Compensation Procedures Order.

## CERTIFICATION OF COMPLIANCE

14.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information, and belief, this Application complies with the requirements of that Local Rule.

---

[2] The blended rate is calculated by taking the total of fees included in this Monthly Fee Application and dividing by the total of hours included in this Monthly Fee Application, rounded to the nearest dollar.

WHEREFORE, White & Case requests allowance and payment of the aggregate amount of $791,570.40, which is equal to (a) 80% of the $989,463.00 of fees earned by White & Case for professional services to the Debtors during the Compensation Period; and (b) 100% of the $0.00 of actual and necessary expenses incurred by White & Case during the Compensation Period in connection with its services to the Debtors.

*[Remainder of Page Intentionally Left Blank]*

10

Dated: January 12, 2024

Respectfully submitted,

*/s/David M. Turetsky*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and
Debtors-in-Possession*

AMERICAS 125910608