## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW)<br>(Jointly Administered) |
| Debtors. | **Objection Deadline:**<br>**February 2, 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date:**<br>**February 22, 2024 at 10:30 a.m. (ET)** |

## DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE BY WHICH DEBTORS MAY FILE NOTICES TO REMOVE ACTIONS

Lordstown Motors Corp. ("**LMC**"), Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned cases, file this motion (the "**Motion**") pursuant to 28 U.S.C. § 1452, rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), approving the extension of the deadline by which the Debtor may remove actions. In support of this Motion, the Debtors state as follows:

### RELIEF REQUESTED

1.    Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Debtors may file notices of removal of claims and causes of action pursuant to 28 U.S.C. § 1452 was initially

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

set to expire on September 25, 2023.[2]  On September 22, 2023, the Debtors filed a *Motion for Entry of an Order Extending the Deadline by which Debtors May File Notices to Remove Actions* [Docket No. 466].  On October 16, 2023, the Bankruptcy Court entered an order approving this motion and extending the deadline to remove actions to January 23, 2024 ("**Removal Deadline**").  *See* Docket No. 555.

2.     By this Motion, pursuant to 28 U.S.C. § 1452, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2, the Debtors request entry of an order extending the Removal Deadline by approximately 120 days, through and including May 22, 2024 with respect to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**," together with the Prepetition Actions," the "**Actions**").[3]

3.     The Debtors further request that the Order approving this Motion be entered without prejudice to (a) any position the Debtors may take regarding whether section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") applies to stay any given Action, and (b) the right of the Debtors to seek further extensions of the Removal Deadline.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

4.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[2]     Bankruptcy Rule 9027(a)(2) provides that the time period will expire ninety (90) days from the Petition Date.

[3]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Removal Deadline automatically extends such deadline until such time as the Court rules on this Motion.

2

5.      The predicates for the relief requested by this Motion are 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006(b) and 9027, and Local Rule 9006-2.

6.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

7.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors Committee**") pursuant to section 1102 of the Bankruptcy Code.  [D.I. 99].  On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code.  [D.I. 375]. No trustee or examiner been appointed in these Chapter 11 Cases.

8.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in forth in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions.*  [D.I. 15].

9.      On September 1, 2023, the Debtors filed a chapter 11 plan ("**Plan**"), which has subsequently been modified and amended.  *See* Docket Nos. 360, 605, 635, 657.  On November

AMERICAS 126055701

1, 2023, the Bankruptcy Court entered an order approving the disclosure statement and the plan solicitation and voting procedures [Docket No. 651] (the "**Disclosure Statement Order**").

10.    On October 18, 2023, the Court entered an order approving the sale of certain of the Debtors assets to LAS Capital LLC and its assignee LandX Motors Inc. (collectively, the "**Purchaser**") [Docket No. 586].  The sale to the Purchaser closed on October 27, 2023.

### BASIS FOR RELIEF REQUESTED

11.    Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions.  Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

12.    Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

13.    With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt

4

> of the summons if the initial pleading has been filed with the court
> but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

14.　　Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Removal Deadline, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

15.　　It is well settled that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by, Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also In re TK Holdings Inc.*, 2018 WL 1306271, at *46 (Bankr. D. Del. Mar. 18, 2010) (extending the time provided by Bankruptcy Rule 9027 to remove a civil action under 28 U.S.C. § 1452); *In re The Hertz Corp. et al.*, Case No. 20-11218 (MFW) (Bankr. D. Del. Aug. 10, 2020) (extending the removal period by 120 days without prejudice to right of debtors to seek further extensions); *In re PWM Property Management LLC, et al.*, Case No. 21-11445 (MFW) (Bankr. D. Del. Feb. 3, 2022) (same); *In re Virgin Orbit Holdings, Inc. et al.*, Case No. 23-10405 (KBO) (Bankr. D. Del. July 18, 2023) (same).

16.　　The Debtors submit that ample cause exists to extend the Removal Deadline. While the Debtors do not currently believe there are any Actions that need to be removed, the

AMERICAS 126055701

Debtors and their professionals have not yet had the opportunity to properly consider, or make decisions concerning, all Actions currently pending.  Further, the Equity Committee is still conducting its review of the Actions.  Therefore, the Debtors believe that it is prudent to seek an extension of the Removal Deadline to preserve the rights of the Debtors and their estates to potentially remove any Actions, if necessary.

17.    Since this Court granted the Debtors' first request to extend the deadline to remove Actions, the Debtors have been focused on successfully completing the marketing and sale of certain of the Debtors' assets.  The Debtors worked diligently to finalize the asset sale to the Purchaser, obtained the Court's approval the sale, and closed the transaction.

18.    Additionally, the Debtors have focused their efforts on negotiating and proposing a value maximizing Chapter 11 plan that would allow the Debtors to exit Chapter 11.  To that end, the Debtors have proposed and solicited votes to accept or reject the Plan.  The Debtors have been engaged in extensive negotiations with certain major stakeholders to make the Plan as consensual as possible.  Such constituencies include: Hon Hai Precision Industry Co., Ltd. (a/k/a Hon Hai Technology Group), Foxconn EV Technology, Inc., and Foxconn EV System LLC (collectively, "**Foxconn**"); the Creditors Committee; the Equity Committee; the United States Securities and Exchange Commission ("**SEC**"); and claimants from the six putative securities class action lawsuits (docket numbers 4:21-cv-616, 4:21-cv-633, 4:21-cv-720, 4:21-cv-760, 4:21-cv-994, and 4:21-cv-1021) filed against LMC, LEVC and certain individuals in the U.S. District Court for the Northern District of Ohio, consolidated into the action styled, *In re Lordstown Motors Corp. Securities Litigation*, Case No. 4:21-cv-00616 (DAR) (the "**Ohio Securities Class Action**").

19.     The Debtors believe that the Debtors and their stakeholders have made substantial progress toward resolving open Plan issues and expect to be able to move forward with confirming the Plan in the near term.

20.     Given the Debtors' focus to date, the Debtors have not had sufficient time to evaluate any pending Actions and possible removal pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors believe the current Removal Deadline of January 23, 2024 would not provide sufficient time for the Debtors to determine conclusively which Actions, if any, they should seek to remove.  The extension sought will afford the Debtors an opportunity to make more fully-informed decisions concerning the existence of any Actions and their removal, and will ensure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452.  Absent the requested extension, the Debtors will not be able to complete this review adequately, and the result could, among other things, unnecessarily hinder the Debtors' ability to recover assets for the benefit of their estates.  Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of any adversary in an existing Action because such parties are prevented from prosecuting Actions absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an existing Action that the Debtors may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C. § 1452(b) at the appropriate time.

21.     For the reasons set forth above, the Debtors submit that extending the current Removal Deadline through and including May 22, 2024 is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## NOTICE

22.　　Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel:　(i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Creditors Committee, (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) the state attorneys general for all states in which the Debtors conduct business; (x) any parties who have asserted liens against the Debtors' assets; (xii) any party affected by the Motion; and (x) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).　The Debtors submit that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion and such other and further relief as is just and proper.

*[Remainder of page intentionally left blank.]*

AMERICAS 126055701

Dated: January 19, 2024

Respectfully submitted,

*/s/ Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (DE Bar No. 3087)
Morgan L. Patterson (DE Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

AMERICAS 126055701