IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: February 22, 2024 at 10:30 a.m. (ET)<br>Objection Deadline: February 2, 2024 at 4:00 p.m. (ET) |

**DEBTORS' SECOND MOTION FOR AN ORDER EXTENDING THE DEADLINE FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4)**

      The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), extending the deadline to assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") to the earlier of (i) April 22, 2024[2] and (ii) the effective date of any chapter 11 plan of the Debtors. In support of this Motion, the Debtors respectfully represent as follows:

**Relief Requested**

      1.     The original 120-day assumption/rejection period was set to expire following October 25, 2023 (the "Initial Assumption/Rejection Period").[3] On October 25, 2023, the Debtors

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corporation (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]     Pursuant to this Motion, the Debtors request an extension of the Extended Assumption/Rejection Period (as defined below) to April 22, 2024, which is a requested 90-day extension as authorized by section 365(d)(4)(B) of the Bankruptcy Code.

[3]     Pursuant to Local Rule 9006-2, the filing of a motion to extend the time to take any action filed before the expiration of the period prescribed by the Bankruptcy Code automatically extends such time until the Court acts on the motion, without the necessity of a bridge order.

filed a motion (the "Initial Extension Motion") to extend the Initial Assumption/Rejection Period. On November 13, 2023, this Court granted the Initial Extension Motion and entered an order extending the deadline to assume or reject Unexpired Leases to January 23, 2024 ("Extended Assumption/Rejection Period").  Based on the current status of these Chapter 11 Cases, the Debtors request entry of the Proposed Order, pursuant to section 365(d)(4) of the Bankruptcy Code, granting an extension of the Extended Assumption/Rejection Period to the earlier of (a) April 22, 2024 and (b) the effective date of any chapter 11 plan of the Debtors.  Such an extension of the Extended Assumption/Rejection Period would be without prejudice to the rights of the Debtors to seek further extensions of the time to assume or reject Unexpired Leases as provided in section 365(d)(4) of the Bankruptcy Code.

**Jurisdiction and Venue**

2.This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.The statutory and legal predicate for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

**Background**

A.  **General Background.**

5. On June 27, 2023 (the "Petition Date"), the Debtors commenced these chapter 11 cases (these "Chapter 11 Cases") by each filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors remain in possession of their assets and continue to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these cases. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 99]. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "Equity Committee") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 375].

7. The factual background regarding the Debtors, including their business operations and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "Kroll Declaration"), which was filed on the Petition Date and is fully incorporated herein by reference.

8. On September 1, 2023, the Debtors filed a chapter 11 plan ("Plan"), which has subsequently been modified and amended. *See* Docket Nos. 360, 605, 635, 657. On November 1, 2023, the Bankruptcy Court entered an order approving the disclosure statement and the plan solicitation and voting procedures [Docket No. 651] (the "Disclosure Statement Order"). The

hearing on the confirmation of the Plan was scheduled for January 10, 2024, but it has been continued to February 22, 2024.

**B.      The Unexpired Leases of Non-Residential Real Property.**

9.      The Debtors are parties to several unexpired leases of non-residential real property (the "Unexpired Leases"), including leases for the Debtors' various office locations.

10.     On November 1, 2023, the Debtors filed a motion to authorize the rejection of certain executory contracts and Unexpired Leases [Docket No. 656], including that certain lease (the "Irvine Lease") by and between LMC, as the lessee, and Applied Medical Resources Corporation, as lessor, for the premises located at 27000 Hills Tech Court, Farmington Hills, Michigan.  The Court entered an order authorizing the rejection of the Irvine Lease effective as of December 31, 2023 [Docket No. 711].

11.     On December 22, 2023, the Debtors filed a motion to authorize the rejection of certain executory contracts and Unexpired Leases [Docket No. 861].  The rejected Unexpired Leases includes that (i) certain lease (the "Farmington Hills Lease") by and between LEVC, as lessee, and 275 Hills Tech Ventures LLC, as lessor, for the premises located at 27000 Hills Tech Court, Farmington Hills, Michigan; and (ii) that certain lease by and between LEVC, as lessee, (the "Lordstown Lease") and Foxconn EV Property Development LLC, as lessor, for the premises located at 2300 Hallock Young Road, Lordstown, Ohio.  The Court entered an order authorizing the Lordstown Lease and Farmington Hills Lease effective as of December 31, 2023 [Docket No. 889].

