## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 22, 2024, at 10:30 a.m.**<br>**Objection Deadline: February 12, 2024 at 4:00 p.m.** |

### DEBTORS' SECOND MOTION TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT VOTES ON A CHAPTER 11 PLAN

Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), by and through their undersigned counsel, submit this motion (this "**Motion**"), pursuant to section 1121(d) of the Bankruptcy Code, seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Debtors' exclusive right to file a chapter 11 plan by an additional 61 days, through and including April 1, 2024 (the "**Filing Exclusivity Period**"), and solicit votes thereon by 61 days, through and including April 1, 2024 (the "**Solicitation Exclusivity Period**" and together with the Filing Exclusivity Period, the "**Exclusivity Periods**").  In support of this Motion, the Debtors respectfully state as follows:

### RELIEF REQUESTED

1.      On October 4, 2023, the Debtors filed the *Debtors' Motion to Extend the Debtors' Exclusive Periods to File and Solicit Votes on a Chapter 11 Plan [Docket No. 515]* (the "**First**

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**Extension Motion**"), seeking to extend the Filing Exclusivity Period by 98 days and extend the Solicitation Exclusivity Period by 36 days.  On October 16, 2023, the Court approved the First Extension Motion and extended both the Filing Exclusivity Period and the Solicitation Exclusivity Period to January 31, 2024.  The Debtors request entry of the Proposed Order, substantially in the form attached as __Exhibit A__, extending the Filing Exclusivity Period by 61 days through and including April 1, 2024, and the Solicitation Exclusivity Period by 61 days through and including April 1, 2024.[2]

### JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

2.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Motion are section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9006 of the Federal Rules of Bankruptcy Rules (the "**Bankruptcy Rules**"), and Local Rule 9006-2.

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### BACKGROUND

5.      On June 27, 2023 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (collectively, these "**Chapter 11**

---

[2]     Pursuant to rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the filing of this Motion prior to the expiration of the current Filing Exclusivity Period automatically extends such deadline until such time as the Court rules on this Motion.

Cases"). These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 99]. On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "**Equity Committee**") pursuant to section 1102 of the Bankruptcy Code. [Docket No. 375]. No trustee or examiner has been appointed in these Chapter 11 Cases.

6.    Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in forth in the *Declaration of Adam Kroll in Support of the Debtors' Chapter 11 Petitions and First Day Motions.* [Docket No. 15].

7.    On September 1, 2023, the Debtors filed the *Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 360] (the "**Initial Plan**") and the accompanying disclosure statement [Docket No. 361]. On October 24, 2023, the Debtors filed the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 624] (as modified, amended or supplemented from time to time, the "**Plan**") and the accompanying *Disclosure Statement Pursuant to 11 U.S.C. § 1125 with Respect to Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 625] (the "**Disclosure Statement**").

8.    Following the approval of the Disclosure Statement, the Debtors completed the solicitation of votes to accept or reject the Plan. The hearing on the confirmation of the Plan was

scheduled for December 19, 2023.   However, it was continued to January 10, 2024 and then to

February 22, 2024, to give the Debtors, the Committees and other parties in interest additional

time to consensually resolve issues relating to the Plan.  Docket No. 924.

**BASIS FOR RELIEF REQUESTED**

9.     The Debtors are in advanced negotiations with major stakeholders to reach a

consensual resolution regarding many key issues related to the Plan.[3]  This Motion is being filed

out of an abundance of caution to ensure that the status quo is preserved in these Chapter 11 Cases

while the parties continue their negotiations to achieve consensus and minimize any disputes

regarding the Plan at the confirmation hearing scheduled for February 22, 2024.  The Debtors are

optimistic that they will be able to achieve confirmation of the Plan as part of the scheduled

confirmation hearing and are filing this motion to preserve the status quo in a fashion that will

permit them to do so.   Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive

right to propose a chapter 11 plan for the first 120 days of a chapter 11 case.  "[T]he point of

exclusivity is to promote an environment in which the debtor's business may be rehabilitated and

a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, 2005 WL 6289213, at *4

(D.N.J. Nov. 2, 2005).  The Debtors' original Filing Exclusivity Period and the Solicitation

Exclusivity Period expired on October 25, 2023, and December 26, 2023, respectively.

