# **Exhibit 1**

AMERICAS 126053577

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Lordstown Motors Corp., *et al.*,[2]<br><br>                        Debtor. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN DEBTORS, OHIO SECURITIES
LITIGATION LEAD PLAINTIFF, OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, AND OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS
REGARDING OHIO SECURITIES LITIGATION LEAD PLAINTIFF'S MOTION
TO APPLY BANKRUPTCY RULE 7023 TO CLASS CLAIMS AND PROOFS
OF CLAIM NUMBERS 1368, 1379, 1380, 1394, 1426, AND 1434**

The following parties (the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation**"): (i) Lordstown Motors Corp. ("**LMC**") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "**Debtors**"), (ii) George Troicky ("**Ohio Securities Litigation Lead Plaintiff**"), the court-appointed lead plaintiff in the securities class action captioned *In re Lordstown Motors Corp. Securities Litigation*, Case No. 4:21-cv00616 (DAR) (the "**Ohio Securities Litigation**"), pending in the United States District Court for the Northern District of Ohio (the "**District Court**"), for himself and on behalf of the putative class (the "**Ohio Settlement Class**") that he represents in the Ohio Securities Litigation, (iii) the official committee of unsecured creditors appointed in the chapter 11 cases (the "**UCC**"), and (iv) the official committee of equity security holders appointed in the chapter 11 cases (the "**EC**"). The Parties stipulate and agree as follows:

---

[2] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

AMERICAS 126053577

## RECITALS

**WHEREAS**, beginning on or about March 18, 2021, six putative securities class action lawsuits (docket numbers 4:21-cv-616, 4:21-cv-633, 4:21-cv-720, 4:21-cv-760, 4:21-cv-994, and 4:21-cv-1021) were filed against Debtors LMC and Lordstown EV Corporation ("**LEVC**"), as well as certain individual defendants[3] in the District Court, which have been consolidated into the Ohio Securities Litigation.

**WHEREAS**, on June 27, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), which are being jointly administered for procedural purposes under lead case no. 23-10831 (MFW).

**WHEREAS**, the Ohio Settlement Class had not been certified by the District Court in the Ohio Securities Litigation as of the Petition Date and the Ohio Securities Litigation was and remains stayed.

**WHEREAS**, on August 24, 2023, the Bankruptcy Court entered an order [Docket No. 319] (the "**Bar Dates Order**") granting the Debtors' motion to establish deadlines related to filing proofs of claim. The Bar Date Order established October 10, 2023 at 5:00 p.m. (ET) as the deadline for all persons and entities (excluding governmental units as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**General Bar Date**").

**WHEREAS**, on the General Bar Date, the Ohio Securities Litigation Lead Plaintiff filed six proofs of claim: one proof of claim against each of the three Debtors on behalf of himself,

---

[3] The individual defendants in the Ohio Securities Class Action are as follows: Stephen S. Burns, Julio Rodriguez, Caimin Flannery, Shane Brown, Darren Post, Rich Schmidt, and David Hamamoto.

individually, each in an unliquidated amount [Claim Nos. 1379, 1380, and 1394] (the "**Individual Claims**"), and one proof of claim against each of the three Debtors, purportedly filed on behalf of the Ohio Settlement Class, as lead plaintiff in the Ohio Securities Litigation [Claim Nos. 1368, 1426, and 1434] (the "**Class Claims**," and together with the Individual Claims, the "**Claims**").

WHEREAS, on November 6, 2023, the Ohio Securities Litigation Lead Plaintiff filed, on behalf of himself and the Ohio Settlement Class, *Lead Plaintiff's Motion To Apply Bankruptcy Rule 7023 To Class Claims* [Docket No. 668] (the "**7023 Motion**"), seeking entry of an order (i) directing that Bankruptcy Rule 7023 applies to the Class Claims, and (ii) establishing a briefing schedule for, and scheduling a hearing on, certification of the Ohio Settlement Class for all purposes in the Chapter 11 Cases.

WHEREAS, on November 14, 2023, the Debtors filed *Debtors' Objection to Ohio Securities Litigation Lead Plaintiff's Motion To Apply Bankruptcy Rule 7023 To Class Claims* [Docket No. 696] (the "**Debtors' 7023 Objection**") and the EC filed *Objection of the Official Committee of Equity Security Holders To the Lead Plaintiff's Motion To Apply Bankruptcy Rule 7023 To Class Claims* [Docket No. 699] (the "**EC 7023 Objection**," and together with the Debtors' 7023 Objection, the "**7023 Objections**"), each objecting to the relief sought in the 7023 Motion for the reasons stated in the respective 7023 Objections.

WHEREAS, on November 1, 2023, the Bankruptcy Court entered an *Order (I) Approving the Disclosure Statement and the Form and Manner of Notice, (II) Approving Plan Solicitation and Voting Procedures, (III) Approving Forms of Ballots, (IV) Approving Form, Manner and Scope of Confirmation Notices, (V) Establishing Certain Deadlines in Connection with Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 651] (the "**Solicitation Order**").

