## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 12, 2024 at 4:00 p.m. (ET)** |

**SUMMARY OF FOURTH MONTHLY APPLICATION OF WOMBLE
BOND DICKINSON (US) LLP FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD
FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

| | |
|---|---|
| Name of Applicant: | Womble Bond Dickinson (US) LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | Effective October 6, 2023 |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2024 to January 31, 2024 |
| Amount of Compensation sought as Actual, Reasonable and Necessary: | $19,308.80 (80% of $24,136.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a(n): __X__ Monthly _____ Interim _____ Final Fee Application

This is WBD's fourth monthly application.

The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Application Period.

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**TIMEKEEPER SUMMARY**

| NAME OF PROFESSIONAL PERSON | POSITION/DATE ADMITTED TO BAR/NUMBER OF YEARS | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION SOUGHT |
|---|---|---|---|---|
| Donald J. Detweiler | Partner; Admitted to Delaware Bar 1992; Joined WBD 2022 | $845.00 | 0.8 | $676.00 |
| Morgan L. Patterson | Partner; Admitted to Delaware Bar 2009; Joined WBD 2013 | $720.00 | 18.4 | $13,248.00 |
| Cynthia S. Giobbe | Paralegal; Joined WBD 2022 | $370.00 | 27.6 | $10,212.00 |
| **TOTALS** | | | **46.8** | **24,136.00** |
| **Total Blended Rate** | | | | **$515.73** |

## SUMMARY OF SERVICES BY TASK CODE

| TASK CODE | TASK DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| BKB | Investigation of Claims | 1.7 | $769.00 |
| BKCO | Claims Objections | 4.5 | $3,240.00 |
| BKD | Documentations/Plan Negotiation | 12.3 | $7,226.00 |
| BKE | Executory Contracts/Lease Agreements | 2.7 | $1,384.00 |
| BKF | Fee Application/Monthly Billing | 2.6 | $1,242.00 |
| BKFO | Fees of Others | 8.6 | $3,497.00 |
| BKG | General Case Administration | 1.8 | $666.00 |
| BKH | Court Hearings/Preparation/Agenda | 7.3 | $3,451.00 |
| BKLT | Litigation | 3.6 | $2,032.00 |
| BKRO | Retention of Others | 0.3 | $111.00 |
| BKRS | Reports and Schedules | 1.4 | $518.00 |
|  | **Total** | **46.8** | **$24,136.00** |

## SUMMARY OF EXPENSES

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| Binding | $0.00 |
| Filing Fee | $0.00 |
| Messenger/Courier Service | $0.00 |
| Photocopies | $0.00 |
| Postage | $0.00 |
| Transcript | $0.00 |
| **Total Expenses Requested:** | **$0.00** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: March 12, 2024 at 4:00 p.m. (ET)** |

**FOURTH MONTHLY APPLICATION OF WOMBLE**
**BOND DICKINSON (US) LLP FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL FOR THE**
**DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD**
**FROM JANUARY 1, 2024 THROUGH JANUARY 31, 2024**

Womble Bond Dickinson (US) LLP ("WBD"), as co-counsel to debtors and

debtors in possession (collectively, the "Debtors") in these chapter 11 bankruptcy cases (the

"Chapter 11 Cases"), submits its second monthly fee application (the "Application"), pursuant to

sections 330(a), 331, and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as

amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Rule 2016-2 ("Local Rule 2016-2") of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), the *United States Trustee Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* issued by the

Executive Office for United States Trustees (the "Guidelines"), and this Court's *Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown
Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors'
service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

*11 Professionals and Committee Members* [Docket No. 181] (the "Interim Compensation Order"), for the allowance of compensation for professional services performed by WBD for the period January 1, 2024 through and including January 31, 2024 (the "Application Period") in the amount of $24,136.00 together with reimbursement for actual and necessary expenses in the amount of $0.00 incurred during the Application Period.  In support of the Application, WBD respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code sections 330 and 331.

