IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Re: D.I. 935, 964** |

**REPLY IN SUPPORT OF THE DEBTORS' SECOND MOTION TO EXTEND
THE DEBTORS' EXCLUSIVE PERIODS TO FILE AND SOLICIT VOTES
ON A CHAPTER 11 PLAN**

    Lordstown Motors Corp., Lordstown EV Corporation, and Lordstown EV Sales LLC (collectively, the "**Debtors**"), by and through their undersigned counsel, file this reply (this "**Reply**"), in support of their motion [D.I. 935] (the "**Motion**")[2] to extend the Exclusivity Periods through and including April 1, 2024 and in response to the objection thereto (the "**Objection**") filed by Rahul Singh [D.I. 964]. In support of this Reply, the Debtors respectfully state as follows:

**REPLY**

    1.    The Debtors are in the final stage of these Chapter 11 Cases and are positioned to confirm a plan that maximizes value for all parties in interest and has the support of all of their key stakeholders (including both official committees appointed in these Chapter 11 Cases).

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]   All terms that are capitalized but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion or in the *Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [D.I. 1014] (the "**Plan**").

2. As further set forth in the Plan and the Debtors' brief in support of confirmation, the Debtors have made substantial progress in these cases by accomplishing many of their stated goals and, through extensive, arm's-length negotiations, reaching consensual interrelated settlements that are embodied in, and essential to, the Plan. These good faith negotiations and Plan resolutions are being finalized and have been made possible by the brief extension of the Debtors' Exclusivity Periods, which all parties in interest (including both Committees) agreed was beneficial and necessary.

3. In his Objection, Mr. Singh makes no attempt to address the legal standard that governs whether the Court should extend the Exclusivity Periods: namely, whether the Debtors have established "cause" under section 1121(d) of the Bankruptcy Code. Instead of attempting to rebut any of the Debtors' arguments pertaining to these factors, Mr. Singh primarily focuses on his alleged losses with respect to the Debtors' stock and baseless allegations regarding the Debtors' current management, the Equity Committee, and the Plan (which allegations the Debtors dispute), and his arguments and grievances do not provide any legitimate basis why the Exclusivity Periods should not be extended. As further stated below, any termination of the Debtors' Exclusivity Periods at the cusp of confirmation would be highly disruptive and prejudicial to the Debtors and their estates.

4. As set forth in the Motion, courts consider the *Dow Corning* factors in considering whether to grant extensions of the Exclusive Period based on the totality of the circumstances. *See* Motion ¶ 11 (listing factors and citing cases). Here, the relevant factors of this analysis each weigh in favor of the requested extension, including the necessity of sufficient time for the Debtors to continue to negotiate with their key stakeholders and parties in interest, the Debtors' good faith progress in negotiations, the Debtors' having demonstrated reasonable

prospects for confirming a viable plan, and permitting the Debtors sufficient time to confirm and consummate that plan.

5.  Importantly, both Committees have agreed that the requested relief in the Motion is appropriate, and the Debtors, the Committees, and other parties in interest have continued to work proactively to reach consensus on certain key issues related to the Plan.

6.  Contrary to Mr. Singh's assertion, preserving the Debtors' Exclusivity Periods is the most efficient path to preserving value for all parties in interest.  The Debtors believe that they are on the verge of confirming a consensual plan supported by both official committees and key stakeholders.  Terminating exclusivity could de-stabilize the plan process, adversely impacting the substantial progress made toward the Debtors' emergence.

7.  Lastly, any request to vacate the sale order to the Purchaser is untimely and unwarranted.  Obj. ¶ 2.  First, the sale transaction was approved by the Court on October 18, 2023 and closed on October 27, 2023.  Second, the notices in connection with the sale process (including the notice of the successful bidder, which disclosed Mr. Burns as the Purchaser's majority equity holder) were served on Mr. Singh, personally and/or through his designated nominee.  *See* Service Affidavits [D.I. 270, 547].  Although he had ample notice and time, Mr. Singh did any submit any informal or formal objection to the sale.  Any disturbance to the consummated sale would be inappropriate.

8.  All parties' rights are reserved with respect to the arguments in connection with the confirmation of the Plan and are addressed in the Debtors' confirmation brief.

## CONCLUSION

The Debtors respectfully request that the Court grant the relief requested in the Motion, overrule the Objection and grant such other relief as may be just and proper.

Dated: February 29, 2024

Respectfully submitted,

*/s/ Morgan L. Patterson*
**WOMBLE BOND DICKINSON (US) LLP**
Donald J. Detweiler (DE Bar No. 3087)
Morgan L. Patterson (DE Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
don.detweiler@wbd-us.com
morgan.patterson@wbd-us.com

**WHITE & CASE LLP**
Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
Fan B. He (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com
fhe@whitecase.com

David M. Turetsky (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
david.turetsky@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
Telephone: (312) 881-5400
jzakia@whitecase.com

Roberto Kampfner (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
RJ Szuba (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700
rkampfner@whitecase.com
doah.kim@whitecase.com
rj.szuba@whitecase.com

*Co-Counsel to Debtors and Debtors in Possession*