**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| LORDSTOWN MOTORS CORP., et al.,[1] | Case No. 23-10831-MFW |
| Debtors. | (Jointly Administered) |
| | Re D.I. 941 |
| | Hearing Date: March 5, 2024 at 3:00 p.m. |

**AUTO MOTIVE POWER, INC.'S (D/B/A AMP) LIMITED OBJECTION TO SECOND MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

Auto Motive Power, Inc. (d/b/a AMP) ("AMP"), by and through its undersigned counsel, hereby submits this limited objection (this "Limited Objection") to the *Second Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors* [D.I. 941] (the "Plan") in order to preserve AMP's rights of setoff and recoupment following the Effective Date of the Plan. In support of this Limited Objection, AMP respectfully states as follows:

**PRELIMINARY STATEMENT**[2]

1. AMP files this Limited Objection to preserve its rights to assert its defensive rights of setoff and recoupment in light of a demand letter seeking the return of approximately $841,000 (the "Debtor Debt") that will not be resolved until after Plan confirmation. AMP believes that the Debtors are not entitled to the return of any funds for many reasons, including without limitation, because AMP is mutually owed over $2.5 million (the "AMP Debt"), which cancels out the Debtor

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Dr., Farmington Hills, MI 48331.

[2] All capitalized terms used in this Preliminary Statement are defined further below.

238374985

Debt.³  As detailed below, the AMP Debt is owed on account of mutually owing debt arising from the same transaction as the Debtor Debt.

2. The Plan contains an injunction provision (Art. VIII.F), which precludes parties, like AMP, from asserting setoff and recoupment rights post-Effective Date unless they have been preserved in a document that has been filed with the Court.  By this Limited Objection, AMP seeks to preserve all such rights.  AMP objects to Plan confirmation unless the Plan and any order confirming the plan indicate that AMP's rights of setoff, including without limitation, the right to setoff the AMP Debt against the Debtor Debt, are reserved and preserved to whatever extent that they may exist.

3. AMP does not ask this Court to adjudicate its setoff rights or determine the validity thereof.  Rather, AMP only seeks to preserve its rights so that AMP may assert them post-Plan confirmation.

## BACKGROUND

A. **AMP's background and the Debtors' Demand Letter to AMP.**

4. AMP is a clean energy automotive technology company, which developed its Energy Management System to harness electric power to power an automotive vehicle.

5. On December 11, 2023, the Debtors sent AMP a letter (the "Demand Letter"), demanding the return of funds equal to the Debtor Debt, which the Debtors allege represents a "prepayment" of funds that the Debtors paid to AMP.

6. The Demand Letter asserts that the Debtors issued Purchase Order No. 107386 (the "PO") to AMP, which had a total value of $2,044,016, on account of 2,215 Battery Pack Controller

---

³ AMP reserves all other rights and defenses to the Debtor Debt, even though not specifically set forth herein and AMP does not waive any rights or defenses.

units ("BPC") and 25,500 Module Monitor Units ("MMU").  According to the Demand Letter, "[the Debtors] prepaid $899,367 and paid another $172,000.  However, [the Debtors] received only $229,000 in goods."

7.      The Demand Letter also recognized that AMP invoiced the Debtors for $2.5 million (*i.e.*, the AMP Debt) for goods and services that AMP claims that the Debtors owe AMP. However, the Demand Letter challenges this amount as being due and owing because the Debtors assert they could not locate any record substantiating that they owed such amounts.

8.      AMP has documentation to support and justify the AMP Debt, and reflecting that it provided the Debtors with a significant amount of goods and services under the PO pre-petition. AMP is committed to working in good faith with the Debtors to resolve this dispute.  AMP has incurred a significant amount of debt, which it expected would not be repaid.  AMP would not be seeking this Court's intervention but for the Demand Letter and the Plan's injunction on asserting setoff rights.

9.      On February 17, 2024, AMP engaged the undersigned New York counsel to negotiate a settlement of this matter.  Thereafter, AMP and counsel evaluated AMP's defenses to the Demand Letter and determined that it had a defensive right of setoff and recoupment against the debt allegedly owed by AMP to the Debtors in the Demand Letter.[4]  In the past week, counsel learned of the terms of the Plan and the upcoming confirmation hearing.  AMP swiftly acted to prepare and file this Limited Objection after determining that the Plan confirmation hearing was scheduled for March 5, 2024.

---

[4] On November 1, 2023, Ford acquired AMP and has been in the process of integrating AMP.

**LIMITED OBJECTION**

10. Section 553(a) of the Bankruptcy Code provides that "[the Bankruptcy Code] does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."

11. Here, the AMP Debt and the Debtor Debt are mutually owing debts that arose before the commencement of this case. They arise out of the same transaction: the PO. Therefore, AMP may setoff or recoup the AMP Debt against the Debtor Debt. AMP may also recoup the AMP Debt because it arose out of the same transaction as the Debtor Debt.

12. The Plan and Third Circuit precedent create a timing issue for the effectuation of the setoff or recoupment. Article VIII.F of the Plan enjoins parties, from and after the Plan's Effective Date, from "asserting any right of setoff, subrogation, or recoupment of any kind . . . unless such entity has timely asserted such setoff right in a document (which may be a proof of claim) filed with the bankruptcy court in accordance with the terms of this plan explicitly preserving such setoff." (Capitalization altered).

13. Even absent the language in the Plan, Third Circuit precedent requires AMP to take action to preserve its setoff rights post-plan confirmation. Specifically, in *United States v. Continental Airlines (In re Continental Airlines)*, 134 F.3d 536, 542 (3d Cir. 1998), the Third Circuit expressly held that a setoff must be "duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim." *United States v. Norton*, 717 F.2d 767 (3d Cir. 1983) (setoff is not permitted after confirmation of plan of reorganization).

