IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Lordstown Motors Corp., *et al.*,[1]<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 657, 766, 793, 878, 941, 1014, 1016, 1017, 1018, and 1034<br><br>Hearing Date: March 5, 2024 at 3:00 p.m. E.T. |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER
TO DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF
THIRD MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF
LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

The Official Committee of Unsecured Creditors (the "UCC") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this joinder to the Debtors' memorandum of law in support of confirmation of their Third Modified First Amended Joint Chapter 11 Plan [Docket No. 1034] (the "Memorandum of Law"),[2] and respectfully states as follows:

**JOINDER**

1.　　The Plan should be confirmed, and all objections thereto, including the UST Objection and the Singh Objection, should be overruled. The Plan is the product of good-faith negotiation and proposal by the Debtors, is the culmination of hard-fought negotiations between the Debtors and its major stakeholders, including the UCC, and represents the type of compromise that is at the very heart and purpose of the chapter 11 process.

---

[1]　The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2]　Capitalized terms not otherwise defined herein have the meanings set forth in the Memorandum of Law.

2. The Plan represents a comprehensive and interlocking settlement of disputes and issues between the Debtors and the various stakeholders. Without all of the foregoing settlements of such disputes and issues, the Plan would likely not have achieved the degree of consensus and acceptance that it has. Having achieved this level of support, the UCC respectfully submits that the Plan must be confirmed. Absent confirmation of the Plan, the Debtors and all parties in interest risk unraveling the carefully crafted resolutions embodied in the Plan that stand to provide not only payment in full to unsecured creditors, but a substantial return to equity holders and the prospect of a future productive business.

3. The UST Objection focuses on the propriety of the discharge under the Debtors' Plan. As explained at length by the Debtors, the Plan does not provide for the liquidation of all or substantially all of the Debtors' assets, and expressly contemplates the Debtors will engage in business on a go-forward basis. Indeed, much of the intense negotiations over the Plan among the Debtors, UCC and Equity Committee during the past weeks revolved around ensuring that the Post-Effective Date Debtors would be able to both pay unsecured creditors in full *and* pursue future business operations. The UCC believes that the Plan accomplishes both goals, and respectfully submits that the discharge sought by the Debtors is appropriate.

4. The Singh Objection essentially expresses dissatisfaction with the treatment of equity claims under the Plan. However, as the Debtors explain in their Memorandum of Law, the treatment of those junior interests under the Plan fully complies with the requirements of the Bankruptcy Code. The Singh Objection raises no colorable challenge to the Plan on that basis.[3]

---

[3] To the extent that Mr. Singh seeks to have his equity claims treated as general unsecured claims, those claims will be subject to vigorous objection by the Claims Ombudsman on behalf of general unsecured creditors.

3

5. For the foregoing reasons, the UST Objection and the Singh Objection should be overruled.

6. Additionally, as set forth in the Debtors' Memorandum of Law and as will be demonstrated by the Debtors through the evidence submitted at the Confirmation Hearing, the Plan satisfies the confirmation requirements enumerated in section 1129 of the Bankruptcy Code, is in the best interests of the Debtors and their estates, and represents an optimal outcome for all of the Debtors' stakeholders. Accordingly, the UCC joins in the Debtors' Memorandum of Law and fully supports confirmation of the Plan

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: March 1, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br>*/s/ Tori L. Remington*<br>David M. Fournier (DE 2812)<br>Tori L. Remington (DE No. 6901)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street, Suite 5100<br>Wilmington, DE 19801<br>Telephone: (302) 777-6500<br>Email:  david.fournier@troutman.com<br>            tori.remington@troutman.com<br><br>-and-<br><br>Francis J. Lawall (admitted *pro hac vice*)<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA 19103-2799<br>Telephone: (215) 981-4451<br>Fax: (215) 981-4750<br>Email:  francis.lawall@troutman.com<br><br>-and-<br><br>Deborah Kovsky-Apap (admitted *pro hac vice*)<br>875 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 808-2726<br>Fax: (212) 704-6288<br>Email: deborah.kovsky@troutman.com<br><br>-and-<br><br>Sean P. McNally (admitted *pro hac vice*)<br>4000 Town Center, Suite 1800<br>Southfield, MI 48075<br>Telephone: (248) 359-7317<br>Fax: (248) 359-7700<br>Email: sean.mcnally@troutman.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |