**EXHIBIT B**

PRIVILEGED & CONFIDENTIAL DRAFT
CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 & ALL SIMILAR PROTECTIONS

**Affidavit**"); and the Debtors having filed the documents comprising the Plan Supplement on December 1, 2023 [Docket No. 766] (the "**Initial Plan Supplement**"); ~~and~~ the Debtors having filed the documents comprising the first supplement to the Plan Supplement on February 27, 2024 [Docket No. ~~[●]~~1016] (the "**First Supplemental Plan Supplement**"); and the Debtors having filed the documents comprising the second supplement to the Plan Supplement on March 1, 2024 [Docket No. [●]] (the "**Second Supplemental Plan Supplement**," and, as may be further amended or supplemented, together with the Initial Plan Supplement, the First Supplemental Plan Supplement, and any such further amendments or supplements, the "**Plan Supplement**"); and the Court having considered the record in these chapter 11 cases, the stakeholder support for the Plan evidenced on the record, and in the *Declaration of Andres Estrada* ~~*of Kurtzman Carson Consultants, LLC*~~ *Regarding the Solicitation* ~~*of Votes*~~ *and Tabulation of* ~~*Ballots Cast*~~*Votes on the* ~~*Modified First Amended*~~*Debtors' Joint Chapter 11 Plan* ~~*of Lordstown Motors Corp. and Its Affiliated Debtors*~~ ~~filed on February 27, 2024~~ [Docket No. ~~[●]~~1018] (the "**Voting Certification**"), the compromises and settlements embodied in and contemplated by the Plan, the briefs and arguments regarding confirmation of the Plan, objections to confirmation of the Plan, the evidence regarding confirmation of the Plan, and a hearing on confirmation of the Plan having commenced on March 5, 2024 (the "**Confirmation Hearing**"); and after due deliberation:

2

PRIVILEGED & CONFIDENTIAL DRAFT
CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 & ALL SIMILAR PROTECTIONS

n. effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan.

69. The Claims Ombudsman shall report all material matters concerning the reconciliation of or Distributions on account of General Unsecured Claims to the Post-Effective Date Debtors and the UCC, which reporting shall include: (i) a list of the Claims that have been Allowed, Disallowed, or Expunged during the applicable reporting period, (ii) a list of Disputed Claims that have yet to be resolved, (iii) the aggregate amount of Distributions during the applicable reporting period, and (iv) the aggregate amount of expected Distributions during the next reporting period. Without limitation to any consultation or consent obligations of the Claims Ombudsman specified herein, the Claims Ombudsman shall consult with the Post-Effective Date Debtors and the UCC on all material decisions concerning the reconciliation of, or Distributions on account of General Unsecured Claims. For the avoidance of any doubt, the Claims Ombudsman shall provide, to the UCC, any notice sent by the Post-Effective Date Debtors to the Claims Ombudsman.

70. Each of the Post-Effective Date Debtors shall indemnify and hold harmless the Claims Ombudsman solely in its capacities as such for any losses incurred in such capacity, except to the extent such losses were the result of the Claims Ombudsman's bad faith, gross negligence, willful misconduct or criminal conduct.

71. The Claims Ombudsman's rates, as disclosed in **Exhibit F** to the Plan Supplement, are reasonable, satisfy the requirements of section 1129(a)(4) of the Bankruptcy Code, and are approved.