## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 657, 766, 793, 878, 941, 1014, 1016, 1017, 1018 & 1034** |

**DEBTORS' MOTION TO WAIVE PAGE LIMITATION REGARDING DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THIRD MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

The debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned counsel, respectfully file this motion (the "**Motion**") for a waiver of the page limitations applicable to the *Debtors' Memorandum of Law in Support of Confirmation of Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* [Docket No. 1034] (the "**Memorandum**"). In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 3017-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

**RELIEF REQUESTED**

2.     By the Motion, the Debtors respectfully request that the Court enter an order waiving the sixty (60) page limitation for a brief in support of approval of a confirmation of a plan set forth in Local Rule 3017-3.

**BASIS FOR RELIEF**

3.     Local Rule 3017-3 provides that "[w]ithout leave of Court, . . . no brief in support of approval of . . . confirmation of a plan (which brief shall include any written replies to any objections) shall exceed sixty (60) pages (exclusive of any tables, exhibits, addenda or other supporting materials." Del. Bankr. L.R. 3017-3.

4.     Local Rule 3017-3 leaves it to the discretion of the Court to waive the page limitations for confirmation briefs.  Del. Bankr. L.R. 3017-3.   It is axiomatic, of course, that a bankruptcy court is a "court[] of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680–81 (2d Cir. 2003) (citation omitted). Accordingly, under Local Rule 3017-3 and consistent with the Court's broad equitable powers, this Court has authority to waive or modify the page limitations for briefs filed in support of confirmation of a plan.  The Debtors believe that waiving the page limitation with respect to the Confirmation Brief is appropriate.

5.     The Memorandum contains detailed factual and legal bases in support of the confirmation of the *Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (as amended, modified, or supplemented from time to time, the "**Plan**") [Docket No. 1014].   Further, the Memorandum provides the Court with important written argument in response to certain of the objections filed to confirmation of the

2

Plan. Because of the significance of the issues involved, the Debtors believe that it would be beneficial to the Court to have a full record before it when considering the confirmation of the Plan. Accordingly, the request for relief set forth in this Motion is warranted.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, waiving the sixty (60) page limitation in Local Rule 3017-3 for a brief in support of confirmation of a plan and granting the Debtors such further relief as is just and proper under the circumstances.

Dated: March 1, 2024
Wilmington, Delaware

| | |
|---|---|
| */s/ Morgan L. Patterson* | |
| **WOMBLE BOND DICKINSON (US) LLP** | **WHITE & CASE LLP** |
| Donald J. Detweiler (DE Bar No. 3087) | Thomas E Lauria (admitted *pro hac vice*) |
| Morgan L. Patterson (DE Bar No. 5388) | Matthew C. Brown (admitted *pro hac vice*) |
| 1313 North Market Street, Suite 1200 | Fan B. He (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 200 South Biscayne Boulevard, Suite 4900 |
| Telephone: (302) 252-4320 | Miami, FL 33131 |
| Facsimile: (302) 252-4330 | Telephone: (305) 371-2700 |
| don.detweiler@wbd-us.com | tlauria@whitecase.com |
| morgan.patterson@wbd-us.com | mbrown@whitecase.com |
| | fhe@whitecase.com |
| *Counsel to the Debtors and* | |
| *Debtors in Possession* | David M. Turetsky (admitted *pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| | Telephone: (212) 819-8200 |
| | david.turetsky@whitecase.com |
| | |
| | Jason N. Zakia (admitted *pro hac vice*) |
| | 111 South Wacker Drive, Suite 5100 |
| | Chicago, IL 60606 |
| | Telephone: (312) 881-5400 |
| | jzakia@whitecase.com |
| | |
| | Roberto Kampfner (admitted *pro hac vice*) |
| | Doah Kim (admitted *pro hac vice*) |
| | RJ Szuba (admitted *pro hac vice*) |
| | 555 South Flower Street, Suite 2700 |
| | Los Angeles, CA 90071 |

| | Telephone: (213) 620-7700<br>rkampfner@whitecase.com<br>doah.kim@whitecase.com<br>rj.szuba@whitecase.com<br><br>*Counsel to Debtors and*<br>*Debtors in Possession* |
| --- | --- |

# **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[2] | Case No. 23-10831 (MFW) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket Nos. 657, 766, 793, 878, 941, 1014, 1016, 1017, 1018, 1034, & _____** |

**ORDER GRANTING DEBTORS' MOTION TO WAIVE PAGE LIMITATION REGARDING DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THIRD MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTORS CORP. AND ITS AFFILIATED DEBTORS**

Upon the motion (the "**Motion**")[3] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Local Rule 3017-3 for a waiver of the page limitations applicable to the Memorandum; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided appropriate notice of the Motion under the circumstances; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[2]    The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101).  The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[3]    Capitalized terms not defined herein are defined in the Motion.

the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The page limitations set forth in Local Rule 3017-3 are hereby waived with respect to the Debtors' Memorandum.

3.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.