IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re. | Chapter 11 |
| Lordstown Motors Corp., et al., | Case No. 23-10831 (MFW) |
| Debtors. | Jointly Administered |

**OBJECTION OF RAHUL SINGH TO THIRD MODIFIED FIRST AMENDED JOINT CHAPTER 11 PLAN OF LORDSTOWN MOTOR CORP. AND ITS AFFILIATED DEBTORS (DOCKET# 1014).**

1. The Sarbanes-Oxley Act of 2002 came about in response to corporate fraud against shareholders. Crucial information can not be kept from shareholders. It is a law to protect shareholders from fraud and imposed tougher penalties. Here, not only did the Debtor's kept crucial information (fraud happening behind closed doors) from existing shareholders, but they silently watched insider Mr. Steve Burns unload/sell millions of his shares to new incoming shareholders who had no idea of the fraud going on behind closed doors. LMC top brass Mr. Daniel Ninnivagi, Edward Hightower, Adam Kroll, Angela Strand and other board members did nothing. Insider Mr. Burns knew of the fraud and dumped millions of his shares harming folks (existing and new shareholders), harming LMC stock price. Foxconn uses low stock price to cry Nasdaq and Agreement violations. This sets up the LMC top brass to reduce everyone's share by a factor of 15, file Chapter 11, and sell insider Mr. Steve Burns/LAS assets (Electric motor "hub motors" assembly line, Battery line, Endurance Pickup and intellectual property etc.) for about 10 million dollars but these assets are worth way north of 300 million dollars.

2. It will be appreciated If KCC provides clarification as to whether votes casted on proxyvote.com that were provided to us from our retirement brokers (TIAA and Fidelity) were counted or not. We voted to reject the plan and voted against "Release".

1

3. We as shareholders found out about the fraud in this Court. We filed Claims 8-11 for $1,090,406.56 for violations of security laws. What good is the Sarbanes-Oxley Act of 2002 if our claims are not heard by this Court? Why are violators of the Sarbanes-Oxley Act and other security laws allowed to group victims into classes to make these laws useless? There are probably around 1000 claims by existing shareholders. Shouldn't their claims be heard?

4. The Equity Committee counsel and the Debtor's are conniving at the defeat of justice for long time supporters of the company (we paid around 150 dollars per share, a much higher cost than those who bought close to Chapter 11 filing). The Equity Committee does not care that the fraudulent Plans do not account for the "reduction in shares by a factor of 15" or the price a shareholder paid for shares. Fraud and crime have reduced my family's shares from around 114,795 to 7653 and from Docket #793, reduced our $1,090,406.56 to around $10,714.20. Claims 8-11

5. We respectfully plead with this Court to vacate the order [Docket #586] regarding sale of assets to insider Mr. Burns/LAS (Hazel-Atlas Glass v. Hartford-Empire Co., 322 U.S. 238 (1944) and security laws such as the Sarbanes-Oxley Act and also see Docket# 1030-1 the Offer of Settlement of LMC).

6. We beg the Court to consider simple Plans such as:

a) the Foxconn litigation starts and if the court rules in favor of LMC based on LMC's asserted allegations, then Foxconn should be held responsible and made to:

b) pay 100% of general unsecured claims,

c) pay 100% of cost paid for shares by existing shareholders,

d) pay 100% of losses incurred by past shareholders,

e) pay 100% of SEC claim,

f) pay 100% of all other reasonable claims by bar date,

g) pay 100% of all Counsel fees (not reduced by factor of 15 etc.).

2

In exchange for (a-g), Foxconn keeps the generously equipped factory, the talented workforce, and additionally the assets: Battery Line, Electric motor line, Endurance Pickup Truck and intellectual property. LMC closes shop, because other than a new name "NU-RIDE", there is no plan other than to further defraud shareholders in violation of the Sarbanes-Oxley Act and other existing laws.

7. We beg the Court to consider giving Foxconn an opportunity to propose a plan similar to (a-g) stated above prior to starting litigation. We beg the Court to solicit competing Plans.

8. Rejecting the Debtors Plan would send a chilling message to better not violate the Sarbanes-Oxley Act and other laws, to better not harm the public at large, the American retirement system and the stock market.

Dated: March 1, 2024

Respectfully Submitted by

/s/ Rahul Singh

Rahul Singh

2061 Argentum Ave., Indian Land SC 29707.

PH: 224-706-0017. E-mail: sonuram@aol.com

## CERTIFICATE OF SERVICE



I, Rahul Singh, hereby certify that, on March 1, 2024, I served a true and correct copy of Objection of Rahul Singh to Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motor Corp. and its Affliated Debtors. (Docket # 1014)

by email to (a) the counsel for Debtors listed below:

Thomas E. Laria (tlauria@whitecase.com)

Matthew C. Brown (mbrown@whitecase.com)

Fan B. He (fhe@whitecase.com)

David M. Turetsky (david.turestsky@whitecase.com)

RJ Szuba (rj.szuba@whitecase.com),

Donald J. Detweiler (don.detweiler@wbd-us.com)

Morgan L. Patterson (morgan.patterson@wbd-us.com)

(b) the U.S. Trustee

Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov)

(c) counsel to the Creditors' Committee

David M. Fournier (david.fournier@troutman.com)

Deborah Kovsky-Apap (deborah.kovsky@troutman.com)

Francis J. Lawall (francis.lawall@troutman.com)

and (d) counsel to the Equity Committee

Eric J. Monzo (emonzo@morrisjames.com)

Brya M. Keilson (bkeilson@morrisjames.com)

J. Stark (rstark@brownrudnick.com)

Bennett S. Silverberg (bsilverberg@brownrudnick.com)

Dated March 1, 2024.

Respectfully submitted by

/s/ Rahul Singh

Rahul Singh

2061 Argentum Ave., Indian Land, SC 29707

PH: 224-706-0017. E-mail: Sonuram@aol.com