IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Lordstown Motors Corp., *et al.*,[1] | Case No. 23-10831 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Docket Nos. Docket Nos. 961, 974, 976, 977, 981-987 & \_\_\_** |

**SECOND OMNIBUS ORDER AWARDING INTERIM ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF EXPENSES**

Upon consideration of the interim applications (each an "**Interim Application**" and, collectively, the "**Interim Applications**") of those professionals referenced on **Exhibit 1** annexed hereto (each a "**Professional**" and, collectively the "**Professionals**") for entry of an order (this "**Order**"), for allowance of compensation for services rendered and reimbursement of actual and necessary expenses that the Professionals incurred**,** all as more fully set forth in the Interim Applications; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Interim Applications in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Interim

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

Applications is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Professionals' notice of the Interim Applications and opportunity for a hearing on the Interim Applications were appropriate and no other notice need be provided; and this Court having reviewed the Interim Applications and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "**Hearing**"); and this Court having determined that the requested compensation and expense reimbursement set forth in the Interim Applications and at the Hearing, if any, is reasonable; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Interim Applications are granted on a final basis in the amounts set forth on **Exhibit 1** annexed hereto for services rendered and reimbursement of actual and necessary expenses incurred during the period from October 1, 2023 through and including December 31, 2023.

2. Notice of each Interim Application, as provided therein, shall be deemed good and sufficient notice of such Interim Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

3. The Debtors are authorized and directed to make payment to each of the Professionals on account of any outstanding balances on the fees and expenses approved herein, as set forth on **Exhibit 1**

4. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Interim Applications.

6. This Order shall be deemed a separate order with respect to each of the Interim Applications. Any stay of this Order pending appeal with respect to any one Professional shall only apply to the particular Professional that is the subject of such appeal, and shall not operate to stat the applicability and/or finality of this Order with respect to any other Professional.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 12th, 2024  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE