**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LORDSTOWN MOTORS CORP., *et al.*,[1] | Case No. 23-10831-MFW |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 975, 1076, and 1088** |

**ORDER APPROVING SECOND INTERIM APPLICATION OF
TROUTMAN PEPPER HAMILTON SANDERS LLP, AS COUNSEL FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM OCTOBER 1, 2023 THROUGH AND INCLUDING DECEMBER 31, 2023**

Upon consideration of the *Second Application of Troutman Pepper Hamilton Sanders LLP, as Counsel for the Official Committee of Unsecured Creditors for the Period from October 1, 2023 Through and Including December 31, 2023* (the "Interim Application")[2] of Troutman Pepper Hamilton Sanders LLP ("Troutman Pepper") for entry of an order (this "Order") for allowance of compensation for services rendered and reimbursement of actual and necessary expenses that Troutman Pepper incurred, all as more fully set forth in the Interim Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Interim Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Debtors' service address is 27000 Hills Tech Ct., Farmington Hills, MI 48331.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Interim Application

1409; and this Court having found that the relief requested in the Interim Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that Troutman Pepper's notice of the Interim Application and opportunity for a hearing on the Interim Application were appropriate and no other notice need be provided; and this Court having reviewed the Interim Application; and this Court having determined that the requested compensation and expense reimbursement set forth in the Interim Application is reasonable; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**

      1.     The Interim Application is GRANTED on an interim basis in the amounts set forth below, for services rendered and reimbursement of actual and necessary expenses incurred during the period from October 1, 2023 through and including December 31, 2023.

| Compensation Period | Fees Requested | Expenses Requested | Agreed Reductions (Fees) | Agreed Reductions (Expenses) | Interim Fees Approved | Interim Expenses Approved |
|---|---|---|---|---|---|---|
| 10/1/23 – 12/31/23 | $434,928.00[3] | $1,472.79 | $0.00 | $0.00 | $434,928.00 | $1,472.79 |

      2.     Troutman Pepper's right to seek payment of any remaining balance on account of its billing arrangement as set forth in the *Order Authorizing the Employment and Retention of Troutman Pepper Hamilton Sanders LLP, as Counsel to the Official Committee of Unsecured Creditors Effective as of July 17, 2023* [Docket No. 294] is hereby reserved.

---

[3]    This amount reflects the total fees incurred by Troutman Pepper during the application period. However, pursuant to the terms of its retention, Troutman Pepper requests payment of only $408,951.00 in fees at this time, and reserves the right to seek payment of the difference in the event that distributions to general unsecured creditors exceed 50%.

3.     Notice of the Interim Application, as provided therein, shall be deemed good and sufficient notice of such Interim Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

4.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Interim Application.

6.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 12th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**