**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Nu Ride Inc., *et al*.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Related D.I.: 1205, 1206, 1207** |

**[PROPOSED] OHIO SECURITIES LITIGATION FINAL APPROVAL ORDER**

Upon the motion (the "**Motion**") of George Troicky ("**Ohio Securities Litigation Lead Plaintiff**" or "**Class Representative**"), on behalf of himself and all members of the Ohio Settlement Class,[1] by and through his counsel, for an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, made applicable hereto, for settlement purposes only, by Bankruptcy Rule 7023: (i) approving the proposed settlement (the "**Ohio Securities Litigation Settlement**" or "**Settlement**") on a final basis and (ii) approving the proposed plan of allocation for the proceeds of the Ohio Securities Litigation Settlement (the "**Ohio Settlement Plan of Allocation**"); and the Court having entered the Confirmation Order on March 6, 2024, approving certain notice

[1] The terms of the settlement are in the: (i) *Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and Its Affiliated Debtors* (together with all schedules and exhibits thereto, and as the same may be modified in accordance with its terms, the "**Plan**"); (ii) the *Stipulation Between Debtors, Ohio Securities Litigation Lead Plaintiff, Official Committee of Unsecured Creditors, and Official Committee of Equity Security Holders Regarding Ohio Securities Litigation Lead Plaintiff's Motion To Apply Bankruptcy Rule 7023 To Class Claims and Proofs of Claim Numbers 1368, 1379, 1380, 1394, 1426, and 1434* (the "**7023 Stipulation**"), which was so ordered by this Court ("**Bankruptcy Court**" or "**Court**") on February 5, 2024; and (3) this Court's March 6, 2024 order confirming the Plan (the "**Confirmation Order**"). All capitalized terms not defined herein have the same meanings as in the Plan, the 7023 Stipulation, or the Confirmation Order.

procedures related to the Ohio Securities Litigation Settlement, scheduling the Ohio Securities Litigation Final Approval Hearing and granting other related relief; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion and the Ohio Securities Litigation Settlement having been provided under the circumstances and in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Federal Rules of Civil Procedure (including Rules 23(c)–(e), made applicable hereto by Bankruptcy Rules 7023 and 9014) (the "**Federal Rules**"), the Due Process Clause of the United States Constitution, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("**PSLRA**"); and upon the record of the hearing on the relief sought in the Motion through this Order, and all of the proceedings had before this Court; and the Court having found that the relief to be granted in this Ohio Securities Litigation Final Approval Order (the "Order" or "Final Approval Order") is in the best interests of the Reorganized Debtors, their estates and creditors, and is fair, reasonable and adequate as to members of the Ohio Settlement Class, and that the legal and factual bases set forth in the Motion, and the papers and proceedings related thereto, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**WHEREAS:**

A. On June 27, 2023, Lordstown Motors Corp. F/K/A DiamondPeak Holding Corp. ("**LMC**"), Lordstown EV Corporation F/K/A Lordstown Motors Corp. ("**LEVC**") and Lordstown EV Sales LLC (collectively, the "**Debtors**") each filed a voluntary bankruptcy petition (collectively, the "**Bankruptcy Cases**" or "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware, which Bankruptcy Cases are being jointly administered for procedural purposes under lead case no. 23-10831 (MFW);

B. Pursuant to the Confirmation Order, entered March 6, 2024, this Court scheduled a hearing for June 11, 2024, at 10:30 a.m. (prevailing Eastern Time) (the "**Ohio Securities Litigation Final Approval Hearing**") to, among other things: (i) approve the proposed Ohio Securities Litigation Settlement on a final basis as fair, reasonable, and adequate; (ii) approve the proposed Ohio Settlement Plan of Allocation for distribution of the Net Ohio Securities Litigation Settlement Fund; and (iii) approve Ohio Class Counsel's motion for payment of attorneys' fees and expenses from the Ohio Securities Litigation Settlement Fund;

