IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NU RIDE INC., *et al.*,[1]<br><br>        Reorganized Debtors. | Chapter 11<br><br>Case No. 23-10831 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 26, 2024 at 3:00 p.m. (ET)**<br>**Objection Deadline: September 12, 2024 at 4:00 p.m. (ET)** |

**POST-EFFECTIVE DATE DEBTORS' AND CLAIMS OMBUDSMAN'S
<u>JOINT FOURTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS</u>
(Insufficient Documentation, No Liability)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON <u>SCHEDULES 1-2</u> ATTACHED TO THIS OBJECTION AND, IF APPLICABLE, FILE A RESPONSE BY THE RESPONSE DEADLINE FOLLOWING THE INSTRUCTIONS SET FORTH HEREIN. THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE POST-EFFECTIVE DATE DEBTORS' AND CLAIMS OMBUDSMAN'S RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST CERTAIN CLAIMS LISTED ON <u>SCHEDULES 1-2</u> ATTACHED TO THIS OBJECTION.**

Nu Ride Inc. and its affiliated reorganized debtors in the above-captioned proceeding (the "<u>Post-Effective Date Debtors</u>") and Alan Halperin, solely in his capacity as Claims Ombudsman (the "<u>Claims Ombudsman</u>" and together with the Post-Effective Date Debtors, the "<u>Movants</u>"),[2] by and through their respective counsel, hereby jointly submit this fourth omnibus (non-substantive) objection (the "<u>Objection</u>"), pursuant to §§ 105(a) and 502 of title 11 of the United

---

[1] The Reorganized Debtors and the last four digits of their respective taxpayer identification numbers are: Lordstown Motors Corp. (3239); Lordstown EV Corporation (2250); and Lordstown EV Sales LLC (9101). The Reorganized Debtors' service address is: Nu Ride Inc. c/o William Gallagher, CEO, M 3 Partners, 1700 Broadway, 19th Floor, New York, NY 10019.

[2] Capitalized terms used in this Objection but not otherwise defined herein shall have the same meaning as in the *Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors* (the "<u>Plan</u>") [Dkt. No. 1066], unless the context otherwise requires.

1

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (1) disallowing and expunging in full the claims with insufficient supporting documentation that are identified on **Schedule 1** attached to the Proposed Order (the "Insufficient Documentation Claims"); and (2) disallowing and expunging in full the claims for which the Debtors (defined herein) have no liability that are identified on **Schedule 2** attached to the Proposed Order (the "No Liability Claims" and together with the Insufficient Documentation Claims, the "Disputed Claims"). In support of this Objection, the Movants submit the *Declaration of Alan D. Halperin Pursuant to 28 U.S.C. § 1746 and Local Rule 3007-1 in Support of the Post-Effective Date Debtors' and Claims Ombudsman's Joint Fourth (Non-Substantive) Omnibus Objection to Claims (Insufficient Documentation, No Liability)* (the "Halperin Declaration") attached hereto as **Exhibit B**. In further support of this Objection, the Movants respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested by this Objection are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Movants consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

4. On June 27, 2023 (the "Petition Date"), Lordstown Motors Corp. and its affiliated debtors (the "Debtors") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Court") commencing these cases (the "Chapter 11 Cases"), which are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## CLAIMS PROCESS

5. On June 28, 2023, the Court entered an order authorizing the Debtors to retain and employ Kurtzman Carson Consultants LLC (now known as Verita Global) ("Verita") as its claims and noticing agent [Dkt. No 54], and on July 25, 2023, the Court entered an order authorizing Verita to be the Debtors' administrative advisor under 11 U.S.C. § 327(a) [Dkt. No. 174].

6. On August 1, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Dkt. No. 210-17], which were subsequently amended [Dkt. No. 377-385] on September 7, 2023 and may be further amended from time to time (collectively, as amended, supplemented, or further amended, the "Schedules").

7. On August 24, 2023, the Court entered the *Order (A) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form, Manner, and Procedures of Notice Thereof, and (C) Granting Related Relief* [Dkt. No. 319] (the "Bar Date Order").