12.     Even though the Debtors have rejected the Irvine Lease, the Farmington Hills Lease and the Lordstown Lease, the Debtors are seeking to extend the Extended Assumption/Rejection Period out of an abundance of caution given that the confirmation hearing for the Plan will not

take place prior to the expiration of the Extended Assumption/Rejection Period and there may be other Unexpired Leases that have not been assumed or rejected.

### Arguments and Authorities

13. Section 365(d)(4) of the Bankruptcy Code provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

    (a) the date that is 120 days after the date of the order for relief; or

    (b) the date of the entry of an order confirming a plan.

(B)
    (a) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

    (b) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A), (B). Thus, upon a showing of cause, a court has the discretion to grant an extension after the conclusion of the initial 120 days allotted to debtors to assume or reject nonresidential real property leases.

14. Courts have considered the particular needs of the debtor in considering whether to grant an extension. *See, e.g., In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop.").

15. Courts have articulated certain, non-exhaustive factors that indicate whether there is "cause" for the approval of an extension. These factors include:

> (a) whether the debtor is paying for the use of the property;
> (b) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;
> (c) whether the lease is the debtor's primary asset;
> (d) whether the debtor has had sufficient time to formulate a plan of reorganization;
> (e) complexity of the case facing the debtor;
> (f) number of leases the debtor must evaluate; and
> (g) the need for a judicial determination of whether a lease exists.

16. Even though the Debtors have rejected the Irvine Lease, the Farmington Hills Lease and the Lordstown Lease, should any Unexpired Lease remain not assumed or rejected, the Debtors intend to perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code. The Debtors have and will continue to pay the postpetition payments that arise under the Unexpired Leases in the ordinary course of business, if necessary. As such, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice or otherwise affect the substantive rights of the lessors under the Unexpired Leases. *See, e.g., In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo . . . .") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)).

17. Out of abundance of caution, the 90-day extension requested herein will enable the Debtors to make fully informed decisions regarding the Unexpired Leases leading up to confirmation of the Debtors' recently proposed Plan should any unforeseen circumstances arise.

18. Based on the foregoing, the Debtors respectfully submit that cause exists to extend the Extended Assumption/Rejection Period as requested herein.

**Reservation of Rights**

19. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended or should be construed as (a) an assumption or rejection of any of the Unexpired Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular instrument is or is not a true lease. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

**Bridge Order**

20. Pursuant to Local Rule 9006-2 of the Local Rules, a bridge order is automatically entered for motions to extend the time to take any action as long as the motion is filed before the expiration of the time period prescribed. As such, pending the Court's action on the Motion, the Initial Assumption/Rejection Period is automatically extended until the Court acts on the Motion.

**Notice**

21. Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Creditors Committee; (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; (x) any party affected by the Motion; and (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 19, 2024
Wilmington, Delaware

| | |
|---|---|
| */s/ Morgan L. Patterson* <br> **WOMBLE BOND DICKINSON (US) LLP** <br> Donald J. Detweiler (DE Bar No. 3087) <br> Morgan L. Patterson (DE Bar No. 5388) <br> 1313 North Market Street, Suite 1200 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 252-4320 <br> Facsimile: (302) 252-4330 <br> don.detweiler@wbd-us.com <br> morgan.patterson@wbd-us.com <br><br> *Counsel to the Debtors and Debtors in Possession* | **WHITE & CASE LLP** <br> Thomas E Lauria (admitted *pro hac vice*) <br> Matthew C. Brown (admitted *pro hac vice*) <br> Fan B. He (admitted *pro hac vice*) <br> 200 South Biscayne Boulevard, Suite 4900 <br> Miami, FL 33131 <br> Telephone: (305) 371-2700 <br> tlauria@whitecase.com <br> mbrown@whitecase.com <br> fhe@whitecase.com <br><br> David M. Turetsky (admitted *pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: (212) 819-8200 <br> david.turetsky@whitecase.com <br><br> Jason N. Zakia (admitted *pro hac vice*) <br> 111 South Wacker Drive, Suite 5100 <br> Chicago, IL 60606 <br> Telephone: (312) 881-5400 <br> jzakia@whitecase.com <br><br> Roberto Kampfner (admitted *pro hac vice*) <br> Doah Kim (admitted *pro hac vice*) <br> RJ Szuba (admitted *pro hac vice*) <br> 555 South Flower Street, Suite 2700 <br> Los Angeles, CA 90071 <br> Telephone: (213) 620-7700 <br> rkampfner@whitecase.com <br> doah.kim@whitecase.com <br> rj.szuba@whitecase.com <br><br> *Counsel to Debtors and Debtors in Possession* |