Subsequently, the Debtors' Filing Exclusivity Period and Solicitation Exclusivity Period were

extended to January 31, 2024.  By this Motion, the Debtors seek to extend both Filing Exclusivity

Period and the Solicitation Exclusivity Period by another 61 days to April 1, 2024.

---

[3]   Capitalized terms used but not otherwise defined in this Motion shall have the same meanings given to
them in the Plan.

10.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.  Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period."  11 U.S.C. § 1121(d)(1).  Although the term "cause" is not defined in the Bankruptcy Code, such term should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 236 (1977); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings." (citation omitted)).  Thus, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

11.     Courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan, and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include the following:

(a)     the size and complexity of the case;

(b)     the existence of good faith progress;

(c)     the necessity of sufficient time to negotiate and prepare adequate information;

(d)     whether creditors are prejudiced by the extension;

(e)     whether the debtor is paying its debts as they become due;

(f)     whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(g)     whether the debtor has made progress negotiating with creditors;

(h)     the length of time a case had been pending;

(i)     whether the debtor is seeking an extension to pressure creditors; and

(j)     whether unresolved contingencies exist.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended).

12.     Not all of the above factors are relevant to every case, and courts may consider the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity).

### A.     Good Faith Progress Made in these Chapter 11 Cases

13.     During the previous months, the Debtors and their professionals have made substantial progress in these Chapter 11 Cases.  Following a robust marketing process, the Debtors entered into an Asset Purchase Agreement with LAS Capital LLC and its assignee LandX Motors Inc. (collectively, the "**Purchaser**") for the sale of certain assets.   The Debtors obtained the Court's approval of the sale and consummated the transaction on October 27, 2023.

14.     Additionally, the Debtors and their professionals diligently worked with various stakeholders to develop a chapter 11 plan that would maximize value for all stakeholders and allow

the Debtors to emerge from Chapter 11 with a fresh start.  After filing the Initial Plan, the Debtors continued to negotiate with the Committees and other stakeholders to resolve disputes relating to the Initial Plan.  The ongoing efforts led to the filing of the amended modified Plan on November 1, 2023.  [Docket No. 657]

15.     Even though the Debtors have addressed many of the concerns of the stakeholders, they are continuing to work in good faith with key stakeholders, including Foxconn, Ohio Securities Class Action Lead Plaintiff, the Securities and Exchange Commission ("SEC") and the Committees, to try to resolve their remaining issues and achieve further consensus with respect to the Plan.  To give the parties sufficient runway to have these discussions, the Debtors, with the consent of the Committees, continued the confirmation hearing from December 19, 2023 to January 10, 2024, and then to February 22, 2024.  This additional time would allow the Debtors to reach consensus with these stakeholders on the issues, finalize any Plan modifications and related documents, and obtain any necessary approvals from the SEC.  The Debtors have made good use of their time and have made significant progress in reaching a global settlement that would allow the Debtors to confirm the Plan on a highly consensual basis.  The Debtors are optimistic that they will soon be in a position to file a further modified plan and related plan documents reflecting a consensus on these issues to permit confirmation on their current schedule.

16.     Further, the Debtors and their professionals have also been preparing for exiting Chapter 11.  The Debtors established the bar dates for creditors to file their proofs of claim and have received over 1,600 asserted claims.  The Debtors and their professionals have been working diligently, in consultation with the Committees, to review, analyze and account for these claims. The Debtors have also begun the process of objecting to claims.

17.    To help with the Debtors' transition out of bankruptcy, the Debtors have also secured the services of certain essential employees post-Effective Date.  The Court approved the Debtors' motion to settle certain essential employees' employment contract related claims in exchange for agreed upon amounts for the claims and the essential employee's services during the post-Effective Date transition periods.  [Docket No. 759]

18.    Lastly, in an effort to reduce the potential liabilities for the Post-Effective Date Debtors, the Debtors obtained the Court's authorization to repurchase the Endurance vehicles currently on the road. [Docket No. 790]. The Debtors have since repurchased nearly all vehicles on the road as contemplated.