**WHEREAS**, on November 1, 2023, the Debtors filed the solicitation version of the *Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 635] (the "**First Amended Plan**").

**WHEREAS**, on January 31, 2024, the debtors filed the *Second Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 941] (together with all schedules and exhibits thereto, and as the same may be modified further consistent with this Stipulation, the "**Plan**").[4]

**WHEREAS**, the Plan seeks preliminary and final approval by the Bankruptcy Court of a settlement consistent with this Stipulation between the Debtors, on the one hand, and the Class Representative (as defined below) and the Ohio Settlement Class, on the other hand, which provides for, among other things, a class notice and opt-out mechanism and a plan of allocation of the consideration provided on account of the Allowed Class Claim to the members of the Ohio Settlement Class (the "**Ohio Securities Litigation Settlement**").

**WHEREAS**, the Parties have engaged in vigorous, arm's-length negotiations and enter into this Stipulation in good faith to settle and resolve the 7023 Motion, the 7023 Objections, the Claims, and the Ohio Securities Litigation Lead Plaintiff's anticipated objection to confirmation of the First Amended Plan.

## STIPULATION

**NOW, THEREFORE**, in consideration of the mutual covenants, the promises, warranties, and other good and valuable consideration, the receipt and sufficiency of which the Parties now acknowledge, and intending to be legally bound, the Parties agree as follows:

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

4

1. The 7023 Motion is granted and the 7023 Objections are deemed resolved as set forth in this Stipulation.

2. The Ohio Settlement Class is hereby certified in the Chapter 11 Cases only for settlement purposes pursuant to Civil Rule 23 and Bankruptcy Rules 7023 and 9014, for the purposes of (a) permitting Lead Plaintiff to vote on the Plan on behalf of the Ohio Settlement Class and (b) resolving the amount, classification, and allowance of the Class Claims for purposes of the Chapter 11 Cases. The Ohio Settlement Class shall consist of all persons and entities that (i) purchased or otherwise acquired LMC's publicly traded Class A Common Stock (ticker: "RIDE" and prior ticker: "DPHC"), LMC's publicly traded warrants (ticker: "RIDEW" and prior ticker: "DPHCW"), LMC's publicly traded units (ticker: "DPHCU"), or any exchange-traded option to purchase or sell LMC's publicly traded Class A Common Stock during the Ohio Settlement Class Period, and were damaged thereby; and/or (ii) held LMC's publicly traded Class A Common Stock (ticker: "RIDE" and prior ticker: "DPHC") on September 21, 2020 and were damaged thereby. Notwithstanding the foregoing, excluded from the Ohio Settlement Class are: (i) any defendants in the Ohio Securities Litigation and the immediate family of any defendant who is an individual, (ii) any current or former officers and/or directors of the Debtors and their immediate family; (iii) any person who is or was a control person, officer or director of LMC or LEVC; (iv) any company, firm, trust, corporation, or other entity in which any defendant in the Ohio Securities Litigation has or had a controlling interest; (v) affiliates of LMC or LEVC, including their employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their capacities as such; and

(vii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Bankruptcy Court.

3. George Troicky is hereby designated as the class representative (in such capacity, the "**Class Representative**") and Labaton Keller Sucharow LLP is hereby appointed as class counsel ("**Class Counsel**"), in each case, for the Ohio Settlement Class.

4. Class Claim No. 1426 (the "**Allowed Class Claim**") shall be Allowed in the amount of $10,000,000.00 and shall be classified as a Class 10 Claim under the Plan. Except as set forth in paragraph 8 of this Stipulation, the Allowed Class Claim shall not be subject to reconsideration pursuant to section 502(j) of the Bankruptcy Code or otherwise and each Party agrees not to seek any modification thereof. Each of the Claims *other than* the Allowed Class Claim (the "**Disallowed Claims**") shall be deemed duplicative and shall be Disallowed and expunged from the Debtors' claims register in the Chapter 11 Cases effective as of the Effective Date.

5. Nothing herein shall be deemed to certify the Ohio Settlement Class for any purpose other than as set forth herein. Without limiting the generality of the foregoing, such certification shall not prejudice the rights of any defendant in the Ohio Securities Litigation (other than the Debtors, the Post-Effective Date Debtors, and any Litigation Trust created pursuant to the Plan) to object to the certification of a class in the Ohio Securities Litigation and all such rights are expressly preserved.

6. Nothing contained in this Stipulation, or in any negotiations, discussions, mediation proceedings, correspondence or other materials of any kind relating to this Stipulation or relating to the negotiation of this Stipulation, shall be deemed to be an admission on the part of the Parties with respect to any matter or any factual or legal issue of any kind. Without limiting the generality of the foregoing, the Allowance of the Allowed Class Claim as set forth herein and pursuant to the

Plan constitutes solely a compromise to avoid further litigation with the Debtors and is not, and shall not be construed as, an admission as to the amount of damages that would be obtained from the Debtors in these Chapter 11 Cases or any other defendants in the Ohio Securities Litigation. Neither this Stipulation nor any matter contained herein or relating hereto shall be admissible in, or have any binding or preclusive effect in, any proceeding (including but not limited to the Ohio Securities Litigation) other than a proceeding to enforce or implement this Stipulation or the Plan.