## BACKGROUND

4. On June 27, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing these chapter 11 cases.  Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On July 11, 2023, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Creditors' Committee") for these Chapter 11 Cases.  On September 7, 2023, the U.S. Trustee appointed the official committee of equity security holders (the "Equity Committee" and

collectively with the Creditors' Committee, the "<u>Committees</u>") for these Chapter 11 Cases.  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.    Information regarding the Debtors' history, business operations, capital structure, indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the *Declaration of Adam Kroll in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15].

7.    On October 31, 2023, WBD applied to the Court for an order authorizing the Debtors to retain WBD as its counsel, *nunc pro tunc* to October 6, 2023 [Docket No. 647] (the "<u>Retention Application</u>").

8.    On November 20, 2023, the Court entered an Order approving the retention of WBD as counsel to the Debtors, *nunc pro tunc* to October 6, 2023 [Docket No. 717] (the "<u>Retention Order</u>").

**SUMMARY OF SERVICES RENDERED**

9.    Attached hereto as **<u>Exhibit A</u>** is a detailed statement of fees incurred by WBD during the Application Period in the amount of $24,136.00.

10.    The services rendered by WBD during the Application Period are grouped into categories set forth in **<u>Exhibit A</u>**.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category are set forth in **<u>Exhibit A</u>**.

**SUMMARY OF EXPENSES**

11.    Attached as **<u>Exhibit B</u>** are WBD's itemized records detailing expenses incurred on behalf of the Debtors during the Application Period in the amount of $0.00.  All entries detailed in **<u>Exhibit B</u>** comply with the requirements set forth in Local Rule 2016-2(e),

3

including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.

12.     WBD has not charged the Debtors for internal photocopying expenses.  WBD also does not charge for outgoing facsimile transmissions.[2]   The rates incurred by WBD in connection with third-party photocopying, electronic data management services, including scanning and document imaging, travel, travel-related expenses, business meals, messengers, couriers, postage, witness fees, and other fees related to trials and hearings are billed at cost, as set forth in **Exhibit B**.  As per the Guidelines, WBD has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.

### VALUATION OF SERVICES

13.     WBD's attorneys and paraprofessionals expended a total of 46.8 hours for the Application Period.  The professional time expended by the firm, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary. In all respects, the firm's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees.

14.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of the case, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under chapter 11 of the Bankruptcy Code.

---

[2]     To the extent WBD uses an outside vendor for volume faxing, WBD bills those charges at cost.  WBD seeks competitive market rates for such outside vendor services.

**RESPONSES TO FEE GUIDELINES QUESTIONNAIRE**

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | No | N/A |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | N/A |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | N/A |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | N/A |
| If the fee application includes any rate increases since retention:<br><br>    i. Did your client review and approve those rate increases in advance?<br><br>    ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | N/A | This fee application does not include any rate increases. |

5

**RESERVATION OF RIGHTS**

15.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or WBD has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, WBD reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

**CERTIFICATE OF COMPLIANCE AND WAIVER**

16.     The undersigned representative of WBD certifies that the undersigned has reviewed the requirements of Local Rule 2016-2, and that the Application substantially complies with such Local Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, the undersigned believes that such deviations are not material.  Accordingly, WBD respectfully requests that any such requirements be waived.

**CONCLUSION**

WHEREFORE, WBD respectfully requests that it be granted (i) a monthly allowance of fees in the amount of $24,136.00 and authority for an interim payment of compensation for professional services rendered herein as counsel to the Debtors during the Application Period in the amount of $19,308.80, which is eighty percent (80%) of the fees incurred; (ii) reimbursement of expenses in the amount of $0.00; and (iii) such further relief as the Court may deem just and proper.

Dated: February 21, 2024
Wilmington, Delaware

/s/ Morgan L. Patterson
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (DE Bar No. 3087)
Morgan L. Patterson (DE Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

*Counsel to the Debtors and Debtors in Possession*