14. In *Continental Airlines*, a creditor asserted a right of setoff for the first time after plan confirmation and the Third Circuit affirmed the lower courts' rulings, holding the creditor

4

lost its right to do so. 134 F.3d at 538. In so holding, the Third Circuit distinguished a case from the Ninth Circuit, *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269 (9th Cir. 1992), which permitted a creditor to assert a setoff right for the first time after plan confirmation. *Continental Airlines* held that "the right [of setoff] must be exercised by the creditor in timely fashion and appropriately asserted in accordance with other provisions of the Bankruptcy Code." 134 F.3d at 541. Unlike the creditor in *Continental Airlines*, the creditor in *De Laurentiis* "pursued its claim diligently before the bankruptcy court at all times." *Id.* (citation omitted)). The Third Circuit also observed that, as matter of policy, allowing the creditor "to come forward after the plan of reorganization has been confirmed and *sua sponte* decide that it has a valid set-off without timely filing a proof of claim and asserting the set-off in the reorganization proceedings, has a probability of disrupting the plan of reorganization." *Id.* at 542. Accordingly, the Third Circuit mandated that "the right of a creditor to set-off in a bankruptcy reorganization proceeding must be duly exercised in the bankruptcy court before the plan of reorganization is confirmed; the failure to do so extinguishes the claim." *Id.* at 542.

15. In *In re Alta+Cast, LLC*, 02-12982(MFW), 2004 Bankr. LEXIS 222 (Bankr. D. Del. Mar. 2, 2004) this Court preserved a creditor's right to assert setoff rights post-plan confirmation. There, a party objected to plan confirmation, arguing, *inter alia*, that "the Plan improperly extinguishe[d] any setoff rights he may have." *Id.* at *18. The Court agreed and ruled that "[w]hile [the party's] claim may be extinguished affirmatively, there is no basis in the Code to eliminate his setoff rights. In fact section 553 expressly preserves whatever setoff rights Hays may have under state law." *Id.* The Court also noted that, under *Continental Airlines*, "[a] plan of reorganization may eliminate a creditor's right of setoff if not raised until after confirmation." *Id.* at *18 n.5. However, in *Alta+Cast*, "[the party] asserted his right to setoff prior to confirmation

5

and is entitled to preserve them." *Id.*; *see In re Phoenix Petroleum Co.*, 278 B.R. 385, 400 (Bankr. E.D. Pa. 2001) ("[A] creditor does not lose its setoff rights when it properly asserts that right prior to confirmation.").

16.  The outcome should be the same here: AMP's rights to set off or recoup any and all rights it has, including to setoff or recoup the AMP Debt against the Debtor Debt, should be preserved and permitted to be asserted post-Plan confirmation. AMP has complied with the mandates of the Plan and *Continental Airlines* by asserting its rights of setoff pre-Plan confirmation.

17.  To be clear, at this stage, however, AMP is not seeking a determination or adjudication as to the merits of any setoff right that it may have. Rather, AMP merely seeks to comply with the mandate of *Continental Airlines* by coming forward and preserving its rights of setoff – before Plan confirmation – so that such setoff or recoupment rights may be asserted post-Plan confirmation.

18.  AMP has not filed a proof of claim. That fact has no bearing on its ability to effectuate a setoff in the future. As this Court has recognized: where a "creditor is precluded from asserting [a] claim affirmatively, it is not barred from raising its claim as a setoff or defense to an action by the debtor." *Philip Servs. Corp. v. Luntz (In re Philip Servs.)*, 267 B.R. 62, 69 (Bankr. D. Del. 2001); *see Geltzer v. Bloom (In re M. Silverman Laces, Inc.)*, 404 B.R. 345, 365-66 (Bankr. S.D.N.Y. 2009) ("filing a proof of claim is not a prerequisite to asserting an otherwise valid setoff"); *accord In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990). Accordingly, AMP was not required to file a proof of claim in order to assert any setoff rights that it may have.

**RESERVATION OF RIGHTS**

19. Nothing contained in this Limited Objection is intended or should be construed as an admission of the validity of any claim against AMP. The filing of this Motion is not a consent or submission to the jurisdiction of this Court or a waiver of the right to trial by jury.

**CONCLUSION**

WHEREFORE, AMP respectfully requests that the Court sustain this Limited Objection, preserve AMP's rights of setoff and recoupment as set forth herein, modify the Plan and any Plan confirmation order to preserve AMP's rights of setoff and recoupment, and grant AMP such other and further relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated: March 1, 2024 | **PASHMAN STEIN WALDER HAYDEN, P.C.**<br><br>*/s/ John W. Weiss*<br>John W. Weiss (No. 4160)<br>1007 North Orange Street, 4th Floor #183<br>Wilmington, DE 19801<br>Telephone: (302) 592-6496<br>Facsimile: (732) 852-2482<br>Email:  jweiss@pashmanstein.com<br><br>-and-<br><br>**LOEB & LOEB LLP**<br>Schuyler G. Carroll (*pro hac vice* pending)<br>Noah Weingarten (*pro hac vice* pending)<br>345 Park Avenue<br>New York, New York 10154<br>Telephone: (212) 407-4000<br>Facsimile: (212) 407-4990<br>Email: scarroll@loeb.com<br>nweingarten@loeb.com<br><br>*Counsel to Auto Motive Power, Inc. (d/b/a AMP)* |