C. The Court ordered that the *Postcard Notice of Ohio Securities Litigation Settlement* (the "**Postcard Notice**"), substantially in the form attached to the Plan Supplement, be mailed by first-class mail, postage prepaid, on or before seven (7) business days after the later to occur of (i) entry of the Confirmation Order and (ii) payment of the Ohio Securities Litigation Payment into the Ohio Securities Litigation Escrow Account (the "**Ohio Settlement Notice Date**"), to all Ohio Settlement Class Members who could be identified with reasonable effort or, alternatively, the Ohio Settlement Claims Administrator was authorized to email Ohio Settlement Class Members copies or links to the notice, to the extent it was provided with email addresses; and that the

*Summary Notice of Proposed Ohio Securities Litigation Settlement* ("**Summary Notice**"), substantially in the form attached to the Plan Supplement, be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Ohio Settlement Notice Date; and that the long-form *Notice of Proposed Ohio Securities Litigation Settlement and Motion for Attorneys' Fees and Expenses* ("**Notice**") and the *Ohio Securities Litigation Proof of Claim form* ("**Ohio Claim Form**" or "**Claim Form**"), substantially in the forms attached to the Plan Supplement, be posted on a webpage to be developed by the Ohio Settlement Claims Administrator for the Ohio Securities Litigation Settlement, from which copies of the Notice and Ohio Claim Form could be downloaded;

D. The provisions of the Confirmation Order as to notice were complied with, and the notice provided pursuant thereto was good and sufficient notice under the circumstances of these Bankruptcy Cases and the Ohio Securities Litigation Settlement. The notices advised potential Ohio Settlement Class Members of the date, time, place, and purpose of the Ohio Securities Litigation Final Approval Hearing. The notices further advised that any objections to final approval of the Ohio Securities Litigation Settlement were required to be filed with the Court and served on counsel for the parties such that they were received within twenty-one (21) days before the date set for the Ohio Securities Litigation Final Approval Hearing;

E. The Ohio Securities Litigation Final Approval Hearing was duly held before this Court on June 11, 2024, at which time all interested persons were afforded the opportunity to be heard; and

F. This Court has duly considered the Motion for approval of the Ohio Securities Litigation Settlement on a final basis and the Plan of Allocation, the affidavits, declarations, and memoranda of law submitted in support thereof, the Confirmation Order and Plan, the 7023

Stipulation and Order, and all of the submissions and arguments presented with respect to the proposed Ohio Securities Litigation Settlement.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. **Incorporation of Settlement Documents**. This Order incorporates and makes a part hereof: (i) the 7023 Stipulation, entered by the Court on February 5, 2024; (ii) the Plan; (iii) the Confirmation Order, entered by the Court on March 6, 2024; and (iv) the settlement notices, which were filed with the Court on March 4, 2024.

2. **Jurisdiction**. This Court has jurisdiction over all matters relating to the Ohio Securities Litigation Settlement, as well as personal jurisdiction over all parties to the Ohio Securities Litigation Settlement, including all Ohio Settlement Class Members, each of which is a creditor of the Debtors.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its approval of the 7023 Stipulation, which certified, for purposes of the Settlement only and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Ohio Settlement Class of: all persons and entities that (i) purchased or otherwise acquired LMC's publicly traded Class A Common Stock (ticker: "RIDE" and prior ticker: "DPHC"), LMC's publicly traded warrants (ticker: "RIDEW" and prior ticker: "DPHCW"), LMC's publicly traded units (ticker: "DPHCU"), or any exchange-traded option to purchase or sell LMC's publicly traded Class A Common Stock during the period from August 3, 2020 through July 2, 2021, inclusive (the "**Ohio Settlement Class Period**"), and were damaged thereby; and/or (ii) held LMC's publicly traded Class A Common Stock (ticker: "RIDE" and prior ticker: "DPHC") on September 21, 2020, and were damaged thereby. Notwithstanding the foregoing, excluded from the Ohio Settlement Class are: (i) any defendants in the Ohio Securities Litigation and the immediate family of any defendant

who is an individual, (ii) any current or former officers and/or directors of the Debtors and their immediate family; (iii) any person who is or was a control person, officer or director of LMC or LEVC; (iv) any company, firm, trust, corporation, or other entity in which any defendant in the Ohio Securities Litigation has or had a controlling interest; (v) affiliates of LMC or LEVC, including their employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their capacities as such. The Court has been advised that no member of the Ohio Settlement Class has timely and validly sought exclusion.