8. The Bar Date Order established, among other things: (a) October 10, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim in the Chapter 11 Cases for

persons or entities (except governmental units (as such term is defined in section 101(27) of the Bankruptcy Code)) (the "General Bar Date"); (b) December 26, 2023 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim in the Chapter 11 Cases (the "Governmental Bar Date"); (c) the Rejection Bar Date (as defined in the Bar Date Order) as the later of: (a) the General Bar Date or the Governmental Bar Date (if a governmental unit is the counterparty to the applicable executory contract or unexpired lease) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the service of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease; and (d) the Amended Schedule Bar Date (as defined in the Bar Date Order) as the later of (a) the General Bar Date or the Governmental Bar Date (if the applicable amendment relates to a claim of a Governmental Unit) and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 30 days after the claimant is served with notice of the applicable amendment or supplement to the Debtors' schedules.

9. On August 28, 2023, the Debtors filed the *Notice of Deadlines for Filing Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code Against Debtors* [Dkt. No. 335] (the "Bar Date Notice").

10. In accordance with the Bar Date Order, on August 31, 2023, Verita served the Bar Date Notice and proof of claim forms, via email and/or first-class mail to all creditors and any other known holders of potential claims in these Chapter 11 Cases and their counsel (if known). Verita also served the Bar Date Notice to all known registered holders of Lordstown Motors Corp. common stock and preferred stock, and any holders for whose benefit such registered holder holds down the chain of ownership for all such holders of common or preferred stock. Further, the Bar

Date Notice was published in the *The Wall Street Journal* and *Automotive News* on August 31, 2023 and September 11, 2023, respectively [Dkt. No. 591] (the "Publication Notice").

11.  On March 6, 2024, the Court entered the *Order (I) Confirming Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order") [Dkt. No. 1069], confirming the Debtors' Plan. As set forth in the *Notice of Effective Date and Entry of Order (I) Confirming the Third Modified First Amended Joint Chapter 11 Plan of Lordstown Motors Corp. and its Affiliated Debtors and (II) Granting Related Relief* (the "Notice of Effective Date") [Dkt. No. 1096], the Plan became effective on March 14, 2024 (the "Effective Date").

12.  The Plan established April 14, 2024 as the deadline by which requests for payment of Allowed Administrative Claims (except with respect to Administrative Claims that are Professional Fee Claims) must be filed (the "Administrative Claims Bar Date" and together with the General Bar Date, the Governmental Bar Date, the Rejection Bar Date, and the Amended Schedule Bar Date, the "Bar Dates").

13.  Pursuant to the Plan, the Debtors' Chapter 11 Cases were substantively consolidated for the limited purpose of making Distributions. *Plan,* Art. V.A. As such, Claims asserted against multiple Debtors, including Claims based on joint and several liability and guarantee and/or surety Claims are deemed to constitute a single Claim against the consolidated Estate. *Id.*

14.  Pursuant to the Confirmation Order and Plan, on the Effective Date, Alan D. Halperin was appointed Claims Ombudsman in these Chapter 11 Cases. *See* Confirmation Order, ¶ 68; Plan, Article V.D.1. As Ombudsman, Alan D. Halperin has the right, authority, and responsibility to object to, seek to subordinate, compromise or settle any and all General

5

Unsecured Claims, including by filing and prosecuting objections to General Unsecured Claims, subject to the limitations set forth in the Plan. Confirmation Order, ¶ 69, Plan, Article V.D.2. Additionally, the Ombudsman has the right to assert any and all rights and defenses that the applicable Debtor had with respect to any General Unsecured Claim immediately before the Effective Date. *Id.* All rights not expressly delegated to the Claims Ombudsman under the Plan are expressly reserved to the Post-Effective Date Debtors. *Id.* The Post-Effective Date Debtors have asked the Claims Ombudsman to review and reconcile certain secured, administrative and priority claims that are the subject of this Objection.

15. The claims register for these Chapter 11 Cases (the "Claims Register"), prepared and maintained by Verita, shows that over 1,645 proofs of claim have been filed against the Debtors as of the filing of this Objection.

16. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that generally reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Movants, with the assistance of their advisors, have actively begun reviewing and reconciling proofs of claim with the Debtors' Schedules and Books and Records, which process includes identifying certain categories of claims that may be subject to objection, disallowance, and expungement. While this analysis and reconciliation is ongoing, the Movants have determined that the Disputed Claims should be disallowed for one or more reasons. Accordingly, the Movants file this Objection seeking the relief requested below.

## CLAIM OBJECTION RELIEF REQUESTED

17. By this Objection, and for the reasons set forth more fully below, the Movants object to the Disputed Claims pursuant to §§ 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

18. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where a claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

   a. <u>Insufficient Documentation Claims</u>

19. While Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the rules of procedure (i.e., includes the facts and documents necessary to support the claim) constitutes *prima facie* evidence of the validity and amount of the claim, this Court has recognized the position that a proof of claim lacking the supporting documentation required by Bankruptcy Rule 3001 does not receive the presumption of *prima facie* validity; rather, the claimant maintains the burden of proving its claim by a preponderance of the evidence. *In re New Century TRS Holdings, Inc.*, 495 B.R. 625, 633, (Bankr. D. Del. 2013) (citing *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D. Pa. 2008)); Fed. R. Bankr. P. 3001(f).

20. The Insufficient Documentation Claims identified in **Schedule 1** should be disallowed and expunged in their entirety because they were filed without sufficient documentation to constitute *prima facie* evidence of the validity and amount of the claim asserted.

Indeed, the Insufficient Documentation Claims merely list an amount, without including any invoices, invoice information, statements, agreements, or other supporting documentation providing indicia of a debt owed by the Debtors. Furthermore, the Movants and their professionals have made reasonable efforts to research the Insufficient Document Claims on the Debtors' Books and Records and have identified no basis for the claims therein. Such Insufficient Documentation Claims are not *prima facie* valid and must be disallowed.

      b. <u>No Liability Claims</u>

21.    The Movants are objecting to the No Liability Claims listed on **<u>Schedule 2</u>** because the Movants believe that the Debtors have no liability for such claims, either because such claims have been satisfied, or because the Debtors' Books and Records show no amount due in tandem with such claims failing to include sufficient documentation to support the amount asserted. After reviewing each Claim, together with the Books and Records and consulting with certain of the Debtors' former principals, the Movants have determined that each No Liability Claim should be disallowed for the reasons set forth on **<u>Schedule 2</u>**.

<u>**RESPONSES TO OBJECTION**</u>

22.    <u>Filing and Service of Responses.</u> To contest this Objection, a holder of a Disputed Claim must file and serve a written response to this Objection (a "<u>Response</u>") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (ET) on September 12, 2024 (the "<u>Response Deadline</u>"). Claimants should read the Proposed Order and Exhibits attached carefully.

23.    Each Response must be filed and served upon the following entities at the following addresses: (i) counsel for the Post-Effective Date Debtors: (a) Brown Rudnick LLP, One Financial Center, Boston, MA 02111 (Attn: Sharon I. Dwoskin (sdwoskin@brownrudnick.com); and (b)

Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (Attn: Eric J. Monzo (emonzo@morrisjames.com) and Brya M. Keilson (bkeilson@morrisjames.com); and (ii) counsel for the Claims Ombudsman: (a) Halperin Battaglia & Benzija LLP, 40 Wall Street, New York, NY 10005 (Attn: Walter Benzija (wbenzija@halperinlaw.net and Keara Waldron (kwaldron@halperinlaw.net)), and (iv) (b) Bielli Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801 (Attn: David M. Klauder (dklauder@bk-legal.com)).

24. <u>Content of Responses</u>. Every Response to this Objection must contain, at a minimum, the following:

    (a) a caption setting forth the name of the Court, the name of the Debtor, the case number and the title of this Objection to which the Response is directed;

    (b) the name of the claimant and description of the basis for the amount of the Disputed Claim;

    (c) a concise statement setting forth the reasons why the relief in this Objection should not be granted, including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing this Objection;

    (d) all documentation or other evidence supporting the Disputed Claim not previously filed with the Bankruptcy Court or the Agent, upon which the claimant relies in opposing this Objection; and

    (e) the name, address, telephone number, email and fax number of the person(s) (which may be the claimant or a legal representative thereof) to whom counsel for the Movants should serve a reply, if any, to the Response and who possesses authority to reconcile, settle or otherwise resolve the objection to the Claim on behalf of the claimant.