19.    The Debtors have therefore made substantial good faith progress and submit that the requested relief is vital to preserve the status quo so that the Debtors may appropriately seek confirmation of the Plan and exit chapter 11 as soon as possible.

**B.     The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information**

20.    The Debtors and their professionals have worked diligently to negotiate with all major stakeholders in these Chapter 11 Cases to reach a value-maximizing result for all of the creditors and equity holders.  The Debtors are in the advanced stage in these negotiations and have reached various agreements and settlement with the majority of these parties.  The Debtors believe that, in light of the progress made in these Chapter 11 Cases, it is reasonable to request an extension of the Exclusivity Periods to maintain the status quo while the Debtors work to achieve confirmation of the Plan.  Granting the requested extensions will facilitate the Debtors' efforts by providing the Debtors with a full and fair opportunity to continue the negotiations of the Plan with all relevant parties.  *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D.

Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the Debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan.  It was intended that . . . a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests." (citation and internal quotation marks omitted)).  Accordingly, the Debtors submit that this factor supports the relief requested.

> **C.    The Extension Sought Will Advance the Cases and Will Not Prejudice Creditors**

21.    Granting the requested extension of the Exclusivity Periods will not prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. Accordingly, the Debtors submit that the extension is warranted and appropriate under the circumstances.

> **D.    The Debtors Are Paying Their Debts as They Come Due**

22.    The Debtors continue to make timely payments on their undisputed postpetition obligations.  As such, this factor weighs in favor of allowing the Debtors to extend the Exclusivity Periods.

> **E.    These Cases Are Only Eight Months Old**

23.    The Debtors are only in chapter 11 for only eight months.  During the previous months, as discussed above, the Debtors have worked diligently to accomplish numerous milestones, including conducting a value-maximizing sale process for certain assets, consummating the sale, settling with litigation parties, and engaging in advanced negotiations with Foxconn, the Ohio Securities Class Action Lead Plaintiff, the SEC, and the Committees to reach a nearly consensual path for confirming these the Plan.  The Debtors submit that the short time

that these Chapter 11 Cases have been pending weighs in favor of allowing the Debtors to extend the Exclusivity Periods.

**F.     Termination of the Debtors' Exclusivity Periods Would Adversely Impact These Cases**

24.     Termination of the Debtors' Exclusivity Periods would adversely impact the Debtors' efforts to preserve and maximize the value of their estates and the progress of these Chapter 11 Cases.  If this Court were to deny the Debtors' request for an extension of the Exclusivity Periods, any party in interest would be free to propose a competing chapter 11 plan for the Debtors.  Such a ruling would cause substantial, if not irreparable, harm to the Debtors' efforts to preserve and maximize the value of their estates.

25.     An extension of the Exclusivity Periods will provide the Debtors with adequate time to complete their plan negotiations while these Chapter 11 Cases are administered as efficiently as possible for the benefit of the Debtors' stakeholders and other parties-in-interest. The Debtors thus submit that sufficient cause exists to extend the Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code.

**NOTICE**

26.     Notice of this Motion shall be provided to the following parties, or, in lieu thereof, their counsel:  (i) the U.S. Trustee; (ii) counsel to Foxconn; (iii) counsel to the Creditors' Committee, (iv) counsel to the Equity Committee; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the United States Attorney for the District of Delaware; (viii) the state attorneys general for all states in which the Debtors conduct business; (ix) any parties who have asserted liens against the Debtors' assets; (x) any party affected by this Motion; and (xi) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b).

27.     The Debtors submit that no other or further notice is necessary under the circumstances.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached as <u>**Exhibit A**</u>, extending the Debtors' Exclusivity Periods, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and granting such further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank.*]

Dated: January 29, 2024

Respectfully submitted,

/s/ *Morgan L. Patterson*

**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (DE Bar No. 3087)
Morgan L. Patterson (DE Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Co-Counsel to Debtors and*
*Debtors-in-Possession*

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and*
*Debtors in Possession*