7. Notwithstanding anything in the Solicitation Order, Class 10 Claims shall be treated as Impaired Claims and the Class Representative, as the holder thereof, shall be entitled to vote on the Plan and the Class Representative shall be deemed to have voted to accept the Plan upon the entry of an order by the Bankruptcy Court approving this Stipulation.  Such vote shall be irrevocable so long as the Plan is not further modified or amended in any manner inconsistent with this Stipulation or the agreed upon treatment of the Class 10 Claims pursuant to the Plan.  The Disallowed Claims shall not be voted to accept or reject the Plan through this Stipulation or otherwise. The Class Representative hereby agrees to take all reasonable steps to support, facilitate, implement, consummate, or otherwise give effect to the Plan in accordance with this Stipulation, so long as any modifications to the Plan are consistent with this Stipulation and do not prejudice the treatment of Class 10 Claims set forth in Article III.B.10.b of the Plan.

8. In the event that (a) the Plan is not confirmed by the Bankruptcy Court or does not become effective after confirmation and (b) the Debtors pursue a new plan or modify the Plan, each in a manner that is inconsistent with this Stipulation and prejudices the treatment of Class 10 Claims set forth in Article III.B.10.b of the Plan, then, unless otherwise expressly agreed by the Parties in writing, this Stipulation shall be null and void in its entirety and the rights of the Parties

with respect to the 7023 Motion, the 7023 Objections, and the Claims shall revert back to their status immediately prior to the entry of this Stipulation and shall be fully preserved in all respects.

9. This Stipulation contains the entire agreement among the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

10. This Stipulation may not be modified other than by a signed writing executed by each of the Parties and delivered to each Party, e-mail attachment being an acceptable means of delivery; it being understood that no further approval of the Bankruptcy Court shall be required for amendments, waivers, consents, or other modifications to and under the Stipulation.

11. This Stipulation may be executed in multiple counterparts (including electronic execution by /s/ conformed signature), each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

12. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assigns, heirs, executors, administrators, trustees, and liquidators.

13. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation or its enforcement.

AMERICAS 126053577

Dated: February 2, 2024

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Donald J. Detweiler (Bar No. 3087)
Morgan L. Patterson (Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

- and -

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Counsel to Debtors and Debtors-in-Possession*

Dated: February 2, 2024

**CROSS & SIMON, LLC**

*/s/ Michael S. Etkin*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
csimon@crosslaw.com

- and -

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Andrew Behlmann, Esq.
Scott Cargill, Esq.
Collen M. Restel, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone 973-597-2500
metkin@lowenstein.com
abehlmann@lowenstein.com
scargill@lowenstein.com
crestel@lowenstein.com

*Bankruptcy Counsel for Lead Plaintiff and the Ohio Settlement Class*

<div style="display: flex;">

<div>

Dated: February 2, 2024

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Deborah Kovsky-Apap*
Francis J. Lawall (*admitted pro hac vice*)
3000 Two Logan Square 18th & Arch Streets
Philadelphia, PA 19103-2799
francis.lawall@troutman.com

Deborah Kovsky-Apap (*admitted pro hac vice*)
875 Third Avenue
New York, NY 10022
deborah.kovsky@troutman.com

David M. Fournier (DE No. 2812)
Marcy J. McLaughlin Smith (DE No. 6184)
Tori L. Remington (DE No. 6901)
Hercules Plaza
1313 N. Market Street, Ste 5100
Wilmington, DE 19801
david.fournier@troutman.com
marcy.smith@troutman.com
tori.remington@troutman.com

*Counsel to the UCC*

</div>

<div>

Dated: February 2, 2024

**BROWN RUDNICK LLP**

*/s/ Bennett S. Silverberg*
Robert J. Stark (*admitted pro hac vice*)
Bennett S. Silverberg (*admitted pro hac vice*)
7 Times Square
New York, NY 10036
rstark@brownrudnick.com
bsilverberg@brownrudnick.com

Sharon I. Dwoskin (*admitted pro hac vice*)
Tristan G. Axelrod (*admitted pro hac vice*)
Matthew A. Sawyer (*admitted pro hac vice*)
One Financial Center
Boston, MA 02111
sdwoskin@brownrudnick.com
taxelrod@brownrudnick.com
msawyer@brownrudnick.com

- *and* -

**MORRIS JAMES LLP**
Eric J. Monzo (DE No. 5214)
Brya M. Keilson (DE No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
emonzo@morrisjames.com
bkeilson@morrisjames.com

*Counsel to the EC*

</div>

</div>

AMERICAS 126053577