4. **Notice of the Ohio Securities Litigation Settlement**. The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Proof of Claim provided pursuant to the Confirmation Order: (i) complied with the Confirmation Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Ohio Settlement Class Members of the effect of the Ohio Securities Litigation Settlement, of the proposed Plan of Allocation for the proceeds of the Ohio Securities Litigation Settlement, of Ohio Class Counsel's request for payment of attorneys' fees and Litigation Expenses, of Class Members' rights to object thereto and appear at the Ohio Securities Litigation Final Approval Hearing, and of any Class Member's right to seek exclusion from the Ohio Settlement Class; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Ohio Securities Litigation Settlement and Plan of Allocation; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the

PSLRA, the Bankruptcy Rules (including but not limited to Bankruptcy Rule 2002), and the Local Rules.

5. The Court also finds that the Debtors, in connection with confirmation of the Plan, provided proper, timely, adequate, and sufficient notice of the Ohio Securities Litigation Settlement and the Ohio Securities Litigation Final Approval Hearing to all of the parties and persons entitled to notice under the Bankruptcy Rules and that such notice was good and proper in all respects under the circumstances.

6. **Objections**. There have been no objections to the Ohio Securities Litigation Settlement or the proposed Ohio Settlement Plan of Allocation. Pursuant to the Confirmation Order, objections to approval of the Settlement, the request for attorneys' fees and expenses, and/or Plan of Allocation that were not timely or properly filed and served are deemed waived and such objectors are forever foreclosed from making any objection to any aspect of the Settlement, the Ohio Settlement Plan of Allocation, or request for attorneys' fees and expenses, and any such members of the Ohio Settlement Class shall be bound by this Order and the releases provided by the Ohio Securities Litigation Settlement.

7. **Final Settlement Approval and Dismissal of Claims**.

(a) Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Ohio Securities Litigation Settlement and finds that (a) in light of the benefits to the Ohio Settlement Class, the complexity and expense of further litigation with the Settling Defendants, the risks of establishing liability and damages, the risks of enforcing a favorable verdict, and the costs of continued litigation, the Ohio Securities Litigation Settlement is, in all respects, fair, reasonable, equitable, and adequate; (b) Class Representative and Ohio Class Counsel have adequately represented the Ohio Settlement Class; (c) the proposal was negotiated

at arm's-length between experienced counsel; (d) the relief provided for the Ohio Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Ohio Settlement Class, including the method of processing Ohio Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (e) the proposed Ohio Settlement Plan of Allocation treats Ohio Settlement Class Members equitably relative to each other.

(b) As a result of the findings set forth in paragraph 7(a) of this Final Approval Order, and for the other reasons set forth in this Order, the Ohio Securities Litigation Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Plan. The Settling Parties are hereby directed to consummate the Ohio Securities Litigation Settlement and to perform its terms.

8. **Rule 11 Findings**. The Court finds that during the course of the Bankruptcy Cases, the Settling Parties and their respective counsel at all times complied with the requirements of Bankruptcy Rule 9011 and, where applicable, Rule 11 of the Federal Rules of Civil Procedure. Further, the Court hereby finds that the Settlement was entered into by the Settling Parties in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

9. **Releases**. The releases provided for in connection with the Ohio Securities Litigation Settlement, as set forth in the Plan, are hereby approved in all respects and are expressly incorporated herein in all respects, whether or not a member of the Ohio Settlement Class executes and delivers a Proof of Claim form or shares in the Net Ohio Securities Litigation Settlement Fund. Notwithstanding the foregoing, nothing in this Final Approval Order shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement or this Order.