25. A Response must address each ground upon which the Debtors object to a particular Disputed Claim.

26. <u>Timely Response Required; Hearings; Replies.</u> If a Response is properly and timely filed and served in accordance with the above procedures, the Movants will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, the Court will conduct a hearing with respect to the Objection and the Response on September 26, 2024 at 3:00

p.m. (E.T.) or such other date and time as parties filing Responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.

27. If a claimant fails to file and serve a timely Response, then without further notice to the claimant or a hearing, the Movants will present to the Court an appropriate order, substantially in the form of the Proposed Order attached as **Exhibit A** hereto, to grant the relief requested herein.

28. <u>Adjournment of Hearing</u>. The Movants reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing. The agenda will be served on the person designated by the claimant in its Response.

29. <u>Separate Contested Matter</u>. The objection by the Movants to each claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## RESERVATION OF RIGHTS

30. The Movants expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to the Disputed Claims or any other claims (filed or not) that may be asserted against the Debtors and their estates.

31. Notwithstanding anything contained in the Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Movants or any successor thereof may have to enforce rights of setoff against the claimants.

32. Nothing in this Objection shall be deemed: (a) an admission as to the amount of, basis for, or validity of any Claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Movants' or any other party in interest's right to dispute any Claim; (c) a promise or requirement to pay any particular Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

33. To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Movants are unable to resolve the response, each such Disputed Claim, and the objection by the Movants to each such Disputed Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Disputed Claim.

## NOTICE

34. A copy of this Objection and all related exhibits will be served on (i) the Office of the United States Trustee for the District of Delaware; (ii) each Holder of a Disputed Claim; and (iii) other parties entitled to notice under the Plan and Bankruptcy Rule 2002. The Movants respectfully submit that no further notice of this Objection is required.

35. Pursuant to Bankruptcy Rule 3007, the Movants have provided all claimants affected by this Objection with at least thirty (30) days' notice of the hearing to consider this Objection.

## NO PRIOR REQUEST

36. No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE the Movants respectfully request entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 27, 2024

*/s/ David M. Klauder*

| | |
|---|---|
| **BIELLI & KLAUDER LLC**<br>David M. Klauder (DE Bar No. 5769)<br>1204 N. King Street<br>Wilmington, DE 19801<br>Telephone: (302) 803-4600<br>E-mail: dklauder@bk-legal.com<br><br>-and-<br><br>**HALPERIN BATTAGLIA BENZIJA, LLP**<br>Walter Benzija<br>Keara M. Waldron<br>40 Wall Street, 37th Floor<br>New York, NY 10005<br>Telephone: (212) 765-9100<br>Facsimile: (212) 765-0964<br>E-mail: wbenzija@halperinlaw.net<br>E-mail: kwaldron@halperinlaw.net<br><br>*Counsel for the Claims Ombudsman* | **MORRIS JAMES LLP**<br><br>Eric J. Monzo (DE Bar No. 5214)<br>Brya M. Keilson (DE Bar No. 4643)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, Delaware 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: emonzo@morrisjames.com<br>E-mail: bkeilson@morrisjames.com<br><br>**BROWN RUDNICK LLP**<br><br>Robert J. Stark (admitted *pro hac vice*)<br>Bennett S. Silverberg (admitted *pro hac vice*)<br>Michael S. Winograd (admitted *pro hac vice*)<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br>Facsimile: (212) 209-4801<br>E-mail: rstark@brownrudnick.com<br>E-mail: bsilverberg@brownrudnick.com<br>E-mail: mwinograd@brownrudnick.com<br><br>-and-<br><br>Sharon I. Dwoskin (admitted *pro hac vice*)<br>Matthew A. Sawyer (admitted *pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 856-8200<br>Facsimile: (617-856-8201<br>E-mail: sdwoskin@brownrudnick.com<br>E-mail: msawyer@brownrudnick.com<br><br>*Counsel for the Post-Effective Date Debtors* |