10. **Binding Effect**. The terms of the Ohio Securities Litigation Settlement and this Order shall be forever binding on the Settling Defendants, Class Representative, and each Ohio Settlement Class Member (whether or not such Ohio Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

11. **No Admissions**. This Order and the Ohio Securities Litigation Settlement, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms thereof, and in particular:

(a) shall be offered against any of the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Setting Defendants with respect to the truth of any fact alleged by Class Representative and the Ohio Settlement Class or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted by the Settling Defendants in the Ohio Securities Litigation or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants or in any way referred to for any other reason as against any of the Settling Defendants, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Ohio Securities Litigation Settlement and this Order;

(b) shall be offered against any of Class Representative or Members of the Ohio Settlement Class, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Class Representative or Members of the Ohio Settlement Class

that any of their claims are without merit, that any of the Settling Defendants had meritorious defenses, or that damages recoverable in connection with the Ohio Securities Litigation would not have exceeded the Ohio Securities Litigation Settlement Fund or with respect to any liability, negligence, fault, or wrongdoing of any kind, or be in any way referred to for any other reason as against any of Class Representative or Members of the Ohio Settlement Class, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement and this Order; or

(c) shall be construed against any of the Settling Parties to the Settlement as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; *provided*, *however*, that the Settling Parties and their respective counsel may refer to the Settlement and this Order to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

12. The administration of the Ohio Securities Litigation Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any person and entity to participate in the distribution of the Net Ohio Securities Litigation Settlement Fund, shall remain under the authority of this Court.

13. **Order on Plan of Allocation**. The Court hereby finds and concludes that the proposed Ohio Settlement Plan of Allocation governing the calculation of Ohio Claim Forms and the distribution of the proceeds of the Ohio Securities Litigation Settlement among eligible Ohio Settlement Class Members, which was set forth in the Notice, provides a fair and reasonable basis upon which to allocate the Net Ohio Securities Litigation Settlement Fund among Ohio Settlement Class Members. Accordingly, the Court hereby approves the Plan of Allocation.

14. Ohio Class Counsel and the Ohio Settlement Claims Administrator are authorized to distribute the Net Ohio Securities Litigation Settlement Fund among eligible Ohio Settlement Class Members according to the terms of the Ohio Settlement Plan of Allocation and the provisions set forth in the Confirmation Order.

15. The Reorganized Debtors and Settling Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Ohio Securities Litigation Settlement, the calculation of claims, or the actions or decisions of the Claims Administrator or Ohio Class Counsel, and shall have no responsibility or liability to the Ohio Settlement Class in connection with such administration.

16. **Fee Order**. A separate order shall be entered regarding Ohio Class Counsel's application for attorneys' fees and payment of litigation expenses as allowed by the Court. Such fee order shall in no way disturb or affect this Final Approval Order and shall be considered separate and apart from this Order. Such fee order shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the effectiveness of the Ohio Securities Litigation Settlement.

17. **Retention of Jurisdiction**. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Ohio Securities Litigation Settlement; (ii) the allowance, disallowance, or adjustment of any Ohio Settlement Class Member's claim on equitable grounds and any award or distribution of the Net Ohio Securities Litigation Settlement Fund; (iii) disposition of the Ohio Securities Litigation Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of litigation expenses; (v) all Settling Parties for the purpose of construing, enforcing and administering the

Ohio Securities Litigation Settlement, and this Final Approval Order; and (vi) other matters related or ancillary to the foregoing.

18. **No Stay**. Notwithstanding anything to the contrary in the Bankruptcy Rules, including Bankruptcy Rule 6004(h), this Order shall not be stayed upon its entry and shall become effective and enforceable immediately.

**Dated: June 11th, 2024**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**